UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 SEP 11  A 11: 50

U.S. DISTRICT COURT
DISTRICT OF MASS.

PEDRO LOPEZ; ABEL CANO;
KEVIN SLEDGE; CHARLES DEJESUS;
RICHARD BROOKS; THE MASSACHUSETTS
HISPANIC LAW ENFORCEMENT ASSOCIATION,
    Plaintiffs

v.

CITY OF LAWRENCE, MASSACHUSETTS;
CITY OF METHUEN, MASSACHUSETTS;
COMMONWEALTH OF MASSACHUSETTS;
PAUL DIETL, IN HIS CAPACITY AS PERSONNEL
ADMINISTRATOR FOR THE COMMONWEALTH
OF MASSACHUSETTS, HUMAN RESOURCES
DIVISION; JOHN MICHAEL SULLIVAN, IN HIS
CAPACITY AS MAYOR OF THE CITY OF
LAWRENCE, MASSACHUSETTS; and
WILLIAM MANZI, III, IN HIS CAPACITY AS
MAYOR OF CITY OF METHUEN,
MASSACHUSETTS,
    Defendants

07 CA 11693 JLT

Case No. _____

MAGISTRATE JUDGE RBC

**COMPLAINT; INJUNCTIVE AND DECLARATORY RELIEF REQUESTED**

I. **INTRODUCTION.**

    1.    This is an action by Hispanic and African-American police officers in the cities of Lawrence and Methuen, Massachusetts, who have taken the Commonwealth's promotional examination for the position of police sergeant. Although each plaintiff is well qualified for a sergeant's promotion, they have not received such a promotion because the sergeant's examination has a disparate impact on minority test takers and

1

cannot be shown to be job-related under applicable federal EEOC standards. The plaintiffs seek appropriate injunctive and compensatory relief as described herein.

## II. JURISDICTION.

2. This court has jurisdiction over this case under 28 U.S.C. §§1333 and 1343, in that this case arises under the laws of the United States of America, including, particularly, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), as amended. In addition, the supplemental jurisdiction of this court is invoked under 28 U.S.C. §1367 for plaintiffs' state law claims.

## III. PARTIES.

3. The plaintiff, Abel Cano, is a Hispanic resident of Methuen, Massachusetts and is a police officer for the City of Methuen, Massachusetts.

4. The plaintiff, Pedro Lopez, is a Hispanic resident of the City of Lawrence, Massachusetts, and is a police officer for the City of Lawrence, Massachusetts.

5. The plaintiff, Kevin Sledge, is an African-American resident of Salem, New Hampshire and is a police officer for the City of Lawrence, Massachusetts.

6. The plaintiff, Charles Dejesus, is a Hispanic resident of Methuen, Massachusetts and is a police officer for the City of Methuen, Massachusetts.

7. The plaintiff, Richard Brooks, is a Hispanic resident of Londonderry, New Hampshire and is a police officer in the City of Lawrence, Massachusetts.

8. The plaintiff, Massachusetts Hispanic Law Enforcement Association, is a private, non-profit organization of Hispanic police officers and law enforcement officers in the Commonwealth of Massachusetts.

9. The defendant, City of Lawrence, Massachusetts, is a municipality of the Commonwealth of Massachusetts and it operates a police department.

10. The defendant, City of Methuen, Massachusetts, is a duly incorporated municipality of the Commonwealth of Massachusetts and it operates a police department.

11. The defendant, Commonwealth of Massachusetts, is a state of the United States of America, and through its Human Resources Division, is responsible for administering police sergeant promotional examinations in civil service communities throughout the Commonwealth of Massachusetts pursuant to M.G.L. ch.31.

12. The defendant, Paul Dietl, is the Personnel Administrator for the Human Resources Division of the Commonwealth of Massachusetts, and in that capacity has overall responsibility for the conduct of that agency's affairs.

13. The defendant, John Michael Sullivan, is the Mayor of the City of Lawrence, Massachusetts and is responsible for the promotional appointments of police officers in the City of Lawrence, Massachusetts.

14. The defendant, William Manzi, III, is the Mayor of the City of Methuen, Massachusetts and is responsible for promotional appointments in the Methuen Police Department.

## IV. STATEMENT OF FACTS.

15. The plaintiffs are all police officers for the cities of Lawrence and Methuen, Massachusetts. In addition, the plaintiffs are each either Hispanic or African-American.

16. Each of the plaintiffs has been employed as a police officer for either the City of Lawrence, Massachusetts or the City of Methuen, Massachusetts at all times relevant hereto.

17. Both the cities of Lawrence and Methuen, Massachusetts have elected to utilize the Commonwealth of Massachusetts, Human Resources Division ("HRD") to create, design and administer the cities' promotional examination for the position of police sergeant.

18. On information and belief, the cities of Lawrence and Methuen have been utilizing HRD's police sergeant examination to make Sergeant's promotions for at least the last 20 years. Pursuant to the state civil service law, M.G.L. ch. 31, the cities of Methuen and Lawrence have utilized the HRD examination, which consists of 100 points and provides for a failing grade of below 70, candidates are then ranked by their score on the examination and selections are generally made from the top candidates on the list.

19. The HRD police sergeant examination consists of approximately 100 multiple choice questions which are taken directly from law enforcement and related textbooks.

20. These examinations have, over the last 20 years, been demonstrated to have significant adverse impact on minority (Black and Hispanic) test takers while not having been shown to be valid predictors of job performance for a police sergeant. All

4

of the defendants have been well aware of this fact, yet have taken no action to design a less discriminatory and more job-related examination procedure.

21. Specifically, although the cities of Lawrence and Methuen have the right under M.G.L. ch.31, §11 to conduct their own alternative police sergeant promotional examination which could be professionally validated and have significantly less discriminatory impact, the defendants have failed to do so.

22. In addition, despite HRD's knowledge that the police sergeant's examination has a significant discriminatory impact and is not job-related, HRD has done nothing to implement a less discriminatory examination procedure.

23. The police sergeant's examination is given in Methuen and Lawrence on even numbered years, and was given in 2002, 2004 and 2006. It is scheduled to be given again in 2008.

24. All of the individual plaintiffs have taken the police sergeant's promotional examination on at least one occasion, 2006, and most have taken it on prior occasions additionally.

25. A majority of the individual plaintiffs passed the 2006 examination, but have not received scores high enough that they will likely be reached for promotion before a new examination is given in 2008. One or more of the plaintiffs did not receive a passing score on the 2006 examination.

26. As a result of utilizing the HRD multiple choice sergeant's promotional test, minority police officers who have taken the examination, both in Lawrence and Methuen, have been ranked significantly lower than their non-minority counterparts, despite their being otherwise equally as qualified for a sergeant's promotional position.

27.   As a result of the City of Lawrence's and City of Methuen's use of the HRD civil service police sergeant's promotional examination for the last 20 or more years, few, if any, minorities have been promoted to the position of sergeant in either the City of Lawrence or City of Methuen, Massachusetts, notwithstanding that there are a significant number of qualified minority police officers in each city qualified for such promotion, and notwithstanding that both the City of Lawrence and the City of Methuen have significant minority populations.

## COUNT I

The conduct of the defendants as set forth above constitutes unlawful disparate impact discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e).

## COUNT II

The actions of the defendants as set forth above constitutes unlawful disparate impact discrimination under M.G.L. ch.151B, §4.

WHEREFORE, plaintiffs request this Honorable Court to issue appropriate injunctive and declaratory relief requiring the defendants to devise new job-related, non-discriminatory examinations, to award compensatory relief, including back pay and other damages, to grant attorney's fees and costs, and to grant such other and further relief as to this Court is deemed just and proper.

Respectfully submitted,

ABEL CANO, PEDRO LOPEZ,
KEVIN SLEDGE, CHARLES DEJESUS,
RICHARD BROOKS, THE
MASSACHUSETTS HISPANIC LAW
ENFORCEMENT ASSOCIATION,

By their attorneys,

Dated: September 11, 2007

_____
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO #640716
Leah M. Barrault, BBO # 661626
Pyle, Rome, Lichten, Ehrenberg
    & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

Cindy/legal/Harold/Promotional Exam-Complaint