UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ; ABEL CANO; KEVIN SLEDGE; CHARLES DEJESUS; RICHARD BROOKS; THE MASSACHUSETTS HISPANIC LAW ENFORCEMENT ASSOCIATION, Plaintiffs<br>v.<br><br>CITY OF LAWRENCE, MASSACHUSETTS; CITY OF METHUEN, MASSACHUSETTS; COMMONWEALTH OF MASSACHUSETTS; PAUL DIETL, IN HIS CAPACITY AS PERSONNEL ADMINISTRATION FOR THE COMMONWEALTH OF MASSACHUSETTS, HUMAN RESOURCES DIVISION; JOHN MICHAEL SULLIVAN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LAWRENCE, MASSACHUSETTS; AND WILLIAM MANZI, III, IN HIS CAPACITY AS MAYOR OF THE CITY OF METHUEN, MASSACHUSETTS Defendants | Case No. 07-CA-11693-JLT |

**ANSWER OF WILLIAM M. MANZI, III, MAYOR OF THE CITY OF METHUEN, MASSACHUSETTS**

**ANSWER**

NOW COMES the Defendant, William M. Manzi, III, in his capacity as Mayor of the City of Methuen, Massachusetts in the above-captioned matter and assigns as Answers to the Plaintiffs' Complaint the following:

1

**I.     INTRODUCTION.**

1. The Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 1 and therefore leaves the Plaintiffs to their proof.

**II.    JURISDICTION.**

2. The Defendant denies the allegations of Paragraph 2.

**III.   PARTIES.**

3. The Defendant admits the allegations of Paragraph 3.

4. The Defendant makes no response to the allegations contained in Paragraph 4, as those allegations do not relate to Methuen. However, to the extent that a response may be required the Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 4 and therefore leaves the Plaintiffs to their proof.

5. The Defendant makes no response to the allegations contained in Paragraph 5, as those allegations do not relate to Methuen. However, to the extent that a response may be required the Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 5 and therefore leaves the Plaintiffs to their proof.

6. The Defendant admits the allegations of Paragraph 6.

7. The Defendant makes no response to the allegations contained in Paragraph 7, as those allegations do not relate to Methuen. However, to the extent that a response may be required the Defendant lacks sufficient knowledge and information upon which to base a belief

as to the truth of the allegations contain in Paragraph 7 and therefore leaves the Plaintiffs to their proof.

8. The Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 8 and therefore leaves the Plaintiffs to their proof.

9. The Defendant makes no response to the allegations contained in Paragraph 9, as those allegations do not relate to Methuen. However, to the extent that a response may be required the Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 9 and therefore leaves the Plaintiffs to their proof.

10. The Defendant makes no response to the allegations contained in Paragraph 10, as those allegations do not relate to Methuen. However, to the extent that a response may be required the Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 10 and therefore leaves the Plaintiffs to their proof.

11. The Defendant makes no response to the allegations contained in Paragraph 11, as those allegations do not relate to Methuen. However, to the extent that a response may be required the Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 11and therefore leaves the Plaintiffs to their proof.

12. The Defendant makes no response to the allegations contained in Paragraph 12, as those allegations do not relate to Methuen. However, to the extent that a response may be required the Defendant lacks sufficient knowledge and information upon which to base a belief

as to the truth of the allegations contain in Paragraph 12 and therefore leaves the Plaintiffs to their proof.

13. The Defendant makes no response to the allegations contained in Paragraph 13, as those allegations do not relate to Methuen. However, to the extent that a response may be required the Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 13 and therefore leaves the Plaintiffs to their proof.

14. The Defendant admits the allegations of Paragraph 14.

## IV.  STATEMENT OF FACTS

15. As to the allegations of Paragraph 15, the Defendant admits only that plaintiffs Abel Cano and Charles Dejesus are police officers for the City of Methuen. The Defendant denies the remaining allegations of Paragraph 15.

16. As to the allegations of Paragraph 16, the Defendant admits only that plaintiffs Abel Cano and Charles Dejesus are police officers for the City of Methuen. The Defendant denies the remaining allegations of Paragraph 16.

17. The Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 17 and therefore leaves the Plaintiffs to their proof.

18. The Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 18 and therefore leaves the Plaintiffs to their proof.

19. The Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 19 and therefore leaves the Plaintiffs to their proof.

20. The Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 20 and therefore leaves the Plaintiffs to their proof.

21. The Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 21 and therefore leaves the Plaintiffs to their proof.

22. The Defendant makes no response to the allegations contained in Paragraph 22, as those allegations do not relate to Methuen. However, to the extent that a response may be required the Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 22 and therefore leaves the Plaintiffs to their proof.

23. As to the allegations in Paragraph 23 that relate to the City of Methuen the Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 13 and therefore leaves the Plaintiffs to their proof.

24.

25. The Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 25 and therefore leaves the Plaintiffs to their proof.

26. The Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 26 and therefore leaves the Plaintiffs to their proof.

27. As to the allegations in Paragraph 27 that relate to the City of Methuen the Defendant lacks sufficient knowledge and information upon which to base a belief as to the truth of the allegations contain in Paragraph 27 and therefore leaves the Plaintiffs to their proof.

## COUNT I

The Defendant denies the allegations in Count I.
.

## COUNT II

The Defendant denies the allegations in Count II.

**WHEREFORE**, the Defendant request this matter be dismissed as against him and that he be awarded costs, interest and reasonable attorneys' fees.

In further answering the Defendant asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint failed to state a claim against the Defendants upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the Statute of Limitations.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' lack standing to bring the within action.

## FIFTH AFFIRMATIVE DEFENSE

Defendant asserts the within action is frivolous under Chapters 32, 31, §6(f) of the Massachusetts General Laws.

### SIXTH AFFIRMATIVE DEFENSE

Defendant avers there is an insufficiency of process on the Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant claims Qualified Immunity

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' have failed to exhaust their administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

At all times, the Defendant acted in good faith reliance on constitutional, statutory, judicial or other legal authority.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the jurisdictional doctrine of collateral estoppel and res judicata.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred insofar as the Plaintiffs' consented to the actions of the Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiffs' claims must fail since the Defendant did not deprive the Plaintiffs of a constitutionally protected liberty or property interest.

### JURY DEMAND

The Defendants demand a trial by jury on all claims and issues so tri-able.

                                      DEFENDANT
                                      WILLIAM M. MANZI, III in his capacity as

MAYOR OF THE CITY OF METHUEN,
MASSACHUSETTS
By his attorney

/s/ *[signature]*

Peter J. McQuillan, BBO# 340180
Office of the City Solicitor
41 Pleasant Street, Room 311
Methuen, MA  01844
(978)-983-8575
(978)-983-8981

**DATED:** October 03, 2007

CERTIFICATE OF SERVICE

I, Peter J. McQuillan, attorney of record for the Defendants, hereby certify that I that this document filed through the ECF System will be send electronically to the registered participants as identified on the notice of Electronic Filing (MEF) and paper copies will be send to those indicated as non-registered participants this 3rd day of October, 2007.

*[signature]*
Peter J. McQuillan

8