UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07 CA 11693 JLT

**PEDRO LOPEZ; ABEL CANO; KEVIN SLEDGE; CHARLES DEJESUS; RICHARD BROOKS; THE MASSACHUSETTS HISPANIC LAW ENFORCEMENT ASSOCIATION**

PLAINTIFFS

v.

**CITY OF LAWRENCE, MASSACHUSETTS; CITY OF METHUEN, MASSACHUSETTS; COMMONWEALTH OF MASSACHUSETTS; PAUL DIETL, IN HIS CAPACITY AS PERSONNEL DIRECTOR FOR THE COMMONWEALTH OF MASSACHUSETTS, HUMAN RESOURCES DIVISION; JOHN MICHAEL SULLIVAN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LAWRENCE, MASSACHUSETTS; and WILLIAM MANZI, III, IN HIS CAPACITY AS MAYOR OF THE CITY OF METHUEN, MASSACHUSETTS**

DEFENDANTS

## ANSWER OF THE DEFENDANTS, CITY OF LAWRENCE, MASSACHUSETTS, AND JOHN (SIC) MICHAEL SULLIVAN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LAWRENCE

Now come the Defendants, City of Lawrence, Massachusetts, and John (sic) Michael Sullivan, in his capacity as Mayor of the City of Lawrence, who do hereby answer the Complaint of the Plaintiffs, Pedro Lopez, et al, as follows:

## I.  INTRODUCTION

1.     The averments contained in Paragraph 1 do not require a response in the affirmative or negative from the Defendants.  Nonetheless, to the extent that the averments allege wrongdoing on the part of the Defendants, or to the extent that the averments allege disparity in the treatment of Hispanic or African-American police officers by the City of Lawrence or its Mayor, the averments are denied.

## II.  JURISDICTION

2.     The averments contained in Paragraph 2 do not require a response in the affirmative or negative from the Defendants.

## III.  PARTIES

3.    The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 3 of the Complaint.

4.     Admitted.

5.     Admitted.

6.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 6 of the Complaint.

7.     Admitted.

8.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 8 of the Complaint

9.     Admitted.

10.    Admitted.

11.     Admitted.

12.     Admitted, insofar as Paul Dietl is the Personnel Administrator for the Human Resources Division for the Commonwealth of Massachusetts. The Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 12 of the Complaint.

13.     Admitted, in so far as Michael J. Sullivan (not John Michael Sullivan), is the Mayor of the City of Lawrence, Massachusetts, and is responsible for the promotional appointments of police officers in the City of Lawrence, Massachusetts.

14.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 14 of the Complaint.

## STATEMENT OF FACTS

15.     The Defendants admit that Pedro Lopez, Kevin Sledge, and Richard Brooks are police officers for the City of Lawrence, and are either of Hispanic, or African-American, descent. The Defendants are unable to admit or deny the remaining averments in Paragraph 15 of the Complaint.

16.     The Defendants admit that Pedro Lopez, Kevin Sledge, and Richard Brooks have been involved as police officers at all relevant times to the Complaint. The Defendants are unable to admit or deny the remaining averments in Paragraph 16 of the Complaint.

17.     Admitted, insofar as all appointments, promotions, suspensions, and removals of patrolmen and superior officers of the Lawrence Police Department are subject to the provisions of Chapter 31 of the Massachusetts General Laws. Competitive examinations for original and promotional appointments are subject to section 59 of M.G.L. c. 31.

18.	Admitted, insofar as the City of Lawrence utilizes the promotional examination as prepared by the Human Resources Division (HRD). Admitted, as to the general description of the promotional examination, and that promotions are generally based upon candidates receiving the highest scores on the promotional examination.

19.	The Defendant is without sufficient information to either admit or deny the averments contained within paragraph 19 of the Complaint.

20.	 The Defendants deny the averments contained within paragraph 20.

21.	The Defendants deny the averments contained within paragraph 21.

22.	The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 22 of the Complaint.

23.	Admitted.

24.	The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 24 of the Complaint.

25.	The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 25 of the Complaint.

26.	Denied.

27.	Denied.

**COUNT I**

The Defendants, City of Lawrence, and Mayor Michael J. Sullivan, deny unlawful disparate impact discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000(e).

**COUNT II**

The Defendants, City of Lawrence, and Mayor Michael J. Sullivan, deny unlawful disparate impact discrimination in violation of M.G.L. c. 151B, sec. 4.

**WHEREFORE**, the Defendants City of Lawrence and Michael J. Sullivan request that this Court dismiss this action, with costs to the Defendants

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Plaintiff's Complaint against the Defendants is frivolous, without any basis in fact and not advanced in good faith and therefore, the Defendants are entitled to attorney's fees, costs and any other sanctions that the Court deems appropriate under the terms and provisions of 42 U.S.C., section 1983.

### THIRD DEFENSE

The Defendants say that its employees' conduct and actions were performed according to and protected by law and/or legal process and therefore the Plaintiff cannot recover.

### FOURTH DEFENSE

The Defendants say that its employees were privileged in their conduct and that therefore the Plaintiff cannot recover.

### FIFTH DEFENSE

The Defendants say that its employees were justified in their conduct and acts and are therefore not liable to the Plaintiff as alleged in the Complaint.

### SIXTH DEFENSE

The Defendants say that, if the Plaintiff suffered injuries in damages as alleged, such injuries or damages were caused by someone for whose conduct the Defendants are not legally responsible.

### SEVENTH DEFENSE

The Complaint fails to establish that the enjoyment of rights secured by the Constitution, Laws of the United States or the Commonwealth of Massachusetts that was interfered with by the Defendants.

### EIGHTH DEFENSE

The Defendants state that the damages alleged by the Plaintiffs were or are the consequence of conditions or conduct for which the Defendants are not answerable in damages.

Respectfully submitted,<br>
City of Lawrence, et al<br>
By their Attorney,<br>
<br>
<br>
*/s/ James M. Bowers*_____<br>
James M. Bowers, Esq.<br>
Assistant City Attorney<br>
BBO NO. 558759<br>
Room 306 - City Hall<br>
200 Common Street<br>
Lawrence, MA 01840<br>
(978) 794-5800

Dated:  October 30, 2007

**CERTIFICATE OF SERVICE**

I, James M. Bowers, hereby certify that I have served a copy of the within **Answer of the Defendants, City Of Lawrence, Massachusetts, and John (Sic) Michael Sullivan, in his Capacity as Mayor of the City of Lawrence**, by mailing postage pre-paid, to:

Harold L. Lichten, Esq.
Shannon Liss-Riordan, Esq.
Leah M. Barrault, Esq.
Pyle, Rome, Lichten, Ehrenberg, & Liss-Riordan
18 Tremont Street
Boston, MA 02108

Signed under the pains and penalties of perjury this 31st day of October, 2007.

*/s/ James M. Bowers*
James M. Bowers, Esq.