UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ; ABEL CANO; KEVIN SLEDGE; CHARLES DEJESUS; RICHARD BROOKS; THE MASSACHUSETTS HISPANIC LAW ENFORCEMENT ASSOCIATION, Plaintiffs<br><br>v.<br><br>CITY OF LAWRENCE, MASSACHUSETTS; CITY OF METHUEN, MASSACHUSETTS; COMMONWEALTH OF MASSACHUSETTS; PAUL DIETL, IN HIS CAPACITY AS PERSONNEL ADMINISTRATOR FOR THE COMMONWEALTH OF MASSACHUSETTS, HUMAN RESOURCES DIVISION; JOHN MICHAEL SULLIVAN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LAWRENCE, MASSACHUSETTS; and WILLIAM MANZI, III, IN HIS CAPACITY AS MAYOR OF CITY OF METHUEN, MASSACHUSETTS, Defendants | Case No. 07-CA-11693-JLT |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO AMEND COMPLAINT**

The Plaintiffs filed their original action in September of 2007. The current named Plaintiffs are five minority (Black or Hispanic) police officers in the cities of Lawrence and Methuen, Massachusetts who assert that the sergeant's promotional exam administered by the Commonwealth of Massachusetts Human Resources Division ("HRD") for municipalities throughout the Commonwealth is unlawful under both state and federal discrimination law in that it has a significant disparate impact upon minority

1

candidates, and cannot be shown to be job-related under Equal Employment Opportunity Commission validation standards.

Since the filing of this Complaint, which has yet to be answered by Defendant HRD Plaintiffs' counsel has been retained by three additional police officers, two in the City of Lowell, Massachusetts, Marisol Nobrega and Robert Alvarez, and one in the City of Worcester, Massachusetts, Spencer Tatum, who wish to become named Plaintiffs and who, like the other named Plaintiffs, are police officers who have taken the sergeant's promotional exam administered by the Commonwealth, and who claim that such examination is unlawful under state and federal discrimination law.

In addition, Plaintiffs seek to amend the Complaint against Defendant HRD to add class allegations pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class Plaintiffs would consist of all Black and Hispanic police officers within the Commonwealth of Massachusetts who took the 2006 HRD sergeant's promotional examination and who have not been reached for promotion from such exam. In the first amended complaint the Plaintiffs assert that this class meets all of the requirements for Rule 23, as will be further demonstrated when Plaintiffs move for class certification.

The Plaintiffs also assert, as set forth in their First Amended Complaint, that the named Plaintiffs and the class Plaintiffs share common questions of law and fact and that the claims of the named Plaintiffs are identical or nearly identical to the claims of the class Plaintiffs in that both challenge the 2006 police sergeants examination as being unlawful under a disparate impact theory under both M.G.L. ch. 151B and Title VII of the Civil Rights Act of 1964, as amended.

Further, Plaintiffs would point out that it is appropriate now to amend the Complaint since discovery has not yet begun, the initial scheduling conference has not taken place, and the Defendant Commonwealth HRD has not yet filed an answer. Moreover, the essential question in this case – the validity of the 2006 sergeant's examination – is the same question that must be litigated in the current complaint and would be the same question to be litigated under the First Amended Complaint.

Leave of court is to be freely given to file an amended complaint, particularly when such amended complaint does not add new or different claims than the original complaint, and the proceedings are still in their early stages. In the present case, the discovery has not yet begun in earnest and it makes sense to have all of the claims relating to the 2006 police sergeants examination heard and decided in one case. This was the same approach taken by Judge Saris in <u>Bradley v. Commonwealth of Massachusetts</u> U.S. District Court, Civil Action No. 05-CV-10213-PBS.

Lastly, Plaintiffs would note that with respect to the three new named Plaintiffs, Marisol Nobrega, Robert Alvarez, and Spencer Tatum, they have, as required by law, filed administrative complaints with the Massachusetts Commission Against Discrimination and Equal Employment Opportunity Commission, and the Plaintiffs have requested and are expecting to receive shortly right-to-sue letters from such agencies. The Plaintiffs are moving to amend the Complaint now so as to give maximum possible notice to the Defendants of all Plaintiffs and claims in the case, and because the interests of justice so dictate.

Plaintiffs counsel has conferred with counsel for Defendants regarding the instant Motion to Amend Complaint.

## CONCLUSION

For the reasons set forth herein, the Plaintiffs' Motion to Amend Complaint should be granted. In the event that any of the Defendants raise substantive concerns objecting to this motion to amend, Plaintiffs seek leave to file a reply brief to address those concerns.

>Respectfully submitted,
>
>PEDRO LOPEZ, ABEL CANO,
>KEVIN SLEDGE, CHARLES DEJESUS,
>RICHARD BROOKS, THE
>MASSACHUSETTS HISPANIC LAW
>ENFORCEMENT ASSOCIATION,
>
>By their attorneys,

Dated: January 2, 2008                /s/Leah M. Barrault
>Harold L. Lichten, BBO #549689
>Shannon Liss-Riordan, BBO #640716
>Leah M. Barrault, BBO # 661626
>Pyle, Rome, Lichten, Ehrenberg
>    & Liss-Riordan, P.C.
>18 Tremont St., Ste. 500
>Boston, MA 02108
>(617) 367-7200

Cindy/legal/Harold/Promotional Exam/memo of law in support of motion to amend complaint