# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____

)
PEDRO LOPEZ; ABEL CANO;                               )
KEVIN SLEDGE; CHARLES DEJESUS;                        )
RICHARD BROOKS; ROBERT ALVAREZ,                       )
MARISOL NOBREGA; SPENCER TATUM; THE                   )
MASSACHUSETTS HISPANIC LAW                            )
ENFORCEMENT ASSOCIATION; INDIVIDUALLY                 )
AND ON BEHALF OF A CLASS OF INDIVIDUALS               )
SIMILARLY SITUATED,                                   )
      Plaintiffs                                      )
                                                      )
v.                                                    )
                                                      ) Case No. 07-CA-11693-JLT
CITY OF LAWRENCE, MASSACHUSETTS;                      )
CITY OF METHUEN, MASSACHUSETTS;                       )
COMMONWEALTH OF MASSACHUSETTS;                        )
PAUL DIETL, IN HIS CAPACITY AS PERSONNEL              )
ADMINISTRATOR FOR THE COMMONWEALTH                    )
OF MASSACHUSETTS, HUMAN RESOURCES                     )
DIVISION; JOHN MICHAEL SULLIVAN, IN HIS               )
CAPACITY AS MAYOR OF THE CITY OF                      )
LAWRENCE, MASSACHUSETTS;                              )
WILLIAM MANZI, III, IN HIS CAPACITY AS                )
MAYOR OF CITY OF METHUEN,                             )
MASSACHUSETTS; CITY OF LOWELL,                        )
MASSACHUSETTS; WILLIAM F. MARTIN, IN HIS              )
CAPACITY AS MAYOR OF THE CITY OF LOWELL,              )
MASSACHUSETTS; CITY OF WORCESTER,                     )
MASSACHUSETTS; and KONSTANTINA B. LUKES,              )
IN HER CAPACITY AS MAYOR OF THE CITY OF               )
WORCESTER, MASSACHUSETTS,                             )
      Defendants                                      )
_____)

## SECOND AMENDED COMPLAINT; INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

## I.   __INTRODUCTION__.

1.      This is an action by Hispanic and African-American police officers in the Commonwealth of Massachusetts who have taken the Commonwealth's promotional examination for the position of police sergeant in the year 2006.   Although such plaintiffs are well qualified for a sergeant's promotion, they have not, as of this date, received such a promotion.   The named and class plaintiffs challenge the sergeant's promotional examination on the grounds that it has a disparate impact on minority test takers and cannot be shown to be job-related under applicable federal Equal Employment Opportunity Commission and Massachusetts General Laws Chapter 151B standards. The named and class plaintiffs seek appropriate injunctive and compensatory relief as described herein.

## II.   __JURISDICTION__.

2.      This court has jurisdiction over this case under 28 U.S.C. §§1333 and 1343, in that this case arises under the laws of the United States of America, including, particularly, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), as amended. In addition, the supplemental jurisdiction of this court is invoked under 28 U.S.C. §1367 for plaintiffs' state law claims.

## III.   __PARTIES__.

3.      The plaintiff, Abel Cano, is a Hispanic resident of Methuen, Massachusetts and is a police officer for the City of Methuen, Massachusetts.

4.      The plaintiff, Pedro Lopez, is a Hispanic resident of the City of Lawrence, Massachusetts, and is a police officer for the City of Lawrence, Massachusetts.

5.      The plaintiff, Kevin Sledge, is an African-American resident of Salem, New Hampshire and is a police officer for the City of Lawrence, Massachusetts.

6.      The plaintiff, Charles Dejesus, is a Hispanic resident of Methuen, Massachusetts and is a police officer for the City of Methuen, Massachusetts.

7.      The plaintiff, Richard Brooks, is a Hispanic resident of Londonderry, New Hampshire and is a police officer in the City of Lawrence, Massachusetts.

8.      The plaintiff, Massachusetts Hispanic Law Enforcement Association, is a private, non-profit organization of Hispanic police officers and law enforcement officers in the Commonwealth of Massachusetts.

9.      The plaintiff, Robert Alavarez, is an adult resident of the City of Methuen, Massachusetts, and is a police officer in the City of Lowell, Massachusetts.

10.     The plaintiff, Marisol Nobrega, is an adult resident of Lowell, Massachusetts, and is currently a police officer in the City of Lowell, Massachusetts.

11.     The plaintiff, Spencer Tatum, is an adult resident of Worcester, Massachusetts.  He currently holds the position of police officer in the City of Worcester, Massachusetts.

12.     The defendant, Commonwealth of Massachusetts, is a state of the United States of America, and through its Human Resources Division, is responsible for administering police sergeant promotional examinations in civil service communities throughout the Commonwealth of Massachusetts pursuant to M.G.L. ch.31.

13.     The defendant, Paul Dietl, is the Personnel Administrator for the Human Resources Division of the Commonwealth of Massachusetts, and in that capacity has overall responsibility for the conduct of that agency's affairs.

14.     The defendant, John Michael Sullivan, is the Mayor of the City of Lawrence, Massachusetts and is responsible for the promotional appointments of police officers in the City of Lawrence, Massachusetts.

15.     The defendant, City of Lawrence, Massachusetts, is a municipality of the Commonwealth of Massachusetts and it operates a police department.

16.     The defendant, William Manzi, III, is the Mayor of the City of Methuen, Massachusetts and is responsible for promotional appointments in the Methuen Police Department.

17.     The defendant, City of Methuen, Massachusetts, is a duly incorporated municipality of the Commonwealth of Massachusetts and it operates a police department.

18.     The defendant, William F. Martin, is the Mayor of the City of Lowell, Massachusetts and is responsible for the promotional appointments of police officers in the City of Lowell, Massachusetts.

19.     The defendant, City of Lowell, Massachusetts, is a duly incorporated municipality of the Commonwealth of Massachusetts, and it operates a police department.

20.     The defendant, Konstantina B. Lukes, is the Mayor of the City of Worcester, Massachusetts, and is responsible for promotional appointments in the City of Worcester, Massachusetts.

21.     The defendant, City of Worcester, Massachusetts, is a municipality of the

Commonwealth of Massachusetts and it operates a police department.


IV.     **CLASS PLAINTIFFS.**

22.     The named plaintiffs bring this action individually and on behalf of a class

of individuals similarly situated.  The class of individuals similarly situated are as follows:

> All Black and Hispanic police officers within the Commonwealth of
> Massachusetts who are employed in cities and towns covered by the state
> civil service law, M.G.L. ch. 31, and who have taken the 2006 police
> sergeant promotional examination administered by defendant
> Commonwealth of Massachusetts, Human Resources Division and who
> have not been reached for promotion.

23.     The claims of the class plaintiffs are identical or nearly identical to the

claims of the named plaintiffs in that each challenge the validity of the 2006 police

sergeant examination administered by HRD under a disparate impact theory under both

state and federal discrimination law.

24.     The class meets all of the numerosity requirements of Rule 23 of the

Federal Rules of Civil Procedure, and it would be impractical to name each individual

plaintiff.  In addition, the claims of the named plaintiffs are representative of the claims

of the class plaintiffs.

25.     There are common questions of law and fact which predominate over any

specific individual factual claims in this case, and plaintiffs' counsel are eminently

capable of representing the claims of the named and class members.  The class is

primarily certifiable under Rule 23(b)(2) of the Federal Rules of Civil Procedure in that

they seek declaratory and injunctive relief to be generally applicable to all plaintiffs.

While they also seek damages in the form of back pay and other damages allowable by

law, the damage claims are ancillary to the injunctive and declaratory relief sought by the plaintiffs.

## V.    STATEMENT OF FACTS.

26.    The named plaintiffs are all police officers for the cities of Lawrence, Methuen, Lowell, and Worcester, Massachusetts.  Each plaintiff is each either Hispanic or African-American.

27.    The class plaintiffs are all employed as police officers in cities and towns within the Commonwealth of Massachusetts and are subject to the Massachusetts civil service law, M.G.L. ch. 31, and have taken the 2006 HRD-administered police sergeant's examination for the position of police sergeant but have not been promoted as a result of such examination.

28.    The cities of Lawrence, Methuen, Lowell, and Worcester, Massachusetts, as well as many other cities and towns throughout the Commonwealth of Massachusetts, have elected to utilize the Commonwealth of Massachusetts, Human Resources Division ("HRD") to create, design and administer the municipalities' promotional examination for the position of police sergeant.

29.    On information and belief, the cities of Lawrence, Methuen, Lowell, and Worcester, as well as numerous other cities and towns within the Commonwealth of Massachusetts, have been utilizing HRD's police sergeant examination to make sergeant's promotions for many years.  Pursuant to the Massachusetts civil service law, M.G.L. ch. 31, these cities and towns have utilized the HRD examination, which consists of 100 points and provides for a failing grade of below 70.  If a candidate

passes such examination, he or she is then ranked by their score on the examination and selections for promotional positions are made by the respective city and town from the top candidates on such list.

30.    The HRD police sergeant examination consists of approximately 100 multiple choice questions which are taken directly from law enforcement and related textbooks.

31.    These examinations have, over the last 20 years, been shown to have a significant adverse impact upon minority (Black and Hispanic) test takers while not having been shown to be valid predictors of job performance for a police sergeant.  All of the defendants have been well aware of this fact, yet have taken no action to design a less discriminatory and more job-related examination procedure.

32.    Although any municipality covered by the civil service law, M.G.L. ch.31, has the right under M.G.L. ch. 31, §11 to conduct its own alternative police sergeant promotional examination which could be professionally validated and have significantly less discriminatory impact, the communities which are subject to this lawsuit have failed to do so.

33.    In addition, despite HRD's knowledge that the police sergeant's examination has a significant discriminatory impact and is not job-related, HRD has done nothing to implement a less discriminatory examination procedure.

34.    The police sergeant's examination administered by HRD is normally given in even numbered years and was given in 2002, 2004 and 2006.  It is scheduled to be given again in 2008.

35.     All of the individual and class plaintiffs have taken the police sergeant's promotional examination on at least one occasion, 2006, and a majority have taken it on prior occasions in prior years.

36.     Although most of the named and a majority of the class plaintiffs passed the 2006 examination, they have not received scores high enough that they will likely be reached for promotion before a new examination is given in 2008.  In addition, one or more of the named and class plaintiffs did not receive a passing score on the 2006 examination.

37.     As a result of utilizing the HRD multiple choice sergeant's promotional examination, minority police officers who have taken the examination, both in the municipalities named in this lawsuit and elsewhere, have been ranked significantly lower than their non-minority counterparts, despite their being otherwise equally as qualified for a sergeant's promotional position.

38.     As a result of the use of the HRD civil service police sergeant's promotional examination over the last 20 years or more, few, if any, minorities have been promoted to the position of sergeant in both the named defendant municipalities and elsewhere in civil service municipalities throughout the Commonwealth of Massachusetts.  As a result, there is a significant disparity between the number of minority police sergeants in the Commonwealth of Massachusetts and their corresponding numbers in entry-level police officer ranks, notwithstanding that there are significant number of qualified minority police officers who are otherwise qualified for such promotion, were it not for the resulting scores on the police sergeant's promotional examination administered by HRD.

**COUNT I**

The conduct of the defendants as set forth above constitutes unlawful disparate impact discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e).

**COUNT II**

The actions of the defendants as set forth above constitutes unlawful disparate impact discrimination under M.G.L. ch.151B, §4.

WHEREFORE, plaintiffs request this Honorable Court to issue appropriate injunctive and declaratory relief requiring the defendants to devise new job-related, non-discriminatory examinations, to award compensatory relief, including back pay and other damages, to grant attorney's fees and costs, and to grant such other and further relief as to this Court is deemed just and proper.

Respectfully submitted,

ABEL CANO, PEDRO LOPEZ,
KEVIN SLEDGE, CHARLES DEJESUS,
RICHARD BROOKS, ROBERT ALVAREZ,
MARISOL NOBREGA, SPENCER TATUM,
THE MASSACHUSETTS HISPANIC LAW
ENFORCEMENT ASSOCIATION,
INDIVIDUALLY AND ON BEHALF OF A
CLASS OF INDIVIDUALS SIMILARLY
SITUATED,

By their attorneys,


/s/ Leah Barrault

Dated:  January 4, 2008

_____
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO #640716
Leah M. Barrault, BBO # 661626
Pyle, Rome, Lichten, Ehrenberg
        & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200