UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEDRO LOPEZ, et al.

      Plaintiffs,

v.

CITY OF LAWRENCE, et al.

      Defendants.

CIVIL ACTION
NO. 07-11693-JLT

**STIPULATION AND ORDER
FOR THE PROTECTION OF CONFIDENTIAL MATERIAL**

By the request and consent of the parties in the above-captioned action, and for good cause shown, the Court hereby enters this Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for the purpose of protecting confidential material associated with examinations utilized for making promotional appointments within those municipal police forces governed by the civil service laws of the Commonwealth of Massachusetts.

1. **Definitions**. As used herein, the quoted words and phrases shall have the following meanings:

    a. "Party" means any plaintiff or defendant in the above-captioned action.

    b. "Independent Expert" means any person consulted by a party in connection with the prosecution, defense, and/or appeal of the above-captioned action.

    c. "Confidential Material" means documents and things that have been designated by the producing party with a "Confidential" stamp, including but not limited to documents which constitute or evidence: (1) the contents of examinations proposed for use or actually used for making promotional appointments within any municipal police force in the Commonwealth of Massachusetts, (2) the methodology by which such examinations are devised or scored, (3) the scores on such examinations achieved by examination-takers, (4) appeals taken from the

scoring of examination answers, (5) any individual's personnel records, and (6) any record that is not a "public record" as defined in clause Twenty-sixth of section seven of chapter four of the Massachusetts General Laws. The identity of police chiefs who have participated in the examination-creation process as subject matter experts shall also be deemed "Confidential Material."

2. **Persons to Whom Confidential Material May Be Disclosed.** Except with the prior consent of the producing party or upon further order of the Court, Confidential Material shall be disclosed only to:

   a. Counsel of record in this action;

   b. Stenographers transcribing the testimony or argument at a deposition, hearing, or trial;

   c. A deponent during the course of his or her deposition;

   d. Independent experts retained by counsel for the receiving party; provided, however, that no Confidential Material shall be disclosed to such experts until the conditions detailed in paragraph 3 have been met;

   e. Secretaries, paralegals, clerical, and other employees of the individuals identified in subparagraphs (a)-(d) above, to the extent reasonably necessary to render professional legal services in the litigation; and

   f. The Court, as provided in this Stipulation and Order.

Unless otherwise ordered by the Court, the producing party may limit, for good cause, dissemination of Confidential Material to a subset of the above-listed persons.

3. **Conditioning Disclosure.** Confidential Material may be disclosed to a person listed in paragraphs 2(b)-(d) only if such person has executed an acknowledgement in the form attached hereto as Exhibit A that s/he has read this Stipulation and Order and agrees to be bound thereby.

4. **Redaction of Confidential Information Regarding Non-Parties.** Nothing in this Stipulation and Protective Order shall be construed to preclude a producing party from redacting from original documents or data compilations any information, data, or other material

that directly relates to a specifically named, non-party individual if the disclosure of such material would constitute an unwarranted invasion of personal privacy or the material otherwise constitutes "personal data" as that term is employed in Mass. Gen. Laws c. 66A, § 1. Unless the data subject approves the disclosure of protected personal data, such data shall not be released without the data subject first having been notified of any demand made, by means of compulsory legal process or otherwise, in reasonable time such that the data subject may seek to have the demand quashed.

5. **Making Copies of Confidential Material.** No copies of Confidential Material shall be made except as is reasonably necessary to carry out this litigation. All copies of Confidential Material shall remain within the possession of those entitled to have access to Confidential Material under Paragraph 2 of this Stipulation and Order.

6. **Protecting Confidential Material at Depositions.** No person may refuse to answer any questions at a deposition on the sole ground that the question requires the person to reveal Confidential Material. Depositions shall proceed upon the following basis: Prior to questioning or testimony that discloses Confidential Material, all persons present shall be advised of the terms and conditions of this Stipulation and Order and jointly requested to abide thereby. At the request of a party, all persons not authorized to receive Confidential Material under this Stipulation and Order shall leave the room during the time in which such Confidential Material is disclosed or discussed. Information disclosed at depositions may be designated as Confidential Material by indicating on the record at the deposition the portion of the testimony that contains Confidential Material, or within sixty (60) days after receipt of the deposition transcript, by notifying counsel for all parties, in writing, indicating the specific pages and lines of the transcript that contain Confidential Material. So designated, Confidential Material

contained in deposition transcripts shall be subject to this Stipulation and Order to the same extent as all other Confidential Material.

7. **Use of Confidential Material**

a. *Limited to Use in this Action*: No party or agent thereof shall be permitted to make use of any Confidential Material received pursuant to this Stipulation and Order in any other forum or action unless (i) the Confidential Material to be used elsewhere is derived from an independent source, (ii) by written agreement of the producing party, or (iii) pursuant to court order.

b. *At Trial and in Court Filings:* If any party intends to disclose Confidential Material at trial, or in a pleading, motion, deposition, transcript, or other paper filed with this Court, such party shall provide advance notice to the producing party sufficient to permit the parties to consult as to how to proceed under Local Rule 7.2.

8. **Return of Confidential Material.** The termination of proceedings in this action shall not relieve the persons described in paragraph 2 above from the obligation of maintaining the confidentiality of all Confidential Material received pursuant to this Stipulation and Order, unless the Court orders or permits otherwise. At the conclusion of the case, each party may request the return of all Confidential Material previously furnished by such party to another party, and each such receiving party shall be obligated to return such Confidential Material within a reasonable time period, not to exceed thirty (30) days. Each original recipient of the Confidential Material shall be responsible for securing and returning, within this same time period, any and all extant copies of Confidential Material that s/he allowed to be made.

9. **Procedure for Eliminating Confidential Status.** If any party believes that a document or thing otherwise subject to this Stipulation and Order should not be treated as

Confidential Material, the party shall identify, in writing, within 60 days of receipt, the material that it believes should not be deemed confidential. If such notice does not result in agreement, the party may, by motion, seek an order of this Court lifting confidential status for such material. All such material shall continue to have confidential status during the pendency of any motion to determine its confidential status.

10. **Right to Seek Modification.** Although this Stipulation and Order has been entered by joint motion of the parties, it shall not constitute a contract between the parties that prevents a modification of this Stipulation and Order or the establishment of additional protection with respect to the confidentiality of discovery material. Upon a showing of good cause, the Court shall have the power to make any modification hereof which justice may require.

11. **Care of Confidential Material.** Each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any Confidential Material. Each person receiving Confidential Material shall first be advised by the appropriate party of the terms of this Stipulation and Order.

12. **Subpoena by Other Court or Agency.** If Confidential Material received in discovery from a party becomes subject to the process or order of any other court or administrative agency, the recipient of such process or order shall promptly notify the producing party of the pendency of such process or order.

Agreed to on the 21st day of December 2007 and subscribed to this ____ day of January 2008.

/s/ Robert L. Quinan, Jr.

Robert L. Quinan, Jr.
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108

/s/ Peter J. McQuillan

Peter J. McQuillan, Esq.
Office of the City Solicitor
41 Pleasant Street
Room 311
Methuen, MA 01844

/s/ Leah M. Barrault

Harold L. Lichten, Esq.
Leah M. Barrault, Esq.
Pyle, Rome, Lichten, Ehrenberg &
 Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108

/s/ James M. Bowers

James M. Bowers, Esq.
Assistant City Attorney
City of Lawrence
City Hall, Room 306
200 Common Street
Lawrence, MA 01840

## EXHIBIT A

I have been designated by _____ as a person who may have access to Confidential Material as this term is defined in the Stipulation and Order entered by the Court in *Lopez, et al. v. City of Lawrence, et al.*, U.S. District Ct. (Mass.) Docket No. 07-11693-JLT. I have read that Stipulation and Order. I understand that I will be bound by the terms of that Stipulation and Order with respect to all Confidential Material, as defined in the Stipulation and Order, and I agree to comply fully with the terms of the Stipulation and Order.

Signed under the pains and penalties of perjury on this ____ day of _____ 200__.

_____
[Recipient of Confidential Material]