UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ; ABEL CANO; KEVIN SLEDGE; CHARLES DEJESUS; RICHARD BROOKS; ROBERT ALVAREZ, MARISOL NOBREGA; SPENCER TATUM; THE MASSACHUSETTS HISPANIC LAW ENFORCEMENT ASSOCIATION; INDIVIDUALLY AND ON BEHALF OF A CLASS OF INDIVIDUALS SIMILARLY SITUATED,<br>    Plaintiffs<br><br>v.<br><br>CITY OF LAWRENCE, MASSACHUSETTS; CITY OF METHUEN, MASSACHUSETTS; COMMONWEALTH OF MASSACHUSETTS; PAUL DIETL, IN HIS CAPACITY AS PERSONNEL ADMINISTRATOR FOR THE COMMONWEALTH OF MASSACHUSETTS, HUMAN RESOURCES DIVISION; JOHN MICHAEL SULLIVAN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LAWRENCE, MASSACHUSETTS; WILLIAM MANZI, III, IN HIS CAPACITY AS MAYOR OF CITY OF METHUEN, MASSACHUSETTS; CITY OF LOWELL, MASSACHUSETTS; WILLIAM F. MARTIN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LOWELL, MASSACHUSETTS; CITY OF WORCESTER, MASSACHUSETTS; and KONSTANTINA B. LUKES, IN HIS CAPACITY AS MAYOR OF THE CITY OF WORCESTER, MASSACHUSETTS,<br>    Defendants | Case No. 07-CA-11693-JLT |

PROPOSED ORDER ON DOCUMENT DISCOVERY

The Court hereby orders that the following document/electronic discovery be produced by defendant Commonwealth of Massachusetts:

1

1. Documents (including electronic data) relating to any statistical analyses performed in the last ten years regarding the scores on all civil service examinations for the position of police sergeant which considered the grades or the scores (or any components thereof) such as means and standard deviation for whites, blacks, and Hispanics;

2. All adverse impact data analyses, reports, or memos for the police sergeants examination which was held in the past ten years.

3. Copies of any and all analyses, reports, memos, computer printouts, or other written or electronic materials that were prepared to evaluate the actual or potential adverse impact of each police sergeants exam held in the last ten years (and the component parts) that resulted in appointments to or promotions to sergeant in civil service communities.

4. For each police sergeant's exam in the past ten years, documents and electronic data have the names and total score for each person who took the exam (whether they passed or failed) with an indication of each person's race or ethnic group, or any special certification preference.

5. For each police sergeant's exam in the past ten years all certification lists provided to each civil service municipality and each document submitted to HRD by such municipality indicating who was selected, along with any documents providing an indication of each person's race or ethnic group, score, and certification numbers.

6. All documents showing persons appointed as police sergeant in each civil service community for the last ten years.

7.  Documents showing all persons appointed as police sergeant in the past ten years, broken down by municipality, with an indication of each person's race and ethic group.

8.  Copies of all HRD memos, reports, analyses or written documents that relate to the question of whether each sergeant exam held in the past ten years met the 4/5 rule as described in Section 4B of the UGESP.

9.  Copies of all job analysis reports done by consultants before a sergeant exam was held or after that are germane to the sergeant exams held by HRD in the past ten years.

10. Copies of all test validation reports done by consultants before exams were held or after that are germane to the sergeant exams held by HRD in the past ten years.

11. Documents listing all civil service sergeants in each civil service community in Massachusetts and all documents which indicate the race or ethnic background of such sergeant, date of exam taken, and date of appointment.

12. Documents reflecting the names of all police officers in each civil service community, all documents showing the race or ethnic background of such officer, and showing whether the officer has taken a sergeant's exam.

                                                                          _____
Joseph L. Tauro
U.S. District Court

Dated: _____

Cindy/legal/Harold/court order re doc discovery