UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ; ABEL CANO; KEVIN SLEDGE; CHARLES DEJESUS; RICHARD BROOKS; ROBERT ALVAREZ, MARISOL NOBREGA; SPENCER TATUM; THE MASSACHUSETTS HISPANIC LAW ENFORCEMENT ASSOCIATION; INDIVIDUALLY AND ON BEHALF OF A CLASS OF INDIVIDUALS SIMILARLY SITUATED,<br>　　　　Plaintiffs<br><br>v.<br><br>CITY OF LAWRENCE, MASSACHUSETTS; CITY OF METHUEN, MASSACHUSETTS; COMMONWEALTH OF MASSACHUSETTS; PAUL DIETL, IN HIS CAPACITY AS PERSONNEL ADMINISTRATOR FOR THE COMMONWEALTH OF MASSACHUSETTS, HUMAN RESOURCES DIVISION; JOHN MICHAEL SULLIVAN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LAWRENCE, MASSACHUSETTS; WILLIAM MANZI, III, IN HIS CAPACITY AS MAYOR OF CITY OF METHUEN, MASSACHUSETTS; CITY OF LOWELL, MASSACHUSETTS; WILLIAM F. MARTIN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LOWELL, MASSACHUSETTS; CITY OF WORCESTER, MASSACHUSETTS; and KONSTANTINA B. LUKES, IN HIS CAPACITY AS MAYOR OF THE CITY OF WORCESTER, MASSACHUSETTS,<br>　　　　Defendants | Case No. 07-CA-11693-JLT |

RULE 26 DISCLOSURE

In accordance with the colloquy between the Court and Defendant

Commonwealth of Massachusetts, Human Resources Division on January 3, 2008,

1

plaintiffs' counsel makes the following Rule 26 disclosures:

The named and class plaintiffs assert that the 2006 and 2007 civil service police sergeant's examination has had a disparate impact upon Black and Hispanic police officers who have taken the exam.  This allegation is based upon (1) prior litigation in this district relating to prior police sergeant's examinations, see Afro-American Police, Inc. v. Boston Police Department, 973 F.2d 18 (1st Cir. 1992) and Boston Police Superior Officers Federation v. City of Boston, 147 F.3d 13 (1st Cir. 1998); (2) discussions with the named plaintiffs and rough statistical calculations made based upon such discussions; (3) discussions with plaintiffs' expert witnesses to the effect that such textbook knowledge based pen and paper exam formats inevitably result in disparate impact; (4) a review of federal court cases in which these type of pen and paper/textbook based promotional exams have been challenged; (5) the MCAD's decision in Tatum v. City of Worcester; and (6) HRD's position statement submitted to the MCAD in this case.

Second, the plaintiffs assert that the sergeant's exam has not been and cannot be properly validated in accordance with EEOC guidelines and that there are less discriminatory exam alternatives.  This allegation is based upon all that is stated in the preceding paragraph, plus numerous court cases finding such pen and paper based tests to not be valid predictors of job performance.  Further, few, if any, major law enforcement agencies still use this type of exam for police promotional positions, and

even the City of Boston, with the approval of HRD, agreed to stop using these tests in the late 1980's as a result of a lawsuit brought by MAMLEO.

        Respectfully submitted,

        PEDRO LOPEZ, ABEL CANO,
        KEVIN SLEDGE, CHARLES DEJESUS,
        RICHARD BROOKS, ROBERT ALVAREZ,
        MARISOL NOBREGA, SPENCER TATUM,
        THE MASSACHUSETTS HISPANIC LAW
        ENFORCEMENT ASSOCIATION,
        INDIVIDUALLY AND ON BEHALF OF A
        CLASS OF INDIVIDUALS SIMILARLY
        SITUATED,

        By their attorneys,

Dated:  January 15, 2008        <u>s/Harold L. Lichten</u>
        Harold L. Lichten, BBO #549689
        Shannon Liss-Riordan, BBO #640716
        Leah M. Barrault, BBO # 661626
        Pyle, Rome, Lichten, Ehrenberg
            & Liss-Riordan, P.C.
        18 Tremont St., Ste. 500
        Boston, MA 02108
        (617) 367-7200

Cindy/legal/Harold/Promotional Exam/rule 26 disclosures (Ver 2)