UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
PEDRO LOPEZ; ABEL CANO;                   )
KEVIN SLEDGE; CHARLES DEJESUS;            )
RICHARD BROOKS; ROBERT ALVAREZ,           )
MARISOL NOBREGA; SPENCER TATUM; THE       )
MASSACHUSETTS HISPANIC LAW                )
ENFORCEMENT ASSOCIATION; INDIVIDUALLY     )
AND ON BEHALF OF A CLASS OF INDIVIDUALS   )
SIMILARLY SITUATED,                       )
          Plaintiffs                      )
                                          )
v.                                        )
                                          ) Case No. 07-CA-11693-JLT
CITY OF LAWRENCE, MASSACHUSETTS;          )
CITY OF METHUEN, MASSACHUSETTS;           )
COMMONWEALTH OF MASSACHUSETTS;            )
PAUL DIETL, IN HIS CAPACITY AS PERSONNEL  )
ADMINISTRATOR FOR THE COMMONWEALTH        )
OF MASSACHUSETTS, HUMAN RESOURCES         )
DIVISION; JOHN MICHAEL SULLIVAN, IN HIS   )
CAPACITY AS MAYOR OF THE CITY OF          )
LAWRENCE, MASSACHUSETTS;                  )
WILLIAM MANZI, III, IN HIS CAPACITY AS    )
MAYOR OF CITY OF METHUEN,                 )
MASSACHUSETTS; CITY OF LOWELL,            )
MASSACHUSETTS; WILLIAM F. MARTIN, IN HIS  )
CAPACITY AS MAYOR OF THE CITY OF LOWELL,  )
MASSACHUSETTS; CITY OF WORCESTER,         )
MASSACHUSETTS; and KONSTANTINA B. LUKES,  )
IN HIS CAPACITY AS MAYOR OF THE CITY OF   )
WORCESTER, MASSACHUSETTS,                 )
          Defendants                      )
_____ )

PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CLASS CERTIFICATION PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 23(b)(2)

I.   INTRODUCTION.

The plaintiffs in this action assert that the recent police sergeant's examinations

(like all prior exams over the last 20 years) given by the defendant Commonwealth of

1

Massachusetts (in those cities and towns covered by the civil service law and who used such examination) has an overwhelming disparate impact upon minority police officers seeking promotion, and cannot be shown to be valid under the criteria enumerated by Congress, the federal courts, the EEOC, and state law M.G.L. ch. 151B.  The plaintiffs assert that the continued use of these discriminatory written police sergeant promotional exams (particularly in large cities like Lawrence, Worcester, Lowell, Lynn, Springfield and Boston) have resulted in significantly disproportionately low numbers of minority sergeants compared with the proportion of corresponding minority police officers in such cities.

Pursuant to Federal Rule of Civil Procedure Rule 23, the plaintiffs now move for class certification.  Although the defendant Commonwealth of Massachusetts has indicated that it will oppose class certification, plaintiffs' counsel are not aware of the grounds for such opposition.  Accordingly, upon receiving such opposition, plaintiffs' counsel would expect to file a reply brief addressing specific concerns raised by the defendants in their opposition, if not addressed here.  In addition, to the extent that the defendants make any factual objections, such as that the class is not sufficiently numerous, then plaintiffs would ask the court (if this court deems it necessary) to stay deciding the motion for class certification until the data necessary to make this proper analysis has been divulged by the Commonwealth.  Plaintiffs would further note that this data has not yet been supplied to plaintiffs' counsel, though was requested months ago.

The plaintiffs request this court to certify this action to proceed as a class action specifically pursuant to Rule 23(b)(2).  The class would consist of all minorities (Black and Hispanic) who have taken or seek to take in the future the police sergeant's civil

service examination for the position of police sergeant within the Commonwealth of Massachusetts. As set forth below, this motion to certify should be granted.

II.     PLAINTIFFS SATISFY THE REQUIREMENTS OF RULE 23(a).

Federal Rule of Civil Procedure 23(a) requires as a prerequisite to class certification that (1) the class is so numerous that joinder of all members is impractical (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). See generally Rodriques v. Members Mortgage Company, 226 F.R.D. 147, 150 (D. Ma. 2005); Smilow v. Southwestern Bell Mobile Systems, Inc., 323 F.3d 32, 38 (1st Cir. 2003).

A.      Numerosity.

The first prerequisite requires "a showing that there is a class of persons which is so numerous that joinder of all members is impracticable." See Guckenberger v. Boston University, 957 F.Supp. 306, 325 (D. Ma. 1997). In the present case, it is clear that the class which plaintiffs seek to certify easily runs into the hundreds. Data acquired by the Boston Globe and data reviewed by plaintiffs' counsel during litigation in the case of Bradley, et al. v. City of Lynn, indicates that in large cities and towns throughout Massachusetts, there are hundreds of Black and Hispanic police officers who are eligible for promotion to the position of sergeant. From interviews with named plaintiffs in just the cities of Worcester, Lowell, and Lawrence, and then extrapolating

3

that data to other large cities such as Springfield, Boston, Lynn, Quincy, Haverhill, etc. There are well more than one hundred Black and Hispanic police officers who have taken the police sergeant's examination since 2006 and who have not been reached for hire. Further, that number will increase significantly once the 2008 sergeants exam is given sometime this year.[1]

Since the plaintiffs are seeking injunctive relief with respect to future examinations (requiring such examinations to be valid predictors of job performance in accordance with EEOC guidelines and to minimize disparate impact), many more minority officers would make up the class with respect to prospective relief. Thus, the class would include not only minority police officers who took the 2006 and 2007 sergeant's examinations, but all minority police officers who have an interest in having a non-discriminatory exam in future years.

While it is certainly true that plaintiffs do not as of this date have the exact data on how many minorities took the 2006 and 2007 police sergeant's examination, plaintiffs' counsel is aware that HRD has this information and has already crunched the numbers.[2] Since courts in this district have typically held that a "40-person class is generally found to establish numerosity," see McLaughlin v. Liberty Mutual Insurance Company, 224 F.R.D. 304, 307 (D. Ma. 2004); McAdams v. Massachusetts Mutual Life Insurance Company, 2002 W.L. 1067449 (D. Ma. 2002), it is clear that the class here is sufficient to satisfy numerosity. However, as stated above, should there be any doubt

---

[1] The statewide civil service police sergeant's exam is given once every two years and will thus be given in the spring of 2008.
[2] Counsel for the plaintiffs, Harold L. Lichten, has been informed by Assistant Attorney General Quinan, that the Commonwealth has already analyzed (for disparate impact) the 2006 police sergeant examination numbers.

4

on this question, and should defendants contend otherwise, then the court should not rule until the Commonwealth has furnished this data to plaintiffs.

It is extremely common for federal courts to certify class actions in cases involving disparate impact and/or discrimination challenges to promotional examinations, even where the number of exam takers is less than here.  See, for example, Wilmington Fire Fighters, Local 1590 v. City of Wilmington, 632 F.Supp. 1177 (D. Del. 1986) (certifying a class under Rule 23(b)(2) of "all present or future uniformed employees of the City of Wilmington Fire Department who took the 1984 promotional exam or who are eligible for future promotional exams"); Scott v. City of Anniston, 682 F.2d 1353 (11th Cir. 1982) (certifying class of public works employees who took written promotional examinations); Chicago Fire Fighters Union, Local No. 2 v. City of Chicago, 1990 W.L. 70515 (N.D. Ill.) (certifying class of 260 white males who took 1986 fire lieutenants promotional examination); Majeske v. City of Chicago, 740 F.Supp. 1350 (N.D. Ill. 1990) (agreeing that it was proper under certain conditions to certify class of Caucasian police officers who sat for detectives promotional exam); Allen v. City of Chicago, 2001 W.L. 1548966 (N.D. Ill.) (certifying class of African-American and Hispanic officers who took sergeants promotional exam in August of 1998).

Indeed, a federal court in this district has previously certified an even smaller class challenging the civil service police sergeant's examination in the Boston Police Department.  See Afro-American Police, Inc. v. Boston Police Department, 973 F.2d 18 (1st Cir. 1992), discussed in more detail in Boston Police Superior Officers Federation v. City of Boston, 147 F.3d 13, 15 (1st Cir. 1998).

While it is anticipated that the defendants might argue that the proposed class should only include those minority applicants who would have actually been reached and promoted absent a discriminatory promotional process, this attempted restriction is not proper under relevant case law.  The law is clear that a class seeking prospective relief on a disparate impact discrimination challenge to an examination properly includes all minority applicants who took or will take the challenged discriminatory examination as it was the examination that did not permit them "to compete on an equal footing."  See Texas v. LeSage, 528 U.S. 18, 21 (1999).  Further, the First Circuit has made clear in Donahue v. City of Boston, 371 F.3d 7, 11-12 (1st Cir. 2004) that individuals subjected to a discriminatory hiring process have standing to challenge the process even if the presence of so many other applicants higher on the hiring list would have made it unlikely that those individuals would have been hired anyway.  Accordingly, the proposed class in this case consists of all minorities who took or will take the defendants' civil service police sergeant promotional examination – not those who would have actually been hired, even if it were possible to determine those individuals at the present time.  See Wooden v. Board of Regents of the University System of Georgia, 247 F.3d 1262, 1279 (11th Cir. 2001).  Further, as the U.S. Supreme Court recently summarized in noting the difference between discrimination claims for damages and those for prospective relief:

> A plaintiff who challenges an ongoing race conscious program and seeks forward looking relief need not affirmatively establish that he would receive the benefit in question if race were not considered.  The relevant injury is "the inability to compete on an equal footing."

Texas v. LeSage, 528 U.S. 18, 21 (1999) (quoting Northeastern Florida Association of General Contractors v. Jacksonville, 501 U.S. 656, 666 (1993)).

6

Here, all minority police officers in Massachusetts have the right to take an nondiscriminatory examination under Title VII of the Civil Rights Act of 1964 and M.G.L. ch. 151B, §4. To the extent that the Commonwealth denied them that opportunity, all such applicants have standing to pursue a discrimination claim and all should be counted for numerosity purposes. Indeed, most recently in <u>Bradley, et al. v. City of Lynn</u>, 443 F.Supp.2d 145 (D. Ma. 2006), Judge Saris agreed with plaintiffs' contention that the appropriate class was all minority applicants for the position of fire fighter within the Commonwealth (in civil service towns) and not just those who were ultimately hired. (Annexed hereto as Exhibit A.) For all of these reasons, plaintiffs satisfy the numerosity requirement of Rule 23.

B.    <u>Commonality</u>.

It is not anticipated that the defendants will contest the issue of commonality. This requirement "is satisfied if common questions of law or fact exist and class members claims are not in conflict with one another." See <u>Mack v. Suffolk County</u>, 191 F.R.D. 16, 22 (D. Ma. 2000). The commonality requirement "does not require that class members' claims be identical" and "a single common legal or factual issue can suffice." <u>Id</u>. Here, the class sought to be certified asserts the same basic legal claim, indeed, the claim is substantially identical. Each class member is a current Black or Hispanic police officer who took the 2006 civil service police sergeant's examination administered by HRD or will take the 2008 examination. The one legal issue to be tried on the question of liability is whether or not this promotional examination has disparate impact on minority candidates and if so, whether it has been validated as job related as required

by federal law, EEOC guidelines, and state law.  See generally Castro v. Beecher, 365 F.Supp. 655 (D. Ma. 1973); see also Bradley, et al. v. City of Lynn, 443 F.Supp.2d 145 (2006).  In order for the plaintiffs to prevail in this case, they must establish these two propositions to prevail on liability.  These two showings (1) that the sergeant's promotional examination has a disparate impact on minorities; and (2) that it has not been shown to be valid under appropriate legal standards, are issues that are identical for each class member.  Since the class members and named plaintiffs cannot prevail without this showing, plaintiffs easily meet the commonality requirement.

C. Typicality.

This requirement is similar to commonality and is also "not highly demanding" because "the claims only need to share the same essential characteristics, and need not be identical."  Payne v. Good Year Tire, 216 F.R.D. 21, 24-25 (D. Ma. 2003).  Whereas here, "the allegations of the individual named plaintiffs closely track the broadly framed claims of the class" that typicality requirement is easily satisfied.  Id.  As described above, the named plaintiffs' claims clearly involve questions of law and fact typical of the majority of similarly situated class members, and therefore the typicality requirement is satisfied.

D. Adequate Representation.

Finally, the named plaintiffs clearly meet the requirement that the unnamed plaintiffs are adequately represented.  This prerequisite is satisfied when the named plaintiffs can "demonstrate that their interests will not conflict with those of the class

members and that their counsel is qualified, experienced, and able to vigorously conduct the proposed litigation." Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985); Mack v. Suffolk County, supra. at 23.

Here, with respect to the issue of liability, there is no conflict between the named plaintiffs and the unnamed class members, since the named plaintiffs' claims are the same which they assert on behalf of similarly situated candidates for the position of police sergeant. As stated above, the legal and factual issues to be tried revolve around whether the sergeant's examination for police officer in the Commonwealth violates either Title VII of the Civil Rights Act of 1964 or M.G.L. ch. 151B.

Moreover, plaintiffs' counsel will pursue this action vigorously and are committed to obtaining appropriate remedies on behalf of all class members. Indeed, the claims of the plaintiffs here are being represented by the law firm of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, a well-known employment rights and class action law firm. The law firm of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan has significant experience in employment discrimination litigation, particularly as it respects police and fire fighter issues. Most recently, plaintiffs' counsel successfully represented a class consisting of minority fire fighter applicants in the Commonwealth of Massachusetts. See Bradley, et al. v. City of Lynn, 443 F.Supp.2d 145 (2006). Following that success, plaintiffs' counsel successfully negotiated a settlement in a companion case involving a class of minority police officer applicants. Plaintiffs' counsel has also been successful in litigating other police officer discrimination classes. See DeLeo, et al. v. City of Boston, Civil Action No. 03-12538-PBS (D. Ma. 2004), and Quinn, et al. v. City of Boston, 35 F.3d 18 (1st Cir. 2003).

In addition, plaintiffs' counsel, Attorney Shannon Liss-Riordan, is a class action specialist who has litigated dozens of class actions, including three cases that went to trial and all resulted in verdicts for the plaintiff class.[3] She has also achieved numerous successes in summary judgment and in settlement of class action cases, as well as significant rulings on class issues, such as in Skirchak, et al. v. Dynamics Research Corporation, ___ F.3d ___, 2007 WL 4098823 (1st Cir. Nov. 19, 2007) (class action waiver in arbitration agreement was invalid as unconscionable); Morton's Restaurant Group v. Mark Johnson, et al., (now pending as Civ. Action 07-11808, D. Mass.) (national class certified for minimum wage tip credit violations). She is an active plaintiffs' counsel in national multi-district litigation challenging FedEx Ground's classification of its delivery drivers as independent contractors, MDL-1700 – In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II). Attorney Liss-Riordan speaks frequently at local and national conferences as an expert on class actions and employment litigation.

Plaintiffs' counsel would also note that this action is also being brought by the Massachusetts Hispanic Law Enforcement Association, which represents Hispanic police officers throughout the Commonwealth. It is also believed that MAMLEO, the Massachusetts Association of Minority Law Enforcement Officers, will also be intervening in this case. MAMLEO has been granted intervention status in other similar cases. See Boston Police Superior Officers Federation v. City of Boston, supra, at 15.

---

[3]  Bradley, et al. v. City of Lynn, et al., 443 F.Supp. 2d 145 (D. Mass. 2006) (with Harold Lichten); Calcagno, et al. v. High Country Investors, Inc. d/b/a Hilltop Steak House, Mass. Super. Ct. (Essex County, No. 03-0707) (July 2006); Benoit, et al. v. The Federalist, Inc., Mass. Super. Ct. (Suffolk County, No. 04-3516) (Dec. 2007).

10

III. THE PLAINTIFFS SATISFY THE REQUIREMENTS FOR A RULE 23(b)(2) CLASS.

In addition to meeting the four requirements above, the proposed class must also fit into one of the categories set forth in Federal Rule of Civil Procedure 23(b). In this case, plaintiffs clearly meet the requirements of Rule 23(b)(2) because the defendant has "acted or refused to act in a manner generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." See Guckenberger, 957 F.Supp. at 326. In Bradley, et al. v. City of Lynn, supra, the court certified the class to proceed under Rule 23(b)(2) since the main relief sought by the plaintiffs was injunctive in nature, declaring that the firefighter's exam was invalid, requiring a validated exam, and providing ancillary relief in the form of hiring to appropriate class members. (Exhibit A) Indeed, the advisory committee notes to the 1966 amendments to Rule 23 provide that cases in the field of civil rights "against parties charged with unlawful, class-based discrimination are prime examples of cases certifiable under Rule 23(b)(2)." Moreover, the fact that ancillary relief in the form of back pay may ultimately be part of the relief awarded, does not negate that the action is appropriately certifiable under Rule 23(b)(2). See Scott v. City of Anniston, supra, at 1358. ("The fact that damages in the form of back pay was also sought is not inconsistent with the maintenance of a Rule 23(b)(2) class action").

IV. CONCLUSION.

For the reasons set forth herein, the court should granted the requested motion for class certification.

Respectfully submitted,

PEDRO LOPEZ, ABEL CANO,
KEVIN SLEDGE, CHARLES DEJESUS,
RICHARD BROOKS, ROBERT ALVAREZ,
MARISOL NOBREGA, SPENCER TATUM,
THE MASSACHUSETTS HISPANIC LAW
ENFORCEMENT ASSOCIATION,
INDIVIDUALLY AND ON BEHALF OF A
CLASS OF INDIVIDUALS SIMILARLY
SITUATED,

By their attorneys,

Dated:  January 15, 2008

s/Harold L. Lichten_____
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO #640716
Leah M. Barrault, BBO # 661626
Pyle, Rome, Lichten, Ehrenberg
      & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

Cindy/legal/Harold/Promotional Exam/memo of law re motion for class certification