UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LAWRENCE, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 07-11693-JLT |

**STATE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2)**

The State defendants[1] oppose plaintiffs' motion under Fed. R. Civ. P. 23(b)(2) to certify this lawsuit to proceed as a class action. The proposed class is overbroad in that it includes individuals whose claims are not ripe and whose interests cannot be fairly and adequately represented by the named plaintiffs in this lawsuit. Further, when the class is defined properly, plaintiffs cannot show that joinder of all class members would be impracticable. Accordingly, class certification is inappropriate, and plaintiffs' motion should be denied.

**ARGUMENT**

"The class action device [is] an exception to the usual rule that litigation is conducted by and on behalf of the named parties only." General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 155 (1982). Class certification has serious implications, as a class member is bound by the judgment for res judicata purposes. Reppert v. Marvin Lumber & Cedar Co., 359 F.3d 53, 56 (1st Cir. 2004).

---

[1] Commonwealth of Massachusetts and Paul Dietl, in his capacity as Chief Human Resources Officer of the Human Resources Division ("HRD").

Given the consequences of a class proceeding, several prerequisites must exist for certification to be appropriate. First, the proposed class must be susceptible of precise definition. 5 Moore's Federal Practice § 23.21[1] (3d ed. 2007); see Crosby v. Social Sec. Admin., 796 F.2d 576, 580 (1st Cir. 1986) (class cannot be certified unless it is administratively feasible to determine whether a given individual is a member). Second, under Rule 23(a), the plaintiff must satisfy the requirements of numerosity, commonality, typicality, and adequacy of representation:

> One or more members of a class may sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.[2]

Fed. R. Civ. P. 23(a). Finally, to certify a class under Rule 23(b)(2), the plaintiff must establish that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2).

The named plaintiff bears the burden of showing that all of these requirements are met. Swack v. Credit Suisse First Boston, 230 F.R.D. 250, 257 (D. Mass. 2005). Because of the serious consequences of certification, the plaintiff's burden is a heavy one, and the prerequisites to a class action cannot be presumed. General Tel., 457 U.S. at 161. Rather, courts must engage in a "rigorous analysis of the prerequisites established by Rule 23 before certifying a class."

---

[2] As the Supreme Court has observed, the commonality, typicality, and adequacy-of-representation requirements tend to merge and are all related to "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." General Tel., 457 U.S. at 157 n.13; see 5 Moore's Federal Practice § 23.23[6] (requirements all hinge on whether named plaintiffs' claims and class claims are "so similar . . . that the plaintiff will fairly and adequately represent the interests of the putative class"). Stated differently, these requirements effectively "'limit the class claims to those fairly encompassed by the named plaintiff's claims.'" General Tel., 457 U.S. at 156.

Smilow v. S.W. Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003).  Courts must also exercise their "power to test disputed premises early on if and when the class action would be proper on one premise but not another."  Tardiff v. Knox County, 365 F.3d 1, 4-5 (1st Cir. 2004).

Here, plaintiffs propose a class that would consist of:

> All Black and Hispanic police officers within the Commonwealth of Massachusetts who are employed in cities and towns covered by the state civil service law, M.G.L. ch. 31, and who have taken the 2006 and 2007 police sergeant promotional examination administered by defendant [HRD] and who have not been reached for promotion, or who will take such examination in the future.

Third Amended Compl. ("Compl.") ¶ 22.  This Court should decline to certify this proposed class for a number of reasons.  First, the class cannot include "future" test-takers because their claims are not ripe and because "future" test-takers cannot be identified with precision.  Second, the class cannot include 2007 test-takers because none of the named plaintiffs took the 2007 examination and they therefore do not have standing to represent the interests of those individuals.  Third, the class cannot include officers who are employed in municipalities other than those named in this suit because the plaintiffs cannot fairly and adequately represent the interests of those individuals.  Fourth, Hispanic and Black officers cannot be combined into one class, where plaintiffs have offered no proof that the two groups are similarly situated and where the evidence indicates that their interests are in fact not the same.  Finally, when the class is defined properly, plaintiffs cannot show that joinder of all the class members would be impracticable.

**I.      THE PROPOSED CLASS IMPROPERLY INCLUDES INDIVIDUALS WHO WILL TAKE THE EXAMINATION "IN THE FUTURE."**

**A.      <u>Any Claims Purporting to Challenge Future Examinations Are Not Ripe.</u>**

Plaintiffs cannot include "future" test-takers in their proposed class because any claims challenging the 2008 examination or later examinations are not ripe for adjudication. A claim is not ripe for review "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." <u>City of Fall River, Mass. v. Fed. Energy Regulatory Comm'n</u>, 507 F.3d 1, 6 (1st Cir. 2007) (quotation marks omitted). Here, as counsel for plaintiffs are aware, HRD has already taken significant steps, at substantial cost, to devise a new state-of-the-art sergeant's promotional examination. <u>See</u> Affidavit of Sally McNeely ("McNeely Aff.") ¶ 3 (attached as Exh. A). This new examination will be validated under the EEOC Guidelines and will be administered on the next testing date in October 2008. <u>See</u> <u>id.</u> ¶¶ 2, 4. The process is still in its initial stages, however; although a vendor has been selected to develop the examination, the exam's contents have yet to be determined. <u>See</u> <u>id.</u> ¶ 3. In these circumstances, any claim purporting to challenge the 2008 examination would be premature because the test-creation process is ongoing and it is unknown what the contents of the exam will be, how minorities will score, and what the impact will be on their opportunities for promotion. <u>See</u> <u>City of Fall River</u>, 507 F.3d at 6 (doctrine of ripeness "is designed to prevent courts from 'entangling themselves in abstract disagreements over administrative policies' and from improperly interfering in the administrative decision-making process"). "Future" test-takers cannot therefore be included in the class because they do not have a justiciable claim. <u>See</u> <u>Bremiller v. Cleveland Psychiatric Inst.</u>, 898 F. Supp. 572, 579 (N.D. Ohio 1995) (class cannot include

4

"future employees" whose claims are not ripe); Strong v. Arkansas Blue Cross & Blue Shield, Inc., 87 F.R.D. 496, 508 (D. Ark. 1980) (similar).

### B. The Proposed Class Is Not Susceptible of Precise Definition.

"Future" test-takers should also be excluded from the class because they cannot be precisely identified. Plaintiffs must define "a cognizable class defined by stable and objective factors." Kent v. SunAmerica Life Ins. Co., 190 F.R.D. 271, 278 (D. Mass. 2000). Otherwise, certification should be denied because the "class membership is not ascertainable." Id.

Here, plaintiffs seek to include in the class "all minority police officers who have an interest in having a non-discriminatory exam in future years." Pls.' Mem. at 4. A class composed of these potential "future" test-takers cannot be certified, however, because those individuals cannot be precisely identified. See Key v. Borough of Darby, No. Civ. A. 00-888, 2002 WL 32348333, at *1 (E.D. Pa. May 8, 2002) (class composed of individuals who "may reside in the Borough in the future" was too "amorphous" to be certified); Moore v. Western Pa. Water Co., 73 F.R.D. 450, 453 (W.D. Pa. 1977) ("black persons who might be employed by the defendant company at some time in the future" was an "amorphous, phantom group, incapable of identification") (quotation marks omitted).[3] Not all police officers choose to sit for promotional examinations, and it would be impossible to predict who among the thousands of incumbent police officers will elect to take a future exam. Further, some applicants are rejected before they even take the examination because they do not meet certain eligibility requirements. See McNeely Aff. ¶ 5.

---

[3] See also Miller v. Krawczyk, 414 F. Supp. 998 (E.D. Wisc. 1976) (similar); Edwards v. Schlesinger, 377 F. Supp. 1091, 1093 (D.D.C.), rev'd on merits sub nom, Waldie v. Schlesinger, 509 F.2d 508 (D.C. Cir. 1974) (similar).

A class may also not be certified where the members can only be identified by reference to subjective criteria, such as a member's state of mind. E.g., Zapka v. The Coca-Cola Co., No. 99 CV 8238, 2000 WL 1644539, at *3 (N.D. Ill. Oct. 27, 2000) ("Plaintiff's initial proposed class fails to adequately identify a class because membership in the class is contingent on the state of mind of the prospective members."); see 5 Moore's Federal Practice § 23.21[3][b].  That is the case here.  To identify "all minority police officers who have an interest in having a non-discriminatory exam in future years," Pls.' Mem. at 4, would require the Court to look into the state of mind of each potential class member.  The inclusion of "future" test-takers therefore renders plaintiffs' proposed class too indefinite for certification.

## II. THE NAMED PLAINTIFFS DO NOT HAVE STANDING TO REPRESENT THE INTERESTS OF INDIVIDUALS WHO TOOK THE 2007 EXAMINATION.

The proposed class includes minority police officers who took either the 2006 or the 2007 promotional examination.  Compl. ¶ 22.  None of the named plaintiffs, however, took the 2007 examination, which was not administered in the communities in which they are employed as police officers (i.e., Lawrence, Lowell, Methuen, and Worcester).  See McNeely Aff. ¶ 6.  Plaintiffs therefore do not have standing to challenge the 2007 examination and, consequently, cannot fairly and adequately represent the interests of individuals who did take that exam and might claim they have suffered injury as a result.  See East Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403-04 (1977) (lower court improperly certified class where named plaintiffs "could have suffered no injury as a result of the allegedly discriminatory practices, and they were, therefore simply not eligible to represent a class of persons who did allegedly suffer injury"); Tucker v. Berkshire Life Ins. Co., No. 98-12575, 1999 WL 329727, at *5 (D. Mass.

May 19, 1999) (plaintiff "cannot maintain class action claims . . . which he does not have standing to assert as an individual").

Moreover, even if they had standing, plaintiffs have failed to show that class claims concerning the 2007 exam are "fairly encompassed by" their own claims. General Tel., 457 U.S. at 156. The 2006 and 2007 examinations are distinct; they contain no common questions and were administered in entirely different sets of communities, each of which has its own hiring needs. See McNeely Aff. ¶ 7. Thus, plaintiffs have failed to show that the claims are so similar that class certification is warranted. See, e.g., Diaz v. Electronics Boutique of America, Inc., No. 04-CV-0840E, 2005 WL 2654270, at *7 (W.D.N.Y. Oct. 17, 2005) (denying class certification where named plaintiff's claims and class claims arose from different course of events).

### III. THE NAMED PLAINTIFFS CANNOT FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF INDIVIDUALS WHO ARE EMPLOYED BY MUNICIPALITIES OTHER THAN THE NAMED MUNICIPAL DEFENDANTS.

The only municipalities that are named as defendants in this case are Lawrence, Lowell, Methuen, and Worcester. See Compl. ¶¶ 14-21. Yet plaintiffs propose certification of a class that would include "[a]ll Black and Hispanic police officers within the Commonwealth of Massachusetts who are employed in cities and towns covered by the state civil service law." Id. ¶ 22. Plaintiffs, however, cannot fairly and adequately represent police officers who are employed in any town other than the named municipal defendants. As part of their theory of liability, plaintiffs assert that, "[a]lthough any municipality covered by the civil service law . . . has the right . . . to conduct its own alternative police sergeant promotional examination which could be professionally validated and have significantly less discriminatory impact[,] in virtually all civil service municipalities which are covered by this lawsuit, the HRD examination was used

without modification." Id. ¶ 32.  Plaintiffs cannot bring this claim on behalf of putative class members who are located in municipalities that are not named as defendants in this suit. Moreover, even were plaintiffs to try to join those communities now, this case could still not proceed as a class action because, for each named defendant, there must be at least one named plaintiff who can assert a claim directly against that defendant.  See In re Eaton Vance Secs. Litigation, 219 F.R.D. 38, 41 (D. Mass. 2003).[4]

Moreover, if plaintiffs prevail on the merits of their claims, they could not fairly and adequately represent the putative class at the remedial stage.  Although HRD administers the statewide promotional exam, the municipalities are responsible for making the ultimate promotion decisions and, in doing so, may consider not only an individual's standing on a certification list but also job performance, education, specialized skills, criminal history, and disciplinary history.  See McNeely Aff. ¶ 8.  Further, they may bypass a candidate in favor of someone with a lower score by submitting a written statement of reasons to HRD.  See id. ¶ 9; G.L. c. 31, § 27.  In addition, all other aspects of employment—such as wages, benefits, training, transfers, work assignments, work schedules, evaluations, discipline, and termination—are controlled by the respective cities and towns.  See id. ¶ 10.

Thus, in order to obtain "compensatory relief, including back pay and other damages," for the entire class, Compl. at 9,[5] the various municipalities, who are in charge of promotion

---

[4]  Accord Central States S.E. & S.W. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 504 F.3d 229, 241 (2nd Cir. 2007); Murray v. U.S. Bank Trust Nat. Ass'n, 365 F.3d 1284, 1288 n.7 (11th Cir. 2004); James v. City of Dallas, Tex., 254 F.3d 551, 563 (5th Cir. 2001); Chorosevic v. MetLife Choices, No. 4:05-CV-2394, 2007 WL 2159475, at *6 (E.D. Mo. Jul. 26, 2007); In re Franklin Mut. Funds Fee Litigation, 388 F. Supp. 2d 451, 461 (D.N.J. 2005).

[5]  The only other relief requested by plaintiffs is "injunctive and declaratory relief requiring the defendants to devise new job-related, non-discriminatory examinations." Id.  This request is now moot because, as mentioned above, HRD is already in the process of creating and implementing

decisions and wages, must be joined in this suit. See Fed. R. Civ. P. 19(a) (joinder of person required where, "in the person's absence complete relief cannot be accorded among those already parties"); EEOC v. Unión Independiente de la Autoridad de Acueductos, 279 F.3d 49, 52 (1st Cir. 2002) (observing without disapproval that EEOC had named governmental employer as Rule 19 defendant "to ensure that complete relief, including [the employee's] reinstatement, was available"); cf. Townsend v. Exxon Co., U.S.A., 420 F. Supp. 189, 190 n.1 (D. Mass. 1976) (in employment-discrimination case, union was necessary party where plaintiff was seeking reinstatement "with retroactive seniority"). The named plaintiffs, however, only have standing to assert claims against the cities in which they are employed, i.e., Lawrence, Lowell, Methuen, and Worcester, and cannot therefore fairly and adequately represent the vast majority of the putative class. To hold otherwise would potentially bind the putative class members to a judgment that does not afford complete relief to anyone other than the named class representatives.

Further, at a minimum, individuals employed in municipalities that used alternative testing procedures in 2006 or 2007 should not be included in the class. Specifically, two civil-service municipalities—Salem and Leominster—have used other testing components, such as assessment centers, in addition to the written exam administered by HRD. See McNeely Aff. ¶ 11. In those communities the written examination was weighted differently than in communities, such as those named in this suit, where no alternative testing procedures were used. See id. ¶ 12. Claims challenging the promotional procedures used in those communities would therefore involve significantly different factual issues than the named plaintiffs' claims.

---

a new, state-of-the-art exam that will be validated under the EEOC Guidelines.

Certification of the class as proposed is therefore inappropriate. See General Tel., 457 U.S. at 156.

## IV.     HISPANIC AND BLACK OFFICERS CANNOT BE GROUPED INTO ONE CLASS.

Hispanic and Black officers cannot be combined as one class because plaintiffs have offered no proof that the two groups are similarly situated. See Swack, 230 F.R.D. at 257 (plaintiff's burden to establish that requirements for class certification are met). Moreover, the evidence shows that the interests of the two groups in fact conflict. In both 2006 and 2007, Hispanic test-takers passed the promotional exams at an appreciably higher rate than Black test-takers. See McNeely Aff. ¶ 13. Specifically, in 2006, Hispanic test-takers passed at a rate of 66%—or 88% of the Caucasian pass rate of 75%—and in 2007 Hispanic test-takers passed at a rate of 68%, exactly the same percentage rate as Caucasians. See id. ¶ 14. Thus, Hispanic officers do not have a claim of discrimination under the so-called four-fifths rule.[6] In contrast, Black test-takers passed the examinations at rates of 54% and 41% in 2006 and 2007, respectively. See id. ¶ 15. Because of these disparities, the named Hispanic plaintiffs cannot represent a class that includes Black police officers. The Hispanic plaintiffs' claims of adverse impact are tenuous at best, and so to allow them to represent a class of Black officers would present "a very real possibility that the claims of the class members who had suffered the most

---

[6] The four-fifths rule, which is a "rule of thumb" derived from the EEOC's Guidelines, provides that

> [a] selection rate for any race . . . which is less than four-fifths (or eighty percent) of the rate for the group with the highest rate will generally be regarded by the Federal enforcement agencies as evidence of adverse impact, while a greater than four-fifths rate will generally not be regarded by Federal enforcement agencies as evidence of adverse impact.

29 C.F.R. § 1607.4(D).

because of any racially or ethnically discriminatory policies on the part of defendant would be asserted with less vigor than they deserve." Bartelson v. Dean Witter & Co., 86 F.R.D. 657, 669 (E.D. Pa. 1980); see Pagan v. Dubois, 884 F. Supp. 25, 28 (D. Mass. 1995) ("[t]he standard of fair and adequate representation requires that plaintiffs have no interests antagonistic to those of the class").[7] Accordingly, because Hispanic and Black officers are not similarly situated, this Court should deny certification of the class proposed by plaintiffs. See Pagan, 884 F. Supp. at 28 (declining to certify class where "potential conflict" existed between class members of different Latino cultures).

## V. WHEN DEFINED PROPERLY, THE PUTATIVE CLASS DOES NOT MEET THE NUMEROSITY REQUIREMENT.

In light of the above discussion, plaintiffs can, at best, seek to certify two subclasses: (1) Hispanic police officers in Lawrence, Lowell, Methuen, and Worcester who took the 2006 promotional examination; and (2) Black police officers in Lawrence, Lowell, Methuen, and Worcester who took the 2006 promotional examination.[8] Neither of these classes satisfies the

---

[7] See also Majeske v. City of Chicago, 740 F. Supp. 1350, 1357 (N.D. Ill. 1990) (in action challenging police promotional exam, black, Hispanic, and white candidates must be separated into three subclasses because of possibility of antagonistic claims); Black Grievance Comm. v. Philadelphia Elec. Co., 79 F.R.D. 98, 110 (E.D. Pa. 1977) (black employees alleging discrimination "possess[ed] the same interest and suffer[ed] the same injury as only the black class members who experienced the alleged racial discrimination," and they therefore could not represent Spanish-surnamed employees). Cf. Gaines v. Boston Herald, Inc., 998 F. Supp. 91, 112-13 (D. Mass. 1998) (black applicant for employment could represent class that included both black and Spanish-surnamed persons because the allegedly discriminatory practice "made no meaningful distinction, either in its motivation or its effect, between members of different minority groups"; however, subclasses would be appropriate if evidence were later to reveal "significantly different treatment of [the] two groups and of possibly conflicting interests").

[8] The State defendants assume for purposes of this opposition only that the putative class members in these four towns are similarly situated but reserve the right to re-raise the issue should the evidence reveal that assumption to be incorrect. See Fed. R. Civ. P. 23(c)(1)(C) (order certifying class "may be altered or amended before final judgment"); Barnes v. The American Tobacco Co., 161 F.3d 127, 140 (3d Cir. 1998) ("Under Rule 23(c)(1), District Courts

11

numerosity requirement. As plaintiffs state in their motion, numerosity is ordinarily established if the class exceeds forty members. See Pls.' Mem. at 4. In the four named municipalities, however, there were only twenty Hispanic police officers and eleven Black police officers who took the 2006 promotional examination. See McNeely Aff. ¶ 16.[9]

Moreover, the First Circuit has identified two factors to be considered in the numerosity analysis, and both strongly support denial of class certification in this case. See Andrews v. Bechtel Power Corp., 780 F.2d 124, 131 (1st Cir. 1985). First, the court must consider whether all the members of the class are from the same geographic area. Id. at 131-32. In Andrews, the First Circuit held that, even though the class potentially consisted of 49 members, the district judge properly denied class certification because all the members resided in the same geographic area in southeastern Massachusetts. Id. at 132.[10] Similarly here, by law, all the putative class members must reside in or within ten miles of the same four towns in Massachusetts, and so they could easily be joined in this case. See G.L. c. 31, § 58 (residency requirement).

Second, the court must consider whether the class members can be "easily identified." Andrews, 780 F.2d at 132. All the putative class members who took the 2006 promotional

---

are required to reassess their class rulings as the case develops.").

[9] Specifically, Lawrence had eight Hispanic takers and two Black takers; Lowell had five Hispanic takers and two Black takers; Methuen had four Hispanic takers and zero Black takers; and Worcester had three Hispanic takers and seven Black takers. See McNeely Aff. ¶ 16.

[10] See also Fewlass v. Allyn & Bacon, Inc., 83 F.R.D. 161, 165 (D. Mass. 1979) (denying certification in absence of allegation that class members did not all reside within a reasonable distance of the court); Garcia v. Gloor, 618 F.2d 264, 267 (5th Cir. 1980) (denying certification where identity and addresses of potential class members were readily ascertainable, and all lived in a compact geographical area); Hum v. Dericks, 162 F.R.D. 628, 634 (D. Haw. 1995) (denying certification where most of the potential class members resided in the state); Independent Sch. Dist. #89 v. Bolain Equip. Inc., 90 F.R.D. 245, 248 (W.D. Okla. 1980) (similar); United Steelworkers of Am. v. Jarl Extrusions, Inc., 405 F. Supp. 302 (E.D. Tenn.) (similar), aff'd, 527 F.2d 648 (6th Cir. 1975).

examination are named on, and therefore "easily identified" from, lists created by HRD. Plaintiffs have thus failed to demonstrate that joinder would be impracticable. See Pina v. City of East Providence, 492 F. Supp. 1240, 1249 (D.R.I. 1980) (finding numerosity requirement not met in case challenging firefighter examination as discriminatory "[b]ecause all minority applicants who took the examination or who took and passed the examination and were accordingly ranked [were] identifiable").

Accordingly, when the putative class is properly defined, plaintiffs cannot show that joinder of all the members would be impracticable. Plaintiffs have therefore failed to meet their burden of establishing numerosity, and so class certification is inappropriate.

## CONCLUSION

For the above reasons, this Court should deny plaintiffs' Motion for Class Certification Pursuant to Fed. R. Civ. P. 23(b)(2).[11]

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS and PAUL DIETL, in his capacity as Chief Human Resources Officer of the Human Resources Division,

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

 /s/ Sookyoung Shin
Sookyoung Shin, BBO # 643713
Assistant Attorney General
One Ashburton Place, Room 2019
Boston, MA 02108-1698
Dated: February 19, 2008            (617) 727-2200, ext. 2052

---

[11] In the event this Court certifies subclasses, the State defendants reserve the right to challenge the subclasses on grounds of numerosity or any of the other grounds set forth in Rule 23(a).

## CERTIFICATE OF SERVICE

     I hereby certify that the above document will be served on February 19, 2008, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

                                       /s/ Sookyoung Shin
                                       Sookyoung Shin, BBO # 643713
                                       Assistant Attorney General