UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEDRO LOPEZ, et al.,

           Plaintiffs,

           v.                        CIVIL ACTION
                                            NO. 07-11693-JLT

CITY OF LAWRENCE, MASSACHUSETTS,
et al.,

           Defendants.

## AFFIDAVIT OF SALLY McNEELY

I, Sally McNeely, do hereby state and depose as follows:

1. I have been employed by the Human Resources Division of the Commonwealth of Massachusetts ("HRD") since May 1, 1983. My current title is "Director, Civil Service Unit" at HRD and I have held this position since 2003. The Civil Service Unit is responsible for, among other things, the administration, marking, and/or oversight of all civil service police promotional examinations given annually in Massachusetts. The statements I make under oath below are based upon my personal knowledge or records maintained by HRD.

2. Beginning in 2008, HRD will create and administer, at substantial cost, a new promotional examination for the position of police sergeant. This new exam will be state-of-the-art and will be validated pursuant to the Equal Employment Opportunity Commission ("EEOC") Guidelines.

3. HRD has signed a contract with an expert in industrial psychology, Rick R. Jacobs, Ph.D, to create and validate the new examination. The process is still in its initial stages, however, and the contents of the new exam have not yet been determined.

4. Once the new examination is created, HRD will administer it on the next testing date in October 2008.

5. Before HRD administers the sergeant's promotional examination, it examines the eligibility of each applicant. To be eligible to take the examination, the applicant must

    have served a certain amount of time, which differs by municipality, after appointment from the civil-service list in the next lower title, i.e. police officer.

6. The 2007 promotional examination was not administered in the towns of Lawrence, Lowell, Methuen, or Worcester. None of the named plaintiffs in this case took the 2007 examination.

7. The 2007 promotional examination had no questions in common with the 2006 promotional examination. Moreover, entirely different sets of communities participated in the 2006 and 2007 examinations.

8. When a municipal appointing authority notifies HRD that it intends to make promotions, HRD will issue it a certification list. The municipality is responsible for making the ultimate promotion decision and, in doing so, may consider not only an individual's standing on a certification list but also job performance, education, specialized skills, criminal history, and disciplinary history.

9. Massachusetts law provides that "[i]f an appointing authority makes [a] promotional appointment from a certification of any qualified person other than the qualified person whose name appears highest, and the person whose name is highest is willing to accept such appointment, the appointing authority shall immediately file with [HRD] a written statement of his reasons for appointing the person whose name was not highest." M.G.L. c. 31, § 27. For example, a request by an appointing authority to bypass a police sergeant candidate because of the police officer's arrest or pending criminal charges against him will be approved by HRD as sound and sufficient. A history of disciplinary problems may in certain circumstances also justify a bypass.

10. HRD does not pay, train, transfer, assign work to, set work schedules for, evaluate, promote, discipline, or terminate municipal police officers. These aspects of employment are controlled by the respective municipalities.

11. Municipalities may enter into delegation agreements with HRD in regard to the promotional process. Certain communities, pursuant to such a delegation agreement, have used other testing components, such as assessment centers, in addition to the written exam administered by HRD. Those communities conducting assessment centers for police sergeant in 2007 include Leominster and Salem.

12. In those communities the written exam administered by HRD was weighted differently than it would be if no additional testing components were used. The written exam is generally weighted 80%, and the education and experience rating is weighted 20%. In the 2007 police sergeant promotional exams for Leominster and Salem, the written exam was weighted 40%, the assessment center was 40%, and the education and experience rating was 20%.

13. In both 2006 and 2007, Hispanic test-takers passed the promotional exams at a much higher rate than Black test-takers.

14. In 2006, Hispanic test-takers passed at a rate of 88% of that of the Caucasian pass rate. Slightly less than 75% of Caucasian test-takers passed the 2006 exam and 66% of Hispanics passed that test. This means that almost 4.5 Hispanics passed, on a percentage basis, for every five Caucasians who passed, easily satisfying the so-called "4/5ths rule." In 2007, Hispanic test-takers passed the sergeant's exam at exactly the same percentage rate as Caucasians. In each group, 68% passed the 2007 exam.

15. In contrast, Black test-takers passed the exam at rates of 54% and 41% in 2006 and 2007, respectively.

16. In 2006, twenty Hispanic police officers and eleven Black police officers sat for the promotional exam in the towns of Lawrence, Lowell, Methuen, and Worcester. Specifically, Lawrence had eight Hispanic takers and two Black takers; Lowell had five Hispanic takers and two Black takers; Methuen had four Hispanic takers and zero Black takers; and Worcester had three Hispanic takers and seven Black takers.

I, Sally McNeely, declare under the penalties of perjury that the foregoing, to the best of my knowledge, is true and correct. Executed on this 19th day of February 2008.

*Sally A. McNeely*
Sally McNeely