UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ; ABEL CANO; KEVIN SLEDGE; CHARLES DEJESUS; RICHARD BROOKS; ROBERT ALVAREZ; MARISOL NOBREGA; SPENCER TATUM; THE MASSACHUSETTS HISPANIC LAW ENFORCEMENT ASSOCIATION; SHUMEAND BENFOLD; ANGELA WILLIAMS-MITCHELL; GWENDOLYN BROWN; LYNETTE PRAILEAU; INDIVIDUALLY AND ON BEHALF OF A CLASS OF INDIVIDUALS SIMILARLY SITUATED<br>PLAINTIFFS | |
| v. | CASE NO. 07-CA-11693-JLT |
| CITY OF LAWRENCE, MASSACHUSETTS; CITY OF METHUEN, MASSACHUSETTS; COMMONWEALTH OF MASSACHUSETTS; PAUL DIETL, IN HIS CAPACITY AS PERSONNEL DIRECTOR FOR THE COMMONWEALTH OF MASSACHUSETTS, HUMAN RESOURCES DIVISION; JOHN MICHAEL SULLIVAN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LAWRENCE, MASSACHUSETTS; WILLIAM MANZI, III, IN HIS CAPACITY AS MAYOR OF THE CITY OF METHUEN, MASSACHUSETTS; CITY OF LOWELL, MASSACHUSETTS; APPOINTING AUTHORITY FOR THE CITY OF LOWELL, MASSACHUSETTS; CITY OF WORCESTER, MASSACHUSETTS; and MICHAEL O'BRIEN IN HIS CAPACITY AS CITY MANAGER OF THE CITY OF WORCESTER, MASSACHUSETTS, CITY OF BOSTON<br>DEFENDANTS | |

<u>ANSWER OF THE DEFENDANTS, CITY OF LAWRENCE, MASSACHUSETTS, AND JOHN (SIC) MICHAEL SULLIVAN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LAWRENCE TO PLAINTIFFS' FOURTH AMENDED COMPLAINT</u>

Now come the Defendants, City of Lawrence, Massachusetts, and John (sic) Michael Sullivan, in his capacity as Mayor of the City of Lawrence, who do hereby answer the Fourth Amended Complaint of the Plaintiffs, Pedro Lopez, et al, as follows:

## I. INTRODUCTION

1.   The averments contained in Paragraph 1 do not require a response in the affirmative or negative from the Defendants. Nonetheless, to the extent that the averments allege wrongdoing on the part of the Defendants, or to the extent that the averments allege disparity in the treatment of Hispanic or African-American police officers by the City of Lawrence or its Mayor, the averments are denied.

## II. JURISDICTION

2.   The averments contained in Paragraph 2 do not require a response in the affirmative or negative from the Defendants.

## III. PARTIES

3.   The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 3 of the Complaint.

4.   Admitted.

5.   Admitted.

6.   The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 6 of the Complaint.

7.   The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 7 of the Complaint.

8.      The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 8 of the Complaint.

9.      The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 9 of the Complaint.

10.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 10 of the Complaint.

11.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 11 of the Complaint.

12.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 12 of the Complaint.

13.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 13 of the Complaint.

14.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 14 of the Complaint.

15.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 15 of the Complaint, as it relates to the Plaintiff, Lynette Praileau.  Admitted, as to the remaining averments.

16.     Admitted, insofar as Paul Dietl is the Personnel Administrator for the Human Resources Division for the Commonwealth of Massachusetts.  The Defendant is without sufficient information to admit or deny the remaining averments contained in Paragraph 16 of the Complaint.

17.     Admitted, in so far as Michael J. Sullivan (not John Michael Sullivan), is the Mayor of the City of Lawrence, Massachusetts.

18.     Admitted.

19.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 19 of the Complaint.

20.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 20 of the Complaint.

21.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 21 of the Complaint.

22.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 22 of the Complaint.

23.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 23 of the Complaint.

24.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 24 of the Complaint.

25.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 25 of the Complaint.

## IV.  CLASS PLAINTIFFS

22.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 22 of the Complaint, and calls upon the Plaintiff to prove the same.

23.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 23 of the Complaint, and calls upon the Plaintiff to prove the same.

24.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 24 of the Complaint, and calls upon the Plaintiff to prove the same.

25.     The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 25 of the Complaint, and calls upon the Plaintiff to prove the same.

## STATEMENT OF FACTS

26.     The Defendants admit that Pedro Lopez, Kevin Sledge, and Richard Brooks are police officers for the City of Lawrence. The Defendants are unable to admit or deny the remaining averments in Paragraph 26 of the Complaint.

27.     The Defendants admit that Pedro Lopez, Kevin Sledge, and Richard Brooks have been involved as police officers at all relevant times to the Complaint. The Defendants are unable to admit or deny the remaining averments in Paragraph 27 of the Complaint.

28.     Admitted, insofar as all appointments, promotions, suspensions, and removals of patrolmen and superior officers of the Lawrence Police Department are subject to the provisions of Chapter 31 of the Massachusetts General Laws. Competitive examinations for original and promotional appointments are subject to section 59 of M.G.L. c. 31. The City of Lawrence utilizes the Commonwealth of Massachusetts Human Resources Division (HRD) to create, design, and administer the city's police promotional examinations.

29.     Admitted, insofar as the City of Lawrence utilizes the promotional examination as prepared by HRD. Admitted, as to the general description of the promotional

examination, and that promotions are generally based upon candidates receiving the highest scores on the promotional examination.

30. The Defendants are without sufficient information to either admit or deny the averments contained within paragraph 30 of the Complaint.

31. The Defendants deny the averments contained within paragraph 31.

32. Denied, insofar as paragraph 32 contains conclusions of law upon which the Defendants can not answer in the affirmative or the negative. Insofar as a response may be require, the Defendants deny the averments contained within paragraph 32.

33. The Defendants deny the averments contained within paragraph 33 of the Complaint.

34. The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 34 of the Complaint.

35. The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 35 of the Complaint.

36. The Defendants are without sufficient information to either admit or deny the allegations contained within paragraph 36 of the Complaint.

37. The Defendants deny the averments contained within paragraph 37 of the Complaint.

38. Denied.

## COUNT I

The Defendants, City of Lawrence, and Mayor Michael J. Sullivan, deny unlawful disparate impact discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000(e).

## COUNT II

The Defendants, City of Lawrence, and Mayor Michael J. Sullivan, deny unlawful disparate impact discrimination in violation of M.G.L. c. 151B, sec. 4.

**WHEREFORE**, the Defendants City of Lawrence and Michael J. Sullivan request that this Court dismiss this action, with costs to the Defendants.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff's Complaint against the Defendants is frivolous, without any basis in fact and not advanced in good faith and therefore, the Defendants are entitled to attorney's fees, costs and any other sanctions that the Court deems appropriate under the terms and provisions of 42 U.S.C., section 1983.

## THIRD DEFENSE

The Defendants say that its employees' conduct and actions were performed according to and protected by law and/or legal process and therefore the Plaintiffs cannot recover.

## FOURTH DEFENSE

The Defendants say that its employees were privileged in their conduct and that therefore the Plaintiffs cannot recover.

## FIFTH DEFENSE

The Defendants say that its employees were justified in their conduct and acts and are therefore not liable to the Plaintiffs as alleged in the Complaint.

## SIXTH DEFENSE

The Defendants say that, if the Plaintiffs suffered injuries as alleged, such injuries or damages were caused by someone for whose conduct the Defendants are not legally responsible.

## SEVENTH DEFENSE

The Complaint fails to establish that the enjoyment of rights secured by the Constitution, Laws of the United States or the Commonwealth of Massachusetts that was interfered with by the Defendants.

## EIGHTH DEFENSE

The Defendants state that the damages alleged by the Plaintiffs were or are the consequence of conditions or conduct for which the Defendants are not answerable in damages.

## NINTH DEFENSE

The Defendants state that the Plaintiffs lack standing in the matter.

## TENTH DEFENSE

The Plaintiffs have failed to set out a prima facie case of discrimination.

## ELEVENTH DEFENSE

The Plaintiffs have not suffered any injury, and are not persons aggrieved under the law. The promotional examination utilized by the Human Resources Division did not result in a denial of appointment to minority applicants, and did not have an adverse impact on minority applicants.

                Respectfully submitted,
                City of Lawrence, et al
                By their Attorney,

                */s/ James M. Bowers*
                James M. Bowers, Esq.
                Assistant City Attorney
                BBO #. 558759
                Room 306 - City Hall
                200 Common Street
                Lawrence, MA 01840
                (978) 794-5800

Dated: March 20, 2008

## CERTIFICATE OF SERVICE

      I, James M. Bowers, hereby certify that the within **Answer of the Defendants, City Of Lawrence, Massachusetts, and John (Sic) Michael Sullivan, in his Capacity as Mayor of the City of Lawrence**, **to Plaintiffs' Fourth Amended Complaint**, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants.

Signed under the pains and penalties of perjury this 20th day of March, 2008.

                                                    */s/ James M. Bowers*
                                                    James M. Bowers, Esq.