UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LAWRENCE, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 07-11693-JLT |

### STATE DEFENDANTS' SURREPLY TO PLAINTIFFS' MOTION
### FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23(b)(2)

The State defendants[1] submit this surreply in opposition to plaintiffs' motion under Fed. R. Civ. P. 23(b)(2) to certify this lawsuit to proceed as a class action. Plaintiffs' reply (Paper No. 59) suggests that class certification should be more or less automatic in Title VII cases such as this one, involving a challenge to a civil-service promotional exam. The Supreme Court has made clear, however, that a "rigorous analysis" is required before certifying a Title VII class in order to prevent unfairness to class members if the class is defined too broadly. As explained below, under this "rigorous" standard, plaintiffs have failed to meet their burden of showing that certification is appropriate. Because only five municipalities have been named as defendants, there is a significant risk that, were plaintiffs to prevail on the merits, class members will be unfairly bound by a judgment that offers complete relief only to the named representatives. Further, were defendants to prevail, the judgment could be unfair to class members whose interests were not adequately represented in this lawsuit. In addition, there is a significant risk that any remedy this Court may enter will affect the interests of municipalities that have not had

---

[1] Commonwealth of Massachusetts and Paul Dietl, in his capacity as Chief Human Resources Officer of the Human Resources Division ("HRD").

the opportunity to be heard. Plaintiffs' reply does not even address these concerns, and so their motion for class certification should be denied.

## I. COURTS MUST RIGOROUSLY ANALYZE THE REQUIREMENTS FOR CLASS CERTIFICATION, EVEN IN CASES ALLEGING RACIAL DISCRIMINATION UNDER TITLE VII.

Plaintiffs suggest that a class of all recent minority test-takers should be certified in this case simply because certification has been allowed in other cases involving challenges to a written promotional examination. See Pls.' Reply at 3. In support plaintiffs quote the Supreme Court's statement in General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147 (1982), that "suits alleging racial or ethnic discrimination are often by their very nature class suits, involving class-wide wrongs, and . . . common questions of law or fact are typically present." Id. at 157; Pls.' Reply at 2-3. What plaintiffs neglect to mention, however, is that in General Telephone the Supreme Court actually reversed the lower court's class-certification order, holding that the court had erred in "fail[ing] to evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a)." 457 U.S. at 160. The Court reiterated that "a Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Id. at 161 (emphasis added). Otherwise, there would be a serious risk of "unfairness to the class members bound by the judgment if the framing of the class is overbroad." Id.

This Court should therefore reject out of hand plaintiffs' suggestion that class certification should be more or less automatic in cases challenging promotional examinations under Title VII. See Pls.' Reply at 3. In fact, none of the decisions cited by plaintiffs even discuss the issue of class certification. See Mass. Ass'n of Afro-Am. Police v. Boston Police

Dep't, 973 F.2d 18 (1st Cir. 1992) (ripeness); Vulcan Pioneers v. N.J. Dep't of Civil Serv., 625 F. Supp. 527 (D.N.J. 1985) (merits); Countie v. City of Houston, 2002 WL 31016570 (5th Cir. 2002) (challenge to district court's approval of consent decree) (unpublished and non-precedential decision); Waisome v. Port Auth. of N.Y., 948 F.2d 1370 (2nd Cir. 1991) (merits); Wilmington Firefighters Local 1590 v. City of Wilmington, 632 F. Supp. 1177 (D. Del. 1986) (merits).  Moreover, plaintiffs provide no factual (or legal) analysis of these decisions, let alone analogize the facts to those in this case.  Plaintiffs do not mention, for instance, that, with one exception, all of the decisions involved Title VII claims brought against a single governmental defendant.  And the only exception, Vulcan Pioneers, was not a class action.  See Vulcan Pioneers, 625 F. Supp. at 531; Vulcan Pioneers, Inc. v. N.J. Dep't of Civil Serv., 588 F. Supp. 716, 719 (D.N.J. 1984).[2]  Plaintiffs also neglect to mention that, in the First Circuit case, the Boston Police Department had entered into a consent decree in which it had agreed to class certification.  Mass. Ass'n of Afro-Am. Police, 973 F.2d at 19.

Accordingly, these decisions provide scant or no support for plaintiffs' claim that a class action is appropriate here.  Absent any analysis of the circumstances that led to certification in those cases, plaintiffs' argument is essentially that certification should be automatic, which contravenes General Telephone's requirement that the trial court conduct a "rigorous analysis." 457 U.S. at 161.  In a similar vein, plaintiffs' repeated references to the Castro and Beecher lines of cases and Judge Saris's decision in Bradley v. City of Lynn, 443 F. Supp. 2d 145 (D. Mass. 2006), offer no guidance as to whether class certification is proper.  As explained further below,

---

[2]  Vulcan Pioneers was brought by the United States against the New Jersey Department of Civil Service and twelve large cities in the state.  Although certain individuals had initially sought to maintain a class action, they were dismissed from the case for failure to file a timely complaint with the EEOC.  See Vulcan Pioneers, 588 F. Supp. at 719.

plaintiffs fail to provide any meaningful analysis of the class-certification issue in those cases, which are therefore of little value on the question before this Court.

## II. THIS COURT NEED NOT DECIDE THE ORDER IN WHICH CLASS-CERTIFICATION AND STANDING ISSUES SHOULD BE ADDRESSED BECAUSE PLAINTIFFS' MOTION FAILS UNDER A STRAIGHTFORWARD APPLICATION OF RULE 23(a).

This Court does not need to reach the question, raised in plaintiffs' reply, of whether class certification should be decided before questions of standing. See Pls.' Reply at 6-7. Although HRD raised the issue of standing in its opposition, the larger point was that the named plaintiffs could not fairly and adequately represent the interests of individuals who are employed in any town other than the named municipal defendants; these "unrepresented" individuals would include most 2006 test-takers and all 2007 test-takers.[3]  See State Defs.' Opp. at 6-10. Accordingly, as discussed further below, plaintiffs' motion can be denied under a straightforward application of Rule 23(a), regardless of the order in which class-certification and standing issues are addressed.

In any event, plaintiffs are wrong that class certification should be decided before standing. Plaintiffs rely on Judge Young's decision in In re Relafen, 221 F.R.D. 260 (D. Mass. 2004), which in turn cites the Supreme Court's decision in Ortiz v. Fiber Board Corp., 527 U.S. 815 (1999). But while it is true that Ortiz examined class issues before standing, that case has been limited by numerous courts, including this one, to its very specific facts—i.e., the "unique

---

[3] Plaintiffs recently amended their complaint, seeking to broaden the proposed class to include 2005 test-takers. Plaintiffs cannot, however, fairly and adequately represent any 2005 test-takers other than those employed by Boston, the only municipality named as a defendant among all municipalities that utilized HRD's 2005 examination. Moreover, the sergeant's promotional examination administered to Boston officers in 2005 differed from the examination given in all other participating municipalities that year.

and complex" circumstance of a global settlement in an asbestos case, where the class-certification issues were dispositive in that "without class certification there would be no settlement[,] and without a global settlement, the case would not have proceeded as constituted." In re Eaton Vance Corp. Secs. Litigation, 220 F.R.D. 162, 166 (D. Mass. 2004). In other words, Ortiz provides for a "limited exception" where the class-certification questions are "'dispositive' of the case as a whole." Id.; see id. at 154 (collecting cases); Forsythe v. Sun Life Financial, Inc., 417 F. Supp. 2d 100, 119 & n.18 (D. Mass. 2006) (characterizing Ortiz as "rare exception[]" to traditional rule that standing should be resolved before class certification).[4]

Here, the class-certification issue is not "dispositive of the case as a whole" because, if certification is denied, the case would still proceed on the named plaintiffs' claims. See Eaton Vance, 220 F.R.D. at 166 ("issue of class certification [was] not 'dispositive' in the same way as in . . . Ortiz" because, "[r]egardless of this Court's ruling on class certification, the case would still proceed" as to at least some of the named plaintiffs). Thus, were the Court to address the question, it should hold that the Ortiz exception does not apply in these circumstances. Cf. Forsythe, 417 F. Supp. 2d at 117-19 (declining to certify class of shareholders of 62 funds because named plaintiffs only had standing to assert claims on behalf of the two funds in which they actually owned shares).

---

[4] See also Easter v. Am. West Fin., 381 F.3d 948, 962 (9th Cir. 2004) ("Although the court in [Ortiz] examined class issues before the question of Article III standing, it did so in the very specific situation of a mandatory global settlement class."); In re AIG Advisor Group, 2007 WL 1213395, at *4 (E.D.N.Y. Apr. 25, 2007) (Ortiz involved "unique circumstance of a global settlement" where "there could be no further litigation (or settlement) without court approval of the class"); accord Thomas v. Metro. Life Ins. Co., 2008 WL 123851, at *10 (W.D. Okla. Jan. 10, 2008); Temple v. Circuit City Stores, Inc., 2007 WL 2790154, at *8 (E.D.N.Y. Sept. 25, 2007).

Plaintiffs argue in the alternative that they do have standing to challenge the 2007 examination. See Pls.' Reply at 8-11. This is patently incorrect because none of the plaintiffs sat for that examination. Although plaintiffs rely on Bradley in support of their position, standing was not at issue there because there was at least one named plaintiff who took the examination in every year in question. See Bradley v. City of Lynn, 403 F. Supp. 2d 161, 162-63 (D. Mass. 2005). Plaintiffs' argument regarding "aggregation" is also irrelevant. See Pls.' Reply at 10-11. That issue has nothing to do with standing but concerns whether aggregation of data over time is appropriate for purposes of proving the merits of a discrimination claim. See Bradley, 443 F. Supp. 2d at 167. Plaintiffs further rely on Castro v. Beecher, 459 F. 2d 725 (1st Cir. 1972), but that decision did not even concern the issue of standing. Finally, plaintiffs rely on Smith v. City of Joliet, 1995 WL 68749 (N.D. Ill. Feb. 16, 1995), which not only has nothing to do with standing, it was reversed on reconsideration in an order that decertified the class. See Smith v. City of Joliet, 1995 WL 336999 (N.D. Ill. May 31, 1995).

### III. PLAINTIFFS CANNOT FAIRLY AND ADEQUATELY REPRESENT THE VAST MAJORITY OF THE PROPOSED CLASS BECAUSE ONLY FIVE MUNICIPALITIES ARE NAMED AS DEFENDANTS IN THIS SUIT.

#### A. **Plaintiffs Cannot Fairly and Adequately Represent the Proposed Class at the Liability Stage.**

As HRD noted in its opposition, part of the plaintiffs' theory of liability is that, "[a]lthough any municipality covered by the civil service law . . . has the right . . . to conduct its own alternative police sergeant promotional examination which could be professionally validated and have significantly less discriminatory impact[,] in virtually all civil service municipalities which are covered by this lawsuit, the HRD examination was used without modification." State Defs.' Opp. at 8. Given this theory, the fact that the vast majority of the potentially affected

6

municipalities are not named as defendants is reason alone to deny certification of the proposed class. The risk of "unfairness to the class members," General Tel., 457 U.S. at 161, is clear: were this Court to find the municipalities liable for failure to employ an alternative promotional examination, that judgment would bind the entire class (which consists of minority police officers in approximately 50 different municipalities) but could only be enforced in municipalities that have had the opportunity to defend themselves in this lawsuit, i.e., Boston, Lawrence, Lowell, Methuen, and Worcester. Further, other municipalities have in fact utilized alternative promotional selection procedures in recent years. See State Defs.' Opp. at 9-10. The class as defined by plaintiffs is therefore overly broad and inappropriate for certification.

Plaintiffs do not even address this point in their reply and instead make only the broad, generalized assertion that, because a class was certified in Bradley and in the Castro and Beecher cases, certification is also appropriate here. See Pls.' Reply at 11-14. Again, without any meaningful analysis of those decisions, they provide no guidance as to whether a class should be certified in this case. Moreover, plaintiffs are incorrect that HRD's argument regarding the necessity of naming the municipalities as defendants was "essentially considered and rejected by Judge Saris in the Bradley case." Pls.' Reply at 13. HRD did not raise that argument in Bradley, and so Judge Saris could not have rejected it. See 2006 WL 1033398 (HRD's opposition to plaintiffs' motion for class certification).

### B.     Plaintiffs Cannot Fairly and Adequately Represent the Proposed Class at the Remedy Stage.

HRD also pointed out in its opposition that, if plaintiffs prevail on the merits of their claims, they cannot fairly and adequately represent the putative class at the remedial stage because the municipalities are the ones who are in charge of promotion decisions and wages.

See State Defs.' Opp. at 8-9. Plaintiffs' only response is a bald assertion that "[w]ith respect to remedy, there is no reason why the interests of the class as a whole will not be well represented by the named Plaintiffs." Pls.' Reply at 13. This unsupported statement is insufficient to meet plaintiffs' burden of proving that class certification is appropriate. Again, the risk of unfairness to class members is clear. Plaintiffs cannot obtain "compensatory relief, including back pay and other damages," Compl. at 9, from municipalities that are not named as defendants. Thus, to allow this case to proceed as a class action would potentially bind statewide class members to a judgment that only affords relief to the named plaintiffs.

Further, to the extent plaintiffs are seeking (as they did in Bradley) compensatory relief in the form of preferential hiring for minorities, there is an even greater need for the municipalities to be named in this suit. Any remedy ordering a minority police officer to be promoted before a higher-scoring non-minority has the potential to disrupt morale within the various municipal police departments. Certainly, a municipality should be given the opportunity to be heard before it is required to comply with such an order.[5]

### IV.   NO USEFUL PURPOSE WOULD BE SERVED BY ALLOWING THIS CASE TO PROCEED AS A CLASS ACTION AT THE LIABILITY STAGE AGAINST HRD.

Plaintiffs claim that, if the class is limited to individuals in the cities named in the complaint, it would "permit the bizarre result that the examinations are declared unlawful and discriminatory in some communities, but are permitted in others despite the finding of unlawfulness." Pls.' Reply at 2. This is flatly incorrect. Were this Court to declare that use of the examination in the named cities violated Title VII, such a judgment would as a practical

---

[5] In this regard, HRD notes that in Vulcan Pioneers, which involved a similar promotion scheme to the one here, the plaintiff United States named not only the state Civil Service Commission as a defendant but also the twelve municipalities whose interests were affected by the case. Vulcan Pioneers, 588 F. Supp. at 719; Vulcan Pioneers, 625 F. Supp. at 531.

matter run to the benefit of not only the named plaintiffs but all similarly situated minority officers in the state.[6] Thus, with respect to declaratory relief against HRD, there is in fact no practical need for class certification. See Galvin v. Levine, 490 F.2d 1255, 1261 (2d Cir. 1973) ("[I]nsofar as the relief sought is prohibitory, an action seeking declaratory or injunctive relief against state officials on the ground of unconstitutionality of a statute or administrative practice is the archetype of one where class action designation is largely a formality, at least for the plaintiffs.").

In a similar case, the First Circuit has held that a trial court, in deciding whether to certify a class, "may properly take into account . . . the fact . . . that the same relief can, for all practical purposes, be obtained through an individual injunction without the complications of a class action." Dionne v. Bouley, 757 F.2d 1344, 1355-57 (1st Cir. 1985) (district court did not abuse its discretion in denying class certification on ground that any injunctive or declaratory relief would inure to the benefit of all those similarly situated). Here, the whole of plaintiffs' reply is focused on the propriety of certifying a class at the liability stage against HRD, but in this respect, a class-action designation would be only a formality. See Galvin v. Levine, 490 F.2d at 1261. Allowing this case to proceed as a class action would therefore provide little benefit yet carry substantial risk—namely, the potential for unfairness to the putative class members and to the unnamed municipalities. The Court should deny class certification in consideration of all these circumstances. See Dionne, 757 F.2d 1356-57 (district court enjoys discretion to consider particular circumstances of a case and to deny class certification if it reasonably determines that class relief is not "appropriate").

---

[6] Further, as noted in its opposition, HRD is currently in the process of devising a new examination that will be administered beginning in 2008.

## V. PLAINTIFFS HAVE FAILED TO REFUTE HRD'S ARGUMENT THAT BLACKS AND HISPANICS CANNOT BE GROUPED INTO ONE CLASS.

HRD's opposition argued that Blacks and Hispanics cannot be combined as one class because the evidence shows that they passed the promotional examinations at significantly different rates. See State Defs.' Opp. at 10-11. In response plaintiffs assert that the passing rates are "barely relevant to the challenge at issue here"; the pertinent question, according to plaintiffs, is how the examination affects selection rates. Pls.' Reply at 15. But unless plaintiffs are now abandoning any claim based on passing rates, this Court should decline to certify Blacks and Hispanics as one class for the reasons stated in HRD's opposition. Plaintiffs do not dispute that Hispanics passed the promotional examinations at significantly higher rates than Blacks. The two groups are therefore not similarly situated, and so combining them into one class is not appropriate.

Plaintiffs also argue that, "[a]t this stage of the litigation, the Court should not even be considering the merits." Id. at 19. To the contrary, however, trial courts may examine the merits of the plaintiffs' claims to the extent necessary to resolve a class-certification question. Swack v. Credit Suisse First Boston, 230 F.R.D. 250, 257 (D. Mass. 2005). Indeed, some courts have held that the trial judge must examine the merits if they relate to the requirements of Rule 23. See, e.g., Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1177 n.2 (9th Cir. 2007).

Finally, plaintiffs point out that Blacks and Hispanics were certified together in Beecher and Castro and claim that it is "ironic" that HRD is arguing for a different result 30 years later. See Pls.' Reply at 14-15. But to the contrary, this Court should not blindly follow classifications that may have been appropriate in the 1970s, if to do so ignores critical differences in the current circumstances of Black and Hispanic candidates. Plaintiffs' approach is illogical and improper

10

under General Telephone, which requires a "rigorous analysis" of the Rule 23 requirements before a class can be certified. 457 U.S. at 161.

## **CONCLUSION**

For the above reasons, and those stated in HRD's opposition, this Court should deny plaintiffs' Motion for Class Certification Pursuant to Fed. R. Civ. P. 23(b)(2).[7]

                              Respectfully submitted,

                              COMMONWEALTH OF MASSACHUSETTS and PAUL DIETL, in his capacity as Chief Human Resources Officer of the Human Resources Division,

                              By their attorney,

                              MARTHA COAKLEY
                              ATTORNEY GENERAL

                              /s/ Sookyoung Shin
                              Sookyoung Shin, BBO # 643713
                              Assistant Attorney General
                              One Ashburton Place, Room 2019
                              Boston, MA 02108-1698
Dated: March 21, 2008               (617) 727-2200, ext. 2052

---

[7] At various points in their reply, plaintiffs level accusations at HRD with regard to discovery matters and assert without any support that HRD has conceded certain issues. See, e.g., Pls.' Reply at 5-6 n.4 (claiming that, by developing a new examination for 2008, HRD has conceded that the earlier examinations were illegal). Without belaboring the point, HRD denies all of these assertions, which have no relevance to the class-certification question before the Court.

CERTIFICATE OF SERVICE

I hereby certify that the above document will be served on March 21, 2008, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

/s/ Sookyoung Shin
Sookyoung Shin, BBO # 643713
Assistant Attorney General