# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| **PEDRO LOPEZ; ABEL CANO;** | ) |
| **KEVIN SLEDGE; CHARLES DEJESUS;** | ) |
| **RICHARD BROOKS; THE MASSACHUSETTS** | ) |
| **HISPANIC LAW ENFORCEMENT ASSOCIATION,** | ) |
| **Plaintiffs** | ) |
| **v.** | ) |
| | ) **Case No. 07-CA-11693-JLT** |
| | ) |
| **CITY OF LAWRENCE, MASSACHUSETTS;** | ) |
| **CITY OF METHUEN, MASSACHUSETTS;** | ) |
| **COMMONWEALTH OF MASSACHUSETTS;** | ) |
| **PAUL DIETL, IN HIS CAPACITY AS PERSONNEL** | ) |
| **ADMINISTRATION FOR THE COMMONWEALTH** | ) |
| **OF MASSACHUSETTS, HUMAN RESOURCES** | ) |
| **DIVISION; JOHN MICHAEL SULLIVAN, IN HIS** | ) |
| **CAPACITY AS MAYOR OF THE CITY OF** | ) |
| **LAWRENCE, MASSACHUSETTS; AND** | ) |
| **WILLIAM MANZI, III, IN HIS CAPACITY AS** | ) |
| **MAYOR OF THE CITY OF METHUEN,** | ) |
| **MASSACHUSETTS** | ) |
| **Defendants** | ) |

---

## ANSWER OF THE DEFENDANTS, CITY OF METHUEN, MASSACHUSETTS AND WILLIAM M. MANZI, III, IN HIS CAPACITY AS MAYOR OF THE CITY OF METHUEN TO THE THIRD AMENDED COMPLAINT

NOW COMES the Defendants, City of Methuen, Massachusetts and William M. Manzi, III, in his capacity as Mayor of the City of Methuen, who do hereby Answer the Complaint of the Plaintiffs, Pedro Lopez, et al, as follows:

I.     <u>INTRODUCTION</u>

1.     The averments contained in Paragraph 1 do not require a response in the affirmative or negative from the Defendants.  Nonetheless, to the extent that the averments allege wrongdoing on the part of the Defendants, or to the extent that the averments allege disparity in the treatment of Hispanic or African-American police officers by the City of Methuen or its Mayor, the averments are denied.

II.     <u>JURISDICTION</u>

2.     The averments contained in Paragraph 2 do not require a response in the affirmative or negative from the Defendants.

III.    <u>PARTIES</u>

3.     Admitted.

4.     The Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 4 of the Complaint.

5.     The Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 5 of the Complaint.

6.     Admitted.

7.      The Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 7 of the Complaint.

8.     The Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 8 of the Complaint.

9.     The Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 9 of the Complaint.

10.     The Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 10 of the Complaint.

11.     The Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 11 of the Complaint.

12.     The Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 12 of the Complaint.

13.     The Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 13 of the Complaint.

14.     The Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 14 of the Complaint.

15.     The Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 15 of the Complaint. The Defendants however admit that the Commonwealth of Massachusetts is a State of the United States of America. The Defendants are without sufficient information to admit or deny the remaining averments contained within Paragraph 12 of the Complaint.

16.     Admitted insofar as Paul Dietl is the Personnel Administrator for the Human Resources Division for the Commonwealth of Massachusetts. The Defendant is without sufficient information to admit or deny the remaining averments contained within Paragraph 16 of the Complaint.

17.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 17 of the Complaint.

18.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 18 of the Complaint.

19.     Admitted.

20.     Admitted.

21.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 21 of the Complaint.

22.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 22 of the Complaint.

23.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 23 of the Complaint.

24.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 24 of the Complaint.

25.     The Defendants are without sufficient information to either admit or deny the allegations contained within Paragraph 25 of the Complaint.


IV.     CLASS PLAINTIFFS

22.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 22 of the Complaint and leave the Plaintiffs to their proof.

23.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 23 of the Complaint and leave the Plaintiffs to their proof.

24.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 24 of the Complaint and leave the Plaintiffs to their proof.

25.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 25 of the Complaint and leave the Plaintiffs to their proof.

V.     STATEMENT OF FACTS

26.     As to the allegations of Paragraph 26, the Defendants admit only that Plaintiffs Abel Cano and Charles De Jesus are police officers for the City of Methuen. The Defendants deny the remaining allegations of Paragraph 26 of the Complaint.

27.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 27 of the Complaint.

28.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 28 of the Complaint.

29.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 29 of the Complaint.

30.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 30 of the Complaint.

31.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 31 of the Complaint.

32.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 32 of the Complaint.

33.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 33 of the Complaint.

34.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 34 of the Complaint.

35.     The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 35 of the Complaint.

36.    The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 36 of the Complaint.

37.    The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 37 of the Complaint.

38.    The Defendants are without sufficient information to admit or deny the averments contained within Paragraph 38 of the Complaint.

## COUNT I

The Defendants deny the allegations in Count I.

## COUNT II

The Defendants deny the allegations in Count II.


**WHEREFORE**, the Defendants, City of Methuen and its Mayor, William M. Manzi, III request this matter be dismissed as against them and that they be awarded costs, interest and reasonable attorneys' fees.

In further answering the Defendants asserts the following Affirmative Defenses:

## <u>FIRST AFFIRMATIVE DEFENSE</u>

The Complaint failed to state a claim against the Defendants upon which relief may be granted.

## <u>SECOND AFFIRMATIVE DEFENSE</u>

The Plaintiffs' claims are barred by the Statute of Limitations.

## <u>THIRD AFFIRMATIVE DEFENSE</u>

The Plaintiffs' claims are barred by the doctrine of laches.

## <u>FOURTH AFFIRMATIVE DEFENSE</u>

The Plaintiffs' lack standing to bring the within action.

## FIFTH AFFIRMATIVE DEFENSE

Defendants assert the within action is frivolous under Chapters 231, §6(f) of the Massachusetts General Laws.

## SIXTH AFFIRMATIVE DEFENSE

Defendants aver there is an insufficiency of process on the Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants claims Qualified Immunity

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' have failed to exhaust their administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

At all times, the Defendants acted in good faith reliance on constitutional, statutory, judicial or other legal authority.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the jurisdictional doctrine of collateral estoppel and res judicata.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred insofar as the Plaintiffs' consented to the actions of the Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendant states that the Plaintiffs' claims must fail since the Defendant did not deprive the Plaintiffs of a constitutionally protected liberty or property interest.

## JURY DEMAND

The Defendants demand a trial by jury on all claims and issues so triable.

> DEFENDANT
> WILLIAM M. MANZI, III in his capacity as
> MAYOR OF THE CITY OF METHUEN,
> MASSACHUSETTS
> By their attorney
>
> /s/
>
> Peter J. McQuillan, BBO# 340180
> Office of the City Solicitor
> 41 Pleasant Street, Room 311
> Methuen, MA  01844
> (978)-983-8575
> (978)-983-8981

**DATED:** March 25, 2008

## CERTIFICATE OF SERVICE

I, Peter J. McQuillan, attorney of record for the Defendants, hereby certify that I that this document filed through the ECF System will be send electronically to the registered participants as identified on the notice of Electronic Filing (MEF) and paper copies will be send to those indicated as non-registered participants this 25th day of March, 2008.

Peter J. McQuillan