## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

C.A. NO. 07-CV-11693-JLT

_____

|  |  |
|---|---|
| PEDRO LOPEZ; ABEL CANO; | ) |
| KEVIN SLEDGE; CHARLES DEJESUS; | ) |
| RICHARD BROOKS; ROBERT ALVAREZ; | ) |
| MARISOL NOBREGA; SPENCER TATUM; | ) |
| THE MASSACHUSETTS HISPANIC LAW | ) |
| ENFORCEMENT ASSOCIATION; | ) |
| SHUMEAND BENFOLD; ANGELA - WILLIAMS | ) |
| MITCHELL; GWENDOLYN BROWN; LYNETTE | ) |
| PRAILEAU; INDIVIDUALLY AND ON BEHALF OF A | ) |
| CLASS OF INDIVIDUALS SIMILARLY | ) |
| SITUATED, | ) |
|     Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| CITY OF LAWRENCE, MASSACHUSETTS; | ) |
| CITY OF METHUEN, MASSACHUSETTS; | ) |
| COMMONWEALTH OF MASSACHUSETTS; | ) |
| PAUL DIETL, IN HIS CAPACITY AS PERSONNEL | ) |
| ADMINISTRATOR FOR THE COMMONWEALTH | ) |
| OF MASSACHUSETTS, HUMAN RESOURCES | ) |
| DIVISION; JOHN MICHAEL SULLIVAN, IN HIS | ) |
| CAPACITY AS MAYOR OF THE CITY OF | ) |
| LAWRENCE, MASSACHUSETTS; | ) |
| WILLIAM MANZI, III, IN HIS CAPACITY AS | ) |
| MAYOR OF CITY OF METHUEN, | ) |
| MASSACHUSETTS; CITY OF LOWELL, | ) |
| MASSACHUSETTS; APPOINTING AUTHORITY | ) |
| FOR THE CITY OF LOWELL | ) |
| MASSACHUSETTS; CITY OF WORCESTER, | ) |
| MASSACHUSETTS; AND MICHAEL OBRIEN IN HIS | ) |
| CAPACITY AS CITY MANAGER OF THE CITY OF | ) |
| WORCESTER, MASSACHUSETTS, CITY OF | ) |
| BOSTON | ) |
|     Defendants | ) |

## ANSWER OF THE DEFENDANTS CITY OF LOWELL AND
## APPOINTING AUTHORITY FOR THE CITY OF LOWELL TO
## PLAINTIFFS' FOURTH AMENDED COMPLAINT

## I.  INTRODUCTION

1.   The City of Lowell and Appointing Authority for the City of Lowell, Massachusetts (collectively "Lowell") state that Paragraph 1 is an introduction of the case for which no response is required. To the extent an answer is required, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same. Further answering, Lowell denies unlawfully discriminating against the Plaintiffs and denies that the promotional exam as utilized is unlawful.

## II. JURISDICTION

2.   Lowell states that Paragraph 2 is a conclusion of law to which no response is required. To the extent an answer is required, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

## III.  PARTIES

3.   Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 3.

4.   Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 4.

5.   Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 5.

6.   Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 6.

7.   Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 7.

8.   Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 8.

9.       Lowell admits so much of Paragraph 9 that alleges Robert Alvarez ("Alvarez") is a police officer in the City of Lowell but it lacks sufficient knowledge to either admit or deny that Alvarez is a resident of the City of Methuen. Lowell denies the allegation that Alvarez is Hispanic and calls upon Plaintiffs to prove same.

10.      Lowell admits so much of Paragraph 10 that alleges Marisol Nobrega is Hispanic and is a police officer in the City of Lowell but it lacks sufficient knowledge to either admit or deny the remaining allegations contained therein.

11.      Lowell states it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 11.

12.      Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 12.

13.      Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 13.

14.      Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 14.

15.      Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 15.

16.      Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 16.

17.      Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 17.

18.      Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 18.

19.  Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 19.

20.  Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 20.

21.  Lowell admits the allegations in Paragraph 21.

22.  Lowell admits the allegations in Paragraph 22.

23.  Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 23.

24.  Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 24.

25.  Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 25.

## IV.  CLASS PLAINTIFFS

22.  Lowell states that Paragraph 22 [sic] is a description of the class sought to be certified, to which no answer is required. Lowell denies the allegations contained in Paragraph 26 and calls upon Plaintiffs to prove same.

23.  Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 23 [sic].

24.  Lowell states that Paragraph 24 [sic] is a conclusion of law to which no response is required. To the extent an answer is required, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

25.  Lowell states that Paragraph 25 [sic] is a conclusion of law to which no response is required. To the extent an answer is required, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

## V.  STATEMENT OF FACTS

26.    Lowell admits so much of Paragraph 26 that alleges that Marisol Nobrega and Robert Alvarez are employed as police officers for the City of Lowell and that Marisol Nobrega is Hispanic. Lowell denies that Robert Alvarez is either Hispanic or African-American. Lowell lacks sufficient knowledge to either admit or deny the remaining allegations contained therein.

27.    Lowell denies the allegations contained in Paragraph 27 and calls upon Plaintiffs to prove same.

28.    Lowell admits so much of Paragraph 28 that alleges it utilizes HRD's sergeant promotional examination but Lowell lacks sufficient knowledge to either admit or deny the remaining allegations contained therein.

29.    Lowell admits so much of Paragraph 29 that alleges that it is subject to the provisions of M.G.L. c.31, Civil Service, and that it follows said chapter with respect to the police sergeant examination but Lowell lacks sufficient knowledge to either admit or deny the remaining allegations contained therein.

30.    Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 30.

31.    Lowell states that insofar as Paragraph 31 is directed to it, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

32.    Lowell states that Paragraph 32 is a conclusion of law to which no response is required. To the extent an answer is required, Lowell states that insofar as Paragraph 32 is directed to it, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

33.   Lowell states that Paragraph 33 is directed to a defendant other than it and no answer is required. Insofar as any answer is required, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

34.   Lowell states that Paragraph 34 is directed to a defendant other than it and no answer is required. Insofar as any answer is required, Lowell lacks sufficient knowledge to either admit or deny the allegations contained therein.

35.   Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 35.

36.   Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 36.

37.   Lowell states that insofar as Paragraph 37 is directed to Lowell, it denies the allegations contained therein and calls upon Plaintiffs to prove same.

38.   Lowell states that insofar as Paragraph 38 is directed to Lowell, it denies the allegations contained therein and calls upon Plaintiffs to prove same.

## COUNT I

Lowell states that Count I is a conclusion of law to which no response is required. To the extent an answer is required, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

## COUNT II

Lowell states that Count II is a conclusion of law to which no response is required. To the extent an answer is required, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

WHEREFORE the Defendants, City of Lowell and Appointing Authority for the City of Lowell, Massachusetts, request that this Honorable Court dismiss this Complaint and award the

Defendants, City of Lowell and Appointing Authority for the City of Lowell, Massachusetts, attorney's fees and other costs incurred in defending this action.

**Defendants, City of Lowell and Appointing Authority for the City of Lowell, Massachusetts, Demand Trial by Jury on All Issues so Triable.**

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs have failed to state a cause of action upon which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs fail to allege any act in violation of M.G.L. c.151B has been committed by them within three hundred (300) days of the filing of their Complaint with the Massachusetts Commission Against Discrimination ("MCAD") and the Complaint therefore should be dismissed.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs have failed to state a cause of action upon which relief can be granted in that no specific act is alleged to have occurred which is cognizable under M.G.L. c.151B.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that Plaintiff Robert Alvarez is not a member of a protected class as alleged in Plaintiffs' Complaint.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that they have not taken any adverse employment action against the Plaintiffs as alleged in their Complaint.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs are not qualified for the position they allege they were denied.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs' Complaint must fail as it was not filed within the requisite statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs have failed to exhaust their administrative remedies and are therefore precluded from bringing this Complaint.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs fail to allege any act in violation of M.G.L. c.151B.

## TENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs have not sustained an injury and are not persons aggrieved under G.L. c.151B.

## ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Complaint fails to satisfy the statutory and jurisdictional requirements for matters before the MCAD.

## TWELFTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that at all times, they treated the Plaintiffs in the same and consistent manner as other employees.

## THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that it is not an employer as defined under 42 U.S.C. §§2000e et seq. and is not engaged in activity that affects commerce.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Complaint fails to state a case or controversy sufficiently real to give this Court jurisdiction.

## FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that at all times they acted in good faith upon reasonable belief that their actions were required and in compliance with all relevant law.

## SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the sergeant's promotional examination as utilized fully complied

with the applicable provisions of state and federal law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs lack standing.

### EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say their actions were motivated by legitimate nondiscriminatory reasons.

### NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say the sergeant's promotional exam was not used to discriminate against minorities and such examination does not cause an unlawful disparate impact on minorities and is job-related for the position in question and consistent with business necessity.

### TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that Plaintiffs' requests for equitable relief are barred by the doctrine of unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that Plaintiffs' claims are barred by the doctrine of laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that issues relating to promotions are subject to Lowell's collective bargaining agreements with its officers and/or superior officers' unions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that there was an insufficiency of process on them.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that Plaintiffs' claims are barred insofar as the Plaintiffs' consented to the actions of Lowell.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that Plaintiffs' claims must fail as they did not deprive the Plaintiffs of a constitutionally-protected liberty or property interest.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that if the Plaintiffs suffered injuries and/or damages as alleged, such injuries and/or damages were caused by someone for whose conduct the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts are not legally responsible.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs failed to file a grievance in accordance with the collective bargaining agreement between the City of Lowell and their union.

March 25, 2008                              CITY OF LOWELL, DEFENDANT


                                    /s Brian W. Leahey
                                    Brian W. Leahey, Assistant City Solicitor
                                    BBO #567403
                                    City of Lowell - Law Department
                                    375 Merrimack Street, 3rd Fl.
                                    Lowell MA 01852-5909
                                    Tel: 978-970-4050
                                    Fax: 978-453-1510

### CERTIFICATE OF SERVICE

        I hereby certify that a true copy of the foregoing document, filed through the Electronic

Case Filing System, will be sent electronically to the registered participants as identified on the

Notice of Electronic Filing on March 25, 2008.


                                    /s Brian W. Leahey
                                    Brian W. Leahey, Assistant City Solicitor