## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ; ABEL CANO; KEVIN SLEDGE; CHARLES DEJESUS; RICHARD BROOKS; ROBERT ALVAREZ; MARISOL NOBREGA; SPENCER TATUM; THE MASSACHUSETTS HISPANIC LAW ENFORCEMENT ASSOCIATION; SHUMEAND BENFOLD; ANGELA WILLIAMS-MITCHELL; GWENDOLYN BROWN; and LYNETTE PRAILEAU; INDIVIDUALLY AND ON BEHALF OF A CLASS OF INDIVIDUALS SIMILARLY SITUATED, | ) ) ) ) ) ) ) ) ) ) ) ) |
| **Plaintiffs** | ) **Case No. 07-CA-11693-JLT** |
| **v.** | ) ) |
| CITY OF LAWRENCE, MASSACHUSETTS; CITY OF METHUEN, MASSACHUSETTS; COMMONWEALTH OF MASSACHUSETTS; PAUL DIETL, IN HIS CAPACITY AS PERSONNEL ADMINISTRATOR FOR THE COMMONWEALTH OF MASSACHUSETTS HUMAN RESOURCES DIVISION; JOHN MICHAEL SULLIVAN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LAWRENCE, MASSACHUSETTS; WILLIAM MANZI, III,  IN HIS CAPACITY AS MAYOR OF THE CITY OF METHUEN, MASSACHUSETTS; CITY OF LOWELL, MASSACHUSETTS; WILLIAM F. MARTIN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LOWELL, MASSACHUSETTS; CITY OF WORCESTER, MASSACHUSETTS; MICHAEL O'BRIEN IN HIS CAPACITY AS CITY MANAGER OF THE CITY OF WORCESTER, MASSACHUSETTS,  and CITY OF BOSTON, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) ) |

## ANSWER OF THE CITY OF WORCESTER
## AND MICHAEL O'BRIEN TO FOURTH AMENDED COMPLAINT

Defendants City of Worcester and Michael O'Brien, in his capacity as City Manager of the City of Worcester (collectively the "Defendants"), hereby answer the Third Amended Complaint of the Plaintiff's as follows:

I.     INTRODUCTION

1.     The Defendants are without information sufficient to admit or deny the allegations contained in Paragraph 1, and call upon the Plaintiffs to prove the same.

II.     JURISDICTION

2.     Paragraph 2 contains conclusions of law to which no response is required.

III.     PARTIES

3.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 3 and call upon the Plaintiffs to prove the same.

4.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 4 and call upon the Plaintiffs to prove the same.

5.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 5 and call upon the Plaintiffs to prove the same.

6.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 6 and call upon the Plaintiffs to prove the same.

7.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 7 and call upon the Plaintiffs to prove the same.

8.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 8 and call upon the Plaintiffs to prove the same.

9.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 9 and call upon the Plaintiffs to prove the same.

10.    The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 10 and call upon the Plaintiffs to prove the same.

11.    The Defendants admit the allegations contained insofar as it alleges that Spencer Tatum is an adult and a police officer in the City of Worcester, Massachusetts.  The Defendants are without information sufficient to admit or deny the remaining allegations contained within Paragraph 11.

12.    The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 12 and call upon the Plaintiffs to prove the same.

13.    The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 13 and call upon the Plaintiffs to prove the same.

14.    The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 14 and call upon the Plaintiffs to prove the same.

15.    The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 15 insofar as they relate to Plaintiff Lynette Praileau.  Further answering, the Defendants state that the remaining allegations contained within Paragraph 15 set forth conclusions of law to which no response is required.

16.    The Defendants admit the allegations contained within Paragraph 16 insofar as, upon information and belief, Paul Dietl is the Personnel Administrator for HRD.  The Defendants are without information sufficient to admit or deny the remaining allegations contained within Paragraph 16.

17.    The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 17, and call upon the Plaintiffs to prove the same.

18.    The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 18, and call upon the Plaintiffs to prove the same.

19.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 19, and call upon the Plaintiffs to prove the same.

20.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 20, and call upon the Plaintiffs to prove the same.

21.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 21, and call upon the Plaintiffs to prove the same.

22.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 22, and call upon the Plaintiffs to prove the same.

23.     The Defendants admit the allegations contained within Paragraph 23.

24.     The Defendants admit the allegations contained within Paragraph 24.

25.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 25, and call upon the Plaintiffs to prove the same.


IV.     <u>CLASS PLAINTIFFS</u>

22. [sic]        Paragraph 22 [sic] sets forth a description of the class sought to be certified and sets forth conclusions of law to which no response is required.

23. [sic]        The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 23 [sic] and call upon the Plaintiffs to prove the same.

24. [sic]        The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 24 [sic], and call upon the Plaintiffs to prove the same.

25.      The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 25 [sic], and call upon the Plaintiffs to prove the same.

## V.     STATEMENT OF FACTS

26.     The Defendants admit the allegations contained within Paragraph 26 insofar as Spencer Tatum is a Police Officer for the City of Worcester and is African-American.  The Defendants are without information sufficient to admit or deny the remaining allegations contained within Paragraph 26 and call upon the Plaintiffs to prove the same.

27.     The Defendants admit the allegations contained within Paragraph 27 insofar as Spencer Tatum is employed as a Police Officer for the City of Worcester and that the City of Worcester's Police Department is subject to G.L. c. 31.  The Defendants are without information sufficient to admit or deny the remaining allegations contained within Paragraph 27.

28.     The Defendants admit the allegations contained within Paragraph 28 insofar as the City of Worcester utilizes HRD's Sergeant examination.  The Defendants are without information sufficient to admit or deny the remaining allegations contained within Paragraph 28.

29.     The Defendants admit the allegations contained within Paragraph 29 insofar as the City of Worcester utilizes HRD's Sergeant examination.  The remaining allegations contained within Paragraph 29 contain conclusions of law and therefore do not require an answer.

30.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 30.

31.     The Defendants deny the allegations contained within Paragraph 31.

32.     Paragraph 32 contains conclusions of law and therefore does not require a response.  To the extent that Paragraph 32 contains allegations requiring a response, the Defendants admit only that it does not conduct an alternative examination pursuant to G.L. c. 31, § 11.  The Defendants deny the remaining allegations contained within Paragraph 32.

33.     The Defendants deny the allegations contained within Paragraph 33.

34.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 34.

35.     The Defendants are without information sufficient to admit or deny the allegations contained within Paragraph 35.

36.     The Defendants deny the allegations contained within Paragraph 36.

37.     The Defendants deny the allegations contained within Paragraph 37.

38.     The Defendants deny the allegations contained within Paragraph 38.


## COUNT I

The Defendants deny the allegations contained within Count I.

## COUNT II

The Defendants deny the allegations contained within Count II.


WHEREFORE, the Defendants, City of Worcester and City Manager Michael O'Brien, request that this honorable Court dismiss the Plaintiffs' Complaint and award the Defendants attorneys' fees and other costs incurred in defending this action.


## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted under any statute, law, rule regulation or policy, including but not limited to, claims based on G.L. c. 151B.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable limitations periods, including, but not limited to,  claims based on G.L. c. 151B.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants have at all times acted in good faith and upon reasonable belief that their actions were required by and/or in compliance with all relevant laws.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants' utilization of the Sergeant's promotional examination did not result in a denial of appointment to minority applicants and did not have an adverse impact on minority applicants.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to make out a prima facie case of discrimination as, among other matters, they cannot show that they were qualified for promotion.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have suffered no injury and are not persons aggrieved under the law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exhaust their administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

The Defendants have a qualified immunity under the law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by their own unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of laches, res judicata and collateral estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred insofar as this Court lacks jurisdiction over its claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any injury suffered by Plaintiffs was caused by the action or inaction of parties other than the Defendants City of Worcester and Michael O'Brien.

### <u>JURY DEMAND</u>

The Defendants demand a jury trial on all claims and issues so triable.

WHEREFORE, the Defendants City of Worcester and Michael O'Brien respectfully request that this Court: (1) dismiss Plaintiffs' claims and deny their prayers for relief with prejudice: (2) award costs and attorneys' fees to the Defendants; and (3) grant such other relief as is deemed just and proper.

Respectfully submitted,

CITY OF WORCESTER and
MICHAEL O'BRIEN

By their attorneys,

<u>/s/ Laurie W. Engdahl</u>
Laurie W. Engdahl     BBO #554635
Daniel C. Brown     BBO #648038
Collins, Loughran & Peloquin, P.C.
320 Norwood Park South
Norwood, MA 02062
781-762-2229

Dated:  March 28, 2008

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above document filed through the ECF system will be sent electronically to the registered participants as identified on the notice of Electronic Filing (MEF) and a paper copy will be sent to those indicated as non-registered participants this 28th day of March, 2008.

 /s/ Laurie W. Engdahl
Laurie W. Engdahl