UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*****************************************************
PEDRO LOPEZ; ABEL CANO; KEVIN SLEDGE;           *
CHARLES DEJESUS; RICHARD BROOKS;                *
ROBERT ALVAREZ; MARISOL NOBREGA;                *
SPENCER TATUM; THE MASSACHUSETTS                *
HISPANIC LAW ENFORCEMENT ASSOCIATION;           *
SHUMEAND BENFOLD; ANGELA WILLIAMS-              *
MITCHELL; GWENDOLYN BROWN; LYNETTE              *
PRAILEAU; INDIVIDUALLY AND ON BEHALF            *
OF A CLASS OF INDIVIDUALS SIMILARLY             *
SITUATED,                                       *
                                                *
         Plaintiffs                             *
v.                                              *   Civil Action No. 07-11693-JLT
                                                *
CITY OF LAWRENCE, MASSACHUSETTS;                *
CITY OF METHUEN, MASSACHUSETTS;                 *
COMMONWEALTH OF MASSACHUSETTS;                  *
PAUL DIETL, IN HIS CAPACITY AS PERSONNEL        *
ADMINISTRATOR FOR THE COMMONWEALTH              *
OF MASSACHUSETTS, HUMAN RESOURCES               *
DIVISION; JOHN MICHAEL SULLIVAN, IN HIS         *
CAPACITY AS MAYOR OF THE CITY OF                *
LAWRENCE, MASSACHUSETTS;                        *
WILLIAM MANZI, III, IN HIS CAPACITY             *
AS MAYOR OF CITY OF METHUEN,                    *
MASSACHUSETTS; CITY OF LOWELL,                  *
MASSACHUSETTS; APPOINTING AUTHORITY             *
FOR THE CITY OF LOWELL, MASSACHUSETTS;          *
CITY OF WORCESTER, MASSACHUSETTS; and           *
MICHAEL O'BRIEN IN HIS CAPACITY AS CITY         *
MANAGER OF THE CITY OF WORCESTER,               *
MASSACHUSETTS, CITY OF BOSTON,                  *
                                                *
         Defendants                             *
*****************************************************
```

**MEMORANDUM OF DEFENDANT CITY OF BOSTON
IN OPPOSITION TO PLAINTIFFS' MOTION
<u>FOR CLASS CERTIFICATION</u>**

Defendant City of Boston ("Boston") was served with the Fourth Amended Complaint in this action on or about March 25, 2008, after briefing was completed on Plaintiffs' Motion for Class Certification. A hearing on Plaintiffs' motion is scheduled for April 28. Boston supports the arguments of the State Defendants (Commonwealth of Massachusetts and Paul Dietl, in his capacity as Chief Human Resources Officer of the Human Resources Division) in opposition to Plaintiffs' motion for class certification. In advance of the April 28th hearing, Boston submits this memorandum discussing reasons unique to Boson as to why class certification is inappropriate.

**A**.     **Introduction**

Plaintiffs have moved for certification of a class action "consisting of all minorities (Black and Hispanic) who have taken…the police sergeants' examination for the position of police sergeant within the Commonwealth of Massachusetts…" (Plaintiffs' Memorandum of Law in Support of Motion for Class Certification Pursuant to Federal Rule of Civil Procedure 23(b)(2), Document 32, filed 01/15/08, pages 2-3 of 12). While Plaintiffs' motion focuses on examinations conducted in 2006 and 2007, other pleadings submitted by Plaintiffs in support of their motion specifically address the examination for police sergeants as administered in 2005, and taken by the four (4) Boston police officers recently added as Plaintiffs. (See Reply Memorandum to State Defendants' Opposition to Plaintiffs' Motion for Class Certification, Document 59, filed 03/11/2008, pages 2, 3 n.3, 17-18).

**B**.     **Argument**:     **Class Certification Is Inappropriate As To Boston**.

   **1**.     **There Are Facts Unique To The Boston Examination**.

In their pleadings Plaintiffs assume that applicants for sergeant in the Boston Police Department in 2005 took the same promotional examination as other applicants for

sergeant positions statewide. (See Reply Memorandum to State Defendants' Opposition to Plaintiffs' Motion for Class Certification, Document 59, filed 03/11/2008, pages 10 n.6, 12, 18, 21). Plaintiffs' assumption is wrong. As pointed out in the "State Defendants' Surreply to Plaintiffs' Motion for Class Certification Pursuant to Fed. R. Civ. P. 23(b)(2)" (Document 66, filed 03/21/2008, page 4, n.3), "the sergeant's promotional examination administered to Boston officers in 2005 differed from the examination given in all other participating municipalities that year."

The only deposition conducted to date in this action, of Sally McNeely, the Director of Civil Service at the Commonwealth's Human Resources Division ("HRD"), provided further information on the uniqueness of the Boston exam. McNeely testified that HRD constructed this exam in consultation with subject matter experts from the Boston Police Department. She testified that about 50% of the exam questions were common to the examination administered state-wide, and that about 50% of the questions were unique to Boston. The reading materials for the Boston exam also differed from those used for the state-wide exam. (See Exh. A hereto, excerpts from Deposition of Sally McNeely, conducted on 04/04/08).

In light of the uniqueness of the Boston examination, the four named Plaintiffs from Boston cannot be placed in the same class as the other Plaintiffs in this action. The differences between the state-wide and Boston exams foreclose any possibility that "there are questions of law or fact common to the class…" See Fed. R. Civ. P. 23(a)(2). As argued by the State Defendants in regard to two municipalities (Salem and Leominster) that administered tests for sergeants in 2006 and 2007 that differed from tests administered state-wide, "[c]laims challenging the promotional procedures used in those communities would therefore involve

significantly different factual issues than the named plaintiffs' claims." (See State Defendants' Opposition to Plaintiffs' Motion for Class Certification Pursuant to Fed. R. Civ. P. 23(b)(2), Document 51, filed 02/19/08, page 9).

In the event that a class action is certified, notwithstanding the arguments of the State Defendants to the contrary, Boston at the very least represents a distinct subclass of sergeant applicants, and should be treated as such. (See Fed. R. Civ. P. 23(c)(5), "When appropriate, a class may be divided into subclasses that are each treated as a class action under this rule.").

**B**.  **Conclusion**

For all the above reasons, Plaintiffs' Motion for Class Certification should be denied as to Boston, or in the alternative, Boston should be treated as a distinct subclass.

> Respectfully submitted,
> CITY OF BOSTON,
> By its attorneys,
>
> WILLIAM F. SINNOTT
> Corporation Counsel
>
> /s/Robert P. Morris
> Mary Jo Harris (BBO #561484)
> Robert P. Morris (BBO #546052)
> Special Assistant Corporation Counsel
> MORGAN, BROWN & JOY, LLP
> 200 State Street, 11th Floor
> Boston, MA 02109-2605
> (617) 523-6666

Dated:  April 23, 2008

## **CERTIFICATE OF SERVICE**

    I, Robert P. Morris, certify that on April 23, 2008, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

                                            /s/Robert P. Morris
                                            Robert P. Morris