**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |
|---|---|
| PEDRO LOPEZ, et al., | ) |
|     Plaintiffs | ) |
|  | ) |
| v. | ) |
|  | ) **Case No. 07-CA-11693JLT** |
| CITY OF LAWRENCE, et al., | ) |
|     Defendants | ) |
|_____| ) |

**ORDER ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs have moved for class certification in the above titled case pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. The parties have filed briefs regarding the issue of class certification, and the Court held a hearing on this motion on April 28, 2008. The Court hereby **allows in part, and denies in part, Plaintiffs' Motion for Class Certification:**

Pursuant to Rule 23(c)(4)(A), permitting class certification of "particular issues," (see Robinson v. Metro North Commuter Railroad Company, 257 F.3d 147 (3rd Cir. 2001)), the Court at this time certifies the following class solely for liability purposes, and only on the question of the disparate impact and job-relatedness of the civil service police promotional examinations for the position of police sergeant for the years 2005, 2006 and 2007. The class so certified shall be as follows:

> All minority police officers, defined as Black or Hispanic, who took the Civil Service promotional examinations for the position of police sergeant administered by the Commonwealth of Massachusetts Human Resources Division (and excluding any individuals who took such exams in towns or cities which in that year which gave an alternative examination not administered by HRD) in the years 2005, 2006 and 2007. This certification is limited to the issues of whether the sergeants' examinations administered by HRD have a disparate impact on minorities, and whether such examinations can be shown to be job-related.

The Court does not at this time determine whether class certification is appropriate with respect to any other claims in this case, or whether such class certification may be appropriate with respect to any claims regarding remedy.

Further, the Court's class certification order at this time, shall be subject to Rule 23(c)(1)(C) and may be altered or amended as this litigation proceeds, including (1) further limiting the class should defendants successfully challenge any portions of the class on statute of limitations grounds, or (2) the determination that any sub-classes should be created such as separating Black candidates from Hispanic candidates, or separating Boston Police Department class members, from other municipal class members, or (3) separating classes by date of examination.

_____
Joseph L. Tauro
U.S. District Court

Dated: _____