UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LAWRENCE, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 07-11693-JLT |

**STATE DEFENDANTS' RESPONSE TO
PLAINTIFFS' PROPOSED ORDER CERTIFYING A CLASS**

The State defendants[1] submit this response in opposition to plaintiffs' Proposed Order Certifying a Class (Paper No. 78). Plaintiffs seek partial certification under Fed. R. Civ. P. 23(c)(4) "solely for liability purposes" against HRD and "limited to the issues of whether the sergeants' examinations administered by HRD have a disparate impact on minorities, and whether such examinations can be shown to be job-related." Id. at 1. This Court should decline to enter the Proposed Order for the reasons stated below.

**I.   PLAINTIFFS HAVE FAILED TO SHOW THAT PARTIAL CERTIFICATION IS APPROPRIATE UNDER RULE 23(c)(4).**

**A.   No Useful Purpose Would Be Served By the Partial Certification.**

As previously discussed, there is no practical need to certify a class with respect to liability against HRD. See HRD's Surreply (Paper No. 66) at 8-9. This is because any declaration that HRD's exam had a disparate impact and was not job-related would inure to the benefit of all minority officers similarly situated to the named plaintiffs. Accordingly, class certification would be no more than a formality. See Dionne v. Bouley, 757 F.2d 1344, 1355-57 (1st Cir. 1985).

---

[1]   Commonwealth of Massachusetts and Paul Dietl, in his capacity as Chief Human Resources Officer of the Human Resources Division ("HRD").

The First Circuit made clear in <u>Dionne</u> that the relevant inquiry on a motion for class certification is whether class relief is "appropriate" in light of all the circumstances. <u>Id.</u> at 1356. Thus, a court may properly take into account the fact that "the same relief can, for all practical purposes, be obtained through an individual injunction without the complications of a class action." <u>Id.</u> Here, the totality of the circumstances mandates denial of certification. Not only would the partial certification be no more than a formality, it is not "appropriate" because it would do nothing to promote judicial economy and would not materially advance this litigation.

**B.      The Partial Certification Would Unnecessarily Complicate the Case.**

The theory behind partial certification under Rule 23(c)(4) is that there may be "advantages and economies of adjudicating issues that are common to the entire class on a representative basis . . . even though other issues in the case may need to be litigated separately by each class member." 7AA Wright & Miller, <u>Federal Practice & Procedure</u> § 1790, p. 589 (3d ed. 2005). Thus, partial certification is appropriate only if "'resolution of the particular common issues would materially advance the disposition of the litigation as a whole.'" <u>Nelson v. Wal-Mart Stores, Inc.</u>, 245 F.R.D. 358, 380 (E.D. Ark. 2007). Otherwise, "the result would be automatic certification in every case where there is a common issue, a result that could not have been intended." <u>Castano v. American Tobacco Co.</u>, 84 F.3d 737, 745 n.21 (5th Cir. 1996).

Plaintiffs' proposed certification is not appropriate under these standards because it would do nothing to advance this case. As an initial matter, plaintiffs have improperly isolated elements of a single claim. Resolving a disparate impact case is a three-step process: (1) plaintiffs must make a <u>prima facie</u> showing of a significant disparate impact; (2) if they meet that burden, the employer must demonstrate that the challenged practice is "job related"; and (3) if the employer succeeds, the burden shifts back to plaintiffs to prove that the employer refused to adopt an alternative practice that would be less discriminatory and equally as effective

as the challenged practice. 42 U.S.C. § 2000e-2(k)(1)(A); Albemarle Paper Co. v. Moody, 422 U.S. 405, 425 (1975). Plaintiffs seek certification on only these first two elements—disparate impact and job-relatedness—while ignoring the "alternatives" prong of the test. The State defendants are aware of no case that permits individual elements of a single claim to be isolated and certified in this manner. Rather, Rule 23(c)(4) is appropriately used to certify class-wide liability claims,[2] while severing damages claims that require individual litigation. See Nelson, 245 F.R.D. at 380; Fed. R. Civ. P. 23(c) advisory comm. note to 2003 amendment.

Moreover, plaintiffs' proposed certification would do nothing to promote judicial economy and efficiency. As plaintiffs seem to concede, the "alternatives" prong is not amenable to certification because there will inevitably be significant factual variations among the municipalities with regard to what alternative practices were used. See, e.g., HRD's Opp. at 9 (Paper No. 51); Boston's Opp. (Paper No. 76). And again, plaintiffs cannot represent officers who are employed in municipalities other than the five named defendants. Thus, were the case to reach the "alternatives" stage, this Court would be "faced with the difficult choice of decertifying the class . . . and wasting judicial resources, or continuing with a class action" that does not meet the Rule 23 requirements. Castano, 84 F.3d at 745.

Partial certification would therefore greatly complicate this litigation while providing no benefit. The very purpose of a class action is to promote judicial economy and efficiency. 5

---

[2] Furthermore, in that HRD is not these plaintiffs' employer, liability under Title VII will largely rest on the divergent actions of the approximately 70 different municipalities that employ the proposed class members. Plaintiffs cannot show that all of these municipalities—the great majority of which have not even been named as defendants—have acted identically in refusing to adopt a less discriminatory, yet equally effective, alternative promotional procedure. Plaintiffs' sweeping request that, after certifying one broad class, the Court "issue appropriate injunctive and declaratory relief remedying [all] Defendants' past acts of discrimination," Fifth Amended Complaint (Paper No. 82) at 9, masks a host of potential liability claims against scores of different potential defendants.

Moore's Federal Practice § 23.02 (3d ed. 2007). Plaintiff's proposed certification would do precisely the opposite, and so it should be rejected. See McLaughlin v. American Tobacco Co., 522 F.3d 215, 234 (2nd Cir. 2008) (issue certification improper where it "would not 'reduce the range of issues in dispute and promote judicial economy'"); Castano, 84 F.3d at 745 (similar).

## II. THE PROPOSED CLASS IS OVERBROAD AS IT INCLUDES INDIVIDUALS WHO ARE NOT SIMILARLY SITUATED TO THE NAMED PLAINTIFFS.

Plaintiffs still seek to certify a broad class of "[a]ll minority police officers, defined as Black or Hispanic" who took the sergeant's examination "in the years 2005, 2006 and 2007" in any municipality except for those that "gave an alternative examination not administered by HRD." As previously explained, this class is overbroad because (1) Blacks and Hispanics are not similarly situated, see HRD's Opp. at 10-11 & Surreply at 10-11; (2) the named plaintiffs do not have standing to challenge the 2005 and 2007 statewide examinations, see HRD's Opp. at 6-7 & Surreply at 4 n.3, 6; (3) the exams cannot be grouped together because of factual variations, see HRD's Opp. at 7; and (4) officers employed in municipalities that used alternative procedures in addition to HRD's exam should be excluded from the class, see id. at 9-10.[3]

Attempting to overcome these deficiencies, plaintiffs propose that the Court certify a broad class now while reserving the ability to limit the class as this case proceeds. See Proposed Order at 2. In effect, plaintiffs are seeking a conditional certification, which is improper. See 7AA Wright & Miller § 1790, p. 589; Fed. R. Civ. P. 23 advisory comm. note (2003 amendment

---

[3] In this regard counsel for HRD suggested that plaintiffs at least amend the parenthetical in their class definition to read: "(and excluding any individuals who took such exams in town or cities that gave an examination other than the state-wide examination administered by HRD or that utilized other testing components in addition to the state-wide examination administered by HRD)." This amendment would exclude officers employed in towns such as Salem and Leominster. But although plaintiffs' counsel conceded at the April 28 hearing that those towns should be excluded, the proposed order was filed without the amendment requested by HRD.

deleted language stating that class certification "may be conditional"). It is plaintiffs' burden to show that a class is appropriate, and so a "court that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met." Fed. R. Civ. P. 23 advisory comm. note. Accordingly, because plaintiffs have failed to show that the class as proposed satisfies the Rule 23 criteria, this Court should deny their request for certification.

### III.   ALTERNATIVELY, THE COURT SHOULD CERTIFY SUBCLASSES.

Should this Court conclude, notwithstanding the arguments above, that certification is proper, it should at a minimum divide the class into subclasses. Specifically, for all the reasons previously stated, the class should be narrowed as follows: (1) Blacks and Hispanics should be certified separately; (2) class members should be certified separately according to the year they took the exam; (3) Boston should be treated as a distinct subclass; and (4) individuals in towns that used testing components in addition to HRD's exam should be excluded from the class.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS and
PAUL DIETL, in his capacity as Chief Human
Resources Officer of the Human Resources
Division,

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

 /s/ Sookyoung Shin
Sookyoung Shin, BBO # 643713
Assistant Attorney General
One Ashburton Place, Room 2019
Boston, MA 02108-1698

Dated: May 30, 2008                    (617) 727-2200, ext. 2052

## **CERTIFICATE OF SERVICE**

I hereby certify that the above document will be served on May 30, 2008, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

                                             /s/ Sookyoung Shin
                                            Sookyoung Shin, BBO # 643713
                                            Assistant Attorney General