UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ, *et al.*,<br><br>       Plaintiffs,<br><br>     v.<br><br>CITY OF LAWRENCE, MASSACHUSETTS, *et al.*,<br><br>       Defendants. | CIVIL ACTION<br>NO. 07-11693-JLT |

### **STATE DEFENDANTS' ANSWER TO FIFTH AMENDED COMPLAINT**

Defendants Commonwealth of Massachusetts and Paul Dietl, in his capacity as Chief Human Resources Officer for the Commonwealth of Massachusetts, Human Resources Division (together, "State defendants") answer the plaintiffs' fifth amended complaint as follows:

### **I.   INTRODUCTION**

1. Paragraph 1 is a summary of the case to which no response is required.  If this paragraph is deemed to contain factual allegations requiring a response, the State defendants deny the allegations stated therein.  Further answering, the State defendants deny unlawfully discriminating against the plaintiffs and deny that the sergeant's promotional examination as utilized is unlawful.

### **II.   JURISDICTION**

2. Paragraph 2 is a statement of law to which no response is required.  To the extent a response is required, the State defendants deny that this Court has jurisdiction over this case under 28 U.S.C. §§ 1333 or 1367.

**III.   PARTIES**

3-11.   The State defendants admit that Abel Cano and Charles Dejesus are police officers for the City of Methuen; that Pedro Lopez, Kevin Sledge, and Richard Brooks are police officers for the City of Lawrence; that Robert Alvarez and Marisol Nobrega are police officers for the City of Lowell; and that Spencer Tatum is a police officer for the City of Worcester.  The State defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraphs 3 through 11.

12-14.   The State defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of these paragraphs.

15.   The State defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph.  The State defendants deny the allegations contained in the remainder of Paragraph 15 to the extent they imply that civil-service communities in the Commonwealth are required to utilize the sergeant promotional examination administered by the Human Resources Division ("HRD").  Further answering, the State defendants state that such communities may utilize their own alternative sergeant promotional examination and/or promotional process.  The State defendants admit the remaining allegations in the second sentence of this paragraph.

16.   Admitted.  Further answering, the State defendants state that Paul Dietl's official title is Chief Human Resources Officer.

17.   The State defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 17.

18.   Admitted.

19.   The State defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Admitted.

21. The State defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Admitted.

23. The State defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 23.

24. Admitted.

25. Admitted.

## IV. CLASS PLAINTIFFS

22 [sic]. Plaintiffs' second paragraph 22 is a description of the class sought to be certified, to which no response is required. Further answering, the State defendants deny that the class members are similarly situated.

23 [sic]. Plaintiffs' second paragraph 23 is a statement of law to which no response is required. Further answering, the State defendants deny that the claims of the putative class are identical or nearly identical to the claims of the named plaintiffs.

24 [sic]. Plaintiffs' second paragraph 24 contains only statements of law to which no response is required. Further answering, the State defendants deny all the statements contained in this paragraph.

25 [sic]. Plaintiffs' second paragraph 25 contains only statements of law to which no response is required. Further answering, the State defendants deny all the statements contained in this paragraph.

## V. STATEMENT OF FACTS

26. The State defendants admit the allegations contained in the first sentence of Paragraph 26. The State defendants are without sufficient information to form a belief as to the

truth of the allegations contained in the second sentence.

27.     This paragraph contains only a statement of the putative class as defined by the plaintiffs. It requires no response from the State defendants.

28.     The State defendants admit that the named municipal defendants have utilized HRD's sergeant promotional examination, as have other municipalities. The State defendants deny the remaining allegations contained in Paragraph 28 to the extent they imply that HRD is the municipal defendants' agent.

29.     The State defendants admit the allegations contained in the first two sentences of Paragraph 29. The State defendants deny the allegations contained in the third sentence to the extent they imply that examination scores alone determine who is selected for promotional positions.

30.     Admitted.

31.     Denied.

32.     The State defendants admit that a municipality covered by the civil-service law can conduct its own alternative sergeant promotional examination and/or promotional process. Further answering, the State defendants state that some municipalities in the Commonwealth have in fact implemented such alternative examinations and/or promotional processes. The State defendants deny that the promotional examination administered by HRD has an unlawful discriminatory impact.

33.     Denied.

34.     The State defendants admit the allegations contained in the first and third sentences of Paragraph 34. As to the second sentence, the State defendants admit that HRD has prepared eligible and certified lists of candidates following each recently administered sergeant promotional examination and that various municipalities have utilized said lists in making

promotions.  The State defendants deny the remaining allegations of Paragraph 34.

35.     The State defendants admit the allegations contained in Paragraph 35 as to the named plaintiffs.  The State defendants are without sufficient information to form a belief as to the truth of the allegations with regard to the putative class.

36.     The State defendants are without sufficient information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 36.  The State defendants admit the allegations contained in the second sentence.

37.     Denied.

38.     Denied.

The remaining paragraphs of the complaint set forth the claims and relief requested, to which no response is required.  The State defendants assert that plaintiffs have failed to state a basis for relief and further deny all the allegations contained in Counts I and II to the extent a response is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims, or some of them, are barred by the statute of limitations and/or by the doctrine of laches and/or by the waiver doctrine.  Further answering, the State defendants state that the plaintiffs have failed to specify any alleged act(s) made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), or M.G.L. c. 151B that has been committed by the State defendants within three hundred (300) days of the filing of plaintiffs' charges of discrimination with the Massachusetts Commission Against Discrimination, and therefore the plaintiffs' complaint should be dismissed.

### Third Affirmative Defense

Because plaintiffs have suffered no injury, they lack standing and their complaint fails to state a case or controversy sufficiently real to give this Court jurisdiction.

### Fourth Affirmative Defense

The State defendants at all times acted in good faith upon reasonable belief that their actions were required and in compliance with all relevant laws.

### Fifth Affirmative Defense

The sergeant's promotional examination as utilized fully complied with the applicable provisions of state and federal law.

### Sixth Affirmative Defense

The State defendants' actions were motivated by legitimate, nondiscriminatory reasons and at no time did they constitute adverse employment action against any plaintiff.

### Seventh Affirmative Defense

The sergeant's promotional examination was not designed, intended, or used to discriminate against minorities.  Such examination as utilized does not cause an unlawful disparate impact on minorities and is job-related for the position in question and consistent with business necessity.

### Eighth Affirmative Defense

The State defendants are not the plaintiffs' employer and are therefore not liable to them under either 42 U.S.C. § 2000(e) or M.G.L. c. 151B.  Hence, all claims against the State defendants must be dismissed.

### Ninth Affirmative Defense

One or more of the plaintiffs named in the complaint is not a member of a protected class under 42 U.S.C. § 2000(e), or M.G.L. c. 151B, as alleged in the plaintiffs' complaint.

**Tenth Affirmative Defense**

No legitimate expectations of the plaintiffs were frustrated or encumbered by the State defendants' actions, as the plaintiffs would not have been reached for consideration for promotion even had the State defendants not taken any of the actions challenged in the complaint.

**Eleventh Affirmative Defense**

The State defendants are protected by the doctrine of sovereign immunity, and the Personnel Administrator is additionally protected by the doctrine of qualified immunity.

**Twelfth Affirmative Defense**

The plaintiffs' demand for damages against the State defendants is barred by the Eleventh Amendment to the United States Constitution and/or the common law doctrine of sovereign immunity.

**Thirteenth Affirmative Defense**

Count II of the complaint, asserting violations of Mass. Gen. Laws ch. 151B, § 4, is barred by the doctrine of sovereign immunity, as set forth in Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 117 (1984).  All claims under chapter 151B must be asserted in state court.  See Adams v. Mass. Dep't of Revenue, Child Support Enforcement Div., 10 F.Supp.2d 157 (D. Mass. 2007).

**Fourteenth Affirmative Defense**

Any violations of the plaintiffs' civil rights or other alleged rights enumerated in the complaint were caused by the actions or inaction of parties other than the State defendants.

**Fifteenth Affirmative Defense**

This action is barred because the plaintiffs have failed to exhaust their administrative remedies.

**Sixteenth Affirmative Defense**

The named plaintiffs, or some of them, are not qualified for the position they allege they were denied, and thus their complaint must be dismissed.

The State defendants expressly reserve the right to amend this Answer to assert any additional defense that may subsequently come to light as a result of discovery or otherwise.

**JURY DEMAND**

The State defendants respectfully request a jury trial on all issues triable in said manner.

WHEREFORE, the State defendants request that this Court: (1) dismiss the plaintiffs' action and deny their prayers for relief with prejudice; (2) award costs and attorneys' fees to the State defendants; and (3) order such other relief as this Court deems just and proper.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS
and PAUL DIETL, in his Capacity as Chief
Human Resources Officer for the
Commonwealth of Massachusetts, Human
Resources Division,

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

 /s/ Robert L. Quinan, Jr.
Robert L. Quinan, Jr., BBO #553010
Sookyoung Shin, BBO # 643713
Assistant Attorneys General
One Ashburton Place
Government Bureau
Boston, Massachusetts 02108-1598
(617) 727-2200, ext. 2554 (Quinan)
(617) 727-2200, ext. 2052 (Shin)

Date:   June 3, 2008

CERTIFICATE OF SERVICE

      I hereby certify that the above document will be served on June 3, 2008, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

      /s/ Sookyoung Shin_____
Sookyoung Shin BBO # 643713
Assistant Attorney General