UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*************************************************
PEDRO LOPEZ; ABEL CANO; KEVIN SLEDGE;         *
CHARLES DEJESUS; RICHARD BROOKS;              *
ROBERT ALVAREZ; MARISOL NOBREGA;              *
SPENCER TATUM; THE MASSACHUSETTS              *
HISPANIC LAW ENFORCEMENT ASSOCIATION;         *
SHUMEAND BENFOLD; ANGELA WILLIAMS-             *
MITCHELL; GWENDOLYN BROWN; LYNETTE             *
PRAILEAU; INDIVIDUALLY AND ON BEHALF           *
OF A CLASS OF INDIVIDUALS SIMILARLY             *
SITUATED,                                      *
                Plaintiffs                     *
v.                                             *   Civil Action No. 07-11693-JLT
                                               *
CITY OF LAWRENCE, MASSACHUSETTS;              *
CITY OF METHUEN, MASSACHUSETTS;               *
COMMONWEALTH OF MASSACHUSETTS;                *
PAUL DIETL, IN HIS CAPACITY AS PERSONNEL       *
ADMINISTRATOR FOR THE COMMONWEALTH             *
OF MASSACHUSETTS, HUMAN RESOURCES              *
DIVISION; JOHN MICHAEL SULLIVAN, IN HIS        *
CAPACITY AS MAYOR OF THE CITY OF               *
LAWRENCE, MASSACHUSETTS;                       *
WILLIAM MANZI, III, IN HIS CAPACITY            *
AS MAYOR OF CITY OF METHUEN,                   *
MASSACHUSETTS; CITY OF LOWELL,                 *
MASSACHUSETTS; APPOINTING AUTHORITY            *
FOR THE CITY OF LOWELL, MASSACHUSETTS;         *
CITY OF WORCESTER, MASSACHUSETTS; and          *
MICHAEL O'BRIEN IN HIS CAPACITY AS CITY        *
MANAGER OF THE CITY OF WORCESTER,              *
MASSACHUSETTS, CITY OF BOSTON,                 *
                                               *
                Defendants                     *
*************************************************
```

## ANSWER AND AFFIRMATIVE DEFENSES OF THE DEFENDANT CITY OF BOSTON TO PLAINTIFFS' FIFTH AMENDED COMPLAINT

For its answer to Plaintiffs' Fifth Amended Complaint, Defendant City of Boston ("Boston") states as follows:

**I.**     **INTRODUCTION**

1.    Paragraph 1 of Plaintiff's Fifth Amended Complaint is an introduction and summary of Plaintiffs' allegations to which no responsive pleading is required. To the extent that Paragraph 1 contains allegations as to which a responsive pleading is required, Boston denies all such allegations.

**II.**    **JURISDICTION**

2.    Paragraph 2 of Plaintiffs' Fifth Amended Complaint contains conclusions of law to which no responsive pleading is required. To the extent that Paragraph 2 contains allegations as to which a responsive pleading is required, Boston denies all such allegations.

**III.**   **PARTIES**

3.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiffs' Fifth Amended Complaint.

4.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiffs' Fifth Amended Complaint.

5.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiffs' Fifth Amended Complaint.

6.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiffs' Fifth Amended Complaint.

7.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiffs' Fifth Amended Complaint.

8.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiffs' Fifth Amended Complaint.

9. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiffs' Fifth Amended Complaint.

10. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiffs' Fifth Amended Complaint.

11. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiffs' Fifth Amended Complaint.

12. Boston admits the allegations in Paragraph 12 of Plaintiffs' Fifth Amended Complaint.

13. Boston admits the allegations in Paragraph 13 of Plaintiffs' Fifth Amended Complaint.

14. Boston admits the allegations in Paragraph 14 of Plaintiffs' Fifth Amended Complaint.

15. Boston admits the allegations in Paragraph 15 of Plaintiffs' Fifth Amended Complaint.

16. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of Plaintiffs' Fifth Amended Complaint.

17. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of Plaintiffs' Fifth Amended Complaint.

18. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of Plaintiffs' Fifth Amended Complaint.

19. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of Plaintiffs' Fifth Amended Complaint.

20. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of Plaintiffs' Fifth Amended Complaint.

21. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiffs' Fifth Amended Complaint.

22. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of Plaintiffs' Fifth Amended Complaint.

23. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of Plaintiffs' Fifth Amended Complaint.

24. Boston admits the allegations in Paragraph 24 of Plaintiffs' Fifth Amended Complaint.

25. Boston admits that it is a municipal corporation and that it operates a police department, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of Plaintiffs' Fifth Amended Complaint.

**IV.**   **CLASS PLAINTIFFS**

22. [sic]  Paragraph 22 (second) of Plaintiffs' Fifth Amended Complaint contains a description of a class sought to be certified, as well as conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 22 contains allegations as to which a responsive pleading is required, Boston denies the allegations therein.

23. [sic]  Paragraph 23 (second) of Plaintiffs' Fifth Amended Complaint contains a description of a class sought to be certified, as well as conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 23 contains allegations as to which a responsive pleading is required, Boston denies the allegations therein.

4

24.     [sic] Paragraph 24 (second) of Plaintiffs' Fifth Amended Complaint contains a description of a class sought to be certified, as well as conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 24 contains allegations as to which a responsive pleading is required, Boston denies the allegations therein.

25.     [sic] Paragraph 25 (second) of Plaintiffs' Fifth Amended Complaint contains a description of a class sought to be certified, as well as conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 25 contains allegations as to which a responsive pleading is required, Boston denies the allegations therein.

V.    **STATEMENTS OF FACTS**

26.     Boston admits so much of Paragraph 26 of Plaintiffs' Fifth Amended Complaint as alleges that Plaintiffs Shumean Benfold, Angela Williams-Mitchell, Gwendolyn Brown and Lynette Praileau are Boston Police Officers and are African-American. Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of Plaintiffs' Fifth Amended Complaint.

27.     Boston admits so much of Paragraph 27 of Plaintiffs' Fifth Amended Complaint as alleges that Plaintiffs Shumean Benfold, Angela Williams-Mitchell, Gwendolyn Brown and Lynette Praileau have taken the police sergeant's promotional examination for Boston in 2005, and have not been promoted. Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of Plaintiffs' Fifth Amended Complaint.

28.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiffs' Fifth Amended Complaint.

29. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiffs' Fifth Amended Complaint.

30. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiffs' Fifth Amended Complaint.

31. Insofar as Paragraph 31 of Plaintiffs' Fifth Amended Complaint is directed to it, Boston denies the allegations therein. Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of Plaintiffs' Fifth Amended Complaint.

32. Insofar as Paragraph 32 of Plaintiffs' Fifth Amended Complaint is directed to it, Boston denies the allegations therein. Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of Plaintiffs' Fifth Amended Complaint.

33. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of Plaintiffs' Fifth Amended Complaint.

34. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of Plaintiffs' Fifth Amended Complaint.

35. Insofar as Paragraph 35 of Plaintiffs' Fifth Amended Complaint is directed to it, Boston admits that Plaintiffs Shumeand Benfold, Angela Williams-Mitchell, Gwendolyn Brown and Lynette Praileau took the police sergeant's promotional examination for Boston in 2005. Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of Plaintiffs' Fifth Amended Complaint.

36. Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiffs' Fifth Amended Complaint.

37. Insofar as Paragraph 37 of Plaintiffs' Fifth Amended Complaint is directed to it, Boston denies the allegations therein. Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 of Plaintiffs' Fifth Amended Complaint.

38. Insofar as Paragraph 38 of Plaintiffs' Fifth Amended Complaint is directed to it, Boston denies the allegations therein. Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of Plaintiffs' Fifth Amended Complaint.

## COUNT I

Count I of Plaintiffs' Fifth Amended Complaint sets forth conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, Boston denies the allegations insofar as Count I is directed to it.

## COUNT II

Count II of Plaintiffs' Fifth Amended Complaint sets forth conclusions of law as to which no responsive pleading is required. To the extent that a responsive pleading is required, Boston denies the allegations insofar as Count II is directed to it.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Fifth Amended Complaint as to Boston fails in whole or in part to state a claim upon which relief can be granted.

2. Counts I and II of Plaintiffs' Fifth Amended Complaint as to Boston are barred in whole or in part by the applicable limitation periods for the claims set forth in those counts.

3. Counts I and II of Plaintiffs' Fifth Amended Complaint as to Boston fail to allege any acts made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), or G.L.

c.151B that have been committed by Boston within three hundred (300) days of the filing of charges of discrimination by Plaintiffs Shumeand Benfold, Angela Williams-Mitchell, Gwendolyn Brown and Lynette Praileau with the Massachusetts Commission Against Discrimination, and therefore the Plaintiffs' Fifth Amended Complaint should be dismissed.

4. Plaintiffs Shumeand Benfold, Angela Williams-Mitchell, Gwendolyn Brown and Lynette Praileau have failed to exhaust their administrative remedies and are therefore precluded from asserting Counts I and II of Plaintiffs' Fifth Amended Complaint as to Boston.

5. The claims alleged by Plaintiffs Shumeand Benfold, Angela Williams-Mitchell, Gwendolyn Brown and Lynette Praileau as to Boston are not ripe and therefore are not justiciable at this time.

6. The 2005 police sergeant's promotional examination for Boston did not cause an unlawful disparate impact, and is job-related for the position in question and consistent with business necessity.

7. The claims alleged by Plaintiffs Shumeand Benfold, Angela Williams-Mitchell, Gwendolyn Brown and Lynette Praileau as to Boston are barred by the doctrine of laches.

8. Assuming _arguendo_ that Plaintiffs Shumeand Benfold, Angela Williams-Mitchell, Gwendolyn Brown and Lynette Praileau have suffered injuries and/or damages as alleged, such injuries and/or damages were caused by someone for whose conduct Boston is not legally responsible.

9. Some or all of the Plaintiffs lack standing to assert Counts I and II of Plaintiffs' Fifth Amended Complaint as to Boston.

10. At all times Boston acted in good faith and upon reasonable belief that its actions were in compliance with all relevant laws.

11. The 2005 police sergeant's promotional exam for Boston fully complied with the applicable provisions of state and federal law.

12. Boston's actions were motivated by legitimate, nondiscriminatory reasons and at no time did they constitute adverse employment action against Plaintiffs Shumeand Benfold, Angela Williams-Mitchell, Gwendolyn Brown and Lynette Praileau, or any other Plaintiff.

13. On information and belief Plaintiffs Shumeand Benfold, Angela Williams-Mitchell, Gwendolyn Brown and Lynette Praileau are not qualified for the position they allege they were denied.

WHEREFORE, having answered herein, Boston prays that Plaintiffs' Fifth Amended Complaint be dismissed with prejudice as to it, that Boston be awarded its costs and attorneys' fees, and that Boston be awarded such other and further relief as this Court deems just and proper.

> Respectfully submitted,
> CITY OF BOSTON,
> By its attorneys,
>
> WILLIAM F. SINNOTT
> Corporation Counsel
>
> /s/Robert P. Morris
> Mary Jo Harris (BBO #561484)
> Robert P. Morris (BBO #546052)
> Special Assistant Corporation Counsel
> MORGAN, BROWN & JOY, LLP
> 200 State Street
> 11th Floor
> Boston, MA 02109
> (617) 523-6666

Dated: June 5, 2008

## **CERTIFICATE OF SERVICE**

      I, Robert P. Morris, certify that on June 5, 2008, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

                                                      /s/Robert P. Morris
                                                      Robert P. Morris