**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                            )
PEDRO LOPEZ, et al.                         )
            Plaintiffs                      )
                                            )
v.                                          )
                                            ) **Case No. 07-CA-11693-JLT**
CITY OF LAWRENCE, MASSACHUSETTS, et al.     )
                                            )
            Defendants                      )
_____)

# PLAINTIFFS' MOTION FOR RECONSIDERATION
# OF ORDER DENYING CLASS CERTIFICATION

**I.     INTRODUCTION.**

At the class certification motion hearing in the above-titled case, this court directed plaintiffs' counsel to draft a proposed order on class certification (limited in the manner discussed by the parties and the court at the hearing), and to file such proposed order with the court.  The plaintiffs' counsel did this on May 19, 2008, stating in its cover letter to the court that, should defendants file objections to the proposed order, they would file a response to such objections.  On May 30, 2008, the Commonwealth defendants filed a memorandum opposing such class certification order.  On May 30, 2008, that objection was joined by counsel for the City of Boston.  Plaintiffs' counsel obtained the consent of counsel for the Commonwealth to file a short response to such objection, and that response was fully drafted and about to be filed when, on June 9, 2008, this court issued an order without opinion denying class certification.  Accordingly, plaintiffs' counsel has now converted their "response to defendants' objections to class certification order" to a motion for reconsideration.  The motion should be granted for a multitude of compelling reasons.  First, plaintiffs had not yet had an opportunity to

1

respond to the Commonwealth's objections. More importantly, the assertions made in those objections, that certification was not "necessary" because if the named plaintiffs won, the decision would inure to the benefit of all "similarly situated" police officers, is patently untrue as a matter of law and fact.

Further, as demonstrated by the prior briefs filed by the plaintiffs in this case, class certification, particularly in a case such as this, challenging a statewide promotional examination as discriminatory, requires the granting of an appropriate class certification order, lest the rights of similarly situated minority police officers be extinguished for timeliness reasons. Just as in <u>Bradley, et al. v. City of Lynn, et al.</u>, 443 F.Supp.2d 145 (D. Mass. 2006) Civil Action No. 05-10213-PBS (settlement agreement annexed hereto as Exhibit A), this court should grant class certification.

**II.    <u>THE COMMONWEALTH'S ASSERTION THAT A DECISION BY THIS COURT THAT THE EXAM WAS DISCRIMINATORY "WOULD INURE TO THE BENEFIT OF ALL MINORITY OFFICERS" IS FACTUALLY UNTRUE AND THEREFORE DESTROYS THE PREMISE BOTH OF THE COMMONWEALTH'S ARGUMENT AND THIS COURT'S ORDER</u>.**

The Commonwealth makes the bold assertion that if this court were to find that the HRD examination violated Title VII, "any declaration that HRD's exam had a disparate impact and was not job-related would inure to the benefit of all minority officers similarly situated to the named plaintiffs." (See State Defendant's Response to Plaintiffs' Proposed Order Certifying Class dated May 30, 2008.) The court apparently adopted this reasoning since its order is "without prejudice as to the potential remedial stage." See Order dated June 9, 2008. However, the Commonwealth's assertion is simply untrue. To understand why, a little background is necessary.

First, as the prior briefing on this motion makes clear, and pursuant to the discussions had by the parties in open court, the Commonwealth has asserted (and the defendants do not necessarily dispute) that for the fall 2008 statewide police promotional examination for the position of sergeant, the Commonwealth has hired a well-known expert, Rick Jacobs, who the Commonwealth claims is devising a new (and hopefully nondiscriminatory) police sergeant promotional exam for civil service communities in the Commonwealth. Based on that, and at the suggestion of this court, the plaintiffs have, in this action, withdrawn without prejudice any claims for prospective injunctive relief relating to the 2008 examination, based upon the representations that a new job-related examination is being constructed. See plaintiffs' amended complaint omitting reference to future examinations, filed at the request of the court on May 30, 2008.

Based upon this amendment, the present case is confined to those minority police officers who took the statewide police sergeants examinations given by HRD from which promotions are still being made (the fall of 2005 examination which was not certified until 2006, the 2006 examination which was not certified until 2007, and the 2007 examination which was not certified until early 2008). Since under the civil service law most cities call for an exam once in every three-year period, some cities such as Boston are still promoting off of the 2005 examination list, some cities are currently promoting from the 2006 examination, and some from the 2007 examination. See plaintiffs' prior reply brief at pp. 3 to 8.

If plaintiffs are successful (as they most certainly believe they will be) in showing that HRD's police sergeant promotional examinations violated Title VII under a

"disparate impact" analysis, then, undoubtedly, class members will be entitled to certain remedial relief, similar, if not identical, to the remedial relief which the court ordered and approved in the Bradley case. (See settlement agreement in Bradley, which was approved by the court, and is attached hereto as Exhibit A.) This relief would likely involve requiring that certain minority candidates be provided further opportunity for promotion based on prior exam results, along with lost back pay and seniority. (See Exhibit A.)

However, if the case is not certified as a class action, the defendants will unquestionably argue that they are not required to provide any injunctive/remedial relief to non-named plaintiffs. Thus, while in their "response" to plaintiffs' proposed order certifying a class, defendants claim that "any declaration that HRD's exam had a disparate impact and was not job related would inure to the benefit of all minority officers similarly situated to the named plaintiffs," (see defendants' objection at p. 1) the defendants fail to even suggest how this is so and based upon what authority this court would be able to grant relief as occurred in the Bradley case, in the form of "shortfall" hiring or other injunctive or compensatory (back pay and seniority) relief to non-named plaintiffs, where the court has declined to certify a class.

In this regard, the law could not be clearer: In an employment discrimination suit, while the pendancy of a class action suit "tolls application of the statute of limitation," Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1381 (11th Cir. 1998), once an order denying class certification is issued, tolling of the statute of limitation ceases as soon "as the district court denies class certification." Id. at 1382. (See also Section IV *infra*. and the cases cited therein.)

Thus, by denying class certification, and without a further tolling of the statute of limitations for class plaintiffs, and given that the filing deadline under Title VII is short (180 days), the denial of class certification will extinguish the claims of the numerous minority police officers who would benefit from a determination that the sergeant promotional examination given in 2005, 2006, and 2007 is discriminatory. Without their being part of the class, those minority police officers' claims are extinguished and they would be entitled to no relief.

In its recent objection, the Commonwealth based its opposition to class certification on one First Circuit case, Dionne v. Bouley, 757 F.2d 1344 (1st Cir. 1985). Yet that case offers little assistance to the Commonwealth. First, the facts were vastly different in that the only issue in that case was the plaintiffs' request for a prospective injunction prohibiting the utilization of a Rhode Island pre-judgment garnishment statute. The court there issued only a prospective order and that prospective order ran to everyone in the state, and therefore the district court found that class action certification was not necessary. However, the First Circuit in Dionne specifically rejected the argument that class certification should be denied simply by reason of the fact that a prospective injunction would inure to the benefit of all prospective class members. More recent decisions in this circuit have specifically rejected that analysis as a reason to deny class certification. Colon v. Wagner, 462 F.Supp.2d 162, 174 (D. Mass. 2006) (distinguishing Dionne and finding that a prospective class was appropriate); New Motor Vehicles Canadian Expert, MDL 1532, 2006 WL 623591 (D. Me. 2006) (reversed on other grounds) (same); Rancourt v. Concannon, 2807 F.R.D. 14 (D. Me. 2002) (same); Yaffe v. Powers, 454 F.2d 1362 (1st Cir. 1972) (granting class certification for a

5

prospective Rule 23(b)(2) class). Moreover, in <u>Guckenberger v. Boston University</u>, 957 F.Supp. 306 (D. Mass. 1997), Judge Saris specifically rejected the <u>Dionne</u> analysis and granted class certification for prospective relief, while deferring the issue of class certification regarding "money damages." <u>Id</u>. at 326, fn. 17.

Thus, to the extent that the court has denied class certification, without decision, based on the Commonwealth's fallacious argument that the putative class plaintiffs will suffer no harm from such denial, this argument is simply untrue. There are literally hundreds of minority police officers who have taken the sergeants exam who have not been promoted and whose claims will be timed out if class certification is not granted. Further, it is understandable that many minority police officers in departments throughout the Commonwealth are concerned about coming forward and becoming named plaintiffs in this case, since in doing so they obviously pit themselves against their fellow non-minority police officers with respect to promotional advancement. It is very difficult for many minority police officers to come forward and claim that the statewide examination is discriminatory, when to do so will unquestionably open themselves up to ridicule and being ostracized. (See Affidavit of lead Plaintiff Abel Cano, attached hereto as Exhibit B.) Courts have recognized that such fears are a factor in determining whether or not to certify a class. <u>Arkansas Education Association v. Board of Education of Portland</u>, 446 F.2d 763, 765 (8th Cir. 1971) ("those teachers who remain in the school system could have a natural fear or reluctance to bring this action on an individual basis …" for fear of retaliation); <u>O'Brien v. Encotech Construction Services</u>, 203 F.R.D. 346, 350 (N.D. Ill. 2001) (recognizing "a very important concern is the fear of retaliation for individual employees required to file individual claims …"); <u>see</u>

6

also Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 625 (5th Cir. 1999) (finding that the district court had discretion to find that joinder of all class members who be impracticable where potential class members still employed "might be unwilling to sue individually or join a suit for fear …").

With all respect to this court, its order denying class certification now at the liability stage, but deferring the issue for remedy is just the opposite of the appropriate course of action. By denying class certification now, the court will extinguish the claims of all of the unnamed class members. Thus, if at the remedy stage the court wishes to then certify a class for remedial purposes, all of the non-named plaintiffs' claims would have been extinguished, and they will not be entitled to partake in the remedial phase.

This problem needs to be corrected by the court promptly. One way to do so is to require the defendants to agree to a "tolling agreement" tolling the statute of limitations for the class members. Another method would be to certify the class provisionally as set forth in plaintiffs' proposed order. Another method would be to withdraw the order denying class certification and simply defer ruling on class certification until a later stage. However, denying class certification now does not save, and in fact extinguishes, the non-named plaintiffs' claims.

### III. IN THE ALTERNATIVE, THIS COURT SHOULD DEFER RULING ON CLASS CERTIFICATION UNTIL IT HAS PERMITTED DISCOVERY TO BE COMPLETED AND/OR DISPOSITIVE MOTIONS TO BE FILED.

While Rule 23 contemplates that class certification shall be considered in a timely fashion, there is a significant trend in this district and elsewhere that consideration of

class certification may in some cases be best suited after a more detailed factual development of the record.

Under Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure, a court may consider or reconsider class certification at any time.  Rule 23(c)(1)(C) specifically states that "an order that grants or denies class certification may be altered or amended before final judgment."  Courts have held that this rule specifically empowers district courts to alter or amend class certification orders "at any time prior to a decision on the merits."  See In Re:  Bashore Ford Truck Sales, Inc., 471 F.3d 1233, 1254 (11th Cir. 2006) (quoting Prado v. Bush, 221 F.3d 1266, 1273 (11th Cir. 2000) (emphasis in original)).

District courts have relied upon this rule to grant class certification when further discovery or argument has convinced the court that the prerequisites for class certification have been met despite the court's earlier denial of certification.  See Kamerman v. Steinberg, 123 F.R.D. 66, 69-70 (S.D.N.Y. 1988) (granting certification upon reconsideration); Land Grantors in Henderson Union, and Webster Counties v. United States, 71 Fed.Cl. 614, 626 (Fed. Cl. 2006) (same).[1]

As more fully described below, since plaintiffs have not even received their discovery yet from the defendants in this case, nor had the opportunity to analyze the data, the plaintiffs request that this court, at the very least, reconsider and withhold a decision on class certification pending further development of the facts of this case.

---

[1] Moreover, several circuit courts have indicated that plaintiffs should be allowed to pursue reconsideration when warranted under Rule 23(c)(1)(C).  See In Re: Initial Public Offering Securities Litigation, 483 F.3d 70, 73 (2nd Cir. 2007) ("district courts have ample discretion to consider … a revised class certification motion after initial denial"); Calderon v. Presidio Valley Farmers Association, 863 F.2d 384, 389 (5th Cir. 1989) (noting that the court had "specifically invited the district court to reconsider its decision denying class certification on remand" and citing to Rule 23(c)(1)(C)); Guiterrez v. Johnson & Johnson, 523 F.3d 187, 199 (3rd Cir. 2008) ("plaintiffs may request that the district court alter or amend its order on class certification; this request can be made at any time prior to the entry of final judgment").

8

This would have the further advantage of allowing the putative class plaintiffs' claims to be continued to be tolled pending such later decision on class certification. It would also allow the court to clarify the legal questions surrounding the issue of whether class certification is appropriate.

In line with the above analysis, a number of courts have held that judges have the inherent right to defer class certification until after reviewing or deciding partial summary judgment motions. See In Re: IKON Office Solutions, 191 F.R.D. 457, 461 (E.D.N.Y. 2000). In Kenavan v. Empire Blue Cross Blue Shield, 1993 WL 128012, (S.D.N.Y. 1993), the court stated:

> The court cannot say that the question whether individual class members relied on defendants' written representations poses an insurmountable barrier to proceed to rule on the parties' cross motions for summary judgment. If a dispute of material fact prevents the court from entering summary judgment for either party on the common law fraud claim, and for trial the issue of individual reliance becomes necessary, the court may revisit the class certification decision. For now, the court holds that the common issues predominate.

The Fourth Circuit has also approved of such conditional certification. Gunnells v. Health Plan Services, Inc., 348 F.3d 417, 429-430 (4th Cir. 2003) (expressly noting that the district court was aware of the possibility that individual issues could ultimately predominate and indicating that if this became a problem later, the court could take action to decertify class).

More to the point, in Moniz v. Crossland Mortgage Corp., 175 F.R.D. 1 (D. Mass. 1997), Judge Young of this Court stated:

> Calling for a motion for summary judgment before acting on the issue of class certification is somewhat unorthodox but a frequently helpful technique. Where a plaintiff class is sought, if counsel for the named plaintiff can frame a compelling motion, even for partial summary judgment, its allowance will operate with preclusive effect upon the

9

> defendant and will produce a substantive record that will inform the court, as nothing else could, of the proper parameters of the plaintiff class. . . .

Accord Mowbray v. Waste Management Holdings, Inc., 189 F.R.D. 194, 196-197 (D. Mass. 1999) ("ordinarily the motion for class certification … comes prior to dispositive motions. . . .  As this court as noted, however, the benefit of ruling on a partial summary judgment motion prior to a motion for class certification lies in helping to define the class").  These holdings apply with equal force to this case and provide ample authority for this court to withhold ruling on class certification until the record has been more fully developed.

### IV. AT THE VERY LEAST, THIS COURT SHOULD CONTINUE TO TOLL THE STATUTE OF LIMITATIONS FOR THE PUTATIVE PLAINTIFF CLASS, AND ORDER THAT SUCH PUTATIVE CLASS MEMBERS RECEIVE APPROPRIATE NOTICE PURSUANT TO RULE 23(e).

As argued above, up until this court's denial of class certification, the statute of limitations for putative class members (minority police officers who took the police sergeant's promotional exam) has been tolled under controlling precedent.  See American Pipe and Construction Company v. Utah, 414 U.S. 538 (1974).  Further, once class certification is denied, the tolling of the statute of limitations ceases.  See United Airlines, Inc. v. McDonald, 432 U.S. 385 (1977).

A number of courts have addressed the problem of what to do when a class action case results in a denial of class certification.  Courts have noted the problem that potential class plaintiffs, having learned about the case through the press[2] or otherwise of the pendency of such a lawsuit, are not aware that their rights are no longer protected

---

[2] In this case there was significant press coverage when this case was filed.  See, i.e. Lawsuit Challenges Fairness of Police Test, Boston Globe, September 12, 2007 (Exhibit C); Lawrence, Methuen Officers Claim Discrimination in Advancement Test, Eagle Tribune (Exhibit D).

10

in light of the denial of class certification. See Culver v. City of Milwaukee, 77 F.3d 908 (7th Cir. 2002) (Judge Posner). See also Radmanovich v. Combined Insurance Company of America, 271 F.Supp.2d 1075 (N.D. Ill. 2003); Birmingham Steel Corporation v. Tennessee Valley Authority, 353 F.3d 1331 (11th Cir. 2003). As Judge Posner, writing for the Seventh Circuit, pointed out, this problem is most clearly present when the pendency of a case, particularly one involving public employees, has been the subject of media attention, thereby leading unnamed class members to believe that their rights are being protected, when, in fact, by reason of the denial of class certification or decertification, their rights have been lost. Culver, supra. at 914; Radmanovich, supra, at 1077. Therefore, the courts in Culver and Radmanovich specifically held that when a court fails to certify a class action, particularly after there has been publicity, it is proper, in order to properly protect the interests of unnamed class members, to (1) toll the statute of limitations for an additional reasonable period; and (2) during such additional tolling period, require that the plaintiffs provide notice to all class members that the court has denied class certification and, therefore, such putative class members must, in order to protect their rights in the case, take affirmative action to joint the case as a named plaintiff or their legal right to relief may be lost. See Culver, 77 F.3d at 914-915. Indeed, in Radmanovich, the court held that upon denying class certification, such notice was required. 271 F.Supp.2d at 1077-78.

Thus, to the extent the court is intent on denying class certification at this stage, and thereby permitting the extinguishment of the putative class members' rights, particularly where there has been media attention about this case, the court should order notice to the affected putative class members so that they may now protect their

11

rights. In addition, the court should toll the statute of limitations further during this pendency.

## CONCLUSION

For all these reasons, plaintiffs request that this court grant this motion for reconsideration. First, the order denying class certification preceded the response which plaintiffs had drafted and which was about to be filed with the consent of the Commonwealth. Second, the Commonwealth's main argument that class certification is unnecessary because a decision in the named plaintiffs' favor would inure to the benefit of minority police officers similarly situated is patently untrue as such officers would be barred by the statute of limitations from seeking promotion, back pay and lost seniority, all of which are basic remedy elements in a case such as this. See Bradley v. City of Lynn, (court approved settlement agreement attached hereto as Exhibit A). Further, the court's denial of class certification with the suggestion that it can be renewed at the remedy stage, does not cure the problem that the court's recent order stops the tolling of the statute of limitations and that without notice to the putative class of this denial, particularly where this case has engendered publicity, officers will not know that they need to take action to exercise their rights. Finally, at the very least, this court should: (1) condition the denial of class certification at this time only upon the defendants entering into a "tolling agreement"; or (2) rescind the denial and, instead, order the parties to complete discovery first and then bring the motion up again, thereby allowing

tolling to continue; or (3) grant conditional certification at this time, recognizing that the matter may be revisited under Rule 23(c)(1)(C).

                Respectfully submitted,

                PEDRO LOPEZ, et al.

                By their attorneys,

Dated: June 13, 2008        /s/Harold L. Lichten_____
                Harold L. Lichten, BBO #549689
                Shannon Liss-Riordan, BBO #640716
                Leah M. Barrault, BBO # 661626
                Pyle, Rome, Lichten, Ehrenberg
                     & Liss-Riordan, P.C.
                18 Tremont St., Ste. 500
                Boston, MA 02108
                (617) 367-7200

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above document has been served on the attorney of record for each party via the court's ECF filing system on June 13, 2008.

                _/s/ Harold L. Lichten_____
                Harold L. Lichten