**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| PEDRO LOPEZ, et al., | |
| Plaintiffs, | |
| v. | CIVIL ACTION<br>NO. 07-11693-JLT |
| CITY OF LAWRENCE, et al., | |
| Defendants. | |

**STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR**
**RECONSIDERATION OF ORDER DENYING CLASS CERTIFICATION**

The State defendants[1] hereby oppose plaintiffs' Motion for Reconsideration of Order

Denying Class Certification (Paper No. 88).  The sole basis for plaintiffs' motion—that this case

should be certified as a class action because, otherwise, some of the putative class members'

claims may be time-barred—is irrelevant to the question whether certification is proper.

Plaintiffs' motion should therefore be denied.

**I.     THE COURT WAS CORRECT TO DENY CLASS CERTIFICATION.**

    **A.     The Class-Action Device is not a Mechanism to Save Time-Barred Claims.**

The pertinent inquiry in assessing whether class certification is proper is whether

plaintiffs have met their heavy burden of satisfying all the requirements of Fed. R. Civ. P.

23—numerosity, commonality, typicality, and adequacy of representation.  General Tel. Co. of

the Southwest v. Falcon, 457 U.S. 147, 161 (1982).  Plaintiffs' motion does not even attempt to

show how this Court erred in applying these criteria.  As HRD previously explained, and

plaintiffs effectively concede, their proposed partial certification on liability fails to satisfy Rule

---

[1]  Commonwealth of Massachusetts and Paul Dietl, in his capacity as Chief Human Resources
Officer of the Human Resources Division ("HRD").

23 because it improperly isolates and omits an essential element of their claim—i.e., the

"alternatives" prong of the disparate-impact test, which is not amenable to certification because

of significant factual variations among the municipalities as to what alternatives were actually

contemplated and either rejected or used.  See HRD's Response to Pls.' Proposed Order (Paper

No. 83) at 3-4.  HRD also explained that the proposed class is overbroad in that it includes

individuals who are not similarly situated to the named plaintiffs and includes claims that the

plaintiffs do not have standing to raise.  See id. at 4-5.

Plaintiffs do not even address these points, let alone explain why class certification is

nonetheless proper.  Rather, the sole basis for their motion is that, absent certification, the

putative class members' claims may be barred by the statute of limitations applicable to Title VII

actions.  See Pls.' Mot. at 2-7.  Indeed, plaintiffs go so far as to ask this Court "to require the

defendants to agree to a 'tolling agreement' tolling the statute of limitations for the class

members."  Id. at 7.

This argument should be rejected out of hand because the statute of limitations simply

has no bearing on the class-certification analysis.  Plaintiffs cite no case—and HRD is aware of

none—that holds that a class action may be used as a device to rescue untimely claims.  If the

putative class members believe that their Title VII rights have been violated, then it is incumbent

upon them to file a charge within the limitations period imposed by Congress.[2]  That they may

---

[2]   In this regard the Court should reject plaintiffs' assertion that class certification is appropriate
because "[i]t is very difficult for many minority police officers to come forward" due to "fears"
of "open[ing] themselves up to ridicule and being ostracized."  Pls.' Mot. at 6.  Such "fears" are
only relevant, if at all, to the numerosity requirement.  That is, a class member's fear of suing
individually may be a factor in determining whether joinder would be impracticable; it is not,
however, a stand-alone reason to grant certification.  All of the cases cited by plaintiffs stand for
this limited proposition.  See id. at 6-7.

have failed to do so is no reason to certify a class where the Rule 23 requirements have not been satisfied.

**B.      Plaintiffs' New Request for Injunctive Relief in the Form of Preferential Hiring is not a Basis for Reconsideration.**

In a related vein, plaintiffs assert, for the first time in their motion, that class certification is necessary in order to preserve the putative class members' claims to remedial relief in the form of preferential hiring, with attendant backpay and seniority. Pls.' Mot. at 3-7. According to plaintiffs, unless this Court rescinds its denial of class certification, these claims will be "extinguished" under Title VII's statute of limitations. Id. at 5.

This argument should be rejected for a number of reasons. As an initial matter, plaintiffs have unfairly created a moving target for all the defendants by failing to specify precisely what relief they are seeking. At the hearing on the motion for class certification, this Court expressly ordered plaintiffs to amend their Fourth Amended Complaint to clarify the nature of their requests for injunctive relief. See April 29, 2008 Order. The Fourth Amended Complaint had requested "appropriate injunctive and declaratory relief requiring the defendants to devise new job-related, non-discriminatory examinations." See Paper No. 62 at 9. In response to the Court's order to clarify this request, plaintiffs did precisely the opposite: their Fifth Amended Complaint now seeks "appropriate injunctive and declaratory relief remedying Defendants' past acts of discrimination." See Paper No. 82 at 9.

Having failed to comply with this Court's order, plaintiffs now belatedly claim that they are not seeking a prospective injunction requiring defendants to devise a new exam but, rather, injunctive relief in the form of preferential hiring. See Pls.' Mot. at 3-7. This new request does not, however, change the class-certification analysis. Regardless of the remedies sought, the fact

remains that plaintiffs have failed to satisfy the Rule 23 prerequisites, for all the reasons stated

above and in HRD's prior filings.  Plaintiffs do not explain, for instance, how this Court can

certify a class at the liability stage when the "alternatives" analysis would vary among the civil-

service municipalities, the vast majority of which have not been joined as defendants in this suit.

Moreover, as HRD has previously discussed, ordering a minority police officer to be

promoted before a higher-scoring non-minority could potentially disrupt morale within the

various municipal police departments, which must therefore have the opportunity to be heard

before such a remedy can be implemented.  See HRD's Surreply (Paper No. 66) at 8.  Thus, to

allow this case to proceed as a class action would potentially bind statewide class members to a

judgment that could only be enforced in the five municipalities that are named as defendants.

Plaintiffs have yet to address this point or to explain how certification is appropriate given the

inherent risk of unfairness to the vast majority of the putative class.

This Court was therefore correct to deny certification, notwithstanding plaintiffs' new

request for injunctive relief.  Plaintiffs' assertion that some individuals will be "timed out" from

seeking preferential hiring, Pls.' Mot. at 6, is, once again, irrelevant in determining whether a

class action is proper.  In short, the underlying premise of plaintiffs' motion is fatally flawed and

provides no grounds for reconsideration.

## II.   THE COURT SHOULD NOT ISSUE A CONDITIONAL CERTIFICATION OR DEFER ITS RULING.

In the alternative plaintiffs request that this Court certify a class conditionally as set forth

in their proposed order, or defer its ruling on the certification question altogether.  Pls.' Mot. at

7-10.  These requests should be denied because they are improper under the 2003 amendments to

Rule 23, which deleted language stating that class certification "may be conditional."  Fed. R.

Civ. P. 23 advisory comm. note.  As the advisory committee made clear, it is the plaintiff's

burden to show that a class is appropriate, and so a "court that is not satisfied that the

requirements of Rule 23 have been met should refuse certification until they have been met."

Id.; see also Wachtel v. Guardian Life Ins. Co. of Am., 453 F.3d 179, 186 n.8 (3d Cir. 2006)

("the 2003 amendments to the Rule eliminated so-called 'conditional' certifications—formerly

available under Rule 23(c)(1)(C)—such that a trial court may not certify only a limited list of

class claims or issues while explicitly delaying decision on other claims").  This Court was

therefore correct to issue its ruling promptly.

 Judge Young's decision in Moriz v. Crossland Mortgage Corp., 175 F.R.D. 1 (D. Mass.

1997), does not help plaintiffs' cause.  See Pls.' Mot. at 9-10.  In that case Judge Young deferred

ruling on class certification for a period of less than two months to allow the plaintiff to file a

summary judgment motion that would "inform the Court . . . of the proper parameters of the

plaintiff class and whether the named plaintiff [would] fairly and adequately represent that

class."  Id. at 1 n.1; see Mowbray v. Waste Mgmt. Holdings, Inc., 189 F.R.D. 194, 197 (D. Mass.

1999) (similar).  Upon denying summary judgment, however, the judge promptly turned his

attention back to the request for class certification.  See Moritz, 175 F.R.D. at 1.

Here, plaintiffs have expressed no intention of filing any summary judgment motion,

much less one that would shed additional light on the certification issue.  Instead, plaintiffs urge

this Court to defer its ruling indefinitely "until the record has been more fully developed."  Pls.'

Mot. at 10.  There is no authority for such an open-ended request, which is plainly an improper

attempt to suspend the statute of limitations without justification.  See, e.g., id. at 7 (asking that

the Court save potentially untimely claims by either requiring defendants to agree to a "tolling

agreement," certifying the class provisionally, or withdrawing its order and "defer[ring] ruling on

class certification until a later stage" ); id. at 9 (arguing that conditional certification or

withholding decision would have the "advantage of allowing the putative class plaintiffs' claims

to be continued to be tolled").  Contrary to plaintiffs' suggestion, defendants are entitled to know

in a timely manner whether this case will proceed as a class action, or as individual actions on

the named plaintiffs' claims, so that they may plan accordingly.  This Court should therefore

decline to withhold its ruling on the issue.

**III.    THIS COURT SHOULD DENY PLAINTIFFS' REQUESTS FOR TOLLING OF THE STATUTE OF LIMITATIONS AND NOTICE TO THE PUTATIVE CLASS MEMBERS.**

Plaintiffs argue that, at the very least, the Court should continue to toll the limitations

period for the putative class members and order that they receive appropriate notice under Rule

23(e).  Pls.' Mot. at 10-11.  According to plaintiffs, such actions are required where potential

class members, "having learned about the case through the press or otherwise of the pendency of

such a lawsuit, are not aware that their rights are no longer protected in light of the denial of

class certification."  Id.

The Court should deny these requests because plaintiffs have made no showing of

reliance or prejudice.  Plaintiffs are incorrect that the "significant press coverage" regarding this

case may have led the unnamed class members into thinking that their rights are being protected.

Pls.' Mot. at 10 n.2.  The only articles relied on by plaintiffs (attached as Exhibits C and D to

their motion) are dated September 12, 2007, and October 1, 2007, respectively, but plaintiffs did

not amend their complaint to add class allegations until January 4, 2008, see Second Amended

Complaint (Paper No. 21), and did not formally move for certification until January 15, 2008.

Thus, the articles did not provide any notice of the possibility that this case might proceed as a

class action.  In fact, if anything, they put minority officers on notice that they should step

forward and sue individually in order to preserve their claims: both articles specifically note that

Lawrence and Methuen were the only municipalities then named as defendants, and in the Eagle

Tribune article (Exh. D), plaintiffs' counsel is quoted as stating that "the lawsuit names those

cities because their officers were the first to come forward" but that she was "expecting officers

from other cities and towns."  Plaintiffs cannot therefore claim that the articles lulled the putative

class members into thinking that their rights were protected, and so additional tolling of the

limitations period and notice to the class members are unwarranted.  See Culver, 277 F.3d at 915

("if it is plain that there is no prejudice . . . compliance [with the notice requirement] will not be

ordered"); cf. Radmanovich, 271 F. Supp. 2d at 1077 (notice required where plaintiff's counsel

had "obtained declarations from over one hundred potential class members, in support of her

motion for class certification," and so "many absent potential class members were aware of the

putative class action").

Further, even if this Court were to require notice, there is no basis for continued tolling of

the limitations period.  In this regard plaintiffs are flatly incorrect that "when a court fails to

certify a class action, particularly after there has been publicity, it is proper, in order to properly

protect the interests of unnamed class members to toll the statute of limitations for an additional

reasonable period."  Id. at 11.  The very cases cited by plaintiffs refute their position.  Culver v.

City of Milwaukee, 77 F.3d 908 (7th Cir. 2002), makes no mention of tolling whatsoever.  And

in Radmanovich v. Combined Insurance Co. of America, 271 F. Supp. 2d 1075 (N.D. Ill. 2003),

the court specifically declined to toll the statute of limitations, holding that whether a specific

individual is entitled to tolling "should be made on a case-by-case basis if and when she files her

own lawsuit." Id. at 1079.  The same should hold true here, especially given that the putative

class encompasses individuals who took the promotional exam in different years—i.e., 2005,

2006 and 2007—and so whether a given individual is entitled to tolling would necessarily

depend on the particular circumstances of his or her case.  This Court should therefore deny

plaintiffs' broad request for tolling the potential claims of the entire putative class.

**CONCLUSION**

For the above reasons, this Court should deny plaintiffs' motion for reconsideration in its

entirety.

 

 

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS and
PAUL DIETL, in his capacity as Chief Human
Resources Officer of the Human Resources
Division,

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

 /s/ Sookyoung Shin      
Sookyoung Shin, BBO # 643713
Assistant Attorney General
One Ashburton Place
Boston, MA 02108-1698

Dated: June 24, 2008          (617) 727-2200, ext. 2052

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above document will be served on June 24, 2008, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

<u>/s/ Sookyoung Shin</u>
Sookyoung Shin, BBO # 643713
Assistant Attorney General