No._____

---

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

---

## PEDRO LOPEZ, et al.

PLAINTIFFS-PETITIONERS,

v.

## COMMONWEALTH OF MASSACHUSETTS, et al.

DEFENDANTS-RESPONDENTS.

---

PETITION FOR PERMISSION TO APPEAL FROM AN ORDER
DENYING CLASS CERTIFICATION ISSUED BY THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
NO. 1:07-CV-11693-JLT

---

## PLAINTIFFS'-PETITIONERS' PETITION PURSUANT TO
## FED.R.CIV.P. 23(f) FOR PERMISSION TO APPEAL FROM
## ORDER DENYING CLASS CERTIFICATION

---

Harold L. Lichten (C.A.B. 22114)
Shannon Liss-Riordan (C.A.B. 77877)
PYLE, ROME, LICHTEN, EHRENBERG,
& LISS-RIORDAN, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

I.    **INTRODUCTION.**

The plaintiffs-petitioners bring this petition pursuant to Fed.R.Civ.P. 23(f) and request that this court grant permission for an interlocutory appeal to review the order of the Honorable Judge Joseph Tauro which denied plaintiffs-petitioners' motion for class certification "as to liability," but "denied [such motion] without prejudice as to the potential remedial stage." As described below, the District Court's order, made without opinion, appears to have assumed that if the statewide civil service police sergeant examination given by the Commonwealth was found to violate Title VII, the court would be able to certify a class at that time on the issue of remedy, thereby preserving the rights of the unnamed plaintiffs. However, because it is well established that the tolling period for non-named plaintiffs ceases as of the date class certification is denied, it is unlikely that the unnamed class plaintiffs (who are subject to a stringent statute of limitations) will be entitled to any relief at a remedial stage because by that time their claims will have been extinguished.

Thus, the issues implicated by the District Court's order clearly satisfy the standard for Rule 23(f) review because an appeal will help clarify a fundamental and unresolved issue of law that is important in itself and to this particular litigation. Simply stated, if the District Court meant to preserve the claims of the unnamed class plaintiffs so they could benefit at a later remedy stage, its denial of class certification at the liability stage, may well have unwittingly extinguished all such claims even though the District Court did not intend such a result. Further, as demonstrated below, the District Court's order denying class certification in this quintessential disparate impact discrimination case challenging a statewide civil service promotional exam for police sergeant, is fundamentally at odds with

1

almost every Title VII disparate impact examination case in the United States. Moreover, to the extent that the District Court denied class certification as to liability based upon the Commonwealth's wholly disingenuous argument that class certification was not "necessary" because unnamed plaintiffs would benefit from the court's order, this conclusion, too, was fundamentally wrong and needs correction.

Thus, at the very least, this court should agree to hear this appeal because it would provide an excellent opportunity to clarify the unsettled question of whether a denial of class certification as to liability ends the tolling of the statute of limitations for unnamed class members even if, at the remedy stage, class status is granted. Because this Circuit has never opined on this question, and others have suggested a negative answer, this fundamental question needs resolution.

## II.    QUESTIONS THAT WOULD BE PRESENTED ON APPEAL.

(1)    Whether the District Court erred as a matter of law in denying plaintiffs'-appellants' motion for class certification based upon its assumption that the claims of the unnamed class members would not be extinguished (based on statute of limitations grounds) at the remedy stage, where case law would suggest that the denial of class certification stops the tolling of the statute of limitations for such class members?

Suggested Answer: Denying class certification was improper because the claims of the unnamed class members are not now tolled and therefore will almost certainly be extinguished by the time of any remedial stage; or, alternatively, that where a district court denies class certification as to liability, but leaves the question open as to remedy, tolling continues and therefore the claims of the unnamed class members are not extinguished.

2

(2)    Whether the District Court erred as a matter of law and/or abused its discretion in denying plaintiffs'-petitioners' motion for class certification apparently on the basis urged by the Commonwealth, that it was unnecessary to certify a class as to liability because unnamed class members would reap the benefit of any adjudication on liability.

Suggested Answer: Yes.

(3)    Did the District Court err as a matter of law, and/or abuse its discretion, when it denied class certification in this straightforward disparate impact discrimination case challenging the statewide police sergeants promotional examination given by the Commonwealth in 2005, 2006, and 2007 without opinion or analysis?

Suggested Answer: Yes.

(4)    Whether the District Court abused its discretion by not deferring a decision on class certification under Rule 23(c)(1)(C) or, alternatively, not continuing to toll the statute of limitations until notice could be provided to putative class members that their claims were no longer tolled.

Suggested Answer: Yes.


## III.    RELIEF SOUGHT.

The plaintiffs-petitioners seek (1) a grant of this petition, (2) a determination by this court, in the appeal that would follow a grant of this petition, that the District Court erred as indicated here or a determination consistent with the District Court's order, that claims of the class members remain tolled; and (3) a remand to the District Court for reconsideration of plaintiffs'-petitioners' motion for class certification based upon the guidance provided by this court in this appeal.

3

IV.    **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND.**

The plaintiffs-petitioners in this action are a group of Black and Hispanic police officers within the Commonwealth of Massachusetts who collectively assert that the statewide police sergeant promotional examination administered by the Commonwealth of Massachusetts has an overwhelming disparate impact upon minority police officers seeking promotion, and cannot be shown to be valid under the criteria enumerated by Congress, the federal courts, and the EEOC.[1]  Specifically, the plaintiffs-petitioners assert that the state's police sergeant examination, which is a written test consisting solely of multiple choice questions which are taken directly from police texts, have resulted in a huge disparate impact upon minority officers; that such examinations cannot be shown to be predictive of job performance; and that there exist less discriminatory alternatives which are more predictive of performance. See generally, Bradley, et al. v. City of Lynn, 443 F.Supp.2d 145 (D. Mass. 2006).[2]  In January of 2008, plaintiffs-petitioners moved for class

---

[1]    In Massachusetts, pursuant to the civil service statute, M.G.L. Chapter 31, it is the Commonwealth of Massachusetts, Human Resources Division, which constructs and administers the statewide police sergeant's examination. Essentially all large towns and cities in the Commonwealth (including cities such as Worcester, Boston, Springfield, Lynn, Brockton, Lowell, Lawrence, etc.) have simply utilized the Commonwealth's written police sergeant's examination.

[2]    In the brief submitted by the plaintiffs-petitioners in their motion for class certification, they pointed out that in the City of Boston well more than half of the minorities taking said examination had failed it while only a small fraction of non-minorities failed the examination.  Further, with respect to those officers who passed the examination, very few minorities would be reached because their scores were so low (in the 70's) as to preclude the effective ability to be promoted.  See plaintiffs'-petitioners' reply memorandum in support of class certification at pp.

4

certification, prior to receiving any discovery from the defendants-respondents. (Exhibit A, attached hereto.) Plaintiffs-petitioners moved for class certification pursuant to Rule 23(b)(2) and specifically requested that if defendants-respondents objected to class certification on grounds which would require factual discovery, that the court not act on such motion until such discovery had taken place. In their initial brief, plaintiffs-petitioners pointed out that there was a long history of granting class certification with respect to disparate impact challenges to civil service examinations for police officers and fire fighters within the Commonwealth of Massachusetts.[3] The defendant, Commonwealth of Massachusetts, filed an opposition to the motion for class certification asserting a number of objections. These included arguments (1) that the class should not include future test takers, an argument to which the plaintiffs-petitioners agreed given that the Commonwealth claimed to have already changed its examination in light of the lawsuit; (2) that the proposed named class members did not have standing to challenge those examinations which they did not take; (3) that the plaintiffs-petitioners could not fairly and adequately represent the interests of all individuals in the class; and (4) that Hispanic and Black officers should not be grouped into one class, and that separated, the class did not meet numerosity requirements.

In its reply brief, plaintiffs-petitioners addressed all of these arguments in detail and

---

18-19 (Exhibit B attached hereto); see also discussion in Bradley, et al. v. City of Lynn, supra, at 159 ("effective cutoff rate").

[3]    Specifically, plaintiffs-appellants cited Massachusetts Association of Afro-American Police v. Boston Police Department, 973 F.2d 18 (1st Cir. 1992) (discussing a challenge to the police sergeant's promotional examination); Bradley, et al. v. City of Lynn, supra, (statewide challenge to the entry level fire and police examination administered by the Commonwealth's HRD); Castro v. Beecher, 459 F.2d 725 (1st Cir. 1972).

5

pointed out that the class would include well over 300 class members, including nearly 100 City of Boston police officers. (Exhibit B at pp. 19-20.) The plaintiffs also pointed out that in the Bradley and Beecher cases, Black and Hispanic class members had always been placed in one group, but that if that was objectionable, the court could create subclasses.

A motion hearing was held on the motion for class certification on April 28, 2008. The day after, on April 29, 2008, the court issued the following order regarding class certification:

> As discussed in open court, the parties shall confer regarding class certification and a narrower proposed class.[4] By May 19, 2008, plaintiffs shall file a proposed order certifying class. Defendants, if they have objections, may file brief responses (no more than five pages) by May 30, 2008.

See April 29, 2008 Order attached hereto as Exhibit C.

On May 19, 2008, plaintiffs-petitioners submitted their proposed order on class certification in accordance with the instructions of the court (Exhibit D). As a result of the motion hearing, and the court's April 29th order, plaintiffs-petitioners believed that the court was going to grant its motion for class certification. In accordance with the court's instruction, the plaintiffs-petitioners' proposed order would have had the court certify a class at this time pursuant to Rule 23(c)(4)(A) on the issue of liability – whether or not the sergeant's exam had a disparate impact and whether it could be shown to be job-related. The proposed order withheld a determination with respect to class certification on the issue of remedy since such an order was unnecessary at that time, and that by certifying a class

---

[4]     The reference to a "narrower" proposed class relates to the fact that plaintiffs-petitioners agreed that in light of the Commonwealth's decision to completely revamp its 2008 sergeant's promotional examination, the plaintiffs would not, at this time, seek a class of future test takers.

6

with respect to liability, the unnamed plaintiffs would still benefit from the tolling of the statute of limitations. Id.

On May 30, 2008, the Commonwealth filed a response to plaintiffs-petitioners' proposed order certifying a class. (Exhibit E.) In its opposition to the proposed order, the Commonwealth raised a wholly new, and as described below, false argument. The Commonwealth argued that "no useful purpose would be served by the partial certification" because "any declaration that HRD's exam had a disparate impact and was not job related would inure to the benefit of all minority officers similarly situated to the named plaintiffs."[5] (Exhibit E, pp. 2-3.)

As the plaintiffs were preparing their response to the Commonwealth's opposition to plaintiffs proposed order certifying a class, the District Court issued the following order on June 9, 2008, quoted here in full:

> After a motion hearing on April 28, 2008, and review of the parties' post-hearing filings, this court hereby orders the following:
>
> 1.    This action shall be bifurcated into a declaratory relief stage regarding liability; and if necessary, a remedial stage.
>
> 2.    Plaintiffs' motion for class certification is denied as to the liability stage and denied without prejudice as to the potential remedial stage.

See June 9, 2008 Order attached as Exhibit G.

No reasons for denying class certification were given. However, given that the Commonwealth's main objection to the plaintiffs' proposed order on class certification was that class certification on liability was "unnecessary" because any police officer would

---

[5]    The other argument made by the Commonwealth in its opposition was that Blacks and Hispanics should not be joined together as class members in the same class, but that, alternatively, "the court should certify subclasses."

receive the benefit of any order that the examination was unlawful, it seems likely that the District Court utilized this reasoning to deny class certification at the liability stage.

Unfortunately, the District Court's order failed to consider one critical point which plaintiffs-appellants immediately raised in a motion for reconsideration of the court's June 9, 2008 order (and which they would have raised in a response to the Commonwealth's opposition to plaintiffs' proposed class certification order, if the court had not acted on June 9, 2008). (Exhibit G.) Specifically, the plaintiffs-petitioners demonstrated that the Commonwealth's argument that any decision on liability "would inure to the benefit of all similarly situated police officers" was patently untrue. Specifically, the plaintiffs pointed out that in a class action brought under Rule 23, the pendency of a class action suit "tolls the application of the statute of limitation."[6] however, once an order denying class certification is issued, the tolling of the statute of limitations ceases as soon "as the district court denies certification."[7] Thus, plaintiffs-petitioners argued that the District Court, by denying class certification as to liability (and without a further tolling of the statute of limitations for class plaintiffs, particularly given the short filing deadline under Title VII (180 days)), would most certainly extinguish the claims of the numerous minority police officers who would otherwise benefit from a determination that the sergeant's promotional examination was discriminatory.[8] In addition, as plaintiffs-petitioners pointed out in their

---

[6]    See, for example, Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1381 (11th Cir. 1998).

[7]    Id. at 1382.

[8]    As fully explained to the District Court below, most civil service cities and towns in the Commonwealth give the Commonwealth's police sergeant's examination once in every three-year period. A list is then established and promotions are made off that list for that three-year period, until the town or city

8

motion for reconsideration, many minority police officers have been unwilling to come forward as a named plaintiff and risk the disdain (or possible retribution) within their departments by claiming discrimination.

In addition, the plaintiffs-appellants argued that the case relied on by the Commonwealth, Dionne v. Bouley, 757 F.2d 344 (1st Cir. 1985), for the proposition that it is unnecessary to certify a class where a decision or judgment would benefit all anyway was simply inapplicable. Indeed, the plaintiffs-appellants pointed out that if their claims were extinguished, even if the named plaintiffs-appellants won on liability, only the named plaintiffs would be entitled to any injunctive or compensatory relief, such as having their names resurrected for promotional purposes, having their candidacies reconsidered for promotion, receipt of back pay or the grant of retroactive seniority. Yet this is exactly the relief that class plaintiffs would be entitled to under any traditional Title VII case challenging a promotional examination. See, for example, Bradley, et al. v. City of Lynn, supra, (see Settlement Agreement attached hereto as Exhibit K). Thus, plaintiffs-appellants argued that while the court may have believed that it was preserving the claims of the class plaintiffs (since if plaintiffs prevailed on liability, the court could certify a class on remedy), plaintiffs could locate no case which states that once class certification has been denied and tolling ceases, such claims can be resurrected by a later determination on remedy that a class is appropriate.

In its opposition to plaintiffs' motion for reconsideration, the Commonwealth then

---

has HRD administer a new examination. Thus, for virtually all large cities and towns in Massachusetts, current promotions are still being made in a discriminatory fashion from the 2005, 2006, or 2007 examinations. The 2008 examination is not scheduled to be given until August of 2008. (Exhibit B at p. 8.)

9

abandoned its argument that the non-named plaintiffs would receive any benefit as a result of a determination in plaintiffs' favor on liability. Instead, the Commonwealth argued that "the class action device is not a mechanism to save time barred claims." (See Commonwealth's opposition to plaintiffs' motion for reconsideration.) On or about June 26, 2008, the court denied, without comment, the motion for reconsideration.[9]

## V.   REASONS THIS APPEAL SHOULD BE ALLOWED.

### A.   Legal Background.

In Waste Management Holdings, Inc. v. Mowbray, 208 F.3d 288 (1st Cir. 2000), this court specified three specific categories of Rule 23(f) class certification appeals where it would exercise its discretion to hear an interlocutory appeal. This court held that such cases include (1) where a denial of class status effectively ends the case; (2) the grant of class status raises the stakes of the litigation so substantially that the defendant will likely feel irresistible pressure to settle; or (3) an appeal will help clarify a fundamental issue of law that is important in itself and to the particular litigation at hand. Id. at 293-294.

With respect to that last category, this court noted that one of the principle reasons for Rule 23(f) was that is "furnishes an avenue, if the need is sufficiently acute, whereby the court of appeals can take earlier-than-usual cognizance of important, unsettled legal questions, thus contributing to both the orderly progress of complex litigation and the

---

[9]   The law is clear that the filing of a timely motion for reconsideration tolls the time for filing a Rule 23(f) motion. See Guitierrez v. Johnson & Johnson, 523 F.3d 187, 192-93 (3rd Cir. 2008); McNamara v. Felderhof, 410 F.3d 277, 281 (5th Cir. 2005). The plaintiffs then had ten (10) days, exclusive of holidays and weekends, to file their Rule 23(f) petition, and such filing is therefore due today, July 11, 2008.

orderly development of the law." Id. at 293. Further, this court emphasized that "we do not foreclose the possibility that special circumstances may lead us … to grant leave to appeal in cases that do not match the three described categories." Id. at 294. More recently, this court again addressed the standards for permitting a Rule 23(f) appeal in New Motor Vehicles Canadian Export Anti-Trust Litigation, 522 F.3d 6, 7-8 (1st Cir. 2008). In that case, in granting a Rule 23(f) appeal, this court noted that Rule 23(f) is appropriate where "an erroneous failure to certify a class … may deprive plaintiffs of the only realistic mechanism to vindicate meritorious claims." Id. at 8.

The instant petition should be granted because this case falls into the third category, i.e. an appeal that would help clarify a fundamental issue of law, both here and in other cases. Moreover, if the District Court has misjudged the law of tolling where there has been a denial of class certification, and the putative class finds that their rights are extinguished by reason of the stringent filing deadlines in Title VII cases, then this fundamental error of law by the District Court would be fatal to all class members, even though that was not the intent of the District Court. This would be a critical mistake of law which no subsequent remedy could make right.

**B.** **Because The Denial Of Class Certification Stops The Tolling Of The Statute Of Limitations, It Is Likely That The District Court's Granting Of Class Certification On Remedy At Some Future Date Will Not Save The Claims Of The Putative Class.**

The Supreme Court has stated that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." See American Pipe

& Construction Company v. Utah, 414 U.S. 538, 554 (1974). The statute of limitations then "remains tolled for all members of the putative class until class certification is denied," at which point the putative class members "may choose to file their own suits or to intervene as plaintiffs in the pending action." Crown Cork & Seal Company v. Parker, 462 U.S. 345, 353-54 (1983). This Circuit has interpreted the American Pipe tolling rule as holding "that the existence of [a class action] tolls the running of the statute of limitations otherwise applicable to all class members in their individual capacities." McDonald v. Secretary of Health and Human Services, 834 F.2d 1085 (1st Cir. 1987). However, this court also made clear that in such cases of tolling, "the statute will resume running when class certification is denied." Fernandez v. Chardon, 681 F.2d 42, 48 (1st Cir. 1983). Furthermore, the American Pipe ruling does not permit "piggy-backing" of subsequently filed class action suits alleging the same wrong; Basch v. The Ground Round, Inc., 139 F.3d 6, 11 (1st Cir. 1998) (holding that plaintiffs' claims were time barred despite related complaint filed during pendency of class certification motion in another case involving same putative class and claims).

In this case, the Commonwealth argued to the District Court that there was no need to certify a class because any judgment that the Commonwealth's police sergeant's examination violated Title VII would "inure" to the benefit of all concerned. (Exhibit E, pp. 2-3.) However, this argument is patently untrue and the Commonwealth now acknowledges that it has no intention of permitting non-named plaintiffs whose claims are extinguished to receive the type of retroactive hiring preference, seniority, and back pay that normally attaches to a finding of a discriminatory promotional process under a disparate impact theory. Yet, from what can be discerned by the order denying class

12

certification on June 9, 2008, the court appears to have believed that it could deny class certification as to liability, determine whether or not the statewide police sergeant's examination violated Title VII, and then entertain a class for the purposes of remedy after a finding of liability. (Exhibit G.)

If the District Court is correct, that denial of class certification as to liability, while reserving such question on remedy, continues to "toll" the filing deadlines for plaintiffs' claims, then plaintiffs would agree that any harm by the denial of class certification is substantially ameliorated. However, plaintiffs cannot locate any case law that supports this proposition (at least absent the District Court specifically entering a tolling order), while many cases suggest the opposite result – that the claims are lost forever.

In Armstrong v. Martin Marietta Corp., supra, the plaintiffs "argue[d] that the statute of limitations should continue to be tolled, even after the district court's denial of class certification, because the denial of certification is an interlocutory order that may be reversed by the district court at any time before final judgment, or by the court of appeals after final judgment or, in rare cases, on interlocutory review." Id. at 1380-81. However, the Eleventh Circuit disagreed on the grounds that "no reasonable person would rely on the hope that either the district court or this court might some day determine that the suit should have proceeded as a class action." Id. The Armstrong decision specifically notes that "several appellate courts have explicitly rejected the argument that the statute of limitations for filing an individual claim should remain tolled through an appeal of the denial of class certification." In Calderon v. Presidio Valley Farmers Association, 863 F.2d 384, 390 (5th Cir. 1989) (per curiam) the Court of Appeals held that the statute of limitations begins to run again upon entry of the District Court's Order denying class

13

certification, even if the District Court later reconsiders the issues and certifies a class.[10]

Accord, Andrews v. Orr, 851 F.2d 146, 149-50 (6th Cir. 1988).[11]

As described earlier, if the District Court denied class certification with respect to liability believing that it could grant such class certification at a future date regarding remedy, and thereby protect the interests of the putative class, there is a dearth of case law to support this proposition and, therefore, it is well possible that the court intended one result – preservation of the class plaintiffs' rights to pursue a remedy – while bringing about the very opposite result – the extinguishment of their claims. This is an important, novel, and critical issue of law which needs to be resolved now, since it is a matter which cannot be undone if the District Court was wrong.

---

[10]    The Supreme Court denied cert in Calderon, 493 U.S. 821 (1989).

[11]    While case law does not support permitting any further tolling of the statute of limitations once class certification is denied, several recent District Court opinions have suggested that those cases are superceded, in part, by the adoption of Rule 23(f), since "the policies undergerding the adoption of 23(f) suggests . . . the statute of limitations should be tolled where a party files an interlocutory appeal [on the issue of class certification] and the district court grants a stay." The National Asbestos Workers Medical Fund v. Phillip Morris, Inc., 2000 W.L. 1424931 (E.D. N.Y. 2000); see also Monahan v. City of Wilmington, 2004 W.L. 758342 (D. Del. 2004) ("unlike prior practice, Rule 23(f) provides a reasonable basis for putative class plaintiffs to continue to rely upon a filed class action to address their individual claims pending an appeal of a denial of class certification"). However, even these cases would only apply where a party files an interlocutory appeal and a stay is granted.

**C.**   **In The Alternative, This Court Should Grant This Appeal And Determine Whether A Ruling On Class Certification Should Be Deferred Until Discovery Has Been Completed And/Or Dispositive Motions Filed.**

While Rule 23 contemplates that class certification shall be considered in a timely fashion, there is a significant trend in this district and elsewhere that consideration of class certification may, in some cases, be best suited after a more detailed factual development of the record. Such deferral would, in this case, have the beneficial effect of permitting a continuation of the tolling of the statute of limitations until a more developed record is fashioned.

Under Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure, a court may consider or reconsider class certification at any time. Rule 23(c)(1)(C) specifically states that "an order that grants or denies class certification may be altered or amended before final judgment." Although no court has yet held that the subsequent granting of class certification retroactively tolls the statute of limitations with respect to a previous order denying class certification, courts have certainly held that Rule 23(c)(1)(C) empowers district courts to alter or amend class certification orders "at any time prior to a decision on the merits." In re Bayshore Ford Truck Sales, Inc., 471 F.3d 1233, 1254 (11th Cir. 2006).

District courts have relied upon this rule to grant class certification when further discovery or argument has convinced the court that the prerequisites for class certification have been met despite the court's earlier denial of certification. See Kamerman v. Steinberg, 123 F.R.D. 66, 69-70 (S.D. N.Y. 1988) (granting certification upon reconsideration); In re Initial Public Offering Securities Litigation, 483 F.3d 70, 73 (2nd Cir.

2007) ("district courts have ample discretion to consider . . . a revised class certification motion after initial denial"); Guiterrez v. Johnson & Johnson, supra, at 199. Accord, Moniz v. Crossland Mortgage Corp., 175 F.R.D. 1 (D. Ma. 1997) ("Calling for a motion for summary judgment before acting on the issue of class certification is somewhat unorthodox but a frequently helpful technique"). Mowbray v. Waste Management Holdings, Inc., 189 F.R.D. 194, 196-197 (D. Mass. 1999).

Thus, to the extent that the District Court intended to preserve the claims of the class members, at least while liability was decided, it had the ability to simply defer ruling on class certification until discovery had been completed, summary judgment motions heard, etc. This would preserve the tolling of the class members' claims, while a further record was developed.

> **D.    At The Very Least, This Court Should Consider The Novel And Important Legal Issue Of Whether The Statute Of Limitations For The Putative Plaintiff Class Should Continue To Be Tolled, At Least Until Such Class Members Receive Appropriate Notice Pursuant To Rule 23(e) That The Court Has Denied Class Certification.**

Recently, a number of courts have addressed the vexing problem of what to do when a class action lawsuit, particularly one which has generated publicity (therefore leading putative class members to believe that their rights are protected), later results in the district court's denial of class certification. In such instances, the putative class members may not be aware that their rights are no longer protected in light of the denial of class certification. See Culver v. City of Milwaukee, 77 F.3d 908 (7th Cir. 2002) (J. Posner); see also Radmanovich v. Combined Insurance Company of America, 271 F.Supp.2d 1075

(N.D. Ill. 2003); <u>Birmingham Steel Corporation v. Tennessee Valley Authority</u>, 353 F.3d
1331 (11th Cir. 2003). In <u>Culver</u>, Judge Posner, writing for the Seventh Circuit, noted that
this problem is particularly troublesome when the pendency of a class action, particularly
one involving public employees, has been the subject of media attention, thereby leading
unnamed class members to believe that their rights are being protected, when, in fact, by
reason of the denial of class certification or decertification, their rights have been lost.
<u>Culver</u>, <u>supra</u>, at 914; <u>Radmanovich</u>, <u>supra</u>, at 1077.[12]

Therefore, the courts in <u>Culver</u> and <u>Radmanovich</u> specifically held that when a
court fails to certify a class action, particularly after publicity, it is proper, in order to protect
the interests of unnamed class members, to (1) toll the statute of limitations for an
additional reasonable period; and (2) during such additional tolling period, require that the
plaintiffs provide notice to all class members that the court has denied class certification
and therefore such putative class members must, in order to protect their rights, take
affirmative action to join the case as a named plaintiff or file their own action. See <u>Culver</u>,
<u>supra</u>, at 914-915. Indeed, in <u>Radmanovich</u>, the court specifically held that upon denying
class certification such notice was required. 271 F.Supp.2d at 1077-78.

Thus, to the extent that the court was intent on denying class certification at this
stage, it was a fundamental and critical error of law to deny plaintiffs' counsel the right to
send out notice to the affected putative class members so that they may now protect their
rights, and it was equally an error for the court not to permit additional tolling of the statute

---

[12]     In the present case, there was significant publicity, both in the Boston Globe
and other papers around the Commonwealth regarding the filing of this class action
lawsuit challenging the police sergeant's promotional examination. (See Fn. 2 and
Exhibit D of plaintiffs' motion for reconsideration, Exhibit H.)

of limitations during this notice period.

**E.    The District Court Committed A Fundamental Error Of Law By Denying Class Certification In This Disparate Impact Title VII Case Challenging A Statewide Police Sergeant's Promotional Examination.**

In their memorandum and reply memorandum in support of motion for class certification (Exhibit A), the plaintiffs carefully laid out why class certification was appropriate in this case. Particularly, plaintiffs pointed out the overwhelming statistical disparity between minority and non-minority scores on the sergeant's promotional exam, the fact that hundreds of such putative class members were involved. Those arguments will not be repeated here. Plaintiffs would note that they made these arguments based on data they had accumulated, and without the benefit of discovery which they had not yet at the time received from the defendants. See District Court's recent order on discovery dated May 19, 2008 annexed hereto as Exhibit F.

As plaintiffs pointed out in those briefs, disparate impact examination cases are particularly appropriate for class certification status. Plaintiffs pointed out in their brief the numerous police and fire exam cases in which class certification has been granted, many where the numbers were significantly fewer than in the present case. Scott v. City of Anniston, 682 F.2d 1353 (11th Cir. 1982); Allen v. City of Chicago, 2001 W.L. 1548966 (N.D. Ill. 2001); see also Afro-American Police, Inc. v. Boston Police Department, 973 F.2d 18 (1st Cir. 1992), discussed in more detail in Boston Police Superior Officers Federation v. City of Boston, 147 F.3d 13, 15 (1st Cir. 1998); Bradley, et al. v. City of Lynn, 443 F.Supp.2d 145 (D. Ma. 2006) (order allowing class certification attached hereto

18

as Exhibit G). Thus, the District Court's denial of class certification without comment is a fundamental error.

## CONCLUSION

For the reasons set forth herein, this is one of the extraordinary cases where permitting an appeal under Rule 23(f) is appropriate. The court should do so.

Respectfully submitted,

PEDRO LOPEZ, et al.,
By their attorneys,

Dated: July 11, 2008

Harold L. Lichten, BBO# 549689
Shannon Liss-Riordan, BBO #666029
Pyle, Rome, Lichten, Ehrenberg &
 Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200.

19

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2008, I caused a copy of this document to be served by First Class Mail, postage prepaid on the following attorneys of record:

James B. Bowers, Esq.
261 Common Street
Lawrence, MA 01840

Peter J. McQuillan, Esq.
Office of City Solicitor
City of Methuen
41 Pleasant Street
Methuen, MA 01844

Robert L. Quinan, Jr., Esq.
Attorney General's Office
One Ashburton Place, Room 2019
Boston, MA 02108

Sookyoung Shin, Esq.
Attorney General's Office
One Ashburton Place, 18th Floor
Boston, MA 02108

Brian W. Leahey, Esq.
Law Department
City of Lowell
375 Merrimack Street
Lowell, MA 01852

Laurie W. Engdahl, Esq.
Collins, Loughran & Peloquin
320 Norwood Park South
Norwood, MA 02062

Daniel C. Brown, Esq.
Collins, Loughran & Peloquin
320 Norwood Park South
Norwood, MA 02062

Robert P. Morris, Esq.
Morgan, Brown & Joy
200 State St., 11th Floor
Boston, MA 02109

Mary Jo Harris, Esq.
Morgan, Brown & Joy
200 State St., 11th Floor
Boston, MA 02109

Harold L. Lichten

20