**EXHIBIT D**



THE COMMONWEALTH OF MASSACHUSETTS
OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MARTHA COAKLEY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

May 19, 2008

The Hon. Joseph L. Tauro
United States District Court
 for the District of Massachusetts
John Joseph Moakley Courthouse
One Courthouse Way, Suite 7110
Boston, MA 02210

    Re: <u>Lopez, et al. v. City of Lawrence, et al.</u>
         U.S. Dist. Ct. No. 07-CA-11693-JLT

Dear Judge Tauro:

    In response to the Court's Order of April 29, 2008, in the above-referenced case, counsel for the plaintiffs and counsel for the state defendants are herewith filing joint proposed orders with respect to (a) document/electronic discovery, and (b) depositions. These parties wish to clarify that the appended proposed orders reflect agreement between the plaintiffs and the state defendants and do not purport to govern discovery between the municipal defendants and the plaintiffs or between the municipal defendants and the state defendants, as the Court's April 29 Order does not appear to have been directed towards those latter matters.

    Counsel for the plaintiffs will be filing, under separate cover, a proposed order on plaintiffs' motion for class certification. The state defendants cannot agree to the class proposed by the plaintiffs and, instead, will be filing objections within three business days of the filing of the plaintiffs' fifth amended complaint, or on May 30, 2008, whichever date occurs later.

                                             Very truly yours,

                                             Robert L. Quinan, Jr.
                                             Assistant Attorney General
                                             (617)-727-2200 ext. 2554

Approval of the appended proposed
discovery orders, on behalf of plaintiffs, by:

Leah M. Barrault, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PEDRO LOPEZ, et al.,
    Plaintiffs

v.

CITY OF LAWRENCE, MASSACHUSETTS, et al.,
    Defendants

Case No. 07-CA-11693-JLT

## JOINT PROPOSED ORDER REGARDING DEPOSITIONS UNDER RULE 26 and RULE 30

The Court hereby grants leave to the defendants to take the depositions of the following individuals:

1. The named plaintiffs;

2. The named plaintiffs' direct supervisors; and

3. The plaintiffs' expert witness(es) (after the filing of an expert report).

The Court hereby orders that the defendant Commonwealth of Massachusetts, Human Resources Division, make available for depositions:

4. Sally McNeely, for a second day of deposition;

5. Guy Paris;

6. Vivian Lee; and the

7. State defendants' testifying expert witness(es) [after the filing of an expert report pursuant to Rule 26(a)(2)(B)].

                                                Joseph L. Tauro
                                                U.S. District Court

Dated: _____

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PEDRO LOPEZ, et al.,
    Plaintiffs

v.

CITY OF LAWRENCE, et al.,
    Defendants

Case No. 07-CA-11693-JLT

## JOINT PROPOSED ORDER ON DOCUMENT DISCOVERY

The Court hereby orders the following document/electronic discovery:

I. **Production of Documents by the Human Resources Division of the Commonwealth of Massachusetts (the "State Defendant")**

1. For police sergeants' exams administered in 2003, 2004, 2005, 2006, and 2007, State Defendant shall produce documents and electronic data which provide the following information, separately for each exam: (a) total number of test-takers (both those who passed and those who failed); (b) total written score and overall (final) score for each person who took the exam (both those who passed and those who failed) with an indication of each person's race or ethnic group, any special certification preference or special points (e.g., veteran points) awarded, each candidate's municipal affiliation, and the announcement number of the exam taken; and (c) whether each exam administered by the Commonwealth's Human Resources Division ("HRD") between 2003 and 2007 was open or promotional. The names of individual test-takers and their exam scores shall not be linked together in the produced documents or data compilations.

2. State Defendant shall produce documents and electronic data showing all

1

persons appointed as police sergeant after having sat for the 2003, 2004, 2005, 2006 or 2007 promotional examinations, broken down by exam announcement number and municipality, with an indication of each such person's written exam score, final score, rank, special certification preference or special points (e.g., veteran), race and ethnic group, and date of appointment. The names of individual test-takers and their exam scores shall not be linked together in the produced documents or data compilations if to do so would violate the privacy rights of any individual who is not a party to this litigation.

3.  State Defendant shall produce an updated computer printout regarding the total number of promotions broken down by race which have occurred thus far off the civil service list based upon the 2006 sergeants' examination and provide for these promotions all the information listed in paragraph #2.

4.  State Defendant shall produce copies of all job analysis reports prepared by consultants and/or state employees before a sergeant exam was held or after that are germane to the sergeant exams held by HRD in the past five years, including all such reports relating to the 2003 sergeant promotional exam. If any job analysis was conducted but not compiled or documented in a formal report, the State Defendant shall produce copies of the job analysis documentation that is available.

5.  State Defendant shall produce copies of existing computer analyses and related documents, including but not limited to explanations of the content of the analyses, or provide in electronic form the actual applicant test response data (the response of each applicant to each question) for each question on the 2005, 2006, and 2007 sergeants' examinations. Applicants shall be identified only by a unique identifying number and their self-identified racial and ethnic group membership.

6. State Defendant shall make available for review by the other parties' counsel and expert witnesses, at its office at One Ashburton Place, all documents related to questions on the 2005, 2006, and 2007 sergeants' examinations that were double- or multiple-keyed or excluded (or thrown out), including, but not limited, to all documents related to questions that were double- or multiple-keyed or excluded (or thrown out) in order to reduce the exam's disparate impact on racial minorities.

7. State Defendant shall make available for review by the other parties' counsel and expert witnesses, at its office at One Ashburton Place, all non-privileged documents which HRD supplied to EB Jacobs regarding HRD's 2007 sergeants' examination, all reports which EB Jacobs produced regarding HRD's 2007 sergeants' examination not in anticipation of litigation, and copies of invoices received by HRD for EB Jacob's services not provided in connection with this litigation but related to HRD's 2007 sergeants' examination or any other HRD police sergeants' examination since 2003 that EB Jacobs was involved with in any way. State Defendant shall produce a privilege log related to those documents that it will not produce and instead claim a privilege pursuant to Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 34, and Plaintiffs reserve all rights to challenge such privilege designations and to move this Court to compel such documents which Plaintiffs believe are discoverable.

8. State Defendant shall make available for review by the other parties' counsel and expert witnesses, at its office at One Ashburton Place, all nonprivileged documents related to any and all adjustments HRD made to the 2007 sergeants' examination both prior to and after its administration as the result of EB Jacobs' consultation. State Defendant shall produce a privilege log related to those documents that it will not produce and instead claim a privilege pursuant to Fed. R. Civ. P. 26(b)(4)

and Fed. R. Civ. P. 34, and Plaintiffs reserve all rights to challenge such privilege designations and to move this Court to compel such documents which Plaintiffs believe are discoverable.

9. State Defendant shall make available for review by the other parties' counsel and expert witnesses, at its office at One Ashburton Place, all documents related to any and all adjustments HRD made to the 2005, 2006, and 2007 sergeants' examination questions or scoring after the exams were administered.

10. State Defendant shall produce copies of the exam announcements for the 2005, 2006, and 2007 sergeants' examinations, the reading lists for the 2005, 2006, and 2007 sergeants' examinations, and shall make available, for review by the other parties' counsel and expert witnesses, at its office at One Ashburton Place, copies of any out-of-print textbooks or other materials listed on these reading lists, to the extent said material is still in HRD's possession.

11. State Defendant shall produce copies of the exam plans for the 2005, 2006, and 2007 sergeants' examination.

12. State Defendant shall make available for review by the other parties' counsel and expert witnesses, at its office at One Ashburton Place, all existing documents, including notes, created by HRD's exam developers regarding the 2005, 2006, and 2007 sergeants' examination, as well as copies of each of these exams as they were administered, and the associated initial and final answer keys.

13. State Defendant shall make available for review by the other parties' counsel and expert witnesses, at its office at One Ashburton Place, all preserved documents, including notes, created by HRD's Subject Matter Experts regarding the 2005, 2006, and 2007 sergeants' examinations.

4

14. To the extent they are still in its possession, custody, or control, State Defendant shall make available for review by the other parties' counsel and expert witnesses, at its office at One Ashburton Place, all documents constituting, evidencing, containing, and/or referring to communications between HRD and the City of Boston regarding the police sergeants' examination administered in 2005 to Boston police officers.

15. State Defendant shall produce all documents relating to whether HRD has considered or investigated, within the past five years, including in connection with the 2003 sergeant promotional exam, using an alternative exam method other than its multiple choice examination, to the extent that such documents exist.

16. State Defendant shall produce copies of all nonprivileged HRD memos, reports, analyses or written documents that relate to the question of whether each sergeant exam held in the past five years met the 4/5ths rule as described in Section 4B of UGESP, to the extent that such documents exist. State Defendant shall produce a privilege log related to those documents that it will not produce and instead claim a privilege pursuant to Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 34, and Plaintiffs reserve all rights to challenge such privilege designations and to move this Court to compel such documents which Plaintiffs believe are discoverable.

17. State Defendant shall produce documents (including electronic data) relating to any statistical analyses (such as means and standard deviation analysis) performed in the last five years regarding the scores on all civil service examinations for the position of police sergeant which considered the grades or the scores (or any components thereof) separately for whites, blacks, and Hispanics, to the extent that any such documents exist.

5

18. State Defendant shall produce all adverse impact data analyses, reports, or memos for any police sergeants' examination that was held in the past five years, to the extent that such documents exist and are not protected by a recognized privilege. State Defendant shall produce a privilege log related to those documents that it will not produce and instead claim a privilege pursuant to Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 34, and Plaintiffs reserve all rights to challenge such privilege designations and to move this Court to compel such documents which Plaintiffs believe are discoverable.

19. State Defendant shall produce copies of any and all analyses, reports, memos, computer printouts, or other written or electronic materials that were prepared to evaluate the actual or potential adverse impact of each police sergeants exam held in the last five years (and the component parts) that resulted in appointments to or promotions to sergeant in civil service communities to the extent that such documents exist.

20. State Defendant shall produce copies of all test validation reports done by consultants and/or state employees before exams were held or after that are germane to the police sergeant exams held by HRD in the past five years, including the 2003 sergeant exam, to the extent that such documents exist. If any validity efforts were undertaken or conducted but not compiled or documented in a formal report, the State Defendant shall produce copies of the validation documentation that is available.

21. State Defendant shall produce documents listing: (a) all currently-employed civil service sergeants in each civil service community in Massachusetts that employs one or more Black or Hispanic police officers who actually sat for a sergeant promotional examination administered by HRD within the past five years; and (b) documents or electronic data that indicate the race or ethnic background of each such

6

sergeant, the date of the exam taken, and the date of appointment to sergeant, to the extent that such documents exist and are in the possession of State Defendant.

22. State Defendant shall produce documents reflecting: (a) the names of all police officers in each civil service community that employs one or more Black or Hispanic police officers who actually sat for a sergeant promotional examination administered by HRD within the past five years; (b) the race or ethnic background of each such officer; and (c) whether the officer has taken a sergeant's exam, to the extent that such documents exist and are in the possession of State Defendant.

23. State Defendant shall produce copies of all nonprivileged documents, including but not limited to correspondence, sent to or from any individual that the State Defendant or its attorneys have retained as a testifying expert witness in this case. State Defendant is to produce a privilege log related to those documents that it will not produce and instead claim a privilege pursuant to Fed. R. Civ. P. 26(b)(4) or Fed. R. Civ. P. 34, and Plaintiffs reserve all rights to challenge such privilege designations and to move this Court to compel production of such documents that the Plaintiffs believe are discoverable.

24. State Defendant shall produce copies of all documents that the State Defendant intends to introduce at a trial of this matter.

25. State Defendant shall produce copies of all documents not produced in connection with one of the preceding requests that the State Defendant relies upon in support of its assertion that the sergeant promotional examinations administered in 2003, 2004, 2004, 2005, 2006, and 2007 were valid and not discriminatory.

26. With respect to paragraphs 6-9 and 12-14 above, the Court is ordering the State Defendant to make the specified documents available to counsel for the other

7

parties, and the other parties' expert witnesses, for inspection at One Ashburton Place in Boston, notwithstanding the provisions of the state Fair Information Practices Act, Mass. Gen. Laws chapter 66A, and regulations promulgated thereunder. However, no individual not employed by the Commonwealth of Massachusetts is to record or reproduce any "personal data," as that term is defined in M.G.L. c. 66A, § 1, without prior Court authorization. If unfettered release of any requested document would unduly impinge on the legally-protected privacy rights of any individual who is not a party to this litigation, the holder of protected personal data may redact the protected data or petition this Court for further instructions.

II.     **Production of Documents by the Plaintiffs**

27.     Plaintiffs shall produce copies of any and all documents submitted by any named plaintiff to the Massachusetts Commission Against Discrimination, the Equal Employment Opportunity Commission, or the Massachusetts Civil Service Commission with respect to allegations of discrimination lodged against HRD or any municipality named as a defendant in this lawsuit.

28.     Plaintiffs shall produce copies of any and all documents constituting, containing, describing and/or referring to communications between any named plaintiff and any current or former employee, attorney, or agent of any other Massachusetts or federal entity, or any named plaintiff and any employee of any municipality named as a defendant in this lawsuit, concerning any allegation that the plaintiff in question has suffered discrimination on account of his or her race or ethnic origin.

29.     Plaintiffs shall produce copies of all documents concerning any civil action or administrative proceeding (except the present case) brought under Title VII, Mass. Gen. Laws ch. 151B, or any other anti-discrimination law, in which any named plaintiff

8

was a party; this request includes, but is not limited to, the plaintiff's pleadings, affidavits, and deposition transcripts in any such matter.

30. Plaintiffs shall produce copies of all documents, to the extent they are in the possession, custody, or control of a named plaintiff or his or her agent or attorney, describing and/or evaluating any named plaintiff's job performance while employed as a police officer or police cadet in the Commonwealth of Massachusetts, including, without limitation, job evaluations, warnings, commendations, suspensions, investigation reports, probations, and terminations.

31. Plaintiffs shall produce copies of all nonprivileged documents, including but not limited to correspondence, sent to or from any individual that the named plaintiffs or their attorneys have retained as an expert witness in this case. Plaintiffs are to produce a privilege log related to those documents that they will not produce and instead claim a privilege pursuant to Fed. R. Civ. P. 26(b)(4) or Fed. R. Civ. P. 34, and defendants reserve all rights to challenge such privilege designations and to move this Court to compel production of such documents that the defendants believe are discoverable.

32. Plaintiffs shall produce copies of all documents not produced in connection with one of the preceding requests that the named plaintiffs rely upon in support of their assertion that they "are well qualified for a sergeant's promotion." Fourth Amended Complaint, paragraph 1.

33. Plaintiffs shall produce copies of all documents concerning or evidencing the allegations contained in paragraph 31 of the Fourth Amended Complaint that the examinations administered by the State Defendant over the past 20 years to candidates for promotion to police sergeant have not "been shown to be valid predictors of job

9

performance for a police sergeant" and "[a]ll of the defendants have been well aware of this fact, yet have taken no action to design a less discriminatory and more job-related examination procedure."

34. Plaintiffs shall produce copies of any and all documents constituting, containing, describing, and/or referring to the named plaintiffs' efforts to prepare for any police sergeant promotional examination that they sat for within the past five years. Without limiting the foregoing, Plaintiffs shall produce copies of all documents concerning or evidencing: (a) the purchase by the named plaintiffs of exam preparation materials, including reading list materials; and/or (b) the named plaintiffs' participation in exam preparation or review classes, courses, groups, or sessions, whether formally organized or not.

35. Plaintiffs shall produce copies of all documents that the plaintiffs intend to introduce at a trial of this matter.

### III. Production of Documents by the Municipal Defendants

36. For each named plaintiff employed by a municipal defendant, the relevant municipal defendant shall produce to the plaintiffs' counsel and State Defendant's counsel: (a) a complete copy of said plaintiff's personnel file or records, as maintained by the employing municipal police department; and (b) a complete copy of any file pertaining to a named plaintiff maintained by any internal affairs division of the municipality. Each named plaintiff employed by a municipal defendant shall execute an authorization addressed to his or her respective municipal appointing authority, authorizing the release of his or her personnel files and the records of any internal affairs division within said municipality that pertain to him or her.

37.  To the extent they are in the possession, custody, or control of a municipal defendant (or its agent or instrumentality) named in this case, that municipal defendant shall produce all documents constituting any allegation that the plaintiff in question has suffered discrimination on account of his or her race or ethnic origin during the course of employment with the municipal defendant; any response by the municipal defendant to such allegation(s); all documents filed with any tribunal or government agency addressing such allegation(s), including pleadings, affidavits, and deposition transcripts; and any order, ruling, or other disposition of such allegation(s).

38.  To the extent they are in the possession, custody, or control of a municipal defendant (or its agent or instrumentality) named in this case, that municipal defendant shall produce all documents describing and/or evaluating any named plaintiff's job performance while employed as a police officer or police cadet in the defendant municipality, including, without limitation, job evaluations, warnings, commendations, suspensions, investigation reports, probations, and terminations.

39.  Each municipal defendant shall produce to the plaintiffs' counsel and State Defendant's counsel copies of all documents that said municipal defendant intends to introduce at a trial of this matter.

The Court will entertain further proposed orders governing discovery between the municipal defendants and the plaintiffs or between the municipal defendants and the state defendants.

Joseph L. Tauro<br>
U.S. District Court

Dated: _____

11