# EXHIBIT K

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACOB BRADLEY, et al., )
    Plaintiffs )
)
v. ) CIVIL ACTION NO. 05-10213-PBS
)
CITY OF LYNN, et al., )
    Defendants )
)

## SETTLEMENT AGREEMENT

All parties to this action, excluding the City of Lynn and Edward J. Clancy, Jr., hereby enter into this comprehensive settlement agreement, subject to the court's approval, resolving all issues pending in the above-titled case except the claims specific to the City of Lynn. This agreement and the terms contained herein are intended to effectuate and further this court's memorandum and order of August 8, 2006 (Document 127) and remedial order dated December 6, 2006, as amended February 8, 2007 (Document 154, hereinafter "remedy order"), and to apply the remedy order to the 2003 and 2005 police officer examinations.

**A.** **HIRING.**

    1.    Future hirings of fire fighters from the 2002 and 2004 examinations, and of police officers from the 2003 and 2005 examinations, shall be conducted in accordance with the methodology and procedures specified in ¶¶A(1)-A(5) of the remedy order. Utilizing the court's shortfall methodology set forth in the remedy order, the

1

municipalities and numbers of shortfall minorities thereby identified for police officer or fire fighter positions are as follows:

|  | Fire Shortfall | Police Shortfall |
|---|---|---|
| Ashland |  | 1 |
| Bedford |  | 1 |
| Belmont | 1 |  |
| Beverly |  | 1 |
| Boston | 8 | 18 |
| Brookline | 4 | 4 |
| Cambridge |  | 6 |
| Everett | 1 |  |
| Fall River |  | 1 |
| Leominster | 1 |  |
| Lynn | 2 | 4 |
| New Bedford | 1 |  |
| North Adams |  | 1 |
| North Andover |  | 1 |
| Quincy |  | 1 |
| Revere | 1 | 1 |
| Sharon |  | 1 |
| Southbridge |  | 1 |
| Taunton | 2 |  |
| Waltham |  | 3 |
| **TOTAL** | 21 | 45 |

2.  With respect to the shortfall number of 18 shown above for the City of Boston Police Department based on hirings to date from the 2003 and 2005 examinations, in light of the City's significant use of so-called PAR8 lists, the Commonwealth's Human Resources Division (HRD) will certify the names of Black candidates to the City for the so-called shortfall hiring until six Black candidates in each

2

of the next three recruit classes are hired, or the list of eligible candidates is exhausted. HRD will certify names to the City first from the Boston residents on the 2003 list who were not reached, then from Boston residents on the 2003 and 2005 lists who were reached but did not sign the certification, and finally, if necessary, from the 2005 list, non-Boston residents who had selected Boston as an employment location as of May 21, 2007. However, any candidate hired pursuant to this paragraph shall not be entitled to back pay under Section B of this agreement.

3.   With respect to the City of Boston and any future hiring of police officers from the 2005 exam after April 1, 2007, should the City (1) hire non-resident veterans, but fail to exhaust the list of non-resident veterans; or (2) hire non-resident, non-veterans (having exhausted the list of non-resident veterans), then upon completion of such hiring, the parties will conduct a shortfall analysis in the same manner as provided in paragraph 1 or paragraph 2 above, and if such shortfalls are found, subsequent hiring for the Boston Police Department will include the consideration of additional shortfall candidates from the 2003 and 2005 lists, in addition to the number of 18 shown above. However, any candidate hired pursuant to this paragraph shall not be entitled to back pay under Section B of this agreement.

### B.   BACK PAY AND CREDITABLE SERVICE.

4.   The Commonwealth shall pay back pay, including retirement contributions, to or on behalf of those class members who were (1) hired later than would otherwise have occurred under the parties' "delay" analysis; or (2) hired as a result of the court's remedy order on shortfall hiring, subject to the following procedures and limitations:

  a. The Commonwealth shall pay a total amount not to exceed $1,450,000 in full satisfaction of all claims for back pay, other compensation, and lost retirement contributions. The breakdown by category for such payment shall be as follows:

   (1.) Firefighters hired as a result of shortfall hiring - $400,000;

   (2.) Firefighters whose hiring was delayed - $250,000;

   (3.) Police Officers hired as a result of shortfall hiring - $500,000;

   (4.) Police Officers whose hiring was delayed - $300,000.

5. All eligible class members described above in paragraphs 4(a)(1)-(4) shall receive a pro rata share of the amounts set forth in paragraphs 4(a)(1)-(4) for their respective sub-groups utilizing the following procedure and formula:

  a. For shortfall hires for both police and fire (excluding those hired pursuant to paragraphs 2 and 3), each candidate shall, upon his or her hiring, receive the same gross payment (which the parties approximate will be $18,750).

  b. Minority candidates already hired, who have been identified by the parties as delay candidates, shall be paid a pro rata share of the amount set aside to compensate their sub-group, which sum shall be based upon the relative lengths of their respective hiring delays. Compensation under paragraph (a) above and this paragraph (b) shall be subject to the claims procedure set forth in the following paragraphs. It is estimated that there are approximately 22 police delay candidates and 19 fire delay candidates, which would yield an average payment of approximately $13,415. The estimated distribution of delay candidates is as follows:

|  | Police Delay | Fire Delay |
|---|---|---|
| Barnstable | 1 |  |
| Boston | 15 | 11 |
| Brockton |  |  |
| Brookline |  | 1 |
| E. Bridgewater | 1 |  |
| Fitchburg | 3 |  |
| Gardner |  | 1 |
| Lynn |  | 2 |
| New Bedford |  | 1 |
| Revere | 1 |  |
| Taunton |  | 1 |
| Waltham |  | 2 |
| Wareham | 1 |  |
| **TOTAL** | 22 | 19 |

c.    Upon submission of required documentation to make payment and subject to appropriation, the Commonwealth shall pay to the current or former municipal employer of each class member who is entitled to a payment hereunder, for the benefit of such class member, the gross amount to which she or he is entitled. As required by law, the employer shall deduct from the gross amount the applicable state, federal and Medicare tax withholdings, and the employer and employee shares of retirement contributions, and shall pay the net benefit to such employee.

d.    The employer shall transmit the employer and employee shares of retirement contributions to the appropriate retirement board. Upon request, this court will issue an appropriate order directed to such municipality and applicable retirement board, if necessary, to effectuate this settlement agreement and in furtherance of section B of the remedy order.

5

6. Plaintiffs' and Intervenors' counsel, working cooperatively with HRD and its counsel, will attempt to identify and locate every individual who may be entitled to (1) be considered for shortfall hiring under Section A of this settlement agreement; and/or (2) a payment under Section B of this settlement agreement. Each individual so identified and located shall be sent a notice in the form attached hereto as Exhibit A, A1 (in the case of Boston Police candidates), or B which shall notify said individual of his or her rights under this settlement agreement. In addition, HRD will post a copy of this notice to class members on its website and the Plaintiffs' counsel and Intervenors may take whatever additional steps they deem appropriate to contact potential class members entitled to relief under this settlement agreement. In addition to informing said class members of their rights under this settlement agreement, the notice will also enclose a claim form to be agreed upon by the parties.

7. After waiting 45 days from the time notices are first sent out with claim forms, and after taking reasonable efforts to contact all potential class members, plaintiffs' counsel shall identify all firefighters and police officers entitled to a so-called "delay" payment and shall tentatively calculate the pro rata shares to be distributed to such class members. Plaintiffs' counsel shall then present to the Commonwealth, the Intervenors, and this court a proposed distribution of said funds, and the Commonwealth shall distribute such funds upon approval by the court.

8. For those class members who are hired as police officers or firefighters under the shortfall procedures set forth herein, payment of their shares of compensation/back pay shall be made upon HRD's confirmation to Plaintiffs' counsel that such minority candidate has been hired, and such payment can be made without

6

further approval by the court. Once all shortfall hiring is completed for all of the towns/cities described in paragraph A(1) of this settlement agreement, and in the event, after a period of 90 days thereafter, that the maximum obligation set forth in paragraph B(4)(a) is not exhausted, the Commonwealth shall have no obligation to pay any remaining balance. Thereafter, HRD shall file with the court, with copies to all parties, an accounting of all sums paid out under this agreement. Once filed, no further amounts will be payable under this settlement agreement and the Commonwealth shall be released of all further liability.

C.  **ATTORNEYS' FEES AND COSTS.**

9.  Upon approval of this settlement agreement by the court, the Commonwealth shall, subject to appropriation, pay the following amounts to Plaintiffs' counsel and Intervenors' counsel in full satisfaction of all claims for attorneys' fees and costs:

1.  To the law firm of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., expenses in the amount of $350,000, which sum shall include all future expenses connected with this case and the disbursements set forth herein;

2.  To the law firm of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., attorneys' fees in the amount of $310,000 which shall include all further work necessary to supervise the distribution of compensation to class members and to carry out the provisions of this settlement agreement and the remedy order; and

3.  To the Lawyers Committee for Civil Rights attorneys' fees and expenses in the amount of $40,000, which shall include all further work

necessary to carry out the provisions of this settlement agreement and the remedy order.

D.   **MISCELLANEOUS**.

10.   To the extent permitted by law, HRD will record each shortfall candidate identified by this agreement – with the exception of Boston shortfall police candidates - with civil service seniority under Massachusetts General Laws Chapter 31, retroactive to the last date that the relevant city or town appointed a class from the examination taken by that particular candidate. For example, if a shortfall candidate took the 2002 firefighter exam, and is hired from the 2002 list, he or she will be given seniority back to the appointment date of the last class hired from the 2002 list in the relevant city or town. Each delay candidate will be given seniority retroactive to the appointment date of the previous recruit class from the examination taken by that particular candidate in the relevant city or town. For example, if a delay candidate took the 2004 fire exam and is hired in the second class appointed from the 2004 list, he or she will be given seniority back to the appointment date of the first class hired from the 2004 list in the relevant city or town.

11.   The Plaintiffs and Intervenors shall dismiss without prejudice any claims relating to the 2006 fire fighter examination or the 2007 police officer examination. HRD shall still be responsible for compliance with Section C of the remedy order and such terms shall be extended to the 2007 police officer examination.

12.   The Plaintiffs shall dismiss with prejudice the pending state court action known as "Jacob Bradley et al v. Commonwealth of Massachusetts et al," Suffolk County (Mass.) Superior Court Civil Action No. 2005-05275-H.

8

13. The parties agree to conduct a shortfall analysis of the MBTA police and, if one or more shortfalls are found, HRD will require the MBTA to consider shortfall candidates for hiring as provided above for other police. If the parties are not able to agree on this provision, they will bring it to the Court for decision.

Agreed to:

For the Commonwealth:

/s/ Paul Dietl
Paul Dietl
Acting Chief Human Resources Officer


/s/ Sally McNeely
Sally McNeely
Director, Organizational Development Group
Human Resources Division


/s/ Sookyoung Shin
Ronald F. Kehoe, BBO #264260
Sookyoung Shin, BBO #643713
Attorney General's Office
One Ashburton Place
Boston, MA 02108
Tel: (617) 727-2200 x 2619


For the Plaintiffs:

/s/ Shannon Liss-Riordan
Harold L. Lichten, BBO # 549689
Shannon Liss-Riordan, BBO # 640716
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

For the Intervenors:

/s/ Nadine Cohen
Nadine Cohen, BBO #090040
Lawyers Committee for Civil RightsUnder Law
294 Washington Street
Boston, Massachusetts 02108
(617) 482-1145

July 30, 2007