UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PEDRO LOPEZ, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 07-CA-11693-JLT |
| CITY OF LAWRENCE, MASSACHUSETTS, et al. | ) ) ) | |
| Defendants. | ) ) ) | |

**MOTION TO INTERVENE BY THE NEW ENGLAND AREA CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE AND THE MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS**

Pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, the New England Area Conference of the National Association for the Advancement of Colored People ("NEAC") and the Massachusetts Association of Minority Law Enforcement Officers ("MAMLEO") hereby move for leave to intervene as plaintiffs in this action. As grounds for their motion to intervene, the NEAC and MAMLEO state as follows:

1. In this action, the plaintiffs challenge the lawfulness of the process by which police officers are promoted to sergeant in the Commonwealth of Massachusetts. (See Fifth Amended Complaint ("Compl."), ¶ 23.) In particular, the plaintiffs contend that the police sergeant promotional examination has a disparate impact on minority police officers otherwise qualified for promotion. (Compl., ¶¶ 23, 31.) The plaintiffs further contend that the promotional process implemented by the defendants has resulted in a significant disparity between the

number of minority police sergeants and the number the minority police officers in the entry-level ranks of police departments in the Commonwealth. (Compl., ¶ 38.)

2. The NEAC is the governing and coordinating entity for NAACP branches in Massachusetts, Rhode Island, New Hampshire, Maine, and Vermont. The Boston Branch of the NAACP is one of twelve branches in Massachusetts. The NEAC is seeking to intervene in this action to help ensure that all minority police officers who took the promotional examination in Massachusetts during the relevant time are adequately represented.

3. MAMLEO is a Massachusetts-wide organization of minority law enforcement officers whose mission is to support the hiring, retention and promotion of minority law enforcement officers as well as advocate for their collective and individual rights. For decades, MAMLEO has helped represent the interests of minority police officers in civil rights litigation. In fact, MAMLEO's predecessor, the Massachusetts Association of Afro-American Police ("MAAAP"), served as the class representative in a case that led to the procurement of a consent decree in 1980 that established hiring goals and timetables for promotion to police sergeant. See Mass. Ass'n of Afro-American Police, Inc. v. Boston Police Dept., 106 F.R.D. 80, 81 (D. Mass. 1985).

4. Both the NEAC and MAMLEO have had a longstanding interest in the diversity of police departments in the Commonwealth and in ensuring that those departments are representative of the population of the Commonwealth as a whole. As part of their organizational mission, the NEAC and MAMLEO seek to protect the rights of minority police officers from violation, either by discriminatory police officer examinations or by other discriminatory hiring practices on the part of local police departments.

5.  The NEAC and/or the Boston Branch thereof and MAMLEO (or its predecessor, MAAAP), have been allowed to intervene as plaintiffs in numerous prior cases involving the appointment and promotion of police officers and firefighters in the City of Boston.  See, e.g., Bradley v. City of Lynn, 443 F. Supp. 2d 145, 148 n.1 (D. Mass. 2006) (Saris, J.) (allowing NEAC to intervene in case challenging the adverse impact of civil service exam for entry-level firefighters on minority applicants); Deleo v. City of Boston, Civil Action No. 03-12538-PBS, Docket No. 18 (granting MAMLEO's motion to intervene in case challenging the appointment process of entry-level police officers); Mass. Ass'n of Afro-American Police, Inc. v. Boston Police Dep't, 973 F. 2d 18, 19 n.1 (1st Cir. 1992) (explaining that MAAAP sued the Boston Police Department in 1978 challenging its promotion practices as discriminating on the basis of race, and noting that MAMLEO is MAAAP's successor).

6.  Recently, MAMLEO was granted leave to intervene as of right in cases involving the promotional practices of the Boston Police Department.  See Cotter v. Massachusetts Ass'n of Minority Law Enforcement Officers, 219 F.3d 31, 37 (1st Cir. 2000) (noting that MAMLEO satisfied Rule 24(a) because its members had the requisite stake in the litigation and would be affected directly by the outcome) cert. denied, 531 U.S. 1072 (2001); see also Boston Police Superior Officers Fed'n v. City of Boston, 147 F.3d 13 (1st Cir. 1998) (MAMLEO intervened in suit brought by white police officers challenging consent decree entered in case originally brought by MAAAP regarding discrimination in promotions process).

7.  In this action, the NEAC and MAMLEO are entitled to intervene as of right pursuant to Fed. R. Civ. P. 24(a).  Both the NEAC and MAMLEO have a critical interest in the subject matter of this action and their members will be directly affected by the disposition of the plaintiffs' claims.  The complaint in this action challenges the adverse impact of the police

sergeant promotional exam on minority police officers, a group historically represented by the NEAC and MAMLEO.  If not permitted to intervene, the NEAC and MAMLEO may be impeded in their ability to protect the interests of their constituents.

**8.**  Furthermore, the members of MAMLEO have, as the First Circuit recognized previously, a strong, vested interest in the integrity and fairness of the promotional process in the Commonwealth of Massachusetts.  In Cotter v. Massachusetts Association of Minority Law Enforcement Officers, a case concerning the promotion of minority police officers, the First Circuit held that because disposition of the case could determine how the Boston Police Department handled promotion of its police officers, "the likely impact on other MAMLEO members [was] substantial, predictable and far more concrete than some general interest. . . ." 219 F.3d at 37.  The "likely impact" of the instant litigation on NEAC and MAMLEO members is identical to that recognized by the First Circuit in Cotter.  As a result, the NEAC and MAMLEO are entitled to intervene to represent their significant interest in the implementation and administration of a fair and just promotional process in police departments across the state.

9.  Additionally, intervention by the NEAC and MAMLEO at this stage of the litigation will not prejudice any existing party.  Although this case originally was filed in late 2007, the plaintiffs recently filed a Fourth Amended Complaint, which the defendants answered in Jun3 2008.  In addition, no significant discovery on the merits of the case has been conducted, and no trial date has been set.  As such, intervention by the NEAC and MAMLEO will not result in undue delay of this litigation.

10.  In the alternative, because the NEAC and MAMLEO have a critical interest in the subject matter of this lawsuit, and because their intervention will not unduly delay or prejudice

US1DOCS 6777662v1

the adjudication of the issues raised by the complaint, the NEAC and MAMLEO should be permitted to intervene pursuant to Fed. R. Civ. P. 24(b).

11. The plaintiffs assent to the request of the NEAC and MAMLEO to intervene.

WHEREFORE, the NEAC and MAMLEO respectfully request that this Court grant their motion, permit them to intervene as plaintiffs, and award such other and further relief as the Court deems just and proper.

Respectfully submitted,

By their attorneys,

/s/ Vinita Ferrera
Vinita Ferrera (BBO #631190)
Jeffrey S. Gleason (BBO #661489)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts  02109
(617) 526-6000

Mark D. Selwyn (BBO #565595)
Wilmer Cutler Pickering Hale and Dorr LLP
1117 S. California Avenue
Palo Alto, CA 94304
(650) 858-6000

Dated:  August 11, 2008

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that on August 7, 2008, I conferred or attempted to confer with counsel of record for each defendant in a good faith effort to resolve or narrow the issues raised by this motion. Counsel for the Commonwealth of Massachusetts and Defendant Dietl, counsel for the City of Boston, counsel for the City of Methuen and Defendant Manzi, and counsel for the City of Lowell, the Appointing Authority for the City of Lowell, and Defendant Martin indicated that they have no position at this time. Counsel for the City of Lawrence and Defendant Sullivan indicated that they neither assent to nor oppose the motion. Counsel for the City of Worcester, Defendant Lukes, and Defendant O'Brien did not respond.

In addition, I have conferred with counsel for the plaintiffs, and they have assented to the motion.

/s/ Vinita Ferrera
Vinita Ferrera

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by ECF and/or first class mail this 11th day of August, 2008.

/s/ Vinita Ferrera
Vinita Ferrera

- 6 -