UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
PEDRO LOPEZ, et al.,                )
        Plaintiffs                  )
                                    )
                                    )
v.                                  )
                                    )
                                    )
                                    )
                                    ) Case No. 07-CA-11693-JLT
CITY OF LAWRENCE, MASSACHUSETTS, et. al, )
        Defendants                  )
_____)

**PLAINTIFFS' SIXTH MOTION TO AMEND COMPLAINT TO INCLUDE AS NAMED PLAINTIFFS ADDITIONAL HISPANIC AND AFRICAN-AMERICAN POLICE OFFICERS EMPLOYED BY THE CITY OF BOSTON, AND HISPANIC AND AFRICAN-AMERICAN POLICE OFFICERS EMPLOYED BY THE CITY OF SPRINGFIELD AND THE MASSACHUSETTS BAY TRANSPORTATION AUTHORITY**

The plaintiffs, by their attorneys, hereby move to amend the complaint in this matter for a sixth time to include as named plaintiffs an additional twenty-five (25) Hispanic and African-American police officers employed by Defendant City of Boston,[1] six (6) Hispanic and African-American police officers employed by the City of Springfield,[2] and two (2) African American police officers employed by the Massachusetts Bay Transportation Authority ("MBTA")[3] who have taken the State

---

[1] The twenty-five (25) additional Boston plaintiffs as contained within the attached Sixth Amended Complaint are as follows: Tyrone Smith; Eddy Chrispin; David Melvin Jr., Steven Morgan; William E. Iraola; Jose Lozano; Courtney A. Powell; James L. Brown; George Cardoza; Larry Ellison; David Singletary; Charisse Brittle-Powell; Cathenia D. Cooper-Paterson; Molwyn A. Shaw; Lamont Anderson; Gloria Kinkead; Kenneth Gaines; Murphy L. Gregory; Julian Turner; Neva Grice; Delores E. Facey; Lisa G. Venus; Rodney O. Best; Karyn VanDyke; and, Robert C. Young.

[2] The six (6) African-American and Hispanic Springfield plaintiffs as contained within the attached Sixth Amended Complaint are as follows: James Jackson; Juan A. Rosario; Louis M. Rosario Jr., Obed Almeyda; Devon Williams, and Julio M. Toledo.

[3] The two (2) African-American MBTA plaintiffs as contained within the attached Sixth Amended Complaint are as follows: Lynn A. Davis and Royline Lamb.

1

Defendant's sergeants' promotional examination in the years 2005, 2006 or 2007 and have either failed such examination or have not, as of this date, received a promotion as the result of such examination.  As detailed below, this Court's Order denying class certification of this matter as to liability (without a further tolling of the statute of limitations for class plaintiffs) necessitates that minority police officers in the Commonwealth, in order to benefit from any determination by this Court that the sergeants' promotional examinations administered by State Defendant in 2005, 2006, and 2007 were discriminatory, must now join in the pending action lest run the risk of their claims and their rights to the type of retroactive hiring preference, seniority, and back pay that normally attaches to a finding of a discriminatory promotional process under a disparate impact theory becoming extinguished and lost forever. [4]

In January of 2008, plaintiffs moved this Court to certify this action to proceed as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2). [5]  It is well-settled that in a class action brought under Rule 23, the pendency of a class action suit "tolls the application of the statute of limitations."[6]  See Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1381 (11th Cir. 1998); McDonald v. Secretary of Health and Human

---

[4] Indeed, the State Defendant has now acknowledged that it has no intention of permitting non-named plaintiffs whose claims are extinguished to receive the type of retroactive hiring preference, seniority, and back pay that normally attaches to a finding of a discriminatory promotional process under a disparate impact theory.

[5] Additionally, pursuant to this Court's April 29, 2008 order, the Plaintiffs, by their attorneys, then submitted to this Court a proposed order on class certification in this matter.  Specifically, in accordance with the Court's instruction, the Plaintiffs' proposed order would have had the Court certify a class at this time pursuant to Rule 23(c)(4)(A) on the issue of liability-whether or not the sergeants' exam administered by the State Defendant had a disparate impact and whether it could be shown to be job-related.  Plaintiffs' proposed order withheld determination with respect to class certification on the issue of remedy since such order was unnecessary at that time, and that by certifying a class with respect to liability, the unnamed plaintiffs would still benefit from the tolling of the statute of limitations.

[6] The statute of limitations for class plaintiffs to bring a discrimination claim under Title VII is a short one-hundred and eighty (180) days.

Services, 834 F.2d 1085 (1st Cir. 1987) ("that the existence of [a class action] tolls the running of the statute of limitations otherwise applicable to all class members in their individual capacities.") American Pipe & Construction Company v. Utah, 414 US 538, 554 (1974) (the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.")

Thus, plaintiffs by moving this Court to certify this action to proceed as a class action pursuant to Fed.R.Civ.P. P. 23(b)(2) effectively tolled the statute of limitations and preserved the claims of numerous minority police officers throughout the Commonwealth who were unwilling to come forward as named plaintiffs and risk disdain (or possible retribution) within their departments by claiming discrimination but who would otherwise benefit from a determination that the sergeants' examinations administered by State Defendant in 2005, 2006 and 2007 were discriminatory.

On June 9, 2008 and June 26, 2008 this Court denied plaintiffs' Motion for Class certification "as to liability" but "denied [such motion] without prejudice as to the potential remedial stage" of these proceedings. [7] Where it well-settled that in class action brought under Rule 23, the pendancy of a class action suit "tolls the application of the statute of limitations," it is also well-settled that once an order denying class certification is issued, the tolling of the statue of limitations ceases as soon as the district court denies class certification at which point the putative members "**may choose to file their own suits or to intervene as plaintiffs in the pending action**." See Crown Cook & Seal Company v. Parker, 462 US 345, 353-54 (1993) (emphasis added); Martin

---

[7] On July 1, 2008 Plaintiffs filed a Petition with the United States First Circuit Court of Appeals pursuant to the Fed.R.Civ.P. 23(f) for permission to appeal from this Court's order denying class certification and such petition is still pending.

Marietta Corp., 138 F.3d at 1382; Fernandez v. Chardon, 681 F.2d 42, 48 (1st Cir. 1983) ("the statute will resume running when class certification is denied").

      Thus, this Court's Order denying class certification of this matter as to liability (without a further tolling of the statute of limitations for class plaintiffs) necessitates that minority police officers in the Commonwealth, in order to benefit from any determination by this Court that the sergeants' promotional examinations administered by State Defendant in 2005, 2006, and 2007 were discriminatory, must now join in the pending action lest run the risk of their claims and their rights to the type of retroactive hiring preference, seniority, and back pay that normally attaches to a finding of a discriminatory promotional process under a disparate impact theory becoming extinguished and lost forever. Thus, this Court must grant plaintiffs' motion and permit additional Hispanic and African-American police officers employed by the City of Boston, and African-American and Hispanic police officers employed by the City of Springfield and the MBTA who have taken the Commonwealth's promotional examination in the years 2005, 2006 or 2007 and have either failed such examination or have not, as of this date, received a promotion as the result of such examination to join in this lawsuit.

      WHEREFORE, plaintiffs request that this Court grant plaintiffs' sixth motion to amend complaint to include as named plaintiffs an additional twenty-five (25) Hispanic and African-American police officers employed by the City Boston, six (6) Hispanic and African-American police officers employed by the City Springfield, and two (2) African American police officers employed by the MBTA. The plaintiffs have attached hereto their Sixth Amended Complaint.

Respectfully submitted,

PEDRO LOPEZ, et. al.

By their attorneys,

/s/ Leah Marie Barrault
_____
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO #640716
Leah M. Barrault, BBO # 661626
Pyle, Rome, Lichten, Ehrenberg
    & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200


Dated: September 24, 2008

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon the Court and counsel of record for defendants via the Court's ECF filing system, on September 24, 2008.

    /s Leah Marie Barrault_____
Leah Marie Barrault