**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |
|---|---|
| PEDRO LOPEZ, ABEL CANO, KEVIN SLEDGE, | ) |
| CHARLES DEJESUS, RICHARD BROOKS, | ) |
| MASSACHUSETTS HISPANIC LAW | ) |
| ENFORCEMENT ASSOC., ROBERT ALVAREZ | ) |
| MARISOL NOBREGA, SPENCER TATUM, | ) |
| SHUMEAND BENFOLD, ANGELA-WILLIAMS | ) |
| MITCHELL, GWENDOLYN BROWN, | ) |
| LYNETTE PRAILEAU, TYRONE SMITH, EDDY | ) |
| CHRISPIN, DAVID E MELVIN, STEVEN MORGAN | ) |
| WILLIAM E. IRAOLO, JOSE LOZANO, | ) Case No. 07-CA-11693-JLT |
| COURTNEY A. POWELL, JAMES L. BROWN, | ) |
| GEORGE CARDOZA, LARRY ELLISON, | ) |
| DAVID SINGLETARY, CHARISSE BRITTLE | ) |
| POWELL, CATHENIA D COOPER-PATERSON, | ) |
| MOLWYN SHAW, LAMONT ANDERSON, | ) |
| GLORIA KINKEAD, KENNETH GAINES, MURPHY | ) |
| GREGORY, JULIAN TURNER, NEVA GRICE, | ) |
| DELORES E. FACEY, LISA VENUS, RODNEY O | ) |
| BEST, KAREN VANDYKE, ROBERT C. YOUNG, | ) |
| ROYLINE LAMB, LYNN DAVIS, JAMES A JACKSON, | ) |
| JUAN ROSARIO, LOUIS ROSARIO JR, | ) |
| OBED ALMEYDA, DEVON WILLIAMS, JULIO M. | ) |
| TOLEDO, INDIVIDUALLY AND ON BEHALF OF A | ) |
| CLASS OF INDIVIDUALS  SIMILARLY SITUATED, | ) |
|  | ) |
| Plaintiffs | ) |
|  | ) |
| v. | ) |
|  | ) |
| CITY OF LAWRENCE, MASSACHUSETTS, | ) |
| JOHN MICHAEL SULLIVAN, IN HIS | ) |
| CAPACITY AS MAYOR OF THE CITY OF | ) |
| LAWRENCE, MASSACHUSETTS, | ) |
| CITY OF METHUEN, MASSACHUSETTS, | ) |
| WILLIAM MANZI, III, IN HIS CAPACITY AS | ) |
| MAYOR OF CITY OF METHUEN, | ) |
| MASSACHUSETTS, CTY OF LOWELL, | ) |
| MASSACHUSETTS, APPOINTING AUTHORITY | ) |
| FOR CITY OF LOWELL, CITY OF WORCESTER, | ) |
| MASSACHUSETTS, MICHAEL OBRIEN IN HIS | ) |
| CAPACITY AS CITY MANAGER FOR THE CITY | ) |
| OF WORCESTER, CITY OF BOSTON, | ) |

1

MASSACHUESETTS, CITY OF SPRINGFIELD,            )
MASSACHUSETTS, MAYOR DOMENIC SARNO JR )
IN HIS CAPACITY AS MAYOR FOR THE CITY OF     )
SPRINGFIELD, COMMONWEALTH OF                         )
MASSACHUSETTS, PAUL DIETL, IN HIS CAPACITY)
AS PERSONNEL ADMINISTRATOR FOR THE        )
COMMONWEALTH OF MASSACHUSETTS,               )
HUMAN RESOURCES DIVISION,MASSACHUSETTS)
BAY TRANSPORTATION AUTHORITY,                        )
DANIEL GRABAUSKAS  IN HIS CAPACITY AS        )
GENERAL MANAGER, THE BOARD OF TRUSTEES )
OF THE MASSACHUSETTS BAY                                 )
TRANSPORTATION AUTHORITY,                                )
                                                                                 )
                                                                                 )
            Defendants                                                     )
_____)

## SIXTH AMENDED COMPLAINT; INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

## I.      INTRODUCTION.

1.      This is an action by Hispanic and African-American police officers in the

Commonwealth of Massachusetts who have taken the Commonwealth's promotional

examination for the position of police sergeant in the years 2005, 2006 or 2007.

Although such plaintiffs are well qualified for a sergeant's promotion, they have not, as

of this date, received such a promotion.  The named and class plaintiffs challenge the

sergeant's promotional examination on the grounds that it has a disparate impact on

minority test takers and cannot be shown to be job-related under applicable federal

Equal Employment Opportunity Commission and Massachusetts General Laws Chapter

151B standards.  The named and class plaintiffs seek appropriate injunctive and

compensatory relief as described herein.

## II.     <u>JURISDICTION</u>.

2.      This court has jurisdiction over this case under 28 U.S.C. §§1333 and

1343, in that this case arises under the laws of the United States of America, including,

particularly, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), as amended.

In addition, the supplemental jurisdiction of this court is invoked under 28 U.S.C. §1367

for plaintiffs' state law claims.

## III.     <u>PARTIES</u>.

3.      The plaintiff, Abel Cano, is a Hispanic resident of Methuen, Massachusetts

and is a police officer for the City of Methuen, Massachusetts.

4.      The plaintiff, Pedro Lopez, is a Hispanic resident of the City of Lawrence,

Massachusetts, and is a police officer for the City of Lawrence, Massachusetts.

5.      The plaintiff, Kevin Sledge, is an African-American resident of Salem, New

Hampshire and is a police officer for the City of Lawrence, Massachusetts.

6.      The plaintiff, Charles Dejesus, is a Hispanic resident of Methuen,

Massachusetts and is a police officer for the City of Methuen, Massachusetts.

7.      The plaintiff, Richard Brooks, is a Hispanic resident of Londonderry, New

Hampshire and is a police officer in the City of Lawrence, Massachusetts.

8.      The plaintiff, Massachusetts Hispanic Law Enforcement Association, is a

private, non-profit organization of Hispanic police officers and law enforcement officers

in the Commonwealth of Massachusetts.

9.      The plaintiff, Robert Alavarez, is a Hispanic resident of the City of

Methuen, Massachusetts, and is a police officer in the City of Lowell, Massachusetts.

10.    The plaintiff, Marisol Nobrega, is a Hispanic resident of Lowell,

Massachusetts, and is currently a police officer in the City of Lowell, Massachusetts.

11.    The plaintiff, Spencer Tatum, is an African American resident of

Worcester, Massachusetts.  He currently holds the position of police officer in the City of

Worcester, Massachusetts.

12.    The plaintiff, Shumeand Benfold, is an African American resident of the

City of Boston, Massachusetts, and is a police officer in the City of Boston,

Massachusetts.

13.    The plaintiff, Angela-Williams Mitchell, is an African American resident of

the City of Boston, Massachusetts, and is a police officer in the City of Boston,

Massachusetts.

14.    The plaintiff, Gwendolyn Brown, is an African American resident of the

City of Boston, Massachusetts, and is a police officer in the City of Boston.

15.    The plaintiff, Lynette Praileau, is an African American resident of the City

of Boston, Massachusetts, and is a police officer in the City of Boston.

16.    The plaintiff, Tyrone Smith, is an African American resident of Mattapan,

Massachusetts, and is a police officer in the City of Boston.

17.    The plaintiff, Eddy Chrispin, is an African American resident of Hyde Park,

Massachusetts, and is a police officer in the City of Boston.

18.    The plaintiff, David E. Melvin, is an African American resident of North

Easton, Massachusetts, and is a police officer in the City of Boston.

19.    The plaintiff, Steven Morgan, is an African American resident of

Dorchester, Massachusetts, and is a police officer in the City of Boston.

4

20.     The plaintiff, William E. Iraolo, is a Hispanic resident of Randolph,
Massachusetts, and is a police officer in the City of Boston.

21.     The plaintiff, Jose Lozano, is a Hispanic resident of Medfield,
Massachusetts, and is a police officer in the City of Boston.

22.     The plaintiff, Courtney A. Powell, is an African American resident of Hyde
Park, Massachusetts, and is a police officer in the City of Boston.

23.     The plaintiff, James L. Brown, is an African American resident of
Dorchester, Massachusetts, and is a police officer in the City of Boston.

24.     The plaintiff, George Cardoza, is an African American resident of
Brockton, Massachusetts, and is a police officer in the City of Boston.

25.     The plaintiff, Larry Ellison, is an African American resident of Rockland,
Massachusetts, and is a police officer in the City of Boston.

26.     The plaintiff, David Singletary, is an African American resident of Roxbury,
Massachusetts, and is a police officer in the City of Boston.

27.     The plaintiff, Charisse Brittle-Powell, is an African American resident of
Hyde Park, Massachusetts, and is a police officer in the City of Boston.

28.     The plaintiff, Cathenia D. Cooper-Paterson, is an African American
resident of Dorchester, Massachusetts, and is a police officer in the City of Boston.

29.     The plaintiff, Molwyn A. Shaw, is an African American resident of
Dorchester, Massachusetts, and is a police officer in the City of Boston.

30.     The plaintiff, Lamont Anderson, is an African American resident of
Mattapan, Massachusetts, and is a police officer in the City of Boston.

31.     The plaintiff, Gloria Kinkead, is an African American resident of Brockton,

Massachusetts, and is a police officer in the City of Boston.

32.     The plaintiff, Kenneth Gaines, is an African American resident of Hyde

Park, Massachusetts, and is a police officer in the City of Boston.

33.     The plaintiff, Murphy Gregory, is an African American resident of

Stoughton, Massachusetts, and is a police officer in the City of Boston.

34.     The plaintiff, Julian Turner, is an African American resident of Mattapan,

Massachusetts, and is a police officer in the City of Boston.

35.     The plaintiff, Neva Grice, is an African American resident of Roxbury,

Massachusetts, and is a police officer in the City of Boston.

36.     The plaintiff, Delores E. Facey, is an African American resident of

Randolph, Massachusetts, and is a police officer in the City of Boston.

37.     The plaintiff, Lisa Venus, is an African American resident of Hyde Park

Massachusetts, and is a police officer in the City of Boston.

38.     The plaintiff, Rodney O. Best, is an African American resident of Situate,

Massachusetts, and is a police officer in the City of Boston.

39.     The plaintiff, Karen VanDyke, is an African American resident of

Dorchester, Massachusetts, and is a police officer in the City of Boston.

40.     The plaintiff, Robert C. Young, is an African American resident of

Dorchester, Massachusetts, and is a police officer in the City of Boston.

41.     The plaintiff, Royline Lamb, is an African American resident of Brockton

Massachusetts, and is a police officer for the Massachusetts Bay Transit Authority.

42.     The plaintiff, Lynn Davis, is an African American resident of Mattapan,

Massachusetts, and is a police officer for the Massachusetts Bay Transit Authority.

43.     The plaintiff, James A. Jackson, is an African American resident Springfield, and is a police officer for the City of Springfield, Massachusetts.

44.     The plaintiff, Juan Rosario, is a Hispanic resident of Springfield, and is a police officer for the City of Springfield, Massachusetts.

45.     The plaintiff, Louis Rosario Jr., is a Hispanic resident Springfield, and is a police officer for the City of Springfield, Massachusetts.

46.     The plaintiff, Obed Almeyda, is a Hispanic resident of Springfield, and is a police officer for the City of Springfield, Massachusetts.

47.     The plaintiff, Devon Williams, is an African American resident Springfield, and is a police officer for the City of Springfield, Massachusetts.

48.     The plaintiff, Julio M. Toledo is a Hispanic resident of Springfield, and is a police officer for the City of Springfield, Massachusetts.

49.     The defendant, Commonwealth of Massachusetts, is a state of the United States of America, and through its Human Resources Division, is responsible for administering police sergeant promotional examinations in civil service communities throughout the Commonwealth of Massachusetts pursuant to M.G.L. ch.31.

50.     The defendant, Paul Dietl, is the Personnel Administrator for the Human Resources Division of the Commonwealth of Massachusetts, and in that capacity has overall responsibility for the conduct of that agency's affairs.

49.     The defendant, John Michael Sullivan, is the Mayor of the City of Lawrence, Massachusetts and is responsible for the promotional appointments of police officers in the City of Lawrence, Massachusetts.

50.     The defendant, City of Lawrence, Massachusetts, is a municipality of the Commonwealth of Massachusetts and it operates a police department.

51.     The defendant, William Manzi, III, is the Mayor of the City of Methuen, Massachusetts and is responsible for promotional appointments in the Methuen Police Department.

52.     The defendant, City of Methuen, Massachusetts, is a duly incorporated municipality of the Commonwealth of Massachusetts and it operates a police department.

53.     The defendant, Appointing Authority for the City of Lowell, Massachusetts is responsible for the promotional appointments of police officers in the City of Lowell, Massachusetts.

54.     The defendant, City of Lowell, Massachusetts, is a duly incorporated municipality of the Commonwealth of Massachusetts, and it operates a police department.

55.     The defendant, Michael O'Brien, is the City Manager of the City of Worcester, Massachusetts, and is responsible for promotional appointments in the City of Worcester, Massachusetts.

56.     The defendant, City of Worcester, Massachusetts, is a municipality of the Commonwealth of Massachusetts and it operates a police department.

57.     The defendant, City of Boston, Massachusetts, is a duly incorporated municipality of the Commonwealth of Massachusetts, and it operates a police department.

58.    The defendant, Massachusetts Bay Transportation Authority ("MBTA"), is

a body politic and cooperate and political subdivision of the Commonwealth pursuant to

G. L. c. 161A, section 2.

59.    Defendant Daniel Grabauskas is and has been at all material times the

General Manager of the MBTA.

60.    Defendant MBTA Board of Trustees is responsible for the management of

the MBTA pursuant to G.L. c. 161A § 7.

70.    The defendants, City of Springfield, is a duly incorporated municipality of

the Commonwealth of Massachusetts, and it operates a police department.

71.    The defendant, Domenic Sarno Jr., is the Mayor of the City of Springfield,

Massachusetts and is responsible for the promotional appointments of police officers in

the City of Springfield, Massachusetts.


IV.    **CLASS PLAINTIFFS.**

72.    The named plaintiffs bring this action individually and on behalf of a class

of individuals similarly situated.  The class of individuals similarly situated are as follows:

> All Black and Hispanic police officers within the Commonwealth of
> Massachusetts who are employed in cities and towns covered by the state
> civil service law, M.G.L. ch. 31, and who have taken the 2005, 2006 or
> 2007 police sergeant promotional examination administered by defendant
> Commonwealth of Massachusetts, Human Resources Division but have
> not been reached for promotion.

73.    The claims of the class plaintiffs are identical or nearly identical to the

claims of the named plaintiffs in that each challenge the validity of the police sergeant

examination administered by HRD under a disparate impact theory under both state and

federal discrimination law.

74.    The class meets all of the numerosity requirements of Rule 23 of the Federal Rules of Civil Procedure, and it would be impractical to name each individual plaintiff.  In addition, the claims of the named plaintiffs are representative of the claims of the class plaintiffs.

75.    There are common questions of law and fact which predominate over any specific individual factual claims in this case, and plaintiffs' counsel are eminently capable of representing the claims of the named and class members.  The class is primarily certifiable under Rule 23(b)(2) of the Federal Rules of Civil Procedure in that they seek declaratory and injunctive relief to be generally applicable to all plaintiffs. While they also seek damages in the form of back pay and other damages allowable by law, the damage claims are ancillary to the injunctive and declaratory relief sought by the plaintiffs.

## V.    STATEMENT OF FACTS.

76.    The named plaintiffs are all police officers for the cities of Lawrence, Methuen, Lowell, Worcester and Boston Massachusetts.  Each plaintiff is each either Hispanic or African-American.

77.    The class plaintiffs are all employed as police officers in cities and towns within the Commonwealth of Massachusetts and are subject to the Massachusetts civil service law, M.G.L. ch. 31, and have taken the 2005, 2006, or 2007 HRD-administered police sergeant's examination for the position of police sergeant but have not been promoted.

78.    The cities of Lawrence, Methuen, Lowell, Worcester and Boston Massachusetts, as well as many other cities and towns throughout the Commonwealth of Massachusetts, have elected to utilize the Commonwealth of Massachusetts, Human Resources Division ("HRD") to create, design and administer the municipalities' promotional examination for the position of police sergeant.

79.    On information and belief, the cities of Lawrence, Methuen, Lowell, Worcester and Boston as well as numerous other cities and towns within the Commonwealth of Massachusetts, have been utilizing HRD's police sergeant examination to make sergeant's promotions for many years.  Pursuant to the Massachusetts civil service law, M.G.L. ch. 31, these cities and towns have utilized the HRD examination, which consists of 100 points and provides for a failing grade of below 70.  If a candidate passes such examination, he or she is then ranked by their score on the examination and selections for promotional positions are made by the respective city and town from the top candidates on such list.

80.    The HRD police sergeant examination consists of approximately 100 multiple choice questions which are taken directly from law enforcement and related textbooks.

81.    These examinations have, over the last 20 years, been shown to have a significant adverse impact upon minority (Black and Hispanic) test takers while not having been shown to be valid predictors of job performance for a police sergeant.  All of the defendants have been well aware of this fact, yet have taken no action to design a less discriminatory and more job-related examination procedure.

82.     Although any municipality covered by the civil service law, M.G.L. ch.31, has the right under M.G.L. ch. 31, §11 to conduct its own alternative police sergeant promotional examination which could be professionally validated and have significantly less discriminatory impact in virtually all civil service municipalities which are covered by this lawsuit, the HRD examination was used without modification.

83.     In addition, despite HRD's knowledge that the police sergeant's examination has a significant discriminatory impact and is not job-related, HRD has done nothing to implement a less discriminatory examination procedure.

84.     The police sergeant's examination administered by HRD was given in some municipalities in 2005, others in 2006, and others in 2007.  Promotional lists were established as a result of these examinations, and promotions have been made within the appropriate statute of limitations, and continue to be made, off of these lists.  The exam is scheduled to be given again in 2008.

85.     All of the individual and class plaintiffs have taken the police sergeant's promotional examination on at least one occasion, in either 2005, 2006 or 2007.  Many have taken the exam in years prior to 2005.

86.     Although a majority of the named and a majority of the class plaintiffs passed the sergeant's examination, they have not received scores high enough that they will likely be reached for promotion.  In addition, one or more of the named and class plaintiffs did not receive a passing score on the police sergeant's examination.

87.     As a result of utilizing the HRD multiple choice sergeant's promotional examination, minority police officers who have taken the examination, both in the municipalities named in this lawsuit and elsewhere, have been ranked significantly

lower than their non-minority counterparts, despite their being otherwise equally as qualified for a sergeant's promotional position.

88.    As a result of the use of the HRD civil service police sergeant's promotional examination over the last 20 years or more, few, if any, minorities have been promoted to the position of sergeant in both the named defendant municipalities and elsewhere in civil service municipalities throughout the Commonwealth of Massachusetts.  As a result, there is a significant disparity between the number of minority police sergeants in the Commonwealth of Massachusetts and their corresponding numbers in entry-level police officer ranks, notwithstanding that there are significant number of qualified minority police officers who are otherwise qualified for such promotion, were it not for the resulting scores on the police sergeant's promotional examination administered by HRD.

## COUNT I

The conduct of the defendants as set forth above constitutes unlawful disparate impact discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e).

## COUNT II

The actions of the defendants as set forth above constitutes unlawful disparate impact discrimination under M.G.L. ch.151B, §4.

WHEREFORE, plaintiffs request this Honorable Court to issue appropriate injunctive and declaratory relief remedying Defendants' past acts of discrimination, to

award compensatory relief, including back pay and other damages, to grant attorney's

fees and costs, and to grant such other and further relief as to this Court is deemed just

and proper.



Respectfully submitted,

PEDRO LOPEZ, et al.

By their attorneys,


Dated:  September 24, 2008          s/Harold L. Lichten_____
                                    Harold L. Lichten, BBO #549689
                                    Shannon Liss-Riordan, BBO #640716
                                    Leah M. Barrault, BBO # 661626
                                    Pyle, Rome, Lichten, Ehrenberg
                                          & Liss-Riordan, P.C.
                                    18 Tremont St., Ste. 500
                                    Boston, MA 02108
                                    (617) 367-7200