UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ, et al. | )<br>)<br>) |
| Plaintiffs, | )  CIVIL ACTION<br>)  NO. 07-11693-JLT |
| v. | )<br>) |
| CITY OF LAWRENCE, et al. | )<br>) |
| Defendants. | )<br>) |

## AGREEMENT FOR THE PROTECTION OF
## HIGHLY CONFIDENTIAL MATERIAL

WHEREAS the plaintiffs and the state defendants in the above-captioned action recognize that public safety promotional examinations and documentation that reflects the methods and processes by which such employment tests and validation measures are constructed or implemented present an extraordinarily compelling case for confidentiality; and

WHEREAS the plaintiffs and the state defendants acknowledge that the lack of stringent controls over such highly confidential documentation can simply destroy the value, integrity, and validity of promotional examinations; and

WHEREAS the plaintiffs and the state defendants further acknowledge that restrictions curbing improper dissemination of such highly confidential information beyond the creators of the documentation are only as effective as the sanctions available to enforce them;

NOW THEREFORE, the plaintiffs and the state defendants, in consideration of the promises contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, do agree as follows:

1. **Definitions**. The parties to this agreement agree that, as used herein, the

following quoted words and phrases shall have the following meanings:

    a.    "Plaintiffs' Experts" means only those individuals (i) specifically retained by the plaintiffs to advise plaintiffs' counsel on the prosecution of the above-captioned action; (ii) identified as such to counsel for the state defendants in advance of execution of this agreement; and (iii) who have signed this agreement and furnished an original executed counterpart to state defendants' counsel.

    b.    "Highly Confidential Material" means documents, data compilations, and things (i) that have been designated by the producing party with a "Confidential" stamp, and/or (ii) that bear a bates-stamp number that is preceded by the abbreviation "C", and/or (iii) that has been reproduced on colored paper and otherwise designated highly confidential. Any document responsive to paragraphs 6, 7, 8, 9, 12, 13, or 14 of the Court's May 20, 2008, document discovery order may be designated as "Highly Confidential Material." "Highly Confidential Material" includes but is not necessarily limited to documents which constitute or evidence: (1) the contents of examinations proposed for use or actually used for making promotional appointments within any municipal police force in the Commonwealth of Massachusetts, (2) the methodology by which such examinations are devised or scored, (3) the test answers recorded by, or scores achieved by, individually-named examination-takers, (4) appeals taken from the scoring of examination answers, (5) any non-party's confidential, personal data, and (6) any confidential examination-related record that is not a "public record" as defined in clause twenty-sixth of section seven of chapter four of the Massachusetts General Laws. Documents reflecting the identity or comments of police superior officers who have participated in the examination-creation process as subject matter experts shall also be deemed "Highly Confidential Material."

2.    **Persons to Whom Highly Confidential Material May Be Disclosed.** Except with the prior written consent of the producing party or upon explicit order of the Court, Highly Confidential Material shall be disclosed only to Plaintiffs' Experts and to no other individuals not employed by the Commonwealth of Massachusetts Human Resources Division ("HRD"). The Plaintiffs' Experts agree to take all necessary steps to prevent the further dissemination of Highly Confidential Material to others.

3.    **Use, Reproduction, and Return of Highly Confidential Material.**

The state defendants will make available to Plaintiffs' Experts for off-site review, for a limited period of time, as described below, the extant documents responsive to paragraphs 6-9 and 12-14

of the Court's May 20, 2008, document discovery order, plus similar documents pertaining to police lieutenant promotional examinations administered by HRD in 2005, 2006, or 2007. Only the Plaintiffs' Experts are authorized to engage in off-site review of this Highly Confidential Material.

(a.) ***Reproduction forbidden.*** Reproduction or copying in any fashion of Highly Confidential Material is strictly prohibited.

(b.) ***Protecting the Security of Highly Confidential Material.*** All Highly Confidential Material shall remain at all times either (i) within the personal possession of those entitled to have access to the material under Paragraph 2 of this Agreement; (ii) under lock and key; or (iii) securely sealed for transport.

(c.) ***Limited to Use in this Action***: No Plaintiffs' Expert shall be permitted to make use of any Highly Confidential Material received pursuant to this agreement in any other fashion other than in direct furtherance of his obligations to produce an expert report in this particular forum and action unless (i) by written agreement of the producing party, or (ii) pursuant to an explicit court order.

(d.) ***At Trial and in Court Filings:*** If any Plaintiffs' Expert or party intends to disclose the content of Highly Confidential Material at trial, or in a pleading, report, motion, deposition, transcript, or other paper filed with this Court, such party shall provide at least three business days' advance notice to the producing party sufficient to permit the parties to consult as to how to proceed under Local Rule 7.2.

(e.) ***Return of Confidential Material.*** Every single page of Highly Confidential Material received by Plaintiffs' Experts shall be returned to counsel for the state defendants within three (3) days of the court-imposed deadline for filing of Plaintiffs' Experts' reports, or within fourteen (14) days of receipt, whichever date occurs sooner.

(f) *Ongoing Obligation of Confidentiality.* The dismissal of the state defendants or the termination of proceedings in this action shall not relieve the persons described in paragraph 2 above from the obligation of maintaining the confidentiality of all Highly Confidential Material received pursuant to this agreement, unless the Court orders or permits otherwise.

4. **Redaction of Confidential Information Regarding Non-Parties.** Nothing in this Agreement shall be construed to preclude a producing party from redacting from original documents or data compilations produced hereunder any information, data, or other material that directly relates to a specifically named, non-party individual if the disclosure of such material would constitute an unwarranted invasion of personal privacy or the material otherwise constitutes "personal data" as that term is employed in Mass. Gen. Laws c. 66A, § 1. Unless the data subject approves the disclosure of protected personal data, such data shall not be released without the data subject first having been notified of any demand made, by means of compulsory legal process or otherwise, in reasonable time such that the data subject may seek to have the demand quashed.

5. **Protecting Highly Confidential Material at Depositions.** No person may refuse to answer any questions at a deposition on the sole ground that the question requires the person to make reference to Highly Confidential Material. Depositions shall proceed upon the following basis: Prior to questioning or testimony that discloses Highly Confidential Material, all persons present shall be advised of the terms and conditions of this Agreement and the Court's prior Protective Order governing Confidential Material and jointly requested to abide by the terms of these agreements and order. At the request of a party, all persons not authorized to receive Confidential Material under the Court's Protective Order shall leave the room during the time in which such Confidential Material or Highly Confidential Material is disclosed or

discussed. Direct references on the record to the contents of Highly Confidential Material shall be avoided whenever possible. Highly Confidential Material may be marked as a deposition exhibit for identification purposes, but the material shall not leave the custody of counsel for the state defendants. Information disclosed at depositions may be designated as Highly Confidential Material by indicating on the record at the deposition the portion of the testimony that contains confidential material, or within sixty (60) days after receipt of the deposition transcript, by notifying counsel for all parties, in writing, indicating the specific pages and lines of the transcript that contain confidential material. So designated, Highly Confidential Material reflected in deposition transcripts shall be subject to the Court's Protective Order to the same extent as all other Confidential Material.

6. **Liability Exposure for Violation of the Confidentiality Provisions of this Agreement.**

The undersigned stipulate and agree that any violation of the confidentiality provisions of this agreement shall constitute a violation of Mass. Gen. Laws c. 93, § 42, and upon competent evidence of a violation the Commonwealth shall be authorized to initiate an action for damages and enforcement of this agreement in the courts of the Commonwealth under this or cognate provisions of state law.

7. **No Litigation Over Highly Confidential Material Pertaining to Lieutenant Examinations.**

In exchange for Plaintiffs' Experts' access to confidential material pertaining to police lieutenant promotional examinations administered by HRD in 2005-2007, the plaintiffs agree that they will not seek to amend their complaint in this action to state any claim based on the development or administration of those examinations. Further, plaintiffs' attorneys, by executing this agreement, signify that the firm of Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C., will not represent any individual in a discrimination case that is based on the individual's

5

participation in the 2005, 2006, or 2007 HRD-administered police lieutenant promotional examination.

    8.    **Review and Approval by Counsel.**  Each non-attorney signatory to this agreement affirms that he has consulted with and been advised by counsel in connection with the execution of this agreement and that he understands all provisions of this agreement.

    9.    **Entire Agreement.**  This document sets forth the entire agreement between the plaintiffs and the state defendants with respect to the subject matters hereof, and supersedes all prior oral and written agreements and discussions.  No other statement, promise, or agreement, either written or oral, made by any party or the agents of any party that is not contained in this written agreement or the confidentiality stipulation previously entered as a court order shall be enforceable.  The plaintiffs and the state defendants represent that none of them relies upon, in entering into this agreement, any statement of any other party to this agreement except those statements set forth in this document.  This agreement is the result of the mutual efforts of the signatories and no ambiguity herein is to be construed against any of them.

    10.    **Right to Seek Modification or a Court Order.**  No provision of this agreement shall be construed to prevent a court-ordered modification of the parties' obligations or the establishment of additional protection with respect to the confidentiality of discovery material.  The state defendants expressly reserve the right to seek a protective order from the Court containing any or all terms contained in this agreement.  Upon motion and a showing of good cause, with prior notice and an opportunity for the opposing party to respond, the Court shall have the power to make any modification hereof which justice may require.

Agreed to and subscribed to by the undersigned on this 24 day of September 2008.

_____
Robert L. Quinan, Jr.
Assistant Attorney General
Government Bureau
One Ashburton Place, Room 2019
Boston, MA 02108

_____
Joel P. Wiesen, Ph.D.
Applied Personnel Research
27 Judith Road
Newton, MA 02459

_____
Harold L. Lichten, Esq.
Leah M. Barrault, Esq.
Pyle, Rome, Lichten, Ehrenberg &
 Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108