## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **************************************************** | | |
| **PEDRO LOPEZ; ABEL CANO; KEVIN SLEDGE;** | * | |
| **CHARLES DEJESUS; RICHARD BROOKS;** | * | |
| **ROBERT ALVAREZ; MARISOL NOBREGA;** | * | |
| **SPENCER TATUM; THE MASSACHUSETTS** | * | |
| **HISPANIC LAW ENFORCEMENT ASSOCIATION;** | * | |
| **SHUMEAND BENFOLD; ANGELA WILLIAMS-** | * | |
| **MITCHELL; GWENDOLYN BROWN; LYNETTE** | * | |
| **PRAILEAU; INDIVIDUALLY AND ON BEHALF** | * | |
| **OF A CLASS OF INDIVIDUALS SIMILARLY** | * | |
| **SITUATED,** | * | |
| **Plaintiffs** | * | |
| **v.** | * | **Civil Action No. 07-11693-JLT** |
| | * | |
| **CITY OF LAWRENCE, MASSACHUSETTS;** | * | |
| **CITY OF METHUEN, MASSACHUSETTS;** | * | |
| **COMMONWEALTH OF MASSACHUSETTS;** | * | |
| **PAUL DIETL, IN HIS CAPACITY AS PERSONNEL** | * | |
| **ADMINISTRATOR FOR THE COMMONWEALTH** | * | |
| **OF MASSACHUSETTS, HUMAN RESOURCES** | * | |
| **DIVISION; JOHN MICHAEL SULLIVAN, IN HIS** | * | |
| **CAPACITY AS MAYOR OF THE CITY OF** | * | |
| **LAWRENCE, MASSACHUSETTS;** | * | |
| **WILLIAM MANZI, III, IN HIS CAPACITY** | * | |
| **AS MAYOR OF CITY OF METHUEN,** | * | |
| **MASSACHUSETTS; CITY OF LOWELL,** | * | |
| **MASSACHUSETTS; APPOINTING AUTHORITY** | * | |
| **FOR THE CITY OF LOWELL, MASSACHUSETTS;** | * | |
| **CITY OF WORCESTER, MASSACHUSETTS; and** | * | |
| **MICHAEL O'BRIEN IN HIS CAPACITY AS CITY** | * | |
| **MANAGER OF THE CITY OF WORCESTER,** | * | |
| **MASSACHUSETTS, CITY OF BOSTON,** | * | |
| | * | |
| **Defendants** | * | |
| **************************************************** | | |

### MEMORANDUM OF DEFENDANT CITIES OF BOSTON, LAWRENCE, LOWELL, METHUEN & WORCESTER, AND DEFENDANT COMMONWEALTH OF MASSACHUSETTS IN OPPOSITION TO PLAINTIFFS' SIXTH MOTION TO AMEND COMPLAINT

The Cities of Boston, Lowell, Lawrence, Methuen and Worcester, and the State Defendants,[1] submit this joint opposition to Plaintiffs' Sixth Motion to Amend Complaint.  As evidenced by the title of Plaintiffs' motion, Plaintiffs have previously filed five amended complaints.  There are currently 12 individual Plaintiffs to this action, and an association (the Hispanic Law Enforcement Association).  By virtue of their sixth Amended Complaint, Plaintiffs now seek to add 33 new plaintiffs, and two new defendants (the City of Springfield and its Mayor (collectively "Springfield"), and the Massachusetts Bay Transportation Authority, its General Manager and Trustees (collectively "MBTA")).  The proposed amended complaint, like prior complaints, alleges that certain municipalities[2] and the State Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. ("Title VII"), and M.G.L. c.151B ("Chapter 151B"), by not promoting the Plaintiffs to police sergeant positions based on the results of examinations administered in 2005, 2006 and 2007.  These examinations allegedly had a "disparate impact" on African-American and Hispanic applicants.

Plaintiffs' motion should be denied because 1) Plaintiffs unnecessarily seek to expand and prolong this action, in which discovery is scheduled to close in less than two months; and 2) Plaintiffs have not followed the administrative prerequisites for asserting the claims of unlawful discrimination alleged in the proposed amended complaint, such that their proposed amendment is futile and must be rejected.

A.    **Case Background**

On September 11, 2007, five individuals and the Massachusetts Hispanic Law Enforcement Association filed suit against the City of Lawrence and John Michael Sullivan in

[1]The "State Defendants" are the Commonwealth of Massachusetts and Paul Dietl, in his capacity as Chief Human Resources Officer of the Human Resources Division.

[2]The municipalities currently named as defendants are the cities of Boston, Lawrence, Lowell, Methuen and Worcester.

his capacity as Mayor of Lawrence (collectively "Lawrence"); the City of Methuen and William Manzi III in his capacity as Mayor of Methuen (collectively "Methuen"); and the Commonwealth of Massachusetts, Human Resources Division ("HRD"), and Paul Dietl in his capacity as Personnel Administrator for HRD of the Commonwealth of Massachusetts (collectively the "State Defendants"). The Complaint sought, among other things, injunctive and declaratory relief.

On November 16, 2007, this Court issued a Rule 26 Discovery Order.

On December 21, 2007, in the Joint Statement signed by Plaintiffs, the Commonwealth, Lawrence and Methuen, "[t]he parties agreed that the deadline for joining other parties and amending the initial pleadings shall be March 30, 2008."

On January 2, 2008, Plaintiffs filed a Motion to Amend Complaint and attached their First Amended Complaint. The proposed First Amended Complaint added three individual plaintiffs and three additional defendants: William Martin in his capacity as Mayor of the City of Lowell ("Martin"), and the City of Worcester and Konstantina B. Lukes in her capacity as Mayor (collectively "Worcester"). The First Amended Complaint also sought class certification and included new allegations.  While the First Amended Complaint discusses the City of Lowell, and lists the City in the case caption, it does not name the City of Lowell as a defendant.  Plaintiffs' Motion to Amend did not include the certificate required by Local Rule 15.1(B), stating that the proposed new parties had been notified, at least ten days before the motion was filed, of the motion to amend and the date of filing.[3]   In fact, none of the proposed defendants, as well as Lowell, had received any notification of the proposed amendment prior to filing with this Court.

_____

[3]Local Rule 15.1(B) provides that "[a] party moving to amend a pleading to add a new party shall serve, in the manner contemplated by Fed. R. Civ. P. 5(b), the motion to amend upon the proposed new party at least ten (10) day in advance of filing the motion, together with a separate

On January 3, 2008, this Court held a Scheduling Conference regarding the various issues and allowed Plaintiffs' Motion to Amend.

On January 4, 2008, the Plaintiffs filed what they labeled their "Second Amended Complaint," which was virtually identical to the proposed "first" amended complaint filed on January 2, 2008, except that it explicitly added the City of Lowell as an additional defendant. As noted, none of the newly named defendants received any notice of the proposed amendment in any manner, much less the procedure required by Local Rule 15.1(B).

On January 15, 2008, the Plaintiffs filed another Motion to Amend Complaint and attached their Third Amended Complaint. The proposed Third Amended Complaint changed two defendants, naming the "Appointing Authority" for the City of Lowell replacing Martin and naming Michael O'Brien, City Manager for the City of Worcester replacing Lukes. The Third Amended Complaint also included new allegations. Plaintiffs' second motion to amend did not include a certificate of compliance with Local Rule 15.1(B) for the newly named defendants. Lowell and Worcester were unaware of this Third Amended Complaint.

Also on January 15, 2008, Plaintiffs filed a Motion to Certify Class and an accompanying memorandum. The Plaintiffs failed to comply with Local Rule 7.1(2) as they did not confer with Lowell or Worcester regarding class certification. Further, the Plaintiffs never provided a copy of the second motion to amend or the motion and memorandum regarding the class certification to Lowell or Worcester.

On February 13, 2008, Plaintiffs filed their Third Amended Complaint.

---

document stating the date on which the motion will be filed. A motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance of the new party as required by this rule."

On March 11, 2008, the Plaintiffs filed their "Fourth Motion to Amend Complaint" and attached their Fourth Amended Complaint. The proposed Fourth Amended Complaint added four individual plaintiffs, one additional defendant (the City of Boston) and included new allegations. Plaintiffs' "fourth" motion to amend did not include a certificate of compliance with Local Rule 15.1(B).   In fact, Boston was not notified in any manner of the proposed amendment prior to service of the complaint.   Further, the Plaintiffs failed to comply with Local Rule 7.1(2) as they did not confer with Lawrence, Lowell, Methuen, or Worcester prior to the filing of the motion. Their Certificate of Consultation only states a conference with the State Defendants.

In accordance with this Court's order dated April 29, 2008, Plaintiffs, on May 30, 2008, filed their Fifth Amended Complaint, which included new allegations.

The most recent status conference in this action was held on August 12, 2008. This conference was held two months after this Court's order, dated June 9, 2008, denying Plaintiffs' Motion for Class Certification as to the liability stage of this action.  On July 11, 2008, Plaintiffs filed with the U.S. Court of Appeals for the First Circuit their "Petition Pursuant to Fed. R. Civ. P. 23(f) for Permission to Appeal from Order Denying Class Certification."  By order dated September 12, 2008, one month after the conference, the First Circuit denied Plaintiffs' petition.  Thus, the petition is no longer pending, as stated erroneously at p. 3, n.7, of Plaintiffs' Motion to Amend, dated September 24.

At the August 12th conference, as confirmed by the hearing transcript, Plaintiffs agreed to a deadline of November 30 for completing discovery.  In agreeing to this date, Plaintiffs never referred to the possibility of adding further plaintiffs and defendants if their petition to the First Circuit were denied.

On September 24, 2008, the Plaintiffs filed their "Sixth Motion to Amend Complaint" and attached their Sixth Amended Complaint.  As noted, the proposed Sixth Amended Complaint seeks to add 33 individual plaintiffs, five additional defendants, and includes new allegations.  Plaintiffs' sixth motion to amend did not include the certificate of compliance required by Local Rule 15.1(B) regarding notice to the prospective defendants.

As of September 29, 2008, the Plaintiffs had completed the depositions of three State Defendants as allowed by the Court.  Boston, Lawrence, Lowell, Methuen and Worcester as named defendants had notice of the depositions.

**B.**    **Argument**:    **Plaintiffs' Motion to Amend Should Be Denied**.

**1**.    **Courts Carefully Scrutinize Motions To Amend**.

While Fed. R. Civ. P. 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires," "Rule 15(a) does not provide the courts with a rubber stamp to simply allow every motion to amend without consideration of the merits.  The First Circuit has clearly held that a court may deny a motion to amend under Rule 15(a) when the record demonstrates that amendment would be, among other reasons, futile, made in bad faith, the product of undue delay, or a dilatory tactic on the part of the movant."   Patoski v. Jackson, 477 F. Supp. 2d 361, 362 (D. Mass. 2007), citing Hatch v. Department for Children, Youth and Their Families, 274 F. 3d 12, 19 (1st Cir. 2001).  "[A] court considering a motion to amend should consider the totality of the circumstances and balance the equitable considerations which bear on the motion. Whether the proposed amendment would unfairly prejudice the opposing party, whether the party seeking the amendment has exercised due diligence, and whether the proposed amendment involves futility, unseemly delay, bad faith, or waste of the court's or the

6

parties' resources are all factors which may be considered." Weber v. Sanborn, 526 F. Supp. 2d 135, 140-141 (D. Mass. 2007).

"In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." Adorno v. Crowley Towing and Transportation Co., 443 F. 3d 122, 126 (1st Cir. 2006). Under Rule 12(b)(6), a court "must give credence to all well-pleaded facts and indulge all reasonable inferences that fit the plaintiff's stated theory of liability." Rogan v. Menino, 175 F. 3d 75, 77 (1st Cir.), cert. denied sub nom., Rogan v. Evans, 528 U.S. 1062 (1999). Nonetheless, a court does not "accept a plaintiff's unsupported conclusions or interpretations of law." Serpa Corp. v. McWane, Inc., 199 F. 3d 6, 9 (1st Cir. 1999). "[M]inimal requirements are not tantamount to nonexistent requirements." Gooley v. Mobil Oil Corp., 851 F. 2d 513, 514 (1st Cir. 1988), quoted in Cooperman v. Individual, Inc., 171 F. 3d 43, 47 (1st Cir. 1999).

2.    **Plaintiffs' Proposed Amendment Will Further Delay This Action**.

Plaintiffs' proposed amendment would significantly expand the number of parties to this action, and make it virtually impossible to complete discovery by the current deadline of November 30. There is no justification for further expanding and delaying this action, and thus Plaintiffs' motion should be denied.

The Sixth Amended Complaint of Plaintiffs, if allowed, would add 33 new plaintiffs to this action, and two sets of new defendants (Springfield and the MBTA). The addition of so many new parties would make it virtually impossible to complete discovery by the November 30th deadline established last summer by this Court, and indeed, would very likely extend the deadline by several more months. While the First Circuit had not ruled on Plaintiffs' petition for leave to appeal prior to the August 12th conference, Plaintiffs never stated at the

conference that the denial of their petition could result in their seeking to expand this action by adding a large number of new plaintiffs and defendants.

The filing of the proposed Sixth Amended Complaint raises the prospect that the number of plaintiffs and defendants will only keep growing and growing, on a piecemeal basis, with no end in sight.  As originally filed in September 2007, the complaint named just five individual Plaintiffs, and three sets of defendants (the cities of Lawrence and Methuen, and the State Defendants).  As detailed above, the action has repeatedly expanded over the ensuing year, such that, one year later, the proposed amendment would increase the number of Plaintiffs from the current level of 12 to 45.  There is no indication that the search for additional plaintiffs or defendants is at an end.  In fact, there are many more civil service communities that participated in the 2005, 2006 and 2007 sergeant promotional examinations.

The seemingly endless pursuit of more plaintiffs and defendants serves no legitimate purpose.  This action has been bifurcated into liability and remedial phases.  There is no reason to believe that Plaintiffs will have a greater likelihood of holding Defendants liable for unlawful disparate impact discrimination due to the addition of 33 further plaintiffs, as opposed to the 12 individual Plaintiffs already in the case.  Indeed, Plaintiffs will bear the burden of establishing, for each plaintiff, that she or he is "as qualified as" those actually promoted.  See Adams v. City of Chicago, 469 F. 3d 609, 613 (7th Cir. 2006), cert. denied, 127 S. Ct. 2141 (2007).  It would be entirely speculative to conclude that the increased number of plaintiffs will enhance the likelihood that each plaintiff, or any of them, will meet this standard.  Moreover, any prospective injunctive relief that this Court may order at the remedial stage likely would have the same impact regardless of the number of party plaintiffs.

Additionally, continuing to add and add plaintiffs and defendants, with no end in sight, and for no apparent legitimate purpose, will simply prolong this action, and unfairly prejudice the public defendants by adding unnecessarily to the expense of this action.  Examples of this unfair prejudice include 33 new depositions, a fifth scheduling conference for the State Defendants, Lawrence and Methuen, and a new discovery order. Further, proposed defendants MBTA and Springfield legitimately may raise any number of new issues in their defense, including the fairness of depositions that concluded when they were not parties to the proceedings.  This Court should put an end to the addition of parties to this action, and deny Plaintiffs' motion.   See Epstein v. C.R. Bard, Inc., 460 F. 3d 183, 191 (1st Cir. 2006) ("'Critically, we have held that [w]here an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters,'" quoting Correa-Martinez v. Arrillaga-Belendez, 903 F. 2d 49, 59 (1st Cir. 1990)).

**3**.    **The Prospective Plaintiffs Have Not Met The Administrative Requirements For Bringing Suit**.

The proposed 6th Amended Complaint, like the complaints previously filed, alleges claims of disparate impact discrimination under Title VII and Chapter 151B.  Plaintiffs do not allege in their proposed amendment that any of the prospective plaintiffs have met the prerequisites for bringing suit, and thus the motion to amend must be denied as futile.

"An action cannot be brought in the Superior Court under G.L. c.151B, §9, unless it is preceded by the filing of a complaint of unlawful discrimination with the MCAD within six months of the occurrence of the discriminatory event."  Carter v. Commissioner of Correction, 43 Mass. App. Ct. 212, 217, 681 N.E. 2d 1255, 1259 (1997).  While the six month period has been increased to 300 days, see M.G.L. c.151B, §5, as amended by St. 2002, c.223, §1, the principle remains the same.  See, e.g., Theroux v. Singer, 21 Mass. L. Rptr. 187, 188 (Superior

Ct. 2006).  Similarly, "[i]t is axiomatic that before seeking relief from the courts under Title VII, a litigant must exhaust available administrative remedies in a timely fashion."  Patoski v. Jackson, 477 F. Supp. 2d at 362-363.

Despite this well-established requirement to exhaust administrative remedies, the 6th Amended Complaint fails to allege that any of the 33 additional plaintiffs, including 25 employed as Boston police officers, have filed charges of discrimination.  It was not until October 3, nearly two weeks after Plaintiffs filed their motion to amend, that Boston received notice that the 25 additional "Boston plaintiffs" had filed discrimination charges.[4]  Plaintiffs, of course, are required to exhaust their administrative remedies before filing suit, and not the other way around.  Accordingly, the disparate impact claim which these prospective plaintiffs seek to bring is futile, and the motion to amend should be denied.

The claims of the 33 proposed additional plaintiffs also raise significant statute of limitations issues.  Under anti-discrimination law, the "limitations period begins to run 'at the first discrete act of discrimination.'"  Thornton v. United Parcel Service, Inc., 565 F. Supp. 2d 273, 280 (D. Mass. 2008), quoting National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).  At least one court, in Lewis v. City of Chicago, 528 F. 3d 488 (7th Cir. 2008), has held that the statute of limitations for a claim of unlawful disparate impact under Title VII, based on a written examination for applicants for firefighter positions, commenced when the test scores were communicated.

Defendants anticipate that the claims of these 33 additional plaintiffs, should they proceed, will fail on timeliness grounds.  Discovery will undoubtedly show that the prospective plaintiffs (at least the 25 new Boston plaintiffs), like the existing Plaintiffs to this action,

---

[4]According to the proposed Amended Complaint, the other additional plaintiffs are employed by proposed defendants Springfield and the MBTA, which are not currently parties to this action.

received their test results in the spring of 2006, some 18 months before the filing of the original complaint in this action. Assuming <u>arguendo</u> that discrimination charges have been filed, the filings could not have occurred before September 2008, some 2½ years after the communication of the test results. The claims of these prospective plaintiffs are far outside any concept of "equitable tolling," and so will very likely fail. <u>Compare</u> <u>Thornton v. United Parcel Service, Inc.</u>, 565 F. Supp. 2d at 280 n.14 ("'Federal courts should not apply equitable tolling liberally to extend time limitations in discrimination cases. In a nutshell, equitable tolling is reserved for exceptional cases,'" quoting <u>Chico Valez v. Roche Products, Inc.</u>, 139 F. 3d 56, 58-59 (1st Cir. 1998)).

**C**.      **<u>Conclusion</u>**

For all the above reasons, Plaintiffs' Motion to Amend should be denied.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,
and PAUL DIETL in his capacity as Human
Resources Officer of the Human Resources Division,

By their Attorneys,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/Robert L. Quinan, Jr.
B.B.O. #553010
Sookyoung Shin
B.B.O. #643713
Assistant Attorneys General
One Ashburton Place
Government Bureau
Boston, MA 02108-1598
(617) 727-2200, ext. 2554 (Quinan)
(617) 727-2200, ext. 2052 (Shin)

Dated:   October 7, 2008

Respectfully submitted,

CITY OF BOSTON,

By its attorneys,


WILLIAM F. SINNOTT
Corporation Counsel


/s/Robert P. Morris
Mary Jo Harris
B.B.O. #561484
Robert P. Morris
B.B.O. #546052
Special Assistant Corporation Counsel
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

Dated:  October 7, 2008



WILLIAM M. MANZI, III in his capacity as MAYOR OF THE CITY OF METHUEN, MASSACHUSETTS,

By their attorney,



/s/ Peter J. McQuillan

Peter J. McQuillan
B.B.O. #340180
Office of the City Solicitor
41 Pleasant Street, Room 311
Methuen, MA  01844
(978) 983-8575
(978) 983-8981


Dated:  October 7, 2008

Respectfully submitted,

CITY OF LOWELL,

By its attorneys,


/s/Brian W. Leahey

Brian W. Leahey, Assistant City Solicitor
BBO #567403
City of Lowell - Law Department
375 Merrimack Street, 3rd Floor
Lowell, MA 01852-5909
Tel: 978-970-4050
Fax:  978-453-1510

Dated:  October 7, 2008




CITY OF WORCESTER and MICHAEL O'BRIEN,

By their attorneys,


/s/Laurie W. Engdahl

Laurie W. Engdahl
B.B.O. #554635
Daniel C. Brown
B.B.O. #648038
Collins, Loughran & Peloquin, P.C.
320 Norwood Park South
Norwood, MA 02062
(781) 762-2229



Dated:  October 7, 2008

## CERTIFICATE OF SERVICE

I, Robert P. Morris, certify that on October 7, 2008, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.


/s/Robert P. Morris
Robert P. Morris