## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
PEDRO LOPEZ, et al.,                                )
                    Plaintiffs                       )
                                                    )
                                                    )
v.                                                  )
                                                    )
                                                    )
                                                    )
                                                    ) **07-CA-11693-JLT**
CITY OF LAWRENCE, MASSACHUSETTS, et. al,            )
                    Defendants                       )
_____)

### REPLY MEMORANDUM TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' SIXTH MOTION TO AMEND COMPLAINT

### I.    <u>INTRODUCTION</u>.

This case proceeded as a putative class action from when it was filed in the summer of 2007 until June of 2008.  In June of 2008, this court denied plaintiffs' motion for class certification as to the "liability stage" but "without prejudice" on the issue of remedy, should that stage be reached.  At that time the plaintiffs pointed out to the court[1] that since the claims of the class plaintiffs were protected or "tolled" while the case was being maintained as a class action, and that once class certification was denied, potential plaintiffs had to either file their claims or risk having those claims extinguished on timeliness grounds, police officers seeking to challenge the sergeant's exam as discriminatory would have to seek to be added to the case individually.  <u>Armstrong v. Martin Marietta Corp.</u>, 138 F.3d 1374, 1381 (11th Cir. 1998).

_____
[1]    See Plaintiffs' Motion for Reconsideration of Denial of Class Certification.

As envisioned after this court denied class certification as to liability, the unnamed plaintiff class members who wished to protect their rights had no alternative other than to move to be added to this case individually.[2]  Now, with the new plaintiffs having no option other than to seek to be joined in this case or risk losing their rights forever, the defendants now oppose that which they inevitably brought about when they opposed class certification.  For this reason the plaintiffs' motion to amend must be granted.

Further, the specific grounds upon which defendants oppose this motion are baseless.  Granting the motion to amend will not and need not delay trial of the penultimate issue in this case – whether HRD's 2005, 2006, and 2007 police sergeant's exams were violative of Title VII, and that is the only issue currently being litigated before this court.  In addition, defendants' argument that this court should deny the motion to amend as to those plaintiffs who took the 2005 exam, because such amendment would be futile, is clearly wrong as a matter of law.  Indeed, defendants all but acknowledge that the case law almost unanimously holds that such claims are timely since promotions from the 2005 list have been made through 2008.


II.    **FACTS RELEVANT TO THE MOTION TO AMEND.**

In June of 2008 this court denied plaintiffs' motion for class certification as to liability and in September of 2008 the First Circuit denied interlocutory review of such decision.  Under well established federal law, putative class plaintiffs

---

[2]     The only other possible alternative for these new plaintiffs is to file a new, but identical lawsuit on their own behalf in this court.  As a "related case," it would be assigned to this court and further duplicate, not save, the court's time.

whose claims had been tolled were then required to join the action or lose their rights. Crown Cork & Seal Company v. Parker, 462 U.S. 345, 353-54 (1993); Fernandez v. Chardon, 681 F.2d 42, 48 (1st Cir. 1983).

As a result, in September of 2008, plaintiffs moved to amend their complaint to add an additional 33 named plaintiffs who formerly were putative class members. Twenty-five of these new plaintiffs are minority police officers for the City of Boston. Most of those officers took and passed the 2005 sergeant's examination but have not been reached for promotion as a result of their score.[3] The other eight plaintiffs seeking to be added to this case took the 2007 HRD police sergeant's examination and, therefore, there is no issue of timeliness in their cases. Several of those officers passed the sergeant's exam but have not been reached for promotion and several failed. Several also took the 2005 exam.

All of the 33 proposed new named plaintiffs have first filed administrative claims with the Massachusetts Commission Against Discrimination ("MCAD") and Equal Employment Opportunity Commission ("EEOC") and the MCAD has since dismissed (without prejudice) each of the new named plaintiffs and the MCAD Commissioner has granted them permission in writing to join this lawsuit. See MCAD Notices for all 33 proposed named plaintiffs, Exhibit A, attached hereto; G.L. c. 151B, §9 (Any person claiming to be aggrieved by a practice made unlawful under this chapter .. may, at the expiration of ninety days after the filing of a complaint with the commission, or sooner if a commissioner assents in

---

[3]    19 of the 25 passed the 2005 examination. Additionally, 5 of the 6 new named Springfield plaintiffs passed the 2005 examination. See Exhibit B, attached.

writing .. bring a civil action… complaint before the commission shall then be dismissed without prejudice).

### III. COURTS ROUTINELY GRANT MOTIONS TO AMEND COMPLAINTS TO ADD ADDITIONAL PLAINTIFFS FOLLOWING DENIALS OF CLASS CERTIFICATION AND THIS COURT SHOULD TREAT THIS CASE AND PLAINTIFFS' MOTION NO DIFFERENTLY.

The Defendants urge this Court to review the Plaintiffs' motion to amend using a higher standard than is traditionally applied by the courts.  Rather than requiring "careful scrutiny" of amendment pleadings, as the Defendants argue, Rule 15(a) "encourages a non-punctilious view of motions to amend pleadings." J. S. McCarthy, Co., Inc. v. Brausse Diecutting & Converting Equip., Inc., 226 F.R.D. 14, 16 (D. Me. 2005); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires; this mandate is to be heeded").  In this regard, Rule 15(a) "reinforces one of the basic policies of the federal rules," namely that "pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits."  U.S. v. Hudson, 152 F.R.D. 6, 7 (D. Conn. 1993), quoting 6 Charles Alan Wright, et al., Fed. Prac. & Proc. Civ. 2d § 1473.

The governing principles of Rule 15(a) are nowhere more relevant than in cases where the court denies class certification.  Indeed, where class certification has been denied, the federal courts have routinely allowed amendment for purposes of adding new plaintiffs as a matter of course and common sense.  See O'Donnell v. Robert Half Int'l, Inc., 429 F.Supp.2d 246, 251-252 (D. Mass. 2006) (granting motion to amend to add new lead plaintiff after denying class

certification, reasoning that amendment will "promote judicial efficiency because all current and former [plaintiffs] who have legitimate claims against [the defendant] will now be able to resolve those claims in this action"); Mason v. Granholm, 2008 WL 4387940, at *1 (E.D. Mich. 2008) (recounting that court had denied class certification and then allowed amendment to add plaintiffs one month later); Twarog v. Allen, 2007 WL 2228635, at *8 (M.D. Ala. 2007) (granting plaintiffs' motion to amend to add new plaintiffs and drop named defendant "[h]aving recommended the denial of [p]laintiffs' motion for class certification"); Voilas v. General Motors Corp., 173 F.R.D. 389, 394 (D.N.J. 1997) (finding "no reason . . . to carve out an exception [to Rule 15(a)] for motions to amend to join additional plaintiffs following the denial of a motion for class certification"); Nelson v. County of Allegheny, 60 F.3d 1010, 1011-1012 (3rd Cir. 1995) (noting that district court permitted amendment to add plaintiffs following denial of class certification); Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 63 (D.N.J. 1996) (granting motion to amend to add plaintiffs following denial of class certification); Joshlin v. Gannett River States Pub. Corp., 152 F.R.D. 577, 579 (E.D. Ark. 1993) (same, where "the amended complaint merely adds new parties plaintiff to the action, with legal and factual issues identical to the issues raised in the original complaint").  This Court should treat this case no differently and permit Plaintiffs' motion to amend.

IV.  **THERE EXISTS NO GROUNDS FOR DENYING PLAINTIFFS' MOTION WHERE PLAINTFFS SEEK ONLY TO MAINTAIN THE SIMPLICITY OF ONE ACTION AS WELL AS PRESERVE THE LEGITIMATE CLAIMS OF INDIVIDUALS WHO IN THE ABSENCE OF CLASS-WIDE RELIEF MAY NOT OTHERWISE BENEFIT FROM A POSITIVE RULING OR REMEDY GRANTED IN THIS ACTION.**

As detailed in Plaintiffs' motion for reconsideration of this Court's Order denying class certification as to liability, the court's denial of class certification necessitated that minority police officers in the Commonwealth, in order to benefit from any determination by this Court that the sergeants' promotional examinations administered by State Defendant in 2005, 2006, and 2007 was discriminatory, had to join in the pending action lest they run the risk that their claims and their rights to any relief were extinguished.

In a class action brought under Rule 23, the pendency of a class action suit "tolls the application of the statute of limitations" as to all parties who are not named in the action. See American Pipe & Construction Company v. Utah, 414 US 538, 554 (1974); Armstrong v. Martin Marietta Corp., 138 F.3d 1374, 1381 (11th Cir. 1998); McDonald v. Secretary of Health and Human Services, 834 F.2d 1085 (1st Cir. 1987).  Denial of class certification lifts the tolling period on the applicable statute of limitations as to all parties who are not named in the action. See Basch v. Ground Round, Inc., 139 F.3d 6, 11 (1st Cir. 1998) ("'[O]nce the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied'"), quoting Crown Cook & Seal Co. v. Parker, 462 U.S. 345, 354 (1993).   Thus, individuals who were not named plaintiffs have two options once class certification is denied: they may "**choose to file their own suits or intervene as plaintiffs in the pending action.**"  Id.,

quoting Crown Cook & Seal Co., 462 U.S. at 354 (emphasis added).  If the individuals seeking to join the action are denied that opportunity, their claims may be extinguished by the statute of limitations.  Alternately, they may seek to bring a separate action, thereby burdening an already over-burdened docket.

Denial of both class certification and Plaintiffs' request to add the proposed 33 new plaintiffs who have taken HRD's police sergeant's examination would have the effect of denying relief to numerous injured parties, whose only remaining option would be either to never seek relief or to bring individual actions mirroring the one currently pending before this Court.  At best such an outcome would defeat the purpose of Rule 15(a), which is to flexibly permit amendment as "justice so requires."  Fed. R. Civ. P. 15(a).  At worst, denying plaintiffs the chance to join this action would either exclude them from seeking recovery for their injuries, or force them to file separate actions to preserve their rights thus jamming up this Court with duplicative litigation.  Indeed these cases would be assigned to this court as related cases.

The Defendants attempt to raise the dual specters of delay and complexity in order to oppose the Plaintiffs' motion, claiming that this case will become ever-larger and more complex should the Court grant amendment.  Such arguments miss the fundamental point of amending the complaint to add new plaintiffs.  Bringing individuals into this suit who would have been covered as class members if class certification had been granted is actually less onerous than the alternative, namely, mandating that plaintiffs not previously a party to this action bring their own suits in order to obtain relief.  Faced with these options, permitting

amendment of a complaint to add new plaintiffs after denying class certification is a necessity easily recognized.

The court's analysis of this same issue in <u>Voilas</u>, 173 F.R.D. 389 is instructive. In that case, the plaintiffs' sought to amend their complaint to add **176 new plaintiffs** following denial of class certification. <u>Id.</u> at 392. The defendant opposed amendment, arguing that the 176 new plaintiffs could only be added to the action either through a motion to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, or through 176 "individual lawsuits." <u>Id.</u> The court rejected the defendant's position, holding that there existed "no legal or procedural impediment to the use of a motion to amend to add plaintiffs after class certification has been denied." <u>Id.</u> at 394. The court reasoned that amendment was necessary to preserve the claims of the injured parties, since, "in order to attain relief, each plaintiff must individually join in the lawsuit or forego any right to recovery." <u>Id.</u> at 395. The court went on to note that:

> "[P]ermitting the amendment serves the interests of justice and judicial efficiency. Clearly, if the Court denied plaintiffs' motion to amend, the proposed plaintiffs retain their right to initiate their own separate actions, either together in one lawsuit or in 176 individual lawsuits. The new plaintiffs and [defendant] would then have to re-litigate the entire case from its inception, resulting in unnecessary duplication of effort."

<u>Id.</u> at 398. Accordingly, the court granted the plaintiffs' motion to amend their complaint. This Court should treat this case no differently and permit Plaintiffs' motion to amend.

**V.     THE PROSPECTIVE PLAINTIFFS HAVE, IN FACT, MET ALL OF THE ADMINISTRATIVE REQUIREMENTS FOR BRINGING THIS LAWSUIT**

The new named 33 prospective plaintiffs have, contrary to the defendants' assertions, exhausted the necessary administrative remedies.  Immediately after this Court denied class certification, each of the 33 individuals who now seek to be added to this suit filed dual charges of discrimination with the Massachusetts Commission Against Discrimination ("MCAD"), and the Equal Employment Opportunities Commission ("EEOC"), and the MCAD Commissioner has since dismissed each of these complaints (without prejudice) and issued each of these individuals **permission in writing** to be part of this lawsuit.  See MCAD notices, attached hereto as Exhibit A. G.L. c. 151B, §9 (Any person claiming to be aggrieved by a practice made unlawful under this chapter .. may, at the expiration of ninety days after the filing of a complaint with the commission, or sooner if a commissioner assents in writing .. bring a civil action… complaint before the commission shall then be dismissed without prejudice).  [4]

---

[4] Obviously these administrative complaints could not have been filed prior to the Court's denial(s) of class certification since the prospective plaintiffs did not know until that point that they would not be covered as class members.   Nevertheless, immediately upon receiving notice that class certification in this matter had been denied, the 33 new unnamed prospective plaintiffs filed their complaints with the MCAD.   To the extent that Plaintiffs' motion to amend was filed simultaneously with the 33 new unnamed prospective plaintiffs' MCAD charges such actions were necessary due to the short statute of limitations, which had recommenced running with the Court's denial of class certification. Plaintiffs' statute of limitations for filing a discrimination claim under Title VII is a short 180 days and under the Massachusetts Anti-Discrimination laws, G.L. c. 151B, the period of time is 300 days.  The MCAD, recognizing the statue of limitations issue, quickly turned around plaintiffs' charges and issued dismissals (without prejudice) and written permission to each letters to each of those 33 new unnamed plaintiffs to join this lawsuit.  See Exhibit A; G.L. c. 151B, §9.

**VI.    BECAUSE TEST SCORES FOR THE OCTOBER 2005 EXAM WERE NOT RELEASED UNITL 2006 AND BECAUSE PROMTIONS FROM THAT EXAM CONTINUED THROUGH 2008, WELL AFTER THIS CASE WAS FILED WITH THE EEOC IN THE SPRING OF 2007, THE PLAINTIFFS TAKING THE 2005 EXAM HAVE ASSERTED TIMELY CLAIMS.**

Citing only one Seventh Circuit decision, which as explained below is not on point, and ignoring the clear holdings of five other circuits and the Supreme Court, defendants argue that the 2005 exam takers were required to file their EEOC claims within 300 days of their receiving their scores which occurred in the winter of 2006.  This is not the law.  Bouman v. Block, 940 F.2d 1211 (9th Cir. 1991); National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002). Moreover in 2006, the plaintiffs would have no way of knowing if the exam was discriminatory under a disparate impact theory since the data on selection rates that would show disparate impact was unavailable to the candidate/plaintiffs.

In National Railroad Passenger Corp., supra, the Supreme Court squarely held that each time an employer takes an action (such as making a discriminatory promotion) which violates Title VII, such action starts anew the charge period even if the employee failed to file a charge over an earlier "related" violation.  536 U.S. at 113.  Moreover, in disparate impact cases such as this, five circuits have now held that the time for filing a claim starts each time a promotion, hire or adverse employment action occurs as a result of the employment policy resulting in such disparate impact.  Anderson v. Zubreta, 180 F.3d 329, 336 (D.C. Cir. 1999); Beavers v. American Cast Iron and Pipe, 975 F.2d 972, 977 (11th Cir. 1992); Bauman v. Block, supra.; Guardians Association v. Civil Service, 633 F.2d 232, 249 (2nd Cir. 1980);  Gonzalez v. Firestone Tire &

Rubber, 610 F.2d 231, 249 (5th Cir. 1980).  Additionally, the Third Circuit has indicated it would follow this rule that specific instances of discrimination that result from "application" of the policy having a discriminatory impact again starts the charge period.  EEOC v. Westinghouse, 725 F.2d 211, 219 (3rd Cir. 1983).

Thus, in promotion and hiring cases resulting from tests or testing procedures that cause a disparate impact (and cannot be validated under Title VII standards) each time a round of hiring or promotions are made which adversely affect the plaintiffs, the limitations period begins to run anew, as a new and separate act of disparate impact discrimination has taken place.

The defendants point to only one case recently decided by the Seventh Circuit which they assert has come to a different conclusion.  But in fact, even under that court's reasoning, nearly all of the proposed plaintiffs here would have timely claims.  In Lewis v. City of Chicago, 528 F.3d 488 (7th Cir. 2008), a panel of the Seventh Circuit held that where fire fighter applicants for initial hire were informed by the City upon the announcement of their test scores that none of the applicants in their banded score group would be permitted to proceed in the hiring process (because their scores were too low to proceed), that as to the plaintiffs in the group, their claims began to run when they were informed of (1) their score; (2) that they could not proceed further based on such score; and (3) that it was announced publicly by the mayor that minorities had fared poorly on the exam.  Id. at 494.[5]  But as the Seventh Circuit acknowledged, its new ruling

---

[5]    The lower court had agreed with plaintiffs, both on the timeliness question and the merits and had struck down the entry-level exam used by the Chicago Fire Department.  The Seventh Circuit reversed only as discriminatory on the timeliness question.  The case is currently being appealed to the U.S. Supreme Court and briefs are due November 17, 2008.

would not apply to cases where the applicants passed the examination such that his or her hiring or promotion was still possible from the established list. The Seventh Circuit specifically noted several cases which made this clear distinction.

For example, the court acknowledged that in <u>Bouman v. Block</u>, <u>supra</u>., the Ninth Circuit held that as to those officers who took the promotional exam, passed, and were placed on the list, but not promoted, a charge was timely filed if made before the expiration of that list. The Third Circuit has taken the identical position, <u>Hood v. New Jersey Department of Civil Service</u>, 680 F.2d 29 (3rd Cir. 1982) (noting that since Hood had been placed on the eligibility list, his case stood on different grounds than those plaintiffs who had not been placed on such list).[6] This distinction has been noted by other courts as well. <u>Lynch v. City of Chicago</u>, 1993 W.L. 512597 (N.D. Ill. at *2-3). Similarly, in <u>Alvarez v. City of Philadelphia</u>, 98 F.R.D. 286 (1983), the district court, interpreting Third Circuit precedent on the issue, held that the named plaintiffs' claims remained timely if filed while such candidates remained on the eligibility list for the police department.

> The named plaintiffs filed their charges on December 24, 1976 [over one year after receiving notice of their score]. This was timely, the discriminatory practice of which they complain, the use of an examination which results in low rankings on an eligibility roster, cannot be said to have ceased when they received notice of their ranking. The ranking attached to plaintiffs <u>so long as that</u>

---

[6]     As Judge Sloviter noted in his dissent in Hood:

Hood passed [the exam] but alleges that as a result of the discriminating practices, his low placement on the list resulted in the failure to hire him. Hood could not have been expected to know that his name would not be reached until the list expired.

<u>Id</u>. at 961.

roster was used.  The named plaintiffs . . . would be continually
aggrieved by the City's policy of hiring in such order from the list.

(Emphasis supplied, 98 F.R.D. at 290.[7]  Accord, Tatreau v. City of Los Angeles,

138 Fed. Appx. 959, 2005 W.L. 1607221 at *1 (9th Cir. 2005) (cause of action for

denial of police promotion accrued when eligibility list for promotion expired).

Thus, at the very least because almost all of the proposed plaintiffs took

and passed the 2005 sergeant's exam, and were placed on a promotions list

which has not yet expired, their claims are timely.[8]

## VI.    IN DISPARATE IMPACT CASES THE TIME FOR FILING A CHARGE DOES NOT BEGIN UNTIL A PLAINTIFF HAS REASON TO KNOW THAT A VIOLATION OF TITLE VII HAS OCCURRED.

The defendants' objection to this motion to amend conflates the charge

filing requirements for disparate treatment and disparate impact discrimination

claims.  The law is otherwise.  As far back as 1989 the U.S. Supreme Court in

Lorance v. AT&T, 490 U.S. 900, 907-908 (1989), recognized that, while the 300

day filing period for disparate treatment/intentional discrimination cases begins to

run from the time of the "discriminatory act," where the claim is "one of

discriminatory impact," the statute of limitations beings "to run from the time that

impact is felt."  Id. at 908.  More recently the Supreme Court has confirmed this

view when in 2002 it decided National Railroad Passenger Corp. v. Morgan,

supra, which held that any action by an employer that is "independently

---

[7]    The district court then went on to certify a class of minority candidates who took exams in
the years 1978 and 1979 holding that such aggregation was appropriate where the exams had
the same basic design.  Id. at 289-290.

[8]    As pointed out in the facts for Boston, the list promulgated as a result of the 2005
sergeant's exam is still being used for promotions.

discriminatory" starts a new charge period, even if the employee failed to file a charge over an earlier "related" violation.  536 U.S. at 113.  Thus, each time promotions were made in 2006, 2007, and 2008[9] from the October 2005 exam, which scores were not made public until 2006, an adverse employment action caused by a "particular employment practice" that produced a "disparate impact" and was not otherwise justified, occurred and was actionable.  Allen v. City of Chicago, 351 F.3d 306, 311-312 (7th Cir. 2003).

Even were this not the case (and it clearly is), in a disparate impact case, a violation is not simply established because minorities do statistically worse on the exam than non-minorities, but such statistical disparities must result in actual disproportionate selection rates between minority and non-minority candidates. Bradley v. City of Lynn, 443 F.Supp.2d 145, 159 (D. Mass. 2006) (discussing the necessity of looking at the actual selection rate, not just the exam score).  Thus, in this type of disparate impact case even the most knowledgeable plaintiff could not know whether a promotional exam is likely to be unlawful under Title VII until a meaningful number of promotions have been made from the promotional list. Thus, here such statistically meaningful selection rates did not occur until well after 300 days before plaintiffs had filed their EEOC complaints.

Additionally, even if this analysis were not found to independently establish that plaintiffs' claims regarding the 2005 exam are timely as a matter of

---

[9]    Even under defendants' theory, and because the putative class's claims have been tolled up until June of 2008, the initial plaintiffs filed charges in September of 2007, making any discriminatory action occurring within 300 days before (back to the summer of 2006) timely.

law, nevertheless plaintiffs are entitled to "equitable tolling," because there is no way they could have known that the 2005 sergeant's exam violated the disparate impact principles laid out by the Supreme Court in <u>Griggs v. Duke Power</u>, 401 U.S. 424 (1971), at least not without hiring their own expensive experts. Proving disparate impact discrimination requires statistical and industrial psychology expert evidence. <u>Bradley</u>, <u>supra</u>, at 154-160. Further, when a candidate receives his or her test score, he is not provided with (1) the test scores of anyone else; and (2) the race of the other test takers. Thus, a candidate could not even begin to analyze whether a disparate impact case exists. In such circumstances, the courts recognize the doctrine of "equitable tolling." <u>Cada v. Baxter Healthcare Corp.</u>, 920 F.2d 446, 451 (1991). Certainly this principle would, at the very least, apply here given that it was nearly impossible for any diligent sergeant's exam test taker to know that the exam he or she had been given was in violation of Title VII.

<b><u>CONCLUSION</u></b>

The motion to amend should be allowed. First, the law requires that where class certification is denied, the putative class members whose claims have been tolled up until the denial of class certification be allowed to bring their individual claims in the pending action. Second, permitting them to join the action as named plaintiffs will <u>not</u> delay the current schedule to deciding the issue of the test's lawfulness under Title VII, which is the quintessential issue to

be tried or decided in the liability stage of this litigation, as per the court's prior order as to how this case will proceed. Moreover, denying the amendment would only mean that these proposed plaintiffs immediately file a new lawsuit, which will undoubtedly be assigned to this court as a "related case." Moreover, it is entirely unfair for defendants to have on one hand successfully opposed class certification, and to now oppose this motion to amend. It is simply wrong to play games with the legitimate rights of the plaintiff police officers.

Finally, the defendants' claim that as to the proposed plaintiffs who took the October 2005 exam (and who received their scores in 2006), their claims are futile, is simply wrong as a matter of law. First, the Supreme Court and the Circuit Courts have held that with respect to disparate impact challenges, claims are timely filed so long as hiring or promotion decisions are still being made from the challenged employment practice, and in this case sergeant promotions continue to be made from the 2005 exam list. This is particularly true for the vast majority of the proposed plaintiffs who passed the 2005 exam and were therefore eligible for promotion but not promoted. Moreover, the claims of all of the proposed new plaintiffs did not accrue until promotions were actually made in sufficient numbers from the 2005 list and this did not take place until well after the plaintiffs are deemed to have filed their claims with the EEOC as a result of the fact that their claims were tolled while this case proceeded as a class action.

Lastly, the new plaintiffs are entitled to equitable tolling since they could not have known in 2006 that the exam had disparate impact upon minority candidates.

Respectfully submitted,

PEDRO LOPEZ, et. al.
By their attorneys,

Dated:  October 20, 2008

/s/ Harold L. Lichten
_____
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO #640716
Leah M. Barrault, BBO # 661626
Pyle, Rome, Lichten, Ehrenberg
     & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the Court and counsel of record for defendants via the Court's ECF filing system, on October 20, 2008.

 /s/ Harold L. Lichten_____
  Harold L. Lichten