UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PEDRO LOPEZ, et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF LAWRENCE, MASSACHUSETTS, et al.,<br><br>　　　　　　Defendants. | Civil Action No. 07-11693-JLT |

**AMICUS BRIEF OF MASSACHUSETTS ASSOCIATION OF MINORITY LAW ENFORCEMENT OFFICERS AND NEW ENGLAND CHAPTER OF THE NAACP IN SUPPORT OF PLAINTIFFS' SIXTH MOTION TO AMEND COMPLAINT**

Pursuant to the Court's Order at the August 12, 2008 Case Management Conference, the Massachusetts Association of Minority Law Enforcement Officers ("MAMLEO") and the New England Chapter of the NAACP ("NAACP") hereby submit this *amicus* brief in support of Plaintiffs' Sixth Motion to Amend the Complaint ("Motion to Amend").

As the Plaintiffs point out, the Motion to Amend was brought on behalf of numerous individuals across the Commonwealth who have been injured by the Defendants' discriminatory conduct, after the Court's denial of class certification put them at risk of being barred from obtaining relief under the statute of limitations. (Mot. to Amend at 2 *et seq.*) Just like the currently-named Plaintiffs, each of these individuals is a minority police officer who took one of the 2005, 2006, or 2007 sergeants' promotional exams and has failed to be promoted to sergeant as a result of the discriminatory impact of those exams. *Id.* The Court's eventual ruling on the legitimacy of those exams will affect each of these officers; and thus, they should be represented in this litigation, either as members of a representative class or as individual plaintiffs.

In their Opposition, Defendants point to purported case management issues as a basis for denying the motion to amend. The Defendants ignore their own prior opposition to class certification, which, if allowed, would have obviated these very case management issues. By arguing, on the one hand, that class certification is improper or unnecessary, and, on the other hand, that the motion to amend should be denied, the Defendants effectively seek to strip the individuals affected by the discriminatory impact of the promotional exams of their right to seek redress.[1] For the reasons articulated by Plaintiffs, the Court should allow the motion to amend and provide the additional individual plaintiffs the right to participate in this proceeding, where their rights are unquestionably at issue.

If the Court denies the motion to amend, MAMLEO and NAACP request that it reconsider their prior motion to intervene, and permit MAMLEO and NAACP to intervene as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Such an outcome would be consistent with the First Circuit's holding in *Cotter v. Mass. Ass'n of Min. Law Enforcement Officers*, 219 F.3d 31 (1st Cir. 2000).

In *Cotter*, Judge Young denied a motion to intervene filed on behalf of two individual minority officers and MAMLEO, but, as the court here also did, gave MAMLEO the right to file amicus briefs. 219 F.3d at 33. In considering whether such denial was appropriate, the First Circuit held that:

> assuming (as we do here) that it is part of MAMLEO's function to represent the relevant members' interests in matters of this kind and that the members' own participation is not essential, then MAMLEO too has the necessary stake in the outcome and a good chance of showing that absent intervention, disposition of the case

---

[1] Alternatively, these individuals could initiate their own cases. However, the filing of 33 (or more) new cases would not be an efficient use of judicial resources as compared with the alternative of consolidation in a single case.

> 'may as a practical matter impair or impede' the protection of that interest.

*Id.* at 36. The First Circuit went on to say:

> The issue turns, it seems to us, on whether MAMLEO members who were not involved in this particular "promotion to sergeant" sequence still have enough of a stake in the outcome of this case to satisfy the "interest" provision of the intervention rule. Civil rights litigation involving race, and especially cases involving employment, do not always neatly fit the model of a discrete common law action between a plaintiff and a defendant. Rather, although the case may be sparked by a particular episode, the decision may be likely to control an ongoing process within the department or agency for formulating rules for advancement and so predictably affect the interests of others who are already employed by the same institution and who will in turn be seeking advancement.

> Assuredly, a number of MAMLEO's current officer members are going to seek promotion to sergeant. Judged in the most practical terms, the outcome of this case may very well determine how the Boston Police Department handles, and is allowed to handle, comparable situations almost certain to arise in the future, and the likely impact on other MAMLEO members seems to us substantial, predictable and far more concrete than some general interest in precedent. Obviously, we are concerned here with matters of degree and a particular fact pattern; but the ultimate issue is pinning a legal label on those facts. On the admitted or obvious facts, MAMLEO seems to us to have enough to satisfy the "interest" requirement of the intervention rule.

*Id.* at 37. Based on this analysis, the First Circuit remanded the case to the district court with instructions to allow MAMLEO to intervene.

There is no question that, under *Cotter*, members of MAMLEO and NAACP have a sufficient interest in this suit to justify their individual intervention. Both organizations have members—including the individuals on whose behalf the motion to amend was filed—who took the exams at issue and have not been promoted to sergeant based on the discriminatory effects of

- 3 -

the exams. The Court's findings with respect to these exams will affect both the current Plaintiffs along with the members of these organizations who are not currently plaintiffs, as the resolution of this case will involve either a validation of Defendants' promotional practices or a change in those practices. In addition, it is worth noting that Hispanic officers affected by the Defendants' discriminatory conduct are represented in this litigation by the Hispanic Law Enforcement Agency ("HLEA"). Permitting MAMLEO and the NAACP to intervene would ensure that other minority officers are also adequately represented. Accordingly, adding MAMLEO and the NAACP as interveners is the correct result under Rule 24(a)(2) and *Cotter*.

Should the Court deny the motion to amend, the need for MAMLEO's and the NAACP's intervention would take on even greater importance. Defendants have already suggested that they plan to dramatically limit the Court's ability to assess the actual impact of the exams at issue because Plaintiffs, they contend, do not have proper standing to assert claims on behalf of other officers in other Massachusetts communities that have been injured. MAMLEO and NAACP disagree with that assertion, but by allowing the organizations to join as plaintiffs, the Court could ensure that the interests of these other officers are not entirely left out of this case based on a technicality. Defendants' approach is not only unfair but it will create even greater strain on judicial resources as it will leave issues that could and should be resolved in this case open for other piecemeal litigation down the road.

Moreover, such a tactic by Defendants would highlight the institutional interest in the case of MAMLEO and NAACP. As the court noted in *Cotter*, MAMLEO (and for similar reasons NAACP) has an interest in protecting its members in cases like this, where the result could affect hiring or promotional practices by their members' employers. *See supra.* If Defendants prevail in limiting this case to only the individuals currently named, this will leave

numerous members of both organizations at risk of facing a judicial ruling that will affect their employment without allowing them to participate in the case either directly as parties or indirectly through MAMLEO and/or NAACP.  Thus, *Cotter* would mandate that MAMLEO and NAACP be allowed to intervene as a matter of right under Rule 24(a)(2).

## Conclusion

For the reasons stated, MAMLEO and NAACP, as *amici curiae*, respectfully urge the Court to allow the Plaintiffs' Sixth Motion to Amend the Complaint or, in the alternative, to allow MAMLEO and NAACP to intervene as plaintiffs.

Respectfully submitted,

/s/ Vinita Ferrera

Vinita Ferrera (BBO #631190)
Jeffrey S. Gleason (BBO #661489)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts  02109
(617) 526-6000

Mark D. Selwyn (BBO #565595)
Wilmer Cutler Pickering Hale and Dorr LLP
1117 S California Avenue
Palo Alto, CA 94304
(650) 858-6000

Dated:  October 20, 2008

US1DOCS 6855831v1

- 6 -

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served by ECF and/or first class mail this 20th day of October, 2008 upon all counsel of record.

                                    /s/ Vinita Ferrera
                                         Vinita Ferrera