UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 07-CV-11693-JLT

PEDRO LOPEZ, ET AL., )
    Plaintiffs, )
)
v. )
)
CITY OF LAWRENCE, ET AL., )
    Defendants )

## MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT CITY OF LOWELL REQUEST FOR A COURT ORDER FOR PERSONNEL RECORDS OF PLAINTIFF ROBERT ALVAREZ

Now come the Defendant, City of Lowell ("Lowell") in the above-captioned matter and hereby respectfully moves this Court to order plaintiff Robert Alvarez ("Alvarez") and/or the Town of Groton Police Department and the City of Waltham Police Department to produce records as set forth in the proposed Court Order, attached as Exhibit "1." from the Groton Police Department and the Waltham Police Department. As grounds therefore, Lowell states that it disputes the allegation that Alvarez is Hispanic. This request is relevant and reasonably calculated to lead to the discovery of admissible evidence as defined by Fed.R.Civ.P.26(b).

### PROCEDURAL FACTS

Among other things, Plaintiffs' Fifth Amended Complaint alleges that Alvarez is Hispanic and that Human Resources Division's ("HRD") police promotional sergeants' exam is discriminatory under a theory of disparate impact.

In its Answer of the Defendants' City of Lowell and Appointing Authority for the City of Lowell to Plaintiffs' Fifth Amended Complaint ("Lowell's Answer"), Lowell denied the allegation that Alvarez is Hispanic and called upon Alvarez to prove he was Hispanic. See

Lowell's Answer, ¶9. Lowell also raised the issue in its Fourth Affirmative Defense that Alvarez was not a member of a protective class as alleged in the Complaint.

In May 2008, this Court endorsed the document entitled ":Joint Proposed Order on Document Discovery" that was submitted by the Plaintiffs and the State Defendants. That Court Order stated that the "Court will entertain further proposed orders governing discovery between the municipal defendants and the plaintiffs...."

According to HRD documents, Alvarez changes back and forth between "White" and "Hispanic." In 1986, he is listed as White. In 1988, he is listed as White. In 1990, he is listed as Hispanic. In 1998, he is listed as White. In 2000, he is listed as Hispanic. See Affidavit of Brian W. Leahey attached as Exhibit 2.

According to his birth certificate, Alvarez is "White" and his father is Filipino. See Exhibit 2.

According to FBI fingerprint application and dated February 1994, Alvarez listed himself as White. See Exhibit 2.

According to Lowell records, Alvarez has worked in Lowell since February 1994. Previously, he worked at Waltham PD from 1991 to February 1994 and in Groton PD from 1987 to 1991. See Exhibit 2.

According to testimony in a prior trial, over the years Alvarez has represented himself to be Hispanic, White, and Native American (Inuit). While his last name has always been Alvarez, for years he pronounced it as "Alvareck." See Exhibit 2.

## ARGUMENT

Unless such discovery is unreasonably cumulative, excessive or overly burdensome, Fed.R.Civ.P.26 gives parties the right to discover relevant materials so long as such discovery is

reasonably calculated to lead to the discovery of admissible evidence. If Alvarez is not Hispanic, he is not a proper party to the current litigation as it only alleges a disparate impact on Black and Hispanic persons. It is Lowell's position that Alvarez is not Hispanic and has used his last name as a pretense to be for lack of a better term: "Hispanic when convenient." In the present case, absent a court order, the Court has restricted discovery to consist solely of the deposition of Alvarez. Lowell is not able to seek discovery from Alvarez through interrogatories or a request for the production of documents to him or third parties. Given this restriction, Lowell must be afforded the opportunity to seek documents that relate to his allegation that his is Hispanic. Lowell seeks this information so that it has the opportunity to properly defend itself and adequately prepare this case for trial, If this motion is not allowed, Lowell may be severely prejudiced in the defense of this matter.

## CONCLUSION

For the foregoing reasons, the defendant, City of Lowell respectfully request that this Court to order plaintiff Robert Alvarez and/or the Town of Groton Police Department and the City of Waltham Police Department to produce records as set forth in the proposed Court Order from the Groton Police Department and the Waltham Police Department.

/s Brian W. Leahey
Brian W. Leahey, Assistant City Solicitor

Dated: November 28, 2008

Respectfully submitted:
**CITY OF LOWELL,**

/s Brian W. Leahey
Brian W. Leahey, Asst. City Solicitor
BBO # 567403
City of Lowell - Law Department
375 Merrimack Street 3rd Fl.
Lowell MA 01852-5909
Tel: 978-970-4050
Fax: 978-453-1510

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on November 28, 2008.

/s Brian W. Leahey
Brian W. Leahey, Assistant City Solicitor