UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 07-CV-11693-JLT

|  |  |
|---|---|
| PEDRO LOPEZ, et al., <br>     Plaintiffs, <br><br> v. <br><br> CITY OF LAWRENCE, et al., <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPPOSITION OF THE CITY OF LOWELL TO
PLAINTIFFS' MOTION TO AMEND MAY 19, 2008 DISCOVERY
ORDER TO INCLUDE ADDITIONAL DOCUMENT DISCOVERY
BETWEEN PLAINTIFFS AND DEFENDANT CITY OF LOWELL**

The City of Lowell ("Lowell"), submits this opposition to the Plaintiffs' Motion to Amend May 19, 2008 Discovery Order to Include Additional Document Discovery Between Plaintiffs and Defendant City of Lowell. As Plaintiff's motion is not reasonably calculated to lead to the discovery of admissible evidence, it should be denied. In the alternative, even if the requested information is relevant, as the burden or expense of the proposed discovery outweighs its likely benefit, it should be denied.

**PROCEDURAL FACTS**

On or about May 30, 2008, Plaintiffs brought their Fifth Amended Complaint which alleges that Human Resources Division's ("HRD") police promotional sergeants' exam is discriminatory under a theory of disparate impact (against Blacks and Hispanics). Plaintiffs' Complaint, ¶23. Plaintiffs' lawsuit is predicated on claims of statistical disparity between the number of minority police sergeants and "their corresponding numbers in entry-level police officer ranks." Plaintiffs' Complaint, ¶38.

With respect to the Plaintiffs' allegations, the only HRD test that is applicable to Lowell is the 2006 police sergeant's exam.

On or about November 12, 2008, Plaintiffs requested that Lowell provide the following information over a five-year period, 2004-2008: a list of all police officers; a list of all non-minority (defined as non-Black and non-Hispanic) officers; a list of all minority officers (defined as Black or Hispanic) broken down by race; a list of all police sergeants; a list of all non-minority (defined as non-Black and non-Hispanic) sergeants; a list of all minority sergeants (defined as Black or Hispanic) broken down by race.

In subsequent e-mails, Lowell explained its position that such lists of names were not relevant to the Plaintiffs' lawsuit. Lowell also explained that it does not keep records in the manner Plaintiffs sought. Even if such lists of names were relevant, such a discovery request was excessive and overly burdensome as it would require Lowell to manually go through the personnel files of all officers over the past five years. Such a request would create undue hardship and cost to Lowell in terms of both financial and hours to search for such information.

However, in an offer to resolve the matter, Lowell offered to provide the information that it accumulated over the past three years (2006, 2007 and 2008) regarding racial composition. Lowell does not have such information for years before 2006. To obtain this information, Lowell relied on officers self-reporting this information. It has collected the following data over the past three years:

**2008 Data**

| | |
|---|---|
| # of police officers: | 239 |
| Non-black, non-Hispanic officers: | 202 |
| Black officers: | 5 |
| Hispanic officers: | 32 |

| | |
|---|---|
| # of police sergeants: | 30 |
| Non-black, non-Hispanic sergeants: | 2 |
| Black sergeants: | 0 |
| Hispanic sergeants: | 2 |

**2007 Data**

| | |
|---|---|
| # of police officers: | 233 |
| Non-black, non-Hispanic officers: | 197 |
| Black officers: | 6 |
| Hispanic officers: | 30 |
| # of police sergeants: | 28 |
| Non-black, non-Hispanic sergeants: | 2 |
| Black sergeants: | 0 |
| Hispanic sergeants: | 2 |

**2006 Data**

| | |
|---|---|
| # of police officers: | 234 |
| Non-black, non-Hispanic officers: | 196 |
| Black officers: | 7 |
| Hispanic officers: | 31 |
| # of police sergeants: | 26 |
| Non-black, non-Hispanic sergeants: | 2 |
| Black sergeants: | 0 |
| Hispanic sergeants: | 2 |

## **ARGUMENT**

The Federal Rules of Evidence only allow parties to discovery information that is relevant to any party's claim or defense. Relevant information must appear to be reasonably calculated to lead to the discovery of admissible evidence. See generally, Fed.R.Civ.P.26(b)(1). However, even if a discovery request is relevant, if the burden or expense of the proposed discovery outweighs its likely benefit, such discovery is beyond the scope of the Federal Rules. See generally, Fed.R.Civ.P.26(b)(2). Factors to be considered include: the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues. Fed.R.Civ.P.26(b)(2). In the present case, the discovery sought - lists of names concerning various information - is not relevant to the Plaintiffs' claims as it does not appear to be reasonably calculated to lead to the discovery of admissible evidence. Simply put, lists of names are not relevant to claims of statistical disparity by Plaintiffs' allegations about the HRD's police sergeants exam. The lists of names are not part of the needs of this case, not related to any amount in controversy, not important to the issues at stake and not important to the issues of this case. However, given the current fiscal issues facing all municipalities, Lowell does not have resources to spare in order to search and create this information for the Plaintiffs. Lowell does NOT have this information readily available. It would require dedicating staff and resources away from their usual duties and assignments to review hundreds of personnel files over a five-year period whereby Lowell will incur unnecessary overtime costs and lost hours that are needed to run its police department.

## CONCLUSION

For the foregoing reasons, the City of Lowell respectfully requests that this Court deny Plaintiffs' Motion to Amend the May 19, 2008 Discovery Order to Include Additional Document Discovery Between Plaintiffs and Defendant City of Lowell.

Dated: December 10, 2008

        **DEFENDANT**
        **CITY OF LOWELL,**

        s/Brian W. Leahey
        Brian W. Leahey
        Assistant City Solicitor
        BBO # 567403
        City of Lowell - Law Department
        375 Merrimack Street, 3rd Fl.
        Lowell, MA 01852-5909
        Tel: 978-970-4050
        Fax: 978-453-1510

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document, was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on December 10, 2008.

        s/Brian W. Leahey
        Brian W. Leahey