UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
PEDRO LOPEZ, et al.,                        )
           Plaintiffs                       )
                                            )
v.                                          )
                                            ) **Case No. 07-CA-11693-JLT**
CITY OF LAWRENCE, et al.,                   )
           Defendants                       )
_____ )

**PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOWELL'S REQUEST FOR COURT ORDER FOR PERSONNEL RECORDS OF ROBERT ALVAREZ (Docket Nos. 123 & 124)**

Defendant, City of Lowell, has requested that the Court order Plaintiff Robert Alvarez and/or Plaintiff's former employers, the Town of Groton Police Department and the City of Waltham Police Department, to produce complete copies of the personnel file of Robert Alvarez. Defendant seeks these documents because, it argues, they are relevant to Defendant's allegation that Mr. Alvarez is not a member of a protected class. *See* Dkt. # 123 and 124. However, as this specific issue has already been litigated in a separate case between Defendant and Mr. Alvarez, and a jury verdict has been entered finding that Mr. Alvarez **is** a member of a protected class, Defendant is precluded from raising this defense in this litigation. Thus, these additional personnel records are not calculated to lead to discoverable evidence and the Court must deny Defendant's motion.

In 1999 and 2002, Mr. Alvarez filed charges of discrimination and retaliation based on his race (Hispanic) against the City of Lowell with the Massachusetts Commission Against Discrimination. *See* Alvarez Discrimination Charges and Complaint, attached hereto as Exhibit A. In 2002, he filed a complaint alleging discrimination and retaliation based on his race (Hispanic) by the City of Lowell in the Middlesex Superior Court. *See Id*. In the City of Lowell's answer to Mr. Alvarez's

complaint, the Department denied Mr. Alvarez's claim that he was Hispanic and thus a member of a protected class. *See* Lowell Police Department Answer to Alvarez Complaint at ¶ 6, attached hereto as Exhibit B. However, after a jury trial, a verdict was entered specifically finding that Mr. Alvarez **was in fact** member of a protected class. *See* Special Jury Verdict, attached hereto as Exhibit C.

It is well settled that "[t]he full faith and credit statute, 28 U.S.C. § 1738, requires [federal courts] to give the same preclusive effect to state court judgments-both as to claims and issues previously adjudicated-as would be given in the state court system in which the federal court sits." *In re Sonus Networks, Inc. Shareholder Derivative Litigation,* 422 F.Supp.2d 281, 287 (D.Mass. 2006) (quoting *Keystone Shipping Co. v. New England Power Co.,* 109 F.3d 46, 50 (1st Cir.1997)). In Massachusetts, "issue preclusion prevents the relitigation of an issue determined in an earlier action when that issue subsequently arises in another action based on a different claim between the same parties or their privies." *Jarosz v. Palmer,* 436 Mass. 526, 531, n. 3 (2002) (citing *Heacock v. Heacock, 402* Mass. 21, 23, 23 n. 3 (1988)). To trigger the application of this doctrine, the party claiming preclusion must satisfy five elements:

(1) there was a final judgment on the merits in the prior adjudication;

(2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication;

(3) the issue in the prior adjudication was identical to the issue in the current adjudication;

(4) the issue was actually litigated in the prior action; and

(5) the issue decided in the prior adjudication must have been essential to the earlier judgment.

*In re Sonus Networks, Inc. Shareholder Derivative Litigation*, 422 F.Supp.2d at 287 - 288. "A judgment is considered 'final' under Massachusetts law for purposes of issue preclusion even if an appeal is pending. *Id.* at 291 (citing to *O'Brien v. Hanover Ins. Co.,* 427 Mass. 194, 200-01 (1998)).

Accordingly, under Massachusetts law, Defendant City of Lowell is precluded from raising the issue of Mr. Alvarez's membership in a protected class in this litigation. This same issue was fully litigated between the same parties in a previous case, the issue was essential to Mr. Alvarez's claim, and there was a final judgment in favor of Mr. Alvarez. Thus, as the documents requested by Defendant are relevant only to the issue of whether Mr. Alvarez is a member of a protected class, Defendant's motion requesting that the Court order the production of these documents must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court deny Defendant City of Lowell's request for court order for personnel records of Robert Alvarez.

Respectfully submitted,

PEDRO LOPEZ, et al.,
By their attorneys,

/s/ Leah Marie Barrault
_____
Harold. L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO #640716
Leah Marie Barrault, BBO #661626
PYLE, ROME, LICHTEN EHRENBERG
    & LISS-RIORDAN, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the Court and counsel of record for defendants via the Court's ECF filing system, on December 16, 2008.

/s Leah Marie Barrault_____
Leah Marie Barrault