# EXHIBIT A

"B"

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 02-4841

Robert Alvarez, Plaintiff(s)

v.

City of Lowell, Defendant(s)

## SUMMONS

To the above-named Defendant: City of Lowell

You are hereby summoned and required to serve upon Marisa A. Campagna plaintiff's attorney, whose address is 101 Tremont St., Boston MA 02108, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at .................................................. either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ..................................................
the .................................................. day of ..................................................
.................................................., in the year of our Lord ..................................................

A TRUE COPY ATTEST
[signature] DEPUTY SHERIFF
11/19/02

[signature] Edward J. Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|
| PLAINTIFF(S) Robert Alvarez 43 Arrowwood St., Methuen MA | | DEFENDANT(S) City of Lowell 375 Merrimac St., Lowell MA |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Marisa A. campagna, BBO 552692 101 Tremont St., Boston MA 02108 Board of Bar Overseers number: | | ATTORNEY (if known) Thomas E. Sweeney, Esq. 375 Merrimac St., Lowell MA 01852 |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Emtmt. Discrim | (F) | (X) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $..........
2. Total Doctor expenses .................................................... $..........
3. Total chiropractic expenses .............................................. $..........
4. Total physical therapy expenses .......................................... $..........
5. Total other expenses (describe) .......................................... $..........
   Subtotal $..........
B. Documented lost wages and compensation to date ............................ $..........
C. Documented property damages to date ....................................... $..........
D. Reasonably anticipated future medical and hospital expenses ............... $..........
E. Reasonably anticipated lost wages ......................................... $..........
F. Other documented items of damages (describe)
   $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   Plaintiff has suffered lost income and emotional distress.
   $..........
   Plaintiff is seeking more than $25,000.         TOTAL $. 25,000+..

CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Marisa Campagna_    DATE: 1/15/02

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPARTMENT
                                        OF THE TRIAL COURT
                                        CIVIL ACTION NO. 02-

```
ROBERT ALVAREZ,
      Plaintiff
                                        PLAINTIFF'S COMPLAINT
v.

CITY OF LOWELL,
      Defendant
```

**PARTIES AND JURISDICTION**

1. Plaintiff, Robert Alvarez ("Alvarez") is an adult individual residing in Methuen, Middlesex County, Massachusetts.

2. Defendant, City of Lowell is a municipal corporation organized and existing under the laws of the Commonwealth of Massachusetts.

3. Alvarez filed timely Charges of Discrimination and Retaliation with the Massachusetts Commission Against Discrimination ("MCAD") on October 6, 1999, June 12, 2002 and November 7, 2002. Copies of the Charges are attached hereto as **Exhibits A, B and C** respectively.

4. Alvarez otherwise has satisfied all administrative requirements for the filing of this action.

1

**FACTS**

5. Alvarez was appointed as an officer to the Lowell Police Department ("LPD") in February 1994.

6. From 1997 to the present, Alvarez has been subjected to numerous acts of discrimination because of his race and national origin (Hispanic).

7. Alvarez has been subject to retaliation for complaining about the discrimination and for filing Charges with the MCAD.

8. In 1997, Alvarez was assaulted by a white police office in the LPD.

9. Alvarez, the victim, received the same punishment for the incident as the white officer.

10. Alvarez requested a hearing on this unjust punishment.

11. As a result of the hearing, Alvarez was subjected to more severe punishment than the white officer.

12. In addition, without any investigation into the incident, Alvarez was removed from specialty training positions in motorcycle, firearms and defensive tactics and also was removed from the North East Massachusetts Law Enforcement Council ("NEMLEC") swat team.

13. Alvarez is certified to teach motorcycle, firearms and defensive tactics.

14. In 1997, a white officer, who was not certified, was given Alvarez's position as motorcycle instructor.
15. In 1998, Alvarez again was not permitted to teach and a white officer who was not certified was permitted to teach.
16. In 1999, Alvarez again was denied the opportunity to teach at the motorcycle while a white officer, who was not certified, was permitted to teach instead.
17. These are violations of the LPD's own regulations requiring that instructors be certified.
18. In 1999, Alvarez was not permitted to attend a firearms instructor re-certification class as a paid workday.
19. White officers were allowed to attend as a paid workday.
20. In 1999, Alvarez applied for an available position as a training officer.
21. On November 19, 1999, the position was given to a white officer with much less experience than Alvarez.
22. Prior to October 13, 2002, the officer appointed to this position was injured.
23. On October 13, 2002, the LPD appointed a white officer with less experience than Alvarez to replace the injured officer.
24. In October 2000, Alvarez submitted a request to be considered for a position on the rifle team if a position became available.

25. In December 2001, two (2) white officers, each with less experience than Alvarez, were selected to attend the training for this position.

26. In January 2002, Alvarez applied for an available position on the NEMLEC swat team.

27. Upon information and belief, Alvarez was the only applicant qualified for the position.

28. The City and the LPD have refused to fill the position.

29. During 1997 and 1998, Alvarez was unfairly denied requests for vacation and shift changes while white officers under similar circumstances were granted such requests.

30. From 1997 to September 2002, Alvarez has been denied motorcycle assignments that are given to white officers with less experience and less training.

31. From 1997 to the present, Alvarez has been denied awards and other benefits of employment that were given to white officers.

32. From 1997 to the present, Alvarez also was subject to other acts of discrimination and retaliation including unfair disciplinary actions and denials of opportunities available to similarly situated white officers.

33. The actions and failures to act of the City constitute unlawful discrimination and retaliation in violation of G.L. c. 151B.

34. As a result of those actions and failures to act, Alvarez has been and continues to be damaged.

35. The City is liable to Alvarez for the full amount of his damages.

WHEREFORE, Plaintiff, Robert Alvarez, respectfully demands judgment in his favor and against Defendant, City of Lowell, for the full amount of his damages as proved at trial, together with interest, costs and reasonable attorney's fees.

**Plaintiff demands a trial by jury on all claims so triable.**

PLAINTIFF
ROBERT ALVAREZ
By his Attorney,

/s/ Marisa A. Campagna
Marisa A. Campagna/BBO# 552692
101 Tremont Street
Boston, Massachusetts 02108
(617) 338-1101

Dated: November 15, 2002

5

# CHARGE OF DISCRIMINATION

ENTER CHARGE NUMBER
- [ ] FEPA
- [ ] EEOC

"A"

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse before completing this form.

_____Massachusetts Commission Against Discrimination_____ and EEOC
(State or local Agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Mr. Robert E. Alvarez | (978) 975-1213 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 43 Arrowwood Street | Methuen, MA 01844 | Middlesex |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| City of Lowell, Lowell Police Department | 20+ | (978) 970-3225 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | |
| 50 Arcand Drive | Lowell, MA 01852 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Edward F. Davis, III, Superintendant of Police | (978) 970-3225 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE |
| 50 Arcand Drive | Lowell, MA 01852 |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
- [X] RACE
- [X] COLOR
- [ ] SEX
- [ ] RELIGION
- [X] NATIONAL ORIGIN
- [ ] AGE
- [X] RETALIATION
- [ ] OTHER (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year)
8/16/1999

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

See attached.

RECEIVED OCT 0 6 1999 COMMISSION AGAINST DISCRIMINATION

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 04/10/99

Date _____ Charging Party (Signature)

PREVIOUS EDITIONS OF THIS FORM ARE OBSOLETE AND MUST NOT BE USED

## ATTACHMENT TO CHARGE OF DISCRIMINATION

Since April 14, 1997, I have continuously been discriminated against by my employer, the Lowell Police Department. To the best of my knowledge, the acting authority is, and was at all times relevant to this complaint, the Superintendent of the Lowell Police Department, Edward F. Davis, III ("Davis"). I have been unfairly treated and denied employment opportunities because of my race, color and national origin (Hispanic). The most recent of these continuing discriminatory acts occurred on August 16, 1999. Therefore, I charge the City of Lowell, Lowell Police Department ("Department") and Davis with unlawful discrimination against me, in violation of G.L. c. 151B, § 4 and Title VII of the 1964 Civil Rights Act, the Massachusetts Civil Rights Act, the Massachusetts Equal Employment Act and other related laws.

On April 12, 1997, I was assaulted by a white officer, Thomas Kennedy ("Kennedy"), at the scene of a felony motor vehicle stop. The assault took place after I explained to Kennedy the proper procedure for handling such a motor vehicle stop. At no time during this incident did I assault Kennedy. None of the other officers present at the scene reported that I assaulted Kennedy. As a result of this incident, the Department brought disciplinary actions against Kennedy and myself. Kennedy received a 10 day suspension. I was offered the same punishment, but as I did nothing wrong, I chose to have a hearing. As a result of the hearing I was given a 15 day suspension which was later reduced to 10 days at a Civil Service hearing. The only evidence that I assaulted Kennedy or acted in any other improper manner was the perjured testimony of Sergeant Mark Buckley.

In addition to receiving a 10 day suspension as punishment for the Kennedy incident, on April 14, 1997, I was also removed from my positions on the Special Operations Unit ("SOU") and as a specialty training instructor for motorcycles, firearms and defensive tactics. For each of these positions I had received special training and had years of experience. There was nothing inappropriate that I had done in any of those positions which warranted the actions taken against me. Currently, I have not been reinstated to any of these positions despite my qualifications.

I have been employed by the Department since February 3, 1994. Prior to employment in Lowell, I was a police officer for 4 years in Groton, Massachusetts and for 3 years in Waltham, Massachusetts. I began working with SOU in 1988, and have had various training responsibilities within the unit. I became a certified motorcycle instructor in 1996, certified firearms instructor in 1989 and a certified defensive tactics instructor in 1990. Presently, I am one of two Lowell police officers certified to be a motorcycle instructor. I received higher scores than the other officer in motorcycle instructor school. I am also responsible for founding the motorcycle program in Lowell. Additionally, I have more firearms instruction experience and qualifications than any other member of the Department.

In May of 1997, I was replaced in my position as motorcycle instructor by another Lowell Police Officer, who is not instructor certified. This use of a non-certified instructor is in violation of the Department's adopted traffic safety regulations. I have still not been reinstated to my position as motorcycle instructor despite the requests to be reinstated. The only reason I have ever been given is that Davis does not want me to be the instructor. Since I have been removed from this position, other non-certified white officers have been

appointed instructors. Additionally, the other officer serving as the motorcycle instructor had been suspended by the Department. That officer was made the motorcycle instructor within a month of returning from his suspension. All of the other officers who were motorcycle instructors since the time I was removed from this position, are white. As a result of being removed from, and being denied reinstatement to, the instructor positions, I have suffered, and continue to suffer, a loss of considerable financial and career advancement opportunities as well as harm to my reputation.

Prior to my removal in April of 1997, I had been a member of the SOU for several years. When I began employment at the Department, I had already been a member of SOU and I was requested to remain on the unit while working in Lowell. Presently, there are 4 officers from the Department on SOU, all of whom are white. I have more experience and training than any of these officers, however, as of today, I have not yet been reinstated. As a result of being removed from, and being denied reinstatement to, the SOU, I have suffered, and continue to suffer, a loss of considerable financial and career advancement opportunities as well as harm to my reputation.

In addition to not being reinstated to my previous positions as instructor and member of the SOU, I continue to be treated differently than white officers with similar duties and responsibilities. Although we both were temporarily suspended from using motorcycles on patrol due to the same incident, Kennedy, the white officer who assaulted me, was granted permission to return to the motorcycle patrol almost two weeks before I was. On September 4, 1997, I received two days of punishment duty for riding a motorcycle on a specific patrol route despite never being told otherwise. Pursuant to Department orders, I had ridden a

3

motorcycle on this route before and there had never been any problems. Since my punishment, other officers, all of whom are white, have ridden motorcycles on this same route and have not received any form of reprimand or punishment. The latest instance occurred on August 16, 1999, when another officer was permitted to ride a motorcycle on this route. The suspension I received is part of my file and continues to hinder my career advancement.

On June 10, 1997 I received an official reprimand for undertaking outside employment. Prior to this reprimand, I had never been aware that outside employment was not allowed without the approval of the Department. Ordinarily, officers are required to "sign off" on any official policies made by the Department which could result in punishment. I never signed off on any policy or agreement stating that I must first request permission from the Department before seeking outside employment. Further, when I sought the Department's permission after the reprimand, the Department denied my requests for 22 months while allowing a white officer to undertake the specific job I was seeking to perform. To my knowledge several other officers are employed outside the Department with or without permission. I do not know of any other officer who has been denied permission for outside employment.

Since the Kennedy incident, and during my tenure with the Department, I have continuously been denied requests for vacations and scheduling "swaps." These denials have come in spite of my reasonable requests to the Department. In 1997, I was left with 6 unused vacation days due to such denials. In March of 1997, I was denied a swap which would allow me to represent the Department's motorcycle unit in Washington D.C. No reasons were ever given for the denials.

4

More recently, the Department has attempted to deny me the opportunity to become recertified in firearms instruction and defensive tactics instruction. On April 21, 1999, I attended a firearms instructor recertification class along with other officers from the Department. Despite my reasonable request on April 12, 1999, the Department chose not to allow me to attend the class as paid workday. All of the other attending officers from the Department who attended are white, and were granted permission to attend as a paid workday. For the defensive tactics classes, I was also told by the Department that I could attend on my own time but would not be granted a paid workday as would the white officers. Through such actions, the Department is intentionally holding back my career while promoting those of white officers.

Apart from direct discriminatory actions against me by the Department, there have been false accusations made against me, and I have been slandered. In May of 1997, a month after the Kennedy incident, Davis told other police chiefs that I was a "danger to other police officers." Additionally, Davis has questioned my colleagues as to whether or not I am part of a secret society, and has accused me of being involved in the "occult." These accusations have severely harmed my professional and personal reputations.

Davis is the commanding officer of the Department. He is in a position, either directly or through the chain of command, to allow or prevent officers from receiving promotions, receiving vacations and paid workdays, being placed on punishment, and being appointed to special positions such as instructor. Davis also has a strong influence over which officers are selected to become members of SOU. Through his involvement with the aforementioned acts, Davis has directly discriminated against me.

5

The City of Lowell has over one hundred thousand residents, a large portion of which are minorities including Hispanics, Asians, and Blacks. To the best of my knowledge, there are no minorities appointed to the ranks of superior officers in its police department which is approximately 15% Hispanic. The City of Lowell, the Department and Davis have exhibited a continuing pattern of discrimination against minorities. The City of Lowell and the Department, through Davis, has failed to promote minority officers and continues to prevent the advancement of their careers.

To the best of my knowledge, there are no ranking minority officers in the Department despite their qualifications. All of the ranks of Sergeant and above are held by whites. All of the Department's officers on SOU are also white, despite the fact that minority officers are more qualified for the positions. Additionally, the Department has prevented minority officers from gaining experience and receiving training which would allow them to be selected for these special positions and other promotions.

The Department continues to discriminate against minority officers by granting preferred scheduling and vacation time to white officers. Minority officers are constantly denied requests for vacation time and swaps, while similar requests made by white officers are granted. Minority officers are also given more severe punishments, including longer suspensions and removal from positions, than white officers who have committed the same or similar offenses. The discriminatory acts against minority officers including myself has created, and continues to establish, a hostile work environment causing me emotional anguish, embarrassment and the inability to pursue certain career opportunities.

The aforementioned acts of discrimination have been committed against me due to my race, color and national origin, as well as for requesting a hearing in the Kennedy incident. As a result, I have been prevented from increasing my salary and advancing my career. I have also suffered, and continue to suffer, severe emotional anguish and embarrassment as less qualified white officers are continuously given opportunities that are being denied to me and the Department has treated me, and continues to treat me, differently than the white officers. Additionally, I have been and continue to be disproportionately punished for an incident in which I was the victim of assault.

I have been discriminated against in my employment because of my race, color and national origin. I, therefore, charge the City of Lowell, Lowell Police Department and Superintendent Davis with discrimination in violation of G.L. c. 151B and other related laws.

7

"B"

The Commonwealth of Massachusetts
Commission Against Discrimination
One Ashburton Place, Boston, MA 02108
Phone: (617) 994-6000 Fax: (617) 994-6024

MCAD DOCKET NUMBER: 02BEM01919          EEOC/HUD CHARGE NUMBER: 16CA202300
FILING DATE: 06/12/02                   VIOLATION DATE: 06/12/02

Name of Aggrieved Person or Organization:

Robert Alvarez
43 Arrowwood Street
Methuen, MA 01844

Named is the employer, labor organization, employment agency, or state/local government agency who discriminated against me:

City of Lowell Police Department
Attn: Edward Davis, Chief of Police
50 Arcand Drive
Lowell, MA 01854

No. of Employees:       25+

Cause of Discrimination based on:
Race, Color, Hispanic; Retaliation

**The particulars are:**

I, Robert Alvarez, the Complainant believe that I was discriminated against by City of Lowell Police Department, on the basis of Race, Color and Retaliation. This is in violation of M.G.L. 151B Section 4 Paragraph 1, 16 and Title VII.

I, Robert Alvarez, believe that I have been discriminated against based on my race and color (Hispanic) and retaliated against when I was denied a promotion to the NEMLEC Swat Team position by the Lowell Police Department.

On or about February of 1994, I started as a member of the NEMLEC Swat Team for the City of Lowell. On or about April of 1997, I was assaulted by a fellow police officer while on duty. This altercation ended with my removal from the NEMLEC Swat Team. I filed a claim with the MCAD for ongoing discrimination, as I was not brought back to my duties as a member of the NEMLEC Swat Team. The MCAD dismissed my complaint and I was never reinstated to the NEMLEC Swat Team. On January 11, 2002, the Lowell Police Department posted a position for the NEMLEC Swat Team. I applied for this position on January 15, 2002. I am qualified for this position, as I have previously served as a member of the Swat Team. To date, I have never heard back about the position and the position has never been filled. I believe that I am the only qualified person who applied for the position and that is why the Lowell Police Department will not fill the position. I believe this is also in retaliation for filing a previous MCAD complaint. The Lowell Police Department does not want to give me that position and so refuses to fill the position. I have been denied awards and benefits that other fellow white officers have received.

I believe that I am being discriminated again based on my race and color and in retaliation for filing a MCAD complaint.

I swear or affirm that I have read this complaint and that it is true to the best of my knowledge, information and belief.

(Signature of Complainant)

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS DAY of 6/12/2002.

NOTARY PUBLIC
SIGNATURE NOTARY PUBLIC:
MY COMMISSION EXPIRES:

MCAD Docket Number 02BEM01919, Complaint

021303168
16CA30032
16C11

CHARGE OF DISCRIMINATION
MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION AND EEOC

| | |
|---|---|
| FEPA NUMBER: 02 | FILING DATE : November 7, 2002 |
| EEOC NUMBER: | VIOLATION DATE : October 13, 2002 |

| NAME OF AGGRIEVED PERSON OR ORGANIZATION | TELEPHONE NUMBERS |
|---|---|
| Robert Alvarez | HOME ( ) |
| 43 Arrowwood Street | BUSINESS ( ) |
| Methuen MA 01844 | |

NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY,
OR STATE/LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:
City of Lowell                       TELEPHONE NUMBER
375 Merrimac Street                  (978) 970-9161
Lowell MA 01854                      NUMBER OF EMPLOYEES
                                     15+

NOV 07 2002
COMMISSION AGAINST DISCRIMINATION

CAUSE OF DISCRIMINATION BASED ON:   Race & Color (Hispanic) & Retaliation

THE PARTICULARS ARE:

I am a Hispanic American. I have been employed as a police officer by the City of Lowell since February 1994. In October 1999, I filed a charge of discrimination with this Commission. In June 2002, I filed a charge of retaliation with this Commission.

I applied for a position as the training officer in 1999. The position was given to a white male officer who was only recently certified and who had very little experience training officers. Prior to October 13, 2002, that white officer went out on injury leave. A white male officer was selected to take the position during the training officer's absence. This officer also has been recently certified but has very little training experience. I have been certified to train for ten years and have been training officers during that entire time and had more experience training than either of these officers. I have been denied other opportunities and benefits of employment that are available to white officers.

I believe that, based on the above described events, I have been the victim of discrimination in violation of G. L. c. 151B and applicable federal law.

I ALSO WANT THIS CHARGE FILED WITH THE EEOC __X__.

I WILL ADVISE THE AGENCIES IF I CHANGE MY ADDRESS OR TELEPHONE NUMBER AND I WILL COOPERATE FULLY WITH THEM IN THE PROCEEDING OF MY CHARGE IN ACCORDANCE WITH THEIR PROCEDURES.

Alvarez v. Lowell
Page 2

I SWEAR OR AFFIRM THAT I HAVE READ THIS COMPLAINT AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

_____
(SIGNATURE OF COMPLAINANT)

SWORN TO AND SUBSCRIBED BEFORE ME THIS _5th_ DAY OF NOVEMBER, 2002.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES:

Linda Saitta
MY COMMISSION EXPIRES MAR. 31, 2006