# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

MIDDLESEX, SS.                                              MICV2002-04841-L2

ROBERT ALVAREZ,           )
      Plaintiff           )
                          )
V.                        )
                          )
CITY OF LOWELL,           )
      Defendant           )

### DEFENDANT'S ANSWER TO PLAINTIFFS COMPLAINT

Now comes the Defendant in the above-entitled action, and for answer says:

**PARTIES AND JURISDICTION**

1. The Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 1.

2. The Defendant admits the allegations in Paragraph 2.

3. The Defendant admits that the Plaintiff has now filed three charges of discrimination at Massachusetts Commission Against Discrimination ("MCAD"), but denies the remaining allegations in Paragraph 3 and calls upon Plaintiff to prove same

4. The Defendant denies the allegations in Paragraph 4 and calls upon Plaintiff to prove same.

**FACTS**

5. The Defendant admits that Alvarez was appointed as an officer to the Lowell Police Department, but lacks sufficient knowledge as to the date of his appointment.

6. The Defendant denies the allegations in Paragraph 6 and calls upon Plaintiff to prove same. In further answering the Defendant states that the Plaintiff has no legitimate cause of action because he is not even a member of a protected class as he alleges. The MCAD has previously determined that Alvarez claim of discrimination based on race or national origin

must fail. His birth certificate which he filed with the Lowell Police Department when he applied for the position of police officer reveals that both his parents are "white" and that Alvarez was born in Boston, Massachusetts.

7. The Defendant denies the allegations in Paragraph 7 and calls upon Plaintiff to prove same.

8. The Defendant denies the allegations in Paragraph 8 and calls upon Plaintiff to prove same.

9. The Defendant denies the allegations in Paragraph 9 and calls upon Plaintiff to prove same. And further answering the Defendant states that the Plaintiff was properly disciplined by the City of Lowell Superintendent of Police as the result of an altercation he had with another Lowell Police Officer. The Plaintiff appealed to the Civil Service Commission and the Plaintiffs ten-day suspension was upheld by the Commission. The Civil Service Commission's order was never appealed. The Plaintiff is therefore legally precluded from relitigating this issue.

10. The Defendant denies the allegations in Paragraph 10 and calls upon Plaintiff to prove same.

11. The Defendant denies the allegations in Paragraph 11 and calls upon Plaintiff to prove same.

12. The Defendant denies the allegations in Paragraph 12 and calls upon Plaintiff to prove same. And further answering the Defendant states that, as a result of the actions of Alvarez in the aforementioned altercation, he was removed from the Special Operations Union (SOU) SWAT Team by the Superintendent of Police as a disciplinary measure. In addition, that removal was also the result of other infractions of the Lowell Police Department Rules and Regulations committed by Alvarez. The MCAD found that Alvarez removal had nothing to do with any alleged discrimination (See MCAD Docket No. 99132814).

13. The Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 13.

14. The Defendant denies the allegations in Paragraph 14 and calls upon Plaintiff to prove same.

15. The Defendant denies the allegations in Paragraph 15 and calls upon Plaintiff to prove same.

16. The Defendant denies the allegations in Paragraph 16 and calls upon Plaintiff to prove same.

17. The Defendant denies the allegations in Paragraph 17 and calls upon Plaintiff to prove same.

18. The Defendant denies the allegations in Paragraph 18 and calls upon Plaintiff to prove same.

19. The Defendant denies the allegations in Paragraph 19 and calls upon Plaintiff to prove same.

20. The Defendant denies the allegations in Paragraph 20 and calls upon Plaintiff to prove same.

21. The Defendant denies the allegations in Paragraph 21 and calls upon Plaintiff to prove same.

22. The Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 22.

23. The Defendant denies the allegations in Paragraph 23 and calls upon Plaintiff to prove same.

24. The Defendant denies the allegations in Paragraph 24 and calls upon Plaintiff to prove same.

25. The Defendant denies the allegations in Paragraph 25 and calls upon Plaintiff to prove same.

26. The Defendant denies the allegations in Paragraph 26 and calls upon Plaintiff to prove same.

27. The Defendant denies the allegations in Paragraph 27 and calls upon Plaintiff to prove same.

28. The Defendant denies the allegations in Paragraph 28 and calls upon Plaintiff to prove same.

29. The Defendant denies the allegations in Paragraph 29 and calls upon Plaintiff to prove same.

30. The Defendant denies the allegations in Paragraph 30 and calls upon Plaintiff to prove same.

31. The Defendant denies the allegations in Paragraph 31 and calls upon Plaintiff to prove same.

32. The Defendant denies the allegations in Paragraph 32 and calls upon Plaintiff to prove same.

33. The Defendant denies the allegations in Paragraph 33 and calls upon Plaintiff to prove same.

34. The Defendant denies the allegations in Paragraph 34 and calls upon Plaintiff to prove same.

35. The Defendant denies the allegations in Paragraph 35 and calls upon Plaintiff to prove same.

WHEREFORE the Defendant requests that this Honorable Court dismiss the Plaintiff's Complaint and award the Defendant attorneys fees and other costs incurred in defending this action.

### FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff has failed to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff fails to allege any act in violation of M.G.L. c.151B has been committed by Defendant within six months of the filing of his Complaint with the Massachusetts Commission Against Discrimination and the Complaint therefore should be dismissed.

## THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff has failed to state a cause of action upon which relief can be granted in that no specific act is alleged to have occurred which is cognizable under M.G.L.A. c.151B.

## FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff is not a member of a protected class as alleged in his Complaint.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that no adverse employment action has been taken against Plaintiff as alleged in his Complaint.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff is not qualified for the position he alleges he was denied.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that much, if not all of the Plaintiff's Complaint is barred by the doctrine of issue preclusion.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff has failed to exhaust his administrative remedies and is therefore precluded from bringing this Complaint.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the Plaintiff has failed to satisfy the statute of limitations applicable to M.G.L. c.151 matters.

**Respondent demands a Jury Trial on all issues.**

December 9, 2002                                    CITY OF LOWELL, DEFENDANT


Thomas E. Sweeney, City Solicitor
BBO # 490360B
Christine P. O'Connor, Assistant City Solicitor
BBO # 567645
City Hall, Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
(978) 970-4050