# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
SUPERIOR COURT DEPARTMENT

MIDDLESEX, SS.                                                      MICV2002-04841-L2

ROBERT ALVAREZ,            )
    Plaintiff              )
                           )
V.                         )
                           )
CITY OF LOWELL,            )
    Defendant              )

### DEFENDANT'S MOTION FOR A NEW TRIAL

I.  INTRODUCTION

Pursuant to Mass.R.Civ.P. 59, if the Court denies the Defendant's Motion for Judgment Notwithstanding the Verdict, the Defendant requests that this Court order a new trial pursuant to Mass.R.Civ.P. 59. As set forth below, the jury lacked sufficient evidence for their verdict, and denial of this motion will result in prejudice to the Defendant and a miscarriage of justice.

II. STANDARD OF REVIEW

This Court may order a new trial if it appears that to deny a new trial will result in a miscarriage of justice. Davis v. Boston Elevated Ry. Co., 235 Mass. 482, 96 (1920). Trial judges have broad authority to grant new trials, and the judge's determination will be reversed only for a clear abuse of discretion. Galvin v. Welsh Mfg. Co., 382 Mass. 340, 343 (1981). Among the proper grounds for a new trial is a determination that the jury instructions were prejudicially incorrect. Id. The court may also set aside the verdict and grant a new trial if the verdict is against the weight of the evidence. Hartmann. v. Boston Herald-Traveler Corp., 323 Mass. 56, 59 (1948).

The Court's denial of the Defendant's request for a specific jury verdict question regarding mitigation of damages has unduly prejudiced the Defendant. The Plaintiff has the duty to mitigate his damages, and the Defendant had the burden of proving that the Plaintiff failed to mitigate damages by showing that (a) one or more discoverable opportunities for comparable employment were available in a location as convenient as, or more convenient than, the Plaintiff's place of employment, (b) the Plaintiff unreasonably made no attempt to apply for any such job, and (c) it was reasonably likely that the Plaintiff would obtain one of those comparable jobs." Buckley Nursing Home, Inc. v. MCAD, 20 Mass. App. Ct. 172, 185 (1985).

The jury found that the Defendant met its burden. As argued in the City's Motion for Remittitur and Motion for an Amended Judgment, however, the jury was not required to specify the amount that the Plaintiff's award should be reduced for his failure to mitigate. The trial judge has the discretion to frame special verdict questions for the jury, but there is reversible error if a verdict is based upon special questions that do not dispose of all issues material to the case. Stone v. Orth Chevrolet Co., Inc., 284 Mass. 525, 528 (1933) citing Fitzgerald v. Young, 225 Mass. 116 (1916). Without such specific question to the jury, the parties do not know whether the jury actually reduced the award, or if the jury sufficiently reduced the award. The Defendant has therefore been unduly prejudiced by the lack of a special verdict question to the jury.

4.   **The Court Should Have Allowed The Defendant's Request For A Special Jury Verdict Question Regarding Whether The Plaintiff Is Hispanic.**

As argued in the Defendant's Motion for Judgment Notwithstanding the Verdict, the Plaintiff failed to present any reliable evidence showing Hispanic ancestors. The Court should have allowed the City's request for a special question, asking the jury not simply whether the Plaintiff is a member of a protected class, but whether the Plaintiff is in fact Hispanic. A verdict now exists deeming the Plaintiff a member of a protected class, which may affect the City in the

future for other matters. Since evidence presented, over objection, showing that the Plaintiff's ancestors may be Spanish, Greek, Native American and/or Filipino, the City is entitled to a specific pronouncement of the exact protected class to which the jury opined the Plaintiff belongs. The verdict may affect the City for other unrelated matters, particularly other civil service matters. Without a specific question as to whether the Plaintiff is Hispanic, the Defendant does not know whether the jury determined that the Plaintiff was Hispanic, or a member of some other protected class.

5. **The Court Should Have Allowed The City's Request For An Instruction Pursuant To The Stonehill College Case.**

The Defendant requested that the Court instruct the jury regarding the standards for award and consideration of emotional distress damages, as outlined in the Stonehill College case. As stated above, in discrimination cases, Plaintiffs are only entitled to emotional distress damages if a factual basis for emotional distress has been made clear through the evidence. Stonehill College at 576 citing Restatement (Second) of Torts §§ 905, 912 and 917 (1979). Some factors that must be considered when determining whether to award emotional distress damages are: (1) whether the Plaintiff experienced some physical manifestation of the emotional distress; (2) whether the Plaintiff provided evidence of emotional distress in the form of expert testimony; (3) the nature and character of the Plaintiff's alleged harm, if any and the severity of any such harm; (4) the length of time the Plaintiff has suffered; (5) whether the Plaintiff has attempted to mitigate the harm, for example by counseling or by taking medication. Id.

In addition, the Plaintiff must prove a sufficient causal connection between the City's alleged act and the Plaintiff's emotional distress. Id. Emotional distress existing from circumstances other than the actions of the City, or from a condition existing prior to the unlawful act, is not compensable. Id.

The judge did not allow the City's request for an instruction consistent with the <u>Stonehill College</u> case. The jury did not possess any clear evidence showing that the Plaintiff suffered emotional damages, pursuant to the standard set forth in the <u>Stonehill College</u> case. Moreover, the jury did not possess any clear evidence showing that the Plaintiff suffered emotional damages as the result of retaliation. In addition, the Plaintiff's testimony showed that he did not sustain his alleged emotional injuries during the closed period of retaliation. The Defendant was unduly prejudiced by the lack of this instruction, because the jury did not possess the requisite knowledge of the specific factors the jurors should have considered when rendering their decision. Since the jury did not possess the required evidence, the jurors likely would not have awarded emotional distress damages if they were given the proper instruction.

## IV. CONCLUSION

For the foregoing reasons, and the reasons set forth in the Defendant's first and second Motions for Directed Verdict, the Court should enter judgment notwithstanding the verdict in favor of the City.

February 17, 2006

Respectfully submitted:
CITY OF LOWELL, DEFENDANT

Brian W. Leahey, Assistant City Solicitor
BBO #567403
Kimberley A. McMahon, Assistant City Solicitor
BBO #641398
City of Lowell Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
(978) 970-4050
FAX (978) 453-1510