UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 07-CV-11693-JLT

|  |  |
|---|---|
| PEDRO LOPEZ, ET Al., <br> Plaintiffs, <br><br> v. <br><br> CITY OF LAWRENCE, ET AL., <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT CITY OF LOWELL'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT CITY OF LOWELL'S REQUEST FOR COURT ORDER FOR PERSONNEL RECORDS OF ROBERT ALVAREZ (Docket Nos. 123 & 124) LEAVE TO BE FILED GRANTED ON DECEMBER 23, 2008 BY THE COURT**

Now comes the defendant City of Lowell ("Lowell") having been granted leave by the Court on December 23, 2008 and provides this reply in response to Plaintiffs' Opposition to Defendant City of Lowell's Request for Court Order for Personnel Records of Robert Alvarez (Docket Nos. 123 & 124) ("Plaintiffs' Opposition"), Plaintiffs' allege that the information is not discoverable allegedly due to a theory of issue preclusion. For the following reasons, Plaintiffs' argument should fail and Lowell should be allowed access to the materials in its attempt to discovery information pertaining to plaintiff Robert Alvarez's ("Alvarez") claim that he is Hispanic.

Alvarez brought his 2002 lawsuit under violations under G.L.c.151B. Plaintiffs' Opposition, Exhibit A, ¶33. Under G.L.c.151B, protective class status is offered to persons based on "race, color, religious creed, national origin, sex, sexual orientation, genetic information or ancestry." G.L.c.151B, §4. As noted in the Special Jury Verdict (Plaintiffs' Opposition, Exhibit C), Alvarez was found to be "a member of a protected class." Importantly, the jury did not determine that he was Hispanic. In fact, that court specifically rejected Lowell's request for such

an instruction. See relevant portions of Lowell's Motion for New Trial and attached as Exhibit A, filed in February 2006. Prophetically, in that motion, Lowell predicted that simply determining that Alvarez was a member of a protected class as opposed to a finding of being Hispanic could create future problems. "Since evidence presented, over the objection, showing that [Alvarez's] ancestors may be Spanish, Greek, Native American and/or Filipino, [Lowell] is entitled to a specific pronouncement of the exact protected class to which the jury opined [Alvarez] belongs. The verdict may affect [Lowell] for other unrelated matters, particularly other civil service matters. Without a specific question as to whether [Alvarez] is Hispanic, [Lowell] does not know whether the jury determined that [Alvarez] was Hispanic or a member of some other protected class." Exhibit A.

Pursuant to Mass.R.Civ.App.P.18(b) on June 28, 2006, Lowell notified Alvarez of its designation of the record for inclusion in the appendix for appeal, a copy of this document is attached as Exhibit B. Issues on appeal included whether Alvarez is a member of a protected class, the lack of specific jury question regarding whether he is Hispanic and the sufficiency and adequacy of the evidence presented regarding his alleged Hispanic ancestry [denial of Lowell motions for a new trial, judgment notwithstanding the verdict, and directed verdict].[1]

In Plaintiffs' Opposition, it assumes the discovery sought is not relevant based on their own determination that issue preclusion applies. Such an argument is not a proper ground to object to a dispute over the scope of discovery. Discovery is relevant if it is reasonably calculated to lead to the discovery of admissible evidence. In the present case, presumably to avoid unnecessary litigation costs, this court has precluded the parties from conducting discovery (such as serving subpoenas with document requests to third parties) absent a court order. Only

---

[1] In Plaintiffs' Opposition, it claims the court decision was based on Alvarez's Hispanic race as was plead in his complaint. However, presumably based on all of the evidence that showed Alvarez was white, at trial, Alvarez argued that he was a white Hispanic and based his protected status on his ancestry.

the court can rule on an issue of claim preclusion and the Plaintiffs' bear the burden of establishing that the doctrine applies. Commonwealth v. Bunting, 401 Mass. 687, 691 (1988). The doctrine "is generally said to have three purposes: to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." United States v. Stauffer Chem. Co., 464 U.S. 165, 176-177 (1984) (White, J. concurring). With respect to the proposed discovery, none of those purposes are affected by Lowell's discovery request. Lowell listed this issue as an affirmative defense in all of its answers to Plaintiffs' applicable complaints and it is entitled to discover information relating to that issue. If Plaintiffs' disputed Lowell's affirmative defense, they should have brought a motion seeking the court to rule on the matter of issue preclusion. Simply put, this argument is separate and distinct from any discovery dispute. This is especially true when the requested discovery is merely a copy of two personnel files of Alvarez. The discovery request is not unreasonable, burdensome or costly. Frankly, given Alvarez's objections to an otherwise innocuous discovery request, it leads Lowell to believe that the records will, in fact, contain information that assists Lowell's contention that Alvarez is not Hispanic.

Even if this court were to consider the doctrine of issue preclusion in deciding the requested discovery, it should rule that the issue preclusion does not apply. First, Alvarez cannot prove that "the issue decided in the prior adjudication must have been essential to the earlier judgment." In re Sonus Networks, Inc., 422 F.Supp.2d, 281, 287-288 (D.Mass. 2006). The first court rejected Lowell's request for a specific jury question as to whether Alvarez is Hispanic and instead only asked if he were a member of a protected class. Being Hispanic was not essential to the judgment where his claim of discrimination was rejected by a jury but they did find a claim of retaliation. Second, the guiding principle in determining whether to allow defensive use of

collateral estoppel is whether the party against whom it is asserted "lacked full and fair opportunity to litigate the issue in the first action or [whether] other circumstances justify affording him an opportunity to relitigate the issue." Martin v. Ring, 401 Mass. 59, 62 (1987) quoting Fidler v. E.M. Parker, 394 Mass. 534, 541 (1985). In the previous case, Lowell was specifically denied a full and fair opportunity to litigate the issue as that court specifically denied its request that the jury decide whether Alvarez was Hispanic or not. [The court also allowed inadmissible hearsay evidence on the issue of whether Alvarez is Hispanic.] In order to succeed Alvarez must prove he is either Black or Hispanic, no other protected class status is relevant to his claim. Another hurdle that is unique to this case and not essential in the first trial (as it would not have been relevant), is what the term "Hispanic" means in the civil service context with respect to allegations of discrimination and disparate impact on HRD's police sergeants examination. The various Castro cases define Hispanic or more appropriately Spanish surnamed individuals as those who were either born in a Spanish speaking country or who were raised in homes where Spanish was the primary language. Alvarez was born in Boston and was raised in a home where Spanish was not spoken. In fact, he does not speak any Spanish.

Further while a judgment is considered "final" under Massachusetts law for the purpose of issue preclusion even if an appeal is pending, "the pendency of …[an appeal] may make it appropriate [for the second court] to postpone decision of that question until the proceedings addressed to the judgment are concluded." In re Sonus Networks, Inc., 422 F.Supp. 2d 281, fn 5 (D. Mass. 2006) quoting Restatement (Second) of Judgments, §13, comment f. Assuming for the sake of argument that this court determined that the first lawsuit did find that Alvarez was Hispanic, it should postpone or stay Alvarez's involvement as a plaintiff in this case as the appellate court may well determine that Alvarez is not Hispanic. If the court wishes to avoid the

cost and vexation of multiple lawsuits, conserve judicial resources, and prevent inconsistent decisions for which issue preclusion is supposed to remedy, it should wait until after that appeal is decided.

## CONCLUSION

For the foregoing reasons, the defendant, City of Lowell respectfully request that this Court to order plaintiff Robert Alvarez and/or the Town of Groton Police Department and the City of Waltham Police Department to produce records as set forth in the proposed Court Order from the Groton Police Department and the Waltham Police Department.

/s Brian W. Leahey
Brian W. Leahey, Assistant City Solicitor

Dated: December 23, 2008

Respectfully submitted:
**CITY OF LOWELL,**

/s Brian W. Leahey
Brian W. Leahey, Asst. City Solicitor
BBO # 567403
City of Lowell - Law Department
375 Merrimack Street 3rd Fl.
Lowell MA 01852-5909
Tel: 978-970-4050
Fax: 978-453-1510

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was filed through the Electronic Case Filing System for filing and electronic service to the registered participants as identified on the Notice of Electronic Filing on December 23, 2008.

/s Brian W. Leahey
Brian W. Leahey, Assistant City Solicitor