EXHIBIT B

June 28, 2006


Marisa Campagna, Esq.
101 Tremont Street
Boston MA 02108

Re:    Alvarez
Vs:    City of Lowell
       Micv2002-04841

Dear Ms. Campagna:

Pursuant to Mass.R.App.P. 18(b), the Defendant/Appellant City of Lowell hereby designates the
following parts of the record for inclusion in the appendix:

1.    Certified Docket Sheet;
2.    Complaint;
3.    Answer;
4.    Trial Exhibits;
5.    Special questions to the jury;
6.    February 7, 2006 and June 16, 2006 Judgments;
7.    Defendant's Motion for a New Trial;
8.    Plaintiff's Opposition to Defendant's Motion for New Trial;
9.    Defendant's Motion for Judgment Notwithstanding the Verdict;
10.   Plaintiff's Opposition to Defendant's Motion for Judgment as a Matter of Law;
11.   Defendant's Motion for Amended Judgment and Motion for Remittitur;
12.   Plaintiff's Opposition to Defendant's Motion for Amended Judgment and Remittitur;
13.   Memorandum of Law in Support of Plaintiff's Opposition to Defendant's Motions for
      New Trial, Judgment as a Matter of Law and Remittitur;
14.   Trial Transcript;
15.   Defendants' Motions for a Directed Verdict;
16.   Plaintiff's Opposition to Defendant's Motion for a Directed Verdict;
17.   Plaintiff's Application for Attorney's Fees;
18.   Defendant's Opposition to the Plaintiff's Application for Attorney's Fees; and
19.   Defendant's Notice of Appeal.


I.ALVAREZ-SUP CT.

Marisa Campagna, Esq.
June 28, 2006
Page 2

In addition, please be advised that the City of Lowell is appealing:

    (1) February 7, 2006 and June 16, 2006 Judgments in favor of the Plaintiff;
    (2) denial of the City of Lowell's Motion for a New Trial pursuant to Mass.R.Civ.P. 59;
    (3) denial of the City of Lowell's Motion for Judgment Notwithstanding the Verdict pursuant to Mass.R.Civ.P. 50(b);
    (4) denial of the Defendant's Motion for Amended Judgment pursuant to Mass.R.Civ.P. 59(e) and Motion for Remittitur;
    (5) award of interest, costs and attorney's fees;
    (6) denial of the Motions for Directed Verdict; and
    (7) the determination that the Plaintiff is a member of a protected class.

The issues the City intends to present in its brief shall include but not be limited to the following:

1.    Whether the jury's conclusion that the city retaliated against the Plaintiff beginning on October 6, 1999, is contrary to the evidence;

2.    Whether the jury's conclusion that the City subjected the Plaintiff to an adverse employment action beginning on October 6, 1999, is contrary to the evidence;

3.    Whether the jury lacked evidence of a causal relationship between an adverse employment action and the Plaintiff's protected activity, and whether such conclusion Is contrary to the evidence;

4.    Whether the jury lacked sufficient evidence to award damages for emotional distress damages;

5.    Whether the jury lacked any evidence to prove that the Plaintiff reasonably believed that the Defendant retaliated against him for a protected activity;

6.    Whether the jury lacked the requisite evidence on which it could award punitive damages;

7.    Whether the trial Court erred when it denied the Defendant's request for an instruction and special question regarding whether the Defendant knew of the Plaintiff's protected conduct on or before the Plaintiff was subjected to an alleged adverse employment action, whether such denial was prejudicial to the City;

Marisa Campagna, Esq.
June 28, 2006
Page 3

8.    Whether the Court should have instructed the jury, as requested, that they could not award damages for any events that occurred before November 15, 1999 due to the relevant statute of limitations;

9.    Whether the verdict for compensatory damages failed to reflect the Plaintiff's failure to mitigate his damages, whether the Court failed to properly instruct the jury as to mitigation of damages;

10.   Whether the trial court's instructions were prejudicially incorrect because the Jury should not have had the opportunity to award punitive damages, the Court should have instructed the jury regarding, the Court should have issued a specific jury verdict question regarding mitigation of damages, the Court should have issued a special jury verdict question regarding whether the plaintiff is Hispanic, and the Court should have instructed the jury in accordance with the Stonehill College case;

11.   Whether the jury possessed insufficient information on which to award the Plaintiff $60,000 in compensatory damages;

12.   Whether the jury possessed insufficient information on which to award the Plaintiff $15,000 in emotional distress damages;

13.   Whether the award of attorney's fees is excessive and unreasonable; and

14.   Whether the award for costs is excessive and unreasonable award of costs.


Very truly yours,



Brian W. Leahey
Assistant City Solicitor

BWL:mfa

3