UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PEDRO LOPEZ, et al.,
        Plaintiffs

v.

**Case No. 07-CA-11693JLT**

CITY OF LAWRENCE, et al.
        Defendants

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO POSTPONE FILING OF DEFENDANTS' EXPERT REPORTS**

### I. INTRODUCTION

Shockingly, after this Court already expressly rejected the Defendants' argument made during the parties' August 12, 2008 Case Management Conference that their expert report(s) be filed at the close of discovery and subsequent to this Court's ruling on dispositive motions (*See* Transcript of August 12, 2008 Case Management Conference attached as Exhibit C), and after Defendants have already once moved (with Plaintiffs' assent) to postpone their expert reports from November 30, 2008 to January 2, 2009, the Defendants on the eve of their January 2, 2009 deadline have now moved this Court a second time to indefinitely postpone the filing of their report(s). As grounds, Defendants argue that their obligation to file their expert reports should be deferred indefinitely until such time as this Court has ruled upon as yet unfiled allegedly dispositive motions including whether plaintiffs lack standing to challenge the 2005 and 2007 statewide sergeants' examination, and whether the

1

discrimination claims against the State Defendant must be dismissed because State Defendant is not the employer of any of the Plaintiffs.

As detailed below, Defendants made this <u>exact same</u> argument to this Court during the parties' August 12, 2008 Case Management Conference and such argument was squarely rejected by this Court. Indeed, this Court issued an order at the conclusion of the August 12th Conference directing the Defendants to file their expert reports prior to the close of discovery and no later than November 30, 2008. Defendants subsequently moved this Court (with Plaintiffs' assent) and this Court granted Defendants an extension from November 30, 2008 to January 2, 2009 to file their expert reports.

Moreover, at the August 12th Conference this Court specifically told Defendants that they were free to file these so called dispositve motions "at any time." However, this Court was <u>crystal clear</u> that the Defendants were required to meet the expert discovery report schedule set by the Court in its August 12th Order. The Defendants have filed <u>no</u> dispositive motions in the ensuing five months. Further, at the August 12th Conference, this Court had already denied class certification and thus nothing has changed since the Court's August 12th Order that would justify Defendants' <u>second</u> request to postpone the filing of their expert reports.

Moreover, as detailed below, Plaintiffs' current motion to amend complaint <u>filed back in September of 2008 and now pending before this Court</u> provides no new grounds for Defendants' second postponement request. This amended complaint seeks only to add additional named plaintiffs and does not in any way

change Plaintiffs' challenge in this case to the 2005, 2006 and 2007 statewide sergeants' civil service examination.   Simply, Plaintiffs were required under the Supreme Court decision of *Crown Cook & Seal Company v. Parker,* 462 US 345, 353-54 (1993) to file this amended complaint to add additional plaintiffs and preserve their claims related to the 2005, 2006 and 2007 statewide sergeants' examinations in light of this Court's June 9, 2008 denial of class certification. *See* Plaintiffs' Memo of Law in Support of Motion to Amend Complaint (Docket # 110) and Plaintiffs' Reply Brief in Response to Defendants' Opposition to Amend Complaint (Docket # 115).

Plaintiffs' challenge in this case is straightforward and has not changed since the filing of their complaint in September of 2007 and since the Court's above-referenced August 12th Order.  Plaintiffs challenge the 2005, 2006 and 2007 statewide police sergeants' promotional examinations as (1) having a disparate impact upon minority test takers; and (2) not meeting the job-relatedness standards required by Title VII for such an examination.   The issues raised by this straightforward well litigated challenge have been addressed by both Plaintiffs' experts, Dr. Joel Wiesen and Dr. Frank Landy, in their expert reports and such reports were provided to the Defendants pursuant to this Court's August 12th Order and have been in the Defendants' possession <u>for well over two months now</u>.  Copies of Dr. Wiesen's and Dr. Landy's reports are attached hereto as Exhibits D and E.  Dr. Wiesen and Dr. Landy have both found based upon all of the data supplied to them by State Defendant that the 2005, 2006 and 2007 statewide sergeants' examinations had a disparate impact

3

on minority test takers, that the exams do not meet the Title VII validation standards, and that the State Defendant has been using an examination model that maximizes adverse impact on minority applicants in lieu of valid examination methods shown to have less adverse impact.

It would be extremely inequitable for this Court to permit the Defendants to postpone the filing of their expert reports <u>a second</u> time and for several months pending this Court's ruling on dispositive motions which are still hypothetical in nature where Plaintiffs complied with this Court's August 12th Order and produced their reports to the Defendants <u>several months ago</u>.  For all of these reasons, as detailed below, this Court <u>must</u> deny Defendants' motion and sanction Defendants for their actions in failing to meet their January 2, 2009 deadline to submit their expert reports without permission from this Court and filing this motion on the eve of their production date, New Years Eve Day. Moreover, where Defendants missed their January 2, 2009 deadline for filing their expert reports without prior permission from this Court they should be precluded from submitting testimony and reports from their experts in this litigation.

## II.   FACTS

In January of 2008, plaintiffs moved this Court to certify this action to proceed as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2). By moving this Court to certify this action to proceed as a class action pursuant to Fed.R.Civ.P. P. 23(b) (2) Plaintiffs effectively tolled the statute of limitations

4

and preserved the claims of numerous minority police officers throughout the Commonwealth who were unwilling to come forward as named plaintiffs and risk disdain (or possible retribution) within their departments by claiming discrimination but who would otherwise benefit from a determination that the sergeants' examinations administered by State Defendant in 2005, 2006 and 2007 were discriminatory. (Docket # 31, 32, and 59.) On June 9, 2008 and June 26, 2008 this Court denied plaintiffs' Motion for Class certification "as to liability" but "denied [such motion] without prejudice as to the potential remedial stage" of these proceedings. *See* June 9, 2008 Order attached hereto as Exhibit A.

On August 12, 2008 the parties were before this Court for a Case Management Conference. *See* August 12, 2008 Order and Transcript, attached hereto as Exhibits B and C. Counsel for State Defendant argued to this Court that Plaintiffs should be required to produce their expert reports to Defendants at the end of September 2008 and that Defendants in turn would file a motion for summary judgment and only after the Court's ruling upon such motion would Defendants be required to produce their expert report(s) to Plaintiffs. *See* Transcript, p. 10, ¶¶15-25, and p. 11, ¶¶ 1-3. As grounds, Defendants argued that there are a "number of important legal questions pending before the Court as stated in the … defendant's … affirmative defenses that need to be taken up by the Court" including "the issue of standing, "an issue having "to do with the statute of limitations," and "the issue of whether [State Defendant] can be held liable under Title VII because the Human Resources Division of the

Commonwealth is not the employer of these plaintiffs. *See* Transcript, p. 11, ¶¶2-12.

This Court rejected Defendants' argument at the August 12th Case Management Conference and ordered Defendants to produce their expert report(s) to Plaintiffs no later than November 30, 2008. *See* Transcript, p. 18, ¶¶ 5-13; *see also* August 12, 2008 Order attached hereto as Exhibit B. Importantly, this Court went on to reason that Defendants' production of their expert report(s) prior to their filing of dispositive motions was critical because Defendants' experts(s) may in fact agree with the report and analysis of Plaintiffs' experts on the merits of this case which in turn would pave the way for a possible resolution of this matter without resort to costly dispositive motions. *See* Transcript p. 11, ¶¶4-20. Thus, this Court stated:

> …Well what you are saying is very attractive and it makes some sense; but it overlooks the distinct possibility that he is going to file an expert report that your expert would agree with. I mean, in other words, you may not be as far apart on the merits as you think you are. And we might be able to approach it from a, come up with a solution that is very practical that avoids expense…I think it would be better to sort of clear it out first and see if your expert says what they say. And maybe we move a little closer to trying to settle this case….

*Id.* This Court went on to expressly state to Defendants that they were "free to file whatever motions [they] want[ed] to file in the interim…but [they] will still have to meet this discovery schedule that we are talking about." *Id.* at ¶¶ 14-18. In response, Counsel for State Defendant stated in open court on August 12th that the State Defendants "will file an expert report by the end of November [and]… will move for summary judgment at the appropriate time in the next three months.

*Id.* at p. 23, ¶¶ 2-5 (emphasis added).   No such motion has been filed in the ensuing five months.

On September 24, 2008, Plaintiffs filed their recent motion to amend complaint to add additional named plaintiffs. (Docket # 110, and 116.)  Plaintiffs were required under the Supreme Court decision of *Crown Cook & Seal Company v. Parker,* 462 US 345, 353-54 (1993) to file this motion to add additional plaintiffs and preserve their claims related to the 2005, 2006 and 2007 statewide sergeants' examinations in light of this Court's June 9, 2008 denial of class certification in this case.  The *Crown Cook Court* holds once an order denying class certification is issued, the tolling of the statue of limitations ceases as soon as the district court denies class certification at which point the putative members "may choose to file their own suits or to intervene as plaintiffs in the pending action."   *Id.*  Plaintiffs' current motion to amend complaint seeks only to add additional named plaintiffs and does not in any way change Plaintiffs' challenge in this case to the 2005, 2006 and 2007 statewide sergeants' examinations.   On October 7, 2008, Defendants filed an opposition to Plaintiffs' motion to amend complaint.  (Docket No. 113.)  Plaintiffs' motions and Defendants' opposition are now pending before this Court.

Plaintiffs produced to Defendants their expert reports authored by Dr. Joel Wiesen and Dr. Frank Landy on October 3, 2008 and October 30, 2008 respectively.   Dr. Wiesen and Dr. Landy have both found based upon all of the data supplied to them by State Defendant that the 2005, 2006 and 2007 statewide sergeants' examinations had a disparate impact on minority test

7

takers, that the exams do not meet the Title VII validation standards, and that the State Defendant has been using an examination model that maximizes adverse impact on minority applicants in lieu of valid examination methods shown to have less adverse impact.   Copies of Dr. Wiesen's and Dr. Landy's reports are attached hereto as Exhibits D and E.

On November 14, 2008 Defendants moved this Court (and Plaintiffs consented thereto) and this Court granted Defendants an extension of time to produce their expert reports to Plaintiffs from November 30, 2008 to January 9, 2009. (Docket # 119.)  On the eve of their January 2, 2009 production date Defendants filed a motion with this Court seeking a <u>second postponement</u> of production – this time for an indefinite period of time. (Docket # 134.)  Indeed, this motion was filed on New Years Eve day.   As grounds, Defendants argue that their obligation to file their expert reports should be deferred <u>indefinitely</u> until such time as this Court has ruled upon as yet unfiled allegedly dispositive motions including whether plaintiffs lack standing to challenge the 2005 and 2007 statewide sergeants' examination, and whether the discrimination claims against the State Defendant must be dismissed because State Defendant is not the employer of any of the Plaintiffs.   As detailed above, Defendants made this <u>exact same</u> argument to this Court during the parties' August 12, 2008 Case Management Conference and such argument was squarely rejected by this Court.

### III. THIS COURT MUST DENY DEFENDANTS' MOTION TO POSTPONE PRODUCTION OF THEIR EXPERT REPORT FOR A <u>SECOND TIME</u> WHERE THE CITED GROUNDS FOR THEIR MOTION WERE ALREADY REJECTED BY THIS COURT AT THE PARTIES' AUGUST 12, 2008 CASE MANAGEMENT CONFERENCE AND NOTHING IN THIS CASE HAS CHANGED SINCE THAT RULING

Defendants argue that their obligation to file their expert reports should be deferred <u>indefinitely</u> until such time as this Court has ruled upon as yet unfiled allegedly dispositive motions including whether plaintiffs lack standing to challenge the 2005 and 2007 statewide sergeants' examination, and whether the discrimination claims against the State Defendant must be dismissed because State Defendant is not the employer of any of the plaintiffs.

As detailed above, however, Defendants made this <u>exact same</u> argument to this Court during the parties' August 12, 2008 Case Management Conference and such argument was squarely rejected by this Court.  Indeed, this Court issued an order at the conclusion of the August 12th Conference directing the Defendants to produce their expert reports to Plaintiffs prior to the close of discovery and no later than November 30, 2008.  Defendants subsequently moved this Court (with Plaintiffs' assent) and this Court granted an extension from November 30, 2008 to January 2, 2009.  At the August 12th Conference this Court specifically told Defendants that they were free to file dispositive motions at "any time." However, this Court was <u>crystal clear</u> that the Defendants were required to meet the expert discovery report schedule set by the Court in its August 12th Order.  Defendants have filed no such dispositive motions in the ensuing five months.    Further, at the August 12th Conference, this Court had

9

already denied class certification and thus nothing has changed since the Court's August 12th Order that would justify Defendants' second request to postpone the filing of their expert reports.

Moreover, on November 14, 2008, Defendants moved for an extension of time to file their expert reports, plaintiffs assented to such motion, and this Court granted it, and no mention was made of this supposed need to indefinitely put off the filing of expert reports. Yet nothing has occurred since November 14, 2008 that would permit Defendants to make this new argument. Indeed, as detailed below, Plaintiffs' current pending motion to add additional plaintiffs had already been filed as of November 14th and Defendants had also filed their opposition to such motion nearly one month prior to their November 14th request to postpone the filing of their expert report from November 30, 2008 to January 2, 2009. (Docket # 110, 113, and 116.)

For these reasons, this Court must deny Defendants' motion.

**IV.   THE VERY REASONS CITED BY THIS COURT IN REJECTING DEFENDANTS' IDENTICAL ARGUMENT MADE AT THE AUGUST 12, 2008 CASE MANAGEMENT CONFERENCE TO POSTPONE THEIR FILING OF EXPERT REPORTS, TO DETERMINE WHETHER THE EXPERTS AGREE ON THE MERITS AND TO FOSTER SETTLEMENT PRIOR TO THE FILING OF COSTLY DISPOSITIVE MOTIONS, HAVE NOT CHANGED IN ANY WAY**

As detailed above, this Court rejected Defendants' argument at the August 12th Case Management Conference to postpone their expert reports until such time as this Court has ruled upon as yet unfiled allegedly dispositive motions and ordered Defendants to produce their expert report(s) to Plaintiffs no later than November 30, 2008. *See* Transcript, p. 18, ¶¶ 5-13; *see also* August 12, 2008

Order attached hereto as Exhibit B.   Importantly, as detailed above, this Court went on to reason that Defendants production of their expert report(s) prior to their filing of dispositive motions was critical because Defendants' experts(s) may in fact agree with the report and analysis of Plaintiffs' experts on the merits of this case which in turn would pave the way for a possible resolution of this matter without resort to costly dispositive motions.   *See* Transcript p. 11, ¶¶4-20. Nothing has changed in this litigation warranting a disruption of this Court's sound ruling and rationale as to the necessity of both parties' experts reviewing each others reports to determine whether there is agreement on the merits and thus room for settlement prior to the costly and cumbersome process of dispositive motions.

For these reasons, this Court must deny Defendants' motion.

### V. PLAINTIFFS' CURRENT MOTION TO AMEND COMPLAINT FILED BACK IN SEPTEMBER OF 2008 AND NOW PENDING BEFORE THIS COURT PROVIDES NO NEW GROUNDS FOR DEFENDANTS' SECOND POSTPONEMENT REQUEST

Plaintiffs' current motion to amend complaint provides no new grounds for Defendants' second postponement request.  This motion seeks only to add additional named plaintiffs and does not in any way change Plaintiffs' underlying challenge in this case to the 2005, 2006 and 2007 statewide sergeants' examination.  As detailed above, Plaintiffs were required under the Supreme Court decision of *Crown Cook & Seal Company v. Parker,* 462 US 345, 353-54 (1993) to file their motion to amend complaint to add additional plaintiffs and preserve their claims related to the 2005, 2006 and 2007 statewide sergeants'

Order attached hereto as Exhibit B.   Importantly, as detailed above, this Court went on to reason that Defendants production of their expert report(s) prior to their filing of dispositive motions was critical because Defendants' experts(s) may in fact agree with the report and analysis of Plaintiffs' experts on the merits of this case which in turn would pave the way for a possible resolution of this matter without resort to costly dispositive motions.   *See* Transcript p. 11, ¶¶4-20. Nothing has changed in this litigation warranting a disruption of this Court's sound ruling and rationale as to the necessity of both parties' experts reviewing each others reports to determine whether there is agreement on the merits and thus room for settlement prior to the costly and cumbersome process of dispositive motions.

For these reasons, this Court must deny Defendants' motion.

### V. PLAINTIFFS' CURRENT MOTION TO AMEND COMPLAINT FILED BACK IN SEPTEMBER OF 2008 AND NOW PENDING BEFORE THIS COURT PROVIDES NO NEW GROUNDS FOR DEFENDANTS' SECOND POSTPONEMENT REQUEST

Plaintiffs' current motion to amend complaint provides no new grounds for Defendants' second postponement request.  This motion seeks only to add additional named plaintiffs and does not in any way change Plaintiffs' underlying challenge in this case to the 2005, 2006 and 2007 statewide sergeants' examination.  As detailed above, Plaintiffs were required under the Supreme Court decision of *Crown Cook & Seal Company v. Parker,* 462 US 345, 353-54 (1993) to file their motion to amend complaint to add additional plaintiffs and preserve their claims related to the 2005, 2006 and 2007 statewide sergeants'

examinations in light of this Court's June 9, 2008 denial of class certification in this case.  The *Crown Cook Court* holds once an order denying class certification is issued, the tolling of the statue of limitations ceases as soon as the district court denies class certification at which point the putative members "may choose to file their own suits or to intervene as plaintiffs in the pending action."  *Id.*  Subsequent to this Court's June 9, 2008 denial of class certification the Plaintiffs therefore had no choice but to file a motion to amend complaint to add additional plaintiffs in an effort to preserve those officers' claims related to the 2005, 2006 and 2007 statewide sergeants' examination which are now no longer tolled.

Whether this Court grants or denies Plaintiffs' current motion to amend complaint and permits additional named plaintiffs employed by Defendant City of Boston and new Defendants City of Springfield and the Massachusetts Bay Transportation Authority (MBTA), Plaintiffs' underlying challenge to the 2005, 2006 and 2007 statewide sergeants' examinations, as described in detail below, remains unchanged.  The goal of this litigation is to have the court consider and declare that the recent police promotional sergeant's examinations given in civil service communities by the Defendant throughout the Commonwealth were in violation of Title VII because (1) they have a severe disparate impact on minority applicants and (2) they cannot be shown to be job related.   Thus, on the question of liability, there will be no difference between the claims of the named Plaintiffs and thus no justification for Defendants' request to postpone their expert reports at this liability stage of the litigation.

For these reasons, this Court must deny Defendants' motion.

**VI. DEFENDANTS' ARGUMENT THAT THEIR EXPERT REPORT MUST BE POSTPONED UNTIL SUCH A TIME AS THEY FILE A DISPOSITIVE MOTION RELATIVE TO WHETHER THE BOSTON PLAINTIFFS WHO TOOK THE 2005 CIVIL SERVICE EXAM ARE TIME BARRED IS DISINGENUOUS WHERE SUCH ARGUMENT WAS ALREADY MADE BY DEFENDANTS, FULLY BRIEFED BY BOTH PARTIES, AND IS PENDING NOW BEFORE THIS COURT**

Defendants argue that this Court must indefinitely postpone the filing of their expert reports until such time as they can file a dispositive motion challenging whether the Boston Plaintiffs who took the 2005 Civil Service examination are time barred from this suit.  Importantly, on October 7, 2008, Defendants already raised and fully briefed this argument in their opposition to Plaintiffs' current motion to amend complaint.  (Docket # 113.)  Plaintiffs, in turn, fully briefed the reasons why the Boston Plaintiffs who took the 2005 Civil Service examination are not time barred from this suit.  (Docket # 116.)  Thus, Defendants' challenge to whether the Boston Plaintiffs who took the 2005 Civil Service examination are time barred from this suit is currently before this Court and has been before this Court since October of 2008.

Moreover, one month later, on November 14, 2008, Defendants moved for an extension of time to file their expert reports, plaintiffs assented to such motion, and this Court granted it, and no mention was made of this supposed need to indefinitely put off the filing of expert reports on the grounds that this Court must decide upon Defendants' standing challenge relative to the Boston Plaintiffs though, as detailed above, such argument had already been fully briefed and was pending before the Court at that time.  Nothing has changed since Defendants' filing of their first extension to file their expert report(s) on November

13

14, 2008 and now which would justify Defendants motion to postpone the filing of their expert report(s) for yet a second time.

For these reasons, this Court must deny Defendants' motion.

### VII. THIS COURT MUST DENY DEFENDANTS' MOTION TO POSTPONE PRODUCTION OF THEIR EXPERT REPORT FOR A SECOND TIME WHERE PLAINTIFFS' CHALLENGE TO THE 2005, 2006 AND 2007 STATEWIDE SERGEANTS' EXAMINATIONS IS STRAIGHTFORWARD AND HAS NOT CHANGED SINCE THE FILING OF THEIR COMPLAINT BACK IN SEPTEMBER OF 2007 AND THIS COURT'S ORDER ON AUGUST 12, 2008

Notwithstanding Defendants' assertions to the contrary, Plaintiffs' challenge in this case is straightforward and has not changed since the filing of their complaint in September of 2007 and since the Court's above-referenced August 12th Order. Plaintiffs challenge the 2005, 2006 and 2007 statewide police sergeants' promotional examinations as (1) having a disparate impact upon minority test takers; and (2) not meeting the job-relatedness standards required by Title VII for such an examination.

The issues raised by this straightforward well-litigated challenge have been addressed by both Plaintiffs' experts, Dr. Joel Wiesen and Dr. Frank Landy, in their expert reports and such reports were provided to the Defendants pursuant to this Court's August 12th Order and have been in the Defendants' possession for well over two months now. Copies of Dr. Wiesen's and Dr. Landy's reports are attached hereto as Exhibits D and E. Dr. Wiesen and Dr. Landy have both found based upon all of the data supplied to them by State Defendant that the 2005, 2006 and 2007 statewide sergeants' examinations had

14

a disparate impact on minority test takers, that the exams do not meet the Title VII validation standards, and that the State Defendant has been using an examination model that maximizes adverse impact on minority applicants in lieu of valid examination methods shown to have less adverse impact.  *Id*.

It would be extremely inequitable for this Court to permit the Defendants to postpone the filing of their expert reports <u>a second</u> time and for several months pending this Court's ruling on dispositive motions which are still hypothetical in nature where Plaintiffs complied with this Court's August 12th Order and produced their reports to the Defendants <u>several months ago</u>.

## VIII. CONCLUSION

For all of these reasons, as detailed above, this Court <u>must</u> deny Defendants' motion and sanction Defendants for their actions in failing to meet their January 2, 2009 deadline to submit their expert reports without permission from this Court and filing this motion on the eve of their production date, New Years Eve Day.  Moreover, where Defendants missed their January 2, 2009 deadline for filing their expert reports without prior permission from this Court they should be precluded from submitting testimony and reports from their experts in this litigation.

.

Respectfully submitted,
PEDRO LOPEZ, et al.
By their attorneys,

Dated:  January 7, 2009

/s Leah Marie Barrault
_____
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO #640716
Leah M. Barrault, BBO # 661626
Pyle, Rome, Lichten, Ehrenberg
    & Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the Court and counsel of record for defendants via the Court's ECF filing system, on January 7, 2009.

 /s Leah Marie Barrault_____
Leah Marie Barrault