# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PEDRO LOPEZ, ABEL CANO; KEVIN SLEDGE, | \* |
| CHARLES DEJESUS, RICHARD BROOKS, | \* |
| ROBERT ALVAREZ, MARISOL NOBREGA, | \* |
| SPENCER TATUM, THE MASSACHUSETTS | \* |
| HISPANIC LAW ENFORCEMENT ASSOCIATION, | \* |
| SHUMEANE BENFORD, ANGELA WILLIAMS- | \* |
| MITCHELL, GWENDOLYN BROWN, LYNETTE | \* |
| PRAILEAU, TYRONE SMITH, EDDY CHRISPIN, | \* |
| DAVID E. MELVIN, STEVEN MORGAN, WILLIAM | \* |
| E. IRAOLO, JOSE LOZANO, COURTNEY A. | \* |
| POWELL, JAMES L. BROWN, GEORGE CARDOZA, | \* |
| LARRY ELLISON, DAVID SINGLETARY, | \* |
| CHARISSE BRITTLE POWELL, CATHENINA D. | \* |
| COOPER-PATERSON, MOLWYN SHAW, LAMONT | \* |
| ANDERSON, GLORIA KINKEAD, KENNETH | \* |
| GAINES, MURPHY GREGORY, JULIAN TURNER, | \* |
| NEVA GRICE, DELORES E. FACEY, LISA VENUS, | \* |
| RODNEY O. BEST, KAREN VANDYKE, ROBERT | \* |
| C. YOUNG, ROYLINE LAMB, LYNN DAVIS, | \* |
| JAMES A. JACKSON, JUAN ROSARIO, LOUIS | \* |
| ROSARIO, JR., OBED ALMEYDA, DEVON | \* |
| WILLIAMS, JULIO M. TOLEDO, INDIVIDUALLY | \* |
| AND ON BEHALF  OF A CLASS OF INDIVIDUALS | \* |
| SIMILARLY SITUATED, | \* |
| Plaintiffs | \* |
| | \* |
| v. | \*   Civil Action No. 07-11693-JLT |
| | \* |
| CITY OF LAWRENCE, MASSACHUSETTS, | \* |
| CITY OF METHUEN, MASSACHUSETTS, | \* |
| COMMONWEALTH OF MASSACHUSETTS, | \* |
| PAUL DIETL, IN HIS CAPACITY AS PERSONNEL | \* |
| ADMINISTRATOR FOR THE COMMONWEALTH | \* |
| OF MASSACHUSETTS, HUMAN RESOURCES | \* |
| DIVISION, JOHN MICHAEL SULLIVAN, IN HIS | \* |
| CAPACITY AS MAYOR OF THE CITY OF | \* |
| LAWRENCE, MASSACHUSETTS, | \* |
| WILLIAM MANZI, III, IN HIS CAPACITY | \* |
| AS MAYOR OF CITY OF METHUEN, | \* |
| MASSACHUSETTS, CITY OF LOWELL, | \* |
| MASSACHUSETTS, APPOINTING AUTHORITY | \* |
| FOR THE CITY OF LOWELL, MASSACHUSETTS, | \* |
| CITY OF WORCESTER, MASSACHUSETTS, | \* |

**MICHAEL O'BRIEN IN HIS CAPACITY AS CITY**            *
**MANAGER FOR THE CITY OF WORCESTER,**            *
**MASSACHUSETTS, CITY OF BOSTON,**            *
**MASSACHUSETTS, CITY OF SPRINGFIELD,**            *
**MASSACHUSETTS, MAYOR DOMENIC SARNO,**            *
**JR. IN HIS CAPACITY AS MAYOR FOR THE CITY**            *
**OF SPRINGFIELD, MASSACHUSETTS BAY**            *
**TRANSPORTATION AUTHORITY, DANIEL**            *
**GRABAUSKAS IN HIS CAPACITY AS GENERAL**            *
**MANAGER, THE BOARD OF TRUSTEES OF THE**            *
**MASSACHUSETTS BAY TRANSCPORTATION**            *
**AUTHORITY,**            *
                           **Defendants**            *
**************************************************

## ANSWER AND AFFIRMATIVE DEFENSES OF THE DEFENDANT CITY OF BOSTON TO PLAINTIFFS' SIXTH AMENDED COMPLAINT

For its answer to Plaintiffs' Sixth Amended Complaint, Defendant City of Boston ("Boston") states as follows:

## I.     INTRODUCTION

1.     Paragraph 1 of Plaintiff's Sixth Amended Complaint is an introduction and summary of Plaintiffs' allegations to which no responsive pleading is required.  To the extent that Paragraph 1 contains allegations as to which a responsive pleading is required, Boston denies all such allegations.

## II.     JURISDICTION

2.     Paragraph 2 of Plaintiffs' Sixth Amended Complaint contains conclusions of law to which no responsive pleading is required.  To the extent that Paragraph 2 contains allegations as to which a responsive pleading is required, Boston denies all such allegations.

## III.     PARTIES

3.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of Plaintiffs' Sixth Amended Complaint.

4.      Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of Plaintiffs' Sixth Amended Complaint.

5.      Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of Plaintiffs' Sixth Amended Complaint.

6.      Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of Plaintiffs' Sixth Amended Complaint.

7.      Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of Plaintiffs' Sixth Amended Complaint.

8.      Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiffs' Sixth Amended Complaint.

9.      Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of Plaintiffs' Sixth Amended Complaint.

10.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of Plaintiffs' Sixth Amended Complaint.

11.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of Plaintiffs' Sixth Amended Complaint.

12.     Boston admits the allegations in Paragraph 12 of Plaintiffs' Sixth Amended Complaint.

13.     Boston admits the allegations in Paragraph 13 of Plaintiffs' Sixth Amended Complaint.

14.     Boston admits the allegations in Paragraph 14 of Plaintiffs' Sixth Amended Complaint.

15.     Boston admits the allegations in Paragraph 15 of Plaintiffs' Sixth Amended Complaint.

16.     Boston admits the allegations in Paragraph 16 of Plaintiffs' Sixth Amended Complaint.

17.     Boston admits the allegations in Paragraph 17 of Plaintiffs' Sixth Amended Complaint.

18.     Boston admits the allegations in Paragraph 18 of Plaintiffs' Sixth Amended Complaint.

19.     Boston admits the allegations in Paragraph 19 of Plaintiffs' Sixth Amended Complaint.

20.     Boston admits the allegations in Paragraph 20 of Plaintiffs' Sixth Amended Complaint.

21.     Boston denies that Plaintiff is a resident of Medfield, Massachusetts, but admits the remaining allegations in paragraph 21 of Plaintiffs' Sixth Amended Complaint.

22.     Boston admits the allegations in Paragraph 22 of Plaintiffs' Sixth Amended Complaint.

23.     Boston admits the allegations in Paragraph 23 of Plaintiffs' Sixth Amended Complaint.

24.     Boston admits the allegations in Paragraph 24 of Plaintiffs' Sixth Amended Complaint.

25.     Boston admits the allegations in Paragraph 25 of Plaintiffs' Sixth Amended Complaint.

26.    Boston admits the allegations in Paragraph 26 of Plaintiffs' Sixth Amended Complaint.

27.    Boston admits the allegations in Paragraph 27 of Plaintiffs' Sixth Amended Complaint.

28.    Boston admits the allegations in Paragraph 28 of Plaintiffs' Sixth Amended Complaint.

29.    Boston admits the allegations in Paragraph 29 of Plaintiffs' Sixth Amended Complaint.

30.    Boston denies that Plaintiff is a resident of Mattapan, Massachusetts, but admits the remaining allegations in paragraph 21 of Plaintiffs' Sixth Amended Complaint.

31.    Boston admits the allegations in Paragraph 31 of Plaintiffs' Sixth Amended Complaint.

32.    Boston admits the allegations in Paragraph 32 of Plaintiffs' Sixth Amended Complaint.

33.    Boston admits the allegations in Paragraph 33 of Plaintiffs' Sixth Amended Complaint.

34.    Boston admits the allegations in Paragraph 34 of Plaintiffs' Sixth Amended Complaint.

35.    Boston admits the allegations in Paragraph 35 of Plaintiffs' Sixth Amended Complaint.

36.    Boston admits the allegations in Paragraph 36 of Plaintiffs' Sixth Amended Complaint.

37.     Boston admits the allegations in Paragraph 37 of Plaintiffs' Sixth Amended Complaint.

38.     Boston admits the allegations in Paragraph 38 of Plaintiffs' Sixth Amended Complaint, and further states that Plaintiff Rodney O. Best is a resident of Scituate, Massachusetts.

39.     Boston admits the allegations in Paragraph 39 of Plaintiffs' Sixth Amended Complaint.

40.     Boston admits the allegations in Paragraph 40 of Plaintiffs' Sixth Amended Complaint.

41.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of Plaintiffs' Sixth Amended Complaint.

42.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of Plaintiffs' Sixth Amended Complaint.

43.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of Plaintiffs' Sixth Amended Complaint.

44.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of Plaintiffs' Sixth Amended Complaint.

45.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of Plaintiffs' Sixth Amended Complaint.

46.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of Plaintiffs' Sixth Amended Complaint.

47.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of Plaintiffs' Sixth Amended Complaint.

48.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of Plaintiffs' Sixth Amended Complaint.

49.    Boston admits the allegations in Paragraph 49 of Plaintiffs' Sixth Amended Complaint.

50.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of Plaintiffs' Sixth Amended Complaint.

49.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 [second] of Plaintiffs' Sixth Amended Complaint.

50.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 [second] of Plaintiffs' Sixth Amended Complaint.

51.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of Plaintiffs' Sixth Amended Complaint.

52.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of Plaintiffs' Sixth Amended Complaint.

53.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of Plaintiffs' Sixth Amended Complaint.

54.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of Plaintiffs' Sixth Amended Complaint.

55.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of Plaintiffs' Sixth Amended Complaint.

56.    Boston admits the allegations in Paragraph 56 of Plaintiffs' Sixth Amended Complaint.

57.    Boston admits that it is a municipal corporation and that it operates a police department, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 of Plaintiffs' Sixth Amended Complaint.

58.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of Plaintiffs' Sixth Amended Complaint.

59.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of Plaintiffs' Sixth Amended Complaint.

60.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of Plaintiffs' Sixth Amended Complaint.

70.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 [sic] of Plaintiffs' Sixth Amended Complaint.

71.    Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of Plaintiffs' Sixth Amended Complaint.

**IV**.    **CLASS PLAINTIFFS**

72.    Paragraph 72 of Plaintiffs' Sixth Amended Complaint contains a description of a class sought to be certified, as well as conclusions of law, to which no responsive pleading is required.  To the extent that Paragraph 72 contains allegations as to which a responsive pleading is required, Boston denies the allegations therein.

73.    Paragraph 73 of Plaintiffs' Sixth Amended Complaint contains a description of a class sought to be certified, as well as conclusions of law, to which no responsive pleading is required.  To the extent that Paragraph 73 contains allegations as to which a responsive pleading is required, Boston denies the allegations therein.

74. Paragraph 74 of Plaintiffs' Sixth Amended Complaint contains a description of a class sought to be certified, as well as conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 74 contains allegations as to which a responsive pleading is required, Boston denies the allegations therein.

75. Paragraph 75 of Plaintiffs' Sixth Amended Complaint contains a description of a class sought to be certified, as well as conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 75 contains allegations as to which a responsive pleading is required, Boston denies the allegations therein.

## V.     **STATEMENTS OF FACTS**

76. Boston admits so much of the first sentence of Paragraph 76 of Plaintiffs' Sixth Amended Complaint as alleges that Plaintiffs Shumeane Benford, Angela Williams-Mitchell, Gwendolyn Brown, Lynette Praileau, Lamont Anderson, Rodney O. Best, Charisse Brittle-Powell, James L. Brown, George Cardoza, Eddy Chrispin, Catherina D. Cooper-Paterson, Larry Ellison, Delores E. Facey, Kenneth Gaines, Murphy Gregory, Neva Grice, William Iraolo, Gloria Kinkead, Jose Lozano, David E. Melvin, Steven Morgan, Courtney Powell, Molwyn A. Shaw, David Singletary, Tyrone Smith, Julian Turner, Karen VanDyke, Lisa Venus and Robert C. Young are Boston Police Officers and are African-American, but denies the remaining allegations in the first sentence of paragraph 76 of Plaintiffs' Sixth Amended Complaint. Further answering, Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 26 of Plaintiffs' Sixth Amended Complaint.

77. Boston admits so much of Paragraph 77 of Plaintiffs' Sixth Amended Complaint as alleges that Plaintiffs Shumeane Benford, Angela Williams-Mitchell, Gwendolyn Brown,

Lynette Praileau, Lamont Anderson, Rodney O. Best, Charisse Brittle-Powell, James L. Brown, George Cardoza, Eddy Chrispin, Catherina D. Cooper-Paterson, Larry Ellison, Delores E. Facey, Kenneth Gaines, Murphy Gregory, Neva Grice, William Iraolo, Gloria Kinkead, Jose Lozano, David E. Melvin, Steven Morgan, Courtney Powell, Molwyn A. Shaw, David Singletary, Tyrone Smith, Julian Turner, Karen VanDyke, Lisa Venus and Robert C. Young have taken the police sergeant's promotional examination for Boston in 2005, and have not been promoted.  Further answering, Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 of Plaintiffs' Sixth Amended Complaint.

78.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78 of Plaintiffs' Sixth Amended Complaint.

79.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79 of Plaintiffs' Sixth Amended Complaint.

80.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of Plaintiffs' Sixth Amended Complaint.

81.     Insofar as Paragraph 81 of Plaintiffs' Sixth Amended Complaint is directed to it, Boston denies the allegations therein.  Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 of Plaintiffs' Sixth Amended Complaint.

82.     Insofar as Paragraph 82 of Plaintiffs' Sixth Amended Complaint is directed to it, Boston denies the allegations therein.  Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 of Plaintiffs' Sixth Amended Complaint.

83.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of Plaintiffs' Sixth Amended Complaint.

84.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of Plaintiffs' Sixth Amended Complaint.

85.     Insofar as Paragraph 85 of Plaintiffs' Sixth Amended Complaint is directed to it, Boston admits that Plaintiffs Shumeane Benford, Angela Williams-Mitchell, Gwendolyn Brown, Lynette Praileau, Lamont Anderson, Rodney O. Best, Charisse Brittle-Powell, James L. Brown, George Cardoza, Eddy Chrispin, Catherina D. Cooper-Paterson, Larry Ellison, Delores E. Facey, Kenneth Gaines, Murphy Gregory, Neva Grice, William Iraolo, Gloria Kinkead, Jose Lozano, David E. Melvin, Steven Morgan, Courtney Powell, Molwyn A. Shaw, David Singletary, Tyrone Smith, Julian Turner, Karen VanDyke, Lisa Venus and Robert C. Young took the police sergeant's promotional examination for Boston in 2005.   Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 of Plaintiffs' Sixth Amended Complaint.

86.     Boston is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of Plaintiffs' Sixth Amended Complaint.

87.     Insofar as Paragraph 87 of Plaintiffs' Sixth Amended Complaint is directed to it, Boston denies the allegations therein.  Boston is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87 of Plaintiffs' Sixth Amended Complaint.

88.     Insofar as Paragraph 88 of Plaintiffs' Sixth Amended Complaint is directed to it, Boston denies the allegations therein.  Boston is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 88 of Plaintiffs' Sixth Amended Complaint.

## COUNT I

Count I of Plaintiffs' Sixth Amended Complaint sets forth conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading is required, Boston denies the allegations insofar as Count I is directed to it.

## COUNT II

Count II of Plaintiffs' Sixth Amended Complaint sets forth conclusions of law as to which no responsive pleading is required.  To the extent that a responsive pleading is required, Boston denies the allegations insofar as Count II is directed to it.

## AFFIRMATIVE DEFENSES

1.      Counts I and II of Plaintiffs' Sixth Amended Complaint as to Boston fail in whole or in part to state a claim upon which relief can be granted.

2.      Counts I and II of Plaintiffs' Sixth Amended Complaint as to Boston are barred in whole or in part by the applicable limitation periods for the claims set forth in those counts.

3.      Counts I and II of Plaintiffs' Sixth Amended Complaint as to Boston fail to allege any acts made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), or G.L. c.151B that have been committed by Boston within three hundred (300) days of the filing of charges of discrimination by Plaintiffs Shumeane Benford, Angela Williams-Mitchell, Gwendolyn Brown, Lynette Praileau, Lamont Anderson, Rodney O. Best, Charisse Brittle-Powell, James L. Brown, George Cardoza, Eddy Chrispin, Catherina D. Cooper-Paterson, Larry Ellison, Delores E. Facey, Kenneth Gaines, Murphy Gregory, Neva Grice, William Iraolo, Gloria Kinkead, Jose Lozano, David E. Melvin, Steven Morgan, Courtney Powell, Molwyn A. Shaw,

David Singletary, Tyrone Smith, Julian Turner, Karen VanDyke, Lisa Venus and Robert C. Young with the Massachusetts Commission Against Discrimination, and therefore the Plaintiffs' Sixth Amended Complaint should be dismissed.

      4.     Plaintiffs Shumeane Benford, Angela Williams-Mitchell, Gwendolyn Brown, Lynette Praileau, Lamont Anderson, Rodney O. Best, Charisse Brittle-Powell, James L. Brown, George Cardoza, Eddy Chrispin, Catherina D. Cooper-Paterson, Larry Ellison, Delores E. Facey, Kenneth Gaines, Murphy Gregory, Neva Grice, William Iraolo, Gloria Kinkead, Jose Lozano, David E. Melvin, Steven Morgan, Courtney Powell, Molwyn A. Shaw, David Singletary, Tyrone Smith, Julian Turner, Karen VanDyke, Lisa Venus and Robert C. Young have failed to exhaust their administrative remedies and are therefore precluded from asserting Counts I and II of Plaintiffs' Sixth Amended Complaint as to Boston.

      5.     The 2005 police sergeant's promotional examination for Boston did not cause an unlawful disparate impact, is job-related for the position in question, and is consistent with business necessity.

      6.     The claims alleged by Plaintiffs Shumeane Benford, Angela Williams-Mitchell, Gwendolyn Brown, Lynette Praileau, Lamont Anderson, Rodney O. Best, Charisse Brittle-Powell, James L. Brown, George Cardoza, Eddy Chrispin, Catherina D. Cooper-Paterson, Larry Ellison, Delores E. Facey, Kenneth Gaines, Murphy Gregory, Neva Grice, William Iraolo, Gloria Kinkead, Jose Lozano, David E. Melvin, Steven Morgan, Courtney Powell, Molwyn A. Shaw, David Singletary, Tyrone Smith, Julian Turner, Karen VanDyke, Lisa Venus and Robert C. Young as to Boston are barred by the doctrine of laches.

      7.     Assuming arguendo that Plaintiffs Shumeane Benford, Angela Williams-Mitchell, Gwendolyn Brown, Lynette Praileau, Lamont Anderson, Rodney O. Best, Charisse Brittle-

Powell, James L. Brown, George Cardoza, Eddy Chrispin, Catherina D. Cooper-Paterson, Larry Ellison, Delores E. Facey, Kenneth Gaines, Murphy Gregory, Neva Grice, William Iraolo, Gloria Kinkead, Jose Lozano, David E. Melvin, Steven Morgan, Courtney Powell, Molwyn A. Shaw, David Singletary, Tyrone Smith, Julian Turner, Karen VanDyke, Lisa Venus and Robert C. Young have suffered injuries and/or damages as alleged, such injuries and/or damages were caused by someone for whose conduct Boston is not legally responsible.

8.      Some or all of the Plaintiffs lack standing to assert Counts I and II of Plaintiffs' Sixth Amended Complaint as to Boston.

9.      At all times Boston acted in good faith and upon reasonable belief that its actions were in compliance with all relevant laws.

10.      The 2005 police sergeant's promotional exam for Boston fully complied with the applicable provisions of state and federal law.

11.      Boston's actions were motivated by legitimate, nondiscriminatory reasons and at no time did they constitute adverse employment action against Plaintiffs Shumeand Benfold, Angela Williams-Mitchell, Gwendolyn Brown, Lynette Praileau, Lamont Anderson, Rodney O. Best, Charisse Brittle-Powell, James L. Brown, George Cardoza, Eddy Chrispin, Catherina D. Cooper-Paterson, Larry Ellison, Delores E. Facey, Kenneth Gaines, Murphy Gregory, Neva Grice, William Iraolo, Gloria Kinkead, Jose Lozano, David E. Melvin, Steven Morgan, Courtney Powell, Molwyn A. Shaw, David Singletary, Tyrone Smith, Julian Turner, Karen VanDyke, Lisa Venus and Robert C. Young, or any other Plaintiff.

12.      On information and belief Plaintiffs Shumeand Benfold, Angela Williams-Mitchell, Gwendolyn Brown, Lynette Praileau, Lamont Anderson, Rodney O. Best, Charisse Brittle-Powell, James L. Brown, George Cardoza, Eddy Chrispin, Catherina D. Cooper-Paterson,

Larry Ellison, Delores E. Facey, Kenneth Gaines, Murphy Gregory, Neva Grice, William Iraolo, Gloria Kinkead, Jose Lozano, David E. Melvin, Steven Morgan, Courtney Powell, Molwyn A. Shaw, David Singletary, Tyrone Smith, Julian Turner, Karen VanDyke, Lisa Venus and Robert C. Young are not qualified for the position they allege they were denied.

WHEREFORE, having answered herein, Boston prays that Plaintiffs' Sixth Amended Complaint be dismissed with prejudice as to it, that Boston be awarded its costs and attorneys' fees, and that Boston be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,
CITY OF BOSTON,
By its attorneys,

WILLIAM F. SINNOTT
Corporation Counsel

/s/Robert P. Morris
Mary Jo Harris (BBO #561484)
Robert P. Morris (BBO #546052)
Special Assistant Corporation Counsel
MORGAN, BROWN & JOY, LLP
200 State Street
11th Floor
Boston, MA 02109
(617) 523-6666

Dated:  January 23, 2009

## CERTIFICATE OF SERVICE

I, Robert P. Morris, certify that on January 23, 2009, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

/s/Robert P. Morris
Robert P. Morris