**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

PEDRO LOPEZ, et al.,

                Plaintiffs,

v.

CITY OF LAWRENCE, et al.,

                Defendants.

CIVIL ACTION
NO. 07-11693-JLT

**LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, the State defendants, the Commonwealth of Massachusetts and Paul Dietl, in his capacity as Chief Human Resources Officer of its Human Resources Division (together, "HRD"), submit this statement of undisputed material facts in support of their motion to dismiss or, in the alternative, for summary judgment:

*HRD and its role in the promotional process*

1. HRD is charged by statute with certain responsibilities in implementing the civil-service system, including the preparation and administration of civil-service examinations. Mass. Gen. Laws ch. 31, § 5.

2. HRD is empowered to make and amend rules which shall regulate recruitment, selection, training and employment of persons for civil service positions. Mass. Gen. Laws ch. 31, § 3.

3. The Civil Service Commission is a distinct state agency from HRD that has different responsibilities within the civil-service system, primarily involving adjudicating disputes between employees and their employers. Mass. Gen. Laws, ch. 31, § 2.

4. The Commission also has the right to disapprove rules proposed, or other actions taken, by HRD. Mass. Gen. Laws, ch. 31, § 3.

5. Basic merit principles include "assuring fair treatment of all applicants and employees in all aspects of personnel administration without regard to political affiliation, race, color, age, national origin, sex, marital status, handicap, or religion and with proper regard for privacy, basic rights outlined in this chapter and constitutional rights as citizens." Mass. Gen. Laws ch. 31, § 1.

6. Municipal police officers hold civil service positions if their municipal employer has accepted the applicability of the civil-service law and rules. Mass. Gen. Laws ch. 31, § 1; see id. §§ 53-55.

7. Promotional appointments of police officers shall be made only after competitive examination with some exceptions not applicable here. Mass. Gen. Laws, ch. 31, §§ 59, 65. The form and content of the examination is not specified in the General Laws, see generally M.G.L. c. 31, but Mass. Gen. Laws, ch. 31, § 7 states: "An appointing authority [*i.e.,* municipal employer] desiring to make a promotional appointment shall recommend the type of examination to be utilized."

8. HRD prepares, administers, and scores a written promotional examination for police sergeants every year and then releases rank-ordered eligible lists of all passing candidates. McNeely Aff. ¶ 2.

9. Municipalities may elect to use HRD's examination or may conduct their own alternative police sergeant promotional examination. Mass. Gen. Laws ch. 31, §§ 9-11; see also McNeely Aff. ¶ 3. With respect to those communities, HRD does not necessarily receive notification regarding promotions that are ultimately made. Id.

10. By contrast, municipalities must use HRD's examination for entry-level positions. See Mass. Gen. Laws ch. 31, §§ 6, 16; McNeely Aff. ¶ 4.

11. As authorized by state law, several municipalities (including defendants City of Boston and City of Springfield) have entered into delegation agreements with HRD, allowing them to use other testing components in addition to, or in lieu of, HRD's written police sergeant examination and/or their own promotional processes. McNeely Aff. ¶ 5; see Mass. Gen. Laws ch. 31, § 5(*l*).

12. With the aid of a municipality-retained consultant, the municipality is then responsible for developing, validating, administering, and scoring any non-HRD testing component or exam. McNeely Aff. ¶ 7. These municipalities can select the weights to be accorded to the different testing components. McNeely Aff. ¶ 5.

13. In 2007, Leominster and Salem supplemented HRD's sergeant written exam with "assessment centers," in which candidates are evaluated based on their performance in job simulations and/or work-related exercises. McNeely Aff. ¶ 6. Massachusetts municipalities have sent their police sergeant candidates to independent assessment centers at least seven times in the past seven years. Id.

14. In 2002, Boston hired a testing consultant and prepared and administered its own promotional exam. Id. at ¶ 8.

15. In 2005, Boston, in conjunction with HRD, prepared and administered an exam that differed from the one given to all other participating municipalities in that year. Id. at ¶ 9.

16. HRD has long encouraged the municipalities to use these types of supplementary or alternative testing components in the promotional process. Id., ¶ 6.

17. When a municipality wishes to make a promotional appointment, if it has not entered into a full delegation agreement with HRD, it will submit a requisition to HRD, which will in turn issue a certification list ranking the persons eligible for promotion. Mass. Gen. Laws ch. 31, § 7; McNeely Aff. ¶ 10.

18. For municipalities that have entered into a full delegation agreement, technical assistance and oversight might be HRD's only role with regard to the promotional process. McNeely Aff. ¶ 11. HRD does not receive any information from some delegated communities with respect to promotions that those communities ultimately choose to make. Id.

19. For municipalities that have not entered into delegation agreements, HRD's role after scoring the exam papers is also largely ministerial -- it creates a rank-ordered eligible list for each community based on scores, issues certification lists upon request, and records the fact of the promotions decided upon by municipal authorities, checking only to confirm that no eligible candidate was bypassed for unlawful reasons. McNeely Aff. ¶ 12.

20. HRD does not ever take the race, color, religion, sex, or national origin of candidates into account when scoring exams. McNeely Aff. ¶ 10. In connection with the examinations plaintiffs challenge in this case, HRD did not take into account the candidates' race, color, religion, sex, or national origin when creating or issuing eligible or certification lists. Id.

21. Even absent a delegation agreement, it is the responsibility of the municipality, not HRD, to make the actual promotion decisions. McNeely Aff. ¶ 13. In making such decisions, the municipality may consider not only an individual's standing on a

certification list but also his/her job performance, interview performance, education, specialized skills, criminal history, and disciplinary history. Id.

22. A municipality may bypass a person on the certification list and select someone with a lower score, so long as it submits a written statement of reasons for the bypass to HRD. Mass. Gen. Laws ch. 31, § 27; McNeely Aff. ¶ 14.

23. HRD will review the statement but will not substitute its judgment about a valid exercise of discretion based on merit or policy considerations by a municipality. McNeely Aff. ¶ 15.

24. HRD will generally approve as sound and sufficient, for example, any request by a municipality to bypass a candidate based on a legitimate arrest or pending criminal charges. McNeely Aff. ¶ 16.

25. As plaintiffs acknowledge, the municipalities, not HRD, are "responsible for promotional appointments" of their police officers. 6th Am. Compl. ¶¶ 51, 53, 55, 71.

26. The municipality, not HRD, hires and pays its officers. McNeely Aff. ¶ 18.

27. Municipalities control all relevant aspects of their police officers' employment. McNeely Aff. ¶ 19.

28. HRD does not exercise any day-to-day control over plaintiffs' work activities and plaintiffs obtain no financial benefit from HRD. McNeely Aff. ¶ 20.

29. HRD does not train, transfer, assign work to, set work schedules for, supervise, discipline, or fire municipal police officers, and does not pay them fringe benefits, worker's compensation insurance, or ERISA benefits. McNeely Aff. ¶ 21.

30. HRD also has no authority to discipline plaintiffs or to terminate their employment. McNeely Aff. ¶ 22.

31. Disputes between police officers and their municipal employers are adjudicated by the Civil Service Commission, not by HRD. See Mass. Gen. Laws ch. 31, §§ 2, 6C, 24, 35, 41-43; McNeely Aff. ¶ 23.

*Plaintiffs' Participation in the 2005, 2006, and 2007 Police-Sergeant Examinations*

32. Plaintiffs are Hispanic or African-American police officers for the cities of Boston, Lawrence, Lowell, Methuen, Springfield, or Worcester, or for the Massachusetts Bay Transportation Authority ("MBTA") who took HRD's police-sergeant examination in 2005, 2006 or 2007, but have not, of date, been selected for promotion. 6th Am. Compl. ¶¶ 1, 3-48.

33. All of the Plaintiffs work for one of the municipal defendants, their respective employers, not HRD. 6th Am. Compl. ¶¶ 3-48.

34. Of the municipal defendants, only Springfield and the MBTA participated in the 2005 statewide sergeant's exam, which was administered in October of 2005. McNeely Aff. ¶ 24.

35. HRD mailed the Springfield and MBTA candidates their scores on December 27, 2005, and made public the rank-ordered eligible lists for those police departments on March 24, 2006. McNeely Aff. ¶ 25.

36. Those eligible lists expired on March 29, 2008, after which they were no longer used to make promotions. McNeely Aff. ¶ 26. The last promotion to sergeant that Springfield made based on the March 2006 eligible list occurred on March 25, 2007, and the last promotion to sergeant that the MBTA Police Department made based on its March 2006 eligible list occurred on August 13, 2007. Id.

37. The Springfield and MBTA plaintiffs did not file charges with the Equal Employment Opportunity Commission ("EEOC") or the Massachusetts Commission Against

Discrimination ("MCAD") until September 24, 2008.  See Pls.' Reply Mem. to Defs.' Opp. to Sixth Mot. to Amend Compl. (Paper No. 116), Exh. A.

38. The examination unique to Boston was administered in October 2005. McNeely Aff. ¶ 27.

39. HRD mailed Boston sergeant candidates their scores on December 16, 2005, and publicly released the rank-ordered certification list on February 13, 2006. McNeely Aff. ¶ 28.

40. The first four Boston plaintiffs who joined this case filed charges with the EEOC and MCAD on March 5, 2008. Affidavit of Iraida Alvarez, Exhibits B – E. The remaining Boston plaintiffs did not file charges until September 24, 2008. See Pls.' Reply Mem. to Defs.' Opp. to Sixth Mot. to Amend Compl. (Paper No. 116), Exh. A.

41. The eligible list for Boston sergeant promotions will remain in existence until February 12, 2009, or until the list from the October 2008 Boston Police Department sergeant exam is established shortly thereafter. McNeely Aff. ¶ 29.

42. HRD is a Title VII employer only of its own employees, none of whom are charged with the supervision of municipal police officers. McNeely Aff. ¶ 30.

43. Angela Williams-Mitchell, a Boston police officer and president of the Massachusetts Association of Minority Law Enforcement Officers ("MAMLEO"), a plaintiff in this case, testified that even before the release of the exam scores in December 2005, and shortly afterwards, MAMLEO consulted with an attorney from the Lawyers' Committee for Civil Rights Under Law regarding the potentially discriminatory nature of Boston's 2005 exam. Williams-Mitchell Transcript (Tr.) at 8, 56-59 (attached to Alvarez Aff. as Ex. A).

44. Williams-Mitchell testified that MAMLEO raised concerns about the exam with Boston's Police Commissioner both before and after the results were released. Williams-Mitchell Tr. at 48.

45. The eligibility lists created from the 2007 exam are not likely to expire until October 2009 at the earliest. McNeely Aff. ¶ 31.

46. When plaintiffs amended their complaint on January 15, 2008, to include the 2007 claims, the eligible lists for the 2007 exam had not yet been released. McNeely Aff. ¶ 32.

>Respectfully submitted,
>
>COMMONWEALTH OF MASSACHUSETTS and PAUL DIETL, in his capacity as Chief Human Resources Officer of the Human Resources Division,
>
>By their attorney,
>
>MARTHA COAKLEY
>ATTORNEY GENERAL
>
>  /s/ Robert L. Quinan, Jr.
>Robert L. Quinan, Jr. BBO #553010
>Sookyoung Shin, BBO # 643713
>Assistant Attorneys General
>One Ashburton Place, Room 2019
>Boston, MA 02108-1698
>(617) 963-2554 (Quinan)
>(617) 963-2052 (Shin)

Dated: January 26, 2009

CERTIFICATE OF SERVICE

     I hereby certify that the above document will be served on January 26, 2009, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

                                       /s/ Sookyoung Shin
                                       Sookyoung Shin, BBO # 643713
                                       Assistant Attorney General