UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 07-CV-11693-JLT

PEDRO LOPEZ; ABEL CANO; KEVIN SLEDGE, )
CHARLES DEJESUS; RICHARD BROOKS, )
MASSACHUSETTS HISPANIC LAW )
ENFORCEMENT ASSOC., ROBERT ALVAREZ, )
MARISOL NOBREGA, SPENCER TATUM, )
SHUMEAND BENFOLD, ANGELA - WILLIAMS )
MITCHELL, GWENDOLYN BROWN, )
LYNETTE PRAILEAU, TYRONE SMITH, EDDY )
CHRISPIN, DAVID E. MELVIN, STEVEN MORGAN, )
WILLIAM E. IRAOLO, JOSE LOZANO, )
COURTNEY A. POWELL, JAMES L. BROWN, )
GEORGE CARDOZA, LARRY ELLISON, )
DAVID SINGLETARY, CHARISSE BRITTLE )
POWELL, CATHENIA D. COOPER-PATERSON, )
MOLWYN SHAW, LAMONT ANDERSON, )
GLORIA KINKEAD, KENNETH GAINES, MURPHY )
GREGORY, JULIAN TURNER, NEVA GRICE, )
DELORES E. FACEY, LISA VENUS, RODNEY O. )
BEST, KAREN VANDYKE, ROBERT C. YOUNG, )
ROYLINE LAMB, LYNN DAVIS, JAMES A. JACKSON, )
JUAN ROSARIO, LOUIS ROSARIO, JR., )
OBED ALMEYDA, DEVON WILLIAMS, JULIO M. )
TOLEDO, INDIVIDUALLY AND ON BEHALF OF A )
CLASS OF INDIVIDUALS SIMILARLY SITUATED, )
    Plaintiffs, )
)
v. )
)
CITY OF LAWRENCE, MASSACHUSETTS, )
JOHN MICHAEL SULLIVAN, IN HIS )
CAPACITY AS MAYOR OF THE CITY OF )
LAWRENCE, MASSACHUSETTS, )
CITY OF METHUEN, MASSACHUSETT, )
WILLIAM MANZI III, IN HIS CAPACITY AS )
MAYOR OF CITY OF METHUEN, )
MASSACHUSETTS, CITY OF LOWELL, )
MASSACHUSETTS, APPOINTING AUTHORITY )
FOR CITY OF LOWELL )
MASSACHUSETTS, CITY OF WORCESTER, )
MASSACHUSETTS, MICHAEL OBRIEN IN HIS )

| | |
|---|---|
| CAPACITY AS CITY MANAGER OF THE CITY OF WORCESTER, CITY OF BOSTON, MASSACHUSETTS, CITY OF SPRINGFIELD, MASSACHUSETTS, MAYOR DOMENIC SARNO, JR., IN HIS CAPACITY AS MAYOR FOR THE CITY OF SPRINGFIELD, COMMONWEALTH OF MASSACHUSETTS, PAUL DIETL, IN HIS CAPACITY AS PERSONNEL ADMINISTRATOR FOR THE COMMONWEALTH OF MASSACHUSETTS, HUMAN RESOURCES DIVISION, MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, DANIEL GRABAUSKAS, IN HIS CAPACITY AS GENERAL MANAGER, THE BOARD OF TRUSTEES OF THE MASSACHUSETTS BAY TRANSPORTATION AUTHORITY<br>    Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

### ANSWER OF THE DEFENDANTS CITY OF LOWELL AND APPOINTING AUTHORITY FOR THE CITY OF LOWELL TO PLAINTIFFS' SIXTH AMENDED COMPLAINT

#### I. INTRODUCTION

1. The City of Lowell and Appointing Authority for the City of Lowell, Massachusetts (collectively "Lowell") state that Paragraph 1 is an introduction of the case for which no response is required. To the extent an answer is required, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same. Further answering, Lowell denies unlawfully discriminating against the Plaintiffs and denies that the promotional exam as utilized is unlawful.

#### II. JURISDICTION

2. Lowell states that Paragraph 2 is a conclusion of law to which no response is required. To the extent an answer is required, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

#### III. PARTIES

2

3-8. Lowell states Paragraphs 3 through 8 apply to defendants other than Lowell and no answer is required. In so far as any answer is required, Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraphs 3 through 8.

9. Lowell admits so much of Paragraph 9 that alleges Robert Alvarez ("Alvarez") is a police officer in the City of Lowell but it lacks sufficient knowledge to either admit or deny that Alvarez is a resident of the City of Methuen. Lowell denies the allegation that Alvarez is Hispanic and calls upon Plaintiffs to prove same.

10. Lowell admits so much of Paragraph 10 that alleges Marisol Nobrega is Hispanic and is a police officer in the City of Lowell but it lacks sufficient knowledge to either admit or deny the remaining allegations contained therein.[1]

11-50. Lowell states that Paragraphs 11 through 50 apply to defendants other than Lowell and no answer is required. In so far as any answer is required, Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraphs 11 through 50.

49(sic)-52. Lowell states that Paragraphs 49 (sic) through 52 apply to defendants other than Lowell and no answer is required. In so far as any answer is required, Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraphs 49 (sic) through 52.

53. Lowell denies the allegations contained in Paragraph 53 and calls upon Plaintiffs to prove the same.

---

[1] Plaintiffs filed its motion for leave to file their Sixth Amended Complaint in September 2008. In December 2008, Marisol Nobrega was dismissed from Plaintiffs' Fifth Amended Complaint and is no longer a party to these proceedings. In January 2009, the Court allowed Plaintiffs' Sixth Amended Complaint.

54. Lowell admits the allegations in Paragraph 54.

55-60. Lowell states that Paragraphs 55 through 60 apply to defendants other than Lowell and no answer is required. In so far as any answer is required, Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraphs 55 through 60.

70(sic). Lowell states that Paragraph 70 (sic) applies to a defendant other than Lowell and no answer is required. In so far as any answer is required, Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 70 (sic).

71. Lowell states that Paragraph 71 applies to a defendant other than Lowell and no answer is required. In so far as any answer is required, Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 71.

## IV. CLASS PLAINTIFFS

72. Lowell states that Paragraph 72 is a description of the class sought to be certified, to which no answer is required. Lowell denies the allegations contained in Paragraph 72 and calls upon Plaintiffs to prove same.

73. Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 73.

74. Lowell states that Paragraph 74 is a conclusion of law to which no response is required. To the extent an answer is required, Lowell denies the allegations contained in Paragraph 74 and calls upon Plaintiffs to prove same.

75. Lowell states that Paragraph 75 is a conclusion of law to which no response is

required. To the extent an answer is required, Lowell denies the allegations contained in Paragraph 75 and calls upon Plaintiffs to prove same.

## V. STATEMENT OF FACTS

76. Lowell admits so much of Paragraph 76 that alleges that Robert Alvarez is employed as a police officer for the City of Lowell. Lowell denies that Robert Alvarez is either Hispanic or African-American. Lowell lacks sufficient knowledge to either admit or deny the remaining allegations contained therein.

77. Lowell denies the allegations contained in Paragraph 77 and calls upon Plaintiffs to prove same.

78. Lowell admits so much of Paragraph 78 that alleges it utilizes HRD's sergeant promotional examination but Lowell lacks sufficient knowledge to either admit or deny the remaining allegations contained therein.

79. Lowell admits so much of Paragraph 79 that alleges that it is subject to the provisions of M.G.L. c.31, Civil Service, and that it follows said chapter with respect to the police sergeant examination but Lowell lacks sufficient knowledge to either admit or deny the remaining allegations contained therein.

80. Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 80.

81. Lowell states that insofar as Paragraph 81 is directed to it, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

82. Lowell states that Paragraph 82 is a conclusion of law to which no response is required. To the extent an answer is required, Lowell states that insofar as

Paragraph 82 is directed to it, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

83. Lowell states that Paragraph 83 is directed to a defendant other than it and no answer is required. Insofar as any answer is required, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

84. Lowell states that Paragraph 84 is directed to a defendant other than it and no answer is required. Insofar as any answer is required, Lowell lacks sufficient knowledge to either admit or deny the allegations contained therein.

85. Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 85.

86. Lowell states that it lacks sufficient knowledge to either admit or deny the allegations contained in Paragraph 86.

87. Lowell states that insofar as Paragraph 87 is directed to Lowell, it denies the allegations contained therein and calls upon Plaintiffs to prove same.

88. Lowell states that insofar as Paragraph 88 is directed to Lowell, it denies the allegations contained therein and calls upon Plaintiffs to prove same.

### COUNT I

Lowell states that Count I is a conclusion of law to which no response is required. To the extent an answer is required, Lowell denies the allegations contained therein and calls upon Plaintiffs to prove same.

### COUNT II

Lowell states that Count II is a conclusion of law to which no response is required. To the extent an answer is required, Lowell denies the allegations contained

therein and calls upon Plaintiffs to prove same.

WHEREFORE the Defendants, City of Lowell and Appointing Authority for the City of Lowell, Massachusetts, request that this Honorable Court dismiss this Complaint and award the Defendants, City of Lowell and Appointing Authority for the City of Lowell, Massachusetts, attorney's fees and other costs incurred in defending this action.

**Defendants, City of Lowell and Appointing Authority for the City of Lowell, Massachusetts, Demand Trial by Jury on All Issues so Triable.**

### FIRST AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs have failed to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs fail to allege any act in violation of M.G.L. c.151B has been committed by them within three hundred (300) days of the filing of their Complaint with the Massachusetts Commission Against Discrimination ("MCAD") and the Complaint therefore should be dismissed.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs have failed to state a cause of action upon which relief can be granted in that no specific act is alleged to have occurred which is cognizable under M.G.L. c.151B.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that Plaintiff Robert Alvarez is not a member of a protected class as alleged in Plaintiffs' Complaint.

### FIFTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that they have not taken any adverse employment action against the Plaintiffs as alleged in their Complaint.

### SIXTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs are not qualified for the position they allege they were denied.

### SEVENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs' Complaint must fail as it was not filed within the requisite statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs have failed to exhaust their administrative remedies and are therefore precluded from bringing this Complaint.

### NINTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs fail to allege any act in violation of M.G.L. c.151B.

### TENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs have not sustained an injury and are not persons aggrieved under G.L. c.151B.

### ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Complaint fails to satisfy the statutory and jurisdictional requirements for matters before the MCAD.

### TWELFTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that at all times, they treated the Plaintiffs in the same and consistent manner as other employees.

### THIRTEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that it is not an employer as defined under 42 U.S.C. §§2000e et seq. and is not engaged in activity that affects commerce.

### FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Complaint fails to state a case or controversy sufficiently real to give this Court jurisdiction.

### FIFTEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that at all times they acted in good faith upon reasonable

9

belief that their actions were required and in compliance with all relevant law.

### SIXTEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the sergeant's promotional examination as utilized fully complied with the applicable provisions of state and federal law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs lack standing.

### EIGHTEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say their actions were motivated by legitimate nondiscriminatory reasons.

### NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say the sergeant's promotional exam was not used to discriminate against minorities and such examination does not cause an unlawful disparate impact on minorities and is job-related for the position in question and consistent with business necessity.

### TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that Plaintiffs' requests for equitable relief are barred by the doctrine of unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that Plaintiffs' claims are barred by the doctrine of laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that issues relating to promotions are subject to Lowell's collective bargaining agreements with its officers and/or superior officers' unions.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that there was an insufficiency of process on them.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that Plaintiffs' claims are barred insofar as the Plaintiffs' consented to the actions of Lowell.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that Plaintiffs' claims must fail as they did not deprive the Plaintiffs of a constitutionally-protected liberty or property interest.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that if the Plaintiffs suffered injuries and/or damages as alleged, such injuries and/or damages were caused by someone for whose conduct the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts are not

legally responsible.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Plaintiffs failed to file a grievance in accordance with the collective bargaining agreement between the City of Lowell and their union.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Appointing Authority is not a proper party to this lawsuit.

### TWENTY-NINETH AFFIRMATIVE DEFENSE

And further answering, the City of Lowell and Appointing Authority for the City of Lowell, Massachusetts say that the Appointing Authority is not a proper party to this lawsuit.

January 27, 2009                                CITY OF LOWELL, DEFENDANT

/s Brian W. Leahey
Brian W. Leahey, Assistant City Solicitor
BBO #567403
City of Lowell - Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
Tel: 978-970-4050
Fax: 978-453-1510

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 18, 2008.

/s Brian W. Leahey
Brian W. Leahey, Assistant City Solicitor