**UNITED STATES DISTRICT COURT**
for the
**DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| PEDRO LOPEZ, et al., | ) | |
| | ) | |
| Plaintiffs | ) | C. A. # 07-11693-JLT |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF LAWRENCE, MASSACHUSETTS, | ) | |
| et al., | ) | |
| Defendants | ) | |

_____ _)

**ANSWER TO THE SIXTH AMENDED COMPLAINT**
**OF THE DEFENDANTS**
**MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,**
**DANIEL GRABAUSKAS IN HIS CAPACITY AS GENERAL MANAGER,**
**and**
**THE BOARD OF DIRECTORS**
**(misnamed in the Complaint as "THE BOARD OF TRUSTEES")**
**OF THE MASSACHUSETTS BAY TRANSPORTATION AUTHORITY**

Now come the Defendants, Massachusetts Bay Transportation Authority (hereinafter "MBTA"), Daniel Grabauskas in his capacity as General Manager of the MBTA, and the Board of Directors (misnamed in the Sixth Amended Complaint as the "Board of Trustees") of the MBTA (hereinafter, collectively, the "MBTA Defendants") and, without waiving any right to file a motion to dismiss or other dispositive motion, answer the allegations of the Sixth Amended Complaint as follows:

**I.     INTRODUCTION**

1.     Paragraph 1 is an introductory statement and contains conclusions of law for which a response is not required.  To the extent that paragraph 1 alleges facts, the same are denied.

**II.     JURISDICTION**

2.     Paragraph 2 is a jurisdictional statement and contains conclusions of law for which a response is not required.  To the extent that paragraph 2 alleges facts, the same are denied.

### III.    **PARTIES**

3-40.   Paragraphs 3 through 40 identify certain plaintiffs and the MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraphs 3 through 40.

41-42.  Paragraphs 41 and 42 identify plaintiffs who are police officers within the MBTA Transit Police Department and the MBTA Defendants admit the allegations contained in paragraphs 41 and 42 with the qualification that the residences are admitted upon information and belief.

43-48.  Paragraphs 43 through 48 identify certain plaintiffs and the MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraphs 43 through 48.

49.     The MBTA Defendants admit that the Commonwealth of Massachusetts is a state of the United States of America.  The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the remaining allegations contained in paragraph 49.

50.     The MBTA Defendants admit that Paul Dietl is the Personnel Administrator for the Human Resources Division of the Commonwealth of Massachusetts. The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the remaining allegations contained in paragraph 50.

"49".   The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph "49".

"50".   Upon information and belief, the MBTA Defendants admit that the City of Lawrence is a municipality, but qualify this answer in that the MBTA Defendants are without sufficient information to form a belief in regard to who is the Appointing Authority for promoting police officers within the municipal police department pursuant to applicable Massachusetts civil service law.

"51".   The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph "51".

"52".   Upon information and belief, the MBTA Defendants admit that the City of Methuen is a municipality, but qualify this answer in that the MBTA Defendants are without sufficient information to form a belief in regard to whether the municipality is "duly" incorporated and in regard to who is the Appointing Authority for promoting police officers within the municipal police department pursuant to applicable Massachusetts civil service law.

"53".   Upon information and belief, the MBTA Defendants admit the allegations contained in paragraph "53".

"54".   Upon information and belief, the MBTA Defendants admit that the City of Lowell is a municipality, but qualify this answer in that the MBTA Defendants are without sufficient information to form a belief in regard to whether the municipality is "duly" incorporated and in regard to who is the Appointing Authority for promoting police officers within the municipal police department pursuant to applicable Massachusetts civil service law.

"55".   The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph "55".

"56".   Upon information and belief, the MBTA Defendants admit that the City of Worcester is a municipality, but qualify this answer in that the MBTA Defendants are without sufficient information to form a belief in regard to who is the Appointing Authority for promoting police officers within the municipal police department pursuant to applicable Massachusetts civil service law.

"57".   Upon information and belief, the MBTA Defendants admit that the City of Boston is a municipality, but qualify this answer in that the MBTA Defendants are without sufficient information to form a belief in regard to whether the municipality is "duly" incorporated and in regard to who is the Appointing Authority for promoting police officers within the municipal police department pursuant to applicable Massachusetts civil service law.

"58".   The MBTA Defendants admit that the MBTA is a body politic and corporate and political subdivision of the Commonwealth pursuant to M.G.L. c.161A, §2.

"59".   The MBTA Defendants admit that Daniel Grabauskas is and has been the General Manager of the MBTA from May 16, 2005.  The MBTA Defendants are without sufficient information to form a belief in regard to whether he was the General Manager "at all material times" as alleged in paragraph "59".

"60".   The MBTA Defendants admit that the MBTA Board of Directors (not the Board of Trustees as misnamed in the Sixth Amended Complaint) is created and defined by M.G.L. c.161A, §7.  In further answering, the MBTA Defendants state that the Chief of the MBTA Transit Police Department is the Appointing Authority for promoting police officers within the MBTA Transit Police Department pursuant to applicable Massachusetts civil service law.

"70".   Upon information and belief, the MBTA Defendants admit that the City of Springfield is a municipality, but qualify this answer in that the MBTA Defendants are without sufficient information to form a belief in regard to whether the municipality is "duly" incorporated and in regard to who is the Appointing Authority for promoting police officers within the municipal police department pursuant to applicable Massachusetts civil service law.

"71".   The MBTA Defendants are without sufficient information to form a belief in
regard to the truth of the allegations contained in paragraph "71".

## IV.   [ALLEGED] <u>CLASS PLAINTIFFS</u>

"72".   Paragraph "72" contains a description of a purported class of individuals to be
certified, as well as conclusions of law, for which no responses are required.
To the extent that paragraph "72" alleges facts, the same are denied.

"73".   Paragraph "73" contains a description of a purported class of individuals to be
certified, as well as conclusions of law, for which no responses are required.
To the extent that paragraph "73" alleges facts, the same are denied.

"74".   Paragraph "74" contains a description of a purported class of individuals to be
certified, as well as conclusions of law, for which no responses are required.
To the extent that paragraph "74" alleges facts, the same are denied.

"75".   Paragraph "75" contains a description of a purported class of individuals to be
certified, as well as conclusions of law, for which no responses are required.
To the extent that paragraph "75" alleges facts, the same are denied.

## V.   [ALLEGED] <u>STATEMENT OF FACTS</u>

"76".   The MBTA Defendants deny the allegations contained in the first sentence of
paragraph "76".  The MBTA Defendants are without sufficient information to
form a belief in regard to the truth of the allegations contained in the second
sentence in paragraph "76".  In further answering, the MBTA Defendants state
that the Plaintiffs Royline Lamb and Lynn Davis are police officers in the
MBTA Transit Police Department and are African-American.

"77".   The MBTA Defendants deny the allegations contained in paragraph "77".

"78".   The MBTA Defendants are without sufficient information to form a belief in
regard to the truth of the allegations contained in paragraph "78".  In further
answering, the MBTA Defendants state that the MBTA Transit Police
Department has utilized to some extent promotional examinations for the position
of police sergeant administered by HRD.

"79".   The MBTA Defendants are without sufficient information to form a belief in
regard to the truth of the allegations contained in paragraph "79".  In further
answering, the MBTA Defendants state that the MBTA Transit Police
Department has utilized to some extent promotional examinations for the position
of police sergeant administered by HRD.

"80".   The MBTA Defendants are without sufficient information to form a belief in
regard to the truth of the allegations contained in paragraph "80".

"81".    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in the first sentence of paragraph "81". The MBTA Defendants deny the allegations contained in the second sentence of paragraph "81".

"82".    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph "82".

"83".    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph "83".

"84".    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph "84". In further answering, the MBTA Defendants state that, on information and belief, the Plaintiffs Royline Lamb and Lynn Davis have taken, but not passed, a promotional examination for the position of police sergeant administered by HRD.

"85".    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph "85". In further answering, the MBTA Defendants state that, on information and belief, the Plaintiffs Royline Lamb and Lynn Davis have taken, but not passed, a promotional examination for the position of police sergeant administered by HRD.

"86".    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph "86". In further answering, the MBTA Defendants state that, on information and belief, the Plaintiffs Royline Lamb and Lynn Davis have taken, but not passed, a promotional examination for the position of police sergeant administered by HRD.

"87".    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph "87". In further answering, the MBTA Defendants state that, on information and belief, the Plaintiffs Royline Lamb and Lynn Davis have taken, but not passed, a promotional examination for the position of police sergeant administered by HRD.

"88".    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph "88". In further answering, the MBTA Defendants state that, on information and belief, the Plaintiffs Royline Lamb and Lynn Davis have taken, but not passed, a promotional examination for the position of police sergeant administered by HRD.

## COUNT I

To the extent that Count I alleges facts and/or conclusions of law pertaining to the MBTA Defendants, the same are denied.

## COUNT II

To the extent that Count II alleges facts and/or conclusions of law pertaining to the MBTA Defendants, the same are denied.

### FIRST AFFIRMATIVE DEFENSE
#### (LACK OF PRIMARY JURISDICTION)
The Plaintiffs have failed to properly present their claims against the MBTA Defendants before the MCAD and/or the EEOC and such is a prerequisite to suit.

### SECOND AFFIRMATIVE DEFENSE
#### (STANDING)
The Plaintiffs employed by the MBTA Transit Police Department lack standing to bring this Sixth Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE
#### (STATUTE OF LIMITATIONS)
The Plaintiffs' claims, or certain of their claims, against the MBTA Defendants are barred by the applicable Statutes of Limitations.

### FOURTH AFFIRMATIVE DEFENSE
#### (LACHES)
The Plaintiffs' claims, or certain of their claims, against the MBTA Defendants are barred by the doctrine of laches

### FIFTH AFFIRMATIVE DEFENSE
#### (FAILURE TO STATE A CLAIM)
The Plaintiffs have failed to state a claim upon which relief can be granted against the MBTA Defendants.

### SIXTH AFFIRMATIVE DEFENSE
#### (FAILURE OF QUALIFICATION)
On information and belief, the Plaintiffs employed by the MBTA Transit Police Department were not qualified for the positions in question.

### SEVENTH AFFIRMATIVE DEFENSE
#### (LACK OF DISPARATE IMPACT)
The promotional process utilized by the MBTA Transit Police Department did not cause an unlawful disparate impact, is job-related for the positions in question, and is consistent with business necessity.

### EIGHTH AFFIRMATIVE DEFENSE
(ACTS OF THIRD PARTIES)

The MBTA Defendants are not responsible for any harm allegedly caused by acts of third parties for whom it is not responsible and over whom it has no control.

### NINTH AFFIRMATIVE DEFENSE
(FAILURE TO NAME AN INDISPENSABLE PARTY)

The Chief of the MBTA Transit Police Department is the Appointing Authority for the purpose of promoting MBTA Transit Police Department police officers to the rank of sergeant pursuant to applicable Massachusetts civil service laws.

### TENTH AFFIRMATIVE DEFENSE
(GOOD FAITH)

At all times pertinent to this action, the MBTA Defendants acted in good faith and belief that their actions were in accordance with the laws of the Commonwealth of Massachusetts and the United States of America.

### ELEVENTH AFFIRMATIVE DEFENSE
(ACTS OF THE PLAINTIFFS)

Any injury or loss sustained by the Plaintiffs was caused in whole or in part by their acts or by their failure to act.

### TWELTH AFFIRMATIVE DEFENSE
(MITIGATION)

The Plaintiffs have failed to mitigate their damages, if any.

WHEREFORE, the MBTA Defendants request that the Sixth Amended Complaint be dismissed with prejudice as to the MBTA Defendants and that this Honorable Court award the MBTA Defendants attorneys fees and costs and such other relief that it deems just and proper.

Respectfully submitted
For the MBTA Defendants
By their attorney,

/s/ Kevin S. McDermott
Kevin S. McDermott, BBO#544513
Assistant General Counsel
MBTA Law Department
Ten Park Plaza, Suite 7760
Boston, MA 02116
Tel: (617) 222-4756
Email: kmcdermott@mbta.com

Dated: February 2, 2009

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document was filed through the ECF system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Kevin S. McDermott