UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case No. 07-CA-11693-JLT

|  |  |
|---|---|
| | ) |
| PEDRO LOPEZ; ABEL CANO; KEVIN SLEDGE; | ) |
| CHARLES DEJESUS; RICHARD BROOKS; | ) |
| MASSACHUSETTS HISPANIC LAW | ) |
| ENFORCEMENT ASSOC., ROBERT ALVAREZ, | ) |
| MARISOL NOBREGA, SPENCER TATUM, | ) |
| SHUMEAND BENFOLD, ANGELA-WILLIAMS | ) |
| MICHELL, GWENDOLYN BROWN, | ) |
| LYNETTE PRAILEAU, TYRONE SMITH, EDDY | ) |
| CHRISPIN, DAVID E. MELVIN, STEVEN MORGAN, | ) |
| WILLIAM E. IRAOLO, JOSE LOZANO, | ) |
| COURTNEY A. POWELL, JAMES L. BROWN, | ) |
| GEORGE CARDOZA, LARRY ELLISON, | ) |
| DAVID SINGLETARY, CHARISSE BRITTLE | ) |
| POWELL, CATHENIA D. COOPER-PATERSON, | ) |
| MOLWYN SHAW, LAMONT ANDERSON, | ) |
| GLORIA KINKEAD, KENNETH GAINES, MURPHY | ) |
| GREGORY, JULIAN TURNER, NEVA GRICE, | ) |
| DELORES E. FACEY, LISA VENUS, RODNEY O. | ) |
| BEST, KAREN VANDYKE, ROBERT C. YOUNG, | ) |
| ROYLINE LAMB, LYNN DAVIS, JAMES A. JACKSON, | ) |
| JUAN ROSARIO, LOUIS ROSARIO, JR., | ) |
| OBED ALMEYDA, DEVON WILLIAMS, JULIO M. | ) |
| TOLEDO, INDIVIDUALLY AND ON BEHALF OF A | ) |
| CLASS ON INDIVIDUALS SIMILARSLY SIUTATED, | ) |
|     Plaintiffs | ) |
| v. | ) |
| | ) |
| | ) |
| CITY OF LAWRENCE, MASSACHUSETTS; | ) |
| JOHN MICHAEL SULLIVAN, IN HIS | ) |
| CAPACITY AS MAYOR OF THE CITY OF | ) |
| LAWRENCE, MASSACHUSETTS, | ) |
| CITY OF METHUEN, MASSACHUSETTS | ) |
| WILLIAM M. MANZI III, IN HIS CAPACITY AS | ) |
| MAYOR OF THE CITY OF METHUEN, | ) |
| MASSACHUSETTS, CITY OF LOWELL, | ) |
| MASSACHUSETTS, APPOINTING AUTHORITY | ) |
| FOR THE CITY OF LOWELL | ) |
| MASSACHUSETTS, CITY OF WORCESTER, | ) |
| MASSACHUSETTS, MICHAEL OBRIEN, IN HIS | ) |

| | |
|---|---|
| CAPACITY AS CITY MANAGER OF THE CITY OF WORCESTER, CITY OF BOSTON, MASSACHUSETTS, CITY OF SPRINGFIELD, MASSACHUSETTS, MAYOR DOMENIC SARNO, JR., IN HIS CAPACITY AS MAYOR FOR THE CITY OF SPRINGFIELD, COMMONWEALTH OF MASSACHUSETTS, PAUL DIETL, IN HIS CAPACITY AS PERSONNEL ADMINISTRATOR FOR THE COMMONWEALTH OF MASSACHUSETTS, HUMAN RESOURCES DIVISION, MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, DANIEL GRABAUSKAS, IN HIS CAPACITY AS GENERAL MANAGER, THE BOARD OF TRUSTEES OF THE AMSSACHUSETTS BAY TRANSPORTATION AUTHORITY<br>        **Defendants** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ANSWER OF THE DEFENDANTS, CITY OF METHUEN, MASSACHUSETTS AND WILLIAM M. MANZI, III, IN HIS CAPACITY AS MAYOR OF THE CITY OF METHUEN TO THE THIRD AMENDED COMPLAINT

NOW COMES the City of Methuen, Massachusetts and William M. Manzi, III, in his capacity as Mayor of the City of Methuen, Massachusetts (collectively "Methuen) who do hereby Answer the Complaint of the Plaintiffs, Pedro Lopez, et al, as follows:

**I.   INTRODUCTION**

1.   The allegations contained in Paragraph 1 do not require a response in the affirmative or negative from the Methuen. Nonetheless, to the extent that the allegations aver any wrongdoing on the part of the Methuen, or to the extent that the allegations aver disparity in the treatment of Hispanic or African-American police officers by the City of Methuen or its Mayor, the allegations are denied.

## II.  JURISDICTION

2. The allegations contained in Paragraph 2 do not require a response in the affirmative or negative from Methuen.  To the extent an answer is required, Methuen denies the allegations contained therein and calls upon the Plaintiffs to prove the same.

## III.  PARTIES

3. Methuen admits the allegations contained in Paragraph 3.

4. Methuen lacks sufficient information to either admit or deny the allegations contained within Paragraph 4 of the Complaint.

5. Methuen lacks sufficient information to either admit or deny the allegations contained within Paragraph 5 of the Complaint.

6. Methuen admits the allegations contained in Paragraph 6.

7. Methuen lacks sufficient information to either admit or deny the allegations contained within Paragraph 7 of the Complaint.

8. Methuen lacks sufficient information to either admit or deny the allegations contained within Paragraph 8 of the Complaint.

9. Methuen lacks sufficient information to either admit or deny the allegations contained within Paragraph 9 of the Complaint.

10. Methuen lacks sufficient information to either admit or deny the allegations contained within Paragraph 10 of the Complaint.

11-50  Methuen states that Paragraphs 11 through 50 apply to defendants other than Methuen and therefore no answer is required. Insofar as any answer is required, Methuen states that it lacks sufficient information to either admit or deny the allegations contained Paragraphs 11 through 50 of the Complaint.

51. Methuen admits the allegations contained in Paragraph 51.

52. Methuen admits the allegations contained in Paragraph 52.

53-71. Methuen states that Paragraphs 53 through 71 apply to defendants other than Methuen and therefore no answer is required. Insofar as any answer is required, Methuen states that it lacks sufficient information to either admit or deny the allegations contained Paragraphs 53 through 71 of the Complaint.

### IV. CLASS PLAINTIFFS

72. Methuen states that Paragraph 72 is a description of a class sought to be certified, to which no answer is required. Methuen denies the allegations contained in Paragraph 72 of the Complaint and calls upon the plaintiffs to prove the same.

73. Methuen lacks sufficient information to admit or deny the averments contained within Paragraph 73 of the Complaint.

74. Methuen states that Paragraph 74 is a conclusion of law to which no response is required. To the extent an answer is required, Methuen denies the allegations contained within Paragraph 74 of the Complaint.

75. Methuen states that Paragraph 75 is a conclusion of law to which no response is required. To the extent an answer is required, Methuen denies the allegations contained within Paragraph 75 of the Complaint.

### V. STATEMENT OF FACTS

76. Methuen admits that the plaintiffs Abel Cano and Charles Dejesus are employed as police officers for the City of Methuen. Methuen denies the remaining allegations contained within Paragraph 76 of the Complaint.

77. Methuen denies the allegations contained in Paragraph 77 of the Complaint.

78. Methuen admits it utilizes HRD's sergeant promotional examination but lacks sufficient knowledge to either admit or deny the remaining allegations contained within Paragraph 78 of the Complaint.

79. Methuen admits it is subject to the provisions of M.G.L. c. 31 but lacks sufficient knowledge to either admit or deny the remaining allegations contained within Paragraph 79 of the Complaint.

80. Methuen lacks sufficient information to admit or deny the allegations contained within Paragraph 80 of the Complaint.

81. Methuen states insofar as Paragraph 81 is directed to it, Methuen denies the allegations contained within Paragraph 81 of the Complaint.

82. Methuen states that Paragraph 82 is a conclusion of law to which no response is required. To the extent an answer is required, Methuen denies the allegations contained within Paragraph 82 of the Complaint.

83. Methuen states insofar as Paragraph 83 is directed to it, Methuen denies the allegations contained within Paragraph 81 of the Complaint.

84. Methuen states insofar as Paragraph 84 is directed to it, Methuen denies the allegations contained within Paragraph 84 of the Complaint.

85. Methuen states insofar as Paragraph 85 is directed to it, Methuen denies the allegations contained within Paragraph 85 of the Complaint.

86. Methuen states insofar as Paragraph 86 is directed to it, Methuen denies the allegations contained within Paragraph 86 of the Complaint.

87.     Methuen states insofar as Paragraph 87 is directed to it, Methuen denies the allegations contained within Paragraph 87 of the Complaint.

88.     Methuen states insofar as Paragraph 88 is directed to it, Methuen denies the allegations contained within Paragraph 88 of the Complaint.

## COUNT I

Methuen states that Count I is a conclusion of law to which no response is required. To the extent an answer is required, Methuen denies the allegations contained therein and calls upon the Plaintiffs to prove the same.

## COUNT II

Methuen states that Count II is a conclusion of law to which no response is required. To the extent an answer is required, Methuen denies the allegations contained therein and calls upon the Plaintiffs to prove the same.

**WHEREFORE**, the Methuen, City of Methuen and its Mayor, William M. Manzi, III request this matter be dismissed as against them and that they be awarded costs, interest and reasonable attorneys' fees.

In further answering the Methuen asserts the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint failed to state a claim against the Methuen upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the applicable Statutes of Limitations.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the doctrine of laches.

6

### FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs' lack standing to bring the within action.

### FIFTH AFFIRMATIVE DEFENSE

Methuen assert the within action is frivolous under Chapters 231, §6(f) of the Massachusetts General Laws.

### SIXTH AFFIRMATIVE DEFENSE

Methuen aver there is an insufficiency of process on the Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Methuen claims Qualified Immunity

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' have failed to exhaust their administrative remedies.

### NINTH AFFIRMATIVE DEFENSE

At all times, the Methuen acted in good faith reliance on constitutional, statutory, judicial or other legal authority.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by the jurisdictional doctrine of collateral estoppel and res judicata.

### ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred insofar as the Plaintiffs' consented to the actions of the Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

The City of Methuen and its Mayor state that the Plaintiffs' claims must fail since the Defendant did not deprive the Plaintiffs of a constitutionally protected liberty or property interest.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiffs have failed to allege any act in violation of M.G.L. c. 151B.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the Doctrine of Unclean Hands

### FIFTEENTH AFFIRMATIVE DEFENSE

The City of Methuen and its Mayor say that if the Plaintiff's incurred injuries or damages as alleged, such injuries or damages were caused by other for whose conduct the City of Methuen and its Mayor are not responsible.

### SIXTEENTH AFIRMATIVE DEFENSE

The Plaintiffs have not been damaged and are not persons aggrieved under M.G.L. c. 151B,

### JURY DEMAND

Methuen demands a trial by jury on all claims and issues so triable.

> DEFENDANT
> WILLIAM M. MANZI, III in his capacity as
> MAYOR OF THE CITY OF METHUEN,
> MASSACHUSETTS
> By their attorney
>
> /s/ _____
>
> Peter J. McQuillan, BBO# 340180
> Office of the City Solicitor
> 41 Pleasant Street, Room 311
> Methuen, MA  01844
> (978)-983-8575
> (978)-983-8981

**DATED:** February 3, 2009

## CERTIFICATE OF SERVICE

I, Peter J. McQuillan, attorney of record for the Methuen, hereby certify that I that this document filed through the ECF System will be send electronically to the registered participants as identified on the notice of Electronic Filing (MEF) and paper copies will be send to those indicated as non-registered participants this 3rd day of February, 2009.

_____
Peter J. McQuillan