# EXHIBIT A

**UNITED STATES DISTRICT COURT**

# DISTRICT OF MASSACHUSETTS

**************************************************

| | |
|---|---|
| PEDRO LOPEZ, ABEL CANO; KEVIN SLEDGE, | * |
| CHARLES DEJESUS, RICHARD BROOKS, | * |
| ROBERT ALVAREZ, MARISOL NOBREGA, | * |
| SPENCER TATUM, THE MASSACHUSETTS | * |
| HISPANIC LAW ENFORCEMENT ASSOCIATION, | * |
| SHUMEANE BENFORD, ANGELA WILLIAMS- | * |
| MITCHELL, GWENDOLYN BROWN, LYNETTE | * |
| PRAILEAU, TYRONE SMITH, EDDY CHRISPIN, | * |
| DAVID E. MELVIN, STEVEN MORGAN, WILLIAM | * |
| E. IRAOLO, JOSE LOZANO, COURTNEY A. | * |
| POWELL, JAMES L. BROWN, GEORGE CARDOZA, | * |
| LARRY ELLISON, DAVID SINGLETARY, | * |
| CHARISSE BRITTLE POWELL, CATHENINA D. | * |
| COOPER-PATERSON, MOLWYN SHAW, LAMONT | * |
| ANDERSON, GLORIA KINKEAD, KENNETH | * |
| GAINES, MURPHY GREGORY, JULIAN TURNER, | * |
| NEVA GRICE, DELORES E. FACEY, LISA VENUS, | * |
| RODNEY O. BEST, KAREN VANDYKE, ROBERT | * |
| C. YOUNG, ROYLINE LAMB, LYNN DAVIS, | * |
| JAMES A. JACKSON, JUAN ROSARIO, LOUIS | * |
| ROSARIO, JR., OBED ALMEYDA, DEVON | * |
| WILLIAMS, JULIO M. TOLEDO, INDIVIDUALLY | * |
| AND ON BEHALF  OF A CLASS OF INDIVIDUALS | * |
| SIMILARLY SITUATED, | * |
| | * |
| **Plaintiffs** | * |
| v. | * Civil Action No. 07-11693-JLT |
| | * |
| CITY OF LAWRENCE, MASSACHUSETTS, | * |
| CITY OF METHUEN, MASSACHUSETTS, | * |
| COMMONWEALTH OF MASSACHUSETTS, | * |
| PAUL DIETL, IN HIS CAPACITY AS PERSONNEL | * |
| ADMINISTRATOR FOR THE COMMONWEALTH | * |
| OF MASSACHUSETTS, HUMAN RESOURCES | * |
| DIVISION, JOHN MICHAEL SULLIVAN, IN HIS | * |
| CAPACITY AS MAYOR OF THE CITY OF | * |
| LAWRENCE, MASSACHUSETTS, | * |
| WILLIAM MANZI, III, IN HIS CAPACITY | * |
| AS MAYOR OF CITY OF METHUEN, | * |
| MASSACHUSETTS, CITY OF LOWELL, | * |
| MASSACHUSETTS, APPOINTING AUTHORITY | * |

2

**FOR THE CITY OF LOWELL, MASSACHUSETTS,**    *
**CITY OF WORCESTER, MASSACHUSETTS,**    *
**MICHAEL O'BRIEN IN HIS CAPACITY AS CITY**    *
**MANAGER FOR THE CITY OF WORCESTER,**    *
**MASSACHUSETTS, CITY OF BOSTON,**    *
**MASSACHUSETTS, CITY OF SPRINGFIELD,**    *
**MASSACHUSETTS, MAYOR DOMENIC SARNO,**    *
**JR. IN HIS CAPACITY AS MAYOR FOR THE CITY**    *
**OF SPRINGFIELD, MASSACHUSETTS BAY**    *
**TRANSPORTATION AUTHORITY, DANIEL**    *
**GRABAUSKAS IN HIS CAPACITY AS GENERAL**    *
**MANAGER, THE BOARD OF TRUSTEES OF THE**    *
**MASSACHUSETTS BAY TRANSCPORTATION**    *
**AUTHORITY,**    *
           **Defendants**    *
**************************************************

## PROTECTIVE ORDER

Upon submission of a Stipulation for Protective Order Regarding Confidentiality and Non-Disclosure, entered into between and among Plaintiffs Shumeane Benford, Angela Williams-Mitchell, Gwendolyn Brown, Lynette Praileau, Tyrone Smith, Eddy Chrispin, David E. Melvin, Steven Morgan, William E. Iraolo, Jose Lozano, Courtney A. Powell, James L. Brown, George Cardoza, Larry Ellison, David Singletary, Charisse Brittle-Powell, Cathenina D. Cooper-Paterson, Molwyn Shaw, Lamont Anderson, Gloria Kinkead, Kenneth Gaines, Murphy Gregory, Julian Turner, Neva Grice, Delores E. Facey, Lisa Venus, Rodney O. Best, Karen VanDyke, and Robert C. Young (the "Boston Plaintiffs"), Defendant City of Boston ("Boston"), and Defendant Commonwealth of Massachusetts, and Paul Dietl in his capacity as Human Resources Officer of the Human Resources Division (the "State Defendants"), and in accordance with the agreement embodied herein, the Court finds that the following order directing confidentiality is appropriate:

1.     This order is entered into in regard to the order of the Court dated May 20, 2008, under which the Defendant City of Boston ("Boston"), and other municipalities, are required to

3

produce to counsel for Plaintiffs and the Commonwealth of Massachusetts and Paul Dietl as Chief Human Resources Officer of the Human Resources Division (the "State Defendants") "(a) a complete copy of said plaintiff's personnel file or records, as maintained by the employing municipal police department; and (b) a complete copy of any file maintained by any internal affairs division of the municipality." The unregulated production of files maintained by the Boston Police Department's Internal Affairs Division ("Internal Affairs"), as well as other documents pertaining to investigations conducted by Internal Affairs, may harm the confidentiality and security of such investigations. The undersigned parties have indicated their willingness to address such concerns by means of entry of this Protective Order.

2.      Accordingly, it is hereby agreed and stipulated:

(a)      "Confidential" documents are defined to mean files maintained by Internal Affairs regarding one or more of the Boston Plaintiffs, and any other documents pertaining to investigations of one or more of the Boston Plaintiffs as conducted by Internal Affairs. Such documents shall be designated as confidential by stamping or marking the document at the time of production with the word "Confidential."

(b)      "Plaintiffs' counsel" is defined to mean counsel retained by the Boston Plaintiffs, and the associate attorneys, stenographic, clerical and paralegal employees of counsel necessary to assist in this litigation, and any actual or potential expert witnesses retained by the Boston Plaintiffs (collectively referred to as "Plaintiffs"), to assist in this litigation.

(c)      "State Defendants' counsel" is defined to mean counsel in the Office of the Attorney General Martha Coakley representing the State Defendants, and the associate attorneys, stenographic, clerical and paralegal employees of counsel necessary to assist in this litigation, and

any actual or potential expert witnesses retained by the State Defendants to assist in this litigation.

(d)     "This litigation" shall mean the above-captioned proceeding, and any appeals arising from or related to the above-captioned proceeding.

(e)     The confidential documents shall be retained in the custody of Plaintiffs' counsel and State Defendants' counsel during the pendency of this litigation.  The confidential documents, and copies of extracts thereof, shall be reviewed only by Plaintiffs' counsel, State Defendants' counsel, the Boston Plaintiffs, and any actual or potential expert witness of Plaintiffs or the State Defendants.  The confidential documents may be utilized by Plaintiffs' counsel, State Defendants' counsel, the Boston Plaintiffs, and any actual or potential expert witness of Plaintiffs or the State Defendants, for purposes of this litigation, and only for such purposes.   Any person eligible to review the confidential documents (i.e., Plaintiffs' counsel, the State Defendants' counsel, the Boston Plaintiffs, and any actual or potential expert witness of Plaintiffs or the State Defendants) shall be required to sign the form attached hereto as Exhibit A prior to any such review.  Plaintiffs' counsel and State Defendants' counsel shall further retain a list of persons reviewing confidential documents, a list of the documents and other information they were provided, and the date upon which such persons assigned the confidential documents.

(f)     All persons who have signed Exhibit A, as provided in paragraph (e) (i.e., Plaintiffs' counsel, the State Defendants' counsel, the Boston Plaintiffs, and any actual or potential expert witness of Plaintiffs or the State Defendants), may take or possess copies of the confidential documents, provided that the documents are not disclosed, in whole or in part, to any other person; they make no copies of the documents; and the documents are returned promptly to Plaintiffs' counsel or State Defendants' counsel once review of them is completed.  Plaintiffs' counsel, the

State Defendants' counsel, the Boston Plaintiffs, and any actual or potential expert witness of Plaintiffs or the State Defendants, further agree to make no use of the confidential documents or the information contained therein for any purpose except the present litigation.

(g)     Plaintiffs' counsel, the State Defendants' counsel, the Boston Plaintiffs, and any actual or potential expert witness of Plaintiffs or the State Defendants shall not reveal the contents or nature of the confidential documents to any person not listed in the preceding paragraph (e).

(h)     Plaintiffs' counsel, the State Defendants' counsel, the Boston Plaintiffs, and any actual or potential expert witness of Plaintiffs or the State Defendants agree to make no use of the confidential documents or the information contained therein for any purpose except for use in this litigation.

(i)     Promptly after the entry of a final judgment in this litigation (including appeals), Plaintiffs' counsel, the State Defendants' counsel, the Boston Plaintiffs, and any actual or potential expert witness of Plaintiffs or the State Defendants shall: (i) return to the undersigned counsel for Boston all documents produced pursuant to this stipulation; and (ii) destroy all notes, summaries, digests and synopses of the documents.  Notice of such destruction shall be given to undersigned counsel for Boston immediately thereafter.

(j)     Any documents designated as confidential herein may be used and marked at depositions; shown to the parties' expert witnesses, and to trial witnesses; shown to witnesses at depositions, provided that counsel for the party utilizing the document designated as confidential states on the record that the document is claimed to be confidential, and seeks to obtain the witness's agreement, on the record, to comply with the terms of this Stipulation and Protective Order; submitted in support of or in opposition to motions for summary judgment; and introduced as

exhibits at trial, subject to the rules of evidence and the right of all parties to make objections as appropriate.

(k)     To the extent confidential documents are filed prior to trial in this or any other court, or the substance thereof is revealed in papers in this or any other court or in the transcript of any court hearings or other proceedings, the party filing such materials, papers and/or transcripts shall file a Motion to Impound such confidential documents pursuant to Local Rule 7.2 of the United States District Court of the District of Massachusetts, and/or pursuant to similar procedures used by any other court.

(l)     In the event that the Court is required to rule on a claim of confidentiality, the particular documents or things that have been designated confidential shall be submitted to the Court for in camera  inspection.

(m)     The restrictions stated herein may be extended to additional documents by agreement of the parties, filed in Court without further notice.

(n)     By entering into this Protective Order, Boston does not waive any rights to object to production of documents on grounds other than confidentiality.

(o)     This Protective Order may be modified by stipulation of the parties without leave of the court or by order of the court after notice and motion.

Respectfully submitted,

SHUMEANE BENFORD, et al.,

By their Attorneys,

/s/Leah M. Barrault
Harold L. Lichten
B.B.O. #549689
Shannon Liss-Riordan
B.B.O. #640716
Leah M. Barrault
B.B.O. #661626
Pyle, Rome, Lichten, Ehrenberg &
Liss-Riordan, P.C.,
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated:   February 13, 2009

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,
and PAUL DIETL in his capacity as Human
Resources Officer of the Human Resources Division,

By their Attorneys,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/Robert L. Quinan, Jr.
B.B.O. #553010
Sookyoung Shin
B.B.O. #643713
Assistant Attorneys General
One Ashburton Place
Government Bureau
Boston, MA 02108-1598
(617) 727-2200, ext. 2554 (Quinan)
(617) 727-2200, ext. 2052 (Shin)

Dated:   February 13, 2009
Respectfully submitted,

CITY OF BOSTON,

By its attorneys,

WILLIAM F. SINNOTT
Corporation Counsel

/s/Robert P. Morris
Mary Jo Harris
B.B.O. #561484
Robert P. Morris
B.B.O. #546052
Special Assistant Corporation Counsel
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

Dated:  February 13, 2009



Approved and so Ordered:


_____
Tauro, J.

9

## EXHIBIT A

## DECLARATION

By my signature, I hereby acknowledge that I have read and understand the Stipulation for Protective Order Regarding Confidentiality and Non-Disclosure, and Protective Order, in Pedro Lopez, et al. v. Commonwealth of Massachusetts, et al., pending in the United States District Court for the District of Massachusetts, Civil Action No. 07-11693-JLT, and hereby agree to be bound by the terms thereof.


Dated:_____


_____
        [Signature]

Signatory's Name and Residence Address:

_____
_____
_____

Signatory's Business Address

_____
_____
_____

Then appeared before me, the above-subscribed _____, and acknowledged the foregoing to be his free act and deed.

Before me,

_____(seal)
Notary Public


My Commission Expires: