# EXHIBIT 1

RECEIVED OCT 18 2007    NOTIFY    10-N

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                        SUPERIOR COURT
                                                    No. 02-5569-H

ROBERT ST. PETER,

              Plaintiff,

v.

COMMONWEALTH OF MASSACHUSETTS,
PUBLIC EMPLOYEE RETIREMENT
ADMINISTRATION COMMISSION,

              Defendant.

*Denied. See Memorandum of Decision and Order.*

*Geraldine S. Hines*
*10/17/07*

Notice sent
10/17/2007
L. M. B.
H. L. L.
P. R. L. & E.
J. D. R.
(sc)

### DEFENDANT'S MOTION TO DISMISS COMPLAINT AS MOOT

This matter should be dismissed because the defendant has given the plaintiff all the relief to which he is entitled, as explained in the Memorandum in Support of Defendant's Motion to Dismiss Complaint as Moot, filed herewith.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS
PUBLIC EMPLOYEE RETIREMENT
ADMINISTRATION COMMISSION
By its attorney,

THOMAS F. REILLY
ATTORNEY GENERAL

*/s/ Juliana deHaan Rice*
Juliana deHaan Rice, BBO 564918
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, Room 2019
Boston, MA 02108
(617) 727-2200, ext. 2062

---

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand)
on 12/28/05
*/s/*

Date:   December 28, 2005

NOTIFY  /0.17

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT
                                                Civil Action No. 02-5569

Notice sent
10/17/2007
L. M. B.
H. L. L.
P. R. L. & E.
J. D. R.

(sc)

ROBERT ST. PETER,
Plaintiff

vs.

COMMONWEALTH OF MASSACHUSETTS,
PUBLIC EMPLOYEE RETIREMENT ADMINISTRATION COMMISSION
Defendants

### *MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS*

### Introduction

Robert St. Peter ("St. Peter"), a Boston police officer, brought this action against the Public Employee Retirement Administration Commission ("PERAC"), claiming that PERAC discriminated against him on the basis of his handicap when it disqualified him from returning to his position after knee replacement surgery. St. Peter's complaint seeks damages and injunctive relief pursuant to G.L. c. 151B and Article 114 of the Massachusetts Declaration of Rights. The complaint also seeks a declaration that he is entitled to return to his position as a Boston police officer. PERAC filed a motion to dismiss pursuant to Rule 12(b)(1), Mass. R. Civ. P., arguing that G.L. c. 151B does not apply in the circumstances of this case and that sovereign immunity precludes the damages claim brought pursuant to Article 114 of the Massachusetts Declaration of Rights.[1] For the reasons discussed below, the motion to dismiss is **DENIED**.

---

[1] PERAC also argues that the case is moot as to the equitable relief sought by the plaintiff. I do not consider this argument inasmuch as plaintiff does not dispute the point.

## BACKGROUND

St. Peter is a Boston police officer. In 2000, after working as a police officer for approximately 20 years, St. Peter took a disability retirement after injuring both of his knees. St. Peter fully recovered function in both knees after successful knee replacement surgery and in 2001, he petitioned PERAC pursuant to G. L. C. 32, § 8 to order his reinstatement to the position from which he retired. PERAC denied the petition. In denying the petition, PERAC acted in accordance with its policy automatically disqualifying any police officer who, like St Peter, had undergone total knee replacement surgery. Thereafter, St. Peter filed this action challenging the automatic disqualification as unlawful discrimination under G.L. c. 151B and Article 114 of the Massachusetts Declaration of Rights.

In 2005, subsequent to commencement of this action, PERAC amended its policy to permit the return to service of police officers who had undergone knee replacement surgery. This amendment allowed St. Peter to seek reinstatement through the medical restoration process set forth in G.L. c. 32, §8. On October 12, 2005, PERAC approved St. Peter's application for reinstatement afer a medical panel found St. Peter able to perform essential duties of his job. PERAC then ordered that St. Peter be returned to the next available sergeant's position in the Boston Police Department. Having won his claim for injunctive relief, St. Peter now seeks to prosecute his claim for damages recoverable for the period from 2002 to 2005 during which PERAC precluded his reinstatement to his position.

## DISCUSSION

PERAC asserts two grounds in support of its argument that St. Peter's complaint for damages should be dismissed: 1) G.L. c. 151B does not apply in circumstances where PERAC has never been St. Peter's employer; and 2) Article 114 of the Massachusetts Declaration of

2

Rights does not abrogate the Commonwealth's sovereign immunity from suits for damages. I consider each of these arguments in turn.

A.  Claim Under G.L. c. 151B

PERAC argues that the definition of "employer" under c. 151B is limited to the common law definition which does not apply here. PERAC relies primarily on Comey v. Hill, 387 Mass. 11 (1982), and Harvard Law School Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66 (1992). Both cases, however, address issues distinguishable from the one before this Court. Comey deals with distinctions between an employee and an independent contractor, while Harvard Law School Coalition discusses a difference between an applicant for admission to a school and an employee. In both cases, the Supreme Judicial Court considered a definition of an "employee" rather than that of an "employer."

Federal cases interpreting Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq. (1988), are instructive in an analysis of c. 151B. Harvard Law School Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66, 69 n.3 (1992)[2]. For purposes of Title VII, an agency administering employee benefits was an "employer" if it "exercised control over an important aspect of employment." Carparts Distribution Center, Inc. v. Automotive Wholesaler's Ass'n of New England, Inc., 37 F.3d 12, 17 (1st Cir. 1994). An agency that exists solely for the purpose of enabling other entities to delegate their responsibility to provide benefits to their employees is "so intertwined with those entities that it must be deemed an employer" for purposes of anti-discrimination law. Id.

---

[2] In its supplemental memorandum, PERAC points out two cases decided by Supreme Judicial Court, College-Town, Inc. v. MCAD, 400 Mass. 156 (1987) and Mass. Elec. Co. v. MCAD, 375 Mass. 160 (1978), where the Court declined to extend Title VII analysis to c. 151B. In both cases, however, the Court interpreted c. 151B as providing broader protection than Title VII.

3

In Bradley v. City of Lynn, 403 F.Supp.2d 161 (D.Mass. 2005), the Human Resources Division of the Commonwealth of Massachusetts ("HRD") did not exercise any control over the manner and means of an employee's performance, thus it was not acting as an employer in a traditional common law sense. However, HRD was an "employer" of municipal firefighters within the meaning of Title VII, where HRD acted as a hiring party in determining eligibility of candidates for municipal firefighter positions. Id. at 169. In making its decision, the Bradley Court emphasized that municipalities were not free to make their own decisions about hiring municipal firefighters and police officers; their role was reduced to approval of candidates from the list provided by HRD in the order dictated by HRD. Id. The Court found hiring to be an important aspect of employment and held HRD to be an "employer" for Title VII purposes. Id.

As in Bradley, PERAC had exclusive control over all decisions regarding St. Peter's disability benefits, including reinstatement after recovery from a disability. When PERAC determined an employee to be fit to return to duty, the City of Boston was not free to make its own decision regarding the reinstatement. Disability and retirement benefits are important aspects of employment. See Barone v. Hackett, 602 F.Supp. 481, 483 (D.R.I.1984) (holding an agency administering employee disability benefits to be an employer within the meaning of Title VII). Just like the defendant in Carparts, PERAC exists for the sole purpose of allowing traditional employers – in this case, municipalities – to delegate the task of administering retirement benefits to their employees. Thus, according to the reasoning in Carparts and Bradley, PERAC was St. Peter's employer with respect to disability retirement.

Such a conclusion is logical in light of the clear legislative intent that c. 151B be "liberally construed for the accomplishment of its purposes." G.L. c. 151B, §9. The "clear purpose" for enacting Chapter 151B was to "implement the right to equal treatment guaranteed

4

to all citizens by the constitution[ ] of the ... Commonwealth." Charland v. Muzi Motors, Inc., 417 Mass. 580, 582 (1994), quoting Katz v. Massachusetts Comm'n Against Discrimination, 365 Mass. 357, 368 (1974). Interpreting the statute to exclude entities like PERAC from the definition of "employer" would be inconsistent with this "clear purpose." Such interpretation would create a loophole allowing public and private employers to escape implications of the anti-discrimination law by delegating their employment-related decisions to other entities. The Legislature could not have intended such a result. Accordingly, PERAC's motion to dismiss St. Peter's claim under c. 151B is denied.

B.   Direct Cause of Action Under Article 114

As this Court finds that St. Peter may proceed on his c. 151B claim against PERAC, it is not necessary to discuss whether a direct claim under Article 114 would allow for monetary damages against the Commonwealth or its agency. "If a violation of Article 114 rights can be redressed within the ambit of an existing statute such as the State Civil Rights Act, there is a well-worn procedural path to relief for such a violation." Layne v. Superintendent of Massachusetts Correctional Institution, 406 Mass. 156, 160 (1989). According to this principle, courts have declined to create a direct cause of action under Article 114 for employment discrimination claims. Dolan v. Boston Const. Group Co., Civil No. 924947 (Suffolk Super. Ct. Nov. 9, 1994) (Garsh, J), quoting Grubba v. Bay State Abrasives, 803 F.2d 746, 748 (1st Cir.1986) (no direct cause of action under Article 114 should be implied where there is a "fully adequate procedural vehicle" to redress handicap discrimination); Conway v. Boston Edison Co., 745 F.Supp. 773, 779 ("Because ch. 151B supplies a fully adequate procedure to redress handicap discrimination by an employer, it precludes a right of action arising directly under the

5

constitution"). Thus, this Court does not reach the issue of whether monetary awards against the Commonwealth may be allowed in actions under Article 114.

## ORDER

For the foregoing reasons, Defendant's motion to dismiss is **DENIED**.

10/17/07
DATE

*Geraldine S. Hines*
Geraldine S. Hines
Justice Superior Court