UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LAWRENCE, MASSACHUSETTS, et al., <br><br> Defendants. | CIVIL ACTION <br> NO. 07-11693-JLT |

## STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' <br> MOTION TO COMPEL PRODUCTION OF NEWLY COMPILED DATA

State defendants, the Commonwealth of Massachusetts and Paul Dietl in his capacity as Human Resources Officer of the Human Resources Division ("HRD"), hereby oppose "Plaintiffs' Motion to Compel the State Defendants to Produce Newly Compiled Data."  The information sought by plaintiffs – an analysis of recent testing data performed by a non-testifying expert – is outside the scope of permissible discovery in this case in that it constitutes analytical information concerning a police sergeants' examination administered *after* the filing of this lawsuit (in October 2008) and which has never been made part of this case.  The Joint Proposed Order on Document Discovery, negotiated by the parties and entered by this Court on May 20, 2008, explicitly limits discovery to the 2003, 2004, 2005, 2006, and 2007 police sergeants' exams.  Even if information concerning the 2008 exam were subject to the Joint Proposed Order on Document Discovery, which it plainly is not, the information requested by plaintiffs concerning the reliability of the 2008 exam is protected from disclosure under the work product doctrine and the federal discovery rules protecting disclosure of facts and opinions held by non-

testifying experts.  The reliability analysis sought by plaintiffs was performed by EB Jacobs, a nationally-recognized testing consulting firm, at the request of HRD's legal department in anticipation of litigation challenging the 2008 exam.  As such, this Court should deny Plaintiffs' Motion to Compel Production of Newly Compiled Data.

**RELEVANT FACTS**

In this case, the plaintiffs challenge the police sergeant promotional examinations administered by HRD in 2005, 2006, and 2007.  Sixth Amended Complaint, Docket # 110-2.   In October 2008, HRD administered the most recent sergeant promotional examination (which is given on an annual basis).  EB Jacobs, a national consulting firm specializing in personnel performance measurement, research, design and analysis of personnel selection methods, and test development and validation, provided services to HRD in the development of the 2008 police sergeant promotional examination.  See Affidavit of Rick Jacobs, Ph.D. ("Jacobs Aff.") ¶ 6 (attached as Exhibit E to Plaintiff's Motion to Compel).[1]  In connection with that exam, EB Jacobs recommended that HRD establish score bands in connection with the candidates' test results.  Jacobs Aff. ¶ 7.  A "score band" is a statistically derived confidence range that is applied to examination results.  Id.  On or about February 12, 2009, Sally McNeely, Director of Policy and Talent Management at HRD, sent a memorandum to the municipal police departments that participated in the 2008 exam to inform them that "after a careful analysis and much guidance by our expert testing consultant, EB Jacobs, our office has established the passing points for the written component of the 2008 Police Promotional Sergeant … examination[], and is issuing the

---

[1]   Dr. Jacobs provided this affidavit on behalf of HRD in connection with another lawsuit instigated by plaintiffs' counsel and currently pending in the Massachusetts Superior Court challenging the banding of test scores in police promotional exams.

exam results in score bands."  <u>See</u> Exhibit A to Plaintiff's Motion to Compel.  The memorandum

further informed the municipalities that the "passing points, as well as score bands, for this

examination series, were recommended by HRD's experts, based on statistical measurement of

reliability of the exam performance of the candidates."  <u>See id</u>.  On February 13, 2009, HRD

mailed the test results to the candidates who participated in the October 2008 sergeant's

examination.  <u>See</u> Exhibit B to Plaintiff's Motion to Compel.

On March 2, 2009, counsel for the plaintiffs sent an email to counsel for HRD

referencing the February 12, 2009, memorandum and requesting a copy of "that reliability

analysis."  Exhibit C to Plaintiffs' Motion to Compel.  Plaintiffs' counsel claimed erroneously

that paragraphs 16-20 of the Joint Proposed Order on Discovery signed and entered by the Court

on May 20, 2008 (Docket # 81), entitled plaintiffs to the information.  <u>See id.</u>  On March 20,

2009, counsel for HRD responded to plaintiffs' counsel indicating that the only written discovery

the parties are entitled to in this case are the items specified in the May 20, 2008 Document

Discovery Order relating to examinations administered by HRD between 2003 and 2007.  <u>See</u>

Exhibit D to Plaintiff's Motion to Compel.  Because the information requested relates only to

(and, in fact, postdates) the police promotional exam administered in October 2008, plaintiffs are

not entitled to the information.  <u>See id.</u> (and Docket # 81).  HRD's counsel also informed

plaintiffs' counsel that "all of the responsive documents in HRD's possession" are protected

from disclosure by the attorney-client privilege and/or the work product doctrine.  <u>See id.</u>

Plaintiffs' Motion to Compel followed.

## ARGUMENT

I.    **PLAINTIFFS ARE NOT ENTITLED TO INFORMATION CONCERNING THE 2008 SERGEANT'S EXAMINATION BECAUSE IT IS OUTSIDE THE SCOPE OF THIS COURT'S DISCOVERY ORDER AND IT IS NOT RELEVANT TO THE CLAIMS IN THIS CASE.**

Fed. R. Civ. P. 26(b)(1) concerning the scope of discovery provides, in relevant part, that "[u]nless otherwise limited by court order, … parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  (emphasis added).  Here, the parties undertook to limit discovery by drafting and negotiating a detailed "Joint Proposed Order on Document Discovery" (hereinafter the "Discovery Order") which was entered by the Court on May 20, 2008.  The Discovery Order explicitly limits discovery to the police sergeants' exams administered from 2003 until 2007.  See Discovery Order, Docket # 81.  The "validation study" sought by plaintiffs solely concerns the 2008 sergeants' examination.  Under the terms of this Court's discovery order, plaintiffs are not entitled to that information.

Moreover, as conceded by plaintiffs in their motion papers, this information is also not relevant to plaintiffs' claims in this case.  Plaintiffs have not challenged the 2008 sergeant's promotional examination.  See Plaintiffs' Mem. in Support of Motion to Compel, Docket # 170, at 2 n.1 & 3.  Plaintiffs suggest that because the 2008 exam followed the "same format . . . as that used in previous years" (namely, a multiple choice written test), the reliability of the 2008 exam is necessarily related to the reliability of previous exams.  See id. at 2-3, 6.  That is not the case.  As plaintiffs' memorandum itself states, reliability is a statistical measurement which assesses whether there are any statistically meaningful differences between point scores on a particular test.  See id. at 2.  The reliability of one test (the statistical differences between points scored) is thus only relevant to that particular test.  Consisting as it did of an entirely new set of

4

questions, the exam administered in October 2008 was a different exam than those administered in 2007, or 2006, or any of the previous years.  That the most recent exam might follow a similar format –multiple choice questions – is only one of several factors influencing the reliability analysis of the given exam.   Any information regarding the reliability analysis of the 2008 sergeants' promotional exam is not "relevant" to the claims or defenses in this case, which revolve exclusively around prior year exams.  See Fed. R. Civ. P. 26(b)(1).

While the federal discovery rules allow for "broad discovery," they are not limitless.  The discovery rules contemplate that a court, as this Court did here, can limit discovery by court order.   See Fed. R. Civ. P. 26(b)(1).   And in the absence of a court order, discovery is limited to " any nonprivileged matter that is relevant to any party's claim or defense."  Id.  It is well settled that discovery is not to be used as a fishing expedition to look for potential causes of action. E.g., McCloskey v. Mueller, 446 F.3d 262, 271 (1st Cir. 2006) ("plaintiffs should not be permitted to conduct fishing expeditions in hopes of discovering claims that they do not know they have.").[2]  The information requested by Plaintiffs is outside the scope of the May 20, 2008, Discovery Order and clearly not relevant to the claims in this case.

## II.    THE INFORMATION REQUESTED IS PROTECTED FROM DISCLOSURE BY THE WORK PRODUCT DOCTRINE BECAUSE IT CONCERNS THE WORK OF A NON-TESTIFYING EXPERT.

The information requested by plaintiffs is also protected from disclosure under the work-product doctrine.  Fed. R. Civ. P. 26(b)(3)(A) provides, in relevant part, as follows:

> a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative

---

[2]   Counsel for Plaintiffs is involved in another lawsuit pending in the Massachusetts Superior Court specifically challenging the banding of the scores of the 2008 promotional exam.  It is likely that counsel seeks this information to use in that other litigation.

(including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).

The reliability analysis at issue here was prepared by EB Jacobs at the request of HRD's legal department.  Given the existence of this litigation challenging the 2005, 2006, and 2007 police sergeants' promotional exams and the numerous civil-service appeals filed each year as a result of the promotional exams, HRD's legal department reasonably anticipated that litigation would be filed challenging the 2008 exam.  In fact, on February 18, 2009, numerous appeals were filed with the Massachusetts Civil Service Commission challenging the score banding of the 2008 exam.  Further, on March 27, 2009, several candidates who had taken the 2008 promotional exams, plus the Boston Police Patrolmen's Association and the Massachusetts Coalition of Police, AFL-CIO, filed a lawsuit in state court against HRD challenging the scoring of the 2008 exam.  See Pratt, et al. v. Dietl, et al., Suffolk Superior Court no. 2009-01254-E.  Because of the direct connection between the reliability analysis now at issue and this state court litigation, the information the plaintiffs seek here constitutes work product and is protected from disclosure.

Rule 26(b)(3)(A)(i) and (ii) permit privileged materials to be discovered only if they are discoverable under Rule 26(b)(1) and "the party shows that it has a substantial need for the materials to prepare its case."   Fed. R. Civ. P. 26(b)(3)(A)(i).  As discussed in Section I above, the information requested is not discoverable under Fed. R. Civ. P. 26(b)(1) and plaintiffs do not have a substantial need for this information because the requested information does not relate to the claims in this case, which concern only examinations administered prior to 2008.

Additionally, the information requested is protected from disclosure because it concerns the opinions of a non-testifying expert retained in anticipation of litigation.  See In re Polymedica Corp. Securities Lit., 235 F.R.D. 28, 30 (D. Mass. 2006) ("The protection afforded non-testifying

experts is distinct from the work-product doctrine and the attorney-client privilege") (citing Fed. R. Civ. P. 26, 1970 advisory committee's notes).  Dr. Rick Jacobs has not been retained by the state defendants as a testifying expert in this case.  As such, his work product is protected from discovery.  See Fed. R. Civ. P. 26(b)(4)(B) (unless there are exceptional circumstances, a party may not "discover facts or opinions held by an expert who was retained or specially employed . . . in anticipation of litigation . . . and who is not expected to be called as a witness at trial."); Santos v. Rando Machine Corp., 151 F.R.D. 19, 21 (D. R.I. 1993) (expert retained by worker's compensation insurer to investigate industrial accident was retained in anticipation of litigation precluding employee from taking deposition).  Moreover, even though Rick Jacobs was not specifically retained in connection with this case, "the work-product doctrine applies to litigation other than that anticipated if the litigation is sufficiently related."   In re Polymedica Corp. Securities Lit., 235 F.R.D. at 32 (facts and opinions held by accounting firm protected from disclosure under Rule 26(b)(4)(B) because it was a non-testifying expert retained by counsel for the purpose of investigating and evaluating business practices of the client in connection with a potential government investigation).  Because plaintiffs are not able to show any exceptional circumstance which would entitle them to the reliability analysis they have requested, EB Jacobs' analysis is also protected from disclosure under  Rule 26(b)(4)(B).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Plaintiffs' Motion to Compel State

Defendant to Produce Newly Compiled Data.

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,
and PAUL DIETL, in his capacity as Human
Resources Officer of the Human Resources
Division,

By their attorney,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/ Iraida J. Álvarez
Robert L. Quinan, Jr., BBO #553010
Iraida J. Álvarez, BBO #647521
Assistant Attorneys General
One Ashburton Place
Government Bureau
Boston, MA  02108-1598
(617) 727-2200

## <u>CERTIFICATE OF SERVICE</u>

     I, Iraida J. Álvarez, certify that on April 29, 2009, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

<u>/s/ Iraida J. Álvarez</u>
Iraida J. Álvarez
