UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEDRO LOPEZ, et al.,

                  Plaintiffs,

    v.

CITY OF LAWRENCE, et al.,

                  Defendants.

CIVIL ACTION
NO. 07-11693-JLT

**STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL**

      The State defendants, Commonwealth of Massachusetts and Paul Dietl, in his capacity as Chief Human Resources Officer of the Human Resources Division, move this Court to stay all proceedings against them until the First Circuit resolves their interlocutory appeal. The grounds for this motion are as follows:

      1.      On May 4, 2009, the State defendants filed a notice of appeal (Paper No. 174) from that portion of the Court's April 7, 2009 order that denied their motion to dismiss the complaint against them under the Eleventh Amendment.

      2.      "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 59 (1982). Here, the question to be decided by the First Circuit is whether the State defendants are entitled to immunity from suit under the Eleventh Amendment. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (authorizing interlocutory appeal by States and state entities from denial of Eleventh Amendment immunity). Thus, whether plaintiffs' claims should proceed to trial is precisely the "aspect[] of the case"

over which this Court now lacks jurisdiction, as that is the issue "involved in the [pending] appeal." Griggs, 459 U.S. at 59.

3.   The courts of appeals have uniformly endorsed this approach, agreeing that where, as here, the appeal is from a denial of an immunity defense, the district court is divested "of jurisdiction to proceed with any part of the action against an appealing defendant." Stewart v. Donges, 915 F.2d 572, 576 (10th Cir. 1990); accord, e.g., Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1252 (11th Cir. 2004); Williams v. Brooks, 996 F.2d 728, 729-30 (5th Cir. 1993); Princz v. Federal Republic of Germany, 998 F.2d 1, 1 (D.C. Cir. 1993); Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992); Apostol v. Gallion, 870 F.2d 1335, 1338 (7th Cir. 1989). The rationale of these decisions is that proceeding to trial would destroy the rights created by the asserted immunity. In other words, "[i]t makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one." Apostol, 870 F.2d at 1338.

4.   While not speaking expressly in jurisdictional terms, the First Circuit invoked the same rationale in Hegarty v. Somerset County, 25 F.3d 17, 18 (1st Cir. 1994). In that case five police officers took an interlocutory appeal from a denial of qualified immunity and asked the district court to stay discovery while the appeals were pending. Id. at 17-18. The district court denied the request on grounds of judicial economy, but the First Circuit reversed, explaining that "[a] qualified immunity defense is an immunity from suit and the rationale for allowing an immediate appeal from the denial of qualified immunity is that the immunity from suit is effectively lost if a case is erroneously permitted to go to trial." Id. at 18. Thus, "because immunity from suit includes protection from the burdens of discovery," the district court could not compel the officers to comply with discovery "[u]ntil [the] threshold immunity question [was] resolved." Id.

5.	Likewise, here, the Court cannot proceed with any part of this action as to the State defendants until the immunity question is resolved on appeal.  Were the First Circuit to find the immunity defense to be valid, the State defendants would be entitled not to stand trial or to face any other burdens of litigation.  Puerto Rico Aqueduct, 506 U.S. at 144-47.  Accordingly, until the appeal is resolved, this Court has no jurisdiction to proceed against the State defendants and must therefore grant this motion to stay proceedings pending the appeal.

6.	In addition to staying proceedings against the State defendants, this Court should likewise stay proceedings against all other defendants until the appeal is resolved.  It would be potentially prejudicial and illogical for a trial to proceed solely against the non-State defendants prior to the appellate court's ruling.  Such a trial could prove highly wasteful and inefficient for all concerned, including this Court, should the First Circuit ultimately determine that the State defendants must stand trial.  See K.M. v. Alabama Dep't of Youth Servs., 209 F.R.D. 493, 495 (M.D. Ala. 2002), aff'd by unpublished decision 73 Fed. Appx. 386 (11th Cir. 2003) (stay of trial entered as to defendants not taking interlocutory appeal; "the court refuses to order these claims to proceed to trial because of the danger of wasting judicial resources through piecemeal litigation, which far outweighs any advantage for any of the parties").

7.	For these reasons the State defendants respectfully request that this motion to stay proceedings pending appeal be granted.  A proposed form of order is attached as Exhibit A.

                                      Respectfully submitted,

                                      COMMONWEALTH OF MASSACHUSETTS and PAUL DIETL, in his capacity as Chief Human Resources Officer of the Human Resources Division,

                                      By their attorney,

                                      MARTHA COAKLEY
                                    ATTORNEY GENERAL

                                    /s/ Sookyoung Shin
                                    Sookyoung Shin, BBO # 643713
                                    Assistant Attorney General
                                    One Ashburton Place, Room 2019
                                    Boston, MA 02108-1698
Dated: May 8, 2009                (617) 963-2052

## CERTIFICATION UNDER L.R. 7.1(A)(2)

I hereby certify that counsel for the State defendants has conferred with counsel for the plaintiffs and attempted in good faith to resolve or narrow the issues presented herein.

                                    /s/ Sookyoung Shin
                                    Sookyoung Shin, BBO # 643713
                                    Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that the above document will be served on May 8, 2009, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

                                    /s/ Sookyoung Shin
                                    Sookyoung Shin, BBO # 643713
                                    Assistant Attorney General