**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Pedro Lopez, et al.,<br><br>                        Plaintiffs,<br><br>v.<br><br>City of Lawrence, et al.,<br><br>                        Defendants. | CIVIL ACTION<br>NO. 07-11693-JLT |

**PLANTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDS:**

**I.   INTRODUCTION:**

Having now been unsuccessful on several dispositive motions which it filed, and now with trial scheduled soon, the Commonwealth has purported to file an interlocutory appeal based upon 11th Amendment immunity and has argued that this filing deprives this Court of jurisdiction to proceed further.

As described herein, the Commonwealth's Motion borders on the frivolous for two critical reasons: 1) plaintiffs seek significant injunctive relief correcting and remedying the Commonwealth's administration of discriminatory examinations, and thus 11th Amendment immunity is simply inapplicable to claims for injunctive relief, and, 2) the law is clear beyond doubt that Congress has waived 11th +- Amendment immunity for states who are subject to actions brought under Title VII of the Civil Rights Act.

Because the Supreme Court has made clear that a stay pending appeal of the denial of 11th Amendment immunity is not permitted where the complaint seeks "injunctive" relief, and because the District Court is required to make a preliminary analysis as to whether or not the interlocutory appeal is "patently meritless", the Court should deny the requested stay.[1]

## II. WHERE AN ACTION SEEKS INJUNCTIVE RELIEF, THE 11TH AMENDMENT DOES NOT CONFER A GRANT OF IMMUNITY ON THE STATE:

In this lawsuit, the Plaintiffs primarily seek injunctive relief remedying and correcting the effects of the discriminatory promotional exams created and administered by HRD over the last several years. (See Plaintiff's Sixth Amended Complaint at pp. 13 – 14.) If the Plaintiffs are successful, they will seek several forms of injunctive relief similar, but not identical, to the injunctive relief granted by Judge Saris in <u>Bradley v. City of Lynn</u> 443 F. Sup. 2nd 145 (D. Mass. 2006) (Final injunctive order as attached hereto as Exhibit A. See also <u>Massachusetts Association of African-American Police Officers v. City of Boston</u> 973 F. Supp. 2nd 18, 19 – 21 (1st Cir. 1992).) While Plaintiffs will also seek back pay and benefits as ancillary relief to the injunctive remedy, monetary damages are not the primary focus of the case.[2] Since the Commonwealth has been defending discriminatory entry level and promotional police and fire exams for over 30 years and has itself has agreed to several consent decrees, it is obviously aware that

---

[1] At the same time, Plaintiffs will be filing a Motion to Dismiss the Interlocutory Appeal in the 1st Circuit. The arguments will be essentially the same.
[2] Indeed, in their initial Motion to Dismiss, the Commonwealth correctly pointed out that the 11th Amendment bars state law claims for damages against the State in Federal Court. Plaintiffs agreed with this legal analysis, and refiled their state law Ch. 151B claims in state court.

injunctive relief would be a primary component of the remedies sought by Plaintiffs. <u>Castro v. Beecher</u> 679 F. 2nd 956 (1st Cir. 1982), <u>Massachusetts Association of African-Americans v. City of Boston</u>, *supra*, <u>Bradley v. City of Lynn</u>, *supra.*

The United States Supreme Court has made clear that even where Congress has not abrogated a state's 11th Amendment immunity from a federal discrimination statute, such immunity does not bar an action to "enjoin state officials to conform their…conduct to the requirements of federal law" See <u>Garrett v. University of Alabama</u> 531 U.S. 35, 368 (2001), <u>Kimel v. Florida Board of Regents</u> 508 U.S. 62, 80 (2000), <u>Mullins v. Department of Labor,</u> 2009 WL 1059208 (D. Puerto Rico 2009). (In light of Supreme Court precedent, actions seeking money damages under the ADA and ADEA will not be dismissed to the extent that the action seeks equitable relief). Furthermore, the law is clear that actions seeking instatement or reinstatement are considered claims for equitable relief, which are not barred by 11th Amendment immunity. Thus in <u>Garrett v. University of Alabama</u>, the court stated;

> Our holding here that Congress did not validly abrogate the states' sovereign immunity from suit by private individuals for money damages under Title I does not mean that persons with disabilities have no federal recourse against discrimination. … Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief.

Id at section 9  See also Neal v. East Tennesee State University
2008 WL 4065933 (E.D. Tenn. 2008)

Ironically, the very cases which the Commonwealth relies on in its Motion for Stay support the Plaintiffs' position here that a stay is not permitted when injunctive relief constitutes part of Plaintiffs' claims. For example the Commonwealth relies on Hegarty v. Somerset County 25 F.3rd. 17, 18 (1st Cir. 1994) for the proposition that where the court denies qualified immunity, it is error for the District Court not to stay proceedings pending appeal. Yet Hegerty was an action solely for monetary damages and the First Circuit. properly pointed out that:

> We also point out that the underlying case is one for monetary damages only and does not request injunctive relief, as to which a defense of qualified immunity is immaterial. cf. Lugo v. Alvarado 8 19 F. 2nd 5 (1st Cir. 1987)(concluding that equitable claims stand on a different footing than damage claims…).

Id. at 18. In short, the defendants' request for a stay must be denied because it is patently meritless. As the Commonwealth itself says in its Motion, the granting of a stay pending appeal is necessary where the claim is for damages only because "whether Plaintiffs' claims should proceed to trial is precisely the aspect of the case over which this Court now lacks jurisdiction" (See Commonwealth's motion at pp 1-2). Yet, where a significant part of the case is for injunctive relief as is here, even if there were 11th Amendment immunity (which there is not as discussed below) over Plaintiffs' claims for back pay and benefits under Title VII, there is still going to be a trial before this court on whether or not the examinations at issue here are discriminatory, and whether the Commonwealth must remedy those unlawful acts. Thus, it is not a question of "jurisdiction" at all,

but simply a question about whether Plaintiffs will be limited to injunctive relief or can proceed with their back pay claims.  Therefore the very purpose for granting a stay pending an interlocutory appeal from the denial sovereign immunity simply does not exist. This point alone requires the motion to be denied. Since trial will occur anyway, the question of whether or not damages may be awarded by the Court on remedy (in the form of back pay and benefits) is an issue which can be appealed by the Commonwealth in due course, especially in this case where the court has bifurcated the trial on liability from any trial on damages. (See this court's order of June 8, 2008.)

**III.     BECAUSE THE LAW IS CLEAR THAT THE COMMONWEALTH IS SUBJECT TO LIABILITY UNDER TITLE VII AND BECAUSE THE ISSUE RAISED BY THE COMMONWEALTH IS NOT ONE THAT CAN BE DECIDED AS A MATTER OF LAW, THE REQUEST FOR STAY PENDING INTERLOCUTORY APPEAL MUST BE DENIED**:

In its motion for summary judgment, the Commonwealth spent only a few pages arguing that even if it were held to be an employer for Title VII purposes under the facts of this case, there was no clear intent by Congress to waive the state's immunity for this type of case where the state is designing and administering a promotional exam that is discriminatory.  With all due respect this argument lacks any merit. First, it is simply beyond dispute that acting pursuant to Section 5 of the 14th Amendment, Congress specifically intended to waive a state's sovereign immunity when it is sued for race discrimination under Title VII of the Civil Rights Act of 1964.  See In Re: Employment Discrimination Against the State of Alabama 198 F.3rd 1305 (11th Cir. 1999). (Noting that in Fitzpatrick v.

5

Bitzer 427 US 445, 449 (1976), Supreme Court specifically noted that Congress had expressly waived a state's 11th Amendment immunity for violations of the race discrimination provisions of Title VII). While this should be dispositive of the Commonwealth's interlocutory appeal, it appears to make a more refined argument that given the type of case at issue here – the Commonwealth creating and administering promotional exams which have a disparate impact – Congress did not expressively waive the sovereign immunity of the states. The short answer to this question is that the 11th Cir. specifically held in In Re: Employment Discrimination Litigation against the State of Alabama *supra* that disparate impact – promotional and entry level examination claims can be brought against a state under Title VII and that the abrogation of 11th Amendment immunity is no different for the state in such instances then are claims for intentional discrimination. Id at 1317-1320. Indeed, the Commonwealth cites no case in its brief, and Plaintiffs can locate no case, which stands for the proposition that for some race discrimination cases under Title VII, Congress did not abrogate a state's sovereign immunity.

In addition, as Plaintiffs pointed out in their Opposition to the Commonwealth's Motion for Summary Judgment, the question of who is an employer for Title VII purposes is at best a mixed question of fact and law, and the Plaintiffs presented overwhelming and persuasive evidence as to why under the facts of this case the Commonwealth was an employer for Title VII purposes and should be treated as such. They relied in significant part upon the detailed

findings made by Judge Saris in <u>Bradley v. City of Lynn</u> 403 F. Sup. 2nd 161 (D. Mass. 2005).

This Circuit has made clear that where the question of whether immunity applies requires factual findings and those findings are disputed, it is not appropriate to stay litigation and trial of a case pending appeal to the First Circuit. This issue was extensively analyzed in <u>Rivera – Torres v. Ortiz Valez</u> 341 F.3rd 86 (1st Cir. 2003). There the First Circuit, relying on the Supreme Court decisions of <u>Griggs v. Provident Consumer Discount Company</u> 459 U.S. 56, 58 (1982), and <u>Mitchell v. Forsyth</u> 472 U.S. 511 (1985), delineated three exceptions to the automatic divestiture of jurisdiction when an interlocutory immunity appeal is filed. First, the Court made clear the claim of immunity must "turn on an issue of law". Thus, where the question of immunity may turn on an "unresolved issue of material fact" it is not immediately appealable. <u>Rivera – Torres</u> *supra* at 95. See also <u>Stella v. Kelley</u> 63 F.3rd 71, 74 (1st Cir. 1995) ("a District Court's…rejection of a qualified immunity defense is not immediately appealable to the extent that it turns on either an issue of fact or an issue perceived by the trial court to be an issue of fact").

Second, filing of such interlocutory appeal confers jurisdiction on the Court of Appeals and divests the District Court of control only "over those aspects of the case involved in the appeal". Id at 96. As demonstrated above, at best, since the only possible immunity which could even be asserted by the Commonwealth is immunity from damages, the injunctive aspects of this case must proceed unabated. Third, where the District Court finds that the filing of the interlocutory

appeal is "patently meritless" it may hold that it is not deprived of jurisdiction in the first instance. See Rivera – Torres v. Ortiz Valez at p. 95-96, see also United States v. Brooks 145 F.3rd 446, 456 (1st Cir. 1998).

In the present case, the Plaintiffs can easily demonstrate that all three exceptions apply. First, as demonstrated above, the Commonwealth's interlocutory appeal is patently meritless because 1) Plaintiffs seek injunctive relief and there is no 11th Amendment immunity for the Plaintiff's claims for injunctive relief and 2) Congress has clearly waived the state's sovereign immunity for 11th Amendment purposes enacted Title VII and made states subject to Title VII in its 1972 Amendments. Independently, either of these arguments would be sufficient for the Court to deny a Stay of the Commonwealth's interlocutory appeal, but taken together, they destroy any claim by the Commonwealth that its interlocutory appeal has merit.

Moreover, even if the Commonwealth could get by the "patently meritless" problem, it still cannot escape the fact that the question of the Commonwealth's 11th Amendment immunity here is necessarily tied up in the many facts surrounding the extensive command and control which the Commonwealth has over the civil service system in the Commonwealth of Massachusetts, and specifically the control which it exerts over entry level hirings and promotions of police officers and firefighters in the Commonwealth of Massachusetts. Since the Commonwealth argued in its Summary Judgment brief that it had no such extensive control and Plaintiffs, relying on Bradley v. City of Lynn, argued to the

contrary, it is difficult to see how this questions turns on a purely legal question and therefore under Rivera-Torres, an interlocutory appeal is not appropriate.

### VI. Conclusion

The Court should deny the Motion to Stay Proceedings.

Respectfully submitted,

Pedro Lopez, et al. on behalf of himself and on behalf of a class of persons similarly situated,

By their attorneys

Dated: May 12, 2009

/s/ Harold L. Lichten
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO # 640716
Pyle, Rome, Lichten, Ehrenberg &
 Liss-Riordan, P.C.
18 Tremont St., Ste. 500
Boston, MA 02108
(617) 367-7200

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2009, I caused a copy of this document to be served by electronic filing on all counsel of record.

/s/ Harold L. Lichten