UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JACOB BRADLEY, NOAH BRADLEY, KEITH RIDLEY, and JARED THOMAS, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LYNN, et al., <br><br> Defendants. <br><br> BOSTON SOCIETY OF THE VULCANS and NEW ENGLAND AREA CONFERENCE OF THE NAACP, <br><br> Intervenors. | CIVIL ACTION NO. 05-10213-PBS |

[~~PROPOSED~~] AMENDED
**REMEDIAL ORDER**
February 8, 2007
~~December 6, 2006~~

Saris, U.S.D.J.

On August 8, 2006, this Court issued a Memorandum and Order regarding liability, concluding that the written civil service cognitive ability examination used in 2002 and 2004 to qualify and rank applicants has had a disparate and adverse impact on Black and Hispanic candidates ("minority candidates") for entry-level firefighter positions in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), (k) (2006), and the federal consent decree in Boston Chapter, NAACP, Inc. v. Beecher, 371 F. Supp. 507 (D. Mass. 1974) (the "Beecher decree"). Based on these findings, I order as follows:

A.   **Hiring**

The Commonwealth, in consultation with plaintiffs' and intervenors' counsel, shall attempt to identify minority individuals who would have been reached for consideration for hiring as firefighters based on the 2002 and 2004 examinations if not for the adverse impact of those examinations by taking the following actions:

1.   Shortfall Methodology. Utilizing the "shortfall" methodology[1] described by Dr. Jacobs, HRD shall identify the number of minority candidates in each municipality, other than municipalities still subject to the Beecher consent decree, who would likely have been certified as eligible for hiring based on the results of the 2002 and 2004 examinations, had those examinations not had an adverse impact on minorities.

In any municipality where all veterans have already been certified as eligible, the veteran shortfall shall be subtracted from the municipality's shortfall number. In any municipality where all veterans have not already been

---

[1] The Jacobs formula compares the actual hires of minorities and non-minorities against the number of test takers in each group. In applying the shortfall analysis, the number of non-minority appointments is divided by the number of non-minority exam takers. The resulting quotient is then multiplied by the number of minority exam takers, to arrive at the predicted minority hiring number. The minority hiring number is multiplied by .8 (the four-fifths rule) to determine the actual shortfall for each community.

2

certified, veterans and nonveterans shall be treated separately in calculating the municipality's shortfall.

The parties shall then identify municipalities with shortfalls of 0.5 or higher. A candidate who took both the 2002 and 2004 examinations shall be counted in the shortfall analysis for both years. A fraction of 0.5 or more shall be rounded to the nearest whole number, and less than 0.5 shall be rounded down.

2. For each such municipality, HRD shall then identify and prepare a list of the names of eligible minority candidates. If necessary, HRD shall revive the eligibility of those candidates. In any municipality having shortfall numbers for both 2002 and 2004, the candidates' names shall be merged into a single list in rank order according to score. HRD shall instruct each municipality that it need only utilize such shortfall list until the municipality has hired the number of minorities identified in the above-described shortfall analysis, or all eligible candidates have been disqualified. When such a municipality next requests an eligibility list for firefighter vacancies (other than requests for special certifications under HRD's Personnel Administration Rules), HRD shall place the shortfall list at the top of the 2006 certified eligibility list.

3

3.  Once a municipality has appointed minority candidates equaling its shortfall, minority candidates certified pursuant to this Order shall be removed from the municipality's eligibility list, unless otherwise eligible based on the 2006 exam.

4.  In the event that a municipality exhausts the minority list described above, without meeting its shortfall hiring, it shall not be obligated to fill such shortfalls with minority hiring, provided however that HRD shall have the right to review any rejection or disqualification of such minority candidates on such shortfall list, and HRD shall not approve such disqualification unless the municipality articulates a sufficiently appropriate reason in writing for not hiring such candidate. The HRD shall state in writing any reasons for approving or disapproving a minority candidate. Plaintiffs and intervenors shall have the right to review all rejections and disqualifications, together with any HRD decision. In addition to any remedy provided under state law, plaintiffs and intervenors may present any disputes regarding HRD's good faith compliance with this procedure to the Court for resolution. The Court will not review HRD's decision regarding qualifications.

5.  The formula described above shall not apply to any special certification list requested by a municipality.

4

### B. Back Pay and Other Relief

1. The parties shall cooperate to notify individuals who may have a claim for back pay and other equitable relief under this Order within 30 days of being hired.

2. Each candidate hired as a result of this Order shall present a demand for back pay and any other equitable relief to HRD. If the parties cannot settle the dispute, the magistrate judge shall make a determination as to the entitlement to back pay (including average overtime for a firefighter of the plaintiff's seniority in the applicable years) for any candidate hired as a result of this Order, or hired later than would otherwise have occurred had the 2002 and 2004 test not been discriminatory, and such calculation shall be based on the difference between what the candidate would have earned as a firefighter had he/she been selected in a municipality's previous hiring rounds, and what he/she has in fact earned during the same time period. Further, the magistrate judge shall determine the amount of years of service to be credited to each such candidate for purposes of the civil service law and the amount of employee contribution which must be made to the plan. Interest shall be calculated based on the federal rate from the date the minority would have been hired.

### C. Prospective Obligations

Upon completion of the 2006 entry-level firefighter

5

examination, the Commonwealth will provide to the plaintiffs' and intervenors' attorneys all test scores, weighting criteria, certification lists, appointment data, and all other relevant information necessary to conduct an adverse impact and "job relatedness" analysis of the examination and selection processes.

D. **Future Minority Recruitment**

HRD is ORDERED to implement a recruitment plan to obtain as diverse a hiring pool as possible in each municipality. It shall work with plaintiffs and intervenors to ensure outreach to the minority community. It shall report to the Court the plan to be implemented within 60 days of this Order.

E. **Plaintiffs' and Intervenors' Fees and Costs**

The Commonwealth will pay to the plaintiffs and intervenors all of their reasonable attorneys' fees and costs associated with this case and ensuring compliance with this Order. The amount of costs in this paragraph shall include all expert witness fees.

F. **Separate and Final Judgment**

The Court hereby enters separate and final judgment in this case with respect to liability and remedy regarding the 2002 and 2004 firefighter examinations.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE