UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ, et al., )<br>)<br>  Plaintiffs )<br>)<br>v. )<br>)<br>)<br>CITY OF LAWRENCE, et al. )<br>)<br>  Defendants )<br>) | **Case No. 07-CA-11693JLT** |

### PLAINTIFFS' PRE-TRIAL MEMORANDUM

Although Plaintiffs' counsel have attempted to meet and confer with Counsel for the Defendants as set forth in this Court's Procedural Order dated April 21, 2009, the Defendants have collectively declined to meet with the Plaintiffs for the purposes set forth in Subsections 1-5 of this Court's Final Pre-Trial Procedural Order.  Accordingly, Plaintiffs hereby file their pre-trial memorandum, however, they do so without the benefit of knowing what legal and evidentiary issues, if any, are being raised by Defendants.

    **I.**     **CONCISE SUMMARY OF THE EVIDENCE**

Since the scheduled trial is on liability and not damages Plaintiffs provide a concise summary only on the issue of liability.

As will be demonstrated through the testimony of witnesses for the Commonwealth, the Plaintiffs, and Plaintiffs' expert witnesses (as well as Defendants' expert witnesses) the evidence will show that the sergeants' police promotional examination created and administered by the Commonwealth, and

to which the various municipal defendants voiced no objections and permitted to be utilized, had a significant statistical disparate impact upon minority police officer/sergeant candidates who took the exam in the years 2005, 2006 and 2007.   This disparate impact is statistically significant and is consistent with the clear discriminatory impact that such examinations have had on minority candidates over the last ten (10) to twenty (20) years.   The Plaintiffs will show that the effect of the Defendants' police sergeant examinations is to deny extremely qualified minority candidates of the opportunity to obtain promotions in police departments throughout the Commonwealth thereby impairing public safety.    Plaintiffs will further show that because this examination was used as a strict rank order device during the years 2005, 2006, and 2007, and because the Commonwealth now admits that the use of such strict rank order device is statistically invalid, it may not be used as the sole mechanism for determining placement on promotional eligibility lists.   In addition, the Plaintiffs will show that the sergeant examinations do not meet EEOC standards for job relatedness and validity – they are not predictive of on the job success and therefore are in violation of Title VII.  Finally, the Plaintiffs will show that there are less discriminatory reasonable alternatives available to the Defendants which are as or more reliable and predictive of ability to be a police sergeant and the Defendants have failed to avail themselves of such alternatives.

## II. STATEMENT OF FACTS

Because Plaintiffs have been unable to confer with Defendants' counsel with respect to facts which may be stipulated to Plaintiffs' counsel reserves the right to supplement this section in the event that this Court orders Defendants to participate in the conference contemplated by the Court's April 21st Order.

## III. CONTESTED ISSUES OF FACT

Plaintiffs believe that the contested issues of fact are 1) whether the exams in question had discriminatory impact, 2) whether they were properly validated in accordance with EEOC procedures including the Uniformed Guidelines on Employee Selection, and 3) whether there were feasible alternative less discriminatory examination procedures which could have been utilized.

## IV. JURISDICTIONAL QUESTIONS

State Defendant claims that this Court is deprived of jurisdiction by reason of their interlocutory appeal on 11th amendment immunity. The Plaintiffs have fully briefed an opposition to this contention which was filed on May 12, 2009.

## V. PENDING MOTIONS

State Defendants' Motion to Stay Proceedings Pending Appeal (with Plaintiffs' Opposition) and Motion of the Defendant Cities of Boston, Lawrence, Lowell, Methuen, Springfield & Worcester, and Defendant Massachusetts Bay Transportation Authority to Be Relied of Obligations Under Order of Final Pre-Trial Conference.

## VI. ISSUES OF LAW

All issues of law were fully vetted in State Defendant's Motion for Summary Judgment and Plaintiffs' detailed Opposition thereto and the Court is referred to those pleadings and the legal arguments contained therein.

## VII. ADDITIONAL MATTERS TO AID THE DISPOSITION OF THE ACTION

Since the inception of this litigation there have been no meaningful settlement discussions and the Plaintiffs do believe that all parties and the public at large would benefit from mandated alternative dispute resolution.

## VIII. LENGTH OF TRIAL

Plaintiffs believe that probable length of trial is two (2) weeks. Further, because of the nature of this case it is to be tried non-jury.

## IX. WITNESSES

- Each of the Plaintiffs
- Sally McNeely, an official of HRD
- Paul Dietl, an official of HRD
- Vivian Lee, an official of HRD
- Guy Paris, an official of HRD
- Boston Police Commissioner Edward Davis
- Former Boston Police Commissioner Kathleen O'Toole
- Appointing Authority for each of Defendant municipalities
- Rick R. Jacobs, experts/consultants hired by Commonwealth
- James Outtz, experts/consultants hired by Commonwealth
- David Morris, former test designer retained by the City of Boston
- Joel Wiesen, experts hired by Plaintiffs
- Frank Landy, experts hired by Plaintiffs

## X. EXHIBITS

Again, because Plaintiffs' counsel have been unable to confer with

Defendants' counsel as to exhibits they are unable to list which exhibits will be introduced without objection and which ones will have an objection and therefore defer providing this list until Defendants' counsel cooperates with respect to the matter.

                                            Respectfully submitted,

                                            PEDRO LOPEZ, et al.

                                            By their attorneys,

Dated:  May 13, 2009                /s/  Leah Marie Barrault
                                            _____
                                            Harold L. Lichten, BBO #549689
                                            Shannon Liss-Riordan, BBO #640716
                                            Leah M. Barrault, BBO # 661626
                                            Pyle, Rome, Lichten, Ehrenberg
                                                  & Liss-Riordan, P.C.
                                            18 Tremont St., Ste. 500
                                            Boston, MA 02108
                                            (617) 367-7200

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing document was served upon the Court and counsel of record for defendants via the Court's ECF filing system, on May 13, 2009.

                                             /s/ Leah Marie Barrault_____
                                            Leah Marie Barrault, Esq.