UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF LAWRENCE, et al.,<br><br>        Defendants. | CIVIL ACTION<br>NO. 07-11693-GAO |

**STATE DEFENDANTS' MOTION FOR ENTRY
OF ORDER OF DISMISSAL WITH PREJUDICE**

The state defendants, Commonwealth of Massachusetts and Paul Dietl, in his capacity as Chief Human Resources Officer of the Human Resources Division ("HRD"), move that they be dismissed from this case with prejudice and excused from attending the status conference scheduled for February 1, 2010. The state defendants further request that the period for responding to this motion be shortened to seven days so that the Court may act on the motion prior to the status conference. In support of these requests, the state defendants state as follows:

1.  Plaintiffs—Hispanic and African-American police officers employed by the cities of Boston, Lawrence, Lowell, Methuen, Springfield, and Worcester, and by the Massachusetts Bay Transportation Authority—brought this action against their respective employers and the state defendants, claiming that sergeant promotional exams administered by HRD in 2005, 2006 and 2007 were not job-related and had an adverse impact on minorities. See 6th Am. Compl. (Paper No. 110-2). The complaint raised claims of discrimination under Title VII, 42 U.S.C. § 2000(e), and under analogous state law, Mass. Gen. Laws ch. 151B, § 4. See 6th Am. Compl. at 13.

2.      In January 2009 the state defendants moved to dismiss for lack of jurisdiction or for summary judgment, arguing that they are not plaintiffs' "employer" within the meaning of Title VII and therefore that the Eleventh Amendment barred plaintiffs' claims.  See State Defs.' Mot. to Dismiss for Lack of Jurisdiction (Paper No. 142) & Mem. of Law in Support (Paper No. 144). The state defendants also argued that plaintiffs' state-law claim should be dismissed because the Eleventh Amendment bars federal courts from instructing state officials on how to conform their conduct to state law.  See Mem. of Law (Paper No. 144) at 29-30 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984)).

3.      In February 2009 plaintiffs refiled their state-law claim in Suffolk Superior Court. See Docket, Suffolk Superior Court No. 2009-00576 (attached as Exh. A).

4.      On April 7, 2009, this Court (Tauro, J.) denied the state defendants' motion without hearing.  See Order (Paper No. 168).  The state defendants then filed an interlocutory appeal to the United States Court of Appeals for the First Circuit.  See Notice of Appeal (Paper No. 174).

5.      In their submissions to the First Circuit, plaintiffs conceded that the Eleventh Amendment barred them from proceeding with their state-law claim in federal court.  See Pls.' Mot. to Dismiss Appeal (attached as Exh. B) at 3 n.3 & Pls.' Reply (attached as Exh. C) at 4 n.1. Thus, according to plaintiffs, they "consented to the dismissal of that count and . . . refiled it in state court."  Exh. C at 4 n.1.

6.      After briefing and oral argument on the federal claim only, the First Circuit issued an opinion on December 3, 2009, holding that the state defendants are not plaintiffs' "employer" within the meaning of Title VII.  See Lopez v. Massachusetts, 588 F.3d 69 (1st Cir. 2009).  The court also observed in passing that the Eleventh Amendment "clearly bars" plaintiffs' pendent

claim under state law.  Id. at 73 n.1.  Accordingly, the court remanded the case "for entry of an order of dismissal under Title VII with prejudice with respect to the state defendants."  Id. at 90.

7.	The mandate issued on December 28, 2009, and was entered in this Court on December 29.  See Mandate (Paper No. 189).  On January 5, 2010, this Court issued a notice of status conference for February 1, 2010.  See Electronic Notice of Hearing, dated Jan. 5, 2010.

8.	To date, no order of dismissal has entered in accordance with the First Circuit's mandate.  Thus, the state defendants now respectfully move "for entry of an order of dismissal under Title VII with prejudice with respect to the state defendants."  Mandate (Paper No. 189).  The state defendants also respectfully request that they be excused from attending the status conference scheduled for February 1, 2010.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | COMMONWEALTH OF MASSACHUSETTS and PAUL DIETL, in his capacity as Chief Human Resources Officer of the Human Resources Division, |
|  | By their attorney, |
|  | MARTHA COAKLEY ATTORNEY GENERAL |
|  |  /s/ Sookyoung Shin             Sookyoung Shin Assistant Attorney General One Ashburton Place, Room 2019 Boston, MA 02108-1698 |
| Dated: January 21, 2010 | (617) 963-2052 |

3

## CERTIFICATION UNDER L.R. 7.1(A)(2)

I certify that on the morning of January 21, 2010, I circulated the above motion by email to all counsel of record. Counsel for the cities of Lawrence and Lowell assented to the motion. Counsel for the Massachusetts Bay Transportation Authority stated that he will not oppose the motion. As of this filing, I received neither assent nor opposition from counsel for plaintiffs or from counsel for the remaining defendants, cities of Boston, Methuen, Springfield, and Worcester.

    /s/ Sookyoung Shin
Sookyoung Shin
Assistant Attorney General

**CERTIFICATE OF SERVICE**

    I hereby certify that the above document will be served on January 21, 2010, by electronic notice for registered counsel and a copy will be served by first-class mail, postage pre-paid, for non-registered counsel.

                        /s/ Sookyoung Shin
                        Sookyoung Shin
                        Assistant Attorney General