UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
*******************************************
PEDRO LOPEZ, et al.                        *
                                           *
            Plaintiffs                     *
v.                                         *   Civil Action No. 07-11693-GAO
                                           *
CITY OF LAWRENCE, MASSACHUSETTS,           *
et al.                                     *
                                           *
            Defendants                     *
*******************************************
```

**MEMORANDUM OF LAW OF DEFENDANT CITIES OF BOSTON, LAWRENCE, LOWELL, METHUEN, SPRINGFIELD & WORCESTER, AND DEFENDANT MASSACHUSETTS BAY TRANSPORTATION AUTHORITY IN SUPPORT OF JOINT MOTION FOR RECONSIDERATION OF RULING TERMINATING DISPOSITIVE MOTIONS**

Defendant Cities of Boston, Lawrence, Lowell, Methuen, Springfield and Worcester, and Defendant Massachusetts Bay Transportation Authority (collectively referred to as "Defendants"), hereby submit the following Memorandum of Law in Support of their Joint Motion For Reconsideration of Ruling Terminating Dispositive Motions. More particularly, the Defendants propose that the Court grant the Defendants the opportunity to file a single Joint Motion for Summary Judgment. Defendants propose that such a Motion could be filed by March 2, 2010, so as not to delay disposition of the case, in the event that trial is still deemed necessary. In support of this motion, Defendants state as follows:

**FACTUAL BACKGROUND.**

1.  The Plaintiff Police Officers and Hispanic Law Enforcement Association have brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and Mass. Gen. Laws ch. 151B, alleging that promotional examinations for the position of sergeant as prepared and administered by the Human Resources Division of the Commonwealth of

Massachusetts ("HRD") in 2005, 2006 and 2007 had an unlawful disparate impact on African-American and Hispanic applicants.

2. On or about January 8, 2009, the court issued an order extending discovery to March 31, 2009. The order did not place any limitation on the parties' ability to file motions for summary judgment under the federal rules.

3. On or about January 9, 2009, the plaintiffs filed their 6th Amended Complaint which added Springfield and the MBTA as defendants.

4. On or about January 26, 2009, the State Defendants filed a Motion To Dismiss or in the Alternative for Summary Judgment, based on their position that the Commonwealth is not an "employer" within the meaning of Title VII, and under the Eleventh Amendment. On April 7, 2009, the Court denied the State Defendants' Motion to Dismiss or in the Alternative for Summary Judgment.

5. On May 4, 2009, the State Defendants filed a Notice of Appeal from the portion of this Court's order denying their motion to dismiss under the Eleventh Amendment.

6. On May 15, 2009, based upon motion of the State Defendants, this Court ordered a stay of the District Court proceedings until thirty (30) days after the mandate was to be issued by the U.S. Court of Appeals.

7. At the time that the proceedings in District Court were stayed, Judge Tauro had not terminated any opportunity of the parties to file dispositive motions. Under the Federal Rules of Civil Procedure then in effect, a defending party had the right to "move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." [Fed. R. Civ. Pro. 56 (b)]

8. At the time that the Court ordered the proceedings stayed, certain of the Defendants planned to file dispositive motions prior to trial.

9. On or about December 3, 2009, the U.S. Court of Appeals reversed the denial of the State Defendants' Motion to Dismiss, for the reasons set forth in the decision of the U.S. Court of Appeals dated December 3, 2009, and ordered the State Defendants' dismissed from the case, with prejudice.

10. The mandate of the U.S. Court of Appeals was issued on December 28, 2009. Accordingly, the stay of the U.S. District Court proceedings was lifted effective on or about January 27, 2010.

11. On February 1, 2010, a status conference was held before this Court, at which time the Court ordered the termination of all dispositive motions.

12. Significantly, on or about June 29, 2009, the United States Supreme Court issued a decision in the matter of *Ricci, et al, v. DeStefano, et al,* __ U.S. __, 129 S.Ct. 2658 (2009), which held that before an employer may refuse to certify the results of a promotional examination based upon a belief that the results could have a disparate impact on minority groups, the employer is required to show more than a significant statistical disparity, but must show that there exists a strong basis in evidence that the examination is not job-related or that its use is not consistent with business necessity.

**ARGUMENT.**

13. The dismissal of the State Defendants has changed the posture of the case dramatically, and raises significant legal issues ripe for summary judgment. For example, there exists a substantial question of law as to whether the Plaintiffs have standing to maintain the instant action based on the lack of availability of a remedy. To this end, without the participation

3

of the Commonwealth's Human Resources Division ("HRD") as a defendant, the Court may not direct the Commonwealth to alter the examination process, may not order the promotion of any of the Plaintiffs and/or may not order the Plaintiffs' names be placed at the top of any future eligible lists. Additionally, to the extent that Plaintiffs argue that the Defendants have an alternative to the Commonwealth's examination available to them, by statute (G.L. c. 31 § 8) any such alternatives require the participation and approval of HRD and the Court will not have jurisdiction over HRD to ensure that any alternative process does not also violate Title VII.

14. Prior to the dismissal of the State Defendants, there already existed a substantial question of law (as evidenced by the expert reports submitted to date) as to whether this Court should examine the statistical evidence on a disaggregated basis (i.e., municipality-by-municipality) as opposed to on an aggregated, or state-wide, basis and whether, based upon such analyses, the Plaintiffs' can show that the examination had a disparate impact in each of the municipalities. Given the dismissal of the State Defendants from this action, the aggregation of statistical data becomes even more inappropriate. In *Bradley v. Lynn*, 443 F. Supp. 145, 165 (2006), with regard to the municipal defendants City of Boston and City of Lynn, the court examined the examination results on a disaggregated basis to determine whether there was disparate impact in each of the municipalities.

15. Additionally, under *Ricci v. DeStefano*, supra, there exists a substantial question of law as to whether the Defendants' lawfully could have refused to utilize the HRD examinations which are the subject of this case without otherwise violating Title VII's prohibition on disparate treatment (based on race), or without violating G.L. c. 31, the Civil Service Statute, after the results of the examination were certified.

16. Apart from the impact of the absence of the Commonwealth from the action, there exists an additional question of law regarding redressability, in that certain of the Defendants are bound by contracts with the exclusive representatives of their respective police officers to participate in HRD's promotional examinations and also to make promotions in strict rank order. There is a substantial question of law as to whether the court can order a remedy where the Plaintiffs have failed to name necessary parties (e.g., the police unions) and any remedy would interfere with the contracts between the Defendants and their police unions.

17. The Defendants include municipalities and the MBTA, which rely on appropriations and fees from the citizens of the Commonwealth to fund their services and operations. While the Court has left open the opportunity to file dispositive motions after a two week trial, the Defendants should not be required to expend scarce public funds and resources - - particularly in these harsh economic times when municipalities are already cutting costs and services - -  to prepare for and attend a lengthy trial, for the purposes of defending the Commonwealth's examination, when there are numerous issues of law, based on undisputed facts, which the Defendants believe will dispose of all the Plaintiffs' claims without the cost and expense of trial. Additionally, the opportunity to file Motions In Limine to limit evidence at trial may be insufficient to effectively deal with the defenses that Defendants believe are dispositive of Plaintiffs' claims and, in any event, still would require significant trial preparation and time attending the trial.

18. It is a matter of fundamental fairness that the Defendants not be foreclosed from filing dispositive motions - - particularly where they still had such opportunities available to them at the time that the Court ordered a stay in this case, and where the delay in the proceedings was not caused by any action of the Defendants (i.e., the proceedings were delayed solely

because of the dispute between the Plaintiffs and the State Defendants), and where the absence of the State Defendants has changed the posture of this case significantly.

19.  In order to preserve the Court's resources and time, the Defendants propose the filing of a joint Motion for Summary Judgment, to be joined by all the Defendants. The Defendants are prepared to file such a motion by March 2, 2010, and do not believe that the timing will prejudice or delay trial in the event that trial is still deemed necessary.

## PRAYER FOR RELIEF

Accordingly, the Defendants request that the Court reconsider its decision to terminate the filing of dispositive motions by the Defendants, and permit the Defendants to file a single Joint Motion for Summary Judgment within a reasonable time period (March 2, 2010), so as not to unreasonably delay disposition of the Plaintiffs' claims.

## CERTIFICATION PURSUANT TO RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel for Defendant City of Worcester certifies that she has conferred with Plaintiffs' counsel in a good faith attempt to resolve or narrow the issues raised by the instant motion.

/s/Laurie W. Engdahl  
Laurie W. Engdahl

Respectfully submitted,

CITY OF BOSTON,

By its attorneys,

WILLIAM F. SINNOTT
Corporation Counsel

/s/Robert P. Morris
Mary Jo Harris
B.B.O. #561484
Robert P. Morris
B.B.O. #546052
Special Assistant Corporation Counsel
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

Dated:  February 9, 2010


WILLIAM M. MANZI, III in his capacity as MAYOR OF THE CITY OF METHUEN, MASSACHUSETTS,

By their attorney,


/s/ Peter J. McQuillan

Peter J. McQuillan
B.B.O. #340180
Office of the City Solicitor
41 Pleasant Street, Room 311
Methuen, MA  01844
(978) 983-8575
(978) 983-8981

Dated:  February 9, 2010

Respectfully submitted,

CITY OF LOWELL,

By its attorneys,


/s/Brian W. Leahey

Brian W. Leahey, Assistant City Solicitor
BBO #567403
City of Lowell - Law Department
375 Merrimack Street, 3rd Floor
Lowell, MA 01852-5909
Tel: 978-970-4050
Fax:  978-453-1510

Dated:  February 9, 2010


CITY OF WORCESTER and MICHAEL O'BRIEN,

By their attorneys,


/s/Laurie W. Engdahl

Laurie W. Engdahl
B.B.O. #554635
Daniel C. Brown
B.B.O. #648038
Collins, Loughran & Peloquin, P.C.
320 Norwood Park South
Norwood, MA 02062
(781) 762-2229

Dated:  February 9, 2010

| | |
|---|---|
| CITY OF SPRINGFIELD, MASSACHUSETTS, MAYOR DOMENIC SARNO, JR. IN HIS CAPACITY AS MAYOR FOR THE CITY OF SPRINGFIELD, | MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, DANIEL GRABAUSKAS IN HIS CAPACITY AS GENERAL MANAGER, THE BOARD OF TRUSTEES OF THE MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, |
| By its Attorney, | By its Attorneys, |
| /s/ Edward Pikula<br>Edward M. Pikula, Esq., BBO #399770<br>City Solicitor<br>City of Springfield - Law Department<br>36 Court Street, Room 210<br>Springfield, MA 01103<br>(413) 787-6085 | /s/Kevin S. McDermott<br>Kevin S. McDermott, BBO #544513<br>Assistant General Counsel<br>MBTA Law Department<br>Ten Park Plaza, Suite 7760<br>Boston, MA 02116<br>(617) 222-4756 |
| Dated: February 9, 2009 | Dated: February 9, 2009 |

CITY OF LAWRENCE,
MASSACHUSETTS, AND JOHN (sic)
MICHAEL SULLIVAN, IN HIS
CAPACITY AS MAYOR OF THE CITY
OF LAWRENCE

By their Attorney,

/s/James M. Bowers
James M. Bowers, Esq., BBO #558759
Assistant City Attorney
Room 306 - City Hall
200 Common Street
Lawrence, MA 01840
(978) 794-5800

Dated: February 9, 2009

**CERTIFICATE OF SERVICE**

  I, Laurie W. Engdahl, certify that on February 9, 2010, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

                /s/Laurie W. Engdahl
                Laurie W. Engdahl