UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ, et al. )<br><br>Plaintiffs, )<br><br>v. )<br><br>CITY OF LAWRENCE, et al. )<br><br>Defendant. ) | Civil Action No. 07-11693-GAO |

## SEVENTH AMENDED COMPLAINT

### I. INTRODUCTION

1.    This is an action by Hispanic and African-American police officers in the Commonwealth of Massachusetts who have taken the Commonwealth's promotional examination for the position of police sergeant in the years 2005, 2006, 2007, or 2008. Although such plaintiffs are well qualified for a sergeant's promotion, they have not, as of this date, received such a promotion. The plaintiffs challenge the sergeant's promotional examination on the grounds that it has a disparate impact on minority test takers and cannot be shown to be job-related under applicable federal Equal Employment Opportunity Commission and Massachusetts General Laws Chapter 151B standards. The plaintiffs seek appropriate injunctive and compensatory relief as described herein.

### II. JURISDICTION

2.    This court has jurisdiction over this case under 28 U.S.C. §§1333 and 1343, in that this case arises under the laws of the United States of America, including,

particularly, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), as amended. In addition, the supplemental jurisdiction of this court is invoked under 28 U.S.C. §1367 for plaintiffs' state law claims.

### III. THE PARTIES

3.	The plaintiff, Abel Cano, is a Hispanic resident of Methuen, Massachusetts and is a police officer for the City of Methuen, Massachusetts.

4.	The plaintiff, Pedro Lopez, is a Hispanic resident of the City of Lawrence, Massachusetts, and is a police officer for the City of Lawrence, Massachusetts.

5.	The plaintiff, Kevin Sledge, is an African-American resident of Salem, New Hampshire and is a police officer for the City of Lawrence, Massachusetts.

6.	The plaintiff, Charles Dejesus, is a Hispanic resident of Methuen, Massachusetts and is a police officer for the City of Methuen, Massachusetts.

7.	The plaintiff, Richard Brooks, is a Hispanic resident of Londonderry, New Hampshire and is a police officer in the City of Lawrence, Massachusetts.

8.	The plaintiff, Massachusetts Hispanic Law Enforcement Association, is a private, non-profit organization of Hispanic police officers and law enforcement officers in the Commonwealth of Massachusetts.

9.	The plaintiff, Robert Alavarez, is a Hispanic resident of the City of Methuen, Massachusetts, and is a police officer in the City of Lowell, Massachusetts.

10.	The plaintiff, Marisol Nobrega, is a Hispanic resident of Lowell, Massachusetts, and is currently a police officer in the City of Lowell, Massachusetts.

11.	The plaintiff, Spencer Tatum, is an African American resident of Worcester, Massachusetts. He currently holds the position of police officer in the City of

Worcester, Massachusetts.

12. The plaintiff, Shumean Benfold, is an African American resident of the City of Boston, Massachusetts, and is a police officer in the City of Boston, Massachusetts.

13. The plaintiff, Angela-Williams Mitchell, is an African American resident of the City of Boston, Massachusetts, and is a police officer in the City of Boston, Massachusetts.

14. The plaintiff, Gwendolyn Brown, is an African American resident of the City of Boston, Massachusetts, and is a police officer in the City of Boston.

15. The plaintiff, Lynette Praileau, is an African American resident of the City of Boston, Massachusetts, and is a police officer in the City of Boston.

16. The plaintiff, Tyrone Smith, is an African American resident of Mattapan, Massachusetts, and is a police officer in the City of Boston.

17. The plaintiff, Eddy Chrispin, is an African American resident of Hyde Park, Massachusetts, and is a police officer in the City of Boston.

18. The plaintiff, David E. Melvin, is an African American resident of North Easton, Massachusetts, and is a police officer in the City of Boston.

19. The plaintiff, Steven Morgan, is an African American resident of Dorchester, Massachusetts, and is a police officer in the City of Boston.

20. The plaintiff, William E. Iraolo, is a Hispanic resident of Randolph, Massachusetts, and is a police officer in the City of Boston.

21. The plaintiff, Jose Lozano, is a Hispanic resident of Medfield, Massachusetts, and is a police officer in the City of Boston.

22. The plaintiff, Courtney A. Powell, is an African American resident of Hyde Park, Massachusetts, and is a police officer in the City of Boston.

23. The plaintiff, James L. Brown, is an African American resident of Dorchester, Massachusetts, and is a police officer in the City of Boston.

24. The plaintiff, George Cardoza, is an African American resident of Brockton, Massachusetts, and is a police officer in the City of Boston.

25. The plaintiff, Larry Ellison, is an African American resident of Rockland, Massachusetts, and is a police officer in the City of Boston.

26. The plaintiff, David Singletary, is an African American resident of Roxbury, Massachusetts, and is a police officer in the City of Boston.

27. The plaintiff, Charisse Brittle-Powell, is an African American resident of Hyde Park, Massachusetts, and is a police officer in the City of Boston.

28. The plaintiff, Cathenia D. Cooper-Paterson, is an African American resident of Dorchester, Massachusetts, and is a police officer in the City of Boston.

29. The plaintiff, Molwyn A. Shaw, is an African American resident of Dorchester, Massachusetts, and is a police officer in the City of Boston.

30. The plaintiff, Lamont Anderson, is an African American resident of Mattapan, Massachusetts, and is a police officer in the City of Boston.

31. The plaintiff, Gloria Kinkead, is an African American resident of Brockton, Massachusetts, and is a police officer in the City of Boston.

32. The plaintiff, Kenneth Gaines, is an African American resident of Hyde Park, Massachusetts, and is a police officer in the City of Boston.

33. The plaintiff, Murphy Gregory, is an African American resident of

Stoughton, Massachusetts, and is a police officer in the City of Boston.

34. The plaintiff, Julian Turner, is an African American resident of Mattapan, Massachusetts, and is a police officer in the City of Boston.

35. The plaintiff, Neva Grice, is an African American resident of Roxbury, Massachusetts, and is a police officer in the City of Boston.

36. The plaintiff, Delores E. Facey, is an African American resident of Randolph, Massachusetts, and is a police officer in the City of Boston.

37. The plaintiff, Lisa Venus, is an African American resident of Hyde Park Massachusetts, and is a police officer in the City of Boston.

38. The plaintiff, Rodney O. Best, is an African American resident of Situate , Massachusetts, and is a police officer in the City of Boston.

39. The plaintiff, Karen VanDyke, is an African American resident of Dorchester, Massachusetts, and is a police officer in the City of Boston.

40. The plaintiff, Robert C. Young, is an African American resident of Dorchester, Massachusetts, and is a police officer in the City of Boston.

41. The plaintiff, Royline Lamb, is an African American resident of Brockton Massachusetts, and is a police officer for the Massachusetts Bay Transit Authority.

42. The plaintiff, Lynn Davis, is an African American resident of Mattapan, Massachusetts, and is a police officer for the Massachusetts Bay Transit Authority.

43. The plaintiff, James A. Jackson, is an African American resident Springfield, and is a police officer for the City of Springfield, Massachusetts.

44. The plaintiff, Juan Rosario, is a Hispanic resident of Springfield, and is a police officer for the City of Springfield, Massachusetts.

45. The plaintiff, Louis Rosario Jr., is a Hispanic resident Springfield, and is a police officer for the City of Springfield, Massachusetts.

46. The plaintiff, Obed Almeyda, is a Hispanic resident of Springfield, and is a police officer for the City of Springfield, Massachusetts.

47. The plaintiff, Devon Williams, is an African American resident Springfield, and is a police officer for the City of Springfield, Massachusetts.

48. The plaintiff, Julio M. Toledo is a Hispanic resident of Springfield, and is a police officer for the City of Springfield, Massachusetts.

49. The defendant, City of Lawrence, Massachusetts, is a municipality of the Commonwealth of Massachusetts and it operates a police department.

50. The defendant, William Lantigua, is the Mayor of the City of Lawrence, Massachusetts and is responsible for the promotional appointments of police officers in the City of Lawrence, Massachusetts.

51. The defendant, William Manzi, III, is the Mayor of the City of Methuen, Massachusetts and is responsible for promotional appointments in the Methuen Police.

52. The defendant, City of Methuen, Massachusetts, is a duly incorporated municipality of the Commonwealth of Massachusetts and it operates a police department.

53. The defendant, Appointing Authority for the City of Lowell, Massachusetts is responsible for the promotional appointments of police officers in the City of Lowell, Massachusetts.

54. The defendant, City of Lowell, Massachusetts, is a duly incorporated

municipality of the Commonwealth of Massachusetts, and it operates a police department.

55. The defendant, Michael O'Brien, is the City Manager of the City of Worcester, Massachusetts, and is responsible for promotional appointments in the City of Worcester, Massachusetts.

56. The defendant, City of Worcester, Massachusetts, is a municipality of the Commonwealth of Massachusetts and it operates a police department.

57. The defendant, City of Boston, Massachusetts, is a duly incorporated municipality of the Commonwealth of Massachusetts, and it operates a police department.

58. The defendant, the Massachusetts Bay Transportation Authority ("MBTA"), is a body politic and cooperate and political subdivision of the Commonwealth pursuant to M. G. L. c. 161A, § 2.

59. Defendant Daniel Grabauskas is and has been at all material times the General Manager of the MBTA.

60. Defendant MBTA Board of Trustees is responsible for the management of the MBTA pursuant to M.G.L. c. 161A § 7.

61. The defendant, City of Springfield, is a duly incorporated municipality of the Commonwealth of Massachusetts, and it operates a police department.

62. The defendant, Domenic Sarno Jr., is the Mayor of the City of Springfield, Massachusetts and is responsible for the promotional appointments of police officers in the City of Springfield, Massachusetts.

## IV.	CLASS ALLEGATIONS

63.	The named plaintiffs bring this action individually and on behalf of a class of individuals similarly situated.  The class of individuals similarly situated are as follows: All Black and Hispanic police officers within the Commonwealth of Massachusetts who are employed in cities and towns covered by the state civil service law, M.G.L. ch. 31, and who have taken the 2005, 2006, 2007, or 2008 police sergeant promotional examination administered by the Commonwealth of Massachusetts, Human Resources Division but have not been reached for promotion.

64.	The claims of the class plaintiffs are identical or nearly identical to the claims of the named plaintiffs in that each challenge the validity of the police sergeant examination administered by HRD under a disparate impact theory under both state and federal discrimination law.

65.	The class meets all of the numerosity requirements of Rule 23 of the Federal Rules of Civil Procedure, and it would be impractical to name each individual plaintiff. In addition, the claims of the named plaintiffs are representative of the claims of the class plaintiffs.

66.	There are common questions of law and fact which predominate over any specific individual factual claims in this case, and plaintiffs' counsel are eminently capable of representing the claims of the named and class members. The class is primarily certifiable under Rule 23(b)(2) of the Federal Rules of Civil Procedure in that they seek declaratory and injunctive relief to be generally applicable to all plaintiffs. While they also seek damages in the form of back pay and other damages allowable by

law, the damage claims are ancillary to the injunctive and declaratory relief sought by the plaintiffs.

## V. STATEMENT OF FACTS.

67.     The named plaintiffs are all police officers for the cities of Lawrence, Methuen, Lowell, Worcester, Springfield, the MBTA, and Boston Massachusetts. Each plaintiff is either Hispanic or African-American.

68.     The named plaintiffs are all employed as police officers in cities and towns within the Commonwealth of Massachusetts and are subject to the Massachusetts civil service law, M.G.L. ch. 31, and have taken the 2005, 2006, 2007, and/or 2008 HRD-administered police sergeant's examination for the position of police sergeant but have not been promoted.

69.     The cities of Lawrence, Methuen, Lowell, Worcester, Springfield and Boston, Massachusetts, and the MBTA, as well as many other cities and towns throughout the Commonwealth of Massachusetts, have elected to utilize the Commonwealth of Massachusetts, Human Resources Division ("HRD") to create, design and administer the municipalities' promotional examination for the position of police sergeant, even though they are free to develop and administer their own promotional exam, as some have chosen to do in the past.

70.     On information and belief, the cities of Lawrence, Methuen, Lowell, Worcester, Springfield and Boston, and the MTBA, as well as numerous other cities and towns within the Commonwealth of Massachusetts, have been utilizing HRD's police sergeant examination to make sergeant's promotions for many years. Pursuant to the Massachusetts civil service law, M.G.L. c. 31, these cities and towns have utilized the

HRD examination, which consists of 100 points and provides for a failing grade of below.

71. If a candidate passes such examination, he or she is then ranked by their score on the examination and selections for promotional positions are made by the respective city and town from the top candidates on such list.

72. The HRD police sergeant examination consists of approximately 100 multiple choice questions which are taken directly from law enforcement and related textbooks.

73. These examinations have, over the last 20 years, been shown to have a significant adverse impact upon minority (Black and Hispanic) test takers while not having been shown to be valid predictors of job performance for a police sergeant. All of the defendants have been well aware of this fact, yet have taken no action to design a less discriminatory and more job-related examination procedures.

74. Although any municipality covered by the civil service law, M.G.L. c. 31, has the right under M.G.L. c. 31, §11 to conduct its own alternative police sergeant promotional examination which could be professionally validated and have significantly less discriminatory impact in virtually all civil service municipalities which are covered by this lawsuit, the HRD examination was used without modification.

75. The police sergeant's examination administered by HRD was given in some municipalities in 2005, others in 2006, others in 2007, and others again in 2008. Promotional lists were established as a result of these examinations, and promotions have been made within the appropriate statute of limitations, and continue to be made, off of these lists.

76. All of the individual and class plaintiffs have taken the police sergeant's promotional examination on at least one occasion, in 2005, 2006, 2007, and/or in 2008. Many have taken the exam in years prior to 2005.

77. Although a majority of the named and a majority of the class plaintiffs passed the sergeant's examination, they have not received scores high enough that they will likely be reached for promotion. In addition, one or more of the named and class plaintiffs did not receive a passing score on the police sergeant's examination.

78. As a result of utilizing the HRD multiple choice sergeant's promotional examination, minority police officers who have taken the examination, both in the municipalities named in this lawsuit and elsewhere, have been ranked significantly lower than their non-minority counterparts, despite their being otherwise equally as qualified for a sergeant's promotional position.

79. As a result of the use of the HRD civil service police sergeant's promotional examination over the last 20 years or more, few, if any, minorities have been promoted to the position of sergeant in both the named defendant municipalities and elsewhere in civil service municipalities throughout the Commonwealth of Massachusetts.  As a result, there is a significant disparity between the number of minority police sergeants in the Commonwealth of Massachusetts and their corresponding numbers in entry-level police officer ranks, notwithstanding that there are significant number of qualified minority police officers who are otherwise qualified for such promotion, were it not for the resulting scores on the police sergeant's promotional examination administered by HRD.

## COUNT I

The conduct of the defendants as set forth above constitutes unlawful disparate impact discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e).

## COUNT II

The actions of the defendants as set forth above constitutes unlawful disparate impact discrimination under M.G.L. c.151B, §4.

WHEREFORE, plaintiffs request this Honorable Court: to issue appropriate injunctive and declaratory relief remedying Defendants' past acts of discrimination; to award compensatory relief, including back pay and other damages, to grant attorneys' fees and costs; and to grant such other and further relief as to this Court is deemed just and proper.

Respectfully submitted,
PEDRO LOPEZ, et al.
By their attorneys,

Dated: February 17, 2010

/s/ Joseph L. Sulman
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO #640716
Joseph L. Sulman, BBO # 663635
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 17, 2010, a copy of this document was served by electronic filing on all counsel of record.

                                                               /s/ Joseph L. Sulman
                                                                 Joseph L. Sulman