UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************
**PEDRO LOPEZ, et al.,**   *
                           *
    **Plaintiffs**         *
v.                         *   Civil Action No. 07-11693-GAO
                           *
**CITY OF LAWRENCE, MASSACHUSETTS,** *
**et al.,**                *
                           *
    **Defendants**          *
*******************************************

### MOTION OF DEFENDANT CITIES OF BOSTON, LAWRENCE, LOWELL, METHUEN, SPRINGFIELD & WORCESTER, AND DEFENDANT MASSACHUSETTS BAY TRANSPORTAION AUTHORITY, FOR ADDITIONAL TIME TO SUBMIT EXPERT REPORTS AND TO CONDUCT EXPERT DEPOSITIONS

Defendant Cities of Boston, Lawrence, Lowell, Methuen, Springfield and Worcester, and Defendant Massachusetts Bay Transportation Authority (collectively referred to as "Defendants"), jointly move for an extension of the current deadline of April 30, 2010 to submit reports of expert witnesses in response to two expert reports of Plaintiffs, served on April 15, 2010. Defendants are seeking an extension for submission of their reports to and including May 28, 2010. Defendants further seek an extension of the deadline for expert depositions from May 31, 2010, to and including June 18, 2010.

In support of this motion, Defendants state as follows:

1. The Plaintiff Police Officers and Hispanic Law Enforcement Association have brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and Mass. Gen. Laws ch. 151B, alleging that promotional exams for the position of sergeant, as prepared and administered by the Human Resources Division of the

Commonwealth of Massachusetts ("HRD") in 2005, 2006 and 2007, had an unlawful disparate impact on African-American and Hispanic applicants.

2.    At a conference before this Court on February 1, 2010, Plaintiffs announced their intent to amend their complaint to include allegations that the sergeant promotional examinations administered by HRD in 2008 on a state-wide basis and in Boston, had a disparate impact on minority applicants. On February 17, 2010, Plaintiffs filed a motion to amend their Complaint. Though Defendants have not opposed the motion to amend, the motion has not been acted upon.

3.    At the conference, Plaintiffs further announced their intent to supplement their previously filed expert reports. As understood by Defendants, the purpose of the "supplemental" reports was to address the 2008 promotional exams, which became the subject of the proposed Amended Complaint. For this reason, Defendants did not object to the 15 day period afforded by this Court for them to respond to Plaintiffs' supplemental reports.

4.    As it turned out, the 2008 promotional exams are barely mentioned in the reports served on April 15. On that date, Plaintiffs served a report from Cassie L. Fields, Ph.D., and a "second supplemental report" from Joel P. Wiesen, Ph.D. Dr. Fields is replacing Plaintiffs' prior expert, Frank Landy, Ph.D., who died in January 2010. The report of Dr. Fields is 28 pages in length, and only barely mentions Dr. Landy's prior reports. The report of Dr. Fields addresses a full range of issues in this action, as set forth in the Table of Contents to her report (see Exh. 1 hereto). Moreover, the report addresses issues not addressed in Dr. Landy's prior reports, including promotional exams dating

back to 2003 and 2004, even though only exams since 2005 are at issue in the case. While Dr. Fields's report is dated March 30, 2010, it was not served until April 15.

5. The second supplemental report of Dr. Wiesen addresses the effect of "new hiring data received since my most recent report." Dr. Wiesen's report, like that of Dr. Fields, raises a host of issues, and only briefly mentions the 2008 exam. (See Exh. 2 hereto).[1]

6. Defendants require an additional 30 days to respond to the most recent reports of Plaintiffs' experts. The report of Dr. Fields is a full restatement and expansion of the late Dr. Landy's reports addressing, in its 28 pages, a full range of issues regarding the exams at issue, as well as issues pertaining to exams which have not been the subject of discovery or of any expert reports. In addition, Dr. Wiesen's report addresses several issues besides the 2008 promotional exam. An additional 30 days is required for both of Defendants' experts (James Outtz, Ph.D. and Jay Silva, Ph.D.) to analyze Plaintiffs' extensive reports and the data and analyses underlying these reports, and to prepare written reports which respond fully to the numerous issues raised in the reports.

7. The requested extension is also required because, for the first time, Defendants' experts will need to work with each of seven defendants to this action. Previously, when the Commonwealth was a party to the case, the defense of the state-wide exams, and the provision of data and information, was consolidated in one source, i.e. the State. Now, with the Commonwealth dismissed from the action, the defense experts must work with each Defendant in formulating opinions unique to each, for

---

[1] While Plaintiffs may point out that several Defendants have not yet responded to discovery requests pertaining to promotions from the 2008 exam, the fact remains that both of Plaintiffs' expert reports address issues far removed from that exam.

3

potential inclusion in the reports. Such work will require much more time than the Court's schedule currently allows.

8. The requested extensions until May 28, 2010 for producing expert reports, and until June 18, 2010 to complete expert depositions, should not require adjusting the current trial date of July 12, or the June 30th date for the pretrial conference.

9. As such, Defendants do not believe that this extension prejudices Plaintiffs. Plaintiffs had at least ten (10) weeks from the February 1st conference to produce expert reports, which, far from being "supplements," make substantial and material revisions to their prior reports to include opinions that go beyond the original expert reports and the 2008 examination. Conversely, not allowing this brief extension of time would substantially prejudice Defendants' rights to prepare and defend themselves, and to give their experts an adequate amount of time to respond to the various new issues.

For all the above reasons, Defendants pray that the deadline for Defendants to serve expert reports in response to the expert reports of Plaintiffs served on April 15 be continued to and including May 28, 2010, and that the deadline for completing expert depositions be extended from May 31, 2010, to and including June 18, 2010.

### CERTIFICATION PURSUANT TO RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel for Defendant City of Boston certifies that he has conferred with Plaintiffs' counsel in a good faith attempt to resolve or narrow the issues raised by the instant motion. Plaintiffs' counsel has stated that Plaintiffs will oppose the motion.

/s/Robert P. Morris
Robert P. Morris

Respectfully submitted,

CITY OF BOSTON,

By its Attorneys,

WILLIAM F. SINNOTT
Corporation Counsel

/s/Robert P. Morris
Mary Jo Harris
B.B.O. #561484
Robert P. Morris
B.B.O. #546052
Special Assistant Corporation Counsel
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

Dated: April 29, 2010

Respectfully submitted,

CITY OF LOWELL,

By its attorneys,

/s/Brian W. Leahey

Brian W. Leahey, Assistant City Solicitor
BBO #567403
City of Lowell - Law Department
375 Merrimack Street, 3rd Floor
Lowell, MA 01852-5909
Tel: 978-970-4050
Fax: 978-453-1510

Dated: April 29, 2010

Respectfully submitted,

WILLIAM M. MANZI, III in his capacity as MAYOR OF THE CITY OF METHUEN, MASSACHUSETTS,

By their attorney,

/s/Peter J. McQuillan
Peter J. McQuillan
B.B.O. #340180
Office of the City Solicitor
41 Pleasant Street, Room 311
Methuen, MA  01844
(978) 983-8575
(978) 983-8981

Dated: April 29, 2010

Respectfully submitted,

CITY OF WORCESTER and MICHAEL O'BRIEN,

By their attorneys,

/s/Laurie W. Engdahl
Laurie W. Engdahl
B.B.O. #554635
Daniel C. Brown
B.B.O. #648038
Collins, Loughran & Peloquin, P.C.
320 Norwood Park South
Norwood, MA 02062
(781) 762-2229

Dated: April 29, 2010

5

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| CITY OF SPRINGFIELD | MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, |
| By their Attorney, | DANIEL GRABAUSKAS IN HIS CAPACITY AS GENERAL MANAGER, |
| /s/Edward M. Pikula | THE BOARD OF TRUSTEES OF THE |
| Edward M. Pikula | MASSACHUSETTS BAY |
| B.B.O. #399770 | TRANSPORATION AUTHORITY, |
| City Solicitor | |
| Harry P. Carroll, Esq. | |
| B.B.O. #076060 | By their Attorney, |
| Senior Legal Counsel | |
| City of Springfield | /s/Kevin S. McDermott |
| Law Department | Kevin S. McDermott, B.B.O. #544513 |
| 36 Court Street, Room 210 | Assistant General Counsel |
| Springfield, MA 01103 | MBTA Law Department |
| Tel: 413-787-6085 | Ten Park Plaza, Suite 7760 |
| Fax: 413-787-6173 | Boston, MA 02116 |
| Email: epikula@springfieldcityhall.com | Tel: (617) 222-4756 |
| hcarroll@springfieldcityhall.com | Email: kmcdermott@mbta.com |
| Dated: April 29, 2010 | Dated: April 29, 2010 |

Respectfully submitted,

CITY OF LAWRENCE, MASSACHUSETTS, AND JOHN (sic) MICHAEL SULLIVAN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LAWRENCE

By their Attorney,

/s/Richard J. D'Agostino, Esq.
Richard J. D'Agostino, Esq.
BBO #633984
Assistant City Attorney
Room 306 - City Hall
200 Common Street
Lawrence, MA 01840
Tel: (978) 620-3030
Email: RDAgostino@CITYOFLAWRENCE.com

Dated: April 29, 2010

6

## **CERTIFICATE OF SERVICE**

      I, Robert P. Morris, certify that on April 29, 2010, this document was filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

      /s/Robert P. Morris
      Robert P. Morris