UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PEDRO LOPEZ, ET AL<br>    Plaintiffs,<br><br>v.<br><br>CITY OF LAWRENCE, ET AL.<br>    Defendants | )<br>)<br>)<br>)   **Civil Action No. 07-11693-GAO**<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT SPRINGFIELD'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ADDITIONAL TIME TO SUBMIT EXPERT REPORTS AND TO CONDUCT EXPERT DEPOSITIONS**

The defendants, City of Springfield and its Mayor Domenic J. Sarno (collectively called "Springfield"), by its attorneys, hereby reply to Plaintiffs' Response[1] to the motion by the defendants for additional time to submit their expert reports and to conduct expert depositions[2]. At the outset it should be noted that plaintiffs did not oppose the Defendants' Motion. Springfield urges the Court to allow the Defendants' Motion which, for reasons explained therein, would not delay the current trial date in this case.

Springfield does, however, challenge plaintiffs' assertions[3] that the court should condition allowance of the Defendants' Motion in ways which are unduly prejudicial to

---

[1] Plaintiffs' Response to Defendants' Motion For Additional Time To Submit Expert Reports And To Conduct Expert Depositions is hereinafter referred to as "Plaintiffs' Response".

[2] Defendants' Motion For Additional Time To Submit Expert Reports And To Conduct Expert Depositions is hereinafter referred to as "Defendants' Motion".

[3] Specifically, Plaintiffs' Response asserts "that: (1) the Defendants submit supplemental expert reports only by those experts previously disclosed by Defendants, James Outtz and Jay Silva; (2) the issues discussed in the Defendants' supplemental

Springfield. For the reasons set forth below the plaintiffs' attempt to get the Court to inject into the requested time extensions plaintiffs' unfair and unduly prejudicial conditions should be rejected.

1.   On September 11, 2007, plaintiffs filed a complaint requesting injunctive and declaratory relief against the City of Lawrence, Massachusetts, City of Methuen, Massachusetts, Commonwealth of Massachusetts, Paul Dietl, John Michael Sullivan, William Manzi, III. The City of Springfield was not named in the complaint and was not made a party in this case until January 2009.

2.   In the intervening years, after the complaint was filed but before Springfield was brought into this case, the docket reveals that the Court issued a number of discovery orders[4] and the parties engaged in discovery.[5]

---

expert reports are limited to issues discussed in Plaintiffs' supplemental expert reports; and (3) the Defendants make their experts available for depositions by June 18, 2010." Case 1:07-cv-11693-GAO Document 206 Filed 05/12/10.

[4]   Examples include, but are not limited, to the following docket entries ## **13** (Judge Tauro's Rule 26 Discovery Order entered on 11/16/2007); **23** (Judge Tauro's Order re Assented to Motion for Protective Order entered on 01/03/2008); **25** (Judge Tauro's Order re: Discovery entered on 01/04/2008); **80** (Judge Tauro's Order Regarding Depositions entered on 05/20/2008); **81** (Judge Tauro's Order on Document Discovery); **101** (Judge Tauro's Order re: Discovery entered on 08/12/2008); **108** (Judge Tauro's. Protective Order entered on 09/04/2008); **136** (Judge Tauro's Order on Additional Document Discovery entered: 01/08/2009).

[5]   Examples include, but are not limited, to the following docket entries ## **27** (Disclosure pursuant to Rule 26 by All Plaintiffs on 01/08/2008); **28** (Proposed Document(s) submitted by All Plaintiffs, Proposed Order Regarding Rule 30(b)(6) Depositions); **29** (Proposed Document(s) submitted by All Plaintiffs, Proposed Order on Document Discovery); **30** (Disclosure pursuant to Rule 26 by All Plaintiffs. etc.); **109** (Motion for a Short Enlargement of Time to File Plaintiffs' Expert Reports by Pedro

3.   As shown by the docket plaintiffs filed four amended complaints[6] before Springfield was made a party in this case.

4.   On or about January 8, 2009, plaintiffs filed their Sixth Amended Complaint in the captioned case. That pleading added Springfield and its Mayor as parties' defendant in this action.[7]

5.   On January 8, 2009, Judge Tauro held an Interim Pretrial Conference and issued a discovery order[8] allowing a pending Motion for Extension of Time to Postpone filing of Expert Reports requiring Defendants to file Expert Reports by February 9, 2009 and

---

Lopez. entered: 09/23/2008); **119** (Motion to Continue Production of Defendants' Expert Report(s) to 1/2/09 (Unopposed) by City of Boston entered on 11/14/2008); **120** (Motion to Amend May 19, 2008 Discovery Order to Include Additional Document Discovery Between Plaintiffs and Defendant City of Lowell by Pedro Lopez); **121** (First Motion for Discovery Deposition of Robert Alvarez by City of Lowell entered on 11/28/2008); **123** Motion of Defendant City of Lowell Request for a Court Order for Personnel Records of Plaintiff Robert Alvarez by City of Lowell entered on 11/28/2008).

[6]   *See* Docket entries ## **21** (Second Amended Complaint against all defendants, filed by All Plaintiffs entered on 01/04/2008); **49** (Third Amended Complaint against all defendants entered on 02/13/2008); **62** (Fourth Amended Complaint against all defendants entered on 03/17/2008); **82** (Fifth Amended Complaint against all defendants entered on 05/30/2008).

[7]   *See* Docket entry #**139**.

[8]   *See* Docket entry #**139** (Electronic Clerk's Notes).

allowing depositions to be completed by March 31, 2009 stating that "No further extensions of discovery shall be granted."[9]

6.     The next day, on January 9, 2009, a summons was issued to the City of Springfield, Domenic Sarno, Jr. (Mayor of Springfield), the Massachusetts Bay Transportation Authority, and Daniel Grabauskas, Board of Trustees of the Massachusetts Bay Transportation Authority.[10]

7.     Under these circumstances Springfield has not had an adequate opportunity to develop facts to support its defenses or pin down the plaintiffs' theories of liability. Notwithstanding the lack of a full opportunity to engage in discovery on equal terms with

---

[9]  *See* Docket entry #**138**; *see also* **174** (Notice of Appeal as to Order on Motion to Dismiss/Lack of Jurisdiction by Commonwealth of Massachusetts entered on 05/04/2009); **175** (Motion to Stay Proceedings Pending Appeal by Commonwealth of Massachusetts, Paul Dietl entered: 05/08/2009); **179** (Motion For Non-State Defendants to be Relieved of Obligations Under Pre-Trial Order due to Appeal and Motion to Stay re entered on 05/13/2009); **181** (Judge Tauro's Order staying all proceedings until 30 days after the mandate issues from the First Circuit in the State defendants' pending appeal entered on 05/13/2009); **188** (USCA Judgment as to Notice of Appeal, Electronic Notice of Reassignment. Judge George A. OToole, Jr added, Judge Joseph L. Tauro no longer assigned to case, case reassigned per Oral Order of Judge Tauro entered on 12/08/2009); **189** (Mandate of USCA as to Notice of Appeal, filed by Commonwealth of Massachusetts, Paul Dietl reversing the District Court's denial of the state Defts' Motion to Dismiss and remanding the case to the District Court for entry of an Order of Dismissal under Title VII with prejudice with respect to the state defts. appeal entered on 12/29/2009).

[10] *See* Docket entry #**140**; *see also* Docket entries ## **149** (Summons Returned Executed Massachusetts Bay Transportation Authority served on 1/13/2009); **150** (Summons Returned Executed Board of Trustees of the Massachusetts Bay Transportation Authority served on 1/13/2009); **151** (Summons Returned Executed Daniel Grabauskas served on 1/13/2009); **152** (Summons Returned Executed City of Springfield served on 1/13/2009); **153** (Summons Returned Executed Domenic Sarno, Jr. served on 1/13/2009).

the other parties in this litigation Springfield has contacted an expert and expects to submit the expert's report regarding issues involving Springfield in this case within the time period requested in Defendants' Motion. Springfield's right to offer the testimony of its own expert witness is, in practical terms, the right to present a defense, the right to present Springfield's version of the facts to the court so it may decide where the truth lies. This right is a fundamental element of due process of law.

8. "The purpose of Rule 26's expert disclosure requirements is to 'minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial.'"[11] The First Circuit has long recognized that:

> Recognizing the importance of expert testimony in modern trial practice, the Civil Rules provide for extensive pretrial disclosure of expert testimony. This sort of disclosure is consonant with the federal courts' desire to "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." In the arena of expert discovery - a setting which often involves complex factual inquiries - Rule 26 increases the quality of trials by better preparing attorneys for cross-examination, minimizing surprise, and supplying a helpful focus for the court's supervision of the judicial process. In short, Rule 26 promotes fairness both in the discovery process and at trial. For Rule 26 to play its proper part in this salutary scheme, discovery must not be allowed to degenerate into a game of cat and mouse.[12]

---

[11] *Gay v. Stonebridge Life Ins. Co.*, 2010 U.S. Dist. LEXIS 43451 (D. Mass. 2010) (citations omitted); *see also Herron v. Eastern Indus.,* 2007 U.S. Dist. LEXIS 69339 (N.D. Fla. 2007) (pointing out that the "overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.").

[12] *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992) (citations and footnote omitted).

9.  Plaintiffs' proposed conditions which would limit the allowance of the Defendants' Motion are unfair because they effectively preclude Springfield from making any pretrial disclosure of its anticipated expert testimony.  It is also unduly prejudicial to Springfield because plaintiffs may use it as a pretext to prevent Springfield from offering its own expert evidence in its defense to plaintiffs' claims.  Springfield should not be deprived of a fair opportunity to assemble and submit its expert evidence to contradict or explain the plaintiffs' claims.

Wherefore Springfield respectfully requests that the Defendants' Motion be allowed without the conditions requested in Plaintiffs' Response.

THE DEFENDANTS
CITY OF SPRINGFIELD AND
MAYOR SARNO

/s/ Harry P. Carroll

*Digitally signed by Harry P. Carroll
DN: cn=Harry P. Carroll, o=City of Springfield, ou=Springfield Law Department, email=hcarroll@springfieldcityhall.com, c=US
Date: 2010.05.13 16:08:44 -04'00'*

Harry P. Carroll, Esq.
Senior Legal Counsel

City of Springfield, Law Department
36 Court Street
Springfield, MA 01103
Phone 413-787-6085
Fax 413-787-6173
BBO # 076060

CERTIFICATE OF SERVICE

I, Harry P. Carroll, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Harry P. Carroll

*Digitally signed by Harry P. Carroll
DN: cn=Harry P. Carroll, o=City of Springfield, ou=Springfield Law Department, email=hcarroll@springfieldcityhall.com, c=US
Date: 2010.05.13 16:09:01 -04'00'*

Harry P. Carroll, Esq.,
Senior Legal Counsel
City of Springfield, Law Department
36 Court Street
Springfield, MA 01103
Phone 413-787-6085
BBO # 076060