UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                       )
PEDRO LOPEZ, et al.                    )
                                       )
            Plaintiffs,                )
                                       )   Civil Action No. 07-11693-JLT
      v.                               )
                                       )
CITY OF LAWRENCE, et al.               )
                                       )
            Defendant.                 )
_____)

**PLAINTIFFS' MOTION TO STRIKE AND/OR DISREGARD DEFENDANT SPRINGFIELD'S REPLY (ECF DOC. 207) TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ADDITIONAL TIME TO SUBMIT EXPERT REPORTS AND TO CONDUCT EXPERT DEPOSITIONS;
OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUR-REPLY**

The Plaintiffs, by their attorneys, move this Court to strike or disregard the reply filed by the City of Springfield to Plaintiffs' response to the Defendants' motion for additional time. See ECF Doc. 207 ("Springfield's Reply).

First of all, Springfield violated Local Rule 7.1 by filing its reply without leave of court. See Local Rule 7.1(b)(3) ("All other papers . . . whether in the form of a reply brief or otherwise, may be submitted only with leave of court.")  Its reply should be stricken for this reason alone.  Second, in its reply, Springfield asks this Court for permission to file a report by a new, undisclosed expert. Id. at 5. The Defendants' initial motion, however, only requested an extension of time for them to submit reports and conclude depositions of experts that they had previously disclosed: James Outtz and Jay Silva. See Def. Mtn. at 3 (ECF Doc. 205) ("An additional 30 days is required for both of Defendants' experts (James Outtz, Ph.D., and Jay Silva, Ph.D) . . . .").  No

mention whatsoever was made of new experts.  The Plaintiffs therefore did not object to the Defendants' motion[1], to which Springfield was a signatory.  Had the Defendants' explained Springfield's intention to retain a new, undisclosed expert in its motion, the Plaintiffs would certainly have opposed the motion.  Therefore, Springfield's reply is inappropriate and unresponsive to Defendants' initial motion and should be stricken.[2]

It is axiomatic that a reply brief cannot seek relief not requested in the original motion.  "It is improper for a party to move for new and/or different relief in a reply . . . .  A reply is limited to addressing issues raised in the opposition."  Jin v. Rodriguez, 2006 WL 842425, *2 (E.D. Cal. March 28, 2006); see DeNadai v. Preferred Capital Markets, Inc., 272 B.R. 21, 33 (D. Mass. 2001) (ruling that, based on First Circuit practice, issues raised in reply brief that were not raised in original motion are deemed waived); Huertas v. Transunion, LLC, 2010 WL 1838410, *1 n. 2 (D.N.J. May 6, 2010) (ruling that Court would not address unrelated discovery issues raised in plaintiff's reply brief to a motion to amend); Estate of Rick ex rel. Rick v. Stevens, 2001 WL 34008709, *6 (N.D. Iowa July 18. 2001) (explaining that "inclusion of a new ground for relief in a reply brief is improper").

---

[1] As the Plaintiffs explained in their response, they have no objection to the limited request for additional time for the Defendants to submit expert reports and conclude expert depositions.  The Defendants' motion only referenced supplemental reports by the Defendants' previously disclosed experts, James Outtz and Jay Silva.  Thus, the Plaintiffs made clear that they only agreed to extensions for the supplemental expert reports by Messrs. Outtz and Silva, and that such supplemental reports would be limited to issues discussed in Plaintiffs' supplemental expert reports.  See Def. Response at 1-2 (ECF Doc. 206).  It is noteworthy that no Defendant other than Springfield has requested leave to file a reply to Plaintiffs' response; thus it would appear that Plaintiffs response was acceptable to the other Defendants.

[2] Springfield's recitation of its late entrance into this dispute is also irrelevant.  See Springfield's Reply at 3-5.  Had Springfield intended to retain its own expert, it could have easily informed the Court at the February 1, 2010 scheduling conference or in the Defendants' motion.  It did neither.

Springfield's reply states that "Springfield has contacted an expert and expects to submit that expert's report regarding issues involving Springfield in this case within the time period requested in Defendant's Motion." Springfield's Reply at 5. This contradicts the Defendants' original motion in which they only requested additional time for their already disclosed experts. See Def. Mtn. at 3. Thus, when Springfield requests, in the conclusion to its reply, that the "Defendants' Motion be allowed without the conditions requested in Plaintiffs' Response," the city fails to recognize that the Defendants' motion did not request the relief sought by Springfield. Indeed, the Plaintiffs set forth their "conditions" solely for the purposes of avoiding the very scenario now created by Springfield's improper reply – i.e., in case one of the Defendants' attempted to retain an expert not previously disclosed, or raise issues by any expert not raised in Plaintiffs' supplemental expert reports.

If this Court does not strike Springfield's reply, which it should, the Plaintiffs respectfully request that this Court grant leave for the Plaintiffs to file a sur-reply to make clear that it opposes the request by Springfield, or any of the Defendants, to submit supplemental expert reports by anyone other than the two previously disclosed defense experts, Messrs. Outtz and Silva.

## Conclusion

The law is clear that where the Defendants' "original motion did not include a [request for new, undisclosed experts], [Sprinfield] may not request such relief in [its] reply." Jin, 2006 WL 842425 at *2. For all of the foregoing reasons, the Plaintiff ask this Court to strike or disregard the reply of Defendant Springfield.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | PEDRO LOPEZ, et al. |
|  | By their attorneys, |
| Date: May 14, 2010 | /s/ Joseph L. Sulman<br>Harold L. Lichten, BBO #549689<br>Shannon Liss-Riordan, BBO# 640716<br>Joseph L. Sulman, BBO #663635<br>LICHTEN & LISS-RIORDAN, P.C.<br>100 Cambridge Street, 20th Floor<br>Boston, MA 02114<br>(617) 994-5800 |

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2010, a copy of this document was served by electronic filing on all counsel of record.

                                      /s/ Joseph L. Sulman
                                        Joseph L. Sulman