**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| PEDRO LOPEZ, ET AL<br>Plaintiffs<br><br>v.<br><br>CITY OF LAWRENCE, ET AL.<br>Defendants | )<br>)<br>)<br>)  Civil Action No. 07-11693-GAO<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT SPRINGFIELD'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
OR IN THE ALTERNATIVE
SPRINGFIELD'S RETROACTIVE REQUEST FOR LEAVE TO FILE SPRINGFIELD'S REPLY**

The defendants, City of Springfield and its Mayor Domenic J. Sarno (collectively called "Springfield"), by its attorneys, hereby oppose Plaintiffs' Motion To Strike.[1] Plaintiffs' first argument consists of urging the Court, in effect, to elevate form over substance[2] by paying no attention to Springfield's Reply[3] to Plaintiffs' Response[4] to the

---

[1] "Plaintiffs' Motion To Strike And/Or Disregard Defendant Springfield's Reply To Plaintiffs' Response To Defendants' Motion For Additional Time To Submit Expert Reports And To Conduct Expert Depositions; Or In The Alternative, Motion For Leave To File Sur-Reply", ECF Doc. 208, is herein referred to as "Plaintiffs' Motion to Strike" or "Pls' Mot. To Strike".

[2] Plaintiffs' argue that "Springfield violated Local Rule 7.1 by filing its reply without leave of court....  Its reply should be stricken for this reason alone."  Pls' Mot. To Strike 1.

[3] Defendant Springfield's Reply To Plaintiffs' Response To Defendants' Motion For Additional Time To Submit Expert Reports And To Conduct Expert Depositions, ECF Doc. 207, is incorporated herein by reference and herein referred to as "Springfield's Reply."

[4] Plaintiffs' Response to Defendants' Motion For Additional Time To Submit Expert Reports And To Conduct Expert Depositions, ECF Doc. 206, is hereinafter referred to as "Plaintiffs' Response" or "Pls.' Resp."

Defendants' Motion[5]. The Court has the authority to retroactively grant Springfield's request for leave to file Springfield's reply in this case. This type of technical correction is warranted in this case. Plaintiffs' first argument in the Motion to Strike is ironic because Plaintiffs' Response itself violates the same Local Rule[6] plaintiffs now urge the Court to inflexibly enforce in connection with Springfield's Reply to Plaintiffs' Response. Plaintiffs' improper attempt to get the Court to impose unfair and unreasonable conditions upon allowance of the Defendants' Motion is based upon plaintiffs' incorrect and unrealistically rigid view of the local rule. The Court has ample discretion to retroactively grant leave to Springfield to file its reply and should do so in this case.[7] The local rules should assist, not hinder, focusing a district court's attention on

---

[5]  Defendants' Motion For Additional Time To Submit Expert Reports And To Conduct Expert Depositions, ECF Doc. 205, is incorporated herein by reference and hereinafter referred to as "Defendants' Motion" or "Defs.' Mot."

[6]  Plaintiffs' Response violates the Local Rule 7.1. The Local Rules do not authorize a party to "respond" to a motion. The Local Rules expressly provide for Motions and Oppositions to Motions. *See* Local Rule 7.1 (b). Plaintiffs' Response was neither.
   Plaintiffs' Response cannot be fairly construed as an opposition to Defendants' Motion because Plaintiffs' Response specifically says that "Plaintiffs do not oppose the request for additional time." Pls.' Resp. 1. Plaintiffs failure to ask for leave of Court before filing Plaintiffs' Response was itself a technical violation of Local Rule (b) (3) (requiring that all "other papers not filed as indicated in subsections (b)(1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court."). Plaintiffs' Response lists several conditions plaintiffs want the Court to impose upon Defendants' Motion; plaintiffs had no right to file such a response to Defendants' Motion without first obtaining leave of court. *See* Local Rule 7.1 (b) (3).

[7]  This type of an issue has arisen before in the District of Massachusetts and been resolved by U.S. District Court Chief Judge William G. Young:

> Local Rule 7.1(b) (3) of the United States District Court for the District of Massachusetts states:

2

what is -- and what is not -- genuinely controverted and reduce the possibility that the district court will fall victim to an ambush. Springfield should not be faulted for directing the Court's attention to specific problems embedded in Plaintiffs' Response. The "raise or waive" rule requires that a party make its concerns known to the Court before it acts upon a pending matter.[8] The Court has not acted upon Defendants' Motion. The Court is

---

> Additional Papers. All other papers not filed as indicated in subsections (b) (1) and (2), whether in the form of a reply brief or otherwise, may be submitted only with leave of court. D. Mass. R. 7.1.
>
> As Radford submitted their response to First Unum's opposition, without first filing for leave of court, First Unum argues that Radford's response should be stricken from the record....
>
> While Radford implicitly agrees that acquiring leave to file its response was necessary under Local Rule 7.1(b) (3), it argues that this Court has ample authority to accept the supplemental ... information and draws the Court's attention to the First Circuit's decision in Wennik v. Polygram Group Distribution, Inc., 304 F.3d 123, 134 (1st Cir. 2002).... In Wennik, the court found "no abuse of discretion in the district court's acceptance of . . . revised time records," and noted further that precedent "suggest[s] that acceptance of revised time records is not uncommon." 304 F.3d at 134. In the alternative, Radford requests that this court retroactively grant leave to file its response....
>
> Radford's retroactive request for leave to file "Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for an Award of Attorney's Fees", made in Radford's Opposition to First Unum's Motion to Strike ... is ALLOWED. First Unum's Motion to Strike ... is DENIED.

*Radford Trust v. First Unum Life Ins. Co. of Am.*, 399 F. Supp. 2d 3, 21-22 (D. Mass. 2005).

[8]   *United States v. Ramirez-Rivera*, 241 F.3d 37, 40 (1st Cir. 2001) (stating that judges "are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out his arguments squarely and distinctly, or else forever hold his peace.") (citations and internal quotation marks omitted).

entitled to receive relevant information pertaining to the objectionable nature of Plaintiffs' Response to Defendants' Motion before it acts upon Defendants' Motion.[9]

Plaintiffs' second argument in support of their Motion to Strike consists of mischaracterizing the relief sought in Defendants' Motion and Springfield's Reply to Plaintiffs' Response[10]. Having constructed its straw man plaintiffs knock it down with citations for plaintiffs' inapposite legal axiom.[11] A more appropriate axiom here is

---

[9] *CMM Cable Rep v. Ocean Coast Props.*, 97 F.3d 1504, 1526 (1st Cir. 1996) (explaining that "not only can parties not claim error based on arguments which the district court never had a chance to timely consider, but courts are also entitled to expect represented parties to incorporate all relevant arguments in the papers that directly address a pending motion.") (citations omitted).

[10] The Motion to Strike mischaracterizes both the relief sought in Defendants' Motion and the nature of Springfield's Reply to Plaintiffs' Response. Defendants' Motion is clear about the relief it seeks; saying: "Defendants pray that the deadline for Defendants to serve expert reports in response to the expert reports of Plaintiffs served on April 15 be continued to and including May 28, 2010, and that the deadline for completing expert depositions be extended from May 31, 2010, to and including June 18, 2010." (Defs.' Mot., 4). Springfield's Reply "urges the Court to allow the Defendants' Motion" and "respectfully requests that the Defendants' Motion be allowed without the conditions requested in Plaintiffs' Response" (Springfield's Reply, 1, 6). Thus, contrary to plaintiffs' unsubstantiated assertions in the Motion to Strike, Springfield did not ask the Court for relief not requested in the original motion; instead, Springfield's Reply expressly "urges the Court to allow the Defendants' Motion" and "respectfully requests that the Defendants' Motion be allowed without the conditions requested in Plaintiffs' Response."

[11] Plaintiffs' posit that it is "axiomatic that a reply brief cannot seek relief not requested in the original motion." (Pls.' Mot. To Strike, Doc. 208, p.2). Plaintiffs' axiom has no operation in the circumstances now before the Court. Defendants' Motion sought an unconditional extension of time for expert reports and depositions (Defs.' Mot., 4); Springfield's Reply urged the Court to allow Defendants' Motion. (Springfield's Reply, 1, 6). Consequently the Motion to Strike is based upon inaccurate and unreliable mischaracterizations of the facts; it is therefore without substance and should be denied.

4

"*expressio unius est exclusio alterius.*" [12]  Springfield seeks the exact relief expressed in Defendants' Motion.  Plaintiffs' attempt to get the Court to unfairly condition the relief requested in Defendants' Motion so as to unduly prejudice Springfield's right to present its defense expert in this case should be summarily rejected.

Plaintiffs are on notice that Springfield expects to make the required expert disclosures within the time requested in Defendants' Motion and Springfield anticipates calling its own expert witness to testify at trial.  Justice requires that Springfield be given the opportunity to do so.  At the time Defendants' Motion was filed Springfield had no reason to anticipate that plaintiffs would improperly respond to Defendants' Motion by attempting to get the Court to attach unfair and unduly prejudicial conditions to the allowance of Defendants' Motion.  Once plaintiffs did so Springfield had to reply to Plaintiffs' Response or risk waiving a vital part of Springfield's defense the right to call expert witnesses of Springfield's own choosing.  Fundamental fairness requires that Springfield be permitted a fair opportunity to assemble and submit evidence to contradict or explain the plaintiffs' case.  Plaintiffs' Motion to Strike appears designed primarily to prevent Springfield from providing its own expert evidence in this case.  Plaintiffs, while pursuing their claims against numerous other defendants in this case, failed for nearly a year and four months to file any claims against Springfield.  It wasn't until after the dates

---

[12]  "The expression of one thing is the exclusion of another.... The express mention of one thing [person or place] implies the exclusion of another."  BLACK'S LAW DICTIONARY 727 (3rd ed. 1933) (citations omitted).  Defendants' Motion expressly mentions the relief it seeks, an extension of time to complete expert reporting and depositions in this case.  That express reference to the relief sought excludes implying other relief not requested – plaintiffs' unfair conditions.

were first set for expert disclosure that Springfield was made a party in this case. In other words plaintiffs waited until after the bulk of the discovery had already been completed in this case before adding Springfield as a party defendant. Plaintiffs' delay in adding Springfield as a party justifies the disclosure of Springfield's expert report within the time requested in Defendants' Motion. Springfield expects to make its expert disclosures at the times and in the sequence that the court orders in allowing Defendants' Motion. If plaintiffs wish to depose Springfield's expert they will be permitted to so upon payment of the expert's fees and costs to prepare for, attend and participate in such a deposition. The trial court has the discretion to admit or exclude Springfield's expert evidence based on the circumstances of this case. Springfield should not be unjustly deprived of a fair opportunity to present its expert evidence to the Court.

Wherefore Springfield respectfully requests that: (1) the Defendants' Motion be allowed without the conditions requested in Plaintiffs' Response; (2) the Court retroactively grant Springfield leave to Reply to Plaintiffs' Response; (3) Plaintiffs' Motion to Strike be denied; and (4) Springfield be permitted to make its expert disclosures within the time requested in Defendants' Motion.

THE DEFENDANTS
CITY OF SPRINGFIELD AND
MAYOR SARNO

/s/ Harry P. Carroll

Digitally signed by Harry P. Carroll
DN: cn=Harry P. Carroll, o=City of Springfield, ou=Springfield Law Department, email=hcarroll@springfieldcityhall.com, c=US
Date: 2010.05.19 10:43:24 -04'00'

Harry P. Carroll, Esq.
Senior Legal Counsel
City of Springfield, Law Department

6

36 Court Street
Springfield, MA 01103

Phone 413-787-6085
Fax 413-787-6173
BBO # 076060

CERTIFICATE OF SERVICE

I, Harry P. Carroll, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ 
Harry P. Carroll, Esq.,
Senior Legal Counsel
City of Springfield, Law Department
36 Court Street
Springfield, MA 01103
Phone 413-787-6085
BBO # 076060

7