UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-11693-GAO

PEDRO LOPEZ, ABEL CANO, KEVIN SLEDGE, CHARLES DEJESUS, RICHARD
BROOKS, MASSACHUSETTS HISPANIC LAW ENFORCEMENT ASSOC., ROBERT
ALVAREZ, MARISOL NOBREGA, SPENCER TATUM, SHUMEAND BENFOLD,
ANGELA-WILLIAMS MITCHELL, GWENDOLYN BROWN, LYNETTE PRAILEAU,
TYRONE SMITH, EDDY CHRISPIN, DAVID E. MELVIN, STEVEN MORGAN, WILLIAM
E. IRAOLO, JOSE LOZANO, COURTNEY A. POWELL, JAMES L. BROWN, GEORGE
CARDOZA, LARRY ELLISON, DAVID SINGLETARY, CHARISSE BRITTLE POWELL,
CATHENIA D. COOPER-PATERSON, MOLWYN SHAW, LAMONT ANDERSON,
GLORIA KINKEAD, KENNETH GAINES, MURPHY GREGORY, JULIAN TURNER,
NEVA GRICE, DELORES E. FACEY, LISA VENUS, RODNEY O. BEST, KAREN
VANDYKE, ROBERT C. YOUNG, ROYLINE LAMB, LYNN DAVIS, JAMES A. JACKSON,
JUAN ROSARIO, LOUIS ROSARIO JR., OBED ALMEYDA, DEVON WILLIAMS, JULIO
M. TOLEDO, individually and on behalf of a class of individuals similarly situated,
Plaintiffs,

v.

CITY OF LAWRENCE, MASSACHUSETTS, JOHN MICHAEL SULLIVAN, IN HIS
CAPACITY AS MAYOR OF THE CITY OF LAWRENCE, MASSACHUSETTS, CITY OF
METHUEN, MASSACHUSETTS, WILLIAM MANZI, III, IN HIS CAPACITY AS MAYOR
OF CITY OF METHUEN, MASSACHUSETTS, CITY OF LOWELL, MASSACHUSETTS,
APPOINTING AUTHORITY FOR CITY OF LOWELL, CITY OF WORCESTER,
MASSACHUSETTS, MICHAEL O'BRIEN IN HIS CAPACITY AS CITY MANAGER FOR
THE CITY OF WORCESTER, CITY OF BOSTON, MASSACHUSETTS, CITY OF
SPRINGFIELD, MASSACHUSETTS, MAYOR DOMENIC SARNO JR., IN HIS CAPACITY
AS MAYOR FOR THE CITY OF SPRINGFIELD, MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY, DANIEL GRABAUSKAS IN HIS CAPACITY AS
GENERAL MANAGER, THE BOARD OF TRUSTEES OF THE MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY,
Defendants.

OPINION AND ORDER
June 11, 2010

O'TOOLE, D.J.

The municipal and MBTA defendants have moved to dismiss the Sixth Amended

Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(c). As an initial matter,

the Court ruled on February 1, 2010 that the time period had expired to file dispositive motions. It is well-established, however, that a lack of subject matter jurisdiction can be raised at any point in the proceedings. Bennett v. City of Holyoke, 362 F.3d 1, 7 (1st Cir. 2004) (citing Kontrick v. Ryan, 540 U.S. 443, 445 (2004)). Therefore, the defendants' motion to dismiss is not untimely as to the arguments addressing subject matter jurisdiction.

The defendants primarily argue that this Court lacks jurisdiction because the plaintiffs lack standing to prosecute the claims set forth in the complaint. The three fundamental requisites of standing that a litigant invoking federal jurisdiction must establish are (1) an injury in fact; (2) causation; and (3) redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The defendants' argument involves the latter two elements: causation and redressability.

First, the defendants contend that the injury the plaintiffs allege to have suffered --- a failure to be promoted based on the defendants' use of examinations that had a disparate impact on minority test-takers --- was caused by third parties, the state defendants who have already been dismissed from the suit. They argue that because the tests were designed by the Massachusetts Human Resources Division ("HRD") pursuant to Massachusetts's state civil service law, Mass. Gen. Laws ch. 31, the moving defendants were not the cause of any alleged injury merely because they utilized the HRD examinations in accordance with state law. However, Massachusetts law does not require the defendants to use the HRD tests. See id. §§ 5(l), 9-11; Lopez v. Massachusetts, 588 F.3d 69, 76, 87 (1st Cir. 2009). They have discretion to decide whether to use the HRD assessment as part of their promotion processes or whether to create and implement their own examinations. See Lopez, 588 F.3d at 74-75, 76. The defendants affirmatively chose to utilize the HRD tests, which allegedly led to minority test-takers being ranked lower than their non-minority counterparts on the resulting eligibility lists and therefore

less likely to be promoted to sergeant. The plaintiffs were not promoted. The plaintiffs have thus alleged a fairly traceable causal connection between their injury and the conduct of which they complain. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998).

Second, the defendants argue that redressability is lacking because they cannot change the HRD examinations or testing procedures. While the defendants may not be in a position to change the HRD tests, they are permitted to select an entirely different system to implement in order to evaluate candidates for police promotions. See Mass. Gen. Laws ch. 31, §§ 5(l), 9-11; Lopez, 588 F.3d at 76, 87. A favorable decision --- a ruling that the use of HRD examinations had a discriminatory impact on minority candidates and was not justified by a business necessity --- could plausibly result in a judgment compelling the defendants to choose alternative, non-discriminatory selection processes for evaluating candidates, as they are permitted to do by law. The plaintiffs have alleged sufficient facts to meet the redressability requirement. See Lujan, 504 U.S. at 560-61.

For the foregoing reasons, the Motion to Dismiss (dkt. no. 198) is DENIED. As to the remaining arguments in the motion, the defendants go beyond the scope of a jurisdictional challenge, and instead ask the Court to reach the merits of the case. The Court has previously ruled that the time for filing such pre-trial motions has passed.

The other pending motions may be resolved summarily. The plaintiffs' Motion for Leave to Amend Complaint (dkt. no. 195), which stands unopposed, is GRANTED, and the Seventh Amended Complaint may be filed. The Joint Motion of Defendant Cities of Boston, Lawrence, Lowell, Methuen, Springfield & Worcester, and Defendant Massachusetts Bay Transportation Authority for Reconsideration of Ruling Terminating Dispositive Motions (dkt. no. 193) is DENIED. The Motion of Defendant Cities of Boston, Lawrence, Lowell, Methuen, Springfield

& Worcester, and Defendant Massachusetts Bay Transportation Authority for Additional Time to Submit Expert Reports and to Conduct Expert Depositions (dkt. no. 205) is GRANTED *nunc pro tunc*. The Plaintiffs' Motion to Strike is DENIED (dkt. no. 208).

It is SO ORDERED.

 /s/ George A. O'Toole, Jr.
United States District Judge