UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| PEDRO LOPEZ, ET AL<br>Plaintiffs<br><br>v.<br><br>CITY OF LAWRENCE, ET AL.<br>Defendants | )<br>)<br>)<br>)  Civil Action No. 07-11693-GAO<br>)<br>)<br>)<br>)<br>) |

ANSWER TO SIXTH AMENDED COMPLAINT OF
THE CITY OF SPRINGFIELD AND MAYOR SARNO

The defendants, City of Springfield and Domenic J. Sarno Jr. in his capacity as mayor for the City of Springfield, (hereinafter collectively called "Springfield"), hereby answer the Plaintiffs' Sixth Amended Complaint as follows:

1. Springfield denies the allegations contained in Paragraphs 1-2, 72-75, 81-82, and Counts I and II of the Plaintiffs' Sixth Amended Complaint, to the extent that the said Paragraphs and Counts are directed to Springfield or require a responsive pleading from Springfield. To the extent that the remaining allegations contained in Paragraphs 1-2, 72-75, 81-82, and Counts I and II are not directed to it, Springfield is without knowledge or information sufficient to form a belief as to the truth of the said remaining allegations.

2. Springfield is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 3-42, 49 {second}, 50 and 50 {second}, 51-60, 76-80, and 83-88 of Plaintiffs' Sixth Amended Complaint.

3. Springfield states that some of the paragraph numbers in Plaintiffs' Sixth Amended Complaint were duplicated. Springfield answered the duplicated numbered

paragraphs by adding the designation "{second}" following the duplicated paragraph number in Plaintiffs' Sixth Amended Complaint.

4. Springfield admits the allegations in Paragraphs 49 and 70 of Plaintiffs' Sixth Amended Complaint.

5. Springfield admits so much of the allegations contained in Paragraph 43 of the Plaintiffs' Sixth Amended Complaint as allege that James A Jackson is a City of Springfield police officer, and Springfield has insufficient information to either admit or deny the balance of the allegations contained in Paragraph 43 of the Plaintiffs' Sixth Amended Complaint.

6. Springfield admits so much of the allegations contained in Paragraph 44 of the Plaintiffs' Sixth Amended Complaint as allege Juan Rosario is a City of Springfield police officer, and Springfield has insufficient information to either admit or deny the balance of the allegations contained in Paragraph 44 of the Plaintiffs' Sixth Amended Complaint. Springfield further answers Paragraph 44 of the Plaintiffs' Sixth Amended Complaint by stating that Juan Rosario was promoted to the position of Springfield Police Sergeant.

7. Springfield admits so much of the allegations contained in Paragraph 45 of the Plaintiffs' Sixth Amended Complaint as allege Louis Rosario Jr., is a City of Springfield police officer, and Springfield has insufficient information to either admit or deny the balance of the allegations contained in Paragraph 45 of the Plaintiffs' Sixth Amended Complaint.

8. Springfield admits so much of the allegations contained in Paragraph 46 of the Plaintiffs' Sixth Amended Complaint as allege Obed Almeyda is a City of Springfield

police officer, and Springfield has insufficient information to either admit or deny the balance of the allegations contained in Paragraph 46 of the Plaintiffs' Sixth Amended Complaint.

9.  Springfield admits so much of the allegations contained in Paragraph 47 of the Plaintiffs' Sixth Amended Complaint as allege Devon Williams is a City of Springfield police officer, and Springfield has insufficient information to either admit or deny the balance of the allegations contained in Paragraph 47 of the Plaintiffs' Sixth Amended Complaint.

10. Springfield admits so much of the allegations contained in Paragraph 48 of the Plaintiffs' Sixth Amended Complaint as allege Julio M. Toledo is a City of Springfield police officer, and Springfield has insufficient information to either admit or deny the balance of the allegations contained in Paragraph 48 of the Plaintiffs' Sixth Amended Complaint. Springfield further answers Paragraph 48 of the Plaintiffs' Sixth Amended Complaint by stating that Julio M. Toledo was promoted to the position of Springfield Police Sergeant.

11. Springfield states that Plaintiffs' Sixth Amended Complaint does not contain Paragraphs numbered 61-69 and, therefore, no answer to those nonexistent Paragraphs in Plaintiffs' Sixth Amended Complaint is required.

12. Springfield admits so much of the allegations contained in Paragraph 71 of the Plaintiffs' Sixth Amended Complaint as allege "[t]he defendant, Domenic Sarno Jr., is the Mayor of the City of Springfield, Massachusetts" and Springfield denies all the remaining allegations in Paragraph 71 of the Plaintiffs' Sixth Amended Complaint.

### AFFIRMATIVE DEFENSES

FIRST DEFENSE

Plaintiffs' Sixth Amended Complaint as to Springfield fails in whole or in part to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiffs' Sixth Amended Complaint as to Springfield is barred in whole or in part by the applicable statute of limitation periods.

THIRD DEFENSE

Plaintiffs' Sixth Amended Complaint fails to state a case or controversy as to Springfield sufficiently real to give this Court jurisdiction over the subject matter of Plaintiffs' Sixth Amended Complaint.

FOURTH DEFENSE

Plaintiffs' Sixth Amended Complaint as to Springfield fail to allege any acts made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), or G.L. c.151B that have been committed by Springfield within three hundred (300) days of the filing of charges of discrimination by Plaintiffs, James A. Jackson, Juan Rosario, Louis Rosario Jr., Obed Almeyda, Devon Williams, and Julio M. Toledo with the Massachusetts Commission Against Discrimination, and therefore the Plaintiffs' Sixth Amended Complaint as to Springfield should be dismissed.

FIFTH DEFENSE

Plaintiffs, James A. Jackson, Juan Rosario, Louis Rosario Jr., Obed Almeyda, Devon Williams, and Julio M. Toledo, have failed to exhaust their administrative remedies and are therefore precluded from asserting Counts I and II of Plaintiffs' Sixth Amended Complaint as to Springfield.

### SIXTH DEFENSE

The 2005 and 2007 police sergeant's promotional examinations for Springfield did not cause an unlawful disparate impact, were job-related for the position in question, and were consistent with business necessity.

### SEVENTH DEFENSE

The claims alleged by Plaintiffs, James A. Jackson, Juan Rosario, Louis Rosario Jr., Obed Almeyda, Devon Williams, and Julio M. Toledo, as to Springfield are barred by the doctrine of laches.

### EIGHTH DEFENSE

Assuming arguendo that Plaintiffs, James A. Jackson, Juan Rosario, Louis Rosario Jr., Obed Almeyda, Devon Williams, and Julio M. Toledo, have suffered injuries and/or damages as alleged, such injuries and/or damages were caused by someone for whose conduct Springfield is not legally responsible.

### NINTH DEFENSE

Some or all of the Plaintiffs lack standing to assert Counts I and II of Plaintiffs' Sixth Amended Complaint as to Springfield.

### TENTH DEFENSE

At all times Springfield acted in good faith and upon reasonable belief that its actions were in compliance with all relevant laws.

### ELEVENTH DEFENSE

The 2005 and 2007 police sergeant's promotional examinations for Springfield fully complied with the applicable provisions of state and federal law.

## TWELFTH DEFENSE

Springfield's actions were motivated by legitimate, nondiscriminatory reasons and at no time did they constitute adverse employment action against Plaintiffs, James A. Jackson, Juan Rosario, Louis Rosario Jr., Obed Almeyda, Devon Williams, and Julio M. Toledo, or any other Plaintiff.

## THIRTEENTH DEFENSE

On information and belief Plaintiffs, James A. Jackson, Juan Rosario, Louis Rosario Jr., Obed Almeyda, Devon Williams, and Julio M. Toledo, were not as qualified for the position as they have alleged, consequently other candidates with superior qualifications were appointed to said position.

## FOURTEENTH DEFENSE

Springfield reserves the right to recover costs and attorneys fees in the event that the Plaintiffs' Sixth Amended Complaint as to Springfield is found frivolous or in bad faith.

## FIFTEENTH DEFENSE

Based on information and belief, Springfields' actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

SIXTEENTH DEFENSE

The alleged actions of Springfield were neither the proximate nor the actual cause of any damages suffered by the Plaintiffs.

SEVENTEENTH DEFENSE

Plaintiffs, James A. Jackson, Juan Rosario, Louis Rosario Jr., Obed Almeyda, Devon Williams, and Julio M. Toledo, have not sustained an injury and are not persons aggrieved under M.G.L. c. 151B.

EIGHTEENTH DEFENSE

Springfield is not an employer as defined under 42 U.S.C. §§ 2000e et seq. and is not engaged in activity that affects commerce.

NINETEENTH DEFENSE

Plaintiffs' request for equitable relief is barred by the doctrine of Unclean Hands.

TWENTIETH DEFENSE

Springfield did not use a particular employment practice that causes a disparate impact on the basis of race, color, religion, sex, or national origin and, at the time it made the promotions to police sergeant, Springfield did not have a strong basis in evidence to believe it would be subject to disparate-impact liability if it failed to take race-conscious, discriminatory action.

TWENTY FIRST DEFENSE

Springfield could not lawfully disregard the basic merit principles supporting the civil service promotional test results for police sergeant solely because some of the candidates who scored higher on the Springfield promotional examinations than Plaintiffs, James A. Jackson, Juan Rosario, Louis Rosario Jr., Obed Almeyda, Devon

Williams, and Julio M. Toledo, were white because that type of race-based decisionmaking violates Title VII's command that employers cannot take adverse employment actions because of an individual's race.

### TWENTY SECOND DEFENSE

Plaintiffs, James A. Jackson, Juan Rosario, Louis Rosario Jr., Obed Almeyda, Devon Williams, and Julio M. Toledo, failed to mitigate their damages.

### TWENTY THIRD DEFENSE

Plaintiffs, James A. Jackson, Juan Rosario, Louis Rosario Jr., Obed Almeyda, Devon Williams, and Julio M. Toledo, failed to join necessary parties as the relief requested by Plaintiffs would interfere with the contract between the City of Springfield and the employee representatives of its police officers.

### TWENTY FOURTH DEFENSE

At all times Springfield acted reasonably, within the scope of official discretion, and with a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Plaintiffs' Sixth Amended Complaint as to Springfield which bear on any state or federal law question.

### TWENTY FIFTH DEFENSE

Expert statistical analysis reveals that among those certified to be promoted to police sergeant in Springfield: (i) the number of minorities appointed is not statistically different from the number of whites appointed; (ii) minorities were no more or less likely to be appointed once rank on exam was taken into account; (iii) minorities were no more or less likely to be appointed once rank, experience and educational background were

taken into account; and (iv) Springfield's appointments that were out of rank order did not negatively affect minorities.

**WHEREFORE,** having answered herein, the City of Springfield and Domenic J. Sarno Jr. in his capacity as mayor for the City of Springfield pray that Plaintiffs' Sixth Amended Complaint be dismissed with prejudice as to them, that Springfield be awarded their costs and attorneys' fees, and that Springfield be granted such other relief as the Court deems just and proper.

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

THE DEFENDANTS: CITY OF SPRINGFIELD AND
MAYOR SARNO

By, /s/ Edward M. Pikula, Esq.
Edward M. Pikula, Esq
BBO# 399770
City Solicitor

By, /s/ Harry P. Carroll, Esq.
Harry P. Carroll, Esq.
BBO # 076060
Senior Legal Counsel

City of Springfield Law Department
36 Court Street, Room 210
Springfield, MA 01103
(413) 787-6085
Fax: (413) 787-6173

CERTIFICATE OF SERVICE

I, Harry P. Carroll, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Harry P. Carroll, Esq.
Harry P. Carroll, Esq.,
Senior Legal Counsel
City of Springfield, Law Department
36 Court Street
Springfield, MA 01103
Phone 413-787-6085
BBO # 076060

9