UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*********************************************
| | |
|---|---|
| **PEDRO LOPEZ, et al.** | * |
| | * |
| **Plaintiffs** | * |
| v. | *   Civil Action No. 07-11693-GAO |
| | * |
| **CITY OF LAWRENCE, MASSACHUSETTS, et al.** | * |
| | * |
| | * |
| **Defendants** | * |

*********************************************

## MEMORANDUM OF LAW OF DEFENDANT CITY OF WORCESTER IN SUPPORT OF MOTION TO DISMISS

Defendant City of Worcester (hereinafter "Worcester"), hereby submits the following Memorandum of Law in Support of its Motion To Dismiss so much of Plaintiff Tatum's Seventh Amended Complaint which alleges that Worcester's use of the Sergeants promotional examination administered in 2008 caused a disparate impact on the rates of promotion of Blacks in the Worcester Police Department. [See, e.g., Seventh Amended Complaint, at ¶¶ 68, 75 and 76]. In support of this motion, Worcester states as follows:

The Seventh Amended Complaint, like the complaints previously filed, alleges claims of disparate impact discrimination under Title VII and Chapter 151B. Plaintiff Tatum does not allege in his Seventh Amended Complaint that he has met the prerequisites for bringing suit based on Worcester's use of the 2008 Sergeants promotional examination, and thus the Seventh Amended Complaint must be dismissed against Worcester to the extent that Plaintiff Tatum seeks to add allegations which have not first been filed with either the Equal Employment Opportunity Commission or the Massachusetts Commission Against Discrimination. "An action cannot be brought in the Superior Court under G.L. c. 151B, §9, unless it is preceded by the

filing of a complaint of unlawful discrimination with the MCAD within six months of the occurrence of the discriminatory event." Carter v. Commissioner of Correction, 43 Mass. App. Ct. 212, 217, 681 N.E. 2d 1255, 1259 (1997).  While the six month period has been increased to 300 days, see M.G.L. c. 151B, §5, as amended by St. 2002, c.223, §1, the principle remains the same.  See, e.g., Theroux v. Singer, 21 Mass. L. Rptr. 187, 188 (Superior Ct. 2006).  Similarly, "[i]t is axiomatic that before seeking relief from the courts under Title VII, a litigant must exhaust available administrative remedies in a timely fashion." Patoski v. Jackson, 477 F. Supp. 2d at 362-363.

Despite this well-established requirement to exhaust administrative remedies, the Seventh Amended Complaint fails to allege that Plaintiff Tatum has filed a charge of discrimination based on Worcester's use of the 2008 examination.  Plaintiffs, of course, are required to exhaust their administrative remedies before filing suit, and not the other way around.  Accordingly, the disparate impact claim which this plaintiff seeks to bring is futile, and the Seventh Amended Complaint should be dismissed.

## PRAYER FOR RELIEF

Accordingly, Worcester requests that the Court dismiss the portion of the Seventh Amended Complaint, insofar is it seeks to add a new claim based on Worcester's use of the 2008 Sergeants promotional examination, because Plaintiff Tatum has failed to exhaust his administrative remedies.

## CERTIFICATION PURSUANT TO RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), the undersigned counsel for Defendant City of Worcester certifies that she has conferred with Plaintiff's counsel in a good faith attempt to resolve or narrow the issues raised by the instant motion.

Respectfully Submitted,

CITY OF WORCESTER and MICHAEL O'BRIEN,

By their attorneys,

/s/Laurie W. Engdahl

Laurie W. Engdahl
B.B.O. #554635
Collins, Loughran & Peloquin, P.C.
320 Norwood Park South
Norwood, MA 02062
(781) 762-2229

Dated: June 22, 2010

## CERTIFICATE OF SERVICE

I, Laurie W. Engdahl, certify that on June 22, 2010, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

/s/Laurie W. Engdahl
Laurie W. Engdahl