UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 07-CA-11693-GAO |
| CITY OF LAWRENCE, ) | |
| MASSACHUSETTS, ET AL., ) | |
| ) | |
| Defendants. ) | |

DEFENDANT CITY OF WORCESTER'S
PRE-TRIAL MEMORANDUM

I.  CONCISE SUMMARY OF THE EVIDENCE.

The scheduled trial is on liability and not damages and thus Defendant City of Worcester (hereinafter "Worcester") provides a concise summary only on the issue of liability.

As will be demonstrated through the testimony of witnesses, including Plaintiff Spencer Tatum, Defendants' expert witnesses and witnesses for the City of Boston, the evidence will show that the Plaintiffs cannot make out a prima facie case of disparate impact discrimination against Worcester, because Worcester's use of the 2006 and 2008 Sergeant promotional examinations developed and administered by the Commonwealth of Massachusetts Human Resources Division ("HRD") has not adversely affected the rates of promotion of Black candidates for Sergeant within Worcester.  Moreover, the evidence will show that Worcester's use of the examinations is a matter of business necessity: as a city within the Commonwealth of Massachusetts, Worcester is required by law to make appointments and promotions pursuant to Massachusetts General Laws c. 31.  Additionally, the evidence will show that the examinations

are valid, and job related and consistent with business necessity. Further, Plaintiff Tatum has been unable to show that there exists a reasonable alternative that will significantly increase the minority rates of promotion within Worcester. Finally, the evidence will show that any failure by Plaintiff Tatum to score high enough on the promotional examination in order to be considered for promotion is due to factors other than his race.

## I1.  STATEMENT OF FACTS NOT IN GENUINE DISPUTE.

Worcester has made efforts to confer with Plaintiffs' counsel with respect to facts that are not in genuine dispute and has received no response.

## III.  CONTESTED ISSUES OF FACT.

Worcester believes the contested issues of fact are (1) whether the use of the HRD examinations by Worcester is discriminatory, given the absence of any statistical evidence of adverse impact; (2) whether Plaintiff Tatum's failure to score high enough on the Sergeants' promotional examination to be considered for promotion is due to factors other than his race; (3) whether there exists a reasonable alternative to the use of HRD developed and administration examinations that can be shown by Plaintiff Tatum to result in less adverse impact; (3) whether the collective bargaining agreement between the City of Worcester and the New England Police Benevolent Association (the union representing Worcester's Patrol Officers, hereinafter the "Union") requires the City to utilize HRD examinations and thus constitutes business necessity and whether Plaintiff Tatum's failure to add the Union as a party prohibits him from arguing otherwise; and (4) whether the examinations administered by HRD are job related.

## IV.  JURISDICTIONAL QUESTIONS.

Worcester asserts that Plaintiff Tatum has no standing to assert claims against Worcester on behalf of Hispanic officers, and therefore any adverse impact statistical data presented to support his claim of discrimination based on Worcester's use of the 2006 Sergeant promotional

examination must be limited to evidence of adverse impact on the rate of promotion of Black officers compared to White officers.

Worcester asserts that Plaintiff Tatum has failed to exhaust his administrative remedies necessary to file a complaint based on the 2008 Sergeant promotional examination, as he has failed to file a charge of discrimination either with the Equal Employment Opportunity Commission or the Massachusetts Commission Against Discrimination.

**V.     PENDING MOTIONS.**

1.     Defendants City of Lawrence, City of Lowell, City of Methuen, City of Springfield, City of Worcester and the MBTA have pending a Motion in Limine to preclude certain expert testimony of the Plaintiffs' Experts based on its lack of relevance and unreliability;

2.     Worcester has pending a Motion to Dismiss so much of the Seventh Amended Complaint that seeks to add allegations based on the 2008 examination because Plaintiff Tatum has failed to first exhaust his administrative remedies.

**VI.    ISSUES OF LAW.**

1.     Whether Worcester's use of the 2006 Sergeant Promotional examination developed and administered by HRD (i.e., the challenged employment practice) has adversely impacted the rate of promotion of Blacks to Sergeant within the Worcester Police Department.

2.     If so, whether Worcester's use of the 2006 Sergeant Promotional examination is the result of business necessity.

3.     Whether the 2006 examination is job related.

4.     Whether there exists an alternative to the HRD Sergeant Promotional examination that would reduce the discriminatory impact on Blacks.

### VII.    ANY REQUESTED AMENDMENTS TO THE PLEADINGS.

Worcester has not requested amendments to the pleadings.

### VIII.   ANY ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE ACTION.

As of this date, Worcester is unaware of additional matters, but reserves its right to amend this document should additional issues arise.

### IX.    LENGTH OF TRIAL.

The Court has sent the length of trial at two (2) weeks.

### X.    WITNESSES.

Worcester proposes to present the following witnesses:

Plaintiff Spencer Tatum - factual;
Gary Gemme, City of Worcester Police Chief - factual;
Kathleen Johnson, City of Worcester Human Resources Director - factual;
Nina Galica, City of Worcester, Coordinator of Employment - factual
Sergeant John Lewis - factual;
Sergeant Miguel Lopez - factual;
Deputy Chief Steven M. Sargent - factual;
Dr. James Outtz - expert;
Dr. Jacinto Silva - expert;
Sally McNeely – expert/factual

Worcester reserves its right to amend, update or revise this list the Court and/or Rules may permit.

### X.    EXHIBITS.

Worcester proposes to introduce the following exhibits:

1.    Personnel Records of Spencer Tatum (as produced to Plaintiffs);

2.    Transcript of Deposition of Spencer Tatum, dated December 29, 2008;

3.    List of Materials used by Spencer Tatum to study for the 2006 examination (correspondence from Leah Barrault, dated December 16, 2008);

4.    Massachusetts Human Resources Division Reading List for Promotional Examinations for Sergeant, Lieutenant and Captain, April 21, 2006 (from Commonwealth production at page 5 and 30);

5. Certified eligible list for permanent full-time Police Sergeants, April 19, 2005.

6. Certified eligible list for permanent full-time Police Sergeants, August 28, 2007.

7. Police Sergeant Promotional List of candidates passing examination and reflecting those promoted for City of Worcester, examination date 10/16/2004, list established 3/31/2005;

8. Police Sergeant Promotional List of candidates passing examination and reflecting those promoted for City of Worcester, examination date 10/21/2006, list established 3/30/2007;

9. Police Promotional Examination Subject Area Outline for October 21, 2006 (from Commonwealth production at page 101);

10. Commonwealth of Massachusetts Personnel Administration Rules;

11. Sample Delegation Agreement;

12. Test Result data for all candidates who sat for the 2004 Sergeant examination (from Commonwealth production at page 1854);

13. 2006 Police Sergeant Exam Promotion Report (as provided to Plaintiffs by Commonwealth);

14. 2006 Police Sergeant Exam Exam Takers (from Commonwealth production at page 1318);

15. Police Sergeant Exam Data, including names, for 2006 examination (Excel Spreadsheet from August 28, 2008 Commonwealth production)

16. Expert Report of James L. Outtz, Ph.D., dated February 9, 2009;

17. Expert Report of Jacinto M. Silva, dated February 9, 2009;

18. Supplemental Expert Report of James. L. Outtz, dated May 28, 2010;

19. Supplemental Expert Report of Jacinto M. Silva, Ph.D., dated May 28, 2010;

20. Memoranda of Sergeant Miguel Lopes to Deputy Chief Mark Roche regarding a proposed plan for minority recruitment for the 2009 Municipal Police Examination, dated December 8, 2008;

21. Letter to Police Officer Examination Applicants from Sergeant Lopez;

22. Collective bargaining agreement between the New England Police Benevolent Associating and the City of Worcester;

23.     Arbitrator's Opinion and Award, Local 378, *IBPO and City of Worcester, Grievance of Linda Jackson* (Buckalew, Arb. 2003);

24.     Memorandum And Order, *City of Worcester and Local 378, IBPO and Linda Jackson*, Worcester Superior Court, WOCV 2003-01841;

25.     Worcester census data.

Worcester reserves its right to amend, update or revise this list as the Court and/or Rules may permit.

Respectfully Submitted,

CITY OF WORCESTER and MICHAEL O'BRIEN,

By their attorneys,

/s/Laurie W. Engdahl

Laurie W. Engdahl
B.B.O. #554635
Collins, Loughran & Peloquin, P.C.
320 Norwood Park South
Norwood, MA 02062
(781) 762-2229

Dated: June 24, 2010

## CERTIFICATE OF SERVICE

I, Laurie W. Engdahl, certify that on June 24, 2010, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

/s/Laurie W. Engdahl
Laurie W. Engdahl