# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**********************************************

| | |
|---|---|
| **PEDRO LOPEZ, et al.** | * |
| | * |
| **Plaintiffs** | * |
| **v.** | *  **Civil Action No. 07-11693-GAO** |
| | * |
| **CITY OF LAWRENCE, MASSACHUSETTS,** | * |
| **et al.** | * |
| | * |
| **Defendants** | * |

**********************************************

## PRETRIAL MEMORANDUM OF DEFENDANT
## CITY OF BOSTON

Pursuant to the order of Judge Tauro, dated April 21, 2008, Defendant City of Boston ("Boston" or the "City") sets forth its Pretrial Memorandum:[1]

(1)   Concise Summary of Evidence as to Liability[2]

Defendant City of Boston ("Boston" or the "City") denies that it is liable to Plaintiffs for alleged "disparate impact discrimination" under either Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., or M.G.L. ch. 151B.  Even assuming arguendo that Plaintiffs can establish a prima facie case under this theory as to Boston, Boston will be able to establish that the promotional examination for the position of police sergeant, as prepared by the Commonwealth's Human Resources Division ("HRD") in consultation with Boston for administration in October 2005 and in October 2008, was job-related and consistent with business necessity.  As articulated in expert reports of James L. Outtz, Ph.D., the 2005 and 2008 examinations consisted of two

---

[1]This Court has not issued a pretrial order since the action was transferred from Judge Tauro, and Boston is assuming that Judge Tauro's order remains in effect.

[2]Judge Tauro bifurcated this action into liability and remedial phases.  Accordingly, the above summary addresses only the liability phase of this action.

independently valid components (written examination, Education and Experience rating), and was supported by a job analysis for the position of sergeant prepared for Boston in 2001/2002, as well as a job analysis and validation report conducted by HRD in 1991.

Plaintiffs will be unable to establish that some alternative examination procedure would have resulted in lesser adverse impact, and equal or greater job relatedness. In their extensive reports, Plaintiffs' two expert witnesses have not identified any such alternative procedure. Moreover, the evidence will show that for its 2002 sergeant promotional exam, Boston implemented and administered, with HRD's approval, an alternative selection procedure of the kind described by Plaintiffs' experts, at considerable expense, without reducing the alleged "disparate impact" described by Plaintiffs.

(2)    Stipulated Facts

Plaintiffs, in their pretrial memorandum, have declined to stipulate to facts.

(3)    Contested Issues of Fact

See Section 2, supra.

(4)    Jurisdictional Questions

The seven Defendants filed a Motion to Dismiss based on lack of jurisdiction, which this Court denied by order dated June 11, 2010.

(5)    Questions Raised by Pending Motions

The only pending motion is Plaintiffs' Motion to further Amend their Complaint, filed on or about June 18, 2010. This motion seeks to add seven Plaintiffs from Boston to this action.[3] Boston opposes this motion because it will be unable to conduct discovery

---

[3]The motion also seeks to dismiss the claims of two Boston Plaintiffs (Grice and Cooper-

of these Plaintiffs, including conducting depositions, prior to the currently scheduled trial date of July 12, 2010.

(6)     <u>Issues of Law</u>

     **a**.     **<u>The Claims Of Boston Police Officers Who Received A Failing Score On The Written Examination Administered In 2005 And 2008 Should Be Dismissed</u>**.

In opposing a motion to dismiss filed by HRD and other Commonwealth Defendants in January 2009,[4]  the State Defendants' motion to dismiss, Plaintiffs advanced the following argument:

> Thus, in the context of police and fire examinations, <u>courts have distinguished between plaintiffs who received failing scores on the examination, or are otherwise informed that their score will not result in their being reached for hire and promotion, in which case such plaintiff is then on notice of a discrete adverse action</u>, and those cases in which an individual passes the exam but is not ultimately reached for hire or promotion during the duration of such eligibility lists.

(<u>See</u> Document 163, filed 02/26/2009, at 31).

In this matter, Boston Police Officers (and Plaintiffs) Larry Ellison, Murphy Gregory, William Iraola, Gloria Kinkead and Tyrone Smith all failed the exam.  (<u>See</u> Ellison Transcript, at 46; Gregory Transcript, at 33; Iraola Transcript, at 17-18; Kinkead Transcript, at 31-32; Smith Transcript, at 41-43).  All received notice of their results in late 2005 (<u>see</u> Affidavit of Sally McNeely, par. 28, Document 144-4, filed 01/27/09). However, these Plaintiffs failed to file charges of discrimination until September 2008, i.e., more than two years after receiving notice of their test results.  Accepting Plaintiffs'

---

Paterson).  Boston does not oppose the dismissal of these Plaintiffs.

[4]HRD and the other Commonwealth Defendants have been dismissed as parties to this action.

analysis that "plaintiffs who received failing scores [are] on notice of a discrete adverse action," the claims of all these Plaintiffs should be dismissed for failure to file charges within 300 days of accrual of the causes of action that they seek to assert.  See 42 U.S.C. §2000e-5(e)(1); M.G.L. ch. 151B, §5.

In addition, as a matter of law, Boston could not promote officers who received failing scores.  See M.G.L. c. 31 § 7, defining those eligible for promotion.  For this additional reason, the claims of these Plaintiffs should be dismissed.

**b**.      **Plaintiffs Gaines And Lozano Have Both Been Promoted To Sergeant, And Thus Their Claims Should Be Dismissed**.

Two of the Boston Plaintiffs, Jose Lozano and Kenneth Gaines, have been promoted to Sergeant.  Lozano was promoted in October 2008, after taking the 2005 promotional exam, and Gaines was promoted in about March 2010, after taking the 2008 exam.  Since both Plaintiffs have received the relief that they are seeking, their claims should be dismissed.

**c**.      **The Plaintiffs' Expert, Joel Wiesen, Must Be Deposed.**

At his expert deposition conducted on June 9, 2010, Plaintiffs expert Joel Wiesen, Ph.D. testified that he was in the process of preparing supplemental statistical analyses based on data received from the seven Defendants, plus data received from HRD (which data was first provided to Defendants as part of preparing expert reports submitted on May 28, 2010).  Dr. Wiesen's supplemental analysis was provided to Defendants on June 23, 2010.  Prior to trial, Defendants are entitled to depose Dr. Wiesen on this further analysis, and matters reasonably related thereto.

**d**.     <u>**The Expert Report Of Cassi Fields Must Be Supplemented**</u>.

At her expert deposition conducted on June 18, 2010, Plaintiffs expert Cassi Fields, Ph.D. testified that she had formed further opinions after reviewing data pertinent to this action.  In her report submitted on April 15, 2010, Dr. Fields stated that her opinions were based solely on prior expert reports in this action, and attachments thereto. Her expert report stated that she had not made any independent review of any data not attached to the expert reports.  Now that Dr. Fields has conducted at least a limited review of the underlying data pertinent to this action, Defendants are entitled, prior to trial, 1) to receipt of a further written report from Dr. Fields regarding her review of the underlying data; and 2) to depose Dr. Fields on this further analysis, and matters reasonably related thereto.

**e**.     <u>**The Expert Deposition Of Dr. Fields Must Be Continued**</u>.

Defendants are entitled to depose Dr. Fields further for reasons beyond those stated in section d) above.  At about 3:00 pm of her deposition on June 18, Dr. Fields first informed Defendants' counsel that she needed to leave about 4:45 pm, due to her flight schedule.  As a result, counsel for the MBTA was only able to ask questions for a few minutes, and counsel for Lowell had to cut his questions short.  Other defense counsel were similarly prejudiced.

**f**.     <u>**The Expert Depositions Of Dr. Wiesen And Fields Cannot Be**</u>     .
      <u>**Concluded Until Counsel Receive The Underlying Examinations**</u>.

Throughout this litigation, HRD and the other Commonwealth Defendants (now dismissed), have informed all parties that only expert witnesses can review the promotional examinations from 2005, 2006, 2007 and 2008 placed at issue in this action. Both of Plaintiffs' experts, Drs. Wiesen and Fields, have testified at their depositions that

they have reviewed the pertinent exams.  Both testified, moreover, to numerous alleged defects and problems with the exams.  It is impossible for counsel to question Drs. Wiesen and Fields about the exams without themselves having the exams.  All parties have requested in writing that HRD produce the exams to counsel, with appropriate confidentiality safeguards.  HRD agreed to produce the examinations, conditioned upon execution of protective orders by all counsel, on June 24, 2010.  Until such time as the exams are produced to counsel, counsel have adequate opportunity to review the exams, and Drs. Wiesen and Fields are re-deposed on the exams, and matters reasonably related thereto, no trial should be conducted.

(7)     <u>Requested Amendments to the Pleadings</u>

As discussed, Plaintiffs are seeking to amend the Complaint to add seven additional Boston Police officers as party plaintiffs.

(8)     <u>Additional Matters</u>

Plaintiffs served a discovery subpoena on Boston on June 23, 2010 seeking documents related to the development, administration and results of all detective examinations since 2005.  Boston will oppose the discovery subpoena as untimely, as discovery closed in this case in May 2010.  Boston will also oppose the subpoena as the detectives examinations are not civil service examinations, and are not governed by M.G.L. c. 31, thus do not bear upon the examinations that are the subject of this litigation.

(9)     <u>Probable Length of Trial / Jury or Nonjury</u>

The probable length of trial is 8-10 days (9:00 a.m. - 1:00 p.m. schedule).  Boston anticipates that the case will be tried to this Court, without a jury.

    (10)   <u>Witnesses for Boston</u>

    a)      James Outtz, Ph.D., Washington, D.C.; expert

    b)      Jay Silva, Ph.D., Gainesville, FL; expert

    c)      Edward Callahan, Boston, MA; factual

    d)      Robin Hunt, Boston, MA; factual

    e)      Sally McNeely, Boston, MA; factual

    f)      Guy Paris, Boston, MA; factual

    g)      Vivian Lee, Boston, MA; factual

    (11)   <u>Boston's Trial Exhibits</u>

    a)      All documents listed in expert reports of James Outtz, Ph.D., dated February 9, 2009 and May 28, 2010.

    b)      All documents listed in expert reports of Jay Silva, Ph.D., dated February 9, 2009 and May 28, 2010.

    c)      Defendants reserve the right to supplement this exhibit list based upon the evidence offered by Plaintiffs, and upon resolution of the issues regarding Dr. Wiesen and Dr. Fields addressed above.

Respectfully submitted,

CITY OF BOSTON,

By its attorneys,

WILLIAM F. SINNOTT
Corporation Counsel

/s/ Mary Jo Harris
Mary Jo Harris (BBO #561484)
Robert P. Morris (BBO #546052)
Special    Assistant    Corporation
Counsel
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109
(617) 523-6666

Dated:  June 25, 2010

## CERTIFICATE OF SERVICE

I, Mary Jo Harris, certify that on June 25, 2010, this document was filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

/s/Mary Jo Harris
Mary Jo Harris