UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
PEDRO LOPEZ, et al.,                )
        Plaintiffs                  )
                                    )
v.                                  )
                                    ) **Case No. 07-CA-11693-GAO**
                                    )
CITY OF LAWRENCE, et al.            )
        Defendants                  )
_____)

**PLAINTIFFS' PRE-TRIAL MEMORANDUM**

Plaintiffs file the following pre-trial memorandum pursuant to Local Rule 16.5(D).

**I.   CONCISE SUMMARY OF THE EVIDENCE**

The trial scheduled to begin on July 12, 2010 will be as to liability. A remedy phase would occur at a subsequent time if the Court finds liability.

As will be demonstrated through the testimony of witnesses for the the Plaintiffs, Plaintiffs' expert witnesses, and notably, Defendants' own expert witnesses, the evidence will show that the Commonwealth of Massachusetts' police sergeants' promotional examination – which each of the seven municipal Defendants[1] have chosen to utilize to make their sergeant promotions, despite the undisputed statutory authority allowing each Defendant to develop and administer its own examination – has resulted in significant statistical disparate impact upon minority police sergeant candidates who took the exam in the years 2005, 2006, 2007, and 2008. This disparate impact is statistically significant and

---

[1] The Plaintiffs include the MBTA as a "municipal defendant" for ease of reference, although the MBTA is not technically a municipality.

1

is consistent with the clear discriminatory impact that such examinations have had on minority police sergeant candidates over the last twenty (20) years.  In fact, the City of Boston does not dispute that the examination has caused dramatic disparate impact on minority sergeant candidates in Boston.  Further, in each community, a simple look at the percentage of minority police sergeants compared to the percentage of minority police officers provides stark evidence that the promotional process relied on by these Defendants drastically reduces the promotional opportunities for minority officers.[2]

Because the evidence clearly establishes adverse impact resulting from the Defendants' use of the police sergeants' promotional examination, the Defendants must establish that the examinations were valid under established regulations promulgated by the Equal Employment Opportunity Commission.  Even if the Defendants can prove that the examinations were valid – which they cannot – the Plaintiffs will still be entitled to a finding of liability under Title VII if they can establish that less discriminatory alternative methods of selection for police sergeant candidates were available to the Defendants.

Plaintiffs will demonstrate that the Commonwealth's promotional examinations utilized by the Defendants did not meet the requirements for validity set forth in applicable EEOC regulations – that is, they are not predictive of on the job success and therefore are in violation of Title VII.   Even if Plaintiffs lose on this issue, the Plaintiffs will still prevail by showing that there are less discriminatory, reasonable alternatives available to the Defendants which are as

---

[2] See e.g. Brian Bello, "Police brass diversity lagging," Boston Globe, July 27, 2009, attached hereto as Exhibit A.

or more reliable and predictive of ability to be a police sergeant and the Defendants have failed to avail themselves of such alternatives. Indeed, the evidence will show that the Defendants' own experts recommend the use of such less discriminatory alternatives in their private practices and in their expert opinions offered in similar disparate impact cases.

## II.    STATEMENT OF FACTS

The Plaintiffs do not believe that stipulating to facts is appropriate given the nature of this case.

## III.    CONTESTED ISSUES OF FACT

Plaintiffs believe that the contested issues of fact are 1) whether the exams in question had discriminatory impact (except for Boston, which has conceded in its expert reports that the examinations had discriminatory impact) 2) whether they have been properly validated in accordance with EEOC procedures including the Uniformed Guidelines on Employee Selection, 41 C.F.R. 60-3.1, et seq. and 3) whether there were less discriminatory alternative examination procedures which could have been utilized.

## IV.    JURISDICTIONAL QUESTIONS

As this Court denied the Defendants' joint motion to dismiss for lack of subject matter jurisdiction on June 11, 2010, the Plaintiffs do not believe any jurisdiction questions remain to be decided.

## V.    PENDING MOTIONS

The Plaintiffs filed a motion on June 17, 2010, for leave to file an amended complaint for the purposes of adding seven plaintiffs who could not be added as

plaintiffs until they filed their administrative complaints relating to the most recent police sergeant promotional examination, which they did in March 2010.  All Defendants except for Boston filed a motion on June 22, 2010 for an order to preclude the Plaintiffs' experts from testifying.  The Plaintiffs will file an opposition to this motion prior to the June 30, 2010 final pre-trial conference.  The City of Worcester moved on June 22, 2010 for dismissal of the Plaintiffs' Seventh Amended Complaint.  Plaintiffs note, however, that while this Court granted the Plaintiffs' motion to file a Seventh Amended Complaint, the Plaintiffs have not yet filed the Seventh Amended Complaint because they have subsequently filed a motion to modify the proposed amended complaint to add seven plaintiffs who could not be added when they originally moved to file the Seventh Amended Complaint, as described above.  In addition, the Plaintiffs intend to file a motion *in limine* to preclude the testimony of the proposed expert witnesses for the City of Springfield, and a motion *in limine* to preclude the City of Boston from contesting that its examinations caused adverse impact.

**VI.    ISSUES OF LAW**

Although most of the issues of law were previously explored at length in the former defendant Commonwealth of Massachusetts' motion for summary judgment and subsequent appeal to the First Circuit, the Plaintiffs will recount them briefly for the Court.  These issues are: (1) whether the promotional examinations were valid and job-related under industry standards and EEOC guidelines (which is a legal and factual question), see Bradley v. City of Lynn,

443 F. Supp. 2d 145 (D. Mass. 2006); United States v. The City of New York, 637 F. Supp. 2d 77 (E.D.N.Y. 2009); (2) whether the promotional examinations caused disparate impact (which is a legal and factual issue), see Bradley, 443 F. Supp. 2d at 167; Adams v. City of Chicago, 469 F.3d 609 (7th Cir. 2006); (3) whether aggregating data across the municipalities for determining discriminatory impact is appropriate under Title VII case law, see Bradley, 443 F. Supp. 2d at 164; Vulcan Pioneers, Inc. v. New Jersey Department of Civil Service, 625 F. Supp. 527 (D. N.J. 1985), aff'd 832 F.2d 811 (3d Cir. 1987); (4) whether there were less discriminatory alternatives for sergeant promotion examinations available to the municipalities, see Bradley, 443 F. Supp. 2d at 174; Brown v. City of Chicago, 8 F.Supp.2d 1095, 1112 (N.D. Ill. 1998); and (5) whether the Plaintiffs can offer the report of an expert who is unavailable to testify due to his death, or have their current expert testify regarding the substance of the report prepared by the former expert, see U.S. v. Soto-Beniquez, 356 F.3d 1, 38 (1st Cir. 2004).

**VII.    ADDITIONAL MATTERS TO AID THE DISPOSITION OF THE ACTION**

There have been no meaningful settlement discussions, but the Plaintiffs remain committed to trying to settle the case and would agree to expeditious mediation privately or through the court`s program

**VIII.    LENGTH OF TRIAL**

Plaintiffs believe that probable length of trial is two (2) weeks. Further, because of the nature of this case, it is to be tried non-jury.

IX. **WITNESSES**

- Each of the Plaintiffs
- Sally McNeely, an official of HRD
- Paul Dietl, an official of HRD
- Guy Paris, an official of HRD
- Boston Police Commissioner Edward Davis
- Former Boston Police Commissioner Kathleen O'Toole
- The Appointing Authority for each of Defendant municipalities
- Thomas Nolan, former Boston Police lieutenant
- James Claiborne, former Boston Police captain.
- Joel Wiesen, experts hired by Plaintiffs
- Cassi Fields, experts hired by Plaintiffs

Plaintiffs reserve the right to supplement this witness list as necessary.

X. **EXHIBITS**

1. All documents relied upon, referred to or listed in the expert report of Joel Wiesen, Ph.D.

2  All documents relied upon, referred to or listed in the expert report of Cassi Fields, Ph.D

3. The expert report of Frank Landy, Ph.D.

4. All documents produced by the Commonwealth's Human Resources Department concerning the examinations at issues and the results and promotions therefrom.

5. All documents produced by each of the Defendants in response to discovery requests, including without limitation, documents showing the members of their police departments, sergeant promotions, examination results, and certification lists.

6. A video or transcript of the Boston City Council hearing on June 8, 2010.

7. Plaintiffs reserve the right to supplement this exhibit list as necessary.

Respectfully submitted,<br>
PEDRO LOPEZ, et al.<br>
By their attorneys,

Dated: June 25, 2010         /s/ Joseph L. Sulman
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO #640716
Joseph Sulman, BBO #663635
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
617-994-5809

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the Court and counsel of record for defendants via the Court's ECF filing system, on June 25, 2010.

 /s Joseph L. Sulman
Joseph L. Sulman