UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 07-CV-11693-JLT

PEDRO LOPEZ et al.,
    Plaintiffs,

v.

CITY OF LAWRENCE, MA et al.,
    Defendants

## DEFENDANT CITY OF LOWELL'S PRE-TRIAL MEMORANDUM

Pursuant to the court orders in this case that bifurcated this action into liability and remedial phases, the City of Lowell and its Appointing Authority ("Lowell") submits its Pre-Trial Memorandum on the liability phase of the above-captioned matter.

### I. CONCISE SUMMARY OF THE EVIDENCE

With respect to Lowell, there is a single plaintiff, Robert E. Alvarez, who has made allegations against Lowell as set forth in Plaintiffs' Complaint.[1]

The City expects the evidence will show that Alvarez cannot make out a prima facie case of disparate impact discrimination against Lowell under either Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seg., or M.G.L.c.151B. Lowell's use of the 2006 Sergeant Promotion Examination ("2006 HRD Examination") developed and administered by the Commonwealth of Massachusetts Human Resources Division ("HRD"), a separate legal entity apart from Lowell, has not adversely affected the rates of promotions of Hispanics candidates from that test for Sergeant within Lowell.

---

[1] On December 4, 2008, Marisol Nobrega dismissed her claims against Lowell.

The evidence will also show that the 2006 HRD Examination was valid, job-related and consistent necessity; that Lowell is required by law to make promotions pursuant to M.G.L.c.31; that Lowell is required to follow M.G.L.c.150E with respect to how it promotes officers and any changes to that method of promotion; that Lowell is required to follow its collective bargaining agreements with respect to how it promotes officers and any change to that method of promotion, and that Lowell acted in good faith upon reasonable belief that its actions were required and in compliance with applicable law when it used the 2006 HRD Examination to promote police officers to sergeant.

Alvarez will be unable to show that there exists a reasonable alternative that would have resulted in lesser adverse impact, and equal or greater job relatedness. The Plaintiffs' experts have not identified any such alternative process.

Further, the City expects the evidence to show that Alvarez is not Hispanic and does not meet the definition and criteria of Hispanic as recognized by HRD. The evidence will show that Alvarez is White and/or Asian (Filipino).

Lastly, the evidence will show that any failure by Alvarez to score high enough on the 2006 HRD Examination in order to be considered for motion is due to factors other than his purportedly being Hispanic.

## II.   STATEMENT OF FACTS NOT IN GENUINE DISPUTE

Plaintiffs in their pre-trial memorandum declined to stipulate to facts.

## III.   CONTEST ISSUES OF FACT

As Plaintiffs declined to stipulate or propose any stipulations to Lowell, all facts are apparently contested. Lowell also refers to the issues raised in Section VI ISSUES OF LAW.

## IV. JURISDICTIONAL QUESTIONS

Lowell refers to and incorporates the Pre-Trial Memorandum of the City of Boston ("Boston") regarding the previously filed Motion to Dismiss by the Defendants.

Lowell also asserts that Alvarez has failed to exhaust his administrative remedies necessary to file a complaint against the "Appointing Authority, City Lowell" as he failed to file a charge of discrimination either with the Equal Employment Opportunity Commission or the Massachusetts Commission Against Discrimination. Lowell further asserts that the "Appointing Authority, City of Lowell" is not a separate legal entity from the City of Lowell and is therefore not capable of being sued.

## V. QUESTIONS RAISED BY PENDING MOTIONS

Lowell refers to and incorporates the Pre-Trial Memorandum of the City of Worcester ("Worcester") regarding the previously filed Motion in Limine concerning Plaintiffs' experts.

## VI. ISSUES OF LAW

Lowell refers to and incorporates points 6.c, 6.d, 6.e, and 6.f in the issues of law raised by Boston.

Other issues of law are the following:

Whether Lowell's use of the 2006 HRD Examination, the challenged employment practice, adversely impacted the rate of promotion for Hispanics in the Lowell Police Department through Lowell's promotions based upon the 2006 HRD Examination.

If there is adverse impact, whether Lowell's use of the 2006 HRD Examination is the result of business necessity.

Whether the 2006 HRD Examination is job related.

Whether there existed prior to Lowell utilizing the 2006 HRD Examination an alternative that would reduce the discriminatory impact on Hispanics.

Whether Lowell can be held responsible for the 2006 HRD Examination, a test developed and administered by a third party, HRD, where HRD is required to follow M.G.L.c.31 and its basic merit principles and where Lowell must obtain approval from HRD for all promotions.

Whether Alvarez is Hispanic and whether he meets the definition of Hispanic as set forth by HRD.

### VII.  ANY REQUESTED AMENDMENTS TO THE PLEADINGS

Lowell has not requested amendments to the Pleadings.

### VIII.  ANY ADDITIONAL MATTERS TO AID IN THE DISPOSITION

Presently, Lowell is unaware of additional matters to aid in the disposition of this case. It would note, however, that in a court hearing on April 28, 2008 (before some defendants were named as parties), Plaintiffs acknowledged to Judge Tauro that the non-state defendants were minor and collateral parties and agreed with Judge Tauro's recommendation that the municipal defendants should be dismissed as parties. The state defendants objected to any such dismissal; and the municipal defendants remained in the case.

Before a stay of the proceedings was entered by the court on May 13, 2009, Plaintiffs filed a Pre-Trial Memorandum. That memorandum claims that Plaintiffs "have attempted to meet and confer with Counsel for the Defendants" and they "have been unable to confer with Defendants' counsel." Plaintiffs never attempted to meet, confer, or discuss anything with Lowell regarding anything referenced in their memorandum.

Plaintiffs' memorandum was filed without Lowell's knowledge. Presumably, Plaintiffs was referring to counsel for the state defendants. Prior to the state defendants' dismissal on February 1, 2010, it was the primary defendant.

Lowell further states that at the February 1, 2010 conference, the current defendants requested additional time to adequately prepare and defend this case as the dismissal of the state defendants dramatically changed the dynamics of this lawsuit and the stay of proceedings had just recently been lifted. The Plaintiffs responded by stating they filed a pre-trial memorandum the previous year, were ready for trial, and demanded a short trial date. The court set the matter down for trial commencing July 12, 2010.

## IX.    LENGTH OF TRIAL

Lowell estimates the probable length of trial in this case, assuming a 9:00AM to 1:00PM schedule is approximately ten (10) to twelve (12) days. The parties stipulated to try this case without a jury.

## X.    WITNESSES

Lowell may call the following persons at trial

### Factual
Alvarez, Robert - plaintiff
Lavallee, Kenneth - Superintendent Lowell Police Department
Peaslee, David - Sergeant, Lowell Police Department
Latham, James - Sergeant, Lowell Police Department
Quirbach, David - Sergeant, Lowell Police Department
Noone, Jonathon - Sergeant, Lowell Police Department
Penrose, Mathew - Sergeant, Lowell Police Department
Coyle, Steven - Sergeant, Lowell Police Department
McNeely, Sally - HRD
Lee, Vivian - HRD
Paris, Guy - HRD

### Expert
Dr. Outtzz, James
Dr. Silva, Jacinto

Lowell reserves the right to amend, update or revise this list as the Court and/or Rules may permit.

## XI. EXHIBITS

Lowell may introduce the follow exhibits:

1. All documents listed in the expert reports of Dr. James Outtz dated February 9, 2009 and May 28, 2010;

2. All documents listed in the expert reports of Dr. Jacinto Silva dated February 9, 2009 and May 28, 2010;

3. All documents produced by HRD in this matter;

4. The personnel records of Robert Alvarez from the Lowell Police Department;

5. The personnel records of Robert Alvarez from the Waltham Police Department;

6. The personnel records of Robert Alvarez from the Groton Police Department;

7. Records previously provided to Lowell from Alvarez through discovery in this matter; and

8. Records previously provided to Alvarez by Lowell through discovery in this matter.

Lowell reserves its right to amend, update or revise this list as the Court and/or Rules may permit.

Respectfully Submitted,

June 25, 2010  CITY OF LOWELL, DEFENDANT

/s Brian W. Leahey
Brian W. Leahey, Assistant City Solicitor
BBO #567403
City of Lowell - Law Department
375 Merrimack Street, 3rd Fl.
Lowell MA 01852-5909
Tel: 978-970-4050
Fax: 978-453-1510

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on June 25, 2010.

/s Brian W. Leahey
Brian W. Leahey, Assistant City Solicitor