UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 07-11693-GAO

|  |  |
|---|---|
| PEDRO LOPEZ, et al. <br> Plaintiffs, <br><br> v. <br> CITY OF LAWRENCE, et al. <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT CITY OF METHUEN'S PRE-TRIAL MEMORANDUM**

Pursuant to Local Rule 16.5 (D) the Defendant City of Methuen ("Methuen") submits the following Pre-Trial Memorandum:

I. **CONCISE SUMMARY OF THE EVIDENCE.**

The trial of this matter scheduled for July 12, 2010 will address the issue of liability. If such is determined a separate proceeding will be held for the purpose of determining any and all remedies.

Methuen submits that the evidence will show through the expert witnesses of both parties that the sergeant promotional exam developed and administered by the Commonwealth of Massachusetts Human Resources Division ("HRD") neither creates or result in any disparate impact. Further the only sergeant promotion exam pertinent to Methuen is that which was administered in 2006.

As the administrator, HRD has the statutory authority to "make and amend rules which shall regulate the recruitment, selection, training, and employment of persons for Civil Service positions." M. G. L. c. 31 § 3.

The statistical evidence as it applies to Methuen will clearly show that there was no adverse impact and no violation of either EEOC regulations or Title VII and that although Methuen may, under statutory authority, develop and administer alternative testing methods it is neither obligated nor mandated to do so. Methuen disputes that this examination has caused any disparate impact on minority sergeant candidates in Methuen. Methuen, like some of its fellow municipal defendants are in the inenviable position of having to show the examination, developed by HRD, is valid.

Methuen's Plaintiffs assert that their inability to acquire a higher grade on the promotional examination for sergeant is the result of their status as a minority. However, said Plaintiffs cannot show or provide any evidence to support this broad contention. They cannot provide evidence of any discriminatory practices occurring within the Methuen Police Department, either by their superiors, or the Chief of Police. Methuen submits that there is no nexus between the Methuen's Plaintiffs' low scores on the examination, and their status as a minority.

The evidence will show that the 2006 HRD examination was valid and job-related. Methuen was in full compliance with civil service law and all relevant collective bargaining agreements with respect to the promotion of officers and acted in good faith at all times in its selection of officers for promotion as a result of the use of said examination.

II. STATEMENT OF FACTS NOT IN GENUINE DISPUTE

Plaintiffs have declined to enter into any stipulation of facts.

III. CONTESTED ISSUES OF FACT

(1)     Whether the sergeant promotional exam in question had a discriminatory impact;

(2)     Whether the City of Methuen was reasonable in relying upon the sergeant promotional exam developed and administered by HRD and is neither obligated nor mandated to adopt or developed any alternative method of testing.

## IV. JURISDICTIONAL QUESTIONS

Methuen refers to and incorporates herein the Pre-Trial memorandum of the City of Boston in reference to the Defendants previously filed Motion to Dismiss.

Methuen further states the Methuen Plaintiffs have failed to exhaust their administrative remedies.

## V. PENDING MOTIONS

The municipal defendants presently have a Motion In Limine to preclude certain expert pending testimony from "Dr. Joel Wiesen and Dr. Cassie Fields" experts for the Plaintiffs. Further the City of Worcester has a pending Motion for Dismissal of the Plaintiffs' Seven Amended Complaint. Plaintiffs presently have a Motion to Modify a Proposed Seven Amended Complaint.

## VI. ISSUES OF LAW

(1)     Whether the promotional exams are valid and job related under industry standards and EEOC guidelines;

(2)     Whether the Defendant City of Methuen was reasonable in relying upon the promotional exams developed and administered by Commonwealth of Massachusetts Human Resources Division;

(3)     Whether the Defendant City of Methuen was obligated to seek, develop or apply alternative methods of testing independent of that provided by Commonwealth of Massachusetts Human Resources Division;

(4)     Whether the sergeant promotional examination as it applies to the Defendant City of Methuen had an adverse impact.

## VII. ADDITIONAL MATTERS

Although Plaintiffs have stated in their pre-trial memorandum that "since the inception of this litigation there have been no meaningful settlement discussions, although the Plaintiffs have respectively approach the Defendants in the hope initiating such discussion" said statement is patently inaccurately. The Plaintiffs have never approached Methuen either directly or indirectly for the purposes of pursuing settlement discussions.

## VIII. LENGTH OF TRIAL

Two weeks

## IX. WITNESSES

1. The Methuen Plaintiffs;
2. Sally McNeely, HRD;
3. Paul Dietl, HRD;
4. Colleen McCarthy, HRD, City of Methuen;
5. Jacinto Silva, Expert hired by Defendants;
6. James Outzz, Expert hired by Defendants.

## X. EXHIBITS

Methuen may introduce the following Exhibits:

1.     All document listed in the Experts reports of Dr. James Outtz dated February 9, 2009 and May 28, 2010;

4

2.      All document listed din the Experts reports of Dr. Jacinto Silva dated February 9, 2009 and May 28, 2010;

3.      All document produced by HRD;

4.      Personnel record of Abel Cano from the Methuen Police Department;

5.      Personnel record of Charles De Jesus from the Methuen Police Department;

6.      Records previously provided to Methuen through discovery in this matter.

Methuen reserves the right to amend this list upon timely notice to the plaintiffs.

DEFENDANT
CITY OF METHUEN and WILLIAM M. MANZI, III in his capacity as MAYOR OF THE CITY OF METHUEN, MASSACHUSETTS
By his attorney

/s/ Peter J. McQuillan
Peter J. McQuillan, BBO# 340180
Office of the City Solicitor
41 Pleasant Street, Room 311
Methuen, MA 01844
(978)-983-8575
(978)-983-8981

**DATED:** June 28, 2010

## **CERTIFICATE OF SERVICE**

      I, Peter J. McQuillan, attorney of record for the Defendants, hereby certify that I that this document filed through the ECF System will be send electronically to the registered participants as identified on the notice of Electronic Filing (MEF) and paper copies will be send to those indicated as non-registered participants this 28th day of June 2010.