UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
PEDRO LOPEZ, et al.                 )
    Plaintiffs,                     )
                                    )   Civil Action No. 07-11693-GAO
v.                                  )
                                    )
CITY OF LAWRENCE, et al.            )
                                    )
    Defendants.                     )
_____)

**<u>PLAINTIFFS' OPPOSITION TO THE MOTION TO DISMISS OF
DEFENDANT CITY OF WORCESTER</u>**

**I. Introduction**

      The City of Worcester's last-minute attempt to escape from the upcoming trial is premised on a fundamental misunderstanding of applicable law.  As Plaintiffs have alleged, the City of Worcester, like the other six Defendants, has utilized the same pen-and-paper police sergeant's promotional examination developed by the Commonwealth of Massachusetts despite knowing that this policy and practice results in disproportionately fewer minorities promoted to sergeant than non-minorities.  This policy and practice has been consistently applied for years – in fact, the Plaintiffs are unaware of any time when Worcester did not simply rely on and utilize the state's examination – despite the undisputed statutory authority allowing Worcester to develop and administer its own examination.  And as a result, Worcester had a total of four minority sergeants out of approximately 57 when Plaintiffs added Worcester as a defendant in January 2008.

1

In fact, the Massachusetts Commission Against Discrimination is on record criticizing Worcester for its "problematic record in promoting minorities *over a significant period of time*," and as a result authorized the Investigating Commissioner of the MCAD to initiate an MCAD complaint to investigate the city's promotional practices.  See Harris, et al. v. City of Worcester, 2006 WL 662739, *4 (March 6, 2006 MCAD).  Ironically, the MCAD issued this decision arising out of a complaint filed by police officer Spencer Tatum, a plaintiff in this case, concerning the police sergeant promotional examinations.  Tatum's administrative case is still ongoing, as Worcester's counsel knows.

Despite this parallel MCAD action involving Tatum and Worcester's use of the Commonwealth's police sergeant promotional examination, Worcester claims that Tatum was required to file a new MCAD complaint specifically related to the most recent 2008 examination.  This is because, Worcester asserts, Plaintiffs Seventh Amended Complaint, for which this Court granted the Plaintiffs' leave to file on June 11, 2010, added allegations specific to the 2008 examination.[1]

Worcester's argument is frivolous.   Tatum filed an MCAD complaint related to the 2006 police sergeant promotional examination on December 17, 2007, which specifically alleged that the "promotional examination has a disparate impact on minority test takers and cannot be shown be a job related business necessity," and noted that the claim was a "continuing action."  See Exhibit A.  Tatum received a right to sue letter

---

[1] Although this Court granted the Plaintiffs' motion for leave to file the Seventh Amended Complaint, the Plaintiffs' have not yet filed it because they seek to modify the proposed Seventh Amended Complaint to add seven officers from Boston who could not, for administrative reasons, be named earlier.  This is a technicality that is not material for the City of Worcester, however.

thereafter. Id. Worcester was added as a defendant in this case on January 4, 2008 in the Second Amended Complaint, at which point the 2006 examination was the only one at issue. The allegations in the Seventh Amended Complaint concern the same exact policy and practice which provided the basis for Tatum's December 17, 2007 MCAD complaint. As Plaintiffs have made clear in numerous filings, their claims target the Defendants' unnecessary, non-mandated, habitual utilization of an examination for police sergeant promotions that causes – and which they knew causes – disparate impact on minority officers. Tatum seeks a remedy that will, in part, end this policy – the same policy that caused the disparate impact resulting from the 2006 examination and the 2008 examination.

## II. Relevant Facts

On January 4, 2008, the Plaintiffs filed their Second Amended Complaint which added the City of Worcester as a party. See ECF Doc. 21. The allegations in the Second Amended Complaint concerning Worcester related to the 2006 police sergeant promotional examination. Spencer Tatum, a Worcester police officer who had taken and passed the 2006 police sergeant promotional examination but was not promoted to sergeant, was also added as a plaintiff. Prior to the filing of the Second Amended Complaint, Tatum had filed an MCAD charge regarding these allegations, which he labeled a "continuing action." See Exhibit A.

This was not the first time Officer Tatum filed a complaint against the City of Worcester regarding its promotional practices, however. Tatum is one of two complainants in an ongoing action before the Massachusetts Commission Against Discrimination concerning similar allegations of unlawful discrimination stemming from

3

the city's use of the Commonwealth's police sergeant promotional examination. Tatum filed this earlier charge in 1994 with the MCAD, and despite multiple rulings from the hearing officer, the full commission, and most recently a Superior Court order remanding to the full commission, the matter is still not resolved. Indeed, Plaintiffs' counsel, with Worcester's counsel's knowledge, recently contacted the MCAD to demand that it take action on the Superior Court's remand order. Worcester's counsel in the present matter is well aware of Tatum's administrative claims, as she represents the city in that matter as well.

In Tatum's administrative action, the MCAD has reproached Worcester for its "problematic record of in promoting minorities *over a significant period of time*," and even authorized an investigation by the commission into the city's promotional practices. See Tatum, 2006 WL 662739 at *4 (emphasis added). This "problematic record" continues to this day. Worcester only had four minority sergeants out of approximately 57 when the city was added as a plaintiff, representing 7% of the total sergeant rank. See Exhibit B. Yet, Worcester had 65 minority officers out of 378 total, representing 17% of the total officer rank. Id.[2]

On February 17, 2010, the Plaintiffs moved for leave to file a Seventh Amended Complaint to add allegations specifically related to the most recent 2008 police sergeant promotional examination. Tatum has also taken and passed that examination, but not been promoted. On June 11, 2010, this Court granted the Plaintiffs' motion to file the

---

[2] The percentage of minority officers is relevant in that it shows that the proportion of minorities at the rank below sergeant is significantly higher than the proportion of minority sergeants, and thus the low number of minority sergeants cannot be due to a small pool of minority police officers.

4

amended complaint. The City of Worcester has now filed a motion to dismiss the Seventh Amended Complaint so far as it alleges claims related to the 2008 examination, on the ground that Tatum did not file an MCAD complaint specifically related to this examination.

### III. Argument

1.  **The Allegations Concerning Worcester And The 2008 Examination In The Seventh Amended Complaint Concern The Same Pattern, Practice And Policy That Was The Subject of The Second Amended Complaint And Tatum's Ongoing MCAD Action, For Which He Filed An MCAD Complaint.**

The case law is abundantly clear that a second administrative complaint is unnecessary when the relevant discrimination acts are part of a pattern or policy challenged in an earlier complaint. See Clifton v. Massachusetts Bay Transp. Authority, 839 N.E.2d 314, 319 (Mass. 2005); Navarro v. U.S. Tsubaki, Inc. 577 F.Supp.2d 487, 505 -506 (D.Mass. 2008). This is true when the subsequent acts are later promotional examinations related to the discriminatory conduct alleged in the original administrative complaint. See Houston Chapter of Intern. Ass'n of Black Professional Firefighters v. City of Houston, Tex., 1991 WL 340296, *2, *6-7 (S.D. Tex. May 3, 1991) (evaluating adverse impact resulting from promotional examinations which were administered after plaintiff association's filing of its only EEOC charge); Cleveland Branch, N.A.A.C.P. v. City of Parma, OH, 263 F.3d 513, 534 (6th Cir. 2001) (explaining that police and firefighter examinations were within EEOC complaint because they would be expected to fall under EEOC's investigation that grew out of the complaint).

As a general matter, courts agree that "[a]cts committed pursuant to a pattern of discrimination challenged in an EEOC complaint, but occurring after its filing, are

5

reasonably related to that complaint, and may be challenged in district court without filing another EEOC complaint." Smith v. Denver Public School Bd., 41 F.3d 1516 (10th Cir. 1994); Green v. Potter, 687 F. Supp. 2d 502, 515 (D.N.J. 2009) (noting that courts have "permitt[ed] suits based on new acts that occur during the pendency of the case which are fairly within the scope of an EEOC complaint . . . without requiring the victim to file additional EEOC complaints"); Field v. Tonawanda City School Dist., 604 F. Supp. 2d 544, 562 (W.D.N.Y.,2009) ("[W]here subsequent claims are reasonably related to claims brought in an EEOC charge, the subsequent claims are not barred . . . A claim not specifically included in an EEOC charge is 'reasonably related' to the charge . . . where a subsequent claim alleges further incidents of discrimination carried out in precisely the same manner."); Held v. Missouri Pac. R. Co., 373 F. Supp. 996, 1001 (S.D. Tex. 1974) ("In light of the broad scope given to EEOC charges under the statute, acts occurring subsequently would need to be significantly different in nature from those made subject of the EEOC charge before a district court would refuse jurisdiction over them as well.")

Indeed, the MCAD has not limited the scope of the factual record in Tatum's administrative action to the promotional examinations occurring before his MCAD complaint. Rather, the MCAD has included evidence related to promotional examinations after 1994 in its findings of fact on the case. See Tatum et al. v. City of Worcester, Findings of Fact, Conclusions of Law and Order of the Hearing Officer, Doc Nos. 94-SEM-0589 and 94-SEM, 0590, April 26, 2002, ¶21, attached hereto as Exhibit B (noting that between 1991 and 2000 no minorities scored high enough of promotional examinations to be eligible for promotion).

6

The rulings of the Massachusetts Supreme Judicial Court and the United States District Court of Massachusetts also plainly reject Worcester's position here. In Clifton, the plaintiff filed his first MCAD complaint on April 23, 1993, alleging racial discrimination and retaliation. See Clifton, 839 N.E.2d at 317. The plaintiff was awarded damages for all discriminatory acts after that date, and the SJC upheld this award, ruling that all discriminatory conduct occurring after the plaintiff's first complaint to the MCAD was considered timely, "regardless of when, or whether, a new MCAD complaint was filed." Id. at 319. Similarly, in Navarro, the plaintiff filed his MCAD complaint on January 29, 2004. See Navarro, 577 F.Supp.2d at 505. Judge Ponsor of the United States District of Massachusetts ruled that the plaintiff's "failure to promote or transfer" claims arising after this date – which occurred in April 2005, January 2006, June 2006, and September 2006 – fell within the limitations period of the 2004 MCAD complaint. Id. at 505-06.

The foregoing case law ends any debate on Worcester's argument. The Seventh Amended Complaint concerns the same practice and policy that Worcester applied in blindly relying on and utilizing the Commonwealth's police sergeant promotional examination in 2006 as well as in earlier years, which was the subject of the Second Amended Complaint, Tatum's December 17, 2007 MCAD complaint, and even Tatum's ongoing MCAD action. Worcester could have designed and administered its own examination at any time to address its well-recognized "problematic record in promoting minorities over a significant period of time," but chose not to. It willfully failed to change this policy, despite its "problematic record" concerning minority promotions, and thus the

policy continues to harm Tatum (and all Worcester minority officers who took the promotional examinations).

### IV. Conclusion

For the foregoing reasons, the City of Worcester's motion to dismiss should be denied in its entirety.

Respectfully Submitted,
PEDRO LOPEZ, et al., Plaintiffs,
By their attorneys,

 /s/ Joseph L. Sulman
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO# 640716
Joseph L. Sulman, BBO #663635
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114

Date:  June 28, 2010                           (617) 994-5800

### CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2010, a copy of this document was served by electronic filing on all counsel of record.

 /s/ Joseph L. Sulman
Joseph L. Sulman