## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PEDRO LOPEZ, et al.,<br>              Plaintiffs<br><br>v.<br><br><br>CITY OF LAWRENCE, et al.<br>              Defendants | )<br>)<br>)<br>)    **C.A. 07-CA-11693-GAO**<br>)<br>)<br>)<br>)<br>)<br>) |

## PRE-TRIAL MEMORANDUM
## OF THE MASSACHUSETTS BAY
## TRANSPORTATION AUTHORITY DEFENDANTS

Defendants, Massachusetts Bay Transportation Authority (hereinafter "MBTA"),

Daniel Grabauskas, as General Manager of the MBTA, and the MBTA Board of Trustees

(collectively, the "MBTA Defendants"[1]) hereby file the following pre-trial memorandum

pursuant to Local Rule 16.5(D).

### I.        CONCISE SUMMARY OF THE EVIDENCE

The trial scheduled to begin on July 12, 2010 will be as to liability.  A remedy

phase would occur at a subsequent time if this Court finds liability.

This case concerns the Commonwealth of Massachusetts' police sergeants'

promotional examination designed and administered state-wide by the Massachusetts

Human Resources Department (HRD), an entity that has been dismissed from this case.

Plaintiffs contend that the state-wide testing regime upon which the defendants relied to

make promotions to sergeant have had a disparate impact against African-Americans and

Hispanic police officers for the years 2005 through 2008.

---

[1] For the convenience of the Court, the parties have referred to the seven defendants as "municipal defendants" throughout the pleadings even though the MBTA is not a municipality.

1

Pursuant to M.G.L. c. 31 et seq, the MBTA utilizes certification lists from HRD to determine eligible candidates for the position of sergeant. Such certification lists use a 2n +1 formula to determine the number of candidates for consideration. However, the MBTA does not select candidates in strict rank order as they appear on the certification lists. Rather, when making promotions to sergeant, the MBTA, in essence, considered all the candidates on the certification list as tied and then combined scores from a structured oral board interview and the scores on selected criteria from each candidate's prior supervisors to determine the ranking of candidates. Notably, the opinions of Plaintiffs' experts do not address the scoring procedures utilized by the MBTA. In fact, at recent depositions, the experts were not familiar with the promotional procedures used by the MBTA.

The MBTA Defendants will demonstrate that they are not liable to the Plaintiffs for following the state statutory testing regime that authorizes HRD to create and administer the state-wide promotional examinations for the civil service position of sergeant. Moreover, the exams were job related and consistent with business necessity.

The only two Plaintiffs who are employed by the MBTA, Royline Lamb and Lynn Davis (identified in paragraphs 42 and 43 of the Sixth Amended Complaint), did not pass the state-wide HRD examinations. They knew on the day that the examination scores were released by HRD that they did not pass. They also knew that because they failed the exam, they could not be considered for promotion. Indeed, under the statutory scheme, HRD would not have allowed the MBTA Defendants to consider Royline Lamb or Lynn Davis as candidates for the position. Therefore, any injury that they received was not the result of any actions of the MBTA Defendants. The MBTA Defendants cannot be

liable for failure to promote them when the MBTA Defendants were precluded by state law from considering their promotions.

**II.     STIPULATED FACTS**

Per their Pretrial Memorandum, the Plaintiffs deem it inappropriate to attempt to stipulate to facts with the Defendants.

**III.     CONTESTED ISSUES OF FACT**

See Section II, *supra*.

**IV.     JURISDICTIONAL QUESTIONS**

This Court denied the Defendants Motion to Dismiss for lack of subject matter jurisdiction. The MBTA Defendants anticipate addressing, via Rule 12B (6) after the revised Seventh Amended Complaint is filed, the issue of whether Title VII recognizes an action against an employer for following a state-wide testing regime. This issue was raised in the Defendants' Joint Motion to Dismiss.

**V.     QUESTIONS RAISED BY PENDING MOTIONS**

On June 17, 2010, the Plaintiffs filed a motion for leave to file an amended complaint for the purposes of adding seven Boston Police officer Plaintiffs.

On June 22, 2010, all Defendants except for Boston filed a motion for an order to preclude the Plaintiffs' experts from testifying.

**VI.     ISSUES OF LAW**

Neither of the two Plaintiffs employed by the MBTA Defendants (Royline Lamb and Lynn Davis) achieved a passing score on the HRD exams. Therefore, neither could be considered for promotion by the MBTA. The claims against the MBTA should be dismissed on this ground alone.

Lynn Davis took only the 2005 HRD promotional exam for sergeant. She did not file a charge of discrimination with the Massachusetts Commission Against Discrimination until September 2008. This is well beyond the statute of limitations for filing discrimination charges. As a result, her claim is time barred.

Presently, the Defendants have a motion to preclude the testimony of Plaintiffs' experts. If this Court denies that motion, the Defendants must be allowed the opportunity to depose both expert witnesses. Plaintiffs' expert, Joel Wiesen, testified at his deposition on June 9, 2010 that he was in the process of preparing supplemental analysis regarding the MBTA and the other municipalities. His supplemental report was provided to the Defendants on June 23, 2010. Likewise, at the June 18, 2010 deposition of Plaintiffs' expert, Cassi Fields, she testified that she had not analyzed the data pertaining to each Defendant. Moreover, because of a time constraint not known until that day, the MBTA had literally three (3) minutes to depose Ms. Fields. The Defendants were greatly prejudiced by not having time sufficient to depose Ms. Fields. To the extent she is preparing a supplemental report, the Defendants must have the opportunity to depose her.

## VII.    ADDITIONAL MATTERS TO AID THE DISPOSITION OF THE ACTION

## VIII.    LENGTH OF TRIAL

The probable length of trial is ten (10) days from 9:00 am to 1:00 pm.

## IX.    WITNESSES

- The two (2) Plaintiffs employed by the MBTA.
- Sally McNeely, an official of HRD
- Paul Dietl, an official of HRD
- Guy Paris, an official of HRD
- Vivian Lee, an official of HRD

- Dolores Ford-Murphy, Retired Deputy Chief of the MBTA Transit Police Department
- Detective Daniel Spas, MBTA Transit Police Department
- Chief Paul MacMillan, MBTA Transit Police Department
- James Outtz, expert retained by the Defendants
- Jay Silva, expert retained by the Defendants

## X.    EXHIBITS

- All documents referred to by each of the experts in their reports and all deposition exhibits entered during the depositions of the experts.
- All documents used by the MBTA for structures oral board testing and scoring by supervisors for candidates for the position of sergeant from 2006 to the present.
- Personnel files of the two (2) Plaintiffs employed by the MBTA.
- All correspondence between HRD and the MBTA concerning the testing by the MBTA.

Respectfully submitted,
MBTA Defendants
By their attorney,

/s/ Kevin S. McDermott
Kevin S. McDermott, BBO #554513
Assistant General Counsel
MBTA Law Department
Ten Park Plaza, Suite 7760
Boston, MA  02116
(617) 222-4756
kmcdermott@mbta.com

Dated:  June 29, 2010

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the Court and counsel of record for all parties via the Court's ECF filing system, on June 29, 2010.

/s/ Kevin S. McDermott____
Kevin S. McDermott