UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PEDRO LOPEZ, ET AL.<br>    Plaintiffs<br><br>v.<br><br>CITY OF LAWRENCE, ET AL.<br>    Defendants | CIVIL ACTION NO. 07-11693-GAO |

**DEFENDANT CITY OF SPRINGFIELD'S
PRE-TRIAL MEMORANDUM**

Pursuant to the court order that bifurcated this action into liability and remedial phases, the City of Springfield and its Appointing Authority ("Springfield") submit their Pre-Trial Memorandum for the liability phase of the above-captioned matter.

**I. CONCISE SUMMARY OF THE EVIDENCE**

The Springfield Plaintiffs, James A. Jackson, Juan Rosario, Louis Rosario Jr., Obed Almeyda, Devon Williams, and Julio M. Toledo, are minority police officers in the City of Springfield who claim the 2005 and 2007 Police Sergeant Promotional Examinations had an unlawful disparate impact on minority test takers, and were not job related.

As will be demonstrated through the testimony of witnesses, including the Springfield Plaintiffs, the Plaintiffs' expert witnesses and Springfield's own expert witnesses, the evidence will show that the Plaintiffs cannot make out a prima facie case of disparate impact discrimination against Springfield under either Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e at seq., or M.G.L.c.151B.

59690

Springfield's use of the 2005 and 2007 exams, which were developed and administered by the Commonwealth of Massachusetts Human Resources Division ("HRD"), has not adversely affected the rates of promotions of minority candidates for the position of Sergeant in the City of Springfield Police Department.  Furthermore, the evidence will show that Springfield's use of the examinations is a matter of business necessity, since Springfield is required by law to make appointments and promotions pursuant to Massachusetts General Laws c. 31. As a practical matter, there are no reasonable economically feasible alternatives. In addition, the evidence will show that the examinations are valid, job related, and consistent with business necessity.

The Springfield Plaintiffs are unable to show that there exists a reasonable alternative that would significantly increase the minority rates of promotion within the City of Springfield. Finally, the evidence will show that any failure of the Springfield Plaintiffs to score high enough on the promotional examination to be considered for the sergeant's position is due to factors other than their respective races.

Two of the plaintiffs have been promoted: Juan Rosario was promoted to Sergeant on June 27, 2010, and Julio Toledo was promoted to Sergeant on December 27, 2009.

## II. FACTS NOT IN GENUINE DISPUTE

Plaintiffs declined to stipulate to facts in their pre-trial memorandum.

## III. CONTESTED ISSUES OF FACT

Springfield believes the contested issues of fact are (1) whether the use of the HRD examinations by Springfield had a discriminatory impact; (2) whether the Springfield Plaintiffs' failure to score high enough on the Sergeants' Promotional Examination to be considered for promotion is due to factors other than their respective races; (3) whether there exists a reasonable alternative to the use of the HRD developed and administered examinations that can be shown by

59690

the Springfield Plaintiffs to result in less adverse impact; and (4) whether the HRD examinations are job related.

## IV. JURISDICTIONAL QUESTIONS

This Court denied the Defendants Motion to Dismiss for lack of subject matter jurisdiction on June 11, 2010. Springfield asserts that the Springfield Plaintiffs failed to exhaust their administrative remedies necessary to file a complaint based on the 2005 Sergeant Promotional Examination, as they have failed to file a charge of discrimination either with the Equal Employment Opportunity Commission or the Massachusetts Commission Against Discrimination within the statutory time period.

## VI. QUESTIONS RAISED BY PENDING MOTIONS

On June 22, 2010, all Defendants except for Boston filed a motion for an order to preclude the Plaintiffs' experts from testifying.

## VI. ISSUES OF LAW

A.  Whether Springfield's use of the 2005 and 2007 Sergeant Promotional Examinations developed and administered by the HRD has adversely impacted the rate of promotion of minorities to Sergeant within the Springfield Police Department.

B.  Whether Springfield's use of the 2005 and 2007 Sergeant Promotional Examinations was the result of business necessity.

C.  Whether the 2005 and 2007 Sergeant Promotional Examinations were job related.

D.  Whether there exists an alternative to the HRD Sergeant Promotional Examination that would reduce the discriminatory impact on minority applicants.

E.  Whether the pool of candidates to be considered in a statistical analysis should be limited to candidates with a passing score under state law and meeting the "2n plus 1" formula

59690

for consideration as required by state law.

## VII. ANY REQUESTED AMENDMENTS TO THE PLEADINGS

Springfield has not requested amendments to the pleadings.

## VIII. ANY ADDITIONAL MATTERS TO AID IN THE DISPOSITION

As of this date, Springfield is unaware of any additional matters, but reserves its right to amend this document should additional issues arise.

## IX. LENGTH OF TRIAL

The probable length of trial is ten (10) to twelve (12) days, assuming a 9:00AM to 1:00PM schedule.

## X. WITNESSES

Springfield may call the following persons at trial

Factual
- James A. Jackson – plaintiff
- Juan Rosario – plaintiff
- Louis Rosario Jr. – plaintiff
- Obed Almeyda – plaintiff
- Devon Williams – plaintiff
- Julio M. Toledo – plaintiff
- Sgt. Rupert Daniels – Springfield Police Department
- Sgt. Sean Arpin – Springfield Police Department
- Sgt. Richard Labelle – Springfield Police Department
- Sgt. Steven Kent – Springfield Police Department
- Sgt. David Martin – Springfield Police Department
- Sgt. Wilfredo Ferrer – Springfield Police Department
- William Mahoney – City of Springfield Human Resources Director
- Gail Walls – City of Springfield Assistant Personnel Director
- Clement Chelli – City of Springfield Collective Bargaining Agent
- William Fitchet – City of Springfield Police Commissioner
- Edward Flynn – former Police Commissioner
- Charles Arpin – former Deputy Chief
- Elmer McMahon – former Deputy Chief
- Sally McNeely – official of HRD
- Paul Dietl – official of HRD
- Guy Paris – official of HRD
- Vivian Lee – official of HRD

59690

      <u>Expert</u>
           Dr. William Fairley
           Dr. Alan Salzberg
           Dr. James Outtz
           Dr. Jacinto Silva

Springfield reserves its right to amend, update or revise this list as the Court and/or Rules may permit.

## XI. EXHIBITS

- Personnel files of the six (6) Springfield Plaintiffs employed by the City of Springfield Police Department.
- All documents referred to by each of the experts in their reports and all deposition exhibits entered during the deposition of the experts.
- All documents produced by the HRD relating to the 2005 and 2007 examinations used by Springfield.

                              Respectfully Submitted,

                              The Defendant
                              CITY OF SPRINGFIELD
                              By its Attorney:

                              <u>/s/ Edward M. Pikula</u>
                              Edward M. Pikula, Esq.
                              CITY SOLICITOR
                              City of Springfield, Law Department
                              36 Court Street
                              Springfield, MA 01103
                              Phone: (413) 787-6085
                              Fax: (413) 787-6173
                              BBO # 399770

Dated: June 29, 2010

59690

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a true copy of the above described documents to be served upon all parties pursuant to Electronic Case Filing Administrative Procedures on June 29, 2010.

/s/ Edward M. Pikula, Esq.

———————————————
Edward M. Pikula, Esq.

59690