UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 07-11693-GAO

|  |  |
|---|---|
| Pedro Lopez, et al.<br>    Plaintiffs<br><br>v.<br><br>City of Lawrence, et al. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT CITY OF LAWRENCE'S PRE-TRIAL MEMORANDUM

Pursuant to Local Rule 16.5(D), the Defendant City of Lawrence ("Lawrence") submits the following Pre-Trial Memorandum and states as follows:

### I. CONCISE SUMMARY OF THE EVIDENCE

The trial of this matter, scheduled for July 12, 2010, will address the issue of liability. If Lawrence's is determined at that time, a separate proceeding will be held for the purpose of determining any and all remedies.

Lawrence contends that the evidence will show, through the Parties' expert witnesses, that the promotional examination for police sergeant, developed and administered by the Commonwealth of Massachusetts Human Resources Division ("HRD"), neither creates nor results in any disparate impact upon the participants.

AS the administrator of the examination, HRD has the statutory authority to make and amend rules which shall regulate the recruitment, selection, training and employment of persons for Civil Service positions." GL c.31 § 3.

The statistical evidence, as it applies to Lawrence, will clearly demonstrate that there was no adverse impact and no violation of wither EEOC regulations or Title VII. Though Lawrence may, under statutory authority, develop and administer alternative testing methods, it is not obligated or mandated to do so. Lawrence disputes the premise that the current examination has caused any disparate impact on minority sergeant candidates in Lawrence. Like its some of its co-defendants, Lawrence is in the unenviable position of having to demonstrate that an examination that was developed by another entity (HRD) is valid.

Lawrence's Plaintiffs assert their inability to acquire a higher grade on the promotional examination for sergeant is the result of their minority status.

However, the Plaintiffs cannot show or provide any evidence to support this broad contention. They will be unable to provide evidence of any discriminatory practices occurring within the Lawrence Police Department, either by their superiors or the Chief of Police, who is also a minority.

The evidence will show that the 2006 HRD examination was valid and job related. Lawrence was in full compliance with civil service law and all relevant collective bargaining agreements with respect to the promotion of officers and acted in good faith at all times in its selection of officers for promotion as a result of the use of said examination.

## II. STATEMENT OF FACTS NOT IN GENUINE DISPUTE

Plaintiffs decline to enter into any stipulation of facts.

## III.    CONTESTED ISSUES OF FACT

(1)    **Whether the promotional examination for sergeant had a discriminatory impact;**

(2) Whether the City of Lawrence's reliance upon the promotional examination for sergeant, that was developed and administered by HRD, was reasonable;

(3) Whether the City of Lawrence was mandated or obligated to develop an alternative method of testing.

## IV. JURISDICTIONAL QUESTIONS

The City of Lawrence refers to and incorporates herein, the Pre-Trial Memorandum of the City of Boston, with reference to the Defendants Motion to Dismiss that was previously filed with the Court.

Lawrence further submits that the Plaintiffs specific to Lawrence have failed to exhaust their administrative remedies.

## V. PENDING MOTIONS

The municipal defendants presently have a Motion in Limine to preclude certain expert testimony from Plaintiff's experts, Dr. Joel Wiesen and Dr. Cassie Fields. The City of Worcester has a pending Motion to Dismiss the Plaintiffs' Seventh Amended Complaint. Plaintiffs presently have a Motion to Modify a Proposed Seventh Amended Complaint.

## VI. ISSUES OF LAW

(1) Whether the promotional exams are valid and job related under industry standards and EEOC guidelines;

(2) Whether it was reasonable for the Defendant City of Lawrence to rely upon the promotional examinations that were developed and administered by the Commonwealth of Massachusetts Human Resources Division (HRD).

(3) Whether the Defendant City of Lawrence was obligated to seek, develop or apply alternative methods of testing that are independent from those methods of testing previously and currently provided for by the Commonwealth of Massachusetts' Human Resources Division;

Whether the promotional examination for sergeant had an adverse impact, as that examination applies to the City of Lawrence.

## VII. ADDITIONAL MATTERS

The Defendant City of Lawrence has engaged in some cursory settlement discussions with the Plaintiffs. However, the Defendant Lawrence is on the brink of receivership and currently operates by a Special Act of the Commonwealth's Great and General Court, passed in April of 2010. The Act allowed Lawrence to deficit-borrow a limited amount of funds, in order to continue its daily operation and provision of essential municipal services. The special legislation provided for the appointment of a fiscal overseer with broad powers, who reports to the Governor's Secretary of Administration and Finance. In short, Lawrence's financial destiny is in limbo and any settlement of a financial nature requires the overseer's approval.

## VIII. LENGTH OF TRIAL

It is estimated by all parties that the length of trial will be two (2) weeks.

## IX. WITNESSES

1. The Lawrence Plaintiffs;
2. Sally McNeely, Massachusetts HRD;
3. Paul Dietl, Massachusetts HRD;
4. Frank Bonet, Personnel Director, City of Lawrence;
5. John Romero, Chief of Police, City of Lawrence;
6. Jacinto Silva, Defendants' Expert;
7. James Outzz, Defendants' Expert;

4

## X. EXHIBITS

(1) All documents listed in the expert reports of James Outzz, Ph.D., dated February 9, 2009 and May 28, 2010;

(2) All documents listed in the expert reports of Jacinto Silva, Ph.D., dated February 9, 2009 and May 28, 2010;

(3) All documents produced by HRD;

(4) Personnel Records of the Lawrence Plaintiffs;

(5) Records provided to Lawrence through the discovery process;

(6) The Defendant City of Lawrence reserves its right to supplement this Exhibit list up to and including at the time of trial.

Respectfully submitted,
Defendant
City of Lawrence, Massachusetts,

By its attorney,

/s/ *Richard J. D'Agostino*

Richard J. D'Agostino
BBO# 633984
Office of the City Attorney
200 Common Street, Room 306
Lawrence, MA 01844
(978) 620-3030  Telephone
(978) 722-9150  Facsimile

DATE:  June 29, 2010

5