UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PEDRO LOPEZ, et al.,** \*
 \*
 **Plaintiffs** \*
v. \*  Civil Action No. 07-11693-GAO
 \*
**CITY OF LAWRENCE, MASSACHUSETTS,** \*
**et al.,** \*
 \*
 **Defendants** \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM OF DEFENDANT CITY OF BOSTON
### IN OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT

On the eve of the scheduled trial date of July 12, 2010, Plaintiffs seek leave of Court to amend their Complaint for the eighth time, to add seven Boston Police officers as Plaintiffs to this action. Plaintiffs' motion is unduly delayed, and is highly prejudicial to Defendant City of Boston ("Boston"). For the reasons discussed below, Plaintiffs' motion should be denied.

**A**.  **Background**

In this action, Plaintiffs allege that promotional examinations for the position of Police Sergeant, as prepared and administered by the Commonwealth's Human Resources Division, in 2005, 2006, 2007 and 2008, has a disparate impact upon African-American and Hispanic candidates in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq., and Massachusetts General Laws Chapter 151B. Through a series of amended complaints, Plaintiffs' action has expanded the number of Plaintiffs and Defendants. Currently, there are seven Defendants to this action -- Boston, the Cities of Methuen, Lawrence, Lowell, Worcester and Springfield, and the

Massachusetts Bay Transportation Authority. Prior to the current motion, 43 police officers have been named as Plaintiffs. By the current motion, Plaintiffs seek to add seven Boston Police Officers as Plaintiffs to this action.[1] A bench trial is currently scheduled to commence on July 12, 2010.

**B.     Argument:     Plaintiffs' Motion Is Untimely And Unduly Prejudicial, And Should Be Denied.**

Plaintiffs' motion is brought under Fed. R. Civ. P. 15(a), governing motions to amend. "[A] court considering a motion to amend should consider the totality of the circumstances and balance the equitable considerations which bear on the motion. Whether the proposed amendment would unfairly prejudice the opposing party, whether the party seeking the amendment has exercised due diligence, and whether the proposed amendment involves futility, unseemly delay, bad faith, or waste of the court's or the parties' resources are all factors which may be considered." Weber v. Sanborn, 526 F. Supp. 2d 135, 140-141 (D. Mass. 2007). "The longer a plaintiff delays" in seeking to amend a complaint, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and court, is itself a sufficient reason for the court to withhold permission to amend." Steir v. Girl Scouts of the U.S.A., 383 F. 3d 7, 12 (1st Cir. 2004); see also Acosta-Mestre v. Hilton International of Puerto Rico, 156 F. 3d 49, 52 (1st Cir. 1998) (where plaintiff moved to amend fifteen months after the initial complaint was filed, when discovery was almost closed, and "nearly all the case's pre-trial work was complete," court found it would cause undue delay to allow plaintiff to

---

[1] Plaintiffs' motion also seeks to withdraw two Boston Police officers as Plaintiffs to this action (Neva Grice and Cathenina Cooper-Paterson). Boston has no objection to this aspect of Plaintiffs' motion.

2

amend complaint); Tyler v. U.S., 397 F. Supp. 2d 176, 180 (D. Mass. 2005) ("Leave to amend must be denied, however, if the amendment…would reward undue delay.").

In the present action, Plaintiffs' motion was field on June 17, 2010, less than one month before the currently scheduled trial date. By way of justification for adding new plaintiffs at this late date, Plaintiffs claim that the officers only filed charges of discrimination on March 31, 2010. Assuming that Plaintiffs' representation is accurate, this fact provides no support for not seeking an earlier amendment. First, there is no reason why these prospective plaintiffs could not have filed their discrimination charges long before March 31, 2010, given that the results of 2008 examination were communicated over one year before their charges were filed. Moreover, in the experience of Boston and its counsel, the Massachusetts Commission Against Discrimination routinely allows complainants to withdraw charges on short notice, to pursue claims in court. Plaintiffs could have moved to add these officers as parties months earlier, and their current motion offers no explanation for their failure in this regard.

Plaintiffs' motion is also unduly prejudicial to Boston, since it essentially precludes any discovery of these seven prospective plaintiffs, assuming that the trial date is not adjusted. Plaintiffs' motion suggests that discovery of individual plaintiffs is unwarranted, but such is not the case. By order of Judge Tauro, the liability phase of this action is not a class action. Instead, each Plaintiff must individually prove that one or more of the examinations had an unlawful disparate impact on him or her. One of the essential elements of a disparate impact claim is that the exam caused the alleged harm, here, the failure to be promoted. See Gaines v. Boston Herald, Inc., 998 F. Supp. 91, 104

3

(D. Mass. 1998) ("There are three elements to a *prima facie* case of disparate impact: identification, impact and causation. The plaintiffs must identify either a particular employment practice of the defendant, or a group of practices that are not capable of separate analysis. They must then show that there is a disparate impact on members of the protected group to which they belong. Finally, they must link the practice and the disparate impact, showing that the former is the cause of the latter.").

While Plaintiffs would have this Court believe that a causal connection must always exist between the allegedly unlawful test and the failure to be promoted, such is not the case. For example, an officer may have engaged in misconduct leading to disciplinary action, such that the Boston Police Department ("BPD") would not have promoted the officer, even if his or her test score warranted promotion. Likewise, an officer may not have prepared for the exam, such that his or her test score was attributable to a lack of studying, and not an unlawful disparate impact. These and other examples demonstrate that the BPD is entitled to conduct discovery (including depositions) into the individual claims of the prospective plaintiffs prior to trial. The current trial schedule makes such discovery impossible.

For the foregoing reasons, Plaintiffs' motion should be denied. In the alternative, if the motion is allowed, Boston prays that the current trial date of July 12, 2010 be continued, to allow for discovery into the claims of these seven prospective plaintiffs.

        Respectfully submitted,

        CITY OF BOSTON,

        By its attorneys,

        WILLIAM F. SINNOTT
        Corporation Counsel

        /s/Robert P. Morris
        Mary Jo Harris (BBO #561484)
        Robert P. Morris (BBO #546052)
        Special Assistant Corporation Counsel
        MORGAN, BROWN & JOY, LLP
        200 State Street
        11th Floor
        Boston, MA 02109
        (617) 523-6666

Dated:  June 29, 2010

## CERTIFICATE OF SERVICE

I, Robert P. Morris, certify that on June 29, 2010, this document was filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

        /s/Robert P. Morris
        Robert P. Morris