# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                          )
PEDRO LOPEZ, et al.                       )
                                          )
                    Plaintiffs,           )
                                          )        Civil Action No. 07-11693-GAO
             v.                           )
                                          )
CITY OF LAWRENCE, et al.                  )
                                          )
                    Defendant.            )
_____  )

## PLAINTIFFS' MOTION IN LIMINE TO ADMIT
## REPORTS OF EXPERT FRANK J. LANDY

Plaintiffs move in limine for an order admitting into evidence the expert reports prepared by Frank J. Landy, Ph.D. The Plaintiffs originally designated Dr. Landy as one of their experts. Dr. Landy prepared an initial report on October 30, 2008. (Exh. A). He prepared a supplemental report on March 31, 2009. (Exh. B). Dr. Landy passed away on January 12, 2010. Although the Plaintiffs have designated additional experts, including Cassi Fields, Ph.D. and Joel Wiesen, Ph.D., they move to admit the reports prepared by Dr. Landy for two principal reasons. First, all of the experts expected to testify in this case prepared reports that reference or rely on the reports prepared by Dr. Landy, so Dr. Landy's reports serve as a foundation for the expert testimony to be provided in this case. Second, Dr. Landy had uniquely extensive knowledge of and experience with the issues central to this case, so this Court should exercise its discretion to admit his reports pursuant to Fed. R. Evid. 807.

## Background

Dr. Landy was widely regarded as one of the preeminent expert industrial psychologists in the area of disparate impact discrimination  As reflected in his biography and curriculum vitae,

1

over the course of his forty-year career he held numerous academic, research, and consulting

positions; received a long list of awards and honors; served as an editor for multiple journals;

authored or co-authored 19 books and monographs; contributed 34 chapters; and wrote dozens of

articles. (Exh. A, pp.5-10, 37-55). He has consulted with over 100 organizations, and has

testified or consulted in over 40 legal proceedings. (Id.). He had been requested by numerous

government organizations to provide reports on employment discrimination, including among

others the U.S. Department of Transportation, the U.S. Department of State, the U.S. Equal

Employment Opportunity Commission (EEOC), and the U.S. Department of Justice. He was

commissioned by the U.S. Department of Labor to study possible race bias in the performance

evaluations of federal employees in 12,000 different job titles over a 20-year period. (Id., p.6).

　　　　Dr. Landy had particular experience and expertise in the area of public safety promotion

and appraisal. His funded research on police performance began in 1970 with a research grant

for developing performance evaluation systems for law enforcement agencies. (Id., p.7). A

substantial portion of his consulting activities related to selection and promotion of police

officers. (Id., p.8). As part of a major research grant funded by the EEOC and the Department

of Labor, he conducted job analyses of all levels of police supervision in over 200 municipal,

county, and state police agencies. (Id., p.9). Over a period of more than 30 years, he gathered

data in well over 300 police agencies. (Id.). He developed promotional exams for several dozen

police departments. (Id.). During his career, he was a frequent expert witness in cases involving

discrimination claims against police departments. (Id., p.10).

## Argument

　　　　The Court has wide discretion with respect to the admission of evidence at trial. In a

bench trial, a trial court has even greater latitude, because even if inadmissible evidence comes

into the case, "it is presumed that a trial judge will consider only admissible evidence in making his/her findings." U.S. v. Foley, 871 F.3d 235, 239-40 (1st Cir. 1989). As a result, like with other evidentiary issues, the admission of evidence over a hearsay objection is committed to the sound discretion of a trial court. U.S. v. Colon-Diaz, 521 F.3d 29, 33 (1st Cir. 2008) (citations omitted). A court's admission of an expert's report is no different – it will not be disturbed in the absence of an abuse of discretion. Zachar v. Lee, 363 F.3d 70, 75 (1st Cir. 2004) (citations omitted). Here, the Court should exercise its discretion to admit Dr. Landy's reports. Those reports are inextricably tied to the opinions of the experts expected to testify at trial and will enhance this Court's ability to reach a just outcome in this case.

**I.    Dr. Landy's Reports Are Embedded Into The Reports Of The Other Experts, So His Reports Should Be Admitted To Ensure The Clarity Of Expert Testimony.**

There are four experts expected to testify at trial, including Dr. Fields and Dr. Wiesen for the Plaintiffs and Jacinto Silva, Ph.D. and James Outtz, Ph.D. for the Defendants. Each of these experts referenced or referred to Dr. Landy's reports when preparing their reports. Plaintiffs' expert Dr. Fields, who was asked to step in following Dr. Landy's death, reviewed Dr. Landy's reports in the course of preparing her report of March 30, 2010. (Excerpted Report of Cassi L. Field, Ph.D., Exh. C, p. 5). In one section of her report, she specifically references some of Dr. Landy's conclusions, stating, "In all of these conclusions, I agree entirely." (Id., p.16). Plaintiffs' expert Dr. Wiesen prepared an initial report on October 3, 2008, prior to Dr. Landy's first report. He then prepared a supplemental report on March 30, 2009. (Excerpted Supplemental Expert Report of Joel P. Wiesen, Ph.D., Exh. D). Among the case documents he reviewed when preparing his supplemental report were the original and supplemental reports of Dr. Landy. (Id., pp.34-35).

Defendants' expert <u>Dr. Outtz</u> prepared an initial report on February 9, 2009. (Excerpted Report of James L. Outtz, Ph.D., Exh. E). According to Dr. Outtz, the "purpose of [his] report is to respond to plaintiffs' experts, Drs. Joel Wiesen and Frank Landy…." (Id., p.3). His report goes on to provide detailed responses to Dr. Landy's report. (Id., pp.8-30).[1] Defendants' expert <u>Dr. Silva</u> prepared an initial report on February 9, 2009. (Excerpted Report of Jacinto M. Silva, Ph.D., Exh. F). Like Dr. Outtz's initial report, Dr. Silva's report responds to the expert reports of Dr. Landy and Dr. Wiesen. (Id., pp.1, 6). Dr. Silva prepared a supplemental report on May 28, 2010, which again responds to aspects of Dr. Landy's reports. (Excerpted Supplemental Report of Jacinto M. Silva, Ph.D., Exh. G, p.3) ("Dr. Landy in his report (as adopted by Dr. Fields) characterized….").

As a result, Dr. Landy's reports are woven into the fabric of the opinions to be offered by all four experts expected to testify at trial. It would be far more clear and effective for this Court, for all of the parties, and for any reviewing court, if Dr. Landy's reports could be directly referenced as an exhibit. The alternative would likely require partial or cryptic references to his reports, which would lead to skirmishes about what portions of his reports should be admitted and how they should be admitted.

## II.     Dr. Landy's Reports Are Admissible Under The Residual Exception To The Hearsay Rule.

Even if Dr. Landy's reports are properly characterized as hearsay, they are admissible under Fed. R. Evid. 807. Rule 807, which applies when the declarant is unavailable due to death or other reasons, permits a court to admit a hearsay statement when it is sufficiently trustworthy and "(A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can

---

[1]     Dr. Outtz also prepared a supplemental report on May 28, 2010 to respond to Dr. Fields' report.

procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence." All of these conditions are satisfied here.

First, Dr. Landy's reports are sufficiently trustworthy. Given the requirement of detailed pretrial expert disclosures, there is little risk that Dr. Landy's testimony would have deviated in material respects from what is contained in his report. In fact, if Dr. Landy's trial testimony deviated from his pretrial reports, the Defendants presumably would have challenged any new or different testimony as inadmissible. See Licciardi v. TIG Ins. Group, 140 F.3d 357, 363 (1st Cir. 1998) (noting importance of detailed expert disclosures and discussing consequences of failure to make such disclosures) (citation omitted). Indeed, in evident recognition of the comprehensiveness and reliability of pretrial disclosures, the First Circuit has relied on an expert's pretrial report as evidence of the expert's trial testimony. See Espada v. Lugo, 312 F.3d 1, 5 n.1 (1st Cir. 2002) (using expert's pretrial report where trial transcript unavailable).

Second, Dr. Landy's reports pertain to material facts. Indeed, among the central issues in this case are those addressed by Dr. Landy and other expert witnesses, including the existence of adverse impact, the validity of the challenged examinations, and the existence of less discriminatory alternatives.

Third, Dr. Landy's reports are more probative than any other evidence on an important point: the opinion of the preeminent expert in this area. It does not denigrate the qualifications of any of the other experts in this case to note that Dr. Landy was, until his death, the recognized leader in the intersecting fields of adverse impact and testing. The Court now has the ability to obtain the benefit of Dr. Landy's expert assessment of critical issues in this case. In a situation,

such as this, where there are sharply conflicting opinions among the experts, the value of Dr. Landy's opinions is particularly great.

Fourth, the interests of justice will best be served by admitting Dr. Landy's reports. This case raises critical issues affecting police officers and communities across the Commonwealth. Given Dr. Landy's expertise in this area, casting aside his reports, thereby losing the benefit of his knowledge and opinions, would frustrate this Court's duty to reach a just and appropriate judgment. Because this is a jury-waived trial, the Court will not have to confront difficult issues of jury confusion or prejudice. The Court will be able to adjust the weight it gives to Dr. Landy's reports given the inability of the Defendants to conduct cross examination. Moreover, the defendants have and will be able to attack Dr. Landy's conclusions though their own experts, so his reports will not go unaddressed.

There is no question that it would have been preferable to have Dr. Landy, like the other designated experts, testify at trial. If Dr. Landy were still available, then the Plaintiffs would not be seeking to admit his reports in his absence. But that option is not available. The only options are to disregard the views of an expert who devoted 40 years of his life to the issues central to this case or to take advantage of that uniquely extensive experience.

**Conclusion**

For the foregoing reasons, Plaintiffs respectfully moves that the Court issue a ruling in limine admitting the expert reports of Dr. Landy.

Respectfully Submitted,
PEDRO LOPEZ, et al., Plaintiffs,
By their attorneys,


/s/ Stephen S. Churchill
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO# 640716
Stephen S. Churchill, BBO#564158
Joseph L. Sulman, BBO #663635
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Date:  June 30, 2010      (617) 994-5800

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2010, a copy of this document was served by electronic filing on all counsel of record.

/s/ Stephen S. Churchill
Stephen S. Churchill