UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 07-CV-11693-GAO

|  |  |
|---|---|
| PEDRO LOPEZ et al,<br>    Plaintiffs,<br><br>v.<br><br>CITY OF LAWRENCE, MA et al,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### MOTION OF DEFENDANT CITIES OF BOSTON, LAWRENCE, LOWELL, METHUEN, SPRINGFIELD & WORCESTER, AND DEFENDANT MASSACHUSETTS BAY TRANSPORTAION AUTHORITY, FOR A COURT ORDER REGARDING THE PRODUCTION OF POLICE SERGEANT EXAMINATIONS CREATED AND ADMINISTERED BY PLAINTIFFS' EXPERT CASSI L. FIELDS, PH.D.

Defendant Cities of Boston, Lawrence, Lowell, Methuen, Springfield and Worcester, and Defendant Massachusetts Bay Transportation Authority ("MBTA") and collectively "Defendants", jointly move this Court to issue a Court Order requiring Plaintiffs' expert Cassi L. Fields, Ph.D to produce forthwith copies of any and all tests and preparation materials including pilot programs, practice examinations, and the grading/scoring criteria for all promotion processes for police sergeant promotional examinations that she or her company, Fields Consulting Group, Inc. ("FCG") developed, created and/or administered for the following government entities from January 1, 2003 to the present: City of Memphis, TN, City of Macon, GA, Fairfax County, VA, City of Richmond, VA, Prince Georges County, MD, City of Charlotte (Mecklenburg), NC, City of St. Louis, MO, and Washington Metropolitan Area Transit Authority, Washington, D.C.. A copy of the proposed Court Order is attached. The Defendants further agree that

the produced materials would be subject to a protective order in a form agreed to by the parties.

In support of this motion, Defendants state as follows:

1. In her report dated March 30, 2010, Dr. Fields set forth her opinions as to why the promotional process developed and created by the Commonwealth of Massachusetts Human Resources Division's ("HRD") and utilized by the Defendants for police sergeants were deficient. One opinion stated the written examination was not valid as many of the knowledge, skills and abilities and critical tasks of police sergeants were not adequately developed and/or designed by HRD.

2. In a letter dated June 11, 2010, the Plaintiffs and Boston requested that HRD immediately disclose copies of the test questions as "validity of the test questions (or lack thereof) is at the heart of this dispute."

3. Previously, HRD provided the parties with the reading list that candidates were to use for the examinations.

4. At her June 21, 2010 deposition, Dr. Fields stated that she had only reviewed a small number of questions from the 2008 HRD police sergeant test but opined that the questions were written at "very difficult reading levels" that "required a college education or higher…" She also was concerned that the examinations are "not testing what practically sergeants do" based on her twenty years of analyzing the position of sergeant. Dr. Fields testified that she uses a "compensatory model" of promotional examination where the goal is to "try and keep all candidates in the entire process from beginning to end, if possible."

5.  Dr. Fields also testified at deposition that if a promotional sergeant test is reliable and valid, it is going to rank the test takers where the best performers on the job are at the top and the worst performers on the job on the bottom.

6.  With respect to the Macon, GA sergeant examination devised by Dr. Fields, she testified that all fifty one (51) white officers passed the exam and twenty one (21) out of twenty two (22) black officers passed the exam.

7.  With respect to the Memphis, TN sergeant examination devised by Dr. Field, she was asked about an article captioned, "Police Test So Easy, It's a Joke" that appeared on a news website regarding her test. That article listed four practice questions:

A search warrant is a document that gives permission to conduct a search:

A) With consent
B) Without consent
C) Of an arrested individual
D) Of an abandoned vehicle

Citizens should always lock _____ vehicles and secure valuable s in the trunk.

A) There
B) They're
C) Their
D) They

A search warrant must be issued by:

A) An impartial citizen
B) The court
C) A lawyer
D) A senior police official

A complete sentence must include:

A) A subject
B) A verb
C) A pronoun
D) Both a and b

3

According to the article, the Memphis Police Association president, J.D. Sewell, who represents the police officers, said the test was intentionally designed given the years of multiple lawsuits over police promotions in Memphis, "to make it simple enough and fair enough for everybody that hopefully there's no grounds to challenge it in court" where the test is "easy" and is based on "seniority because then there's no discrimination." A copy of the article is attached as Exhibit "A". Dr Fields testified that these questions may have been on the practice materials that she devised for Memphis. However, Dr. Fields refused to produce a copy of the Memphis police sergeants' examination or the practice test materials stating they were "confidential."

8. On June 29, 2010, the Defendants for the first time were provided access by HRD to look at and review the actual exam and/or exams: 2005, 2006, 2007 and 2008 that were applicable to each respective defendant regarding its promotions to sergeant.

9. The Defendants expect to offer the actual examinations at issue in this lawsuit: HRD examinations for 2005, 2006, 2007 and 2008 and Boston Police Department examinations for 2005 and 2008 into evidence in support of their position that said examinations were valid and job related subject to the conditions of the protective orders that the parties entered into with HRD on or about January 3, 2008 and June 25, 2010.

10. Similarly, the Defendants expect to inquire about the test preparation materials for the aforementioned promotional examination.

11. Finally, the Defendants expect to inquire about the education and experience component for the aforementioned promotional processes

12. Dr. Fields is critical of the examinations and their development, and opines they were not properly designed and are not valid based on her training, experience and years of developing, preparing and analyzing sergeant promotional examinations. Given her opinions in this case, she must produce the requested documents and materials so that they can be compared to the examinations at issue as part of the determination as to whether the HRD examinations of 2005, 2006, 2007, and 2008 and Boston examinations of 2005 and 2008 are valid and job related. These records of Dr. Fields are necessary and material to the Defendants so that they can adequately and properly defend themselves concerning the validity and job relatedness of the examinations and the promotional processes in question. For the same reasons, the Plaintiffs and Boston requested confidential materials from HRD, the Defendants have a right to these materials from Dr. Fields in their defense of this matter.

13. The Defendants are willing to enter into any protective order with Dr. Fields (and/or the governmental entities) similar to the one entered into with HRD.

For all the above reasons, Defendants pray that this Court issue an Order requiring that Plaintiffs' expert Dr. Cassi Fields to produce all records regarding the police sergeants' examinations as set forth in the Defendants' proposed Court Order.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| CITY OF BOSTON, | CITY OF LOWELL, |
| By its Attorneys, | By its attorneys, |
| | |
| WILLIAM F. SINNOTT | /s/Brian W. Leahey |
| Corporation Counsel | |
| | Brian W. Leahey, Assistant City Solicitor |
| /s/Robert P. Morris | BBO #567403 |
| Mary Jo Harris | City of Lowell - Law Department |
| B.B.O. #561484 | 375 Merrimack Street, 3rd Floor |
| Robert P. Morris | Lowell, MA 01852-5909 |

B.B.O. #546052  
Special Assistant Corporation Counsel  
MORGAN, BROWN & JOY, LLP  
200 State Street, 11th Floor  
Boston, MA 02109-2605  
(617) 523-6666  

Tel: 978-970-4050  
Fax: 978-453-1510  

Dated: June 30, 2010  

Dated: June 30, 2010  

Respectfully submitted,

WILLIAM M. MANZI, III in his capacity as MAYOR OF THE CITY OF METHUEN, MASSACHUSETTS,

By their attorney,

/s/Peter J. McQuillan  
Peter J. McQuillan  
B.B.O. #340180  
Office of the City Solicitor  
41 Pleasant Street, Room 311  
Methuen, MA 01844  
(978) 983-8575  
(978) 983-8981  

Dated: June 30, 2010  

Respectfully submitted,

CITY OF WORCESTER and MICHAEL O'BRIEN,

By their attorneys,

/s/Laurie W. Engdahl  
Laurie W. Engdahl  
B.B.O. #554635  
Daniel C. Brown  
B.B.O. #648038  
Collins, Loughran & Peloquin, P.C.  
320 Norwood Park South  
Norwood, MA 02062  
(781) 762-2229  

Dated: June 30, 2010  

Respectfully submitted,

CITY OF SPRINGFIELD

By their Attorney,

/s/Edward M. Pikula  
Edward M. Pikula  
B.B.O. #399770  
City Solicitor  
/s/ Harry Carroll  
Harry Carroll, Esq.  
B.B.O. #  
City of Springfield  
Law Department  
36 Court Street, Room 210  

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, DANIEL GRABAUSKAS IN HIS CAPACITY AS GENERAL MANAGER, THE BOARD OF TRUSTEES OF THE MASSACHUSETTS BAY TRANSPORATION AUTHORITY,

By their Attorney,

/s/Kevin S. McDermott  
Kevin S. McDermott, B.B.O. #544513  
Assistant General Counsel  
MBTA Law Department  

6

Springfield, MA 01103
Tel: 413-787-6085
Fax: 413-787-6173

Dated: June 30, 2010

Ten Park Plaza, Suite 7760
Boston, MA 02116
Tel: (617) 222-4756
Email: kmcdermott@mbta.com

Dated: June 30, 2010

Respectfully submitted,

CITY OF LAWRENCE,
MASSACHUSETTS, AND JOHN (sic)
MICHAEL SULLIVAN, IN HIS
CAPACITY AS MAYOR OF THE CITY
OF LAWRENCE

By their Attorney,

/s/Richard J. D'Agostino
BBO #663984
Assistant City Attorney
Room 306 - City Hall
200 Common Street
Lawrence, MA 01840
(978) 794-5800

Dated: _____ , 2010

## CERTIFICATE OF SERVICE

I, Brian W. Leahey, certify that on June 30, 2010, this document was filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

/s/Brian W. Leahey
Brian W. Leahey

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 07-CV-11693-GAO

PEDRO LOPEZ et al,
    Plaintiffs,

v.

CITY OF LAWRENCE, MA et al,
    Defendants

**DEFENDANT CITIES OF BOSTON, LAWRENCE, LOWELL, METHUEN, SPRINGFIELD & WORCESTER, AND DEFENDANT MASSACHUSETTS BAY TRANSPORTAION AUTHORITY PROPOSED COURT ORDER**

1. Cassi L. Fields, Ph.D to produce forthwith copies of the following documents, materials and records regarding police sergeants' examination and promotional processes that she and/or her company, Fields Consulting Group, Inc. ("FCG") developed, created and/or administered for the following government entities from January 1, 2003 to the present: City of Memphis, TN, City of Macon, GA, Fairfax County, VA, City of Richmond, VA, Prince Georges County, MD, City of Charlotte (Mecklenburg), NC, City of St. Louis, MO, and Washington Metropolitan Area Transit Authority, Washington, D.C.

2. Copies of all examinations actually administered including any audio and/or visual materials;

3. Copies of all test preparation materials prepared and/or distributed by Fields and/or FCG including any audio and visual materials in connection with the tests actually administered;

4. Copies of all pilot program materials administered and/or preparation materials prepared and/or distributed by Fields or FCG;

5. Copies of all information regarding the scoring and grading criteria for the examinations actually administered and graded.

Dated:_____         _____
                                                               George A. O'Toole, Jr.
                                                               U.S. District Court