UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
PEDRO LOPEZ, et al.                )
    Plaintiffs,                    )
                                   )  Civil Action No. 07-11693-GAO
v.                                 )
                                   )
CITY OF LAWRENCE, et al.           )
                                   )
    Defendants.                    )
_____)

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE THE CITY OF SPRINGFIELD
FROM OFFERING EXPERT TESTIMONY**

Plaintiffs move to preclude the City of Springfield from offering expert testimony by William Fairley, Ph.D., or Alan Salzberg, Ph.D.  Drs. Fairley and Salzberg opine that Springfield did not discriminate against minority applicants, but the starting point for their opinion is that the City was required to use certification lists provided to them by the Commonwealth's Human Resources Division (HRD).[1]  That premise – i.e., that the City is required to use the Commonwealth's certification lists – has been rejected by this Court and the First Circuit.  Indeed, the crux of this case is that Springfield, like the other municipal defendants, is liable based on its decision to use HRD's discriminatory and invalid testing scheme.  That scheme generates certification lists that disproportionately exclude minority candidates.  Springfield's experts completely overlook that critical

---

[1] A "certification list" is the list provided by HRD to a municipality showing the names of police officers who are eligible for promotion to a particular vacancy or vacancies based on their scores on the most recent promotional examination.  See M.G.L. c. 31, §§ 7, 27.

1

issue, focusing instead on the irrelevant question of whether the minorities who happened to make it onto the flawed certification lists were promoted at the same rate as the white applicants who made it onto the list. As a result, because the experts focus on an issue irrelevant to this case, they should be precluded from testifying.

**Procedural Background**

In Lopez v. City of Lynn, 588 F.3d 69 (1st Cir. 2009), the First Circuit ruled that the Commonwealth and HRD could not be liable for discrimination because, among other reasons, they did not dictate how or whether the municipal defendants would use HRD's examination. Id. at 77-78 ("Nothing in the civil service law, however, mandated that municipalities had to use the results of HRD's written examinations as the only criterion to evaluate merit.").[2]

This Court held a scheduling conference on February 1, 2010, following the First Circuit's decision. At that conference, the Defendants requested leave to file summary judgment motions on the grounds that they were simply complying with state law when

---

[2] The court explained the HRD process further as follows:

> ***Assuming that a local police department had opted to use the HRD examination process*** and wanted to promote officers use the HRD examination process and wanted to promote officers to fill an open position for police sergeant, the department would notify HRD of the number of vacancies in the department through a requisition. *Id.* § 7. Pursuant to § 27, HRD would then certify from the relevant eligible list the names of the three candidates at the top of the list who confirmed that they were willing to accept the job. *Id.; id.* § 27. If a candidate did not so confirm, that name was removed, altering the rankings. *Id.* § 25.

Id. at 79 (emphasis added).

using the Commonwealth's police sergeant promotional examinations.  The Court denied that request from the bench, relying on Lopez.

On February 10, 2010, the Defendants filed a motion for reconsideration of that ruling, arguing that they were bound by state law to participate in the Commonwealth's promotional examinations.  (Docket No. 194, pp. 4-5).  The Defendants contended that they were required by contracts with their unions to participate in the state's promotional examination and that using alternatives to the exam required HRD's approval.  (Id.).  Before the Court ruled on that motion, the Defendants filed a similar motion on March 16, 2010, this one styled as a motion to dismiss, arguing that they did not cause the Plaintiffs' injuries because "Massachusetts clearly vests HRD with oversight of promotional examination for civil servants."  (Docket No. 199, p. 4).  They argued that there was "no causation of harm stemming from the actions of any Defendant" because "[p]ursuant to applicable  civil service law, each Defendant could only select candidates for promotion from the certification lists provided by HRD."  (Id. at 6).  On June 11, 2010, this Court denied both the motion for reconsideration and the motion to dismiss.  (Docket No. 210).

## Proposed Expert Testimony

In their May 27, 2010 report, Drs. Fairley and Salzberg confine their analysis to certification lists provided to Springfield by HRD.  (Analysis of Appointments to Sergeant in Springfield, MA, Based on 2005 and 2007 Exams, William B. Fairley & Alan J. Salzberg, attached as Exh. A, p.2) (report based on data provided by Springfield's counsel "showing, for each individual, rank among those passing the 2005 or 2007,

exam . . . and whether the individual was appointed").[3] Using those lists, they conclude that there was no statistical difference between minority and non-minority promotions. Id. at 2-3. Their opinion plainly, and incorrectly, assumes that Springfield's liability will be determined by whether it promoted disproportionately fewer minorities than non-minorities from those applicants who scored high enough on the police sergeant promotional examination to be placed on the certification lists.

## Argument

"Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact *that is of consequence to the determination of the action* more probable or less probable than it would be without the evidence." Id. (emphasis added). Expert evidence, like any other evidence, must satisfy this threshold requirement of relevance, and it must also "assist the trier better to understand a fact in issue." Pages-Ramirez v. Ramirez-Gonzalez, 605 F.3d 109, 113 (1st Cir. 2010). The opinions of Drs. Fairley and Salzberg fail these tests.

The subject of their opinion not relevant to this case. This case involves three primary questions: (1) did the selection tests used by the defendant municipalities have a disparate impact on minority applicants, (2) were those tests valid, and (3) were there alternative tests that were likely to have a smaller disparate impact? The Springfield experts do not claim to address validity or less discriminatory alternatives; instead, they claim to focus only on the first issue – i.e., disparate impact.

---

[3] Springfield offered the promotional examinations in 2005 and 2007. Id. at 2.

Here, the question of disparate impact is this: when considering all applicants who applied for a police sergeant promotion, did the selection device used by Springfield disproportionately exclude minority candidates?  It is well established that "individual components of a hiring process may constitute separate and independent employment practices subject to Title VII even if the overall decision-making process does not disparately impact the ultimate employment decisions."  Bradley v. City of Lynn, 443 F. Supp. 2d 145, 158-59 (D.Mass. 2006) (citations omitted).[4]  When, as in this case, "an examination is a ranking mechanism that dictates whether and when passing candidates are reached for consideration, [a court] must determine whether it is a gate-way that has a disparate impact on minority hiring."  Id. at 159.  The HRD exams disproportionately kept minority applicants from being considered for promotion in the first place, and the Defendants are liable based on their decision to use those exams.

The Springfield experts address a narrower and wholly unrelated question: once HRD provided Springfield a list of applicants who had *passed* the Commonwealth's police sergeant promotional examination, were minorities promoted at the same rate as white applicants?  By failing to examine the process used by Springfield to generate a certified list of promotional candidates in the first place – i.e., the very process being challenged in this case – Springfield's experts bypass the key issue.

A hypothetical example illustrates this point.  If Springfield had 100 applicants for promotion to police sergeant, and if 20 of those applicants were minorities, the HRD test

---

[4]  Similarly, even where minority candidates are eventually promoted, a disparate impact can still be established if the promoted minority candidates experienced any delays in promotion.  Id. at 168 (citations omitted).

5

might generate a certified list of one minority applicant (for a selection rate of 5%) and 40 white applicants (for a selection rate of 50%).  Although such a result is plainly discriminatory, Springfield's experts do not address it.  They look instead at what happens to the 41 applicants (1 minority and 40 white) on the certified list, concluding that there is no statistical difference in how those 41 are treated with respect to promotions.  The problem with that analysis, of course, is that it fails to account for the group of 19 minority applicants who never made it onto the certified list.  As a result, Springfield's experts are looking at the wrong issue, so their testimony has no place in this case.

## Conclusion

For these reasons, the Plaintiffs respectfully request that the Court issue an order in limine precluding the testimony of Springfield's proposed experts.

Respectfully Submitted,
PEDRO LOPEZ, et al., Plaintiffs,
By their attorneys,

 /s/ Stephen S. Churchill
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO#640716
Stephen S. Churchill, BBO#564158
Joseph L. Sulman, BBO #663635
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114

Date:  July 6, 2010                (617) 994-5800

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2010, a copy of this document was served by electronic filing on all counsel of record.

 /s/ Stephen S. Churchill
Stephen S. Churchill