UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************
PEDRO LOPEZ, et al.                         *
                                            *
           Plaintiffs                       *
v.                                          *   Civil Action No. 07-11693-GAO
                                            *
CITY OF LAWRENCE, MASSACHUSETTS,            *
et al.                                      *
                                            *
           Defendants                       *
*******************************************

## DEFENDANT CITY OF BOSTON'S MOTION FOR A PROTECTIVE ORDER, AND SUPPORTING MEMORANDUM

I.   INTRODUCTION

Now comes the Defendant, City of Boston, and respectfully moves for a protective order, pursuant to Fed.R.Civ.P. Rule 26(c), protecting it from the burden of responding to a subpoena duces tecum served upon it by the Plaintiffs (a copy of which is attached as Exhibit A). The Defendant does not object to so much of the subpoena as seeks documents showing the current complement of sergeants within the Boston Police Department (items 1 and 2 on the attachment to the subpoena). The Defendant does object to item 3, which seeks "all documents concerning each detective examination in the City of Boston since January 1, 2005," as the documents in question are not relevant to the matters at issue in this case and production of these materials, on eve of trial, would be unduly burdensome.

II.  STANDARD OF REVIEW

A party from whom discovery is sought may seek a protective order to prevent or limit discovery based on the "annoyance, embarrassment, oppression, or undue burden

or expense" the discovery requests present. Fed.R.Civ.P. Rule 26(c). Such a protective order may require "that the disclosure or discovery not be had … that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." Fed.R.Civ.P. Rule 26(c) (1, 4).

The discovery rules are designed to "focus [discovery] on the actual claims and defenses involved in the action," and "when judicial intervention is invoked, the actual scope of discovery should be determined by the reasonable needs of the action." Collens v. City of New York, 222 F.R.D. 249, 252 (S.D.N.Y. 2004).

While broad pretrial discovery is generally favored, the "trial court has wide discretion in determining the scope and effect of discovery," Mack v. Great Atl. & Pac. Tea Co. 871 F.2d 179, 187 (1st Cir. 1989) and has broad discretion in "shaping the parameters of pretrial discovery." Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 59 (1st Cir. 2006).

Discovery, like all matters of procedure, has ultimate and necessary boundaries. Oppenheimer Fund v. Sanders, 437 U.S. 340, 351 (1977). In fact, Rule 26(b)(1) was added to the Rule to "tailor discovery to the issues involved in the particular case and prevent over discovery." Hoyt v. Connare, 202 F.R.D. 71, 73 – 76 (D. NH 2006).

III.   ARGUMENT

Plaintiffs seek materials related to the development and administration of a detective examination administered in October 2007 (see Affidavit of Edward P. Callahan, attached as Exhibit B). The detective examination is not in dispute in this litigation, which involves challenges to the civil service examinations for the supervisory position of sergeant. The civil service examinations were created and administered by

the Commonwealth of Massachusetts in 2005 and in 2008, with results reported in 2006 and 2009, respectively. Any information that could be gleaned from the administration of the detective examination occurred after the first civil service examination at issue in this case, and on the heels of the administration of the second examination. Thus, there is little probative value to comparing the detective examination to the civil service examination for promotion to sergeant.

The detective examination assessed the abilities of candidates to perform investigative functions, not supervisory functions. No officer was promoted as a consequence of the detectives' examination. Instead, patrol officers were assigned to investigative (as distinguished from uniform patrol) functions. They remain under the supervision of superior officers – sergeants, lieutenants, and captains.

Finally, the subpoena – propounded two weeks before the trial of this action is to commence – poses prejudice to the Defendant, because complying with the document request would require the Defendant to divert its efforts away from trial preparation and toward compilation of documents regarding a separate examination. It bears noting that each of the Plaintiffs is a Boston Police officer, and each was presumably aware of the fact that the detective examination was administered. The Plaintiffs could have sought discovery of the detective examination prior to the last two weeks before trial.

The Court should decline to enforce this last minute request for information, consistent with its ruling that discovery was closed, at the final pretrial conference held on June 30, 2010.

For the foregoing reasons, the Defendant respectfully requests that the Court grant its request for a protective order.

Respectfully submitted,

CITY OF BOSTON,

By its attorneys,

WILLIAM F. SINNOTT
Corporation Counsel

/s/ Mary Jo Harris
Mary Jo Harris (BBO #561484)
Robert P. Morris (BBO #546052)
Special Assistant Corporation Counsel
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109
(617) 523-6666

Dated: July 7, 2010

## CERTIFICATE OF SERVICE

I, Mary Jo Harris, certify that on July 7, 2010, this document was filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

/s/Mary Jo Harris
Mary Jo Harris