UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************
PEDRO LOPEZ, et al.,                    *
                                        *
            Plaintiffs                  *
v.                                      *   Civil Action No. 07-11693-GAO
                                        *
CITY OF LAWRENCE, MASSACHUSETTS,        *
et al.,                                 *
                                        *
            Defendants                  *
*******************************************

### MEMORANDUM OF ALL DEFENDANTS IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO ADMIT REPORTS OF EXPERT FRANK J. LANDY

Defendants to this action -- the Cities of Boston, Lawrence, Lowell, Methuen, Springfield and Worcester, and the Massachusetts Bay Transportation Authority, and officials of certain of these entities -- oppose Plaintiffs' Motion in Limine to Admit Expert Reports of Frank J. Landy, Ph.D.  Dr. Landy died in January 2010 before Defendants had an opportunity to depose him.  Plaintiffs have offered no legitimate grounds for admitting the expert reports of a deceased expert who was never deposed, and as to whom Plaintiffs have secured and designated another expert witness (Cassie Fields, Ph.D.) to testify in his place.  Accordingly, Plaintiffs' motion should be denied.

**A**.   **Background**

Plaintiffs in this action are police officers alleging that certain promotional examinations for the position of sergeant, as prepared and administered by the Human Resources Division of the Commonwealth of Massachusetts, had an unlawful disparate impact on African-American and Hispanic officers, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq, and M.G.L. c. 151B.  The

Commonwealth of Massachusetts and related officials were originally defendants to this action, but were dismissed as parties after the U.S. Court of Appeals for the First Circuit ruled in their favor on an interlocutory appeal.  See Lopez v. Commonwealth of Massachusetts, 588 F. 3d 69 (1st Cir. 2009).

Prior to the interlocutory appeal, this action was assigned to Judge Tauro, who did not authorize depositions of expert witnesses.  One of the experts designated by Plaintiffs was Dr. Landy.  Prior to the interlocutory appeal and ensuing appellate decision, Dr. Landy submitted his initial report, and a rebuttal to the reports of Defendants' experts.  Pursuant to Judge Tauro's orders, neither Dr. Landy nor any other expert was deposed.  At the initial conference with this Court on February 1, 2010, this Court authorized expert depositions.  As noted, Dr. Landy died in January 2010, shortly before that initial conference.

On April 15, 2010, Plaintiffs submitted an expert report from Dr. Cassie Fields, Ph.D.  As stated in Dr. Fields's report, "due to the passing of Frank Landy, an expert on the current case, I have been asked to step in to provide my expert opinion of the Massachusetts Police Sergeant Exams administered statewide in 2005, 2006 and 2007, and separately in the Boston Police Department (BPD) in 2005."  Though Defendants have certain objections to Dr. Fields's testimony, none of these objections pertain to her testifying in place of the late Dr. Landy.

**B**.     **Argument**:    **Dr. Landy's Report Should Be Excluded From Evidence**.

Plaintiffs raise two arguments in support of admitting Dr. Landy's reports into evidence, neither of them persuasive.  First, Plaintiffs argue that the reports are admissible in evidence because other expert witnesses identified Dr. Landy's reports as a

2

document they reviewed, pursuant to the requirement of Federal Rule of Civil Procedure 26(a)(2)(B)(iii), to list "the data or other information considered by the [expert] witness in forming" opinions. Nothing in the Rules of Civil Procedure or Evidence makes such data or information admissible by virtue of its identification in expert reports. Indeed, Defendants' experts had no choice but to refer to Dr. Landy's reports, both before his death, and in responding to the report of Dr. Fields, who largely adapted Dr. Landy's opinions. The rebuttal of an expert's reports does not make the reports admissible under the present circumstances.

Second, Plaintiffs argue that Dr. Landy's reports should be admitted under F.R.E. 807, the residual exception to the hearsay rule. Rule 807 provides that "[a] statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence."

Plaintiffs cite to no opinion which justifies admission of these reports into evidence under this rule. Indeed, a close examination of the rule provides no support for admission. Under subsection (A) of this rule, the "statement" at issue must be "offered as evidence of a material fact…" An expert's opinion, however, is not evidence of any "material fact," but is instead offered "to assist the trier of fact to understand the evidence or to determine a fact in issue…" See F.R.E. 702. Rule 807(B) provides that the "statement" must be "more probative on the point for which it is offered than any other

3

evidence which the proponent can procure through reasonable efforts." Plaintiffs have secured a replacement expert (Dr. Fields), who, consistent with this Court's rules, can testify to her opinions regarding the facts in this matter. There is no reason why Dr. Fields's testimony could not be as "probative" as Dr. Landy's would have been.

In addition, under Rule 807(C), "the general purposes of these rules and the interests of justice" must "best be served by admission of the statement into evidence." These interests will not be served by admission of Dr. Landy's reports. Due to the order of Judge Tauro prohibiting expert depositions, and the death of Dr. Landy prior to this Court's authorization of expert depositions in February 2010, Defendants could not depose Dr. Landy. Admission of these reports, then, will put before this Court the opinions of an expert whom Defendants never had the opportunity to cross-examine, in violation of their constitutional right to due process. The interests of justice, then, would not be served by granting Plaintiffs the relief they seek, especially when Plaintiffs have secured a replacement for Dr. Landy who is ready to testify.

Like Plaintiffs, Defendants mourn the passing of Dr. Landy. However, Plaintiffs have secured a replacement for him, and there is no justification for upending the rules of evidence out of regard for one individual.

For all the above reasons, Plaintiffs' motion should be denied.

<div style="columns:2">

Respectfully submitted,

CITY OF BOSTON,

By its attorneys,

WILLIAM F. SINNOTT
Corporation Counsel

/s/Robert P. Morris
Mary Jo Harris
B.B.O. #561484
Robert P. Morris
B.B.O. #546052
Special Assistant Corporation Counsel
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

Dated: July 8, 2010

Respectfully submitted,

WILLIAM M. MANZI, III in his capacity as MAYOR OF THE CITY OF METHUEN, MASSACHUSETTS,

By their attorney,

/s/ Peter J. McQuillan

Peter J. McQuillan
B.B.O. #340180
Office of the City Solicitor
41 Pleasant Street, Room 311
Methuen, MA 01844
(978) 983-8575
(978) 983-8981

Dated: July 8, 2010

Respectfully submitted,

CITY OF LOWELL,

By its attorneys,

/s/Brian W. Leahey

Brian W. Leahey, Assistant City Solicitor
BBO #567403
City of Lowell - Law Department
375 Merrimack Street, 3rd Floor
Lowell, MA 01852-5909
Tel: 978-970-4050
Fax: 978-453-1510

Dated: July 8, 2010

Respectfully submitted,

CITY OF WORCESTER and MICHAEL O'BRIEN,

By their attorneys,

/s/Laurie W. Engdahl

Laurie W. Engdahl
B.B.O. #554635
Daniel C. Brown
B.B.O. #648038
Collins, Loughran & Peloquin, P.C.
320 Norwood Park South
Norwood, MA 02062
(781) 762-2229

Dated: July 8, 2010

</div>

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| CITY OF SPRINGFIELD, MASSACHUSETTS, MAYOR DOMENIC SARNO, JR. IN HIS CAPACITY AS MAYOR FOR THE CITY OF SPRINGFIELD, | MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, DANIEL GRABAUSKAS IN HIS CAPACITY AS GENERAL MANAGER, THE BOARD OF TRUSTEES OF THE MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, |
| By its Attorney, | By its Attorneys, |
| /s/Harry P. Carrroll<br>Edward M. Pikula, Esq., BBO #399770<br>City Solicitor<br>Harry P. Carroll, Esq., BBO #070660<br>Senior Legal Counsel<br>City of Springfield - Law Department<br>36 Court Street, Room 210<br>Springfield, MA 01103<br>(413) 787-6085 | /s/Kevin S. McDermott<br>Kevin S. McDermott, BBO #544513<br>Assistant General Counsel<br>MBTA Law Department<br>Ten Park Plaza, Suite 7760<br>Boston, MA 02116<br>(617) 222-4756 |
| Dated:  July 8, 2010 | Dated:  July 8, 2010 |

Respectfully submitted,

CITY OF LAWRENCE, MASSACHUSETTS, AND JOHN (sic) MICHAEL SULLIVAN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LAWRENCE

By their Attorney,

/s/Richard J. D'Agostino
Richard J. D'Agostino, Esq.,
BBO #663984
Assistant City Attorney
Room 306 - City Hall
200 Common Street
Lawrence, MA 01840
(978) 794-5800

Dated:  July 8, 2010

## **CERTIFICATE OF SERVICE**

      I, Robert P. Morris, certify that on July 8, 2010, this document filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

      /s/Robert P. Morris
      Robert P. Morris