**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____
                                               )
PEDRO LOPEZ, et al.,                           )
            Plaintiffs                         )
                                               )
v.                                             )
                                               ) **Case No. 07-CA-11693-GAO**
                                               )
CITY OF LAWRENCE, et al.                       )
            Defendants                         )
                                               )
_____ )

**PLAINTIFFS' OPPOSITION TO THE DEFENDANT CITY OF BOSTON'S**
**MOTION FOR A PROTECTIVE ORDER**

**I. Introduction**

The City of Boston has moved for a protective order in response to a subpoena from Plaintiffs seeking documents related to Boston's administration of a detective examination. The Plaintiffs requested information regarding the detective examination because Boston Police Commissioner Edward Davis recently cited the detective's examination in a Boston City Council hearing on June 8, 2010, as a model selection procedure that resulted in a highly diverse series of appointments to detective.

Title VII provides that, assuming there is adverse impact resulting from a selection procedure, an employer can still be liable despite the fact that the examination in question is job-related if there were less discriminatory alternatives for the selection procedure. See Bradley v. City of Lynn, 443 F. Supp. 2d 145, 156 (D. Mass. 2002). By Commissioner Davis' own admission, the detective's examination is an example of a less discriminatory alternative. Boston's motion simply seeks to prevent any evidence of this successful

1

examination procedure, championed by Commissioner Davis himself, from being shown to the Court. The Plaintiffs' subpoena was filed at this late time precisely due to Commissioner Davis' admission about the detective's examination.

Moreover, Plaintiffs' counsel recently learned that EB Jacobs, the firm where Defendants' expert Jacinto Silva is employed and which has regularly assisted the Commonwealth of Massachusetts in designing the sergeant promotional examinations at issue here, also designed detective's examination. Documents and information concerning the detective's examination is therefore critical for the cross-examination of Silva, and possibly other witnesses.

## II. Background

The Plaintiffs claim that the City of Boston, and the other Defendants, violated Title VII through the administration of a police sergeant promotional examination that resulted in severe disparate impact on minority officers. As explained above, in order to establish a violation of Title VII, the Plaintiffs must first show adverse impact resulting from the examination. See Bradley, 443 F. Supp. 2d at 156. . This establishes a *prima facie* case. In this case, all of the experts, even those of the Defendants, agree that adverse impact exists for the City of Boston. See, e.g. Expert Report of James Outtz, Ph.D., at 8, ECF Doc. 214-6; Expert Report of Jacinto Silva, Ph.D., at 7, ECF 214-17. As a result, the burden shifts to Boston to show that the promotional examination was a job-related business necessity, otherwise described as a showing of validity. Id. Even if this is established (though it will not be), the Plaintiffs here will still prevail if they can show that a less discriminatory alternative selection procedure existed

for Boston to determine sergeant promotions. Id. Thus, whether such a less discriminatory alternative exists for Boston will possibly be a central focus of this trial.

On June 8, 2010, the Boston City Council convened a hearing on "Diversifying The Police Force." Commissioner Davis and Superintendent-In-Chief Daniel Linsky spoke and answered questions about the police sergeant promotional examination at issue in this case. Davis criticized the sergeant examination by noting that it did not test for several important skills for a police sergeant. He explained "that dimensions like leadership, and morale and communication are not being measured in this testing process, and [he] agree[d] . . . that's the biggest fault." See Video of City Council Hearing, Docket No. 0610, at 1:16:45; see Affidavit of Joseph L. Sulman, attached hereto as Exhibit A.[1] He further stated that when "you take a written exam, communication is not going to measured in that component although communication is a very important component, knowledge, skill and ability of a person that you need in [sergeant] ranks." Id. at 1:48:15.

Commissioner Davis then discussed his preference for assessment centers, and cited the detective's examination as a model.

> I'm a big advocate of assessment centers. We have evidence here in Massachusetts... We have used assessment center components in the detective testing process that has been very effective and that has led to a much more diverse pool of candidates entering into the detective positions that we have entering into the superior officer positions. So I think we have learned a lesson in Boston that there is a superior way to make this to happen. There has been very little litigation around it, and I think it is something that will be informative to us as we move forward.

---

[1] This video will be introduced as evidence at the trial by Plaintiffs.

3

Id. at 1:19:00.

An assessment center is a type of selection procedure that utilizes multiple components. The Commonwealth of Massachusetts' Human Resources Department ("HRD") has entered into several delegation agreements with municipalities in the Commonwealth allowing the municipality to use its own assessment center to determine its sergeant promotions rather than the use HRD's written, multiple choice-examination. See Assessment Centers, Use In Civil Service Promotions, Human Resources Division, attached hereto as Exhibit B. As explained above, Plaintiffs' counsel has recently learned that EB Jacobs, where Defendants' expert Jacinto Silva works, designed the detective examination.

On June 30, 2010, the Plaintiffs, through counsel, served by hand a subpoena *duces tecum* on the City of Boston's counsel seeking, *inter alia*, "all documents concerning each police detective examination in the City of Boston since January 1, 2005 . . ." The City of Boston filed its motion for a protective order on July 7, 2010 seeking to prevent any disclosure related to the detective examination.

### III. Argument

Plaintiffs' subpoena seeks information that the City of Boston, through Commissioner Davis, has made particularly relevant for this case. As the Plaintiffs have alleged, Boston has chosen to utilize the police sergeant promotional examination developed and administered by the Commonwealth of Massachusetts' Human Resources Division, even though it is authorized by

4

statute to develop its own selection procedure for promotions. See M.G.L. c. 31, § 11.  It has done this despite the city's long history of discriminatory hiring and promotional practices toward minorities.  See Massachusetts Ass'n of Afro-American Police, Inc. v. Boston Police Dept., 973 F.2d 18, 19 (1st Cir. 1992) (discussing amendment to 1980 consent decree regarding promotion of minority officers); Massachusetts Ass'n of Minority Law Enforcement Officers v. Abban, 434 Mass. 256, 259 (2001) (discussing 1978 lawsuit leading to consent decree); See Boston Police Superior Officers Federation v. Civil Service Com'n, 35 Mass.App.Ct. 688, 624 N.E.2d 617, 621 (1993) (ruling that the Civil Service Commissioner properly "found that the multiple choice and training and experience components alone failed to constitute a fair test of supervisory skills and ability").

Commissioner Davis' statements at June 8, 2010 City Council Hearing and the results of Boston's detective examination show that Boston is aware of a better method of testing its officers than a written, multiple-choice exam that measures memorization.  The fact that detective is a different position than sergeant, as explained by Boston, is beside the point.  See ECF Doc. 239, Boston Mtn. at 3.  Plaintiffs are not asserting that Boston should utilize the assessment center designed for *selecting detectives* for determining sergeant promotions.  Every assessment center is tailored to the position for which it is measuring the knowledge, skills, and abilities.  The point here is that Commissioner Davis acknowledges that he prefers assessment centers, and that

he has evidence that they can produce a more diverse – i.e. less discriminatory – resulting pool of eligible candidates.

Therefore, documents showing the process by which the detective's assessment center was established and its components, among other documents, will be particularly relevant and helpful to this Court in determining whether a less discriminatory alternative existed for Boston as a selection procedure for sergeants. They will also be necessary for the cross-examination of Dr. Silva, and potentially other witnesses. Further, Plaintiffs' subpoena was filed promptly after Commissioner Davis raised the detective examination as a model selection procedure. The post-discovery filing was thus directly due to the fact that Commissioner Davis highlighted this particular examination procedure as exemplary. Prior to this time, any discovery request for information relating to the selection procedures for detective, or other ranks and positions, would have been an overbroad fishing expedition. Plaintiffs' subpoena is a narrow, focused request for documents that Boston has already conceded, through Commissioner Davis, are relevant to the issues in this case.

## IV. Conclusion

For the foregoing reasons, Boston's motion for a protective order should be denied, and the City of Boston should be compelled to comply with the June 30, 2010 subpoena at issue.

Dated:  July 9, 2010

Respectfully submitted,
PEDRO LOPEZ, et al.
By their attorneys,

/s/ Joseph L. Sulman
_____
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO #640716
Joseph Sulman, BBO #663635
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
617-994-5800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the Court and counsel of record for defendants via the Court's ECF filing system, on July 9, 2010.

 /s Joseph L. Sulman
Joseph L. Sulman