UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEDRO LOPEZ, et al.,
    Plaintiffs

v.

CITY OF LAWRENCE, et al.
    Defendants

Civil Action No. 07-11693-GAO

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE
PLAINTIFFS FROM OFFERING UNDISCLOSED EXPERT
WITNESSES THOMAS NOLAN, JAMES CLAIBORNE AND PAUL ROMANO
TO REBUT EXPERT TESTIMONY**

The Defendants in the above-captioned matter, the Cities of Boston, Lawrence, Lowell, Methuen, Springfield and Worcester and the Massachusetts Bay Transportation Authority ("MBTA") move to preclude the Plaintiffs from offering testimony by Thomas Nolan ("Nolan"), James Claiborne ("Claiborne"), and Paul Romano ("Romano"). Nolan, Claiborne, and Romano will be called by the Plaintiffs, supposedly as fact witnesses, but who may be asked to opine about matters that are more accurately described as 'expert' testimony. Plaintiffs have represented that Nolan and Romano will testify about "the actual job duties of a police Sgt." and Romano will also "compare those duties to a Fire Lt. or Capt" and "both" will rebut certain opinions by Defendants' expert witness, James Outtz gave in response to questions asked by Plaintiffs at his deposition.

According to Plaintiffs, Nolan and Claiborne are former Boston Police Department employees, assuming they have factual information regarding Boston PD and its promotions, they could testify as fact witnesses. However, any testimony by Nolan and Claiborne about the essential tasks of a sergeant as set forth by either HRD or what

the actual duties of a sergeant are in Lawrence, Lowell, Methuen, Springfield, Worcester, and the MBTA are not within the factual competency of these two individuals. Turning to Romano, he was the former Chief of Police and Fire for Lynnfield, MA and cannot have any factual evidence with respect to any Defendant on any issue.

### Discovery & Proposed Witnesses

Since the original Complaint was filed in 2007, the Plaintiffs have never provided any Defendant with their automatic disclosures as required by Fed.R.Civ.P.26. As a result of the Plaintiffs failure to file their automatic disclosures and given the scope of the numerous amended complaints with scant factual allegations, no Defendant filed their respective automatic disclosures.

When this matter was assigned to Judge Tauro, he did not allow the parties to propound interrogatories or requests for the production documents.

The Plaintiffs filed their original Pretrial Memorandum on May 13, 2009. Nolan, Claiborne, and Romano were not listed as potential witnesses for the Plaintiffs.

Since February 2010, expert discovery proceeded in this matter with extensive expert depositions and exchanges of expert reports between the parties.

Plaintiffs did not disclose Nolan and Claiborne as potential witnesses until they filed their June 25, 2010 Pre-Trial Memorandum.

Plaintiffs did not disclose Romano until they filed their July 6, 2010 Pre-Trial Memorandum.

On July 6, 2010, Boston inquired from Plaintiffs as to why Nolan and Romano were listed as witnesses.

In an e-mail response on or about Wednesday, July 7, 2010 at 4:46 p.m., Plaintiffs stated and attached as Exhibit A:

> Neither Nolan nor Romano is an expert witness; Both will testify about the actual job duties of a police Sgt., and Romano will compare those duties to a Fire Lt. or capt. both will rebut Outtz' statement that Fire Lts. Must make more critical command judgements than Police Sgts.; a comment he made last week in his deposition; Nolan will also testify about his running a study course for the police promotional exam, There may be a few more points Nolan will make but he is not being called as an expert witness, even though he is now a professor at BU.

Prior to this email, given their listings as former Boston PD supervisors, the Defendants assumed the testimony of Nolan and Claiborne was factually limited to Boston. Lawrence, Lowell, Methuen, Springfield, Worcester and the MBTA were stunned to learn of the scope of the proposed "factual" testimony of Nolan and Claiborne.

Similarly, all Defendants were surprised to learn of Romano and the scope of his purported "factual" testimony.

Based on the facts and evidence in this case, there is no indication that these three (3) individuals have facts relevant to the Plaintiffs' case-in-chief against the Defendants with the possible exception of Nolan and Claiborne having some direct knowledge of matters involving Boston.

### Argument

Fed.R.Civ.P.37(c)(1) prohibits parties from introducing new or previously undisclosed expert opinions at trial.[1] Under Rule 26(a)(2)(B), a party using an expert witness must disclose a report containing, inter alia, "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed.R.Civ.P.26(a)(2)(B). The

---

[1] (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit. (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial…

purpose of the rule is to eliminate "unfair surprise to the opposing party." Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir. 1995); Marine Polymer Technologies, Inc. v. HemCon, Inc., 2010 U.S. Dist. LEXIS 46787 (D.N.H. 2010). "Under Rule 37(c)(1), if a party fails to disclose the information required by Rule 26(a), its expert may not testify as to that information…" Muldrow ex rel. Muldrow v. Re-Direct, Inc., 493 F.3d 160, 167, (D.C. Cir. 2007). Appellate Courts have consistently upheld the precluding of experts from testifying when those experts were not timely disclosed pursuant to pretrial orders and local rules. See Marine Polymer Technologies, Inc. v. HemCon, Inc., 2010 U.S. Dist. LEXIS 46787 (D.N.H. 2010); Harris v. Steelweld Equip. Co., 869 F.2d 396, 399 (8th Cir.), cert. denied, 493 U.S. 817 (1989); Blue v. Rose, 786 F.2d 349, 351 (8th Cir. 1986); Accord Simplex, Inc. v. Diversified Energy Systems, Inc., 847 F.2d 1290, 1292 (7th Cir. 1988); Jenkins v. Whittaker Corp., 785 F.2d 720, 728 (9th Cir.), cert. denied, 479 U.S. 918 (1986).

The Plaintiffs brought this action through eight (8) complaints: the original and seven (7) Amended Complaints where over the past three (3) years, they made numerous allegations against the police promotional examination process administered by HRD and utilized by the Defendants. It is imperative in such a case that the Plaintiffs disclose information to each Defendant in a timely manner and as required by the automatic disclosure requirement of Rule 26 so that the Defendants can respond and adequately prepare their respective defenses. If a Plaintiff does not provide automatic disclosures that includes evidence and witnesses to support its bold allegations (with little factual allegations), it is virtually impossible for Defendants to prepare their case or provide adequate automatic disclosures that address the issues as set forth by the Plaintiffs.

Here, notwithstanding the Plaintiffs' claims to the contrary, the proposed new witnesses will be called for the purpose of providing expert testimony to rebut the expert opinions of the Defendants' expert, Dr. James Outtz. These witnesses have no facts to offer with respect to the Plaintiffs' case-in-chief, which is a claim of adverse impact on black and Hispanic minorities in the Police Sergeant's Civil Service Promotional Exam by the several municipal defendants and the MBTA from 2005 through 2008. Rather, the individuals will testify as to their opinions as to the actual job duties of a police sergeant within the Commonwealth of Massachusetts, and Romano will testify as to his opinion as to how those sergeant duties compare to the duties of a Fire Lieutenant and/or Captain. The Plaintiffs admit that this opinion testimony is specifically designed to rebut the opinions of Dr. Outtz. See Exhibit A. Furthermore, based on the email, the Plaintiffs will offer additional testimony from Nolan about "his running a study course for the police promotional exam" and may reference Nolan's current position as a professor at Boston University. See Exhibit A. Some areas of Nolan's proposed testimony have yet been mentioned: "There may be a few more points Nolan will make but he his not being called as an expert…" See Exhibit A.

Unless, the individuals took the exams at issue in the instant case, were involved in the preparation, administering or scoring said exams or otherwise have some direct knowledge of the promotional processes used in 2005 through 2008, they cannot be described as "factual" witnesses. Nolan, Claiborne and Romano are "expert" witnesses, brought in at the eleventh hour by the Plaintiffs in an attempt to circumvent the expert discovery rules in violation of Fed.R.Civ.P. 26(a)(2)(B). The only adequate remedy for such a late attempt is to preclude the witnesses from testifying in any expert capacity.

This would exclude Romano's proposed testimony in its entirety and limit Nolan and Claiborne to "factual" issues solely limited to Boston but only upon an offer of proof that the witnesses are competent to testify.

### Conclusion

WHEREFORE, for the above-noted reasons, the Defendants respectfully request that this Honorable Court issue an order in limine pursuant to Fed. R. Civ. P. 37(c)(1) precluding the testimony of the Plaintiffs' proposed witnesses, Thomas Nolan, James Claiborne, and Paul Romano.

Respectfully submitted,
CITY OF BOSTON,
By its Attorneys,

WILLIAM F. SINNOTT
Corporation Counsel

/s/Robert P. Morris
Mary Jo Harris
B.B.O. #561484
Robert P. Morris
B.B.O. #546052
Special Assistant Corporation Counsel
MORGAN, BROWN & JOY, LLP
200 State Street, 11th Floor
Boston, MA 02109-2605
(617) 523-6666

Dated: July 9, 2010

Respectfully submitted,
CITY OF LOWELL,
By its attorneys,

/s/Brian W. Leahey

Brian W. Leahey, Assistant City Solicitor
BBO #567403
City of Lowell - Law Department
375 Merrimack Street, 3rd Floor
Lowell, MA 01852-5909
Tel: 978-970-4050
Fax: 978-453-1510

Dated: July 9, 2010

Respectfully submitted,

WILLIAM M. MANZI, III in his capacity as MAYOR OF THE CITY OF METHUEN, MASSACHUSETTS,

By their attorney,

Respectfully submitted,

CITY OF WORCESTER and
MICHAEL O'BRIEN,

By their attorneys,

/s/Laurie W. Engdahl

/s/Peter J. McQuillan
Peter J. McQuillan
B.B.O. #340180
Office of the City Solicitor
41 Pleasant Street, Room 311
Methuen, MA 01844
(978) 983-8575
(978) 983-8981

Dated: July 9, 2010

Respectfully submitted,

CITY OF SPRINGFIELD

By their Attorney,

/s/Edward M. Pikula
Edward M. Pikula
B.B.O. #399770
City Solicitor
/s/ Harry Carroll
Harry Carroll, Esq.
B.B.O. #
City of Springfield
Law Department
36 Court Street, Room 210
Springfield, MA 01103
Tel: 413-787-6085
Fax: 413-787-6173

Dated: July 9, 2010

Respectfully submitted,

CITY OF LAWRENCE, MASSACHUSETTS, AND JOHN (sic) MICHAEL SULLIVAN, IN HIS CAPACITY AS MAYOR OF THE CITY OF LAWRENCE

By their Attorney,

Laurie W. Engdahl
B.B.O. #554635
Daniel C. Brown
B.B.O. #648038
Collins, Loughran & Peloquin, P.C.
320 Norwood Park South
Norwood, MA 02062
(781) 762-2229

Dated: July 9, 2010

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, DANIEL GRABAUSKAS IN HIS CAPACITY AS GENERAL MANAGER, THE BOARD OF TRUSTEES OF THE MASSACHUSETTS BAY TRANSPORATION AUTHORITY,

By their Attorney,

/s/Kevin S. McDermott
Kevin S. McDermott, B.B.O. #544513
Assistant General Counsel
MBTA Law Department
Ten Park Plaza, Suite 7760
Boston, MA 02116
Tel: (617) 222-4756
Email: kmcdermott@mbta.com

Dated: July 9, 2010

/s/Richard J. D'Agostino
BBO #663984
Assistant City Attorney
Room 306 - City Hall
200 Common Street
Lawrence, MA 01840
(978) 794-5800

Dated: July 9, 2010

## CERTIFICATE OF SERVICE

I, Brian W. Leahey, certify that on July 8, 2010, this document was filed electronically through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any persons indicated as non-registered participants.

/s/ Brian W. Leahey
Brian W. Leahey, Asst. City Solicitor