UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ, et al., | ) |
| | ) |
| Plaintiffs | ) C. A. # 07-11693-JLT |
| | ) |
| v. | ) |
| | ) |
| CITY OF LAWRENCE, MASSACHUSETTS, et al., | ) |
| | ) |
| Defendants | ) |

**ANSWER TO THE SEVENTH AMENDED COMPLAINT
BY THE DEFENDANTS,
MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,
DANIEL GRABAUSKAS IN HIS CAPACITY AS GENERAL MANAGER,
and
THE BOARD OF DIRECTORS[1]
(misnamed in the Complaint as "THE BOARD OF TRUSTEES")
OF THE MASSACHUSETTS BAY TRANSPORTATION AUTHORITY**

Now come the Defendants, Massachusetts Bay Transportation Authority (hereinafter "MBTA"), Daniel Grabauskas in his capacity as General Manager of the MBTA, and the Board of Directors (misnamed in the Seventh Amended Complaint as the "Board of Trustees") of the MBTA[2] (hereinafter, collectively, the "MBTA Defendants") and, without waiving any right to file a motion to dismiss or other dispositive motion, answer the allegations of the Seventh Amended Complaint as follows:

**I.    INTRODUCTION**

1. Paragraph 1 is an introductory statement and contains conclusions of law for which responses are not required. To the extent that paragraph 1 alleges facts, the same are denied.

**II.   JURISDICTION**

2. Paragraph 2 is a jurisdictional statement and contains conclusions of law for which responses are not required. To the extent that paragraph 2 alleges facts,

---

[1] As of November 1, 2009 the MBTA Board of Directors ceased to exist. Pursuant to Chapter 25 of the Acts of 2009, the MassDot Board of Directors was created and is responsible for many of the functions and duties of the former MBTA Board of Directors.

the same are denied.

### III. PARTIES

3-40. Paragraphs 3 through 40 identify certain plaintiffs and the MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraphs 3 through 40.

41-42. Paragraphs 41 and 42 identify plaintiffs who are employed as police officers within the MBTA Transit Police Department and the MBTA Defendants admit the allegations contained in paragraphs 41 and 42 with the qualification that the residences are admitted upon information and belief.

43-48. Paragraphs 43 through 48 identify certain plaintiffs and the MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraphs 43 through 48.

49. Upon information and belief, the MBTA Defendants admit that the City of Lawrence is a municipality.

50. The MBTA Defendants are without sufficient information to form a belief in regard to who is the Appointing Authority for promoting police officers within the City of Lawrence municipal police department pursuant to applicable Massachusetts civil service law.

51. The MBTA Defendants are without sufficient information to form a belief in regard to who is the Appointing Authority for promoting police officers within the City of Methuen municipal police department pursuant to applicable Massachusetts civil service law.

52. Upon information and belief, the MBTA Defendants admit that the City of Methuen is a municipality, but qualify this answer in that the MBTA Defendants are without sufficient information to form a belief in regard to whether the municipality is "duly" incorporated.

53. The MBTA Defendants are without sufficient information to form a belief in regard to who is the Appointing Authority for promoting police officers within the City of Lowell municipal police department pursuant to applicable Massachusetts civil service law.

54. Upon information and belief, the MBTA Defendants admit that the City of Lowell is a municipality, but qualify this answer in that the MBTA Defendants are without sufficient information to form a belief in regard to whether the municipality is "duly" incorporated.

55. The MBTA Defendants are without sufficient information to form a belief in regard to who is the Appointing Authority for promoting police officers within the City of Worcester municipal police department pursuant to applicable Massachusetts civil service law.

56. Upon information and belief, the MBTA Defendants admit that the City of Worcester is a municipality, but qualify this answer in that the MBTA Defendants are without sufficient information to form a belief in regard to who is the Appointing Authority for promoting police officers within the municipal police department pursuant to applicable Massachusetts civil service law.

57. Upon information and belief, the MBTA Defendants admit that the City of Boston is a municipality, but qualify this answer in that the MBTA Defendants are without sufficient information to form a belief in regard to whether the municipality is "duly" incorporated and without sufficient information to form a belief regarding who is the Appointing Authority for promoting police officers within the City of Boston municipal police department pursuant to applicable Massachusetts civil service law.

58. The MBTA Defendants admit that the MBTA is a body politic and corporate and political subdivision of the Commonwealth pursuant to M.G.L. c.161A, §2.

59. The MBTA Defendants admit that Daniel Grabauskas was the General Manager of the MBTA from May 16, 2005 to August 6, 2009. The MBTA Defendants are without sufficient information to form a belief in regard to whether he was the General Manager "at all material times" as alleged in paragraph 59.

60. The MBTA Defendants admit that the MBTA Board of Directors (misnamed in the Seventh Amended Complaint as the Board of Trustees) was created and defined by M.G.L. c.161A, §7. However, pursuant to Chapter 25 of the Acts of 2009, the MBTA Board of Directors ceased to exist and its duties and functions subsumed by the MassDot Board of Directors on or about November 1, 2009.

61. Upon information and belief, the MBTA Defendants admit that the City of Springfield is a municipality, but qualify this answer in that the MBTA Defendants are without sufficient information to form a belief in regard to whether the municipality is "duly" incorporated and to form a belief in regard to who is the Appointing Authority for promoting police officers within the City of Springfield municipal police department pursuant to applicable Massachusetts civil service law.

62. The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph 62.

IV.    [ALLEGED] <u>**CLASS PLAINTIFFS**</u>

63.    Paragraph 63 contains a description of a purported class of individuals to be certified, as well as conclusions of law, for which no responses are required. To the extent that paragraph 63 alleges facts, the same are denied.

64.    Paragraph 64 contains a description of a purported class of individuals to be certified, as well as conclusions of law, for which no responses are required. To the extent that paragraph 64 alleges facts, the same are denied.

65.    Paragraph 65 contains a description of a purported class of individuals to be certified, as well as conclusions of law, for which no responses are required. To the extent that paragraph 65 alleges facts, the same are denied.

66.    Paragraph 66 contains a description of a purported class of individuals to be certified, as well as conclusions of law, for which no responses are required. To the extent that paragraph 66 alleges facts, the same are denied.

V.    [ALLEGED] <u>**STATEMENT OF FACTS**</u>

67.    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph 67. In further answering, the MBTA Defendants state that Plaintiffs, Royline Lamb and Lynn Davis, are police officers in the MBTA Transit Police Department and they have self-identified as African-American.

68.    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph 68 as such allegations pertain to municipalities.

69.    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph 69 as such allegations pertain to municipalities. Further answering, at times material to this action, the MBTA Defendants received certified lists of eligible candidates from HRD and the MBTA then administered additional testing to select candidates for promotion from such certified lists.

70.    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph 70.

71.    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph 71 as such allegations pertain to municipalities.

72.    The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph 72.

73. The MBTA Defendants deny the allegations contained in paragraph 73.

74. The MBTA Defendants are without sufficient information to form a belief in regards to the truth of the allegations contained in paragraph 74 as such allegations pertain to municipalities.

75. The MBTA Defendants are without sufficient information to form a belief in regard to the truth of the allegations contained in paragraph 75 as such allegations pertain to municipalities. Further answering, the MBTA Defendants state that Plaintiffs, Royline Lamb and Lynn Davis, are police officers in the MBTA Transit Police Department and they did not pass the HRD examinations. Davis took only the 2005 examination. Therefore, promotions made from HRD examinations lists have no affect on the statute of limitations imposed by applicable law upon them.

76. The MBTA Defendants are without sufficient information to form a belief regarding the truth of the allegations contained in paragraph 76.

77. The MBTA Defendants are without sufficient information to form a belief regarding the truth of the allegations contained in paragraph 77.

78. The MBTA Defendants are without sufficient information to form a belief regarding the truth of the allegations contained in paragraph 78.

79. The MBTA Defendants are without sufficient information to form a belief regarding the truth of the allegations contained in paragraph 79 as such allegations pertain to municipalities.

## COUNT I

To the extent that Count I alleges facts and/or conclusions of law pertaining to the MBTA Defendants, the same are denied.

## COUNT II

To the extent that Count II alleges facts and/or conclusions of law pertaining to the MBTA Defendants, the same are denied.

## FIRST AFFIRMATIVE DEFENSE
(FAILURE TO STATE A CLAIM)

The Plaintiffs employed by the MBTA have failed to state a claim upon which relief can be granted against the MBTA Defendants.

## SECOND AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM/ JURISDICTION)

Neither Title VII nor M.G.L. c. 151B prohibit employers from complying with facially-neutral state testing requirements for hiring or promotions.

## THIRD AFFIRMATIVE DEFENSE
### (STANDING)

The Plaintiffs employed by the MBTA Transit Police Department lack standing to bring this Seventh Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

The Plaintiffs employed by the MBTA have failed to properly present their claims against the MBTA Defendants before the MCAD and/or the EEOC within the applicable Statutes of Limitations and such is a prerequisite to suit. Therefore, the Plaintiffs' claims, or certain of their claims, against the MBTA Defendants are barred.

## FIFTH AFFIRMATIVE DEFENSE
### (STATUTE OF LIMITATIONS)

The Plaintiffs employed by the MBTA have failed to properly present their claims against the MBTA Defendants to this Honorable Court within the applicable Statutes of Limitations. Therefore, the Plaintiffs' claims, or certain of their claims, against the MBTA Defendants are barred.

## SIXTH AFFIRMATIVE DEFENSE
### (FAILURE OF QUALIFICATION/IMPOSSIBILITY)

The Plaintiffs employed by the MBTA Transit Police Department did not pass the state testing requirements and, therefore, they could not be considered for promotion by the MBTA Transit Police Department pursuant to applicable state law.

## SEVENTH AFFIRMATIVE DEFENSE
### (BUSINESS NECESSITY)

The promotional process utilized by the MBTA Transit Police Department did not cause an unlawful adverse impact within the MBTA Transit Police Department and it is job-related for the positions in question and its use is consistent with business necessity.

## EIGHTH AFFIRMATIVE DEFENSE
### (ACTS OF THIRD PARTIES)

The MBTA Defendants are not responsible for any harm allegedly caused by acts of third parties for whom it is not responsible and over whom it has no control.

## TENTH AFFIRMATIVE DEFENSE
### (GOOD FAITH)

At all times pertinent to this action, the MBTA Defendants acted in good faith and belief that their actions were in accordance with the laws of the Commonwealth of Massachusetts and the United States of America.

### ELEVENTH AFFIRMATIVE DEFENSE
(ACTS OF THE PLAINTIFFS)

Any injury or loss sustained by the Plaintiffs was caused in whole or in part by their acts or by their failure to act.

### TWELTH AFFIRMATIVE DEFENSE
(MITIGATION)

The Plaintiffs have failed to mitigate their damages, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE
(LACHES)

The Plaintiffs' claims, or certain of their claims, against the MBTA Defendants are barred by the doctrine of laches.

### FOURTEENTH AFFIRMATIVE DEFENSE
(NO ADVERSE IMPACT STEMMING FROM THE USE OF HRD EXAMS)

There was no adverse or disparate impact against minorities stemming from the MBTA's use of HRD testing results for the time period pertinent to this lawsuit. Therefore, there can be no prima facie case established by the Plaintiffs.

WHEREFORE, the MBTA Defendants request that the Seventh Amended Complaint be dismissed with prejudice as to the MBTA Defendants and that this Honorable Court award the MBTA Defendants attorneys fees and costs and such other relief that it deems just and proper.

Respectfully submitted
For the MBTA Defendants
By their attorney,

/s/ Kevin S. McDermott
Kevin S. McDermott, BBO#544513
Assistant General Counsel
MBTA Law Department
Ten Park Plaza, Suite 7760
Boston, MA 02116
Tel: (617) 222-4756
Email: kmcdermott@mbta.com

Dated: July 25, 2010

### CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2010 this document was filed through the ECF system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Kevin S. McDermott