UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEDRO LOPEZ, et al.,<br>    **Plaintiffs**<br><br>v.<br><br>CITY OF LAWRENCE, et al.<br>    **Defendants** | Civil Action No. 07-11693-GAO |

### SUPPLEMENTAL MOTION FOR JUDGMENT ON PARTIAL FINDINGS BY DEFENDANT CITY OF LOWELL

**I.  BACKGROUND**

The Defendant City of Lowell ("Lowell") incorporates this Supplemental Motion for Judgment of Partial Findings by the Defendant City of Lowell ("Supplemental Motion for Judgment") into Defendant, City of Lowell's Motion for Judgment on Partial Finding filed yesterday on Thursday, July 29, 2010.

**II.  SUPPLEMENTAL ISSUE**

In addition to naming Lowell as a party, Plaintiff Robert Alvarez ("Alvarez") also names as an alleged defendant: "Appointing Authority for the City of Lowell, Massachusetts." See Plaintiffs' Sixth Amended Complaint. When Alvarez filed his complaint with the Massachusetts Commission Against Discrimination ("MCAD"), he named Lowell and its then Mayor William Martin in his official capacity. See Plaintiffs' Second Amended Complaint. Upon learning that the City Manager of Lowell was its Appointing Authority, Plaintiffs' changed this alleged defendant to "Appointing Authority for the City of Lowell, Massachusetts" as a defendant. See Plaintiffs' Fourth

Amendment Complaint. Superintendent Kenneth Lavallee testified that the City Manager for the City of Lowell is its Appointing Authority.

### III. ARGUMENT

#### A. THE NAMING OF THE APPOINTING AUTHORITY FOR THE CITY OF LOWELL AS A DEFENDANT IS DUPLICITOUS WITH NAMING THE CITY OF LOWELL AS A DEFENDANT

By naming the "Appointing Authority" for the City of Lowell, Alvarez is suing a government employee in his official capacity. Naming a government employee in his official capacity is the same thing as naming the governmental entity and the governmental entity is the real party in interest. See generally, Kentucky v. Graham, 473 U.S. 159, 166 (1985). Further, the Appointing Authority is not a separate legal entity from the City of Lowell; it is an official governmental title bestowed upon the City Manager of Lowell under state law. See generally, M.G.L.c.31 and M.G.L.c.43, §1 (City Manager Plan "E" form of government). As such, judgment as a matter of law should enter on behalf of the Appointing Authority for the City of Lowell, Massachusetts.

#### B. PLAINTIFF DID NOT FOLLOW THE STATUTORY MCAD REQUIREMENTS PRIOR TO FILING SUIT AGAINST THE APPOINTING AUTHORITY FOR THE CITY OF LOWELL, MASSACHUSETTS.

Although Alvarez filed his MCAD complaint against Lowell in November 2007; he never filed a similar allegation against the Appointing Authority for the City of Lowell, Massachusetts with the MCAD. The filing of such a claim is a statutory prerequisite for filing suit against the "Appointing Authority." See M.G.L.c.151, §6.[1]

### IV. CONCLUSION

---

[1] Lowell is not disputing that Alvarez filed his MCAD complaint against the City of Lowell and received authorization to sue it; Lowell is only arguing that Alvarez cannot being his suit against the "Appointing Authority."

WHEREFORE, for all of the foregoing reasons, Defendant, City of Lowell, respectfully requests judgment as a matter of law on behalf of the alleged second Lowell defendant – the Appointing Authority for the City of Lowell, Massachusetts.

July 30, 2010

Respectfully submitted,
CITY OF LOWELL,
By its attorneys,

/s/Brian W. Leahey
Brian W. Leahey, Assistant City Solicitor
BBO #567403
R. Eric Slagle, Assistant City Solicitor
BBO #658813
City of Lowell - Law Department
375 Merrimack Street, 3rd Floor
Lowell, MA 01852-5909
Tel: 978-970-4050
Fax: 978-453-1510
Dated: July 30, 2010

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on July 30, 2010.

/s/ Brian W. Leahey
Brian W. Leahey, Assistant City Solicitor