UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| PEDRO LOPEZ, ET AL | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 07-11693-GAO |
| | ) | |
| CITY OF LAWRENCE, ET AL. | ) | |
| DEFENDANTS | ) | |
| | ) | |
| _____) | | |

SPRINGFIELD'S MOTION FOR JUDGMENT

Now come defendants, City of Springfield and Domenic J. Sarno Jr. in his capacity as mayor for the City of Springfield, (hereinafter collectively called "Springfield") and respectfully move this Honorable Court, in accordance with Rule 52 of the Federal Rules of Civil Procedure, to enter Judgment in favor of Springfield on Counts I and II of the Complaint. The grounds for this motion are set forth below:

1.      Plaintiffs[1] have been fully heard and have completed presentation of all evidence on the issues raised in their complaint. Springfield cannot be held liable for following a state-wide testing regime that is mandated by M.G.L. c. 31 § 1 et seq. Pursuant to said statute, examinations were created and administered by the state for the very purpose of

---

[1]      Numerous plaintiffs filed suit, however, only six of them are Springfield police officers. 7th Am. Compl. §§ 43-48. Two of the six Springfield plaintiffs were promoted to police sergeant utilizing the certified lists resulting from the two challenged tests. Answer to Sixth Amended Complaint of the City of Springfield and Mayor Sarno ¶¶ 6 (stating Springfield "further answers Paragraph 44 of the Plaintiffs' Sixth Amended Complaint by stating that Juan Rosario was promoted to the position of Springfield Police Sergeant") and 10 (stating Springfield "Springfield further answers Paragraph 48 of the Plaintiffs' Sixth Amended Complaint by stating that Julio M. Toledo was promoted to the position of Springfield Police Sergeant.").

selecting candidates for promotion based upon merit. These reasons are more fully set forth in the defendants' Rule 12(b) (6) motion which is incorporated herein by reference.

2.    Plaintiffs have presented no evidence that Domenic J. Sarno Jr. in his capacity as mayor for the City of Springfield is, or was, the appointing authority responsible for promoting police officers to the rank of Sergeant in the Springfield police force.[2]

3.    The Springfield plaintiffs only participated in the HRD examinations given in 2005 and 2007. During cross examination plaintiffs' expert, Joel P. Wiesen, Ph.D. ("Dr. Wiesen") admitted this fact; it is depicted in a table he prepared and put in one of his reports.[3]

4.    "Before beginning a Title VII suit, a plaintiff must first file a timely EEOC charge. In this case, petitioners' charges were due within 300 days after the al1eged unlawful employment practice occurred. Determining whether a plaintiffs charge is timely thus requires identify[ing] precisely the unlawful employment practice of which he complains." *Lewis v. City of Chicago*, 130 S. Ct. 2191, 2196-97 (2010) (citations, footnote and internal quotation marks omitted); *see also* 42 USCS § 2000e-5 (e) (1); *Luciano v. Coca-Cola Enters*., 307 F. Supp. 2d 308, 318 (D. Mass. 2004) (stating that an "employment discrimination charge must ordinarily be filed with the EEOC or the MCAD within 180 days of an act alleged to have been discriminatory. However, where

---

[2]    The Court may take judicial notice of the fact that Mayor Sarno was elected to the office of Springfield Mayor on November 6, 2007; consequently, he was not even Mayor at the time of the 2005 HRD examination was given. Moreover, the Mayor of Springfield is not the appointing authority in the Springfield police department and has no authority to make appointments or promotions to sergeant in the Springfield Police Department. The Revised Ordinances of the City of Springfield vests said power in the Police Commissioner. Trial Tr. 12-53 (ll. 7-22); Springfield Ex. 159.

[3]    Trial Tr. 4-72 (ll. 11-25); and 4-73 (l. 1).

as here, a plaintiff files her initial charge with the MCAD, the EEOC deadline is enlarged to 300 days.  The deadlines must be strictly observed.  Under federal law, 'discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act.'") (citations omitted).

5.     Plaintiffs produced no evidence to show that any of the six Springfield plaintiffs made a timely EEOC filing regarding their allegations of disparate impact resulting from the 2005 exam.  In fact the MCAD/EEOC filings of plaintiffs reveal that they were made in 2008.[4]  Consequently, as a matter of law, plaintiffs are barred from making any claims against Springfield based upon the 2005 police promotional examination.

6.     The 2007 HRD police promotional examination did not have a disparate impact upon the Springfield plaintiffs even using plaintiffs' aggregated data which erroneously considers legally unqualified employees, those who failed the civil service examinations, as part of the relevant labor market.  Plaintiffs' own expert analysis shows that any adverse impact in the 2007 Springfield police promotional exam is, more likely than not, a random data fluctuation due to chance not an illegal act of discrimination.  Both Dr. Wiesen and Dr. Fields, on cross-examination, admitted that "evaluating the standard deviation units[] that would not indicate adverse impact."[5]

---

[4]     The parties stipulated to the dates the MCAD/EEOC complaints were filed.  *See* Doc. 273, ## 37-42.  Plaintiffs marked for identification the individual Springfield plaintiffs' MCAD/EEOC complaints as numbers 125-130.  Those identified documents contain "filing" dates of "9/24/08" and "violation" dates of "3/4/08" {Officer Jackson and Sgt. Rosario} and "3/1/08" {Officers Alymeda; Rosario; Williams; and Sgt. Toledo}.

[5]     Trial Tr. 7-92 (ll.7-25); 7-93, (ll.1-3).  Similarly Dr. Wiesen admitted that the Springfield data is not statistically significant.  Ex. 85A p.2; Trial Tr. 11-63 (ll. 19-25); 11-64 (ll. 1-25); 11-65 (ll. 1-25); 11-66 (ll. 1-25); 11-67 (ll. 1-19).  Dr. Wiesen admitted

7.      That low level of impact does not rise to the level judicially established as the general rule for determining adverse impact.[6]  Consequently plaintiffs have not, as a matter of law, met their burden of showing "a strong basis in evidence" that the 2007 HRD police promotional examination was deficient and their claims against Springfield must be dismissed.[7]

For all foregoing reasons, judgment should enter in favor of Springfield on all Counts.

Respectfully submitted,

Dated: Friday, July 30, 2010

DEFENDANTS: CITY OF SPRINGFIELD AND MAYOR SARNO

By,

/s_____
   Edward M. Pikula, Esq
   BBO#399770
   City Solicitor

/s Harry P. Carroll
   Harry P. Carroll, Esq.
   BBO #076060
   Senior Legal Counsel

---

that it is correct to say that when you look at Springfield alone and the 2007 Springfield police promotional results for the sergeant's examination, essentially, in all the categories, by either the general statistical rule of thumb of the .05 or by the Supreme Court's general rule of standard deviation units, you find no statistical significance.  Trial Tr. 11-68 (ll. 18-24).

[6]  "Generally, the fewer the number of standard deviations that separate an observed from a predicted result, the more likely it is that any observed disparity between predicted and actual results is not really a disparity at all but rather a random fluctuation ....  A finding of two standard deviations corresponds approximately to a one in twenty, or five percent, chance that a disparity is merely a random deviation from the norm, and most social scientists accept two standard deviations as a threshold level of statistical significance."  *Ottaviani v. State Univ. of N.Y.*, 875 F.2d 365, 371 (2d Cir. 1989) (citations and footnote omitted).

[7]  *Ricci* v. *DeStefano,* 129 S. Ct. 2658, 2676 (2009).

City of Springfield Law Department
36 Court Street, Room 210
Springfield, MA 0II03
(413) 787-6085
Fax: (413) 787-6173


CERTIFICATE OF SERVICE

I, Harry P. Carroll, hereby certify that this document(s), filed through the ECF system

will be sent electronically to the registered participants as identified on the Notice of

Electronic Filing (NEF).


/s/ ___Harry P. Carroll___

Digitally signed by Harry P. Carroll
DN: cn=Harry P. Carroll, o=City of
Springfield, ou=Springfield Law
Department,
email=hcarroll@springfieldcityhall.
com, c=US
Date: 2010.07.30 16:51:12 -04'00'

Harry P. Carroll, Esq.,
Senior Legal Counsel