# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

PEDRO LOPEZ, et al.                          )
                                             )
                                             )
                          Plaintiffs,        )
                                             )          Civil Action No. 07-11693-GAO
            v.                               )
                                             )
CITY OF LAWRENCE, et al.                     )
                                             )
                          Defendant.         )
_____       )

## PLAINTIFFS' SUPPLEMENTAL OPPOSITION
## TO DEFENDANT CITY OF SPRINGFIELD'S MOTION FOR JUDGMENT

Plaintiffs oppose Springfield's Motion for Judgment ("Springfield's Motion").  The

principal arguments for denying Springfield's motion are detailed in Plaintiffs' Omnibus

Opposition to Defendants' Motions for Judgment ("Omnibus Opposition").  This opposition

responds to an additional argument made by Springfield – i.e., that the Plaintiffs' claims with

respect to the 2005 are not timely.  (Springfield Motion, pp.2-3).  This argument is without merit

for two principal reasons.

First, because the 2005 examination results, which were not posted until the spring of

2006, were in effect until the spring of 2008, the Plaintiffs' filings were timely. A plaintiff in

Massachusetts is generally required to file an administrative complaint of discrimination within

300 days of the alleged discrimination.  Thomas v. Eastman Kodak Co., 183 F.3d 38, 47 (1st Cir.

1999).  This requirement "is not a jurisdictional prerequisite to suit in federal court, but a

requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable

tolling."  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  Accord Christo v.

Edward G. Boyle Ins. Agency, Inc., 402 Mass. 815, 816-817 (1988) (applying Massachusetts law).

The 300-day filing requirement "cannot be mechanically applied, because it is not possible to pinpoint when the limitations period begins – i.e., when the plaintiff's claim 'accrues' – without first determining the date, or the temporal boundary, of the 'alleged unlawful employment practice.'" Thomas, 183 F.3d at 48. In Lewis v. City of Chicago, ___ U.S. ___, 130 S.Ct. 2191 (2010), the Supreme Court specifically addressed when the limitations period begins in the context of a disparate impact claim involving civil service examinations. The Court held that the limitations period does not begin to run when an employer decides to use a particular examination or when the scores of the examination are announced, but every time the scores have an impact on the selection of candidates. Id. at 2198.

The Springfield plaintiffs filed administrative complaints of discrimination on September 24, 2008. (Amended Stipulation, p.6). Any claim arising within the 300 days preceding that filing – i.e., on or after November 29, 2007 – would be timely. The 2005 examination was held on October 22, 2005. (Exh. 74). The eligibility list from that examination was established on March 24, 2006. (Id.). Eligibility lists are valid for two years, so this eligibility list was valid through March 24, 2008. During the entire time this list was in effect, from March 24, 2006 through March 24, 2008, the Springfield plaintiffs suffered an adverse impact, because their potential for promotion was adversely affected by Springfield's use of the examination.

Second, at this stage, it is of little practical consequence whether the Plaintiffs' complaints were timely with respect to the 2005 examination, because there is no question – and Springfield does not contend otherwise – that the complaints were timely with respect to the 2007 examination. To support their claim of disparate impact, the Plaintiffs may look to the

results of the 2005 examination (or earlier examinations), regardless of whether they are entitled

to any relief in connection with those examinations.  As described in more detail in the Plaintiffs'

Omnibus Opposition, courts may consider a broad range of evidence when evaluating disparate

impact, including historical patterns.  As a result, the timeliness of the Plaintiffs' claims as to the

2005 examination relates, if anything, to possible remedies, not to the question of Springfield's

liability for using an employment practice that had a disparate impact.

**Conclusion**

For the foregoing reasons, together with the reasons set forth in the Omnibus Opposition,

Springfields's Motion should be denied.

Respectfully Submitted,
PEDRO LOPEZ, et al., Plaintiffs,
By their attorneys,


/s/ Stephen S. Churchill
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO# 640716
Stephen S. Churchill, BBO#564158
Joseph L. Sulman, BBO #663635
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Date: August 30, 2010          (617) 994-5800


**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2010, a copy of this document was served by
electronic filing on all counsel of record.

 /s/ Stephen S. Churchill
Stephen S. Churchill