UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
PEDRO LOPEZ, et al.                 )
                                    )
            Plaintiffs,             )
                                    )   Civil Action No. 07-11693-GAO
        v.                          )
                                    )
CITY OF LAWRENCE, et al.            )
                                    )
            Defendant.              )
_____ )

## PLAINTIFFS' MOTION TO SUPPLEMENT RECORD

Pursuant to the Court's ruling that the Plaintiffs would be permitted an opportunity to respond to a new analysis conducted by Defendants' expert, Jacinto Silva, Ph.D., the Plaintiffs move to supplement the record with a two-page affidavit of Joel P. Wiesen, Ph.D., attached as Exhibit A. As grounds for this motion, the Plaintiffs state as follows.

1. During the 17th day of trial, on September 16, 2010, the Defendants elicited testimony from their expert, Dr. Silva, about an analysis he had conducted the night before. (17:80-84).

2. Plaintiffs' counsel objected to this testimony on the grounds that it was not timely disclosed (Plaintiffs' counsel were unaware of the analysis until Dr. Silva testified about it), thereby precluding a fair opportunity to respond. (17:80-82, 84).

3. The Court overruled the objection, stating, in relevant part, "I'll admit the evidence, but you'll have the opportunity, reasonable opportunity to meet it." (17:84-85).

4. In his testimony, Dr. Silva testified about an analysis he did that required manipulations of data in a large spreadsheet (containing, among other things, component test

1

scores for hundreds of Boston police officers who took the 2002 sergeant examination). His analysis was reflected in a new table and spreadsheet, admitted as Exhibits 200 and 201, respectively.

5. Although data about the 2002 exam is in the record in the form of a printed spreadsheet (Exh. 201), it is impractical for counsel or the Court to conduct further analyses of the type performed by Dr. Silva, both because the data is not in the record in electronic form and because counsel do not have the necessary background to conduct statistical or mathematical analyses of the data.

6. Dr. Wiesen's affidavit is limited to factual statements about further analyses that he did in response to Dr. Silva's analysis. His analysis will assist the Court in understanding the significance and meaning of Dr. Silva's analysis.

7. Given the limited, factual nature of Dr. Wiesen's response, and in light of the already lengthy nature of the trial, neither further responses to Dr. Wiesen's affidavit nor further cross examination are warranted.

WHEREFORE, Plaintiffs move to supplement the trial record with the attached Affidavit of Joel P. Wiesen, Ph.D.

Respectfully Submitted,
PEDRO LOPEZ, et al., Plaintiffs,
By their attorneys


/s/ Stephen S. Churchill
Harold L. Lichten, BBO #549689
Shannon Liss-Riordan, BBO# 640716
Stephen S. Churchill, BBO#564158
Joseph L. Sulman, BBO #663635
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
(617) 994-5800

Date: September 29, 2010

2

CERTIFICATE OF CONSULTATION PURSUANT TO LOCAL R. 7.1(A)(2)

I hereby certify that I made an effort to confer with opposing counsel via email on September 24, 2010 in a good faith attempt to resolve or narrow the issues presented in this motion. I had subsequent communications with counsel for defendant City of Boston, but we were unable to resolve or narrow the issues.

/s/ Stephen S. Churchill
Stephen S. Churchill

CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2010, a copy of this document was served by electronic filing on all counsel of record.

/s/ Stephen S. Churchill
Stephen S. Churchill