# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
****************************************
PEDRO LOPEZ, et al.                    *
                                       *
            Plaintiffs                 *
v.                                     *    Civil Action No. 07-11693-GAO
                                       *
CITY OF LAWRENCE, MASSACHUSETTS,       *
et al.                                 *
                                       *
            Defendants                 *
****************************************
```

## AFFIDAVIT OF JACINTO SILVA

I, Jacinto Silva, hereby state as follows:

1. I have been provided a copy of the Affidavit submitted by Joel Wiesen in this matter, dated September 27, 2010, in which Dr. Wiesen states that he has "combin[ed] or otherwise use[d]" the results of the Boston Police Department 2002 promotional examination to determine whether by doing so, adverse impact would be reduced.

2. I was advised that Dr. Wiesen's report was to comment directly on my analysis as it related to Dr. Fields' testimony. I note that Dr. Wiesen has not reported any error in the analysis that I performed in response to Dr. Fields' testimony (in which I analyzed the entire 2002 examination with the weights adjusted to reflect a 60% weight on the oral component and less weight on the written component, and kept the statutorily required education and experience scores as well as the military veteran points).

3. In paragraphs 4 and 5, Dr. Wiesen presents entirely new analyses. In paragraph 4 of his Affidavit, Dr. Wiesen reports that he ranked candidates based on their scores on the oral component alone, and offers that this approach "is reasonable since structured oral exams have been shown to have high validity." I disagree with this opinion, as the oral component of the 2002 examination was designed and administered as one component of a multi-component examination. The 2002 sergeant's examination was weighted 40% to the written component and 20% to the education and experience component. Dr. Wiesen does not address how the validity of the 2002 examination would be impacted by removing 60% of the testing exercises. Under these circumstances, I do not believe that a sergeant's examination that is based solely on an oral component was, in 2005 or in 2008 (or is now, in 2010) a feasible examination alternative that will produce less adverse impact than a written job knowledge test. I believe that Dr. Wiesen

in his testimony also indicated that he would not remove the written examination component.

4. Further, the use of the oral component alone to rank candidates is not feasible (even if it was a valid examination for the position of police sergeant), since Massachusetts state law requires that education and experience be tested in competitive promotional examinations, and further requires that 2 points be awarded to candidates who are military veterans.

5. Finally, I strongly disagree with the magnitude of the increase in minorities Dr. Wiesen indicates would be promoted as a result of including nothing other than the oral component in the exam. Dr. Wiesen states "Specifically, for the 2002 Boston Sergeant exam, within the applicants in the top 69 ranks (and the applicants tied for the 69th rank) were 16 minority applicants. This may be compared to 2002, when 11 minority applicants were promoted among the total of 69 appointments, an increase of 45% due to this new approach." These two statements are not correct. First, 14 candidates (which include 5 minorities and 9 whites) are tied for ranks 65 to 69, not just for rank 69. Second, in the second sentence of the above quoted text, Dr. Wiesen implies that all 5 of the 14 promotions from the 14 tied-score candidates will be awarded to the minority candidates. Promotions cannot be awarded to minorities first. A fair, race-neutral tie-breaker process would be used instead. In that case it is expected that only 1.79 (or 5 multiplied by 5/14) minorities would be promoted yielding a total of 13 promotions (if we rounded 1.79 up to 2), not 16 as Dr. Wiesen states. Compared to the actual weights used in 2002, these results would have added 2 minority hires, not 5, and the adverse impact ratio would remain in the thirties, at 0.39.

6. Dr. Wiesen also examined using the written examination component and the education and experience component as a hurdle, then grading the candidates who successfully completed those two components solely on the basis of their score on the oral component (see Paragraph 5 of Wiesen affidavit). I disagree with his opinion that this approach is feasible, because Massachusetts state law requires that the education and experience component factor into candidates' final examination grade (and its use as a hurdle removes the education and component from the final grade).

7. Finally, this approach also omits the allocation of the statutorily required 2 points awarded to military veterans.

Signed under the pains and penalties of perjury this ___ day of October, 2010.

Jacinto Silva, Ph.D.