# ATTACHMENT B

# PERSONNEL ADMINISTRATION RULES

Prepared by the Office of Legal Counsel

of the

Human Resources Division

(Effective as of May 1, 2010)

# PERSONNEL ADMINISTRATION RULES

PAR.01  Scope and Purpose

PAR.02  Definitions

PAR.03  Qualifications for Appointment

PAR.04  Recruitment

PAR.05  Examination Fees

PAR.06  Examinations

PAR.07  Civil Service Eligible Lists

PAR.08  Civil Service Requisition and Certification

PAR.09  Civil Service Appointments

PAR.10  Special Certifications in the Civil Service

PAR.11  Temporary Appointment

PAR.12  Probationary Period

PAR.13  Leaves of Absence

PAR.14  Civil Service Promotion

PAR.15  Layoff from Civil Service Positions

PAR.16  Performance Evaluation

PAR.17  Development of Training Programs by State Agencies

PAR.18  Career Management Service

PAR.19  The Labor Service Subject to the Civil Service Law

PAR.20  Delegation of Labor Service Functions to Cities and Towns

PAR.21  Delegation of Labor Service Functions to State Agencies

PAR.22  Delegation of Official Service Functions

PAR.23  Smoking Prohibition Rule

PAR.24  Appeals to the Civil Service Commission

# PERSONNEL ADMINISTRATION RULES (PAR)

## PAR.01 SCOPE AND PURPOSE

>The Rules set forth by the administrator establish standards for the conduct of the civil service merit system of employment. In addition, these rules include standards governing state employment apart from civil service where rule making is required of the administrator by statute. They are intended to provide a system of uniform standards implementing applicable law for use by appointing authorities in the employment processes of recruitment and examination of applicants for public service positions, selection among applicants for appointment and promotion, performance evaluation and layoff. These Rules will be implemented in a manner consistent with all applicable employment and anti-discrimination laws for the achievement of equal employment opportunity as set forth in the Basic Merit Principles.

## PAR.02 DEFINITIONS

Within the Personnel Administration Rules, unless otherwise expressly provided or the context otherwise requires, the following words and phrases shall have the following meanings:

>Administrator, the Personnel Administrator of the Human Resources Division.

>Appointing authority or appointing officer, any person, board or commission having the power of appointment or employment.

>Appointments, in respect to the several types of civil service appointments, as follows:
>
>   a. Emergency appointment, an appointment made for a specified time without requisition to cover unforeseeable circumstances.
>
>   b. Intermittent appointment, an appointment from an eligible list to recurrent employment which may be regular or irregular as the needs of the service require.
>
>   c. Permanent appointment, an appointment or promotion made to fill a permanent vacancy in a permanent position after certification for appointment by the administrator following the filing of a requisition.
>
>   d. Provisional appointment, an appointment approved by the administrator following the filing of a requisition until a suitable eligible list is

3

   established, and until an appointment can be made from a certification from such eligible list.

  e. <u>Temporary appointment</u>, an appointment to a temporary position or for the duration of a temporary vacancy, after certification from an eligible list.

<u>Appointment</u>, to positions not within civil service, is appointment to a temporary or permanent position classified pursuant to M.G.L. c. 30, §45, of a person who meets the qualifications for the position established by the administrator pursuant to M.G.L. c. 30, §45.

<u>Basic merit principles</u>:

 a. recruiting, selecting and advancing of employees on the basis of their relative ability, knowledge and skills including open consideration of qualified applicants for initial appointment;

 b. providing of equitable and adequate compensation for all employees;

 c. providing of training and development for employees, as needed, to assure the advancement and high quality performance of such employees;

 d. retaining of employees on the basis of adequacy of their performance, correcting inadequate performance, and separating employees whose inadequate performance cannot be corrected;

 e. assuring fair treatment of all applicants and employees in all aspects of personnel administration without regard to political affiliation, race, color, age, national origin, sex, marital status, handicap, or religion and with proper regard for privacy, basic rights outlined in M.G.L. c. 31 and constitutional rights as citizens, and;

 f. assuring that all employees are protected against coercion for political purposes, and are protected from arbitrary and capricious actions.

<u>Bypass</u>, the selection of a person or persons whose name or names, by reason of score, merit preference status, court decree, decision on appeal from a court or administrative agency, or legislative mandate appear lower on a certification than a person or persons who are not appointed and whose names appear higher on said certification.

<u>Certification</u>, the designation to an appointing authority by the administrator of sufficient names from an eligible list or register for consideration of the applicants' qualifications for appointment pursuant to the Personnel Administration Rules.

## PAR.04 RECRUITMENT

All announcements and information relating to examinations for positions in the classified service shall be disseminated in such a manner as to result in a broad and representative field of applicants consistent with the merit principles and applicable employment and anti-discrimination laws.

## PAR.05 EXAMINATION FEES

(1) Time of Payment.

>  Applications for open competitive and open continuous examinations shall be accompanied by payment of the fee stated on the examination poster.

(2) Form of Payment.

> Payment in the form of bank (cashier's) check, money order or major credit card will be accepted.

(3) Waiver of Examination Fee.

Examination fee is waived for applicants who are receiving public assistance, either state or federal. An applicant seeking waiver of fee shall indicate in the space provided on the application form the information required to establish eligibility for waiver. Waiver requests must be accompanied by evidence of eligibility for waiver at the time of application. Once an examination fee has been processed, the fee is non-refundable. Fees for an examination cancelled by the administrator will be returned to applicants.

## PAR.06 EXAMINATIONS

(1) Procedure

> (a) The administrator shall establish procedures for competitive and other examinations to test the practical fitness of applicants.
>
> (b) The grading of the subject of training and experience as a part of a promotional examination shall be based on a schedule approved by the administrator which shall include credits for elements of training and experience related to the position for which the examination is held.
>
> (c) The grading of the subject of employment or experience as a part of an entry-level examination shall be based on a schedule approved by the administrator which shall include credits for elements of employment or experience related to the title for which the examination is held.

(d) At the discretion of the administrator, an applicant may be allowed to take an examination subject to later review to determine if he or she meets the eligibility requirements. If it is determined that an applicant does not meet the eligibility requirements, as set forth on the poster for the office or position, he or she shall be declared ineligible by the administrator. If an applicant is deemed ineligible by the administrator pursuant to this section, the applicant's exam result shall be voided.

(e) Applications of persons for whom requisitions for employment have been made in accordance with the provisions of the fourth paragraph of section 26 of Chapter 31 of the General Laws shall be in the same form as required for all other applicants for positions for which employment is requested.

(2) Content of Examinations

(a) All selection procedures shall be practical in character and shall relate directly to those matters which fairly determine the relative ranking of the persons examined based on the knowledge, abilities and skills required to perform the primary duties (critical and frequent tasks) of the position title or occupational group as determined by reliable and representative job information available to the administrator. Examinations may be assembled or unassembled and may include written, oral, practical or performance tests, training and experience rating, assessment centers, other generally accepted selection procedures, or combinations of these, which, in the discretion and judgment of the administrator, are appropriate for the position title or occupational group being tested.

(b) The administrator shall, on a yearly basis, notify representatives of labor whose members are in the occupational fields to be tested of a proposed examination schedule. If the representatives of labor whose members are in an occupational field to be tested request, in writing, the opportunity to consult with the administrator concerning the subject matter to be tested on a particular examination within thirty (30) days of the notification of the proposed examination schedule, the administrator shall so consult, either through meetings or written submissions, with the representatives of labor prior to making a final determination concerning the form, method and content of an examination. The administrator shall afford professionals in occupational fields to be tested an opportunity to consult on the subject matter of examinations. The final determination as to form, method and content of an examination shall be within the discretion and judgment of the administrator.

(3) Examination Results

The passing mark for each examination shall be established by the administrator in accordance with generally accepted selection procedures.

**PAR.07 CIVIL SERVICE ELIGIBLE LISTS**

(1) The examination papers of persons examined for appointment and promotion shall be marked and graded, and the results recorded. Separate eligible lists may be kept of those seeking to enter any part of the service in which special qualifications are required.

(2) Once an applicant has been appointed from an original permanent full time certification, the applicant's name will be removed from the eligible list for that title. Applicants who have been terminated during a probationary period from their original permanent full time appointment, through no fault of their own, may within 30 days of their termination, petition the administrator to have their name returned to the eligibility list from which they received their original appointment if the list has not yet expired.

(3) When eligible lists for the same position are established as the result of open competitive and promotional examinations, names shall be certified first from the promotional examination, second from the reemployment list if the administrator has established such a list pursuant to M.G.L. c. 31, §40, third from the list established from the open competitive examination.

(4) The examination marks shall be presented on eligible lists in whole numbers.

### PAR.08 CIVIL SERVICE REQUISITION AND CERTIFICATION

(1) Whenever any appointing authority shall make requisition to fill a position, the Personnel Administrator shall, if a suitable eligible list exists, certify the names standing highest on such list in order of their place on such list, except as otherwise provided by law or civil service rule. Insofar as possible, sufficient names shall be certified to enable such appointing authority to make appointments from among the number specified in PAR.09.

(2) Unless an appointing authority shall, within the time periods set forth in this paragraph, make and notify the administrator of an appointment from the names certified, the certification shall become void. An extension of the time period may be permitted by the administrator upon written request from the appointing authority, stating sound and sufficient reasons as to why the appointments cannot be made during the time periods set forth. The time periods are as follows:

>   (a) within three weeks of any certification of names to the appointing authority by the administrator from any eligible list established as the result of a promotional examination;

>   (b) within six weeks of any certification of names to the appointing authority by the administrator from any eligible list established as the result of an open competitive non-public safety examination;

>   (c) within twelve weeks of any certification of names to the appointing authority by the Administrator from any eligible list established as the result of an open competitive public safety examination.

14

(d) In the event that an eligibility list will expire within the time periods listed in (a) – (c) above, the administrator will decline to issue a certification from the list.

(3) The administrator may, before or after an appointment has been made, cancel a certification if he finds that the certification was made in error, or that any person certified was placed on the eligible list through mistake or fraud; and, if a person has been appointed from such certification, the administrator may revoke the appointment and order the person's discharge. No person, however, shall be deemed to have been appointed or promoted to any position requiring certification by the administrator from an eligible list unless the appointing authority, prior to the date of expiration of such eligible list and without regard to the time periods for certifying set forth in this paragraph, shall have notified the administrator in writing that such person has been so appointed or promoted, or that the appointing authority has notified the administrator of its intent to appoint or promote such person, if the appointment or promotion must be delayed due to the scheduling of any training required by statute, or municipal ordinance or by-law, or departmental rule.

(4) Upon determining that any candidate on a certification is to be bypassed, as defined in Personnel Administration Rule .02, an appointing authority shall, immediately upon making such determination, send to the Personnel Administrator, in writing, a full and complete statement of the reason or reasons for bypassing a person or persons more highly ranked, or of the reason or reasons for selecting another person or persons, lower in score or preference category. Such statement shall indicate all positive reasons for selection and/or negative reasons for bypass on which the appointing authority intends to rely or might, in the future, rely, to justify the bypass or selection of a candidate or candidates. No reasons that are known or reasonably discoverable by the appointing authority, and which have not been disclosed to the Personnel Administrator, shall later be admissible as reasons for selection or bypass in any proceeding before the Personnel Administrator or the Civil Service Commission. A selection made from among candidates with the same score will be considered a tie and not a bypass. The certification process will not proceed, and no appointments or promotions will be approved, unless and until the Personnel Administrator approves reasons for selection or bypass.

(5) The Personnel Administrator shall, within fifteen days of receiving reasons for selection or bypass, review the reasons submitted and inform the appointing authority of approval or disapproval of the reasons for selection or bypass. The appointing authority shall be granted a hearing, as necessary, with the Personnel Administrator, or the Administrator's designee, during the fifteen-day review period to explain, clarify or justify reasons for selection or bypass. If the Personnel Administrator disapproves any reason or reasons for selection or bypass, he shall immediately notify the appointing authority, with clear and specific reasons for the rejection. If the Personnel Administrator accepts the reasons, he shall forthwith notify the appointing authority and the bypassed candidate or candidates, who may then appeal the decision to the Civil Service Commission pursuant to M.G.L. Chapter 31, §2(b).

Candidates for appointment shall not be permitted to assume the duties associated with their proposed appointments until said appointments have been approved by the Personnel Administrator. Appointments and promotions made in violation of this Rule shall be void if the Administrator deems them to be a violation of this Rule, and may be subject to issuance of stop-pay orders pursuant to M.G.L. Chapter 31, §73.

All time periods in this section shall include Saturdays, Sundays, and holidays.

(6) If a requisition is made calling for persons having special qualifications in addition to the general qualifications tested by an examination, the administrator may issue a selective certification of the names of such persons from the appropriate eligible list.

(7) If a requisition is made to fill vacancies in a title for which no eligible list exists, the administrator may certify from a suitable list established to fill positions in a different title with similar specifications.

(8) The administrator shall place on the eligible list below the names of disabled veterans as defined in G.L. Chapter 31, §1, the names of blind persons for employment by any state department, board or commission in the office or offices of which dictating machines are used by typists to take dictation solely from such machines and shall certify the names of such persons upon receipt of requisition. The administrator may require appointing authorities to identify those requisitions filed to fill positions in accordance with M.G.L. c. 31, §3(g).

(9) Upon receipt of a requisition for full-time service, the names of intermittent, recurrent, part-time and reserve employees appointed on a permanent basis shall be certified, in accordance with these rules regarding certification, to a position with the same title in the same department or division of a department. The basis of certification shall be the order of appointment to the permanent intermittent, permanent part-time or permanent reserve position with the same title in the department or division of a department for which requisition is made; provided, that any person so appointed shall serve a full probationary period after appointment to a full-time position.

### PAR.09 CIVIL SERVICE APPOINTMENTS

(1) When names have been certified to an appointing authority under PAR.08 and the number of appointments or promotional appointments actually to be made is $n$, the appointing authority may appoint only from among the first $2n + 1$ persons named in the certification willing to accept appointment, e.g.,

| when the number of appointments to be made is: | the appointing authority may appoint only from among the first |
|---|---|
| 1 | 3 |
| 2 | 5 |
| 3 | 7 |

16

| | |
|---|---|
| 4 | 9 |
| 5 | 11 |

persons named in the certification willing to accept; provided that when more than one promotional appointment is being made, the first such promotional appointment shall be made from among the first three persons whose names are certified and who are willing to accept, the second such promotional appointment shall be made from among the first five persons whose names are certified and who are willing to accept, the third such promotional appointment shall be made from among the first seven persons whose names are certified and who are willing to accept, and so forth.

(2) If an appointing authority concludes the appointment of a person whose name has been certified to it would be detrimental to the public interest, it may submit to the administrator a written statement giving in detail the specific reasons substantiating such a conclusion. The administrator shall review each such statement, and if he agrees, he shall remove the name of such person from the certification and shall not again certify the name of such person to such appointing authority for appointment to such position. For the purposes of this section, "appointments" shall include promotions.

(3) The appointing authority shall require all persons appearing for interview from an eligible list established as the result of an open competitive examination to record their education and experience in a form prescribed by the Personnel Administrator. Such education and experience must be recorded as of the date of establishment of the eligible list. Appointing authorities must evaluate such education and experience against the entrance requirements for the title established by the administrator. The appointing authority must record on the certification that each person selected meets the entrance requirements and must return the original copy of each selected person's record of education and experience with the certification. If an appointing authority makes an appointment outside the $2n + 1$ certification and appointment formula set forth in paragraph (1) of this Rule because the appointing authority has made a finding that a person within the $2n + 1$ certification and appointment formula fails to meet entrance requirements, the finding must be recorded on the certification and the original copy of the individual's record of education and experience must be returned with the certification. Appointing authorities shall retain on file copies of the education and experience records of all persons selected for appointment and of all persons found not to meet entrance requirements when that finding is the basis for appointing an individual outside the $2n + 1$ certification and appointment formula.

(4) No person shall be regarded as appointed to a full- time position within the requirements of these rules unless he accepts the position and is actually employed within thirty days from the date of receipt of notice by the administrator of appointment; extension will be allowed at the discretion of the administrator, for enrollment in a training program required by law.

(5) If additional names are certified to an appointing authority under the provisions of PAR.10, said appointing authority may appoint by selecting from among the number of

17

persons specified in PAR.09(1) and from among a like number of persons whose names have been certified under the provisions of said PAR.10.

### PAR.10 SPECIAL CERTIFICATIONS IN THE CIVIL SERVICE

(1) Prerequisites for special certifications based on race, color, national origin or sex shall be made whenever:

>  (a) an appointing authority shall make requisition to fill one or more positions included in said appointing authority's affirmative action plan on file with the administrator, and;

>  (b) the administrator has made a written determination substantiating that previous practices of the department and/or of said appointing authority with respect to the filling of such position or positions have discriminated against members of a group, hereinafter referred to as a protected group, on the basis of race, color, sex, or national origin in contravention of any provision of the Constitution of the United States or the Constitution of the Commonwealth, Title VII of the federal Civil Rights Act of 1964 (42 U.S.C. 2000e) or any other federal or state statute the administrator may then certify, in addition to names certified in accordance with PAR.09, the names of a like number of individuals who are members of the protected group and are on an eligible list for such position, in order of their standing.

(2) At least ten days prior to certifying names under the provisions of PAR.10 (1), the administrator shall post a notice of his intention to do so in the offices of the Department of Personnel Administration and shall mail a copy of such notice to the appointing authority, with instructions to post copies of such notice at all locations where persons whose names may be certified under the provisions of section one may, if employed, be assigned.

(3) Prerequisites for special certifications of disadvantaged persons shall be made whenever:

>  (a) disadvantaged persons as defined by M.G.L. c. 31, §47A have passed an examination for the lowest title in a series as determined by the administrator, the names of such persons shall be placed upon a special eligible list ranked pursuant to M.G.L. c. 31, §26 as to an official service title or pursuant to M.G.L. c. 31, §28 as to a labor service title.

### PAR.14 CIVIL SERVICE PROMOTION

(1) The examination process approved by the administrator for establishment of a promotional eligible list of ranked candidates may consist of a written examination, an oral examination, a practical test, a graded performance evaluation, or a graded schedule of seniority of service. A combination of the foregoing or other graded components through a ranking process to determine merit may be proposed by the appointing authority and approved by the administrator. The term seniority of service shall be interpreted to refer to service after certification in the department for which the examination is held. If training and experience is a component of the promotional ranking process, a schedule of training and experience shall include as experience all relevant work experience whether within or outside the department; such schedule shall include as training all relevant education. Nothing in this rule shall be deemed to limit the authority of the administrator to determine the weight and scope of examinations, as provided by law.

(2) In competitive examinations for promotion to any position in the classified official service, the administrator shall add two points to the general average mark obtained by any veteran, as defined in M.G.L. c. 31, §1, providing such veteran has first obtained a passing mark in said examination. A veteran who has also obtained twenty-five years of service shall not receive an additional two points to the general average mark.

(3) No permanent employee shall be regarded as promoted within the requirements of these rules unless he is actually employed in the position to which he is promoted within thirty days from the date of receipt of notice by the administrator of promotion. If, however, his promotion is approved by the administrator while he is serving temporarily in a position of the same or higher grade, he may continue to serve in such position as authorized by the administrator, and his permanent promotion shall not be affected by such temporary employment in a different grade notwithstanding the fact that he is not actually employed in the position to which he has been promoted during said thirty days.

### PAR.15 LAYOFF FROM CIVIL SERVICE POSITIONS

(1) All civil service rights of an employee rest in the position in which he holds tenure.

(2) When one or more employees must be separated from positions in the same title and departmental unit due to lack of work, lack of money or abolition of position, all persons filling positions provisionally in the designated title must be separated first, followed by all persons filling positions in temporary status in the designated title, before any civil service employees holding the designated positions in permanent status shall be separated from such positions.

(3) When one or more civil service employees holding permanent positions in the same title and departmental unit must be separated from their positions due to lack of work, lack of money, or abolition of position, the employee with the least civil service seniority

23.2 No person appointed to a covered position shall, subsequent to appointment, smoke any tobacco product at any time during his or her employment in any position covered by section 94 of chapter 32 of the General Laws. This prohibition includes all time off the job as well as all time on the job.

23.3 No person shall be bypassed or denied an appointment to a covered position because he or she smokes tobacco products prior to appointment or has a history of smoking tobacco products.

23.4 The Personnel Administrator shall notify all applicants for examinations to covered positions subject to chapter 31 of the smoking prohibition. Appointing authorities shall notify all candidates for covered positions of the smoking prohibition.

23.5 Appointing authorities have the responsibility to enforce the prohibition against smoking tobacco products. Any employee subject to the prohibition who is found, after a hearing pursuant to PAR 23.6 below, to have smoked any tobacco product subsequent to appointment shall be terminated.

23.6 Before an employee is terminated pursuant to this Rule, such employee shall be given a written notice by the appointing authority which shall include the contemplated termination and the specific reason or reasons for the termination, and shall be given a full hearing concerning such reason or reasons before the appointing authority or a hearing officer designated by the appointing authority. The appointing authority shall provide such employee a written notice of the time and place of such hearing at least three days prior to the hearing date. If such hearing is conducted by a hearing officer, his or her findings shall be reported forthwith to the appointing authority for action. Within seven days after the filing of the report of the hearing officer, or within two days after completion of the hearing if the appointing authority presided, the appointing authority shall give to such employee a written notice of his or her decision which shall state fully and specifically the reasons therefore. Notwithstanding the foregoing an employee also has any rights to hearing or appeals procedures to which he or she may be entitled under chapter 31 or a collective bargaining agreement. If, after a hearing under this rule, or pursuant to chapter 31, or a collective bargaining agreement, a finding is made that an employee did smoke a tobacco product subsequent to appointment to a covered position, termination from that position or any subsequent promotional position is mandatory.

### PAR.24 APPEALS TO THE CIVIL SERVICE COMMISSION

(1) Appeals may be filed with the commission in accordance with any grant of jurisdiction under the General Laws or special act, as outlined in PAR.02(11).

   (a) Appeals under M.G.L. c. 31, §2(b) must meet the following criteria:

      (i) the appellant must make specific allegations in writing that the administrator acted, failed to act, or rendered a decision which was in

violation of M.G.L. c. 31, these rules, or basic merit principles as defined in M.G.L. c. 31, §1;

(ii) the appellant must, by said allegations, clearly show that a right or rights under M.G.L. c.31 was or were clearly abridged, denied, or prejudiced due to the aforesaid action, failure to act, or decision in such a manner as to cause actual harm to the appellant's employment status; said allegations must make specific reference to the provision of law, rule, or basic merit principle which was violated;

(iii) a copy of the appeal notice must be filed with the administrator within three days of the filing of the appeal notice with the commission.

(b) Appeals under M.G.L. c. 31, §24 must meet the following criteria:

(i) the appeal must relate to the marking of the appellant's answers to essay questions, a finding that the appellant did not meet entrance requirements for the examination, or that the examination was not a fair test of the applicant's fitness to actually perform the primary or dominant duties of the position tested for;

(ii) the appeal must be filed within seventeen days of the mailing of the administrator's decision to the applicant.

(c) Appeals under M.G.L. c. 30, §49, relating to classification, shall be heard on a de novo basis.

(2) These rules are not intended to limit the authority of the jurisdiction of the Civil Service Commission to promulgate rules governing practice and procedure before it.