

GULINO, ET AL., Plaintiffs, -against- THE BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Defendant.

96 CV 8414 (KMW)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2013 U.S. Dist. LEXIS 11165

January 28, 2013, Decided
January 28, 2013, Filed

**PRIOR HISTORY:** *Gulino v. Bd. of Educ. of the City Sch. Dist. of N.Y.,* 907 F. Supp. 2d 492, 2012 U.S. Dist. LEXIS 172687 (S.D.N.Y., Dec. 4, 2012)

**COUNSEL:** [*1] For Elsa Gulino, Mayling Ralph, Peter Wilds, Plaintiffs: Barbara J. Olshansky, LEAD ATTORNEY, Stanford Law School Center for Internet & Society, Stanford, CA; Joshua Samuel Sohn, LEAD ATTORNEY, DLA Piper US LLP (NY), New York, NY.

For New York State Board of Regents, Richard Mills, New York State Commissioner of Education, Movants: Bruce Burton McHale, Office of New York State Attorney General, New York, NY.

For New York State Education Department, Movant: Antoinette W Blanchette, LEAD ATTORNEY, New York State Office of the Attorney General (24th Floor), New York, NY; Bruce Burton McHale, Office of New York State Attorney General, New York, NY.

For Board of Education of the New York City School District of the City of New York, Defendant: Bryan David Glass, LEAD ATTORNEY, New York State United Teachers, New York, NY; Eamonn F. Foley, The New York City Law Department, New York, NY.

For Board of Education of the New York City School District of the City of New York, Cross Claimant: Bryan David Glass, LEAD ATTORNEY, New York State United Teachers, New York, NY.

**JUDGES:** KIMBA M. WOOD, United States District Judge.

**OPINION BY:** KIMBA M. WOOD

**OPINION**

OPINION & ORDER

WOOD, U.S.D.J.:

Plaintiffs, who represent a class of minority [*2] teachers in the New York City public school system, brought the above-captioned action in 1996. Plaintiffs alleged that the Board of Education of the City School District of the City of New York ("the Board") discriminated against Plaintiffs in violation of Title VII of the Civil Rights Act of 1964, as amended, *42 U.S.C. § 2000e et seq.* On December 5, 2012 this Court held that the Board had violated Title VII by requiring teachers to pass the Liberal Arts and Sciences Test (the "LAST") in order to obtain a permanent teaching license. *Gulino v. Bd. of Educ.,* No. 96 CV 8414, 907 F. Supp. 2d 492, 2012 U.S. Dist. LEXIS 172687, 2012 WL 604803 (S.D.N.Y. Dec. 5, 2012). Both parties have submitted letter requests for various post-judgment relief, and the Court heard oral argument regarding these requests on January 23, 2013.

The Board now requests the Court certify the December 5 Order for interlocutory appeal to the Second Circuit pursuant to *28 U.S.C. § 1292(b).*[1] *See Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.,* 368 F.3d 86, 95 (2d Cir. 2004) (noting that it is the order itself that is appealable, and "not the controlling question identified by the district court"). The Board requests the Court to certify the question of "[w]hether an employer's [*3] compliance with a facially neutral state licensing requirement for teachers that allegedly has a disparate impact on

Case 1:07-cv-11693-GAO   Document 344-1   Filed 08/12/13   Page 2 of 3

Page 2
2013 U.S. Dist. LEXIS 11165, *

members of a protected class may subject it to liability under Title VII of the Civil Rights Act of 1964, *42 U.S.C. 2000e et seq.*" (Letter from Eamonn Foley, at 4). The Court finds that this issue meets the statutory standard and certifies the order for interlocutory appellate review.

> 1   Appellate jurisdiction may be available under *28 U.S.C. § 1291*, which authorizes appellate review of "final decisions" of district courts. *See Rabbi Jacob Joseph Sch. v. Province of Mendoza, 425 F.3d 207, 210 (2d Cir. 2005)* (quoting *Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978)*). Given the importance of the issues at stake, the Court authorizes interlocutory review notwithstanding potential alternative avenues for appellate jurisdiction.

*Section 1292(b)* authorizes a district court to certify an issue for immediate interlocutory appeal if the issue presents a (1) "controlling question of law," (2) "there is a substantial ground for difference of opinion" on the issue, and (3) such immediate appeal "may materially advance the ultimate termination of the litigation." *28 U.S.C. § 1292(b)*. [*4] Although interlocutory certification lies largely in the district court's discretion, district courts should "exercise great care in making a *§ 1292(b)* certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp. 964 F.2d 85, 89 (2d Cir. 1992)*. Indeed, certification is warranted only in the limited circumstance where "an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 866 (2d Cir. 1996)*.

The Court finds that the standard is met. First, the question is controlling on this case; if the Board cannot be subject to Title VII liability for its role in administering state law, then the case would be terminated. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 23-24 (2d Cir. 1990)* ("Although the resolution need not necessarily terminate an action in order to be 'controlling,'...it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action.").

Second, the question of law at issue provides "a substantial ground for difference of opinion." Although the Second Circuit noted that Title VII relieves [*5] employers from any duty to observe a state hiring provision "'which purports to require or permit' any discriminatory employment practice," the opinion did not address whether or not employers must comply with *facially neutral* state statutes, such as the licensing requirements at issue in this case.[2] *Gulino v. N.Y. State Educ. Dep't, 460 F.3d 361, 380 (2006)* (quoting *42 U.S.C. § 2000e-7 (1976)*). The Court agrees with the Board that this issue may affect states' ability to ensure compliance with its licensing provisions. Further, there is case law from other circuits indicating that Title VII liability does not extend to state licensing authorities, and the Court finds it persuasive that this line of cases may well extend to employers--like the Board--which hire professionals who require a state license in order to practice. *See, e.g., Camacho v. Puerto Rico Ports Auth., 369 F.3d 570, 578 (1st Cir. 2004)* (noting that licensing authorities are not subject to Title VII); *Fields v. Hallsville Indep. Sch. Dist., 906 F.2d 1017, 1020 (5th Cir. 1990)* (holding Texas is immune from Title VII suit for teacher certification test), *cert. denied, 498 U.S. 1026, 111 S. Ct. 676, 112 L. Ed. 2d 668 (1991)*.

> 2   The Court acknowledges that the [*6] Board may have waived this argument by failing to raise it on appeal. *See Gulino, 2012 U.S. Dist. LEXIS 172687, 2012 WL 6043803, at *15 n.10; United States v. Quintieri, 306 F.3d 1217, 1230 (2d Cir. 2002)* (explaining that a district court cannot consider an issue that was "ripe for review at the time of an initial appeal" but not raised in the appeal). Appellate courts may, however, depart from the law of the case and consider issues for "cogent and compelling reasons such as an intervening change of controlling law...or the need to correct a clear error or prevent manifest injustice." *Id.*

Finally, an immediate appeal would likely advance the termination of this litigation. This case has been pending for over seventeen years, and the case is poised to enter a protracted remedial phase, which will likely involve discovery to determine backpay for an as-yet unascertained number of class members and will certainly involve continued doubt regarding the validity of New York state teacher certification requirements. This effort and expense could be spared if the Second Circuit determines the Court was incorrect in its determination that the Board is subject to Title VII liability.

For the foregoing reasons, the Board's [*7] December 27, 2012 motion for certification of interlocutory appeal of the December 6, 2012 Opinion is GRANTED. Given the age of the case, the Court declines to stay proceedings pending resolution of the appeal.

SO ORDERED.

DATED: New York, New York

January 28, 2013

/s/ Kimba M. Wood

KIMBA M. WOOD

United States District Judge