UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PEDRO LOPEZ, et al., ) | | |
| Plaintiffs ) | | |
| v. ) | Civil Action No. 07-11693-GAO | |
| ) | | |
| CITY OF LAWRENCE, et al., ) | | |
| Defendants ) | | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully direct the Court's attention to a decision just handed down by the First Circuit, *Jones v. City of Boston*, --- F.3d ----, 2014 WL 1797829 (1st Cir. May 7, 2014).  In *Jones*, the First Circuit addressed, among other things, the burden of proof in disparate impact cases under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.  There at least three holdings in *Jones* that bear directly on the Court's pending decision in this case.

First, the First Circuit confirmed that a showing of statistical significance is sufficient to establish a prima facie case of disparate impact discrimination, without regard to application of the four-fifths rule and without the necessity of proving "practical significance."  *Id*. at *7-*12.  As the court concluded, "a plaintiff's failure to demonstrate practical significance cannot preclude that plaintiff from relying on competent evidence of statistical significance to establish a prima facie case of disparate impact." *Id*. at *11.  The court recognized that the proper focus at the prima facie stage is on equality of opportunity, not on how many people were harmed or to what degree.  In explaining this conclusion, the court noted that "if a practice fails to serve a sufficient business need, why retain it merely because the number of people harmed is small." *Id*. at *12.  In this case, the plaintiffs offered overwhelming evidence of a disparate impact, as measured by statistically-significant differences between the mean test scores of white versus

minority officers. (Plaintiffs' Proposed Findings of Fact and Rulings of Law, ECF No. 313, at 12-29). For example, the odds that the measured differences between the 2008 test scores of white versus minority officers in the City of Boston occurred by chance was about 0.000000000000000005 (that is, 17 zeros to the right of the decimal place). (Id. at 17). Statewide, the probability that measured differences in test scores occurred by chance was less than 1 out of 1,000 (id. at 16), which is far lower than the generally-accepted threshold of 1 out of 20 (i.e., a "p-value" of five percent, or 1.96 standard deviations). *Jones*, 2014 WL 1797829, at *5. Given this data, statisticians plainly would "reject the hypothesis that members of the groups truly had an equal chance of receiving the outcome at issue." *Id*. at *3.

Second, the First Circuit recognized that aggregation is appropriate when the challenged employment practice has a similar application over time. *Id*. at *7. Although the defendants in *Jones* challenged the plaintiffs' aggregation of data, the First Circuit rejected that challenge. *Id*. The court held that such a challenge fails where it lacks a detailed analysis of the alleged statistical flaws resulting from the aggregation. *Id*. (rejecting challenge to aggregation where defendants offered "no analysis of the actual magnitude and effect of the claimed lack of independence in year-to-year results"). As in *Jones*, the defendants here offered no detailed analysis of the claimed flaws of aggregation.

Third, the First Circuit ruled that a disparate impact plaintiff's burden at the third stage – i.e., showing that there is a less discriminatory alternative – becomes easier to satisfy as the magnitude of the existing disparate impact increases. *Id*. at *12 ("as the size of the impact increases, so too does the ease of demonstrating an alternative practice that reduces the impact"). The magnitude of the disparate impact here is profound – as demonstrated by the extraordinarily high levels of statistical significance. As a result, the plaintiffs' burden to show that an

alternative test would have a lower disparate impact is correspondingly lower.  To put it in simple terms: given a test that has such high levels of disparate impact, it is easier to show that other tests will have lower levels of disparate impact.

        PEDRO LOPEZ, et al.,
        By their attorneys,

        /s/ *Harold Lichten*
        Harold L. Lichten, BBO#549689
        Shannon Liss-Riordan, BBO#640716
        LICHTEN & LISS-RIORDAN, P.C.
        100 Cambridge Street, 20th Floor
        Boston, MA 02114
        617-994-5800
        hlichten@llrlaw.com
        sliss@llrlaw.com

        /s/ *Stephen Churchill*
        Stephen Churchill, BBO#564158
        FAIR WORK, P.C.
        192 South Street, Suite 450
        Boston, MA 02111
        617-607-3260
        steve@fairworklaw.com

Dated: May 9, 2013

## CERTIFICATE OF SERVICE

This will certify that I served a copy of the foregoing document on all counsel, by ECF, on this date.

Dated:  May 9, 2014        /s/ *Harold Lichten*
                                    Harold L. Lichten